

3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Telephone: 612.332.5300
Fax: 612.332.9081
www.merchantgould.com
A Professional Corporation

Direct Contact | Allen Hinderaker
ahinderaker@merchantgould.com
(612) 371-5292

July 12, 2016

**Via ECF**

Honorable Wilhelmina M. Wright
United States District Court
334 Federal Building
316 N. Robert Street
St. Paul, Minnesota 55101

*Re:*   *Fair Isaac Corporation v. Chubb & Son Inc.*
        *Court File No. 16-cv-1054 (WMW/TNL)*
        *M&G No. 15081.0008USZA*

Dear Judge Wright:

I am writing to address two issues related to the Reply Memorandum in Support of Defendant's Motion to Dismiss Under Rule 12(b)(6), filed by Defendant Chubb & Son Inc. ("Chubb & Son") in the above-referenced lawsuit. [Dkt. 20].  Chubb & Son's Reply Memorandum is untimely under this Court's Rules and raises new matter contrary to the Local Rules of this District.

First, Chubb & Son Inc.'s Reply Memorandum is untimely.  Your Honor's Practice Pointers, dated May 2016, provide that "any reply memorandum – or notice stating that the party will not reply – shall be filed and served *within seven days after* the filing of any response."  (emphasis in original).  The Practice Pointers provide an exception if the parties agree to a revised briefing schedule, but "[a]bsent such an agreement, the briefing schedule outlined above shall be followed."  Plaintiff Fair Isaac Corporation ("FICO") filed its Opposition to Defendant's Motion to Dismiss on June 24, 2016.  [Dkt. 18].  Accordingly, Chubb & Son's Reply Memorandum was due a week later – July 1, 2016.  Although the

The Honorable Wilhelmina M. Wright
July 12, 2016
Page 2 of 2

parties did not agree to a revised briefing schedule, Chubb & Son did not file its Reply Memorandum until July 8, 2016.  This filing is untimely.

Second, if the Court accepts Chubb & Son's untimely Reply Memorandum, FICO respectfully requests that the Court disregard the new matter raised for the first time in the Reply Memorandum.  D. Minn. Local Rule 7.1(c)(3)(B) provides: "A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response."  Courts in this District routinely disregard arguments raised for the first time in a reply brief.  *See, e.g.*, *Ventura v. Kyle*, 63 F. Supp. 3d 1001, 1009 n.4 (D. Minn. 2014) (refusing to consider argument raised for first time in reply brief under Local Rule 7.1(c)(3)(B) because a "reply memorandum must not raise new grounds for relief"); *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 57 F. Supp. 3d 950, 983 n.18 (D. Minn. 2014) (same).

Here, Chubb & Son's Reply Memorandum raises, for the first time, the arguments that "Chubb & Son Inc., the named defendant in this lawsuit, was not a party to the License," that "[t]he party to the License was 'Chubb & Son, a division of Federal Insurance Company,'" and that "[a]ll the arguments here also apply with equal force to Federal Insurance Company and Chubb & Son asserts them with regard to that entity." [Dkt. 20], at 1, 6.  Neither Chubb & Son's Memorandum in Support of its Motion to Dismiss Under Rule 12(b)(6), nor FICO's Opposition to the same, mention Federal Insurance Company or raise the issue that Chubb & Son was not a party to the Agreement.  *See* [Dkt. Nos. 14, 18].  These arguments are new matter outside the proper scope of a reply.

FICO respectfully asks that the Court disregard Chubb & Son's arguments related to Federal Insurance Company under Local Rule 7.1(c)(3)(B), because these arguments are new matter outside the proper scope of a reply.  In the alternative, FICO respectfully requests that the Court grant it permission to file a short sur-reply to address the new matter raised in Chubb & Son's Reply Memorandum.

Sincerely,

Allen Hinderaker

Allen Hinderaker

AH:can
cc:     All Counsel of Record (via ECF)