

July 13, 2016

Honorable Wilhelmina M. Wright **Via ECF**
United States District Court
334 Federal Building
316 N. Robert Street
St. Paul, MN  55101

Re: *Fair Isaac Corporation v. Chubb & Son Inc.*
    Court File No. 16-cv-1054-WMW-TNL

Dear Judge Wright:

This letter responds to the July 12th letter filed by Plaintiff Fair Isaac Corporation ("FICO") asking the Court to disregard the reply brief filed by Defendant Chubb & Son and seeking leave to file a sur-reply. Chubb & Son opposes both requests.

FICO incorrectly states that the reply brief "is untimely under this Court's Rules." To the contrary, Chubb & Son's reply brief was filed fourteen days after FICO's opposition brief, as required under D. Minn. Local Rule 7.1(c)(3). Admittedly, it was not filed within seven days of the opposition brief, as provided in Your Honor's Practice Pointers and Preferences. Counsel for Chubb & Son did not realize that Your Honor modified the briefing schedule in the Practice Pointers and Preferences and apologizes for the oversight.

The relief FICO seeks – that the Court either strike or disregard the reply brief – should be denied nonetheless for at least two reasons. First, there is no prejudice to FICO from the additional seven days. By the time the hearing on the motion occurs on September 7, 2016, FICO will have had two months to evaluate the arguments in the reply brief in preparation for the hearing.

Second, the Court's Practice Pointers indicate that the parties may agree, without the Court's permission, to extend the time for the reply brief as long as the Court receives the brief at least fourteen days before the hearing. Instead of conferring with us regarding what was obviously an oversight concerning Your Honor's recently-published Practice Pointers, FICO filed a letter-brief asking that the Court disregard the reply brief, apparently in an effort to obtain some kind of tactical advantage. Courts have repeatedly reminded litigants that "[l]ocal rules, like the Federal Rules of Civil Procedure" should not be viewed as a "maze of technical traps to

Attorneys & Advisors / Fredrikson & Byron, P.A.
main  612.492.7000 / 200 South Sixth Street, Suite 4000
fax  612.492.7077 / Minneapolis, Minnesota
www.fredlaw.com / 55402-1425

MEMBER OF THE WORLD SERVICES GROUP    OFFICES
*A Worldwide Network of Professional Service Providers*    Minneapolis / Bismarck / Des Moines / Fargo / Monterrey, Mexico / Shanghai, China

The Honorable Wilhelmina M. Wright
July 13, 2016
Page 2

complicate and delay litigation," but for the purpose of "provid[ing] for the 'just, speedy, and inexpensive determination of every action' on its merits." *E.g.*, *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (quoting Fed. R. Civ. P. 1).

In addition to disregarding the reply brief, FICO asks for leave to file a sur-reply, allegedly because the reply brief makes new arguments. In support of this request, FICO incorrectly asserts that Chubb & Son's opening brief did *not* "mention Federal Insurance Company." (Dkt. 21 at 2.) On the contrary, Chubb & Son references that it is "a division of Federal Insurance Company" on page 3 of the brief. (Dkt. 14 at 3.) On page 6, Chubb & Son argues that there has not been a triggering event under Paragraph 10.8 of the License because Chubb & Son is not the entity ACE INA purchased. This argument is not new.

Chubb & Son's reply brief also points out that the defendant is misnamed in the Complaint. The Complaint names "Chubb & Son Inc.," which *does* exist as an entity, but is *not* the division of Federal Insurance Company that entered in the license with FICO in dispute in this lawsuit. The fact that FICO misnamed the defendant does not impact the substance of the motion and in no way warrants a sur-reply.

Sincerely,

*s/ Lora M. Friedemann*

Lora M. Friedemann
**Direct Dial:** 612.492.7185
**Email:** lfriedemann@fredlaw.com

cc:     All Counsel of Record (via ECF)

59192063_1.docx