IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/TNL) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **RULE 26(f) REPORT** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) ) | |
| Defendant. | ) | |

The parties, through the counsel identified below, conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure and the Local Rules, on January 27, 2017. This is their report.

The initial pretrial conference required by Rule 16 and Local Rule 16 is scheduled to be held on February 28, 2017, before United States Magistrate Judge Tony N. Leung. *See* [Doc. 30]. The parties have not requested this conference be held by telephone.

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    a. **The date and place at which the meeting was held;**

    The parties' Rule 26(f) conference was held on January 27, 2017, at the offices of Fredrikson & Byron, 200 South Sixth Street, Suite 4000 Minneapolis, MN 55402-1425.

    b. **Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;**

    Plaintiff Fair Isaac Corporation ("FICO") is a Delaware corporation with its principal place of business at 181 Metro Drive, San Jose, CA 95110. FICO, among other

1

things, designs and develops predictive analytics and decision management software. At the parties' Rule 26(f) conference, FICO was represented by:

>   Allen Hinderaker, MN Bar # 45787
>   MERCHANT & GOULD P.C.
>   3200 IDS Center
>   80 South Eighth Street
>   Minneapolis, MN  55402-2215
>   Tel:  (612) 332-5300
>   Fax:  (612) 332-9081
>   ahinderaker@merchantgould.com

Defendant Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, NJ 07059. Federal's division, Chubb & Son, is an insurance manager for certain United States insurance companies. At the parties' Rule 26(f) conference, Federal was represented by:

>   Lora M. Friedemann, MN Bar # 259615
>   FREDRIKSON & BYRON, P.A.
>   200 South Sixth Street, Suite 4000
>   Minneapolis, MN 55402-1425
>   Tel:  (612) 492-7000
>   Fax:  (612) 492-7077
>   lfriedemann@fredlaw.com

   c. **Name of insurance carriers that may be liable for the defense or payment of any damage award; and**

   None.

   d. **An agenda of matters to be discussed at the Pretrial Conference.**

   - The Stipulated Protective Order, including the number of in-house attorneys permitted to view information designated "Confidential, Attorneys' Eyes Only."

   - The ESI Agreement, including the number of custodians for the initial collection and review of e-mail documents.

2. **Description of the case**

   a. **A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;**

   FICO asserts that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1338(a) and supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a). The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Federal does not contest subject matter jurisdiction or personal jurisdiction.

   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because defendant Federal is subject to personal jurisdiction in this district. Federal does not contest venue.

   b. **In diversity cases in which a limited liability corporation or partnership entity is a named party, the concise statement shall contain a brief description of the availability of diversity jurisdiction, including a list of all members and the citizenship of each member of the limited liability corporation or a list of all partners and the citizenship of all partners of the partnership entity, consistent with the Federal Rules of Civil Procedure and the Local Rules;**

   Not applicable.

   c. **A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and**

   FICO Description of Claims

   This is an action for breach of contract and copyright infringement related to business software owned by the plaintiff, Fair Isaac Corporation ("FICO"), and licensed to Chubb & Son, a division of Defendant Federal Insurance Company ("Federal"). The software at issue is one of FICO's decision management software tools known as the

3

FICO® Blaze Advisor® business rules management system ("FICO Blaze Advisor"). FICO maintains federal copyright registrations for multiple versions of FICO Blaze Advisor. FICO and Chubb & Son, a division of Federal, entered into a Software License and Maintenance Agreement, which they amended twice. As amended, the Agreement granted Chubb & Son a perpetual, non-exclusive, non-transferable, limited license to use FICO Blaze Advisor products and related maintenance services for internal business purposes under defined terms and conditions.

FICO alleges Federal, through its division Chubb & Son, breached three provisions of the Agreement: (1) Paragraph 10.8, by continuing use of FICO Blaze Advisor without FICO's written consent after undergoing an acquisition or change in control; (2) Paragraph 3.1, by disclosing without consent FICO Blaze Advisor to third parties not authorized to use FICO Blaze Advisor under the Agreement; and (3) Paragraph 9.3, by making unauthorized use of FICO Blaze Advisor after FICO terminated the Agreement. FICO also alleges the unauthorized disclosure of FICO Blaze Advisor to third parties not authorized to use FICO Blaze Advisor under the Agreement and using FICO Blaze Advisor after FICO terminated the Agreement are copyright infringement.

Federal Description of Claims

Federal denies any wrongdoing and has asserted counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing.

FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006. Federal paid over $1 million for the license. The license allows Federal to use

the software enterprise-wide, with no limit on the number of users. Nearly a decade later, FICO wrongly attempted to terminate the license and prevent Federal from using the software.

The primary dispute in this case involves the "No Assignment" clause in the license agreement, and whether the clause required that Federal seek consent from FICO to continue using the software after Federal's parent company, The Chubb Corporation, merged with ACE INA Holdings, Inc. In Federal's view, the "No Assignment" clause required that Federal seek consent from FICO only if Federal expanded its use of the software as a result of the merger. Federal did not expand its use of the software after the merger and therefore did not need consent from FICO to continue using the software.

