# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a<br>Delaware corporation, | ) | Case No. 16-cv-1054 (WMW/TNL) |
| | ) | |
| Plaintiff, | ) | **[PROPOSED]** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Upon stipulation by the parties in this case [Doc. 42], by and through their

respective counsel, and for good cause shown, the Court hereby enters an order pursuant

to Fed. R. Civ. P. 26(c) that trade secret or other confidential information and items be

disclosed only in the following designated ways:

1) **DEFINITIONS**

As used in this Protective Order, these terms are defined as follows:

    a.    "This Action" means the above-captioned case;

    b.    "Attorneys" means counsel of record in this Action;

    c.    "Information" means all materials within the scope of Fed. R. Civ. P. 34,

        including documents, electronically stored information, and tangible things,

        as well as information communicated or stored in any other format, whether

        written or oral;

    d.    "Discovery Material(s)" means all Information, regardless of the medium

        or manner in which it is generated, stored, or maintained, that is produced,

1

disclosed, or generated, including from any non-party, in connection with discovery or Rule 26(a) disclosures in this Action, including, but not limited to, interrogatory responses, responses to requests for production and requests for admission, documents, testimony, transcripts, records, or tangible things;

e.     "Confidential" Information is Information designated pursuant to paragraph 3 of this Protective Order;

f.     "Confidential – Attorneys' Eyes Only" Information is the subset of Confidential Information designated as such pursuant to paragraph 4 of this Protective Order;

g.     "Designating Party" means the person or entity identifying Information or Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only", and may include persons or entities that are not parties to this Action;

h.     "Receiving Party" means any party who receives Information or Discovery Material produced or disclosed in connection with this Action;

i.     "Protected Material(s)" means any Information or Discovery Material that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided for in this Protective Order.  Protected Material shall not include: (i) Information that at the time of its disclosure is in the public domain or public knowledge; (ii) Information that after its disclosure in this Action has become part of the public domain or public knowledge through no act,

2

omission, or fault of the Receiving Party; (iii) advertising materials that have been actually published or publicly disseminated; and (iv) materials that show on their face that they have been disseminated to the public.

j.      "Written Assurance" means executing a copy of the "Written Assurance of Compliance with Protective Order for Disclosure of Confidential Information" ("Exhibit A") or the "Written Assurance of Compliance with Protective Order for Disclosure of Confidential – Attorneys' Eyes Only Information" ("Exhibit B").

k.      "FICO" means Fair Isaac Corporation.

l.      "Federal" means Federal Insurance Company.

2.  **AVAILABLE DESIGNATIONS**

a.      Information and Discovery Material may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" prior to the time of its production or disclosure in this Action by marking the desired designation on each page to which the designation applies, or in the event that such marking is not feasible, on a prominent visible surface, envelope or container.  When a tangible object is produced for inspection subject to this Protective Order, a photograph thereof shall be produced at the time of inspection labeled with the desired designation.

3.    **PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL"**

a.    A Designating Party may designate any and all non-public Information or Discovery Materials as "Confidential" that it believes in good faith constitutes or contains trade secret or other confidential information.

b.    Unless otherwise ordered by the Court, Information and Discovery Materials designated as "Confidential" may be disclosed only to:

1.    The Court and its officers;

2.    The parties in this Action;

3.    Attorneys for the Receiving Party and their regularly employed paralegals, legal assistants, stenographic, and clerical staff as necessary to assist in the preparation and trial of this Action;

4.    Persons shown on the face of the Information or Discovery Material as having authored or received it;

5.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) retained by a party or its Attorneys to furnish technical or expert services, whether testifying or not, having first agreed to be bound by the provisions of this Protective Order by providing a Written Assurance in the form of an executed copy of Exhibit A;

6.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) retained by a party or its Attorneys to provide assistance as

4

mock jurors or focus group members, having first agreed to be bound by the provisions of this Protective Order by providing a Written Assurance in the form of an executed copy of Exhibit A;

