UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,    CIVIL NO. 16-1054 (WMW/DTS)

    Plaintiff,

v.    **AMENDED** ORDER FOR
                                                 SETTLEMENT CONFERENCE
FEDERAL INSURANCE COMPANY,

    Defendant.

    A settlement conference will be held on **May 18, 2017 at 9:00 a.m. in Chambers 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota,** before the undersigned United States Magistrate Judge. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference.

    **Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present**. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. **In all cases, the duly authorized officer or managing agent with settlement discretion cannot be in-house counsel directing the litigation. In addition, in employment law cases the decision maker involved in any alleged adverse employment action against Plaintiff cannot be the individual with settlement discretion.** This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. **If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.** Any failure to

comply with the spirit of this directive will constitute a violation of Fed. R. Civ. P. 16(f) which provides in part:

> **(2) *Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

If an insurance company is involved, the responsible agent must be present. Appearances by telephone are not permitted except in extraordinary circumstances, which must be brought to the attention of the Court and all parties no later than one week prior to the settlement conference by first contacting the Court by telephone to receive permission to electronically file a letter setting forth a full explanation of the circumstances. Any responses to such a letter shall be electronically filed no later than one business day following the filing of the letter request.

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person or telephonically with one another on or before **May 4, 2017** to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned on or before **May 11, 2017,** a confidential letter setting forth (1) the parties' respective settlement positions before the meeting; (2) the parties' respective positions following the meeting; (3) a concise analysis of each remaining liability issue, with citation to relevant authority; (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; (5) a reasoned analysis of the strengths and weaknesses of their client's case; and (6) a reasoned analysis justifying their client's last stated settlement position, as well as any

additional information believed to be helpful to the process of reaching an agreement, particularly any hindrances or obstacles to settlement.  If there are non-monetary terms that you believe are material to settlement, these must be addressed in the confidential settlement letter.  This letter is for the Court's use only and should not be served on opposing counsel nor filed on ECF.  Counsel should email their confidential settlement letter to chambers at schultz_chambers@mnd.uscourts.gov.

    Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference and imposition of an appropriate sanction on the party, company or attorney who failed to comply.

Dated:       March 17, 2017

                                          *s/ David T. Schultz*
                                          DAVID T. SCHULTZ
                                          United States Magistrate Judge