# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S FIRST SUPPLEMENTAL ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

1.      FICO objects to the Definitions set forth in these Interrogatories to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, and the Local Rules of this Court.

2.      FICO objects to these Interrogatories to the extent they seek information and documents that are subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

3.      FICO objects to Federal's Interrogatories to the extent they are overly broad,

unduly burdensome, and/or disproportionate, taking into account the needs of the case, the

amount in controversy, the limitations of the parties' resources, and the importance of the issues

at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of

admissible evidence.

4.      FICO objects to the definition of "you" or "your" as overly broad and unduly

burdensome.  FICO interprets these terms to refer to Fair Isaac Corporation.

5.      FICO objects to the definition of "Document" to the extent the definition includes

any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the

definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties

have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery

Agreement.

6.      FICO objects to the use of the word "all" in these Interrogatories insofar as every

fact, reason, or document that evidences, refers, or relates to the subject matter of the

Interrogatory is sought.  Literal compliance is impossible in most instances and, in others,

imposes a burden and expense that outweighs any potential benefit.  FICO seeks to fairly and

accurately respond to the Interrogatories, subject to any objections.

7.      FICO objects to these Interrogatories to the extent they seek information or

documents already in Federal's possession or equally accessible to Federal, or information or

identification of documents which are a matter of public record.

8.      FICO's answers set forth below and any production of documents in connection

therewith in no way limit the generality of the foregoing General Objections, and are not to be

construed as a waiver of the foregoing objections, any specific objections stated in the following

responses, or FICO's right to object to any additional, supplemental, or further discovery Request or Interrogatory of Federal.

9.      FICO has answered these Interrogatories based upon its understanding of the Interrogatories, and to the best of its knowledge and recollection as of the date the answers are served.  FICO expressly reserves the right to provide supplemental answers or produce supplemental documents should that become appropriate.  All information provided by FICO in response to these Interrogatories is provided without waiver of FICO' right to supplement as responsive information becomes available.

10.     All documents identified or produced by FICO in connection with its answers to these Interrogatories are identified or produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

11.     The General Objections set forth above are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Interrogatory.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO answers as follows:

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify all persons who assisted in preparing any of the information, or gathering any of the documents requested, described, or identified, in your responses to any of the Interrogatories or Requests for Production of Documents in this lawsuit.

**OBJECTION:** This Interrogatory seeks information protected by the attorney-client privilege and/or work-product immunity.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, the responses to these interrogatories and the gathering of documents regarding Federal's requests for production of

documents were with the assistance of FICO's in-house counsel and his staff.  Additionally, Bill

Waid, VP & General Manager, Decision Management Solutions, is knowledgeable regarding the

pricing of Blaze Advisor® software.

**INTERROGATORY NO. 2:** Identify each Work you provided to Federal, including the date
you provided the Work, who provided it, and who received it.

**RESPONSE:** FICO states that commencing upon the execution of the Agreement and

periodically during the term thereof, Federal accessed FICO's electronic product delivery system

to download Works made available by FICO to Federal.  Pursuant to Fed. R. Civ. P. 33(d), FICO

will produce its records of the Works it provided to Federal from 2012-2015.

**INTERROGATORY NO. 3:** Identify each Work you contend Federal used beyond the scope of
the license granted in the Agreement and describe the basis for your contention.

**OBJECTION:** This Interrogatory is premature. The complete scope of Federal's use of FICO's

Works beyond the scope of the Agreement is uniquely within Federal's possession, and FICO is

currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 2 above.

Based on the information currently within its possession, FICO further states that Federal has

used the Works identified in the Amended Complaint outside the scope of the license granted by

the Agreement.  *See* [Dkt. 1-2; Dkt. 36.]  FICO terminated the Agreement on March 31, 2016,

and continued use of FICO's Works after the termination is outside the scope of the Agreement.

In its Answer to the Amended Complaint, Federal admits it continues to use FICO's Works after

the date of termination.  [Dkt. 38, ¶ 16.]  FICO will supplement its answer to this interrogatory, if

appropriate, once it has received complete information from Federal regarding Federal's use of

its Works beyond the scope of the license granted in the Agreement.

