# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation,<br><br>   Defendant. | Court File No.  16-cv-1054 (WMW/DTS)<br><br>**FEDERAL INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

To: Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

 Defendant Federal Insurance Company ("Federal"), for its Responses to Plaintiff's First Set of Requests for Production of Documents, states and alleges as follows:

### GENERAL RESPONSES

 1. Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

 2. Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

 3. Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief.  Federal's responses and objections are limited to information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.      Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

**RESPONSES TO FIRST SET OF**
**REQUESTS FOR REDUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  All documents and communications referring or relating to the negotiation of the parties' Software License and Maintenance Agreement, including the two Amendments thereto.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 2:**  All documents and communications referring or relating to compliance with or performance of the terms of the parties' Software License and Maintenance Agreement, including the two Amendments thereto.

**RESPONSE:**  Federal objects to this request as overbroad because it is unlimited in time.  Federal will limit its production to documents from April 22, 2010 forward.

Federal also objects to this request as vague and overbroad because the request for documents relating to "performance" under the Agreement includes numerous documents that have no bearing on the dispute.  Federal will limit its production to documents bearing on the claims and defenses in this action.

Federal objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine, and will withhold such privileged information from production.

For documents that are not subject to Federal's objections, Federal will make a rolling production to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications referring to, relating to, or discussing FICO.

**RESPONSE:**  Federal objects to this request as overbroad because it is unlimited in time.  Federal will limit its production to documents from April 22, 2010 forward.

Federal also objects to this request as vague and overbroad because the request for all documents "referring to, relating to, or discussing FICO" includes numerous documents that have no bearing on the dispute.  Federal will limit its production to documents bearing on the claims and defenses in this action.

Federal objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine, and will withhold such privileged information from production.

For documents that are not subject to Federal's objections, Federal will make a rolling production to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

3

**REQUEST FOR PRODUCTION NO. 4:**  All documents referring to, relating to, or comprising communications between Federal and any employee, representative, officer, or director of FICO regarding the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request as overbroad because it is unlimited in time.  Federal will limit its production to documents from April 22, 2010 forward.

Federal also objects to this request as vague and overbroad because the request for all communications between Federal and FICO includes numerous documents that have no bearing on the dispute.  Federal will limit its production to documents bearing on the claims and defenses in this action.

Federal objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine, and will withhold such privileged information from production.

For documents that are not subject to Federal's objections, Federal will make a rolling production to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 5:**  All documents and communications referring or relating to the parties' post-merger negotiations, including without limitation, Federal's non-privileged internal communications referring to, relating to, or discussing any post-merger modification of the parties' Software License and Maintenance Agreement or the creation of a new agreement governing Federal's use of the Blaze Advisor® software.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

4

**REQUEST FOR PRODUCTION NO. 6:**  All documents and communications referring or relating to the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications referring or relating to the February 17, 2016 letter from Andrew Hopp to Thomas Carretta.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications referring or relating to the teleconference between the parties the week of February 21, 2016 during which the parties discussed Federal's post-merger compliance with the Software License and Maintenance Agreement.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 9:**  All documents and communications referring or relating to the February 22, 2016 letter from Thomas Carretta to Andrew Hopp.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications referring or relating to Federal's February 25, 2016 written counter-proposal to FICO regarding the terms of Federal's post- merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications referring or relating to the March 1, 2016 meeting between FICO and Federal during which the parties discussed Federal's post-merger compliance with the Software License and Maintenance Agreement.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications referring or relating to the March 2, 2016 written proposal from FICO to Federal regarding the terms of Federal's post-merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications referring or relating to the March 6, 2016 letter from Michael Sawyer to Tamra Pawloski.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 14:** All documents and communications referring or relating to the March 15, 2016 request from Federal to FICO that FICO revise its March 2, 2016 written proposal.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 15:** All documents and communications referring or relating to the March 17, 2016 revised written proposal from FICO to Federal regarding the terms of Federal's post-merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 16:** All documents and communications referring or relating to the March 22/23, 2016 revised written proposal from FICO to Federal regarding the terms of Federal's post-merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 17:** All documents and communications referring or relating to the March 25, 2016 written counter-proposal from Federal to FICO regarding the terms of Federal's post-merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications referring or relating to FICO's response to Federal's written counter-proposal regarding the terms of Federal's post-merger use of the Blaze Advisor® software.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications referring or relating to the March 30, 2016 teleconference between William Lansing and Kevin Shearan.

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 20:**  All documents and communications referring or relating to the March 30, 2016 letter from Thomas Carretta to Andrew Hopp.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 21:**  Documents sufficient to show the organizational structure of Federal, including documents sufficient to identify each division of Federal, including the Chubb & Son division, and the relationship between the Chubb & Son division and all other divisions of Federal.

