# EXHIBIT 14



October 3, 2017

Heather Kliebenstein  *Via email to*
Merchant & Gould  *hkliebenstein@merchantgould.com*
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215

Re:   Fair Isaac Corp. v. Federal Insurance Co.
      Case No. 16-cv-1054-WMW-TNL

Dear Heather:

I write in response to your September 7, 2017 letter regarding additional requests relating to FICO's discovery requests.  For convenience, we use the same headings contained in your letter.

**Time Period Objection:**

Your characterization of our July meet-and-confer conversation on the issue is incorrect.  Federal did not agree to remove its objection regarding information outside the relevant six-year statute of limitations.  Rather, we noted that at this time Federal is not withholding any documents based on that date limitation.  We advised that if there are any such documents in the future, we will let you know and the parties can then address the issue.

**Request for Production No. 21:**

We have confirmed with our client that we have already produced the organizational chart documents that exist and are responsive to FICO's request.

**Request for Production Nos. 24-27:**

As I explained in my June 15 letter to Allen, we continue to believe that Request Nos. 24-27 seek information that is not relevant and that the scope of the requests are over broad.  Nonetheless, we agreed to collect, and intend to produce, documents relating to the use of the software in the UK and Canada.  We will also produce documents showing FICO's involvement and approval of these uses.  As indicated in its response, Federal does not have documents responsive to Request No. 26 relating to Australia.

Attorneys & Advisors / Fredrikson & Byron, P.A.
main  612.492.7000    200 South Sixth Street, Suite 4000
fax   612.492.7077    Minneapolis, Minnesota
fredlaw.com           55402-1425

MEMBER OF THE WORLD SERVICES GROUP    OFFICES
A Worldwide Network of Professional Service Providers    Minneapolis / Bismarck / Des Moines / Fargo / St. Paul / Saltillo, Mexico / Shanghai, China

Heather Kliebenstein
October 3, 2017
Page 2

**Request for Production Nos. 30-32:**

Federal has never agreed to produce a summary of revenues it earned through the sale of insurance products in any business that used the Blaze Advisor software. As I explained in my June 15 letter, Federal appropriately objected to these requests as irrelevant because Federal does not sell the Blaze Advisor software, and received no revenues attributable to its use of the software. Numerous factors account for the revenue Federal generates, including employees, business strategies, marketing, and external forces. Moreover, Federal uses many software products in its day to day operations, including Microsoft Outlook, Word, Excel and Adobe. Federal's revenues cannot be attributed to the software products that support Federal's business operations, let alone a single software product like Blaze Advisor.

As you note in your letter, in its response to Interrogatory No. 9, Federal agreed to produce a report of premiums processed using Blaze Advisor software before and after the merger. Consistent with that, during the July meet-and-confer call, I stated that we did not believe any legal theory pursuing profits was legally sound. I reiterated that Federal was trying to compile a summary of premiums that were processed through Blaze Advisor software pre- and post-merger, but that it would not agree to provide revenues. Allen stated he would "table" the requests for production of revenues until he had the chance to review any report(s) we are able to generate. As such, we did not believe any outstanding request existed. Federal has obtained a report relating to use of the Blaze Advisor software in the DecisionPoint system and will produce it in its next document production.

**Request for Production Nos. 34-40 and 43-49:**

As I noted in my June 15 letter, Federal stands by its objection that these requests are improper in that they require a lawyer's mental impressions and thought process to determine what documents "relate to" each of the identified contentions. While we maintain the objection, we are not withholding any non-privileged, responsive documents on that basis at this time.

**Interrogatory Nos. 2 and 3:**

Federal will supplement its answers to Interrogatory Nos. 2 and 3.

**Interrogatory No. 4:**

Once again, our recollection of the July meet-and-confer on this issue differs. Our notes of the call reflect that Allen stated he believed the issue for Interrogatory No. 4 was "resolved based on the comments today." Indeed, Federal identified the software applications called for by the Interrogatory in its supplemental answer. Accordingly, we understood that FICO had no outstanding request. Federal stands by its objection that, as written, the Interrogatory is unduly burdensome, over broad and seeks information that is not relevant to any claim or defense in this

Heather Kliebenstein
October 3, 2017
Page 3

action.  This is particularly true given that FICO has refused to identify which versions of Blaze Software FICO asserts it even provided to Federal.

**Interrogatory No. 6:**

As I noted in my June 15 letter, Federal supplemented its answer to indicate that no revenues are attributable to use of the Blaze Advisor software.  Obviously, Federal cannot be required to identify someone with knowledge on something it maintains does not exist.  As noted above, during the July meet-and-confer, Allen stated he would defer on the issue of revenues and profits.  As such, we did not believe any outstanding request existed.  We have identified Ramesh Pandey as a person with knowledge on the subject.  Nothing in the Interrogatory asks to "identify the specific nature of his knowledge."  Accordingly, Federal has fully responded to the Interrogatory.

**Interrogatory No. 8-13:**

Our notes from the July meet-and-confer do not reflect any discussion regarding these interrogatories.  As such, we did not believe any outstanding request existed.  Federal properly objected to the interrogatories as inappropriately broad and premature because Federal has not yet received all discovery from FICO that relates to the subject.  Nevertheless, in its supplemental answers, based on information known to date, Federal provided a detailed response for the factual basis and the individuals known to have factual knowledge relating to the Interrogatory topics.  For example, in response to Interrogatory No. 8, Federal identified the factual basis for FICO's consent and the individuals known to be involved with the installations.  Under Rule 33(d), Federal referred FICO to the documents regarding the implementation of the software in London and Canada, as more fully explained in the answer.  The burden of deriving or ascertaining the answer to these interrogatories will be substantially the same for either party and can be ascertained by reviewing the categories of documents already identified by Federal.

**Remaining Document Production:**

As I explained during our August 29 call, the collection of documents and emails based on FICO's overly broad requests resulted in a pool of more than 40,000 documents, the great majority of which are emails between the parties that have nothing to do with this lawsuit.  We are evaluating options with respect to these documents.

Heather Kliebenstein
October 3, 2017
Page 4

Sincerely,

*/s/ Lora M. Friedemann*

Lora M. Friedemann
**Direct Dial:**  612.492.7185
**Email:**  lfriedemann@fredlaw.com

62198722.1