UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) Case No. 16-cv-1054 (WMW/DTS) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Jury Trial Demanded** ) |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S OBJECTION TO ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 2

    A. Rule 26(b)(1) is broadly applied to permit fact discovery that is relevant to a party's claim or defense. ........................................................ 2

    B. FICO's discovery is relevant to its theory of disgorgement damages. ......... 3

        1. FICO is seeking disgorgement of Federal's profit and bears the burden of proving gross revenue under the Copyright Act. ............... 3

        2. FICO's discovery is relevant to each party's burden of proof under the Copyright Act. ................................................................... 4

    C. FICO is not required to meet its trial burden of proof during discovery. ..... 5

        1. At trial FICO must prove a nexus between Federal's revenue and infringement. .................................................................................. 5

        2. The proof necessary for recovery of disgorgement damages at trial is not a prerequisite for discovery of revenue and profit. ............ 6

    D. Magistrate Judge Schultz's Order was not clearly erroneous or contrary to law. ............................................................................................................ 7

        1. The standard of review is extremely deferential. ............................... 7

        2. Federal's objection confuses the Rule 26 relevance standard with FICO's ultimate burden of proof at trial. .................................. 8

        3. Magistrate Judge Schultz did not rely on evidence of internal use or efficiency. ..................................................................................... 10

III. CONCLUSION .................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amador v. U.S. Bank Nat'l Ass'n*,
  No. 16-00600, 2017 U.S. Dist. LEXIS 183459 (D. Minn. Nov. 6, 2017) ................. 3, 7

*Andreas v. Volkswagen of Am., Inc.*,
  336 F.3d 789 (8th Cir. 2003) ................................................................................ 4, 5

*Bell v. Taylor*,
  827 F.3d 699 (7th Cir. 2016) ................................................................................ 9, 10

*Burns v. Imagine Films Entm't*,
  164 F.R.D. 589 (W.D.N.Y. 1996) ............................................................................... 7

*Complex Sys., Inc. v. ABN Ambro Bank N.V.*,
  No. 08-cv-7497, 2013 WL 5970065 (S.D.N.Y. Nov. 8, 2013) .............................. 11, 12

*Coons v. BNSF Ry. Co.*,
  268 F. Supp. 3d 983 (D. Minn. 2017) ..................................................................... 7, 8

*Dash v. Mayweather*,
  No. 3:10-cv-1036, 2011 U.S. Dist. LEXIS 61477 (D.S.C. June 8, 2011) ..................... 7

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
  36 F.3d 1147 (1st Cir. 1994) ....................................................................................... 5

*Hodges v. Pfizer, Inc.*,
  No. 14-4855, 2016 U.S. Dist. LEXIS 40747 (D. Minn. Mar. 28, 2016) ....................... 2

*Int'l Bus. Machs. Corp. v. BGC Partners, Inc.*,
  No. 10-cv-128, 123 WL 1775437 (S.D.N.Y. Apr. 25, 2013) ................................ 11, 12

*Lucky Break Wishbone Corp. v. Sterling Jewelers Inc.*,
  No. CV-10-4394, 2011 WL 13233570 (D. Minn. Aug. 23, 2011) ............................... 9

*Murphy v. Piper*,
  No. 16-2623, 2017 U.S. Dist. LEXIS 205750 (D. Minn. Dec. 14, 2017) ................ 3, 7

*Oceans of Images Photography v. Foster & Smith*,
  No. 8:11-cv-01160, 2012 U.S. Dist. LEXIS 196570 (M.D. Fla. Mar. 27,
  2012) .......................................................................................................................... 6

*Phoenix Renovation Corp. v. Rodriguez*,
   258 Fed. Appx. 526 (7th Cir. 2007) .................................................................................. 5

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip.*,
   No. 11-cv-726, 2012 WL 3306575 (E.D.N.Y. Aug. 13, 2012) ................................... 11

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) .......................................................... 5

*Sappington v. Skyjack, Inc.*,
   512 F.3d 440 (8th Cir. 2008) ............................................................................... 3, 11

