UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| v. | |
| Federal Insurance Company, | |
| Defendant. | |

Defendant Federal Insurance Company (Federal) appeals the February 16, 2018 Order of United States Magistrate Judge David T. Schultz granting in part Plaintiff Fair Isaac Corporation's (Fair Isaac) motion to compel discovery. (Dkts. 96, 102.) For the reasons addressed below, the Court affirms the February 16 Order.

Fair Isaac, which owns the copyright in the Blaze Advisor® software program, licensed the use of the software to an unincorporated division of Federal. Fair Isaac terminated the parties' license agreement in 2016, but Federal allegedly continued to use the software. Fair Isaac subsequently initiated this lawsuit for breach of contract and copyright infringement, seeking actual damages and disgorgement of Federal's profits attributable to the alleged infringement. As relevant here, Fair Isaac moved to compel the production of documents concerning the revenues and profits of Federal's divisions that used the software and a response to an interrogatory seeking the identities of people with knowledge of Federal's revenues and profits. On February 16, 2018, the magistrate judge ordered Federal to produce the requested documents, narrowed the scope of the

interrogatory, and ordered Federal to respond to the interrogatory by identifying people with knowledge of the revenues and profits of Federal's divisions or entities that used the software.[1] Federal appeals the February 16 Order, arguing that the magistrate judge erred by applying an incorrect legal standard to Fair Isaac's motion because the magistrate judge did not require Fair Isaac to establish a causal connection between the alleged infringement and the requested information.  Fair Isaac timely responded, asserting that the causal connection standard does not apply at the discovery stage.

The standard of review applied to a magistrate judge's ruling on a nondispositive issue is "extremely deferential."  *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008).  Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted).  When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law.  *Id.* (internal quotation marks omitted).

The magistrate judge determined that the information sought is within the bounds of proper discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Such information need not be admissible.  *Id.*  Rule 26 "is to be construed broadly and thus encompasses 'any matter that bears on, or that reasonably

---

[1]   The February 16 Order also addresses discovery requests unrelated to this appeal.

could lead to other matters that could bear on, any issue that is or may be in the case.' " *In re Milk Prods. Antitrust Litig.*, 84 F. Supp. 2d 1016, 1027 (D. Minn. 1997) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Amador v. U.S. Bank Nat'l Assoc.*, No. 16-00600, 2017 WL 5151680, at *5 (D. Minn. Nov. 6, 2017) ("Courts widely recognize that relevance is to be broadly construed, even since the recent change in [Federal Rule of Civil Procedure 26].").

Federal argues that Fair Isaac's motion to compel should be denied because Fair Isaac cannot establish a causal connection between the information sought and the alleged infringement. To admit evidence of profits at trial, a copyright-infringement plaintiff may be required to establish a causal connection between the alleged copyright infringement and the profits. *See Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796-99 (8th Cir. 2003). But the matter currently before the Court is a motion to compel *discovery*, and Rule 26 expressly permits the discovery of information that may not be admissible at trial. Fed. R. Civ. P. 26(b)(1). District courts have compelled discovery of profit information even when such information may not reveal a causal connection. *See, e.g.*, *Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, No. 4:12-CV-0077, 2013 WL 12090122, at *8 (N.D. Ga. Dec. 23, 2013) (granting motion to compel discovery of profit information because "Plaintiff must be given an opportunity to at least make its case, and access to Defendant's . . . revenue is necessary for Plaintiff to have that opportunity"); *Oceans of Images Photography, Inc. v. Foster & Smith, Inc.*, No. 8:11-CV-01160, 2012 WL 12904220, at *2 (M.D. Fla. Mar. 27, 2012) (granting motion to compel discovery of profit information and declining to consider evidence's weight).

Moreover, the legal authority Federal cites in support of its appeal is distinguishable. The cited cases address requests for profit information that are unrelated or vastly disproportionate to the defendants' alleged infringement. *See, e.g.*, *Lucky Break Wishbone Corp. v. Sterling Jewelers Inc.*, No. 10-4394, 2011 WL 13233570, at *6 (D. Minn. Aug. 23, 2011) (denying motion to compel production of all sales data of nationwide chain because defendant already produced data concerning products sold in connection with alleged infringement); *see also Classical Silk v. Dolan Grp.*, No. CV 14-9224, 2015 WL 12914322, at *2 (C.D. Cal. Nov. 4, 2015) (denying motion to compel production of all profits of multi-billion dollar company as disproportionate when alleged infringement involved only $30,000 of products). Here, however, the information the magistrate judge ordered Federal to produce is both related and proportionate to the alleged acts of infringement.

In summary, Federal provides no cognizable justification for this Court to modify or set aside the February 16 Order. The magistrate judge's ruling granting in part Fair Isaac's motion to compel discovery is neither clearly erroneous nor contrary to law. Accordingly, the Court affirms the February 16 Order.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the February 16, 2018 Order, (Dkt. 96), is **AFFIRMED**.


Dated:  April 24, 2018                          s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge