## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | **FILED UNDER SEAL** |
| Defendant. | ) ) | |

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND</u>

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................. 1

II.    FACTUAL BACKGROUND AND PROPOSED ALLEGATIONS ..................... 3

    A.    The allegations of the Amended Complaint ................................... 3

    B.    The proposed Second Amended Complaint adds ACE American as a party and asserts copyright infringement and vicarious liability claims against ACE American and Federal, respectively ......................................... 5

        1.    The proposed Second Amended Complaint asserts Count IV against ACE American and Federal for copyright infringement. ...... 6

        2.    The proposed Second Amended Complaint clarifies the scope of FICO's requested remedies and previous claims. ............................. 8

III.    ARGUMENT ........................................................................................ 9

    A.    Leave to amend after the scheduling order deadline may be granted for good cause. ............................................................................. 10

    B.    Good cause exists to amend the Complaint. ............................................. 11

        1.    FICO has been diligent in pursuing its claims ................................. 11

            a.    FICO promptly filed its motion to amend after the Taylor deposition. ............................................................. 11

            b.    FICO relied on Federal's representations regarding the use of Blaze Advisor® software; it could not have discovered ACE American's use any sooner. ....................... 12

        2.    Federal will not be unduly prejudiced if the motion to amend is granted. ......................................................................... 15

            a.    Entering the proposed Second Amended Complaint will have a minimal effect on the case deadlines and promote judicial efficiency ................................................. 16

            b.    The proposed Second Amended Complaint serves judicial efficiency. ................................................. 17

            c.    FICO will be prejudiced if leave to file and serve the proposed Second Amended Complaint is not granted. ......... 18

i

C.    Entering the proposed Second Amended Complaint is not futile. .............. 19

     1.    The copyright infringement claim against ACE American is not futile. ................................................................................ 20

     2.    The vicarious liability claim against Federal is not futile. ............... 20

IV.    CONCLUSION ...................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................... 19

*Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*,
762 F. Supp. 2d 1152 (D. Minn. 2011) ........................................................... 10, 15, 16

*Cattanach v. Burlington N. Santa Fe, LLC*,
No. 13-1664, 2014 U.S. Dist. LEXIS 186374 (D. Minn. Sep. 16, 2014) .................... 10

*Cosmetic Warriors Ltd. v. Abrahamson*,
723 F. Supp. 2d 1102 (D. Minn. 2010) ...................................................................... 17

*Hofmann v. Enter. Leasing Co. of Minn., LLC*,
No. 13-cv-255, 2014 U.S. Dist. LEXIS 197393 (D. Minn. Oct. 15,
2014) ................................................................................................................ *passim*

*Kgm Contractors, Inc. v. Heavy Haulers, Inc.*,
No. 16-CV-3638, 2017 U.S. Dist. LEXIS 86079 (D. Minn. June 5,
2017) .......................................................................................................................... 17

*Microsoft Corp. v. Ion Techs. Corp.*,
484 F. Supp. 2d 955 (D. Minn. 2007) ........................................................................ 20

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
No. 17-cv-5096, 2018 U.S. Dist. LEXIS 75529 (D. Minn. Apr. 30,
2018) .......................................................................................................................... 19

*Pinkham v. Sara Lee Corp.*,
983 F.2d 824 (8th Cir. 1992) ............................................................................... 20, 21

*Portz v. St. Cloud State Univ. & Minn. State Colls. & Univs.*,
No. 16-1115, 2017 U.S. Dist. LEXIS 123495 (D. Minn. Aug. 4, 2017) ... 10, 11, 15, 17

*Scholz Design, Inc. v. Sard Custom Homes, LLC*,
691 F.3d 182 (2d Cir. 2012) ....................................................................................... 20

*Selective Ins. Co. v. Sela*,
No. 16-cv-4077, 2018 U.S. Dist. LEXIS 70017 (D. Minn. Apr. 26,
2018) .......................................................................................................................... 19

*Sherman v. Winco Fireworks, Inc.*,
    532 F.3d 709 (8th Cir. 2008) ............................................................................ 11

*Woodmen of the World Life Ins. Soc'y v. United States Bank Nat'l Ass'n*,
    No. 8:09-cv-407, 2012 U.S. Dist. LEXIS 193909 (D. Neb. Sep. 4, 2012)................. 19

*Zutz v. Nelson*,
    601 F.3d 842 (8th Cir. 2010) ...................................................................... 19

**Statutes**

17 U.S.C. § 504(b)................................................................................... 3, 18

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6)................................................. 9, 19, 20

Federal Rule of Civil Procedure 15(a)(2) ...................................................... 10

Federal Rule of Civil Procedure 16(b)(4)....................................................... 10

3 James W. Moore et al., Moore's Federal Practice § 16.14 (3d ed. 2018) ...................... 11

D. Minn. Local Rule 16.3 .......................................................................... 10, 16

## I.    INTRODUCTION

FICO requests leave to file its proposed Second Amended Complaint to add ACE

American as a party.  The good cause standard for granting leave is satisfied.

