# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S FIRST SET OF INTERROGATORIES TO DEFENDANT FEDERAL INSURANCE COMPANY

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby requests that Defendant Federal Insurance Company ("Federal") answer the following interrogatories, separately and fully, in writing under oath, within thirty days of the date of service of these interrogatories, or at such other time as the parties may agree.

### INSTRUCTIONS AND DEFINITIONS

The Instructions and Definitions from FICO's First Set of Requests for Production of Documents are incorporated by reference. The following Instructions additionally apply to these Interrogatories:

1.     When asked to "identify" or specify the "identity" of a document, for each non-identical document state:

(a)     the date of the document;

(b)     the number of pages in the document;

(c)     the identity of all persons who prepared or signed a copy of the document;

(d)     the identity of all persons designated as addressees of the document;

(e)     the identity of all persons designated as copy recipient of any copy of the

document;

(f)     the type of document (*e.g.* memorandum, pamphlet, etc.);

(g)     the specific physical or electronic location where the document is stored or

kept in the regular course of business; and

(h)     the general subject matter of the document.

2.     If any responses to these Interrogatories refer to documents and things not in your possession, custody, or control, describe the circumstances under which you came to know about the disposition of the documents and things.  If any responses to these Interrogatories refer to documents and things that are lost or destroyed, identify each lost or destroyed document and thing, as well as all files that contained them.

3.     Documents produced in answering pursuant to Federal Rule of Civil Procedure 33(d) should be expressly identified by the Interrogatory to which they pertain.  The documents should be identified in sufficient detail to permit FICO to locate and identify, as readily as Federal, the documents and portions therein from which the answer may be ascertained.

4.     When you are asked to identify a Person or Persons with knowledge, provide the Person's first name, last name, place of employment (if known), last known address, email address, telephone number, and describe in detail the Person's knowledge.

5.     Where the identification of an entity is required, such identification should be sufficient to identify the entity and should include without limitation the following information:

(a)     the full name or title;

(b)     principal place of business;

(c)     nature or type of entity;

2

(d)      the state of incorporation or registration; and

(e)      the principal business conducted by such Person.

6.      "Describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the Interrogatory refers, including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

7.      These Interrogatories shall be deemed to be continuing within the meaning of Rules 26(e)(1) and (2) of the Federal Rules of Civil Procedure.  If, after responding to these Interrogatories, you obtain or become aware of any further facts or knowledge that would be responsive to these Interrogatories, you are required to supplement your responses.

## INTERROGATORIES

**INTERROGATORY NO. 1:**      Identify every person, division, or entity Federal contends is licensed to use the Blaze Advisor® software under the enterprise license granted by the amended Agreement, including in your answer an identification of each of the "other Chubb entities" you contend were perpetually licensed as alleged in ¶ 2 of Federal's Counterclaims, and:

a.      Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 2 of Federal's Counterclaims; and

b.      Identify all documents relating to the allegations of ¶ 2 of Federal's Counterclaims.

**INTERROGATORY NO. 2:**      Identify every person, division, or entity, other than employees of the division Chubb & Son, to whom Federal has disclosed the FICO Blaze Advisor® software after June 30, 2006, and:

a.      State the date of each such disclosure;

      b.      Identify all Persons known to you to have knowledge of each such disclosure; and

      c.      Identify all documents relating to each such disclosure.

**INTERROGATORY NO. 3:**    Identify every person, division, or entity, other than employees of the division Chubb & Son, of which Federal is aware, that has used the FICO Blaze Advisor® software after June 30, 2006, and:

      a.      State the date of first use and, if applicable, the date of last use for each person, division, or entity;

      b.      Identify all Persons known to you to have knowledge of each such use; and

      c.      Identify all documents relating to each such use.

**INTERROGATORY NO. 4:**    Identify every software application and/or system utilized by Chubb & Son, a division of Federal, or by any division or entity other than Chubb & Son, that utilizes in any way the Blaze Advisor® software, and:

      a.      Identify all Persons known to you to have knowledge of each such software application and/or system; and

      b.      Identify all documents relating to each such software application and/or system.

**INTERROGATORY NO. 5:**    Identify all Persons known to you to have knowledge of the negotiation of the parties' Software License and Maintenance Agreement and the two Amendments thereto.

