# EXHIBIT 1

**FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Fair Isaac Corporation ("FICO") states the following against Defendants Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American").

## NATURE OF ACTION

1. This is an action for breach of contract related to business software owned by FICO and licensed to Chubb & Son, a division of Federal, ("Chubb & Son") and copyright infringement.

## THE PARTIES

2. FICO is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in San Jose, California.

3. Federal is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business at 15 Mountain View Road, Warren, NJ 07059. Chubb & Son is an unincorporated division of Federal.

4.      ACE American is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal place of business at 436 Walnut Street, Philadelphia, PA 19106.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1338(a) and supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a).

6.      This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Federal, which does business in the State of Minnesota and is an insurance company licensed by the Minnesota Department of Commerce.

8.      This Court has personal jurisdiction over ACE American, which does business in the State of Minnesota and is an insurance company licensed by the Minnesota Department of Commerce.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391.  Federal and ACE American reside in this District within the meaning of 28 U.S.C. § 1391(c) because they are subject to personal jurisdiction here.

## FACTUAL BACKGROUND

10.     FICO is a world leader in the design and development of predictive analytics and decision management software. It provides products and services that enable businesses to automate, improve, and connect decisions to enhance business performance. FICO's decision

management software tools are used by businesses to build their own tailored decision management applications.

11. One of FICO's decision management software tools is the FICO® Blaze Advisor® business rules management system ("FICO Blaze Advisor"), which is used to design, develop, execute, and maintain rules-based business applications.

12. FICO maintains federal copyright registrations for multiple versions of FICO Blaze Advisor:

| Blaze Advisor ® Version Number | Copyright Registration Number |
|---|---|
| 3.0 | TX0006301747 |
| 4.0 | TX0006301748 |
| 5.0 | TX0006301746 |
| 6.0 | TX0006301745 |
| 6.5 | TX0006595049 |
| 6.5.5 | TX0007622453 |
| 6.6 | TX0007622554 |
| 6.7 | TX0007622555 |
| 6.8.1 | TX0007622557 |
| 6.9 | TX0007622556 |
| 7.0 | TX0007504713 |
| 7.2 | TX0007776962 |

Copies of the Certificates of Registration are part of the Court Record and are incorporated by reference. *See* [Doc. 1-1].

13. Chubb & Son as a division of Federal is an insurance manager for various insurance companies, including companies that are or were wholly owned subsidiaries of Federal both inside and outside of the United States. Chubb & Son's services as insurance manager include, among other things, Information Technology.

14. FICO and Chubb & Son, a division of Federal, entered into a Software License and Maintenance Agreement, which they amended twice. The original agreement had an effective date of June 30, 2006. The first amendment had an effective date of August 1, 2006. The second amendment had an effective date of December 28, 2006. Copies of the original

agreement and the two amendments, with pricing redacted, (collectively, the "Agreement") are part of the Court Record and are incorporated by reference. *See* [Doc. 1-2].

15. Under the Agreement, Chubb & Son is the Client. The Agreement grants Chubb & Son a perpetual, non-exclusive, non-transferable, limited license to use FICO Blaze Advisor products and related maintenance services (collectively, the "FICO Products") for internal business purposes under defined terms and conditions.

*Breach of the non-assignment provision, paragraph 10.8 of the Agreement*

16. Prior to January 15, 2016, Federal's parent corporation was Chubb Corporation. Effective January 15, 2016, in accordance with the terms of an agreement and plan of merger among Chubb Corporation, Ace Limited, and a merger entity, Chubb Corporation merged with and into ACE INA Holdings, Inc., with ACE INA Holdings, Inc. surviving as a wholly owned subsidiary of Chubb Limited. (ACE Limited before the merger.) As a result, Federal's former parent corporation ceased to exist, and Federal is now a subsidiary of ACE INA Holdings, Inc.

17. Paragraph 10.8 of the Agreement prohibits the assignment or transfer of the Agreement without the prior written consent of the other party. Under the Agreement, change of control, merger, and acquisition are deemed to be an assignment or transfer. In addition, the Agreement expressly prohibits any expanded use of the FICO Products as a result of assignments or transfers unless FICO first gives its written consent.

