UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY
and ACE AMERICAN INSURANCE
COMPANY,

      Defendants.

CIVIL NO. 16-1054 (WMW/DTS)

ORDER

---

      This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing [Docket No. 135] and Minn. Local Rule 5.6(d)(2).

      The Joint Motion addressed six documents that were filed under temporary seal in connection with Plaintiff's motions to amend its complaint [Docket Nos. 115, 130]. In their Joint Motion, the parties stated that Docket Nos. 120, 122, and 132 should be unsealed. The Court will grant the Joint Motion with respect to these three documents.

      The parties stated that the remaining three documents - Docket Nos. 117, 124 and 125 - should remain sealed. Docket No. 117 is Plaintiff's memorandum of law to support its motion to amend. Plaintiff filed a public redacted version of the memorandum as Docket No. 118. The Court has read the redacted portions of Docket No. 117 and finds that the information does not warrant an order denying the public access to this information, particularly in light of the fact that, in their Joint Motion, the parties agreed that the Second Amended Complaint itself [Docket No. 132] should be unsealed. Therefore, the Court will order Docket Nos. 117 to be unsealed.

Docket No. 124 is a 50-page exhibit in support of Plaintiff's motion to amend, which consists of 116 condensed pages of a transcript of a Fed. R. Civ. P. 30(b)(6) deposition, followed by 19 pages of a word index. The Court concludes that this document does not warrant sealing from the public, and particularly not in its entirety. It appears that information in this exhibit is found in the public filings in this lawsuit, and it is not otherwise apparent to the Court that any portions of it merit sealing from the public. Accordingly, the Court will order Docket No. 124 to be unsealed.

Docket No. 125 is a contract between the Defendants in this lawsuit. It is discussed and described elsewhere in the parties' public filings relating to Plaintiff's motion to amend, including in the Second Amended Complaint [Docket No. 132] which the parties agreed should be unsealed. The fact that the parties previously designated it as "confidential" or that it may be subject to a protective order is not dispositive of whether the Court will order it to remain sealed under Local Rule 5.6.[1]  The Court has read the contract and finds, based on the information now before it, that it does not warrant sealing from the public. Therefore, the Court will order this document to be unsealed.

IT IS HEREBY ORDERED that:

---

[11] The 2017 Advisory Committee Note to Local Rule 5.6 states: "[P]arties have been filing too much information under seal in civil cases, in part because of confusion over the difference between protective orders and sealing orders.  As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."

2

1. The parties' Joint Motion Regarding Continued Sealing [Docket No. 135] is GRANTED IN PART and DENIED IN PART.

2. The Clerk is directed to unseal the following documents: Docket Nos. 117, 120, 122, 124, 125 and 132.

Dated:  October 23, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

3