UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>       Defendants. | Case No. 16-cv-1054 (WMW/DTS)<br><br>FOURTH~~THIRD~~~~SECOND~~ AMENDED PRETRIAL SCHEDULING ORDER |

Pursuant to the parties' ~~June 13~~October 26, 2018, ~~Second~~ Fourth Joint Motion to Amend Pretrial Scheduling Order ~~[Docket No. 109]~~ and Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

Stipulated proposals to amend this Scheduling Order must establish good cause for the proposed amendment. Agreement between the parties is not sufficient. While a formal motion is not necessary if the parties agree on their proposals, only the Court may modify a scheduling order and the requirements of Local Rule 16.3 must be met.

This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to work diligently and are expected to meet the deadlines.

Initial Disclosures and Fact Discovery

1. The parties must make their initial disclosures under Rule 26(a)(1) on or before March 17, 2017.

2. The parties must commence fact discovery procedures in time to be completed on or before **January 15, 2019** ~~October 31, 2018~~.

Discovery Limitations

The parties have discussed the scope of discovery, including relevance and proportionality, and propose the following discovery limitations:

1. Written Discovery

    A.    No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

    B.    No more than 25 document requests, shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically-stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    C.    No more than 25 requests for admissions shall be served by each side.

2. No more than 10 factual deposition, excluding expert witness depositions, shall be taken by each side.

<u>Expert Discovery</u>

Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

Plaintiff:

    A.    Identification by Plaintiff on or before **January 22, 2019** ~~November 30, 2018~~.

    B.    Report by Plaintiff on or before **January 22, 2019** ~~November 30, 2018~~.

    C.    Rebuttal witness and reports shall be disclosed on or before **February 22, 2019** ~~December 31, 2018~~.

    D.    Reply reports shall be served on or before **March 8, 2019** ~~January 18, 2019~~.

Defendant:

    A.    Identification by Defendant on or before **January 22, 2019** ~~November 30, 2018~~.

B. Report by Defendant on or before January 22, 2019~~November 30, 2018~~.

C. Rebuttal witness and reports shall be disclosed on or before February 22, 2019~~December 31, 2018~~.

D. Reply reports shall be served on or before March 8, 2019. ~~January 18, 2019~~.

1. Each side may call up to 3 experts.

2. Each side may take 1 deposition per expert.

3. All expert discovery, including expert depositions, must be completed by March 22, 2019~~February 15, 2019~~.

**<u>Motions to Amend/Non-Dispositive Motions</u>**

1. Motions seeking to join~~t~~ other parties must be filed and served by June 1, 2017.

2. Motions seeking to amend the pleadings must be filed and served by June 1, 2017.

3. Non-dispositive motions:

    A. All non-dispositive motions relating to fact discovery must be filed and served by January 15, 2019~~October 1, 2018~~.

    B. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by April 1, 2019 ~~February 15, 2019~~.

    C. The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputed promptly to the Court's attention.

4. The parties:

    X. The parties are required to request an informal conference with the Court before filing any discovery motion. Accordingly, before moving for an order relating to discovery, the movant must request an informal conference with the Court by submitting a joint email to chambers at Schultz_chambers@mnd.uscourts.gov stating:

1) the discovery dispute;

2) whether all parties agree to informal dispute resolution; and

3) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy and inexpensive way. The Court will then schedule a conference call.

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling Katie Haagenson, Courtroom Deputy to Magistrate Judge Schultz at 612-664-5460, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order shall result in the cancellation of the hearing.

<u>Dispositive Motions</u>

All dispositive motions shall be filed, served and scheduled on or before <u>April 19, 2019</u><s>April 12, 2019</s>. Counsel shall first schedule the hearing <u>at least 42 days in the future</u> by calling District Judge Wright's Courtroom Deputy, Terianne Bender, at 651-848-1640. After the moving party has secured a hearing date, the moving party shall

promptly inform all parties of the nature of the motion and the date, time, and location of the hearing.

All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, <u>except</u> that any reply memorandum or notice stating that no reply will be filed must be filed and served within <u>7 days after</u> the filing of any response. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed to Courtroom Deputy Terianne Bender or delivered to the clerk of courts.

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

<u>Privilege/Protection</u>

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

<u>Trial</u>

This case shall be ready for trial as of **August 12, 2019**. The parties estimate that trial of this Jury matter will take 10 days.

<u>Practice Pointers and Preferences</u>

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: <u>October</u> ~~June 14~~, 2018

                                                                                               _____
                                                                                               DAVID T. SCHULTZ
                                                                                               United States Magistrate Judge