# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION, a Delaware )
corporation,                       )
                                   )
              Plaintiff,           )
                                   )      Case No. 16-cv-1054(WMW/DTS)
v.                                 )
                                   )
FEDERAL INSURANCE COMPANY, an      )      **Jury Trial Demanded**
Indiana corporation, and ACE AMERICAN )
INSURANCE COMPANY, a Pennsylvania  )
corporation,                       )
                                   )
              Defendants.          )
                                   )

## <u>PLAINTIFF FAIR ISAAC CORPORATION'S ANSWER TO COUNTERCLAIMS</u>

The plaintiff, Fair Isaac Corporation ("FICO"), answers the Counterclaims of the

defendants, Federal Insurance Company ("Federal") and ACE American Insurance Company

("ACE American") (collectively "Defendants"), as follows:

1.      FICO denies the allegations of Paragraph 1 of the Counterclaims, except to the

extent it admits it entered into the Agreement with Chubb & Son, a division of Federal Insurance

Company, as of June 30, 2006, giving Chubb & Son, a division of Federal Insurance Company, a

limited license to use the Blaze Advisor software "on up to 5 Seats to be used solely in

conjunction with the Named Application," provided the installation and physical location of the

software is in the United States of America.

2.      FICO denies the allegations of Paragraph 2 of the Counterclaims, except to the

extent it admits it entered into an amendment of the Agreement with Chubb & Son, a division of

Federal Insurance Company, effective as of December 28, 2006, giving Chubb & Son, a division

of Federal Insurance Company, and its "Affiliates" an "Enterprise-Wide License … [to] use the

Fair Isaac Product for their internal business purposes" "with no limitation on the number of

Seats or CPUs, "subject to and in accordance with all of the provisions of the Agreement," including that the installation and physical location of the software is in the United States of America.  Further, FICO affirmatively states the Agreement defined "Affiliates" to mean "any other entity directly or indirectly controlled by Client" and defined "Client" to mean "Chubb and Sons [*sic*], a division of Federal Insurance Company."  FICO specifically denies Federal and the unidentified "other Chubb entities" were licensees under the Agreement.

3.      FICO admits the allegations of Paragraph 3 of the Counterclaims, except for  non-substantive transcription errors.

4.      FICO admits the allegations of Paragraph 4 of the Counterclaims.  Further, FICO affirmatively states Federal ceased to be a subsidiary of The Chubb Corporation as of January 15, 2016.

5.      FICO denies the allegations of Paragraph 5 of the Counterclaims, except to the extent it admits that effective as of January 15, 2016, in accordance with the terms of an agreement and plan of merger among The Chubb Corporation, Ace Limited, and a merger entity, The Chubb Corporation merged with and into ACE INA Holdings, Inc., with ACE INA Holdings, Inc. surviving as a wholly owned subsidiary of Chubb Limited (ACE Limited before the merger).  Further, FICO affirmatively states Federal's former parent corporation, The Chubb Corporation, ceased to exist as a result of the merger, and Federal was acquired by and is now a wholly owned subsidiary under the ownership of Chubb INA Holdings, Inc. (formerly ACE INA Holdings, Inc.).

6.      FICO lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 of the Counterclaims and therefore denies them.  Further, FICO

affirmatively states Federal, apart from its division Chubb & Son, had no license rights under the Agreement either before or after the merger.

7.      FICO lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 of the Counterclaims and therefore denies them.  Further, FICO affirmatively states Federal, apart from its division Chubb & Son, had no license rights under the Agreement either before or after the merger.

8.      FICO denies the allegations of Paragraph 8 of the Counterclaims, and affirmatively states that Chubb & Son, a division of Federal Insurance Company, had no rights to use the software post-merger following FICO's termination of the Agreement.

9.      FICO denies the allegations of Paragraph 9 of the Counterclaims, except to the extent it admits sending Chubb Group and Chubb Limited a letter dated January 27, 2016, in which it stated, "I am writing now to again confirm that the Agreement may not be transferred and assigned without FICO's consent, and that FICO has not and does not consent to such transfer and assignment."  Further, FICO affirmatively states it explained, "FICO lacks sufficient information to understand the full implications of Chubb Ltd.'s plans, and without some shared insight, is unable to accommodate any request now for consent."

