# EXHIBIT 2

| From: | Heather Kliebenstein |
|-------|------|
| To: | Friedemann, Lora; Datzov, Nikola |
| Cc: | Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker |
| Subject: | RE: Fair Isaac v. Federal |
| Date: | Tuesday, May 15, 2018 10:11:44 PM |

Nick and Lora,

I write in follow up to our call last week. We discussed receiving deposition dates early this week, but have yet to hear from you. We would prefer to continue to work with you to schedule dates, but the notice has been outstanding since April 11 (going on 5 weeks) and we have yet to receive a response. If we do not receive available dates from you by Monday, May 21, we will be forced to set a date unilaterally.

We also need updated responses to Interrogatory Nos. 2, 3 and 4. Discovery responses have been outstanding since February for Interrogatory No. 4 and 2017 for Interrogatory Nos. 2 and 3. You mentioned the delay was due to receiving a verification. We will accept receiving the responses without immediate verification, presuming that verification will come shortly thereafter. We also discussed updated responses to Interrogatory No. 6, RFP 30-32 and Federal's responses to FICO's second set of interrogatories and document request responses. The Court affirmed the Magistrate Judge's order on April 24—over three weeks ago. Thus, Federal has had several weeks to prepare and provide updated responses. We do not want to bother the Court to prompt responses, but we need more of a timeline than simply Federal is working on the responses. Please advise when we can expect to receive responses.

To confirm our call, Federal believes it has provided all documents responsive to Document Request Nos. 1 and 26. Federal is confirming it has produced all responsive documents to Document Request Nos. 52-54 in view of the Court's April 24 ruling. Regarding Document Request Nos. 55-70, we confirm that we are only interested in versions of the identified applications that utilize/employ Blaze Advisor. I understand this limitation will eliminate versions of the identified applications that are used abroad that do not use/employ Blaze Advisor.

Regarding Document Request 71 and Interrogatory No. 21, Federal is reviewing its files to determine if responsive documents and information exist regarding modification/derivative works.

We also discussed RFA Nos. 13-16 and 20-28. Federal maintained its objection that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are indefinite. You asked me to provide a definition for these words. However, Federal can just as easily look in a dictionary or the case law to understand the ordinary, plain meaning of these words. You raised a complex example of what might be, or might not be, "disclosure" of Blaze Advisor. I am unable to tell you how to respond to the admissions based on that example because I am not privy to the conversations with Federal to fully extrapolate the example you gave to this case. As counsel for Federal, I ask that you give the words their ordinary, plain meaning, review the matter with Federal and then either admit or deny each request based on what is a fair reading of each admission. Please revise your responses accordingly.

Regarding Document Request 51, our review of the Chubb 10-k documents shows that Chubb & Son is the manager of, and provides services to, other insurance companies in the P&C Group. Specifically, Chubb & Son provides day today management and operating personnel in order to gain "operational efficiencies through economies of scale and flexibility." These agreements may address the nature and scope of use of Blaze Advisor. With that clarification, please provide responsive documents.

Lastly, we are considering the privilege log dates and will provide our thoughts to you on that issue shortly. Further, we are in receipt of your letter from Friday and are also reviewing your request below. As I mentioned in our call, FICO collected and produced non-privileged documents in response to RFP 6 and 7, and did not withhold any based

on objections or date restrictions.

Best,

Heather

---

**From:** Heather Kliebenstein
**Sent:** Monday, May 7, 2018 2:00 PM
**To:** 'Datzov, Nikola' <NDatzov@fredlaw.com>
**Cc:** Friedemann, Lora <lfriedemann@fredlaw.com>; Allen Hinderaker
<AHinderaker@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com
**Subject:** RE: Fair Isaac v. Federal

Nick, 2 pm tomorrow works for me.  I'll give you a call at that time.