FICO wrongly purported to terminate the license agreement after the merger. FICO did not have the right to terminate the license and breached the contract by wrongfully attempting to terminate it. FICO also acted irrationally and in bad faith when it told Federal that it would not consent to continued use of the software after the merger in breach of the implied covenant of good faith and fair dealing.

**d. A summary itemization of the dollar amount of each element of the alleged damages.**

FICO seeks its actual damages in an amount to be determined at trial but in excess of $75,000, exclusive of costs and interest; statutory damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by Federal as a result of its copyright infringement or statutory damages, at its election; injunctive relief under 17 U.S.C. § 502,

5

enjoining Federal from directly or indirectly infringing FICO's copyrights in the FICO Products; and recovery of its costs and reasonable attorney's fees under 17 U.S.C. § 505.

Federal seeks damages in an amount to be determined at trial based on FICO's breach of contract and breach of the implied covenant of good faith and fair dealing. FICO also seeks an award of the costs and reasonably attorney's fees incurred under 17 U.S.C. § 505.

3. **Pleadings**

   a. **A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;**

   FICO filed its Complaint on April 21, 2016, and it served the Complaint on April 22, 2016. The Complaint named Chubb & Son Inc. as the defendant. Chubb & Son Inc. filed a Motion to Dismiss on June 3, 2016. [Doc. 12]. The Court granted in part and denied in part the Motion to Dismiss in an Order dated December 22, 2016. [Doc. 28].

   On February 1, 2017, and with the consent of the defendant, FICO filed an Amended Complaint substituting Federal Insurance Company as the defendant. The Amended Complaint was served on February 1, 2017. Based on the parties' stipulation, Federal Insurance Company has until February 15, 2017 to answer the Amended Complaint.

   b. **The date by which all motions that seek to amend the pleadings or add parties will be filed;**

   June 1, 2017

    c.  **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.**

A jury trial is available under the law for FICO's breach of contract and copyright claims. FICO has demanded a jury trial.

4. **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

    a. **The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);**

    March 17, 2017

    b. **Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;**

    The parties request an early settlement conference with the Court in April 2017.

    c. **Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;**

    The parties are in agreement that discovery should not be conducted in phases or focused upon particular issues.

    d. **The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);**

    The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before May 1, 2018. The initial written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before May 1, 2018.

The identity of any experts who may testify in rebuttal to any initial expert bust be disclosed on or before June 1, 2018.  Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before June 1, 2018.

Any written reply expert reports must be served on or before July 2, 2018.

e. **The number of interrogatories each party shall be permitted to serve;**

Twenty-five (25) interrogatories.

f. **The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;**

Ten (10) fact depositions, including third parties.

g. **The number of expert depositions each party shall be permitted to take;**

A party shall be permitted to depose each expert disclosed by the opposing party pursuant to Fed. R. Civ. P. 26(a)(2)(B).

h. **A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate; and**

The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced.  The parties are negotiating a joint ESI Agreement, which they expect to finalize prior to the initial pretrial conference.

i. **Protective order.**

The parties agree a protective order is necessary to govern discovery.  The parties are negotiating a joint Stipulated Protective Order, which they expect to finalize prior to the initial pretrial conference.

j. **Claims of privilege or protection.**

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties request the Court to including the following agreement in the Scheduling Order:

The inadvertent production of any material otherwise protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection against disclosure, shall be subject to the requirements and procedures detailed in Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B), and will not constitute waiver of any applicable privilege or protection against disclosure.

5. **Close of Discovery and Non-Dispositive Motions**

   a. **The date by which fact discovery shall be completed.**

   April 2, 2018

   b. **The date by which all discovery, including expert discovery, shall be completed.**

   August 1, 2018

   c. **Informal discovery conferences.**

   The parties agree that a party should not be required to request an informal conference with the Court before filing a discovery motion.

6. **Dispositive Motions and Trial**

   a. **The date by which all dispositive and non-dispositive motions shall be served and filed;**

   September 4, 2018

b.  **The date by which the case shall be ready for trial;**

December 3, 2018

c.  **The number of expert witnesses each party expects to call at trial;**

FICO anticipates calling three experts in the fields of damages and liability.

If FICO calls three experts, Federal anticipates that it will also call three experts.

d.  **Estimated trial time (including jury selection and instructions, if applicable); and**

Ten days.

7. **Settlement**

The parties have discussed settlement several times before the initial pretrial conference, and are presently working together to schedule an additional settlement discussion.  The parties propose that a settlement conference be scheduled to take place before April 1, 2018.

8. **Trial by Magistrate Judge.**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated: February 15, 2017

                                            MERCHANT & GOULD, P.C.

                                            /s/Allen Hinderaker
                                            Allen Hinderaker, MN Bar # 45787
                                            Michael A. Erbele, MN Bar # 393635
                                            MERCHANT & GOULD P.C.
                                            3200 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, MN  55402-2215
                                            Tel:  (612) 332-5300

Fax:  (612) 332-9081
ahinderaker@merchantgould.com
merbele@merchantgould.com

John T. Winemiller *pro hac vice*
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (865) 380-5999
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

Dated: February 15, 2017

/s/Lora M. Friedemann
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612)492-7000 (tel)
(612) 492-7077 (fax)

*Attorneys for Chubb & Son, Inc.*