7.      Third parties engaged by a party's Attorneys for the purpose of assisting in the copying, imaging, storing or coding of Discovery Materials, provided that the Discovery Materials are kept in a safe and secure place by the third party, and that the third party is not a competitor to or market participant with any of the parties in this Action or the Designating Party;

8.      Court reporters, stenographers and videographers retained to record testimony taken in this Action;

9.      Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) retained by a party or its Attorneys to provide graphics, translation, trial preparation and/or design services, having first agreed to be bound by the provisions of this Protective Order by providing a Written Assurance in the form of an executed copy of Exhibit A; and

10.     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

4.    **PROTECTED MATERIAL DESIGNATED AS "CONFIDENTIAL –
ATTORNEYS' EYES ONLY"**

a.    The parties shall have the right to further designate Information as
"Confidential – Attorneys' Eyes Only."  A party may further designate
Information "Confidential – Attorneys' Eyes Only" if it contends in good
faith that the Information is commercially or competitively sensitive and
that disclosing the Information to another party would cause injury to the
Designating Party's commercial or competitive interests.

b.    Unless otherwise ordered by the Court, Information and Discovery
Materials designated as "Confidential – Attorneys' Eyes Only" may be
disclosed only to the persons designated in Paragraphs 3(b)(1), (3), (4), (5),
(6) (7), (8), (9) and (10), provided that any such persons designated in
Paragraphs 3(b)(5), (6) and (9) first agree to be bound by the provisions of
this Protective Order by providing a Written Assurance in the form of an
executed copy of Exhibit B.  Information and Discovery Materials
designated as "Confidential – Attorneys' Eyes Only" may also be disclosed
to the in-house counsel for the Receiving Party designated according to
Paragraphs 4(c) and (d) of this Protective Order, and their legal assistants,
stenographic, and clerical employees whose job functions require access to
the Discovery Material, such persons having first agreed to be bound by
the provisions of this Protective Order by providing a Written Assurance
in the form of an executed copy of Exhibit B.

6

c.      The designated in-house counsel under this Protective Order for FICO is Jim Woodward, Mark Scadina and Tom Carretta. The designated in-house counsel under this Protective Order for Federal is Kevin Murphy, Paul Bech and Pamela Lopata.

d.      Prior to trial, each party upon written notice to the opposing party, may substitute new in-house counsel for its previously designated in-house counsel. The opposing party may object in writing to such substitution within five (5) business days after receipt of notice and may move the Court to protect against such substitution under this Protective Order. In such a case of objection, the objecting party shall have the burden of proving that it is entitled to protection from disclosure to the newly designated in-house counsel.

5.     **<u>RESTRICTION ON USE OF PROTECTED MATERIAL</u>**

a. Protected Materials may be used solely for the purposes of this Action. Prohibited uses of Protected Materials include, but are not limited to, competitive purposes or the prosecution or acquisition of intellectual property rights, and no person receiving such Protected Materials shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Protected Materials to any person other than those specified to receive it pursuant to Paragraphs 3 and 4 of this Protective Order.

6.     **LIMITATION ON RESTRICTIONS**

    a.    Nothing herein shall restrict FICO or Federal from disclosing its own Protected Materials to another individual, party, or entity.  In addition, nothing herein shall restrict a party from disclosing during depositions and at trial a Designating Party's Protected Materials to the Designating Party or Designating Party's own officers or employees or any person no longer affiliated with the Designating Party who either authored, in whole or in part, or received the Protected Materials prior to the initiation of this Action.

7.     **NON-PARTY DISCOVERY**

    a.    Non-parties producing Discovery Material may designate Information and Discovery Material as being Protected Materials, subject to the same constraints as for the parties in this Action.  A copy of this Protective Order shall be served with any subpoena served in connection with this Action. All Discovery Material produced by non-parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that time the non-party producer or any party may designate the produced Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided for in this Protective Order.