**INTERROGATORY NO. 4:** Identify each "third party" that allegedly received access to the
works in violation of the License Agreement as alleged in Paragraph 22 of the Amended

Complaint, including the name of each entity and individual you contend received access to the works in violation of the agreement.

**OBJECTION:** This Interrogatory is premature.  The complete scope of Federal's disclosure of FICO's Works to third parties is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that Federal has disclosed the Works to, at least, Chubb-affiliated entities located in the U.K., Canada, and Australia in violation of the license granted by the Agreement.  FICO received the following extraterritorial maintenance requests from Chubb-affiliated entities for the Blaze Advisor® software:

| Request Date | FICO Product | Contact | Country |
|---|---|---|---|
| 11/17/2011 | Blaze Advisor® 6.7 | Tony Zhang | Canada |
| 03/03/2015 | Blaze Advisor® 6.1 and 7.1 | David Gibbs | United Kingdom |
| 03/21/2016 | Blaze Advisor® 7.0 | Shaikh Imran Aziz | Australia |

As discussed in the March 11, 2016 email from Thomas Carretta to Andrew Hopp, it was also discovered that there was a second non-compliant application running the Blaze Advisor® software in the U.K. during the parties' post-merger licensing negotiations.  The non-compliant applications outside of the United States running the Blaze Advisor® software are also discussed in the March 3, 2016 email from Michael Sawyer to Tamra Pawloski and the business proposal attached thereto.  FICO will supplement its answer to this interrogatory, if appropriate, once it has received complete information from Federal regarding Federal's disclosure of the Works to third parties.

**INTERROGATORY NO. 5:** Identify each person who drafted, reviewed, edited, or approved the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

**OBJECTION:** To the extent it seeks information beyond the identities of the persons involved with the January 27, 2016 letter from Thomas Carretta to Joseph Wayland, including a specific identification of which person(s) drafted, reviewed, edited, or approved the letter, this Interrogatory seeks attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO states as follows: Thomas Carretta, Michael Sawyer, and Russ Schreiber.

**INTERROGATORY NO. 6:** Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's improper use of Blaze Advisor® in breach of the Agreement, its improper disclosure of Blaze Advisor® to third parties in further breach of the Agreement and in violation of FICO's copyright rights, and Federal's use of Blaze Advisor® following the termination of the Agreement in breach of the Agreement and in further violation of FICO's copyright rights.  This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that its damages claim can be grouped into the following categories: (1) the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, since March 31, 2016; (2) the unlicensed use by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began; (3) the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Works from the date of that unlicensed use.  Damages under the first category are (a) the commercially reasonable fees FICO would have received had the use since March 31, 2016, been licensed and (b) all profits derived

6

from goods and services that used Blaze Advisor® from March 31, 2016.  The second category damages are of the same kind – lost license fees and disgorgement of profits.  The time period will be different, commencing when the unlicensed use began.  Damages under the third category are the lost license fees FICO would have received had the use by each third party been licensed.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.  FICO will supplement its answer to this interrogatory, if appropriate, once it has received discovery from Federal.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, and based on Federal's supplemental response to FICO's Interrogatory No. 4, the following are the approximate lost license fees related to the first and third categories of damages described above.  Lost license fees include the fee for annual maintenance.

This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in discovery.  For example, the volume of Federal's transactions/usage related to each application is relevant to pricing and not currently known by FICO.  This supplemental response is based on information currently known.

The category one damages are the FICO license fees for each application for which Chubb & Son, a division of Federal, has used the Blaze Advisor® software since March 31, 2016, as well as all profits derived from goods and services that used Blaze Advisor ® from that date. The FICO lost license fee for the applications identified in the supplemental response to Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is approximately $4,671,000 per year.  FICO claims damages for that annual fee from March 31,

2016, to the date an injunction is issued against Federal's continued unlicensed use of the software.