**RESPONSE:**  Federal objects to this Request as over broad; this request encompasses entities that have nothing to do with the claims and defenses in this action. Subject to, and without waiving these objections; Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 22:**  Documents sufficient to identify each of Federal's subsidiaries and divisions prior to the January 15, 2016 merger transaction.

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 23:**  Documents sufficient to identify each of Federal's subsidiaries and divisions after the January 15, 2016 merger transaction.

**RESPONSE:**  Federal will make a rolling production of responsive, non-

privileged documents to be completed on or before June 30, 2017 or another mutually-

acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 24:**  Documents sufficient to identify
every person or entity in the United Kingdom to whom Federal has disclosed and/or
permitted to use the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request as irrelevant.  The license FICO

granted to Federal in the Software License and Maintenance Agreement is not limited in

geographic scope.  Furthermore, FICO assisted with, and approved, Federal's

implementation of the Blaze Advisor software in London.


**REQUEST FOR PRODUCTION NO. 25:**  Documents sufficient to identify
every person or entity in Canada to whom Federal has disclosed and/or permitted to use
the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request as irrelevant.  The license FICO

granted to Federal in the Software License and Maintenance Agreement is not limited in

geographic scope.  Furthermore, FICO assisted with, and approved, Federal's

implementation of the Blaze Advisor Software in Canada.


**REQUEST FOR PRODUCTION NO. 26:**  Documents sufficient to identify
every person or entity in Australia to whom Federal has disclosed and/or permitted to use
the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request as irrelevant.  The license FICO

granted to Federal in the Software License and Maintenance Agreement is not limited in

geographic scope. Subject to, and without waiving these objections, Federal states that it

is not aware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 27:** Documents sufficient to identify
every person or entity outside of the United States to whom Federal has disclosed and/or
permitted to use the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request as irrelevant.  The license FICO

granted to Federal in the Software License and Maintenance Agreement is not limited in

geographic scope.  To the extent that this request seeks documents relating to disclosure

or use to persons who are not part of Federal, Federal is not aware of any responsive

documents.

**REQUEST FOR PRODUCTION NO. 28:**  Documents sufficient to identify
every person or entity within the United States, other than employees of Chubb & Son, a
division of Federal, to whom Federal has disclosed and/or permitted to use the Blaze
Advisor® software.  For the avoidance of doubt, this request includes all employees of
Federal who are not within the division Chubb & Son, as well as all other persons or
entities that are not Federal.

**RESPONSE:**  Federal objects to the request for identification of "every person"

as unduly burdensome.  Federal also objects to this request as overbroad because it is

unlimited as to time.  Federal will limit its response to available documents after

April 22, 2010.  Subject to, and without waiving these objections, Federal will make a

rolling production of responsive, non-privileged documents to be completed on or before

June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 29:**   Documents sufficient to show each person or entity, of which Federal is aware, that has used or downloaded the Blaze Advisor® software other than employees of Chubb & Son, a division of Federal.

**RESPONSE:**   Federal objects to the request for identification of "every person" as unduly burdensome.  Federal also objects to this request as overbroad because it is unlimited as to time.  Federal will limit its response to available documents after April 22, 2010.  Subject to, and without waiving these objections, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 30:**   Summary reports sufficient to show gross and net revenues, and gross and net profits, derived from the products and services of each line of business of Chubb & Son, a division of Federal, for which the Blaze Advisor® software has been used (including, without limitation, for any underwriting, pricing, premium validation, or claim segmentation function in connection with the products and services of such line of business), for each quarter from January 1, 2016 to the present.

**RESPONSE:**   Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 31:**   Summary reports sufficient to show gross and net revenues, and gross and net profits, derived from the products and services of each line of business of every division or entity (other than Chubb & Son, a division of Federal) to whom Federal has disclosed and/or permitted to use the Blaze Advisor® software, for which the Blaze Advisor® software has been used (including, without limitation, for any underwriting, pricing, premium validation, or claim segmentation

function in connection with the products and services of such line of business), for each quarter from January 1, 2016 to the present.

**RESPONSE:** Federal objects to this request because it seeks information that is not relevant. Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 32:** Without limitation to the scope of Request Nos. 30 and 31, summary reports sufficient to show gross and net revenues, and gross and net profits, derived from each line of business of Chubb & Son, a division of Federal, and of every other division or entity to whom Federal has disclosed and/or permitted to use the Blaze Advisor® software, including the Specialty, Commercial, and Surety Bonds lines of business, for each quarter from January 1, 2016 to the present.

**RESPONSE:** Federal objects to this request because it seeks information that is not relevant. Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 33:** All documents relating to Federal's defense in ¶ 50 of its Answer that "FICO's claims fail because Federal's use of the FICO Products is licensed under the Agreement."