*Sentis Grp., Inc. v. Shell Oil Co.*,
   763 F.3d 919 (8th Cir. 2014) ............................................................................... 3, 11

*Wells Fargo & Co. v. United States*,
   750 F. Supp. 2d 1049 (D. Minn. 2010) ........................................................................ 7

*Zimnicki v. Gen. Foam Plastics Corp.*,
   No. 09-cv-2132, 2011 U.S. Dist. LEXIS 22071 (N.D. Ill. Mar. 3, 2011) ...................... 7

**Statutes**

17 U.S.C. § 504 ................................................................................................*passim*

28 U.S.C. § 636(b)(1)(A) ................................................................................................ 7

**Other Authorities**

Federal Rule of Civil Procedure 26 ................................................................... 2, 8, 10, 12

Federal Rule of Civil Procedure 72(a) ............................................................................. 7

D. Minn. Local Rule 72.2(a)(3) ....................................................................................... 7

I.      **INTRODUCTION**

Magistrate Judge Schultz correctly recognized that this discovery dispute is not the trial. Federal's objection confuses the right to discovery with the very different question of the sufficiency of proof at trial. Federal's contention that its infringement of FICO's copyrights does not contribute to its revenue is an argument for a later day.

FICO's Request Nos. 30-32, directed to revenue and profit from the products and services of each line of business that used the Blaze Advisor® software, are relevant to the issues in this case; namely, FICO's damages claim for disgorgement of profits under the Copyright Act. The discovery seeks disclosure of both revenue (FICO's burden of proof) and profit (Federal's burden of proof) under 17 U.S.C. § 504(b). As the Magistrate stated, FICO's discovery requests are narrowly tailored, seeking only that revenue and profit information relating to its claim of copyright infringement.

Federal attempts to thwart discovery based on its defense to FICO's disgorgement of profits claim: the proof at trial will not show its unauthorized use of Blaze Advisor® contributed to its revenue. Eighth Circuit law is clear. Relevance is judged against the discovering party's theory of the case. Federal's prophecy of the sufficiency of evidence at trial is irrelevant to FICO's right to have discovery clearly related to its disgorgement of profits claim.

FICO detailed before the Magistrate Judge facts showing that Blaze Advisor® contributes to revenue. The notion that Blaze Advisor® is "back office software" that only contributes to "efficiency" are Federal's fictions; they are irrelevant to this discovery dispute. The merits of FICO's claim and Federal's defenses will be tested at trial.

The decision of Magistrate Judge Schultz is neither clearly erroneous nor contrary to law. The Magistrate Judge has great discretion in the management of discovery. His Order should be affirmed.

**II.    ARGUMENT**

Magistrate Judge Schultz correctly found FICO is entitled to discovery of Federal's documents that show revenue to prove the amount of its disgorgement claim under 17 U.S.C. § 504(b). For the same reason, FICO is entitled to discover Federal's documents that show profit derived from that revenue to test Federal's proof at trial. And it is entitled to a complete response to Interrogatory No. 6, which seeks an identification of persons with knowledge of Federal's revenue and profit. This information is clearly relevant to FICO's claims and discoverable under Fed. R. Civ. P. 26(b)(1).

**A.    Rule 26(b)(1) is broadly applied to permit fact discovery that is relevant to a party's claim or defense.**

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information that meets these requirements is discoverable even if it would not be admissible in evidence. *Id.* Relevance "encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hodges v. Pfizer, Inc.*, No. 14-4855 ADM/TNL, 2016 U.S. Dist. LEXIS 40747, at *5 (D. Minn. Mar. 28, 2016) (internal quotation omitted).

2

Eighth Circuit law is clear. Parties are entitled to discover information relevant to their theory of the case; relevance is not determined by one party's unilateral assertion. *See Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925-26 (8th Cir. 2014) ("Plaintiffs' arguments presume that Plaintiffs possess the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case. ... [I]t matters not for the purpose of discovery which side's theory of the case might ultimately be proven correct. What matters is that each side is entitled to pursue intelligible theories of the case."); *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 449 (8th Cir. 2008). A party "cannot, by their sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into their own theory of the case." *Sentis*, 763 F.3d at 926.