FICO was diligent.  FICO promptly filed this motion upon discovery of the new evidence of ACE American's infringement of FICO's copyrights.  Indeed, it filed the motion within 12 days of receipt of the Taylor deposition transcript.

FICO could not have discovered the fact of ACE American's infringement earlier.  Neither Federal's assertions in its Answer and Counterclaims, nor its responses to written discovery were candid.  Federal asserted in its Answer and Counterclaims, and in its unverified and verified interrogatory answers that *it* was using FICO's Blaze Advisor® software.  Federal also identified third party entities to whom it distributed, disclosed, and permitted to use FICO's Blaze Advisor® software.  ACE American was not disclosed.  All of these assertions and discovery responses by Federal post-date January 1, 2017.

Federal's defense of the claims of the Second Amended Complaint will not be prejudiced.  The case is in the fact discovery stage.  The only deposition taken to date is FICO's Rule 30(b)(6) deposition from which the new evidence of ACE American's copyright infringement was discovered.  The fact discovery from all remaining witnesses will be in the light of the claims of the Second Amended Complaint.  Additionally, the document discovery to date bears on the new claims against ACE American, and any additional discovery is closely related to the discovery completed to date.  Federal and ACE American are sister companies.  Mr. Taylor is a Senior Vice President of both.  The Second Amended Complaint asserts FICO's common claims against Federal and ACE American in a single action, advancing judicial efficiency.

On the other hand, FICO will be significantly prejudiced if it is not permitted to file its Second Amended Complaint to add ACE American as a party and hold Federal

2

vicariously liable for ACE American's infringement.  The Amended Complaint seeks injunctive relief against Federal's continuing use and infringement of the Blaze Advisor® software.  ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████  FICO will suffer additional prejudice if ACE American is not made a party because disgorgement damages are recoverable from the copyright infringer under 17 U.S.C. § 504(b).  ████████████████████████████████

████████████████████████████████████████████████████

████████████████████  Federal is vicariously liable for the copyright infringement of ACE American after that period.  FICO is entitled to a full damages recovery from Federal for all the benefit derived by it and its subsidiaries from ACE American's infringement of FICO's Blaze Advisor® software.

FICO respectfully requests leave to serve and file its proposed Second Amended Complaint.

## II.   FACTUAL BACKGROUND AND PROPOSED ALLEGATIONS

### A.   <u>The allegations of the Amended Complaint.</u>

This is an action for breach of contract and copyright infringement related to the unauthorized use of business software owned by FICO, and previously licensed to Chubb & Son, a division of Federal.  As described in the Amended Complaint, FICO is a world leader in the design and development of predictive analytics and decision management software.  (Dkt. 36 ¶ 8.)  One of FICO's decision management software tools is the FICO® Blaze Advisor® business rules management system, which is used to design,

develop, execute, and maintain rules-based business applications.  (*Id.* ¶ 9.)  Blaze

Advisor® software is copyrighted, and FICO maintains federal copyright registrations

related to it.  (*Id.* ¶ 10.)

Chubb & Son is an unincorporated division of Federal and serves as the manager

of several United States insurance company subsidiaries of Federal.  (*Id.* ¶ 11.)  FICO and

Chubb & Son entered into a Software License and Maintenance Agreement (the

"Agreement") in 2006.  (*Id.* ¶ 12.)  The Agreement and its subsequent amendments

granted Chubb & Son a perpetual, non-exclusive, non-transferable, limited license to use

FICO's Blaze Advisor® products and related maintenance services for internal business

purposes only under defined terms and conditions.  (*Id.* ¶ 13.)