**INTERROGATORY NO. 6:**    Identify all Persons known to you to have knowledge of Federal's revenues and profits, including the revenues and profits, if any, attributable to the use of the Blaze Advisor® software by Chubb & Son, a division of Federal.

**INTERROGATORY NO. 7:**    For each line of business of Chubb & Son, a division of Federal, and for each line of business of any division or entity other than Chubb & Son that uses

or has used the Blaze Advisor® software, identify all persons known to you to have knowledge of the business reasons for using the Blaze Advisor® software.

**INTERROGATORY NO. 8:**    If Federal contends that FICO has consented to the international use or implementation of the Blaze Advisor® software through a Scope of Work Agreement or otherwise, state the complete factual basis for any such contention, and:

      a.   Identify all Persons known to you to have knowledge related to any such contention, and;

      b.   Identify all documents relating to any such contention.

**INTERROGATORY NO. 9:**    State the complete factual basis for Federal's contention in ¶ 7 of Federal's Counterclaims that "Federal did not expand its use of the [Blaze Advisor®] software following the merger," and:

      a.   Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 7 of Federal's Counterclaims; and

      b.   Identify all documents relating to the allegations of ¶ 7 of Federal's Counterclaims.

**INTERROGATORY NO. 10:**    State the complete factual basis for Federal's contention in ¶ 8 of Federal's Counterclaims that "Federal's use of the Blaze Advisor software post-merger is covered by the license Federal purchased from FICO in the Agreement," and:

      a.   Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 8 of Federal's Counterclaims; and

      b.   Identify all documents relating to the allegations of ¶ 8 of Federal's Counterclaims.

**INTERROGATORY NO. 11:**   State the complete factual basis for Federal's contention in ¶ 10 of Federal's Counterclaims that "Federal did not need consent from FICO to continue using the Blaze Advisor software," and:

> a.     Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 10 of Federal's Counterclaims; and
>
> b.     Identify all documents relating to the allegations of ¶ 10 of Federal's Counterclaims.

**INTERROGATORY NO. 12:**   State the complete factual basis for Federal's contention in ¶ 13 of Federal's Counterclaims that "FICO's conduct in refusing to consent to continued use of the [Blaze Advisor®] software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational," and:

> a.     Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 13 of Federal's Counterclaims; and
>
> b.     Identify all documents relating to the allegations of ¶ 13 of Federal's Counterclaims.

**INTERROGATORY NO. 13:**   State the complete factual basis for Federal's contention in ¶ 15 of Federal's Counterclaims that FICO's "purported termination violated the terms of the Agreement and was inoperative . . . . FICO breached the Agreement by purporting to terminate the Agreement without the right to do so," and:

> a.     Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 15 of Federal's Counterclaims; and
>
> b.     Identify all documents relating to the allegations of ¶ 15 of Federal's Counterclaims.

**INTERROGATORY NO. 14:**   State the complete factual basis for Federal's contention in

¶¶ 21 and 27 of Federal's Counterclaims that Federal has been damaged by FICO's alleged

breach of the Agreement, and:

      a.      Identify each type of damages claimed;

      b.      Identify the amount claimed;

      c.      Identify all Persons known to you to have factual knowledge relating to Federal's

           claim for damages; and

      d.      Identify all documents relating to Federal's claim for damages.

Dated: April 11, 2017

                                  MERCHANT & GOULD P.C.

                                    /s/Allen Hinderaker
                                    Allen Hinderaker, MN Bar # 45787
                                    Michael A. Erbele, MN Bar # 393635
                                    MERCHANT & GOULD P.C.
                                    3200 IDS Center
                                    80 South Eighth Street
                                    Minneapolis, MN  55402-2215
                                    Tel:  (612) 332-5300
                                    Fax:  (612) 332-9081

                                  John T. Winemiller*, TN Bar # 21084
                                  9719 Cogdill Road, Suite 101
                                  Knoxville, TN  37932-3322
                                  Tel:  (865) 380-5960
                                  Fax:  (612) 332-9081
                                  jwinemiller@merchantgould.com

                                  *Attorneys for Plaintiff FICO*

                                  *Admitted pro hac vice

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2017, a copy of the foregoing was hand-delivered to the following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425


April 11, 2017                                    s/Allen Hinderaker
                                                  Allen Hinderaker