18. The merger, described generally above, resulted in an acquisition and a change in control of Federal. Federal, through its division Chubb & Son, continued to use the FICO Products despite the fact it did not receive FICO's written consent. Federal breached the non-assignment provision of the Agreement.

19. Paragraph 9.2(a) of the Agreement entitled FICO to terminate the Agreement within 30 days of Federal's receipt of written notice of a material breach, in the event it failed to cure as demanded.

20. On January 27, 2016, FICO provided written notice to Federal that it was in breach of the non-assignment provision of paragraph 10.8 of the Agreement.

21. On March 30, 2016, after Federal refused to cure the breach, FICO gave written notice that the Agreement would be terminated effective March 31, 2016, as allowed by paragraph 9.2 of the Agreement.

22. On March 31, 2016, the Agreement terminated. The continued unlicensed use of the FICO Products damages FICO.

23. Expanded use of the FICO Products following the merger and before termination, in breach of paragraph 10.8 of the Agreement, has caused FICO to lose licensing revenues.

*Breach of the prohibition against disclosing FICO Products to third parties or permitting use of or access to FICO Products by third parties, paragraph 3.1 of the license granted by the Agreement*

24. Federal or its division Chubb & Son has disclosed the FICO Products to third parties, including at least third parties located in the United Kingdom, Canada, and Australia, and has permitted these third parties access to and use of the FICO Products. These third parties include Chubb Insurance Company of Europe SE; Chubb Insurance Company of Canada and a consultant AppCentrica; and Chubb Insurance Company of Australia Limited and a consultant DWS Group.

25. Paragraph 3.1 of the license granted by the Agreement, entitled "License Restrictions," restricts Chubb & Son's use of the FICO Products to its internal business operations and the internal business operations of its Affiliates, if any, within the scope of the

5

license. "Affiliates" is defined in Amendment Two to mean "any other entity directly or indirectly controlled by Client [Chubb & Son], where 'control' means ownership of more than 50% of the aggregate of all voting interests … in the entity." Paragraph 3.1 further restricts the disclosure, use, or access of FICO Products to the employees of Chubb & Son.

26. The third-party entities to which Federal or its division Chubb & Son disclosed the FICO Products and to which it permitted access to and use of the FICO Products are not "Affiliates" of Chubb & Son within the meaning of the license granted by the Agreement.

27. Federal breached the license granted by the Agreement by the disclosure of the FICO Products to third parties and by permitting them access to and use of the FICO Products.

28. Paragraph 9.2(c) of the Agreement entitled FICO to terminate the Agreement immediately, without prior notice or a cure period, in the event of breach of any terms of the license granted in the Agreement.

29. The disclosure of the FICO Products to third parties and permitting them access to and use of the FICO Products entitled FICO to terminate the Agreement without prior notice or a cure period.

30. Federal's breach of paragraph 3.1 of the license granted by the Agreement has caused FICO to lose the licensing revenues that third parties should have paid to use the FICO Products.

*Breach of post-termination obligations, paragraph 9.3 of the Agreement*

31. Under paragraph 9.3 of the Agreement, Chubb & Son was obligated to immediately cease use of all FICO Products and related documentation, including all intellectual property arising from or relating to the FICO Products and related documentation. Chubb & Son was also obligated to remove all copies of the FICO Products and related documentation from its

computers and systems and either destroy or return all copies of the FICO Products, related documentation, and any other FICO intellectual property in its possession to FICO.

32. Chubb & Son continued to use the FICO Products It neither removed all copies of the FICO Products from its computers and systems, nor destroyed or returned all copies of the FICO Products.

33. Chubb & Son did not certify its removal of the FICO Products from its computers and systems, and its continued use of the FICO Products following termination constituted further violations of the Agreement.

34. Federal's unauthorized post-termination use of the FICO Products through its division Chubb & Son, in breach of paragraph 9.3 of the Agreement, has deprived FICO of licensing revenues.