10.     FICO denies the allegations of Paragraph 10 of the Counterclaims and further affirmatively states consent was required under Paragraph 10.8 of the Agreement.  Further, FICO affirmatively states Federal, apart from its division Chubb & Son, had no license rights under the Agreement either before or after the merger.

11.     FICO denies the allegations of Paragraph 11 of the Counterclaims, except to the extent it admits the acquisition and change of control as a result of the merger was an "event deemed to be an assignment subject to this section," and that the assignment required the prior

written consent of FICO under Paragraph 10.8 of the Agreement regardless of whether use had

expanded on the date of the merger.  Further, FICO affirmatively states it lacked the information

necessary to determine whether and on what terms it could agree to a post-merger use of the

FICO Products because it was not provided the necessary information..

      12.     FICO admits Paragraph 10.8 of the Agreement provides that written consent "will

not be unreasonably withheld" and affirmatively states that disclosure of sufficient information is

required to determine whether and on what terms consent could be granted.

      13.     FICO denies the allegations of Paragraph 13 of the Counterclaims.

      14.     FICO denies the allegations of Paragraph 14 of the Counterclaims.

      15.     FICO denies the allegations of Paragraph 15 of the Counterclaim, except to the

extent it admits it terminated the Agreement by letter dated March 30, 2016.

**COUNT ONE**
**(Breach of Contract)**

      16.     FICO incorporates by reference here its answers to Paragraphs 1-15.

      17.     FICO denies the allegations of Paragraph 17 of the Counterclaims, except to the

extent it admits the Agreement is between FICO and Chubb & Son, a division of Federal

Insurance Company, and grants Chubb & Son, a division of Federal Insurance Company, and its

"Affiliates," as that term is specially defined, an "Enterprise-Wide License" to use the Blaze

Advisor software for internal business purposes, "subject to and in accordance with all of the

provisions of the Agreement," including that the installation and physical location of the

software is in the United States of America.  Further, FICO affirmatively states Federal, apart

from its division Chubb & Son, is not a party to the Agreement.

      18.     FICO admits Paragraph 9.2 of the Agreement provides that the Agreement may

be terminated upon the occurrence of certain events.

4

19.  FICO denies the allegations of Paragraph 19 of the Counterclaims.

20.  FICO denies the allegations of Paragraph 20 of the Counterclaims.

21.  FICO denies the allegations of Paragraph 21 of the Counterclaims.

## COUNT TWO
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

22.  FICO incorporates by reference here its answers to Paragraphs 1-21.

23.  Because Paragraph 23 purports to state a legal proposition, no response is required.

24.  FICO denies the allegations of Paragraph 24 of the Counterclaims.

25.  FICO denies the allegations of Paragraph 25 of the Counterclaims.

26.  FICO denies the allegations of Paragraph 26 of the Counterclaims.

27.  FICO denies the allegations of Paragraph 27 of the Counterclaims.

28.  FICO denies all allegations it has not expressly admitted.

## AFFIRMATIVE DEFENSES

29.  The Counterclaims fail to state claims upon which relief can be granted, including because the law of the State of New York does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pleaded, as here.

## PRAYER FOR RELIEF

WHEREFORE, FICO requests judgment as follows:

A.  That Defendants take nothing by their Counterclaims;

B.  That the Court dismiss Defendants' Counterclaims with prejudice;

C.  That the Court enter judgment for FICO in accordance with the prayer for relief stated in FICO's Second Amended Complaint;

D.      An Order awarding FICO its costs and reasonable attorney's fees under 17 U.S.C. § 505 in connection with  Defendants' Counterclaims, in addition to its costs and fees as prayed for in FICO's Second Amended Complaint; and

E.      For such other and further relief as the Court deems just and equitable.

Dated:  October 31, 2018                    MERCHANT & GOULD P.C.

                                            /s/ Heather Kliebenstein
                                            Allen Hinderaker, MN Bar # 45787
                                            Heather Kliebenstein, MN Bar # 337419
                                            Michael A. Erbele, MN Bar # 393635
                                            MERCHANT & GOULD P.C.
                                            3200 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, MN  55402-2215
                                            Tel:  (612) 332-5300
                                            Fax:  (612) 332-9081
                                            ahinderaker@merchantgould.com
                                            hkliebenstein@merchantgould.com
                                            merbele@merchantgould.com

                                            *Attorneys for Plaintiff Fair Isaac
                                            Corporation*