Beset,

Heather

---

**From:** Datzov, Nikola <NDatzov@fredlaw.com>
**Sent:** Monday, May 7, 2018 11:12 AM
**To:** Heather Kliebenstein <HKliebenstein@merchantgould.com>
**Cc:** Friedemann, Lora <lfriedemann@fredlaw.com>; Allen Hinderaker
<AHinderaker@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com
**Subject:** RE: Fair Isaac v. Federal

Heather,

Unfortunately, that time no longer works.  We are available at 10 or 2 tomorrow (Tuesday) if that works for you.  Otherwise let us know a few times you are available this week.

Additionally, your letter below indicates that "FICO is finalizing its remaining document production." While we are still reviewing FICO's latest production, it appears that highly relevant and responsive documents authored by FICO have not been produced by FICO thus far, including for example the documents produced by Federal at FED000205, FED000112, FED009157, FED004808, FED001498, FED008759, FED008761, FED009106, FED004896, and FED005149.  From our review of FICO's productions, it also appears that FICO has produced a very limited number of documents or emails from 2007 to 2015.  Such documents are certainly responsive to at least Federal's Requests for Production Nos. 6, 7, and 10.  During our meet and confer on January 23, you stated that FICO had collected and would produce all non-privileged documents responsive to Requests 6 and 7 and that FICO was not withholding any documents based on its objections or limitations to the requests.  Please confirm that FICO has not placed any date restrictions on its collection and production of responsive documents for these requests so that we can discuss the reason why such documents have not been produced by FICO.

Best,

# EXHIBIT 3

| From: | Datzov, Nikola |
|---|---|
| To: | Heather Kliebenstein; Friedemann, Lora |
| Cc: | Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker; Pham, Christopher; Janus, Leah; Fleming, Terrence |
| Subject: | RE: Fair Isaac v. Federal |
| Date: | Monday, May 21, 2018 6:02:04 PM |

Heather,

Thank you for your follow-up email. Regarding deposition dates, the noticed topics that FICO served were impermissibly broad and required that the parties meet and confer to narrow their scope. Our client has identified two individuals to testify regarding the narrowed topics—Henry Mirolyuz will testify about topics relating to Blaze installations, and John Taylor will testify about topics relating to financial reporting and Federal and Chubb & Son's business and structure. Both witnesses are available for deposition on June 19 or 20 in New Jersey.

Regarding responses to ROGs 2, 3, and 4, we plan to provide you with verified responses by Wednesday.

As you know, at the outset of discovery, the parties agreed on the search terms to be used with custodian document collection. This resulted in the production of more than 13,900 documents by Federal compared to FICO's production of less than 1,400 documents, excluding the specific subset of licensing agreements ordered by the Court. As we discussed during the meet and confer, subject to Federal's stated objections, non-privileged documents responsive to requests Nos. 1 and 52-54 collected through a reasonable search have already been produced to FICO. Federal has also produced documents responsive to request No. 26 and will produce additional responsive, non-privileged documents with its next production. As written, Request No. 51 is impermissibly broad and seeks agreements from more than 11 years ago that have no apparent relationship to any Blaze functionality or the claims and defenses in this case. During the meet and confer you stated that you would provide us with a sample agreement for what you were seeking. If you are able to provide us with a sample or more specific description of what agreements you are seeking, we may be able to provide you with representative agreements. Otherwise, Federal stands on its objections. We are following up with our client regarding FICO's ROGs 6 and 21 and RFPs 30-32, 55-70 (with your limitation below), and 71 to confirm what information is available. We expect to provide you with updated responses in the next couple of weeks.

Regarding the requests for admission, Federal objected to the requests as including vague and ambiguous terms for which FICO agreed at the meet and confer to provide further clarification and definitions. Your email below does not provide any additional clarification or definitions but asks us to give them a "fair reading." If FICO believes there is a plain and ordinary meaning to the words that Federal has objected to as vague and ambiguous, some of which are part of contractual language that may need to be interpreted, it should provide such a definition. Without additional information, Federal has responded to the best of its ability.