8.   **WRITTEN ASSURANCE**

    a.   Each person to whom Protected Materials designated as "Confidential" are disclosed under Paragraphs 3(b) (5), (6), and (9) of this Protective Order shall execute a "Written Assurance" in the form attached as Exhibit A prior to receiving any Protected Materials designated as such.

    b.   Each person to whom Protected Materials designated as "Confidential – Attorneys' Eyes Only" are disclosed under Paragraphs 3(b)(5), (6), and (9), and each attorney to whom Protected Materials designated as "Confidential – Attorneys' Eyes Only" are disclosed under Paragraphs 4(c) and (d) of this Protective Order shall execute a "Written Assurance" in the form attached as Exhibit B prior to receiving any Protected Materials designated as such.

    c.   In order for an outside independent person identified in Paragraph 3(b)(5) to be permitted to access Protected Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only", counsel for the party wishing to provide such access must notify the Designating Party at least five (5) business days prior to allowing that person access to any such designated information.  Such notice shall provide a sufficient description of the person to whom disclosure is sought to permit objection to said disclosure, including the person's:

        i.   name and title;

        ii.   current employer;

        iii.   current curriculum vitae;

iv.  list of all cases in which the person has testified in the course of

providing technical or expert services within the last five (5) years;

and

v.  executed Written Assurance(s) as required by Paragraphs 8(a) and

(b).

The identification of a person pursuant to this paragraph shall not be construed

as the identification of an expert trial witness under Federal Rule of Civil

Procedure 26(a)(2) and shall not constitute a waiver of attorney work-product

protection or the attorney-client privilege.  If a party or non-party objects in

writing to disclosure to such a person within five (5) business days after receipt

of notice, no disclosure of any such Protected Materials shall be made until the

party seeking to make the disclosure obtains the prior approval of the Court or

the objecting party or non-party.  In the case of such an objection to disclosure,

the objecting and Designating Parties or non-parties will confer and in good

faith attempt to reach agreement on the disclosure.  If the requested disclosure

is not ultimately agreed to, the objecting party may move the Court for

appropriate relief, providing notice to any non-party whose designation of

documents or information as Protected Materials may be affected.  The party

or non-party objecting to the disclosure of such Protected Materials to a person

designated pursuant to Paragraph 3(b)(5) of this Protective Order shall have the

burden of proving that such Protected Materials warrant protection from

10

disclosure to said designated person.  Under such circumstances, no disclosure will occur until the Court has resolved the dispute.

9.    **DEPOSITIONS AND TESTIMONY**

a.    All depositions or portions of depositions or other testimony taken in this Action that contain Protected Materials may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the accompanying protections accorded to such Protected Materials. A deposition may be designated as Protected Material either on the record or by written notice to the other party within 30 days of the first receipt of the transcript.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "Confidential – Attorneys' Eyes Only" until the time within which it may be appropriately designated as provided for herein has passed.  The deposition of any witness (or any portion of such deposition) at which Protected Material is discussed shall be taken only in the presence of persons qualified to have access to such information under this Protective Order.

10.    **INADVERTENT MISDESIGNATION OR FAILURE TO DESIGNATE**

a.    Any party who inadvertently fails to designate or misdesignates Information or Discovery Material as Protected Material shall have 14 days from the discovery of its error to correct the failure or misdesignation. Such error shall be corrected by providing written notice of the error and producing properly-designated substitute copies of the undesignated or

11

misdesignated Information or Discovery Materials.  Any party receiving

notice of such undesignated or misdesignated Information or Discovery

Materials shall make reasonable efforts to retrieve any such Information or

Discovery Materials distributed to persons not authorized to receive them

as properly designated.

**11.**   **INADVERTENT DISCLOSURE**

a.   Any party or non-party who inadvertently discloses Information that is

privileged or otherwise immune from discovery shall immediately upon

discovery of the inadvertent disclosure notify the Receiving Party in writing

and request that the Information, and all copies or other materials

containing such Information, be returned to the notifying party or

destroyed.  The Receiving Party shall return or destroy such inadvertently

disclosed Information, including all copies or other materials containing the

Information, within ten (10) days of receiving such a written request, and

shall, upon request, certify that all inadvertently disclosed Information has

been returned or destroyed.  No Receiving Party may assert waiver of

privilege or immunity based on the inadvertent production of Information if

the inadvertently producing party or non-party has complied with this

paragraph.  The length of time between disclosure and discovery of such

inadvertent production shall not be the basis for any claim of waiver of any

privilege or immunity.  Nothing in this paragraph shall be construed to

prevent the Receiving Party from using the inadvertently produced

12

Information to promptly seek the Court's assistance in the re-production of any such Information pursuant to applicable law.