The category three damages are the FICO license fees for each application for which a third party has used the Blaze Advisor ® software as a result of Federal's breach of the Agreement.  Federal has identified applications being used by third parties in Canada and the U.K.  (Whether there are additional category three damages is the subject of further discovery.) Based on Federal's disclosures, FICO believes the applications used in Canada are Adapt-ABL and Evolution.  The annual FICO license fee for those applications is approximately $378,000. Based on Federal's disclosures, FICO believes the applications used in the U.K. are EZER and Commercial.  The annual FICO license fee for those applications is approximately $594,000.

The quantification of FICO's claim for category two damages, and its claim for all profits derived from goods and services that used Blaze Advisor® software depend on discovery to be received from Federal.

**INTERROGATORY NO. 7:** Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's use of Blaze Advisor® following the termination of the Agreement.  This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

**INTERROGATORY NO. 8:** Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages

necessarily depends on the extent of Federal's disclosure of Blaze Advisor® to third parties.

This information is uniquely within Federal's possession, and FICO is currently seeking this

information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer

to Interrogatory No. 6 above.

**INTERROGATORY NO. 9:** Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages

necessarily depends on the extent of Federal's infringement of FICO's copyright rights and

Federal's revenue attributable to that infringement.  This information is uniquely within

Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.


AS TO OBJECTIONS:

Dated: August 16, 2017

                              MERCHANT & GOULD P.C.

                              /s/Allen Hinderaker
                              Allen Hinderaker, MN Bar # 45787
                              Heather Kliebenstein, MN Bar #337419
                              Michael A. Erbele, MN Bar # 393635
                              MERCHANT & GOULD P.C.
                              3200 IDS Center
                              80 South Eighth Street

Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

*Attorneys for Plaintiff FICO*

## VERIFICATION

The undersigned has read the contents of Plaintiff Fair Isaac Corporation's First

Supplemental Answers to Defendant's First Set of lnterrogatories in the case of *Fair Isaac*

*Corporation v. Federal Insurance Company,* Case No. 16-cv-1054 (D. Minn.), and knows the

contents thereof, and that the contents and facts therein contained are true and correct to the best

of my information, knowledge and belief. My information, knowledge and belief is based in part

on my personal knowledge and in part on facts obtained by others from corporate records,

employees, and agents.

Executed this /6ᵗʰ day of August, 2017.

James S. Woodward
Vice President, Legal
Fair Isaac Corporation

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 16th, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: August 16th, 2017                s/Kristin M. Drieman

                                                        Kristin M. Drieman

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

      Plaintiff,

   v.

FEDERAL INSURANCE COMPANY, an
Indiana corporation,

      Defendant.

Court File No.  16-cv-1054 (WMW/TNL)

**DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO FAIR ISAAC
CORPORATION**

     In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure,
Defendant Federal Insurance Company requests that Fair Isaac Corporation furnish
responses to the following document requests within thirty (30) days of service.  Federal
further requests that the documents be produced on the 30th day following the date of
service at Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis,
MN 55402-1425.

## DEFINITIONS

    1.    "Document" has the broadest meaning that can be ascribed to it pursuant
to the Federal Rules of Civil Procedure.  Among other things, "document" means the
original and any non-identical copy of any written, printed, electronic, recorded,
graphic or photographic matter or sound reproduction, however produced or
reproduced, including, but not limited to, correspondence, telegrams, other written
communications, contracts, agreements, diaries, memoranda, logs, notes, forms,

analyses, projections, work papers, calendar and tape recordings, prepared or received by you, or in your possession, custody or control, and/or whose identity, existence, and location are known by you. As used herein, "document" shall include things, and "thing" shall include documents.

2.     "FICO," "you," or "your" means Plaintiff Fair Isaac Corporation, its employees, representatives, agents, attorneys, successors, predecessors, parent companies, subsidiaries, and any other persons or entities acting on its behalf or at its direction.

3.     "Federal" means Federal Insurance Company and its operating division Chubb & Son.

4.     "Work" and "Works" refers to the copyrighted works referenced in Paragraph 10 of the Complaint.