**RESPONSE:** Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

13

**REQUEST FOR PRODUCTION NO. 34:**  All documents relating to Federal's defense in ¶ 51 of its Answer that "Federal did not breach the Agreement."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal defense.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 35:**  All documents relating to Federal's defense in ¶ 52 of its Answer that "[i]f the fact-finder concludes that Federal breached the agreement, then the breach was not material."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal defense.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 36:**  All documents relating to Federal's defense in ¶ 53 of its Answer that "FICO did not suffer damages as a result of the claimed breach."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal defense.  Subject to, and without waiving this objection, Federal will

make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 37:**  All documents relating to Federal's defense in ¶ 54 of its Answer that "FICO did not have the right to terminate the Agreement."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal defense.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 38:**  All documents relating to Federal's defense in ¶ 55 of its Answer that "FICO itself breached the agreement."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal defense.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 39:**  All documents relating to Federal's defense in ¶ 56 of its Answer that "FICO's claims are barred by waiver and estoppel."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents

support a legal defense.  Subject to, and without waiving this objection, Federal will

make a rolling production of responsive, non-privileged documents to be completed on or

before June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 40:**  All documents relating to Federal
defense in ¶  57 of its Answer that "FICO's state law claims are preempted by federal
law."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery

of Federal's counsels' work product and mental impressions as to which documents

support a legal defense.  Subject to, and without waiving this objection, Federal will

make a rolling production of responsive, non-privileged documents to be completed on or

before June 30, 2017 or another mutually-acceptable time agreed to by the parties..


**REQUEST FOR PRODUCTION NO. 41:**  All documents relating to Federal's
contention in ¶ 6 of its Counterclaims that "Federal continued to use the Blaze Advisor
software after the merger in the same manner it had used the software before the merger."

**RESPONSE:**  Federal will make a rolling production of responsive, non-

privileged documents to be completed on or before June 30, 2017 or another mutually-

acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 42:**  All documents relating to Federal's
contention in ¶ 7 of its Counterclaims that "Federal did not expand its use of the software
following the merger."

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 43:**  All documents relating to Federal's contention in ¶ 8 of its Counterclaims that "Federal's use of the Blaze Advisor software post-merger is covered by the license Federal purchased from FICO in the Agreement."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal claim.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 44:**  All documents relating to Federal's contention in ¶ 10 of its Counterclaims that "Federal did not need consent from FICO to continue using the Blaze Advisor software."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal claim.  Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 45:**  All documents relating to Federal's contention in ¶ 13 of its Counterclaims that "FICO's conduct in refusing to consent to

continued use of the software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational."

**RESPONSE:** Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal claim. Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 46:** All documents relating to Federal's contention in ¶ 15 of Federal's Counterclaims that FICO's "purported termination violated the terms of the Agreement and was inoperative .... FICO breached the Agreement by purporting to terminate the Agreement without the right to do so."

**RESPONSE:** Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal claim. Subject to, and without waiving this objection, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 47:** All documents relating to Federal's contention in ¶ 20 of its Counterclaims that "Federal performed its obligations under the Agreement."

**RESPONSE:** Federal objects to this Request because responding seeks discovery of Federal's counsels' work product and mental impressions as to which documents support a legal claim. Subject to, and without waiving this objection, Federal will make a

rolling production of responsive, non-privileged documents to be completed on or before

June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 48:**  All documents relating to Federal's contention in ¶ 26 of its Counterclaims that "FICO acted in bad faith and with the goal of exacting additional, unearned license fees from Federal when it announced that consent would not be given for Federal to continue using the software post-merger."

**RESPONSE:**  Federal objects to this Request because responding seeks discovery

of Federal's counsels' work product and mental impressions as to which documents

support a legal claim.  Subject to, and without waiving this objection, Federal will make a

rolling production of responsive, non-privileged documents to be completed on or before

June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 49:**  All documents relating to Federal's contention in ¶¶ 21 and 27 of its Counterclaims that Federal has been damaged by FICO's alleged breach of the Agreement.

**RESPONSE:**  Federal objects to this Request because responding seeks discovery

of Federal's counsels' work product and mental impressions as to which documents

support a legal claim.  Subject to, and without waiving this objection, Federal will make a

rolling production of responsive, non-privileged documents to be completed on or before

June 30, 2017 or another mutually-acceptable time agreed to by the parties.


**REQUEST FOR PRODUCTION NO. 50:**  Documents sufficient to show Federal's document retention policies.

**RESPONSE:**  Federal objects to this request because it is unlimited in time. Federal will limit its response to document retention policies in effect from January 15, 2016 to present.  Subject to, and without waiving these objections, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.


Dated:  May 11, 2017

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*


61194246_1.docx