Contrary to Federal's suggestion, the December 2015 amendments to the Federal Rules of Civil Procedure did not change the scope of relevance, which remains broad. "Courts widely recognize that relevance is to be broadly construed, even since the recent change in the rule." *Amador v. U.S. Bank Nat'l Ass'n*, No. 16-00600 (SRN/HB), 2017 U.S. Dist. LEXIS 183459, at *15-16 (D. Minn. Nov. 6, 2017) (collecting cases); *see also Murphy v. Piper*, No. 16-2623 (DWF/BRT), 2017 U.S. Dist. LEXIS 205750, at *8 n.5 (D. Minn. Dec. 14, 2017).

    **B.**    **<u>FICO's discovery is relevant to its theory of disgorgement damages.</u>**

        **1.**    **FICO is seeking disgorgement of Federal's profit and bears the burden of proving gross revenue under the Copyright Act.**

This action for breach of contract and copyright infringement arises from the unauthorized use of FICO's Blaze Advisor® software. (Dkt. 36, ¶¶ 12-13.) FICO

3

alleges Federal breached the parties' Software License and Maintenance Agreement and infringed its copyrights in the Blaze Advisor® software by continuing to use the software after the Agreement terminated and by disclosing the software to unlicensed third parties. (*Id.* ¶¶ 19-27.)  FICO seeks actual damages and disgorgement of all Federal profit attributable to its copyright infringement under 17 U.S.C. § 504, among other remedies.

Section 504 of the Copyright Act lays out a burden-shifting mechanism for ascertaining profit "attributable to the infringement."  First, the "copyright owner is required to present proof *only* of the infringer's gross revenue."  17 U.S.C. § 504(b) (emphasis added).  Then the burden shifts to the infringer to provide the "deductible expenses" and "the elements of profit attributable to factors other than the copyrighted work."  *Id.*; *see also Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 795 (8th Cir. 2003).

### 2. FICO's discovery is relevant to each party's burden of proof under the Copyright Act.

In order to prove the amount of its claim for a disgorgement of Federal's profit, FICO served Request for Production Nos. 30-32 seeking the revenue and profit from the products and services of each line of business that used the Blaze Advisor® software. These requests are narrowly tailored, seeking only the revenue and profit relevant to Federal's infringement.

Request No. 30 seeks revenue and profit information relating to the products and services of each line of business of Chubb & Son, a division of Federal, for which the Blaze Advisor® software has been used.  (Dkt. 62-4 at 13.)  Request No. 31, in turn,

4

seeks that information relating to the products and services of each line of business of every division or entity other than Chubb & Son, a division of Federal, to whom Federal disclosed and/or permitted to use the software.  (*Id*. at 13-14.)  Request No. 32 seeks Federal revenue and profit information relating to each line of business that used the Blaze Advisor® software.  (*Id*. at 14.)  Interrogatory No. 6 seeks identification of persons with knowledge of the same.  (Dkt 62-3 at 5.)  FICO's Requests Nos. 30-32 and Interrogatory No. 6 are relevant to its burden under the Copyright Act to prove revenue relating to the infringement, and its defense of Federal's burden to prove profit derived from that revenue.

### C. FICO is not required to meet its trial burden of proof during discovery.

#### 1. At trial FICO must prove a nexus between Federal's revenue and infringement.

The trial proof for the recovery of disgorgement damages includes facts in addition to the information sought by Request Nos. 30-32 and Interrogatory No. 6.  At trial, FICO will also prove "some connection or relationship" between the defendant's infringement and the profit sought.  *Andreas*, 336 F.3d at 799.  Establishing that nexus presents only a "minimal burden of proof."  *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1173 (1st Cir. 1994) (abrogated on other grounds, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)); *Phoenix Renovation Corp. v. Rodriguez*, 258 Fed. Appx. 526, 534 (7th Cir. 2007) (the nexus requirement is not "an onerous evidentiary burden").  Circumstantial evidence of a nexus satisfies the plaintiff's burden.  *See Andreas*, 336 F.3d at 797.  Although it is not required to show a causal nexus at the