As described more specifically in the Amended Complaint, the present lawsuit

seeks damages and injunctive relief arising from Federal's breach of three paragraphs of

the Agreement.  Federal breached Paragraph 10.8 because Chubb & Son, a division of

Federal, continued to use FICO's Blaze Advisor® software without FICO's consent

following an event of assignment; under the terms of the Agreement, any assignment

requires FICO's express written consent.  (*Id.* ¶¶ 14-16.)  Federal breached Paragraph 3.1

by disclosing Blaze Advisor® software to unlicensed third parties, thereby permitting

these third parties to access and use FICO's Blaze Advisor® software.  (*Id.* ¶¶ 22-24.)

And, Federal breached Paragraph 9.3 because it did not cease its use of the Blaze

Advisor® software after termination of the Agreement.  (*Id.* ¶¶ 19, 26-27.)  Federal's

continuing use and reproduction of FICO's Blaze Advisor software® after the license

terminated, and its earlier unauthorized distributions and disclosures to third parties, are

also copyright infringement.

> **B.**   **The proposed Second Amended Complaint adds ACE American as a party and asserts copyright infringement and vicarious liability claims against ACE American and Federal, respectively.**

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████. (*Id.* at 13:2-

14:18; *see also* Ex. 4; Ex. 5.)  Chubb Limited is the holding company of a global

insurance organization.

████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[1] All Exhibits are attached to the Declaration of Michael A. Erbele filed concurrently herewith.



(Ex. 6 at 6-7.)  ACE American's unlicensed use of Blaze Advisor® software is copyright infringement.  This evidence was first revealed in the Taylor deposition.

The newly-discovered facts compel the proposed Second Amended Complaint, the core of which adds ACE American as a party, because it infringes FICO's copyrights,

, and holds Federal vicariously liable for the copyright infringement of ACE American as well as its own.

The Second Amended Complaint also attends to a housekeeping item regarding pleading the remedy of disgorged damages, a matter long-ago clarified between counsel in the context of the Amended Complaint, and adds factual specificity to some of the previous claims.  This includes incorporating specific facts disclosed in Federal's verified second supplemental interrogatory answers served August 13, 2018.

> **1.  The proposed Second Amended Complaint asserts Count IV against ACE American and Federal for copyright infringement.**

The proposed Second Amended Complaint adds ACE American as a party to the lawsuit for its infringement of FICO copyrights, and claims that Federal is vicariously liable for that infringement, as described more fully in Count IV.

Federal and ACE American are sister companies of the Chubb Group of Insurance

Companies; both are indirect wholly owned subsidiaries of Chubb Limited.  (Ex. 1

(Proposed Second Amended Complaint) ¶¶ 35-36.) ███████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████

         ███████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

         ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████



ACE American is an unlicensed user of the FICO Products that were the subject of the now terminated Agreement between Chubb & Son, a division of Federal, and FICO.  (Ex. 1 ¶ 42.)

ACE American is liable for infringing FICO's copyrights in FICO's Blaze Advisor® software, and Federal is vicariously liable because ACE American is infringing on Federal's behalf.

> **2.     The proposed Second Amended Complaint clarifies the scope of FICO's requested remedies and previous claims.**

The proposed Second Amended Complaint also eliminates any future argument about the scope of FICO's requested remedies.  FICO noted to Federal's counsel at the time of the Amended Complaint that the pleading of the disgorgement remedy could be

ambiguous.  Federal's counsel confirmed it understood the pleading as FICO intended: disgorgement of profits is part of FICO's damages claim.  (*See* Ex. 8.)  The proposed Second Amended Complaint at Paragraphs 52 and 59 memorializes that understanding.

The Second Amended Complaint also clarifies FICO's request for a disgorgement of the profits of Federal and that of its wholly owned subsidiaries.  (Ex. 1 ¶¶ 52, 59.) This additional specificity adds clarity without any change to the scope of the lawsuit.

The proposed Second Amended Complaint also includes further detail about the third parties to whom Federal has disclosed FICO's Blaze Advisor® software, including specifically Chubb Insurance Company of Europe SE; Chubb Insurance Company of Canada and a consultant AppCentrica; and Chubb Insurance Company of Australia Limited and a consultant DWS Group.  (*Id.* ¶ 24.)  Federal disclosed these details in its verified supplemental interrogatory answers served on August 13, 2018.  (Ex. 6 at 2-3.)