> *Copyright infringement by ACE American for the benefit of itself, Federal, and Federal's wholly owned subsidiaries*

35. Chubb Limited, indirect parent of Federal following the acquisition and change of control described in paragraph 16 above, is the Swiss-incorporated holding company of the Chubb Group of Companies. The Chubb Group of Companies, being direct and indirect subsidiaries of Chubb Limited, are a global insurance and reinsurance organization.

36. Federal and ACE American are sister companies in the Chubb Group of Companies; both are indirect wholly owned subsidiaries of Chubb Limited.

37. Federal and ACE American entered into a Service Agreement ("Service Agreement"), effective March 14, 2016, under which each could provide various insurance-related services to the other. These services included Information Technology.

38. On January 1, 2017, all of the employees of Federal became employees of ACE American.

39.     Effective January 1, 2018, the Service Agreement was amended ("Amendment 1 to Service Agreement").  The parties acknowledged in Amendment 1 to Service Agreement that ACE American provides services to Federal and to other insurance companies as a subcontractor to Federal.  By Amendment 1 to Service Agreement, Federal and ACE American agreed that ACE American would directly provide insurance-related services to nine named wholly owned insurance company subsidiaries of Federal.

40.     Chubb & Son, a division of Federal, and Federal were under contract with each of these nine Federal wholly owned subsidiary insurance companies to, among other things, manage the business of insurance of each subsidiary.  These contracts pre-date the Agreement entered into between Chubb & Son and FICO for the limited use of FICO Products.  The contracts to manage the business of insurance of these nine wholly owned Federal subsidiaries are in full force and effect.

41.     The services, including Information Technology services, ACE American provided and continues to provide Federal and its wholly owned subsidiaries under the Service Agreement and Amendment 1 to Service Agreement, are subject to (1) Federal's oversight of all functions provided to it and its subsidiaries; (2) Federal's regular performance reviews, including compliance with agreed service levels; and (3) Federal's right to terminate the Service Agreement and Amendment 1 to Service Agreement, including without cause on 90 days' notice, among other things.

42.     ACE American is an unlicensed user of the FICO Products that were the subject of the now terminated Agreement between Chubb & Son, a division of Federal, and FICO.  That now terminated Agreement by paragraph 2.1 limited the license grant to use the FICO Products

8

to the internal business purposes of Chubb & Son, and that Agreement by paragraph 3.1 further restricted use of the FICO Products to employees of Chubb & Son.

43. Federal and each of its wholly owned insurance company subsidiaries benefit from the Information Technology services provided by ACE American, including its unlicensed use of FICO Products.

### Count I: Breach of License Agreement

44. Paragraphs 1 through 43 are incorporated by reference and made a part of this Count.

45. Federal is in breach of its obligations under at least paragraphs 10.8, 3.1, and 9.3 of the Agreement.

46. As a result of Federal's breaches of the Agreement, FICO has suffered damages in an amount to be determined at trial but, in any event, exceeding $75,000, exclusive of costs and interest.

### Count II: Copyright Infringement Against Federal (17 U.S.C. § 101 *et seq.*

47. Paragraphs 1 through 46 are incorporated by reference and made a part of this Count.

48. FICO owns the FICO Products, which are the subject of valid Certificates of Copyright Registration issued by the Register of Copyrights.

49. Federal's unauthorized reproduction and distribution of the FICO Products to third parties infringes FICO's copyright interests.

50. Federal has knowingly caused, participated in, materially contributed to, induced, and derived economic benefit from the infringement of FICO's copyright interests.

9

51. Federal's disclosure of FICO's intellectual property to third parties has caused, and will continue to cause, irreparable harm to FICO, warranting injunctive relief under 17 U.S.C. § 502.

52. The acts of Federal have caused, and will continue to cause, damage to FICO in an amount to be determined at trial. At a minimum, FICO is entitled to its actual damages and disgorgement of the profits of Federal and its wholly owned subsidiaries, or statutory damages under 17 U.S.C. § 504.