Please let us know when we can expect to hear from you regarding the issue of missing documents from FICO's production noted in the email below. Please also provide us with available deposition dates for Mike Sawyer, Bill Waid, and Oliver Clark.

Finally, as I will be going on parental leave, please include my colleague, Chris Pham (copied on this email), on further correspondence.  I have also copied Leah Janus and Terry Fleming who will also be working on the case going forward.

Thanks,

Nick

---

**From:** Heather Kliebenstein [mailto:HKliebenstein@merchantgould.com]
**Sent:** Tuesday, May 15, 2018 10:12 PM
**To:** Friedemann, Lora; Datzov, Nikola
**Cc:** Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker
**Subject:** RE: Fair Isaac v. Federal

Nick and Lora,

I write in follow up to our call last week.  We discussed receiving deposition dates early this week, but have yet to hear from you.  We would prefer to continue to work with you to schedule dates, but the notice has been outstanding since April 11 (going on 5 weeks) and we have yet to receive a response.  If we do not receive available dates from you by Monday, May 21, we will be forced to set a date unilaterally.

We also need updated responses to Interrogatory Nos. 2, 3 and 4.  Discovery responses have been outstanding since February for Interrogatory No. 4 and 2017 for Interrogatory Nos. 2 and 3.  You mentioned the delay was due to receiving a verification.  We will accept receiving the responses without immediate verification, presuming that verification will come shortly thereafter.  We also discussed updated responses to Interrogatory No. 6, RFP 30-32 and Federal's responses to FICO's second set of interrogatories and document request responses.  The Court affirmed the Magistrate Judge's order on April 24—over three weeks ago.  Thus, Federal has had several weeks to prepare and provide updated responses.  We do not want to bother the Court to prompt responses, but we need more of a timeline than simply Federal is working on the responses.  Please advise when we can expect to receive responses.

To confirm our call, Federal believes it has provided all documents responsive to Document Request Nos. 1 and 26.  Federal is confirming it has produced all responsive documents to Document Request Nos. 52-54 in view of the Court's April 24 ruling.  Regarding Document Request Nos. 55-70, we confirm that we are only interested in versions of the identified applications that utilize/employ Blaze Advisor.  I understand this limitation will eliminate versions of the identified applications that are used abroad that do not use/employ Blaze Advisor.

Regarding Document Request 71 and Interrogatory No. 21, Federal is reviewing its files to determine if responsive documents and information exist regarding modification/derivative works.

We also discussed RFA Nos. 13-16 and 20-28.  Federal maintained its objection that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are indefinite.  You asked me to provide a definition for these words.  However, Federal can just as easily look in a dictionary or the case law to understand the ordinary, plain meaning of these words.  You raised a complex example of what might be, or might not be, "disclosure" of Blaze Advisor.  I am unable to tell you how to respond to the admissions based on that example because I am not privy to the conversations with Federal to fully extrapolate the example you gave to this case.  As counsel for Federal, I ask that you give the words their ordinary, plain meaning, review the matter with Federal and then either admit or deny each request based on what is a fair reading of each admission.  Please revise your responses accordingly.

# EXHIBIT 4

Regarding depositions, June 19 and 20 are not available for our team.  Possible dates are June 5-8 and 11-14, although we are confirming them with our client.  Please advise if these dates work for your witnesses, and also provide a city in New Jersey for the location.

Lastly, the discovery period closes June 29.  Given we have yet to schedule the first round of depositions, please provide your thoughts on amending the case schedule.

Best,

Heather

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Thursday, May 24, 2018 7:37 AM
**To:** Datzov, Nikola <NDatzov@fredlaw.com>
**Cc:** Heather Kliebenstein <HKliebenstein@merchantgould.com>; Friedemann, Lora <lfriedemann@fredlaw.com>; Kristin M. Drieman <KDrieman@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker <AHinderaker@merchantgould.com>; Pham, Christopher <CPham@fredlaw.com>; Fleming, Terrence <TFleming@fredlaw.com>
**Subject:** Re: Fair Isaac v. Federal

Heather - We are working on getting you the supplemental ROG responses. I will give you a call today to update you on timing.