12. **DISPUTES OVER DESIGNATION**

a. Any Receiving Party may request a change in the designation of any Information designated as Protected Material by notifying the Designating Party in writing, and they shall meet and confer in an attempt to resolve the request. If the requested change in designation is not agreed to, the Receiving Party may move the Court for appropriate relief within fifteen (15) days of its notice challenging the designation, providing notice to any non-party whose designation of Information as Protected Material in this Action may be affected. The party asserting that Protected Material is properly designated under its original designation shall have the burden of proving that the Information is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and properly designated pursuant to this Protective Order. Any Information subject to a request to change its designation shall be treated as originally designated until the request is resolved.

b. With respect to all Discovery Materials provided for inspection by a party's counsel of record, designation need not be made until copies of the Discovery Materials are requested after inspection and selection by counsel. Making Discovery Materials available for inspection by a party's Attorneys shall not constitute a waiver of any claim of confidentiality, and all Discovery Materials provided for inspection may be designated as

13

"Confidential" or "Confidential – Attorneys' Eyes Only" at the time of inspection or by written notice to the other party within thirty (30) days of the inspection.  If no designation is made at the time of the inspection, all information disclosed during the inspection shall be deemed designated as "Confidential – Attorneys' Eyes Only" until the time within which it may be appropriately designated as provided for herein has passed or until produced without a designation.

13. **NO WAIVER**

   a.   No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position regarding the discoverability or admissibility of evidence.

14. **FILING OF DOCUMENTS CONTAINING PROTECTED MATERIAL**

   a.   If a party files Protected Material with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the United States District Court for the District of Minnesota.  Prior to disclosure at trial or a hearing of Protected Materials, the parties may seek further protections against public disclosure from the Court.

15. **END OF ACTION**

   a.   Within sixty (60) days of the termination of this Action, including any appeals, a Receiving Party shall either destroy or return to the Designating Party all Protected Materials designated by the Designating Party, and all copies of such documents.  Each Receiving Party shall provide a

14

certification as to the return or destruction within the 60-day period.

Attorneys shall be entitled to retain, however, one set of all Discovery

Materials, work product, deposition transcripts and exhibits, and all

correspondence generated in connection with this Action.  Within sixty (60)

days following the expiration of the last period for appeal from any order

issued in connection with this Action, the parties shall remove any

Protected Materials from the office of the Clerk of Court.  Following that

60-day period, the Clerk of Court shall destroy all Protected Materials.

**17.**  **NO FORECLOSURE OF MODIFICATION OR ADDITIONAL PROTECTIONS OR RELIEF**

a.  Nothing in this Protective Order shall foreclose or limit any party from

seeking additional protections for any Information or Discovery Materials,

or to seek modifications to or relief from the provisions of this Protective

Order.

**18.**  **SURVIVAL OF PROTECTIVE ORDER**

a.  The obligations imposed by this Protective Order shall survive the

termination of this Action.

15

Dated: March 10, 2017

MERCHANT & GOULD, P.C.

/s/ Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
merbele@merchantgould.com

John T. Winemiller pro hac vice
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (865) 380-5999
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

FREDRIKSON & BYRON, P.A.