5.     "Agreement" means the Software License and Maintenance Agreement between FICO and Federal.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in, described in, or relied on in preparing your responses to Federal's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in, described in, or relied on in preparing the Complaint and Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning the negotiation, drafting and execution of the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the negotiation, drafting and execution of Amendment One to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 5:** All documents concerning the negotiation, drafting and execution of Amendment Two to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 6:** All documents that evidence, refer or relate to communications you have had with Federal since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 7:** All communications you have had with Federal regarding Federal's use of the licensed software.

**REQUEST FOR PRODUCTION NO. 8:** All internal non-privileged communications you have had relating to the Agreement in issue, Federal and/or this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:** All documents, electronic information and metadata that relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland, including but not limited to drafts, comments, notes, redlines, document history, and communications.

**REQUEST FOR PRODUCTION NO. 10:** All documents that evidence, refer or relate to your ongoing negotiations with Federal regarding the license of software.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the third parties you claim received the Works from Federal.

- 3 -

**REQUEST FOR PRODUCTION NO. 12:** All documents that evidence, refer or relate to any alleged disclosure of the Works by Federal to third parties.

**REQUEST FOR PRODUCTION NO. 13:** All agreements related to the Works you contend Federal infringed.

**REQUEST FOR PRODUCTION NO. 14:** All statements of witnesses that relate to the Agreement or to this dispute.

**REQUEST FOR PRODUCTION NO. 15:** All documents that support or relate to each element of damages being claimed.

**REQUEST FOR PRODUCTION NO. 16:** All documents that evidence, refer or relate to licensing revenues you have received for the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the amount of the licensing fee for each perpetual license to the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the average amount per seat you have received in licensing revenues for the Works in each year from 2006 to present.

**REQUEST FOR PRODUCTION NO. 19:** All licensing agreements for the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 20:** All documents that evidence, refer or relate to your enforcement of the Works against alleged infringers.

**REQUEST FOR PRODUCTION NO. 21:** All documents that relate to requests for consent under Paragraph 10.8 of the Software License and Maintenance Agreement

(or similar clauses in other FICO license agreements) and your response to each request from January 1, 2012 to present.

**REQUEST FOR PRODUCTION NO. 22:**   All documents you have received from third parties relating to the issues raised in this lawsuit, whether obtained informally or via subpoena.

**REQUEST FOR PRODUCTION NO. 23:**   All documents not otherwise requested that refer or relate to the claims and defenses in this lawsuit.

Dated: _____4-18_____, 2017

FREDRIKSON & BYRON, P.A.

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

60604349_1.docx

- 5 -

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) | Case No. 16-cv-1054(WMW/DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF FAIR ISAAC CORPORATION'S**
**RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTON OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby submits the following objections and responses to Defendant Federal Insurance Company's ("Federal") First Set of Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

1.    FICO objects to the Definitions set forth in Federal's Requests for Production of Documents to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    FICO objects to Federal's Requests to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes protected work product, or that otherwise is not discoverable or is the subject of any other privilege, whether based upon statute or recognized at common law.

3.   FICO objects to Federal's Requests to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.   FICO makes the specific objection with respect to certain Requests that they are vague and ambiguous as they do not describe with reasonable particularity the documents being sought.  Since the scope of such Requests is in question, FICO reserves the right to object to such Requests as overly broad or unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such Requests is clarified.

5.   FICO objects to the definition of "Document" to the extent that the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery Agreement.

6.   FICO objects to these Requests to the extent they seek information already in Federal's possession or equally accessible to Federal, or information which is a matter of public record.

7.   FICO objects to the use of the words "each" and "every" and "all" and "any" in these Requests insofar as every fact, person, or thing that evidences, refers, or relates to the subject matter of the request sought.  Literal compliance is impossible in most instances and, in others,

2

imposes a burden and expense that outweighs any likely benefit.  FICO seeks to provide fair and accurate responses to these Requests, subject to any objections.

8.   FICO's responses set forth below and/or production in connection therewith in no way limit the generality of the foregoing General Objections and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or FICO' right to object to any additional, supplemental, or further discovery request of Federal.

9.   FICO has responded to Federal's Requests based upon its understanding of the Requests and to the best of its knowledge and recollection as of the date the responses are served. All documents produced by FICO in response to Federal's Requests are produced without waiver of FICO's right to supplement its production as responsive information becomes available.