5

discovery stage, FICO detailed before the Magistrate Judge facts showing that Blaze Advisor® contributes to revenue. (*See* Dkt. 60 at 13-14.) FICO's trial proof of this connection or relationship is not the subject of these discovery requests.[1]

### 2.  The proof necessary for recovery of disgorgement damages at trial is not a prerequisite for discovery of revenue and profit.

While proof of this nexus is an issue for trial, that proof is not a precondition to the right of other relevant evidence. Numerous courts have compelled production of revenue and profit information in indirect profits cases without pre-trial proof of a causal nexus.

The decision in *Oceans of Images Photography v. Foster & Smith* is instructive. No. 8:11-cv-01160-T-23AEP, 2012 U.S. Dist. LEXIS 196570 (M.D. Fla. Mar. 27, 2012). The court compelled production of the defendant's gross revenue relating to the plaintiff's claim for indirect profits under 17 U.S.C. § 504(b). *Id.* at *5-6. It rejected the defendant's arguments that its gross revenue was irrelevant because the plaintiff had not yet proven a causal nexus between the infringement and that revenue. *Id.* ("If the Court were to deny the Plaintiff's request, the Plaintiff would not have the basic financial discovery that the plaintiffs in many of the cases cited by the Defendant were able to present at summary judgment.") The defendant was ordered to produce a summary of its gross revenue. *Id.* at *6-7.

Other courts have applied a similar analysis and ordered production of revenue in indirect profits cases without requiring proof of a causal nexus during discovery. *See,*

---

[1] FICO has served other discovery requests relating to this subject. Federal has also refused to produce documents in response to these requests, the subject of a future motion to compel.

*e.g.*, *Dash v. Mayweather*, No. 3:10-cv-1036-JFA, 2011 U.S. Dist. LEXIS 61477, at *4-5 (D.S.C. June 8, 2011); *Zimnicki v. Gen. Foam Plastics Corp.*, No. 09-cv-2132, 2011 U.S. Dist. LEXIS 22071, at *6 (N.D. Ill. Mar. 3, 2011); *Burns v. Imagine Films Entm't*, 164 F.R.D. 589, 592 (W.D.N.Y. 1996).  Federal's argument that these cases are irrelevant, because they were decided before the December 2015 amendments to the Federal Rules of Civil Procedure fails.  (Dkt. 102 at 8.)  Those amendments did not change the substantive standard for relevance, which remains broad.  *See Amador*, 2017 U.S. Dist. LEXIS 183459, at *15-16; *see also Murphy*, 2017 U.S. Dist. LEXIS 205750, at *8 n.5.

### D.   Magistrate Judge Schultz's Order was not clearly erroneous or contrary to law.

Federal asserts Magistrate Judge Schultz erred in two ways: first, by requiring only a "connect[ion] in some fashion" rather than a causal connection, and second, "in finding that FICO made the required showing based merely on Federal's internal use of behind-the-scenes software."  (Dkt. 102 at 1.)  Both arguments are meritless.

#### 1.   The standard of review is extremely deferential.

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (Wright, J.).  The Court must affirm the order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  A ruling is clearly erroneous when, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Coons*, 268 F. Supp. 3d at 991 (quoting *Wells Fargo & Co. v. United States*,

7

750 F. Supp. 2d 1049, 1050 (D. Minn. 2010)).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Id.*

### 2. Federal's objection confuses the Rule 26 relevance standard with FICO's ultimate burden of proof at trial.

Federal's objection conflates the evidentiary burden of proof at trial to show the infringement contributes to revenue – that there is a nexus or connection – with the discovery standard.  Federal asserts the Magistrate Judge erred by not requiring a "causal connection" between the infringement and the revenues; but such proof of a causal nexus is only required at trial.  To deny discovery of the revenue and profit from the lines of business using FICO's Blaze Advisor® software would act as a *de facto* dispositive motion on FICO's claim for disgorgement of profits under the Copyright Act.