## III.    ARGUMENT

The Court should grant FICO leave to serve and file its proposed Second Amended Complaint.  The good cause standard is satisfied.  FICO has been diligent, and Federal's defense of the new claims is not prejudiced, let alone unduly.  Indeed, granting leave to amend serves judicial efficiency.  FICO's common claims against Federal and ACE American should be tried together.  To not grant leave to amend is to significantly prejudice FICO's ability to obtain effective injunctive relief and a full disgorgement of profits resulting from infringement of its copyrights.  Finally, FICO's proposed amendments are not futile and easily meet the Rule 12(b)(6) plausibility standard.

**A.** **Leave to amend after the scheduling order deadline may be granted for good cause.**

Under Federal Rule of Civil Procedure 15(a)(2), a party may file an amended complaint before trial with leave of the Court. The Court "should freely give leave when justice so requires." *Id.* Where, as here, the time set forth for amendment in the scheduling order has passed, a party must show it has good cause to amend. *See* Fed. R. Civ. P. 16(b)(4); D. Minn. L.R. 16.3; *see also, e.g.*, *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 1154-56 (D. Minn. 2011) ("good cause exists and the motion to amend should be granted where, as here, discovery is still open and no dispositive motions have been filed"). Under Local Rule 16.3, a motion to amend a scheduling order must establish good cause and explain the proposed amendment's effect on any deadlines.

Motions to amend after the scheduling order deadline are freely granted when the good cause standard is met. *See, e.g.*, *Portz v. St. Cloud State Univ. & Minn. State Colls. & Univs.*, No. 16-1115 (JRT/LIB), 2017 U.S. Dist. LEXIS 123495, at *5-6 (D. Minn. Aug. 4, 2017) (finding good cause under Rule 16 and granting motion to amend); *Hofmann v. Enter. Leasing Co. of Minn., LLC*, No. 13-cv-255 (JNE/SER), 2014 U.S. Dist. LEXIS 197393, at *10-12 (D. Minn. Oct. 15, 2014) (same); *Cattanach v. Burlington N. Santa Fe, LLC*, No. 13-1664 (JRT/JSM), 2014 U.S. Dist. LEXIS 186374 (D. Minn. Sep. 16, 2014) (same); *Birchwood Labs., Inc.*, 762 F. Supp. 2d at 1154-56 (same).

**B.**     <u>Good cause exists to amend the Complaint.</u>

      **1.**     **FICO has been diligent in pursuing its claims**

Good cause exists. FICO has been diligent in pursuing its claims against Federal. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Portz*, 2017 U.S. Dist. LEXIS 123495, at *5 (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)); *see also* 3 James W. Moore et al., Moore's Federal Practice § 16.14 (3d ed. 2018) ("In short, 'good cause' is likely to be found when the moving party has been generally diligent."). Newly discovered evidence is good cause. *See, e.g.*, *Hofmann*, 2014 U.S. Dist. LEXIS 197393, at *10-12. Here, FICO has met the good cause standard because it moved promptly to amend after

███████████████████████████████████████████████████

███████████████

        a.     <u>FICO promptly filed its motion to amend after the Taylor deposition.</u>

█████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████

██  ███████████████████████████████████████████

███████████████████████████████████████████████████. ACE

American's unlicensed use of Blaze Advisor® software is copyright infringement.

The newly-discovered facts compel the proposed Second Amended Complaint, the

core of which adds ACE American as a party, because it infringes FICO's copyrights,

███████████████████████████████████████████████████,

███████████████████████████████, and holds Federal vicariously

liable for the copyright infringement of ACE American as well as its own.  FICO moved

to amend promptly after discovering this new evidence, which shows its diligence and

good cause for the amendment.  *See Hofmann*, 2014 U.S. Dist. LEXIS 197393, at *10-12

(finding good cause and granting motion to amend where motion was filed promptly after

the discovery of new evidence).

>         b.   <u>FICO relied on Federal's representations regarding the use of
>              Blaze Advisor® software; it could not have discovered ACE
>              American's use any sooner.</u>

Despite its attempts to discover the different entities that used Blaze Advisor®

software and to whom Federal disclosed the Blaze Advisor® software, ████████████

████████████████████████████████████ Federal's Answer and

Counterclaims as well as its unverified and verified interrogatory answers represent that

***Federal*** was using FICO's Blaze Advisor® software.  █████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████

Federal pled in its Answer and Counterclaims served on February 15, 2017, that it

"continues to use" the FICO Products:

> 30.    Chubb & Son continues to use the FICO Products.  It has neither
> removed all copies of the FICO Products from its computers and systems,
> nor destroyed or returned all copies of the FICO Products.
>
> RESPONSE: ***Federal admits that it continues to use the FICO Products***,
> and asserts that it has the right to do so under the license granted in the
> Agreement.  Federal denies that it has any obligation to cease using the
> FICO Products or to destroy or return copies of the Products.