53. FICO is entitled to recover its costs and reasonable attorney's fees under 17 U.S.C. § 505.

### Count III: Copyright Infringement Against Federal (17 U.S.C. § 101 *et seq.*)

54. Paragraphs 1 through 53 are incorporated by reference and made a part of this Count.

55. Federal's post-termination use of the FICO Products constitutes an unauthorized reproduction of registered works.

56. Federal's post-termination use of the FICO Products infringes FICO's copyright interests.

57. Federal has knowingly caused, participated in, materially contributed to, induced, and derived economic benefit from the infringement of FICO's copyright interests.

58. Federal's post-termination use of the FICO Products has caused, and will continue to cause, irreparable harm to FICO, warranting injunctive relief under 17 U.S.C. § 502.

59. The acts of Federal have caused, and will continue to cause, damage to FICO in an amount to be determined at trial. At a minimum, FICO is entitled to its actual damages and

disgorgement of the profits of Federal and its wholly owned subsidiaries, or statutory damages under 17 U.S.C. § 504.

60. FICO is entitled to recover its costs and reasonable attorney's fees under 17 U.S.C. § 505.

### Count IV: Copyright Infringement Against ACE American and Federal (17 U.S.C. § 101 *et seq.*)

61. Paragraphs 1 through 60 are incorporated by reference and made a part of this Count.

62. FICO owns the FICO Products, which are the subject of valid Certificates of Copyright Registration issued by the Register of Copyrights.

63. ACE American's unlicensed use and reproduction of the FICO Products infringes FICO's copyright interests.

64. Federal is vicariously liable for ACE American's copyright infringement of the FICO Products.

65. Federal and ACE American have knowingly caused, participated in, materially contributed to, induced, and derived economic benefit from the infringement of FICO's copyright interests.

66. ACE American's unlicensed use and reproduction of the FICO Products is done knowingly, and Federal and its wholly owned subsidiaries knowingly benefit from this copyright infringement.

67. ACE American's unlicensed use and reproduction of the FICO Products has caused, and will continue to cause, irreparable harm to FICO, warranting injunctive relief under 17 U.S.C. § 502.

68. The acts of ACE American and Federal have caused, and will continue to cause, damage to FICO in an amount to be determined at trial. At a minimum, FICO is entitled to its actual damages and disgorgement of the profits of ACE American, Federal, and Federal's wholly owned subsidiaries, or statutory damages under 17 U.S.C. § 504.

## PRAYER

WHEREFORE, FICO requests judgment as follows:

a. That Federal has breached the Agreement, causing damages to FICO in an amount to be determined at trial, but in excess of $75,000, exclusive of costs and interest;

b. That Federal has infringed FICO's copyrights in the FICO Products, causing damage to FICO, and awarding FICO damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by Federal and its wholly owned subsidiaries as a result of its copyright infringement, or statutory damages, at its election;

c. That ACE American has infringed FICO's copyrights in the FICO Products, causing damage to FICO, and awarding FICO damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by ACE American as a result of its copyright infringement, or statutory damages, at its election;

d. That Federal is vicariously liable for the copyright infringement of ACE American, entitling FICO to recover from Federal either its actual damages and all profits derived by Federal and its wholly owned subsidiaries from the ACE American infringement, or statutory damages, at its election;

e. That Federal and ACE American have infringed FICO's copyrights in the FICO Products, causing irreparable damage to FICO, and granting preliminary and permanent injunctive relief under 17 U.S.C. § 502, enjoining Federal and ACE American, one or both of them, from directly or indirectly infringing FICO's copyrights in the FICO Products;

f. An Order awarding FICO its costs and reasonable attorney's fees under 17 U.S.C. § 505; and

g. For such other and further relief as the Court deems just and equitable.

Dated: August ___, 2018

        MERCHANT & GOULD, P.C.

        /s/ Allen Hinderaker
        Allen Hinderaker, MN Bar # 45787
        Heather Kliebenstein, MN Bar # 337419
        Michael A. Erbele, MN Bar # 393635
        MERCHANT & GOULD P.C.
        3200 IDS Center
        80 South Eighth Street
        Minneapolis, MN  55402-2215
        Tel:  (612) 332-5300
        Fax:  (612) 332-9081
        ahinderaker@merchantgould.com
        hkliebenstein@merchantgould.com
        merbele@merchantgould.com

        *Attorneys for Plaintiff FICO*