Thanks,
Leah

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

On May 21, 2018, at 6:02 PM, Datzov, Nikola <NDatzov@fredlaw.com> wrote:

> Heather,
>
> Thank you for your follow-up email.  Regarding deposition dates, the noticed topics that FICO served were impermissibly broad and required that the parties meet and confer to narrow their scope.  Our client has identified two individuals to testify regarding the narrowed topics—Henry Mirolyuz will testify about topics relating to Blaze installations, and John Taylor will testify about topics relating to financial reporting and Federal and Chubb & Son's business and structure.  Both witnesses are available for deposition on June 19 or 20 in New Jersey.
>
> Regarding responses to ROGs 2, 3, and 4, we plan to provide you with verified responses by Wednesday.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **To:** | "Janus, Leah"; "Datzov, Nikola" |
| **Cc:** | "Friedemann, Lora"; Kristin M. Drieman; "15081.0008USZA.active@ef.merchantgould.com"; Allen Hinderaker; "Pham, Christopher"; "Fleming, Terrence" |
| **Subject:** | RE: Fair Isaac v. Federal |
| **Date:** | Wednesday, May 30, 2018 11:17:00 AM |

Leah,

We are in receipt of the amended responses for Interrogatory Nos. 2, 3 and 4.   Thank you for those updated responses.  We are reviewing them and will advise if we have any follow up.

A number of discovery requests remain outstanding.  We ask that Federal provide full discovery responses in compliance with the Court's order by June 7.  That includes full responses as ordered to Interrogatory No. 6, RFP 30-32, and updated responses to our second set of discovery.  Please also provide full responses to Document Request 71 and Interrogatory No. 21 by that date.  If we cannot have updated responses by June 7, we will contact the Court to schedule a second motion to compel.

Regarding depositions, June 19 and 20 are not available for our team.  Possible dates are June 5-8 and 11-14, although we are confirming them with our client.  Please advise if these dates work for your witnesses, and also provide a city in New Jersey for the location.

Lastly, the discovery period closes June 29.  Given we have yet to schedule the first round of depositions, please provide your thoughts on amending the case schedule.

Best,

Heather

---

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Thursday, May 24, 2018 7:37 AM
**To:** Datzov, Nikola <NDatzov@fredlaw.com>
**Cc:** Heather Kliebenstein <HKliebenstein@merchantgould.com>; Friedemann, Lora <lfriedemann@fredlaw.com>; Kristin M. Drieman <KDrieman@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker <AHinderaker@merchantgould.com>; Pham, Christopher <CPham@fredlaw.com>; Fleming, Terrence <TFleming@fredlaw.com>
**Subject:** Re: Fair Isaac v. Federal

Heather - We are working on getting you the supplemental ROG responses. I will give you a call today to update you on timing.

Thanks,
Leah

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

# EXHIBIT 6

| From: | Pham, Christopher |
|---|---|
| To: | Heather Kliebenstein; Michael Erbele; Allen Hinderaker |
| Cc: | Fleming, Terrence; Janus, Leah |
| Subject: | FICO v. Federal - Federal"s Supplemental Discovery Responses |
| Date: | Thursday, June 7, 2018 8:42:06 PM |
| Attachments: | image001.jpg |
| | Federal"s Supplemental Answer to FICO"s Interrogatories.pdf |
| | Federal"s Supplemental Response to FICO"s Requests for Production Documents Nos. 30-32 and 55-71.pdf |

Counsel,

Attached and served upon you please find Defendant's Second Supplemental Answer to Interrogatory No. 6, and Supplemental Answer to Interrogatory No. 21.  We will follow-up with an executed Verification page.

In addition, attached and served upon you please find Defendant's Supplemental Response to FICO's Requests for Production of Document Nos. 30-32 and 55-71.