/s/ Lora M. Friedemann
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612)492-7000 (tel)
(612) 492-7077 (fax)

*Attorneys for Federal Insurance Co.*

**EXHIBIT A**

**WRITTEN ASSURANCE OF COMPLIANCE WITH PROTECTIVE
ORDER FOR DISCLOSURE OF CONFIDENTIAL INFORMATION**

_____ declares that:

(1)    I reside at _____ in the city of

_____, county _____, state of _____.

(2)    I am currently employed by _____ located at

_____.  My current job title is

_____.

(3)    I have read and believe I understand the terms of the Protective Order filed

in Case No. 16-cv-1054 (WMW/TNL), pending in the United States District Court for the

District of Minnesota.  I agree to comply with and be bound by the provisions of the

Protective Order.  I understand that any violation of the Protective Order may subject me

to sanctions by the Court.

(4)    I understand that I am to retain all documents or other Information or

Discovery Materials designated as "Confidential" that I receive pursuant to the Protective

Order, and all copies, notes, summaries, recordings, or other reproductions thereof made

by me, for me, or at my direction, in a safe and secure place and allow limited access

thereto consistent with the Protective Order.

(5)    I will not divulge any designated "Confidential" Information or Discovery

Materials, copies thereof, or the contents of such Information or Discovery Materials that

I receive pursuant to the Protective Order to any person other than those specifically

authorized by the Protective Order.  I shall not copy or use such Information or Discovery Materials except for the purposes of this Action and pursuant to the terms of the Protective Order.

(6)     I understand that I am not permitted to receive, review, inspect, or retain any Information or Discovery Materials designated as "Confidential – Attorneys' Eyes Only."  If I find that I have been given access to such Information or Discovery Materials, I agree not to review such Information or Discovery Materials, to keep them confidential, and to immediately notify the Attorney from whom I received them.

(7)     As soon as practical, but no later than thirty (30) days after final termination of this Action, I shall return to the Attorney from whom I have received them, any Information or Discovery Materials in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Information and Discovery Materials.

(8)     I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for purposes relating to the Protective Order, including any enforcement taken pursuant to the Protective Order.

(9)     I declare under penalty of perjury that the foregoing is true and correct.


Executed on:_____          _____
                                                                              (Signature)

**EXHIBIT B**

**WRITTEN ASSURANCE OF COMPLIANCE WITH
PROTECTIVE ORDER FOR DISCLOSURE OF
CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**

_____ declares that:

(1)     I reside at _____ in the city of

_____, county _____, state of _____.

(2)     I am currently employed by _____ located at

_____.  My current job title is

_____.

(3)     I have read and believe I understand the terms of the Protective Order filed

in Case No. 16-cv-1054 (WMW/TNL), pending in the United States District Court for the

District of Minnesota.  I agree to comply with and be bound by the provisions of the

Protective Order.  I understand that any violation of the Protective Order may subject me

to sanctions by the Court.

(4)     I understand that I am to retain all documents or other Information or

Discovery Materials designated as "Confidential" of "Confidential – Attorneys' Eyes

Only" that I receive pursuant to the Protective Order, and all copies, notes, summaries,

recordings, or other reproductions thereof made by me, for me, or at my direction, in a

safe and secure place and allow limited access thereto consistent with the Protective

Order.

(5)     I will not divulge any designated "Confidential" or "Confidential –

Attorneys' Eyes Only" Information or Discovery Materials, copies thereof, or the

contents of such Information or Discovery Materials that I receive pursuant to the

Protective Order to any person other than those specifically authorized by the Protective

Order.  I shall not copy or use such Information or Discovery Materials except for the

purposes of this Action and pursuant to the terms of the Protective Order.

(6)     As soon as practical, but no later than (thirty) 30 days after final

termination of this Action, I shall return to the attorney from whom I have received them,

any Information or Discovery Materials in my possession designated "Confidential" or

"Confidential – Attorneys' Eyes Only" and all copies, excerpts, summaries, notes,

digests, abstracts, and indices relating to such Information and Discovery Materials.

(7)     I submit myself to the jurisdiction of the United States District Court for the

District of Minnesota for purposes relating to the Protective Order, including any

enforcement taken pursuant to the Protective Order.

(8)     I declare under penalty of perjury that the foregoing is true and correct.


Executed on:_____     _____
                                                                            (Signature)