10.   Any statement by FICO in any of the following responses to Federal's Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log.  Such a statement is not a representation that any such responsive documents exist.

11.   All documents produced by FICO in connection with FICO's responses to Federal's Requests are produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

12.   The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Requests.  These objections are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Request.

3

Subject to the General Objections outlined above and the more specific objections set forth below, FICO responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in, described in, or relied on in preparing your responses to Federal's Interrogatories.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO will produce the documents identified and described in its Answers to Federal's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in, described in, or relied on in preparing the Complaint and Amended Complaint.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:**  Without waiving the objection, FICO states that it has already produced the documents identified and described in its Complaint and Amended Complaint.  *See* [Dkt. Nos. 1-1 and 1-2.]

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning the negotiation, drafting and execution of the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the negotiation, drafting and execution of Amendment One to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** All documents concerning the negotiation, drafting and execution of Amendment Two to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** All documents that evidence, refer or relate to communications you have had with Federal since January 1, 2016.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to its communications with Federal would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects to the request as overbroad, seeking information that is not relevant to either party's claims or defenses; the request for communications is without regard to subject matter.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents relating to the issues in the present lawsuit that can be located

pursuant to a reasonable search.  Additionally, FICO does not waive or otherwise limit the

application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 7:** All communications you have had with Federal
regarding Federal's use of the licensed software.

**OBJECTION:** The request for communications "regarding Federal's use" is overbroad, seeking

information that is not relevant to either party's claims or defenses.  FICO further objects that

this request is cumulative of Federal's Request Nos. 3-6.

**REQUEST FOR PRODUCTION NO. 8:** All internal non-privileged communications you
have had relating to the Agreement in issue, Federal and/or this lawsuit.

**OBJECTION:** FICO objects to this request to the extent response would require the disclosure

of attorney work product.  FICO further objects that the request for communications "relating to

the Agreement in issue, [and] Federal" without regard to subject matter is overbroad, seeking

information that is not relevant to either party's claims or defenses.

**RESPONSE:**  Without waiving the objections, FICO will produce responsive, non-work product

communications relating to the issues in the present lawsuit that can be located pursuant to a

reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** All documents, electronic information and metadata
that relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland,
including but not limited to drafts, comments, notes, redlines, document history, and
communications.

**OBJECTION:** Response to the request for "documents that . . . relate to the January 27, 2016

letter from Thomas F. Carretta to Joseph F. Wayland" would require the disclosure of attorney-

client privileged information and attorney work product.  FICO further objects to this request to

the extent the "electronic information and metadata" sought contradicts the form of production

specified in the parties' E-Discovery Agreement.  *See* [Dkt. 43-2.]

**RESPONSE:**  Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** All documents that evidence, refer or relate to your ongoing negotiations with Federal regarding the license of software.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to FICO's ongoing negotiations with Federal would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects to this request to the extent it seeks documents created after the date the present lawsuit was filed.

**RESPONSE:**  Without waiving the objection, FICO will produce responsive, non-privileged, non-work product documents created prior to April 21, 2016, that can be located pursuant to a reasonable search.  Additionally, FICO does not waive or otherwise limit the application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the third parties you claim received the Works from Federal.

**OBJECTION:** Response to the request would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that documents sufficient to identify the third parties to whom Federal has distributed the Works are within the exclusive custody or control of Federal.

**RESPONSE:**  Without waiving the objection, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 12:** All documents that evidence, refer or relate to any alleged disclosure of the Works by Federal to third parties.

**OBJECTION:** Response to the request for "documents that evidence, refer or relate" to Federal's disclosure of the Works to third parties would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:**  Without waiving the objections, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 13:** All agreements related to the Works you contend Federal infringed.

**OBJECTION:** This request is overbroad and disproportionate; other than the Agreement that is the subject of this lawsuit, agreements with other parties related to the Works are not relevant to either party's claims or defenses.

**RESPONSE:** Without waiving the objection, FICO states that it has already produced the Agreement that is the subject of this lawsuit.  *See* [Dkt. 1-2.]