As Magistrate Judge Schultz found, FICO's discovery requests related to Federal's revenue and profit fit well within the liberal discovery framework of the Federal Rules. (*See* Dkt. 105 ("Order"), 55:22-56:5.)  He understood the "heart of the dispute" was discovery of Federal's revenue and profit information under FICO's request for a disgorgement of Federal's profits, a remedy that "is clearly allowed by Statute 17 U.S.C. 504." (*Id.*, 60:10-18.)  He further recognized that Request Nos. 30-32 are narrowly tailored to seek only that revenue and profit resulting from the infringing activity. (*Id.*, 62:21-63:1 ("It asked for profits and revenues associated with service[s] and products sold by divisions that used the Blaze software. And at this stage of the litigation, they can't further tailor that.").)

Magistrate Judge Schultz recognized this discovery dispute is not the trial. Discovery must precede the trial. (*Id.*, 60:25-61:3 ("And I would imagine that there will be motion practice, both summary judgment and/or motions in limine, that will address whether and when this evidence can come in. But that is to say that's after discovery.").) Testing the ultimate sufficiency of the evidence is "a decision for another day." (*Id.*, 61:17.)

Federal's reliance on the *Lucky Break* case is misplaced. (*See* Dkt. 102 at 6 (citing *Lucky Break Wishbone Corp. v. Sterling Jewelers Inc.*, No. CV-10-4394 (PAM/JJG), 2011 WL 13233570 (D. Minn. Aug. 23, 2011)).) As Magistrate Judge Schultz noted, *Lucky Break* is distinguishable and "actually does prove [FICO's] point." (Order, 62:14-15.) At issue in *Lucky Break* was the plaintiff's motion to discover revenue and profit associated with **all** the products sold by the defendant, not just revenue from those products appearing in the infringing commercials. 2011 WL 13233570, at *4. While that discovery was overbroad, the court noted the defendant "ha[d] already produced sales associated with the 16 products shown in the accused commercials." *Id.* at *6. *Lucky Break* did not require a showing of causal nexus, as Federal asserts, for discovery of revenue related to the infringement. That is what Magistrate Judge Schultz ordered here.

Federal's reliance on *Bell* is also misplaced. (*See* Dkt. 102 at 6-7 (citing *Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016)).) In *Bell*, the plaintiff alleged infringement of a photograph used on a realtor's website. Instead of seeking to discover only the revenue attributable to the defendant's use of the photograph, the plaintiff sought to discover eleven years of the defendant's tax returns. *Bell*, 827 F.3d at 710. The tax returns were

9

not discoverable because they had no plausible connection to proving the revenue derived from the infringement.  *Id.* at 710-11.  FICO's Request Nos. 30-32 only seek the revenue derived from the lines of business that have used Blaze Advisor®, which Magistrate Judge Schultz recognized were "tailored" to Federal's infringement.  (Order, 62:21-24.)

Magistrate Judge Schultz correctly distinguished Federal's cases on their facts and ordered Federal to produce the documents responsive to FICO's Request Nos. 30-32.  (*Id.*, 63:4-5.)  For the same reasons, he ordered Federal to answer Interrogatory No 6.  His Order is not clearly erroneous or contrary to law.

### 3. Magistrate Judge Schultz did not rely on evidence of internal use or efficiency.

Federal further asserts Magistrate Judge Schultz erred in finding a connection "based on the mere internal use of software."  (Dkt. No. 102 at 9.)  This assertion fails on two counts.  First, it follows from the false premise that trial proof of the connection between infringement and revenue has any bearing on discovery under Rule 26.  Second, it depends on unilaterally accepting Federal's defense as the only theory of the case.