(Dkt. 38 ¶ 30 (emphasis added).)  Federal had no employees on February 15, 2017.

FICO served its First Set of Interrogatories on April 11, 2017.  Interrogatory Nos.

2 and 3 sought an identification of every person, division, or entity to whom Federal has

disclosed FICO's Blaze Advisor® software and every person, division, or entity that has

used Blaze Advisor® software:

> INTERROGATORY NO. 2: Identify every person, division, or entity, other
> than employees of the division Chubb & Son, to whom Federal has
> disclosed the FICO Blaze Advisor® software after June 30, 2006 . . . .
>
> INTERROGATORY NO. 3: Identify every person, division, or entity, other
> than employees of the division Chubb & Son, of which Federal is aware,
> that has used the FICO Blaze Advisor® software after June 30, 2006 . . . .

(Ex. 9 at 3-4.)

Federal's responses did not disclose that ACE American was using FICO's Blaze

Advisor® software.  In its verified second supplemental answer to Interrogatory No. 2,

served on August 13, 2018,[2] Federal stated in relevant part:

---

[2] Federal served unverified second supplemental interrogatory answers on June 21, 2018,
but did not serve verified answers until August 13, 2018.

> [D]isclosure of the Blaze Advisor software was made to at least the following: (1) Chubb Insurance Company of Europe SE, (2) Chubb Insurance Company of Canada, including through its relationship with AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through its relationship with the DWS Group.  Disclosure of the Blaze Advisor software to the Chubb & Son division of Federal occurred on or around June 30, 2006 with FICO's knowledge and participation. Information regarding the Blaze Advisor software and accessibility to it were provided on internal Chubb organization shared space.  Disclosure of the Blaze Advisor software was made to Chubb Insurance Company of Canada in 2011 with FICO's knowledge and participation.  Disclosure was made to Chubb Insurance Company of Europe SE at least by 2010, with FICO's knowledge and participation. Disclosure was made to Chubb Insurance Company of Australia Limited at least by 2015.

(Ex. 6 at 2-3.)

Likewise, in its verified second supplemental answer to Interrogatory No. 3, served on August 13, 2018, Federal stated in relevant part:

> [U]se of the Blaze Advisor software was made by at least the following: (1) Chubb Insurance Company of Europe SE, (2) Chubb Insurance Company of Canada, including through its relationship with AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through its relationship with the DWS Group.  Federal began using the Blaze Advisor software in its Chubb & Son division on or around June 30, 2006 and did so with FICO's knowledge and participation. Information regarding the Blaze Advisor software and accessibility to it were provided on internal Chubb organization shared space.  Chubb Insurance Company of Canada has used Blaze Advisor software since at least 2011, and did so with FICO's knowledge and participation.  Chubb Insurance Company of Europe SE has used Blaze Advisor software since at least 2010, and did so with FICO's knowledge and participation.  Chubb Insurance Company of Australia Limited has used Blaze software since at least 2015.

(*Id.* at 4-5.)

Federal did not disclose ACE American as an entity to whom it disclosed FICO's Blaze Advisor® software or as an entity that used Blaze Advisor® software. ▮

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



.

The evidence was "newly discovered" in the pure sense of that term.

. Federal did not produce those documents until six

months after FICO served the document request seeking them.[3]  Responsive documents

were not produced until June 28, 2018, just before the deposition of John Taylor, which

was then scheduled for July 11, 2018.[4]

>            **2.    Federal will not be unduly prejudiced if the motion to amend is
>                   granted.**

While the moving party's diligence "is the primary factor for assessing good

cause," courts also consider whether the non-moving party will suffer undue prejudice

from allowing the amendment.  *Portz*, 2017 U.S. Dist. LEXIS 123495, at *8; *see also*

*Hofmann*, 2014 U.S. Dist. LEXIS 197393, at *11-12; *Birchwood Labs., Inc.*, 762 F.

---

[3] FICO served its Second Set of Requests for Production on December 29, 2017,
including Request No. 51.  It sought: "The management and service agreement(s)
effective from June 30, 2006 to date between Federal through its Chubb & Son division
and each company for whom Federal through its Chubb & Son division manages that
company's insurance business and provides financial advisory services."