Thanks,



**Christopher D. Pham**
**Senior Associate**
cpham@fredlaw.com
**200 South Sixth Street**
**Suite 4000**
**Minneapolis, MN  55402**
**612-492-7388 Phone**
**612-492-7077 Fax**

**Brenda Haberman**
**Legal Assistant/Paralegal**
bhaberman@fredlaw.com

**\*\*This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (612) 492-7000. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.\*\***

# EXHIBIT 7

| From: | Heather Kliebenstein |
|---|---|
| To: | Janus, Leah; Datzov, Nikola; Friedemann, Lora; Pham, Christopher; Fleming, Terrence |
| Cc: | Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Michael Erbele; Joe Dubis, Ph.D. |
| Subject: | Fair Isaac v. Federal Discovery Issues: Response Needed C.O.B. June 19 |
| Date: | Friday, June 15, 2018 12:27:00 PM |

Counsel, we continue to have a number of discovery issues outstanding. We were told we would receive updates/responses to many of these issues by early this week based on our call Friday, June 8. My reminder on Tuesday, June 12 went unanswered. To summarize, these issues include:

1. Federal has not produced the 2016 and 2017 annual statements it represents will be produced in response to Requests for Production Nos. 30-32; nor has it committed to a date when these documents will be produced.
    a. Further, and without prejudice to receiving the 2016 and 2017 annual statements, we believe Federal's planned production violates the Court order regarding Requests for Production Nos. 30-32. The documents that Federal plans to produce likely are not connected to the alleged infringement and are thus not responsive to the requests. Each request is tailored to seek not simply "annual statements," but summary reports that show the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Given that Federal states in response to these requests, "To the extent Federal determines that a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly[.]," the response is concededly incomplete. Moreover, absent Federal's admission that all revenue of Federal and its subsidiaries is connected to the use of Blaze Advisor®, the responses are non-responsive as overly broad. Each requests also seeks this information reported on a quarterly basis. Without seeing these annual statements, we cannot say the data is not reported quarterly. This summary of the non-responsive nature of these responses does not waive all other deficiencies of these responses.
2. Federal has not provided a response as to whether it would fully respond to Doc. Req. 71 and Interrogatory No. 21 regarding modification/derivative works.
3. Federal has not produced the responsive documents it represents will be produced in response to Requests for Production Nos. 55-70; nor has it committed to a date when these documents will be produced.
4. Federal refuses to produce documents in response to Request for Production No. 51.
5. Federal has not yet responded to Interrogatories 15-20, relying on the objection rejected by Magistrate Judge Schultz on the earlier motion to compel. Judge Wright affirmed that decision, as you know, on April 24, 2018.
6. Federal has not fully responded to Requests for Admission Nos. 13-16 and 20-28.
7. Federal served its objections to FICO's Notice of 30(b)(6) deposition on April 19, 2018. (The Notice was served April 11, 2018.) Subsequently, Federal designated Henry Mirolyuz for some of the noticed topics. We continue to wait for a deposition date that works for both parties, and we continue to wait for the identification of the city in which Federal desires the deposition to be taken. Federal designated John Taylor for the remaining topics of that Notice. Mr. Taylor is also identified as the person with knowledge in response to Interrogatory No. 6. FICO prefers to schedule Mr. Taylor's deposition so the examination in response to the 30(b)(6) notice and the individual examination of Mr. Taylor can occur on the same day, or at worst, consecutive days. To that end, we are protecting July 11 on our calendars. But, as we discussed, taking the 30(b)(6) and individual deposition of Mr. Taylor on that date depends on Federal's production of documents.
8. Federal has not verified its Second Supplemental Answers to Interrogatories Nos. 2, 3, and 4.
9. Federal has not verified its Second Supplemental Answers to Interrogatories No. 6 and Supplemental Answer to Interrogatory No. 21.