**REQUEST FOR PRODUCTION NO. 14:** All statements of witnesses that relate to the Agreement or to this dispute.

**OBJECTION:** The request for statements of witnesses "that relate to the Agreement" is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**RESPONSE:** FICO is currently not in possession of any statements of witnesses that relate to either party's claims or defenses or to this dispute.

**REQUEST FOR PRODUCTION NO. 15:** All documents that support or relate to each element of damages being claimed.

**OBJECTION:** Response to the request for "documents that support or relate" to each element of FICO's claimed damages would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that the request is premature; its damages claim

8

is the subject of expert opinion and analysis, which need not be disclosed under the Pretrial

Scheduling Order until April 1, 2018.  [Dkt. 40.]  The request is also premature because

documents and information relevant to FICO's claim for damages are within Federal's

possession to be produced in discovery.

**RESPONSE:**  Without waiving the objections, FICO will produce documents relating to its

damages that are currently within its possession, including its pricing model for the Blaze

Advisor® software.

**REQUEST FOR PRODUCTION NO. 16:** All documents that evidence, refer or relate to
licensing revenues you have received for the Works from 2006 to present.

**OBJECTION:** The request is overbroad and disproportionate, seeking information that is not

relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the amount of the
licensing fee for each perpetual license to the Works from 2006 to present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects

that the request is overbroad and disproportionate, seeking information that is not relevant to

either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the average amount
per seat you have received in licensing revenues for the Works in each year from 2006 to
present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects

that the request is overbroad and disproportionate, seeking information that is not relevant to

either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 19:** All licensing agreements for the Works from 2006
to present.

**OBJECTION:** This request is cumulative of Federal's Request Nos. 13 and 16.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 20:** All documents that evidence, refer or relate to your enforcement of the Works against alleged infringers.

**OBJECTION:** Response would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 21:** All documents that relate to requests for consent under Paragraph 10.8 of the Software License and Maintenance Agreement (or similar clauses in other FICO license agreements) and your response to each request from January 1, 2012 to present.

**OBJECTION:** Response to the request for "documents that . . . relate" to requests for consent would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 22:** All documents you have received from third parties relating to the issues raised in this lawsuit, whether obtained informally or via subpoena.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product.

**RESPONSE:**  Without waiving the objection, FICO will produce the documents it obtains from third parties via subpoena.  FICO presently does not have any documents received from third parties.

**REQUEST FOR PRODUCTION NO. 23:** All documents not otherwise requested that refer or relate to the claims and defenses in this lawsuit.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product.  FICO further objects that this request does not comply with Fed. R. Civ. P. 34(b)(1)(A), which requires that a request "must describe with reasonable particularity each item or category of items" sought.


Dated: May 18, 2017

MERCHANT & GOULD P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

John T. Winemiller*, TN Bar # 21084
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

 *Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: May 18, 2017                         s/Kristin M. Drieman
                                            Kristin M. Drieman

# EXHIBIT D



3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone: 612.332.5300
Fax: 612.332.9081
www.merchantgould.com
A Professional Corporation

Direct Contact | Heather Kliebenstein
612-371-5213
hkliebenstein@merchantgould.com

January 16, 2018

**<u>VIA EMAIL ONLY</u>**

Nikola Datzov
Fredrickson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402

> **Re:    *Fair Isaac Corp. v. Federal Insurance Co.*,**
> **No. 16-cv-01054-WMW-TNL (D. Minn. filed April 21, 2016)**

Dear Nick:

I write in response to your December 15, 2017 letter regarding FICO's alleged deficiencies in response to Federal's discovery requests. Your letter raises issues that we addressed in our previous letter dated June 30, 2017 as well as in our first supplemental interrogatory answers served on August 16, 2017. We reiterate our prior positions on these issues.