Magistrate Judge Schultz ordered this discovery because it is required under Rule 26.  He also understood that Federal's "efficiency" argument is not the only theory of the case: "Where [the parties] disagree is that the indirect profits in this case, as the defendants would say, result from the use of back-office software."  (Order, 60:20-24.)

Federal's "efficiency" argument stands the rules of discovery on its head.  Federal would have the scope of FICO's claims determined by Federal's defense that its infringement of FICO's copyrights does not contribute to its revenue.  The notion that

Blaze Advisor is "back office software" that only contributes to "efficiency" are Federal's fictions. As acknowledged by Magistrate Judge Schultz, it is ***not*** FICO's theory of the case that Blaze Advisor® serves as merely back-office software. (*Id.*, 60:20-24.) FICO contends (and will prove at trial) that Blaze Advisor® contributes to revenue. FICO is entitled to discovery directed to its claims and theory of the case. Federal's unilateral attempt to limit discovery to its own theory of the case must fail. *See Sentis*, 763 F.3d at 925-26; *Sappington*, 512 F.3d at 449.

All of Federal's cases regarding "efficiency" are distinguishable, as Magistrate Judge Schultz recognized. (Order, 61:3-18.) First, each of these cases was decided on a motion for summary judgement or a motion in limine. *See Complex Sys., Inc. v. ABN Ambro Bank N.V.*, No. 08-cv-7497, 2013 WL 5970065, at *3 (S.D.N.Y. Nov. 8, 2013) (motion in limine); *Int'l Bus. Machs. Corp. v. BGC Partners, Inc.*, No. 10-cv-128, 123 WL 1775437, at *3 (S.D.N.Y. Apr. 25, 2013) (motion in limine); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip.*, No. 11-cv-726, 2012 WL 3306575, at *3 (E.D.N.Y. Aug. 13, 2012) (motion for summary judgment). They tested the sufficiency of the evidence previously produced in discovery. Magistrate Judge Schultz recognized this key distinction: "*IBM*, *Complex Systems*, and *Point 4 Data* did talk about you have to have a causal connection … but all of those discussions took place in the context of summary judgment or motion[s] in limine, which is to say it took place after the evidence had been produced in discovery." (Order, 61:6-11.)

Second, in these cases the evidence of revenue and profit was produced in discovery, just as it should be here. For example, the plaintiff in *Complex Systems* had

11

access to records of the defendant's quarterly revenue data from 2008 to 2011.  *See Complex Sys.*, 2013 WL 5970065, at *3.  The plaintiff in *IBM* had records of the defendant's entire pre-tax income for the period of the infringement.  *See Int'l Bus. Machs.*, 123 WL 1775437, at *3.

Federal's arguments regarding efficiency and internal use confuse FICO's trial burden with the Rule 26 standard of relevance.  Federal's prophecy of the sufficiency of evidence at trial is irrelevant to FICO's right to have discovery clearly related to its disgorgement of profits claim.  The merits of FICO's claim and Federal's defenses will be tested at trial.  Magistrate Judge Schultz correctly found that FICO is entitled to discovery of Federal's documents that show revenue and profit based on their relevance to FICO's claim for disgorgement damages.  The Order should be affirmed.

### III.   CONCLUSION

Magistrate Judge Schultz correctly recognized that this discovery dispute is not the trial.  Federal's contention that its infringement of FICO's copyright rights does not contribute to its revenue is an argument for a later day.  FICO's Request Nos. 30-32, directed to revenue and profit from the products and services of each line of business that used the Blaze Advisor® software, are relevant to the issues in this case; namely, FICO's claim for disgorgement of profits under the Copyright Act.  They seek only that revenue and profit information relating to Federal's copyright infringement.  The notion that Blaze Advisor® is "back office software" that only contributes to "efficiency" are Federal's fictions; they are irrelevant to this discovery dispute.  The decision of

Magistrate Judge Schultz is neither clearly erroneous nor contrary to law. His Order should be affirmed.

Dated: March 14, 2018                        MERCHANT & GOULD P.C.

/s/ Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com

*Attorneys for Plaintiff FICO*