[4] Mr. Taylor's deposition was re-set to August 2, 2018, by the parties' agreement in order
to facilitate a business discussion between the parties.  FICO served its notice of
deposition on April 11, 2018.

Supp. 2d at 1156. Here, there is no prejudice, let alone undue prejudice, to Federal, because the proposed Second Amended Complaint will have a minimal effect on the current case deadlines. Furthermore, the judicial efficiency from trying common claims together significantly outweighs any prejudice Federal might incur.

      a.    <u>Entering the proposed Second Amended Complaint will have a minimal effect on the case deadlines and promote judicial efficiency.</u>

Pursuant to Local Rule 16.3, a motion to amend the scheduling order must explain the effect of the proposed modification on current deadlines. Here, FICO anticipates conducting fact discovery from ACE American to discover the full extent of ACE American's use of FICO's Blaze Advisor® software. FICO's outstanding discovery requests direct themselves to disgorgement of Federal's profits and the profits of its subsidiaries from the use of Blaze Advisor® software; that discovery applies equally to the Amended Complaint and the proposed Second Amended Complaint. A focused and relatively small set of interrogatories and document requests will be required. Given the inter-connected relationship of Federal and ACE American, additional fact depositions, if any, will be limited. The discovery received from Federal, and the discovery to be received when it complies with the discovery requests now outstanding, overlap substantially with the new claims of the proposed Second Amended Complaint. A short extension of the current case schedule will not unduly prejudice Federal: "Any claim of prejudice based on the need for additional discovery is greatly diminished where the claim to be added overlaps with some of the claims already pled, as is the case here." *Birchwood Labs., Inc.*, 762 F. Supp. 2d at 1156; *see also Hofmann*, 2014 U.S. Dist.

LEXIS 197393, at *11-12 (finding no prejudice and granting motion to amend: "Additional discovery with respect to ABRA will be needed, but the burden on Enterprise will be relatively minimal compared to the discovery it has already provided to date.").

> b.   The proposed Second Amended Complaint serves judicial efficiency.

The increase in judicial efficiency by allowing FICO's claims against Federal and ACE American to be resolved in the same lawsuit far outweighs any prejudice to Federal. *See Portz*, 2017 U.S. Dist. LEXIS 123495, at *10 ("[T]he Court finds Defendants are not prejudiced by the brief delay in the motion and that allowing Plaintiffs to amend furthers the Court's interest in just and efficient progression of this case."); *Hofmann*, 2014 U.S. Dist. LEXIS 197393, at *11-12 ("The Court finds that any prejudice Enterprise will suffer does not outweigh the Hofmanns' interest in resolving all issues in this case in one consolidated proceeding.").

Clearly, causing FICO to file a separate lawsuit against ACE American in federal court to obtain redress for ACE American's copyright infringement is wasteful.  The claims and defenses in this separate lawsuit will overlap substantially with the present suit.  Trying these common claims together serves judicial efficiency: "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicative litigation and inconsistent results."  *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1110 (D. Minn. 2010) (alteration omitted); *see also Kgm Contractors, Inc. v. Heavy Haulers, Inc.*, No. 16-CV-3638 (JNE/LIB), 2017 U.S. Dist. LEXIS 86079, at *17

(D. Minn. June 5, 2017) (finding that joint resolution of potential common claims promotes judicial efficiency: "Even though Anderson Columbia is not yet joined, though, transfer will likely promote judicial economy by enabling joint resolution of any claims against Anderson Columbia and the other claims in this action."). Here, judicial efficiency strongly outweighs any small delay in the current fact discovery deadline.

c.   <u>FICO will be prejudiced if leave to file and serve the proposed Second Amended Complaint is not granted.</u>

On the other hand, FICO will be significantly prejudiced if it is not permitted to serve and file its Second Amended Complaint to add ACE American as a party and assert a vicarious liability claim against Federal. The injunctive relief sought against Federal's continuing use and infringement of FICO's Blaze Advisor® software by the Amended Complaint (Dkt. 36, Prayer for Relief) is rendered meaningless, because that continuing use and infringement is now by ACE American. Meaningful injunctive relief requires making ACE American a party to this suit.