Per the Court's order, prior to filing a motion to compel, the parties must send a joint email to the Court regarding the following:

1) the discovery dispute;
2) whether all parties agree to informal dispute resolution; and
3) any other information that would be helpful to the parties and the Court in resolving the dispute in a just, speedy, and inexpensive way. The Court will then schedule a conference call.

Please advise if any of these areas of disagreement are resolved by the **close of business on Tuesday, June 19**. After Federal's response, I will prepare a joint email for your review and revisions.

Heather

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Thursday, May 24, 2018 7:37 AM
**To:** Datzov, Nikola <NDatzov@fredlaw.com>
**Cc:** Heather Kliebenstein <HKliebenstein@merchantgould.com>; Friedemann, Lora <lfriedemann@fredlaw.com>; Kristin M. Drieman <KDrieman@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker <AHinderaker@merchantgould.com>; Pham, Christopher <CPham@fredlaw.com>; Fleming, Terrence <TFleming@fredlaw.com>
**Subject:** Re: Fair Isaac v. Federal

Heather - We are working on getting you the supplemental ROG responses. I will give you a call today to update you on timing.

Thanks,
Leah

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

On May 21, 2018, at 6:02 PM, Datzov, Nikola <NDatzov@fredlaw.com> wrote:

> Heather,
>
> Thank you for your follow-up email. Regarding deposition dates, the noticed topics that FICO served were impermissibly broad and required that the parties meet and confer to narrow their scope. Our client has identified two individuals to testify regarding the narrowed topics—Henry Mirolyuz will testify about topics relating to Blaze installations, and John Taylor will testify about topics relating to financial reporting and Federal and Chubb & Son's business and structure. Both witnesses are available for deposition on June 19 or 20 in New Jersey.
>
> Regarding responses to ROGs 2, 3, and 4, we plan to provide you with verified

# EXHIBIT 8

| | |
|---|---|
| **From:** | Pham, Christopher |
| **To:** | Heather Kliebenstein; Michael Erbele; Allen Hinderaker |
| **Cc:** | Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Joe Dubis, Ph.D.; Janus, Leah; Datzov, Nikola; Friedemann, Lora; Fleming, Terrence |
| **Subject:** | RE: Fair Isaac v. Federal Discovery Issues: Response Needed C.O.B. June 19 |
| **Date:** | Tuesday, June 19, 2018 5:04:20 PM |

Counsel,

We write to address the outstanding discovery issues noted in your email correspondence.

With respect to Requests for Production Nos. 30-32, the 2016 and 2017 annual statements for Federal and its U.S. subsidiaries will be produced today. FICO's requests seek gross and net revenues and gross and net profits for Federal and its subsidiaries that use the Blaze Advisor software. Federal believes that the statements are responsive to these requests, and the statements are kept in the ordinary course of business. If, after reviewing the annual statements, FICO takes the position that the documents do not completely respond to these requests, the parties should meet and confer to discuss specifically what additional information FICO seeks.

With respect to Request for Production No. 71 and Interrogatory No. 21, you state that "Federal has not provided a response as to whether it would fully respond to Doc. Req. 71 and Interrogatory No. 21 regarding modification/derivative works." This is incorrect. On June 7, 2018, Federal provided a Supplemental Response to Doc. Req. No. 71 and a Supplemental Answer to Interrogatory No. 21. To the extent FICO takes the position that the supplemental responses are not complete, the parties should meet and confer regarding the basis for FICO's position, as it has not been expressed to Federal.

With respect to Requests for Production Nos. 55-70, Federal believes that responsive documents have been produced. Nevertheless, Federal is conducting a supplemental inquiry and has yet to locate any additional non-privileged, relevant and responsive documents. To the extent Federal locates any additional non-privileged, relevant and responsive documents to these requests, it will produce such documents.