<u>Interrogatory No. 1</u>:

FICO's supplemental answer to Interrogatory No. 1 identifies FICO's in-house counsel as and his staff as assisting in the preparation of FICO's interrogatory answers and in gathering FICO's documents for production. The supplemental answer further identifies Bill Waid as knowledgeable regarding the issues raised in FICO's interrogatory answers. Many of Federal's interrogatories were legal in nature, seeking the basis for FICO's claims. The answers to these interrogatories were prepared with the assistance of FICO's in-house counsel, who is identified in FICO's supplemental answer. There are no other additional individuals to identify.

<u>Interrogatory No. 2</u>:

As stated in FICO's answer to Interrogatory No. 2, Federal electronically downloaded the then current version of the Blaze Advisor® software from FICO's electronic product delivery system from the date of the Agreement forward. FICO's existing records of those downloads have been produced pursuant to Fed. R. Civ. P. 33(d) as the Bates-numbered documents FICO0000302 and FICO0000303. Other Works to which Federal had access are also identified in the Bates-numbered document FICO0000197. Federal's document production to date, including for example documents FED004075_0001 and FED002174_0001, also identifies versions of Blaze Advisor® Federal has used as well as Federal's upgrade plan to a later version of Blaze Advisor®.

January 16, 2018

Interrogatory No. 3:

As explained in FICO's answer to Interrogatory No. 3, Federal has used at least the Works identified in the Amended Complaint outside the scope of the license granted by the Agreement. Federal has also used the Works identified in the Bates-numbered documents FICO0000302 and FICO0000303.  For example, Federal admits that it has continued to use the Blaze Advisor® software following the merger. [*See* Dkt. 38, ¶ 16.]  FICO will update this answer as discovery is ongoing, and further details around the use of the Works is in the possession of Federal.  *See also* our response regarding Interrogatory No. 2.

Interrogatory No. 4:

As explained in FICO's answer to Interrogatory No. 4, Federal disclosed FICO's copyrighted Works to, at least, Chubb-affiliated entities in the U.K., Canada, and Australia. Based on Federal's document production to date, these entities appear to include, at least, Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada. Additionally, the Bates-numbered document FED001274_0001 references a discussion between Chubb Insurance Company of Canada and Zorica Todorovic, who appears to be associated with an Australian entity of Chubb. The Works were also disclosed to DWS Consulting in Australia. FICO will supplement its answer to Interrogatory No. 4, if appropriate, to identify additional third parties as discovery continues.

Interrogatory Nos. 6-9:

 FICO's supplemental answers to Interrogatory Nos. 6-9 quantify FICO's damages to the extent possible based on the information currently within FICO's possession. A complete quantification of FICO's damages necessarily depends on information uniquely within Federal's possession, including the extent of Federal's unauthorized disclosure and use of the Blaze Advisor® software and the revenues attributable to that use. Federal has refused to provide this information, which has forced FICO to move to compel. FICO will supplement its answer to Interrogatory Nos. 6-9, if appropriate, after it receives complete financial information from Federal and after exchange of expert reports.

Request for Production No. 6:

This Request sought all documents that evidence, refer or relate to communications FICO has had with Federal since January 1, 2016. The Request is not limited by subject matter, and as written, encompasses documents and communications that have nothing to do with the issues in this lawsuit, including every communication between the parties regarding maintenance, service, and/or training.  Nevertheless, FICO has produced the documents relating to communications with Federal after January 1, 2016, located after a reasonable search, which are relevant to the claims and defenses in this lawsuit.

Request for Production No. 7:

This Request sought all communications between FICO and Federal regarding Federal's use of the licensed software. As written, this Request encompasses every communication between

January 16, 2018

the parties in the last eleven years, including for example, every communication regarding product service, maintenance, and/or training. These documents are not relevant to the issues in the present lawsuit. Nevertheless, FICO has produced documents relating to its communications with Federal, located after a reasonable search, which are relevant to the claims and defenses of the present lawsuit.

Request for Production No. 13:

This Request sought all agreements related to FICO's copyrighted Works. Agreements with third parties regarding the copyrighted Works at issue in this lawsuit are not relevant. Every license agreement for the Blaze Advisor® software is negotiated individually and in light of the particular circumstances of each case. These agreements are not standard, interchangeable, or comparable, and other such agreements have no bearing on FICO's damages in this case. FICO stands on its objection to this Request.