FICO will suffer additional prejudice if ACE American is not made a party, because disgorgement damages are recoverable from the copyright infringer under 17 U.S.C. § 504(b). ███████████████████████████████████████

████████████████████████████████████████

████████ Federal is vicariously liable for the copyright infringement of ACE American after that period. FICO is entitled to a full damages recovery from Federal for all the benefit derived from the infringement of FICO's Blaze Advisor® software. The

18

full recovery of damages from Federal is separate from the recovery from ACE American of the profits it derives from infringement of FICO's copyrights.

### C.      Entering the proposed Second Amended Complaint is not futile.

The party opposing a motion to amend has the burden to prove the amendment futile. *See, e.g.*, *Woodmen of the World Life Ins. Soc'y v. United States Bank Nat'l Ass'n*, No. 8:09-cv-407, 2012 U.S. Dist. LEXIS 193909, at *8-9 (D. Neb. Sep. 4, 2012) ("The party opposing such amendment ha[s] the burden of establishing that leave to amend would be futile.") (alterations omitted).  Federal cannot meet this burden.

A proposed amended complaint is futile if it "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Selective Ins. Co. v. Sela*, No. 16-cv-4077 (PJS/SER), 2018 U.S. Dist. LEXIS 70017, at *14 (D. Minn. Apr. 26, 2018) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010)).  "A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated." *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, No. 17-cv-5096 (WMW/BRT), 2018 U.S. Dist. LEXIS 75529, at *2-3 (D. Minn. Apr. 30, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "When determining whether a complaint states a facially plausible claim, a district court accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor." *Id.*  Here, when accepted as true, the allegations in the proposed Second Amended Complaint state a plausible claim for relief.

### 1.     The copyright infringement claim against ACE American is not futile.

The direct copyright infringement claim against ACE American is plausible and meets the Rule 12(b)(6) standard.  "To state a claim for copyright infringement, a plaintiff must establish both ownership of a valid copyright and that the protectable elements of the copyrighted work have been copied."  (Dkt. 28 at 13 (citing *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012)).)  Here, the proposed Second Amended Complaint alleges that FICO owns federally-registered copyrights in Blaze Advisor® software, and that ACE American's unauthorized use has directly infringed those copyrights, which is sufficient to meet the plausibility standard of Rule 12(b)(6).  (Ex. 1 ¶¶ 12, 42, 63.)  Indeed, FICO's similar allegations against Federal withstood Federal's motion to dismiss.  (*See* Dkt. 28 at 14 (denying motion to dismiss FICO's copyright claims: "FICO has stated a claim for copyright infringement.  The Court, therefore, denies Chubb & Son's motion to dismiss this aspect of the complaint.").)

### 2.     The vicarious liability claim against Federal is not futile.

Likewise, the claim for vicarious liability against Federal is plausible and meets the Rule 12(b)(6) standard.  "Vicarious copyright liability exists where a defendant has (1) the right and ability to supervise the infringing activity, and (2) an obvious and direct financial interest in the copyrighted materials' exploitation."  *Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 961 (D. Minn. 2007) (citing *Pinkham v. Sara Lee*

*Corp.*, 983 F.2d 824, 834 (8th Cir. 1992)).  When taken as true, the allegations in the

proposed Second Amended Complaint satisfy both of these elements.

 When taken as true,

these allegations meet the plausibility standard.  *See Pinkham*, 983 F.2d at 834 (affirming

vicarious liability finding where the defendant was in the position to supervise the

infringement and the defendant's actions were "fundamentally motivated by a profit

making intent.").  The proposed vicarious liability claim against Federal is not futile, and the Court should grant leave to serve and file the proposed Second Amended Complaint.

## IV.    CONCLUSION

For all the foregoing reasons, the Court should grant FICO's motion to amend and grant leave to serve and file the proposed Second Amended Complaint.


Dated: August 27, 2018                    MERCHANT & GOULD P.C.

                                          /s/ Allen Hinderaker
                                          Allen Hinderaker, MN Bar # 45787
                                          Heather Kliebenstein, MN Bar # 337419
                                          Michael Erbele, MN Bar # 393635
                                          MERCHANT & GOULD P.C.
                                          3200 IDS Center
                                          80 South Eighth Street
                                          Minneapolis, MN 55402-2215
                                          Tel: (612) 332-5300
                                          Fax: (612) 332-9081
                                          ahinderaker@merchantgould.com
                                          hkliebenstein@merchantgould.com
                                          merbele@merchantgould.com

                                          *Attorneys for Plaintiff FICO*