With respect to Request for Production No. 51, you state that "Federal refuses to produce documents in response to Request for Production No. 51." That is incorrect. This request seeks the production of management and service agreements "between Federal through its Chubb & Son division and each company for whom Federal through its Chubb & Son division manages that company's insurance business and provides financial advisory services" going back 11 years. By email dated May 21, 2018, Federal explained that this request "is impermissibly broad and seeks agreements from more than 11 years ago that have no apparent relationship to any Blaze functionality or the claims and defenses in this case." In addition, during a meet-and-confer, FICO's counsel that FICO would provide Federal with a sample agreement for what FICO was specifically seeking. To date, FICO has not provided any sample agreements or additional description of what agreements it is seeking. However, in an effort to avoid further dispute, Federal will provide documents it has identified as responsive in the near future.

With respect to Interrogatory Nos. 15-20, FICO seeks "the gross written premium" for Federal and related entities. Without waiving Federal's objections to these interrogatories, the statements that Federal will produce, which are kept in the ordinary course of business, will be responsive to these interrogatories. If, after reviewing the statements, FICO takes the position that the documents do not completely respond to these interrogatories, the parties should meet and confer to discuss specifically what additional information FICO seeks.

With respect to Requests for Admission Nos. 13-16 and 20-28, you state that "Federal has not fully responded" to these requests. Federal objected to the requests as including vague and ambiguous terms for which FICO agreed at the meet-and-confer to provide further clarification and definitions. However, FICO has not provided any additional clarification or definitions but asks Federal to give the terms a "fair reading." By email dated May 21, 2018, Federal's counsel advised that "if FICO believes there is a plain and ordinary meaning to the words that Federal has objected to as vague and ambiguous, some of which are part of contractual language that may need to be interpreted, it should provide such a definition. Without additional information, Federal has responded to the best of its ability." To date, FICO has not provided any further clarification or definitions.

Regarding FICO's Notice of 30(b)(6) Deposition, in late May, Federal provided the dates of June 19 and 20 for FICO's 30(b)(6) deposition. On May 30, FICO informed Federal that the proposed date did not work for FICO. On June 7, Federal provided additional dates of June 27 for designee Henry Mirolyuz and July 11 for designee John Taylor. During a meet-and-confer on June 8, FICO's counsel advised that they are not available on June 27 to depose designee Henry Mirolyuz, but planned to depose John Taylor on July 11. As a follow-up, Federal states that designee Henry Mirolyuz is available on July 24, 26, 31, or August 2 to be deposed in New Jersey. Please advise as to which of these dates work for FICO.

Regarding verified answers to Interrogatory Nos. 2, 3, 4, 6, and 21, Federal will submit the executed verification pages immediately upon receipt.

Thanks,

**Christopher D. Pham**
Senior Associate
Fredrikson & Byron, P.A.
612.492.7388
cpham@fredlaw.com
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

---

**From:** Heather Kliebenstein [mailto:HKliebenstein@merchantgould.com]
**Sent:** Friday, June 15, 2018 12:28 PM
**To:** Janus, Leah; Datzov, Nikola; Friedemann, Lora; Pham, Christopher; Fleming, Terrence
**Cc:** Kristin M. Drieman; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Michael Erbele; Joe Dubis, Ph.D.
**Subject:** Fair Isaac v. Federal Discovery Issues: Response Needed C.O.B. June 19

# EXHIBIT 9

| From: | Pham, Christopher |
|---|---|
| To: | Heather Kliebenstein; Allen Hinderaker; Michael Erbele |
| Cc: | Fleming, Terrence; Janus, Leah |
| Subject: | FICO v. Federal: Production of Documents Responsive to Request Nos. 30-32, and 51 |
| Date: | Thursday, June 28, 2018 5:44:27 PM |
| Attachments: | image001.jpg |

Counsel,

Please find below the ShareFile link of the documents produced in response to FICO's First Set of Requests for Production of Documents Nos. 30-32, and Second Set of Requests for Production of Documents No. 51.  Please let us know if you have any issues accessing the documents:

https://fredriksonandbyron.sharefile.com/d-sae10d3fbf78499cb

Thanks,



**Christopher D. Pham**
**Senior Associate**
cpham@fredlaw.com
**200 South Sixth Street**
**Suite 4000**
**Minneapolis, MN  55402**
**612-492-7388 Phone**
**612-492-7077 Fax**