Request for Production Nos. 16-19:

These Requests seek documents related to FICO's licensing revenues and fees it has received for its copyrighted Works. As with Request No. 13 above, FICO's licensing revenues received from third party agreements regarding the Works at issue in this lawsuit are not relevant. FICO's aggregate revenues received from all license agreements for the copyrighted Works are also irrelevant to FICO's damages in this case. Every license agreement for the Blaze Advisor® software is negotiated individually and in light of the particular circumstances of each case. These agreements are not standard, interchangeable, or comparable, and the aggregate licensing revenues received from such agreements have no bearing on FICO's damages in this case. FICO stands on its objection to these Requests.

Request for Production Nos. 20-21:

These Requests seek documents relating to FICO's enforcement of the copyrighted Works and other requests for consent for expanded use. As explained with respect to Request Nos. 13 and 16-19 above, every license agreement for the Blaze Advisor® software is negotiated individually. FICO's actions with respect to other license agreements have no bearing on the issues in this case. Furthermore, these Requests are overbroad because there is no attempt to limit them to enforcement efforts arising from the same breaches. FICO has identified the other lawsuits involving the Blaze Advisor® software and has produced documents that can be located pursuant to a reasonable search. FICO cannot identify with reasonable effort its informal enforcement efforts, if any, that have any comparable relevance to this lawsuit.

We are able to meet and confer on these issues, if necessary, at your convenience.

Sincerely,

Heather Kliebenstein

# EXHIBIT G

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

      Plaintiff,

  v.

FEDERAL INSURANCE COMPANY, an
Indiana corporation,

      Defendant.

Court File No.  16-cv-1054 (WMW/TNL)

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO FAIR
ISAAC CORPORATION**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Federal Insurance Company requests that Fair Isaac Corporation answer the below Interrogatories within thirty (30) days of service.

## **DEFINITIONS**

1.    "Document" has the broadest meaning that can be ascribed to it pursuant to the Federal Rules of Civil Procedure.  Among other things, "document" means the original and any non-identical copy of any written, printed, electronic, recorded, graphic or photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, correspondence, telegrams, other written communications, contracts, agreements, diaries, memoranda, logs, notes, forms, analyses, projections, work papers, calendar and tape recordings, prepared or received by you, or in your possession, custody or control, and/or whose identity, existence, and location are known by you.  As used herein, "document" shall include things, and "thing" shall include documents.

2.      "FICO," "you," or "your" means Plaintiff Fair Isaac Corporation, its employees, representatives, agents, attorneys, successors, predecessors, parent companies, subsidiaries, and any other persons or entities acting on its behalf or at its direction.

3.      "Federal" means Federal Insurance Company and its operating division Chubb & Son.

4.      "Work" and "Works" refer to the copyrighted works identified in Paragraph 10 of the Complaint.

5.      "Agreement" means the Software License and Maintenance Agreement between FICO and Federal.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all persons who assisted in preparing any of the information, or gathering any of the documents requested, described, or identified, in your responses to any of the Interrogatories or Requests for Production of Documents in this lawsuit.

**INTERROGATORY NO. 2:**  Identify each Work you provided to Federal, including the date you provided the Work, who provided it, and who received it.

**INTERROGATORY NO. 3:**  Identify each Work you contend Federal used beyond the scope of the license granted in the Agreement and describe the basis for your contention.

**INTERROGATORY NO. 4:**  Identify each "third party" that allegedly received access to the works in violation of the License Agreement as alleged in Paragraph 22 of

the Amended Complaint, including the name of each entity and individual you contend received access to the works in violation of the agreement.

      **INTERROGATORY NO. 5:**  Identify each person who drafted, reviewed, edited, or approved the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

      **INTERROGATORY NO. 6:**  Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

      **INTERROGATORY NO. 7:**  Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

      **INTERROGATORY NO. 8:**  Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

      **INTERROGATORY NO. 9:**  Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

Dated: _____4-18_____, 2017

FREDRIKSON & BYRON, P.A.

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

60604162_1.docx

- 4 -