**Brenda Haberman**
**Legal Assistant/Paralegal**
bhaberman@fredlaw.com

**\*\*This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (612) 492-7000. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.\*\***

**EXHIBIT 10**

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **To:** | Fleming, Terrence; Pham, Christopher; Janus, Leah; Friedemann, Lora; Datzov, Nikola |
| **Cc:** | Michael Erbele; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker |
| **Subject:** | Discovery Deficiencies |
| **Date:** | Friday, July 13, 2018 1:55:00 PM |

Counsel,

I write to finalize the parties' positions regarding the remaining discovery disputes. As an initial matter, there are some formatting issues with FED013520_0001. Can you review that document and produce a different version?

The following summary is not exhaustive, but addresses the points we continue to negotiate.

### FICO's Request for Production Nos. 30-32

These requests sought summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used for each quarter from January 2016 to present. In response, Federal produced the 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries. There are no financials reports related to the UK or Australian uses of Blaze Advisor® software. These statements do not show quarterly revenues. Significantly, these statements no not show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used. Indeed, Federal concedes these documents do not show revenues and profits from the products and services of all lines of business for which Blaze Advisor® software is and has been used. Federal hedged its response stating "[t]o the extent Federal determines a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly."

FICO requires a document production that is responsive to the requests. Federal has a duty not to simply provide reports it has on the shelf, but to review the data it keeps as a company and provide it in a way that is responsive to these requests.

The financial report from Canada suffers from the same deficiencies.

### FICO's Request for Production No. 51

This Request seeks production of management and service agreements "between Federal through its Chubb & Son division and each company for whom Federal through its Chubb & Son division manages that company's insurance business and provides financial advisory services." To date, Federal produced the service or management agreement with each US subsidiary of Federal plus the agreements with Canada and Australia. Please produce the management and service agreement with Chubb Europe (UK) or confirm that one does not exist.

### FICO's Request for Production Nos. 55-70

These Requests seek documents "relating to the decision to implement" the Blaze-containing applications identified in Federal's Supplemental Answer to Interrogatory No. 4, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]." Federal has not produced documents responsive to these Requests. This is self-evident given Federal's custodian list includes only technical witnesses and counsel. None of the custodians against whom Federal collected documents has a product manager or related role directed to sales. Federal's obligation is to collect and produce documents responsive to FICO's requests. The fact that Federal may have produced what it has from a narrow, non-responsive collection is meaningless.

### FICO's Interrogatory Nos. 15-20

Federal has not provided sufficient responses to these interrogatories. Interrogatory Nos. 15-17 seek an identification of the gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used. Interrogatory Nos. 15 and 16 request historical information for 2002-2006 and 2007-2012. Federal's production of annual statements for 2016 and 2017 are not responsive.

And, as stated in connection with RFP's 30-32, annual statements are not responsive to these interrogatories that seek the gross written premium on all insurance policies in connection with which Blaze Advisor® software is and has been used. The interrogatories require Federal not simply to provide off the shelf reports, but to answer the interrogatories through investigating the data and information in Federal's custody, control or possession. It is not the case that FICO can as readily as Federal determine the information requested by these interrogatories from the reports provided.

Further, Interrogatory Nos. 18-20 seek the gross written premium for all insurance policies in connection with which Blaze Advisor® software has and is used for companies in the U.K., Canada, and elsewhere in the world. The single financial report of Chubb Canada is not responsive for the reasons stated.

We understand the parties disagree on the sufficiency of the responses to FICO's Request for Admission Nos. 13-16 and 20-28.

Heather

**Heather Kliebenstein**
Partner
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 371-5213
**Fax** (612) 332-9081
**Email** hkliebenstein@merchantgould.com
**merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Please consider the environment before printing this email. Thank you.