**EXHIBIT 11**

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **Sent:** | Thursday, July 19, 2018 10:31 AM |
| **To:** | Fleming, Terrence; Pham, Christopher; Janus, Leah; Friedemann, Lora; Datzov, Nikola |
| **Cc:** | Michael Erbele; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker |
| **Subject:** | RE: Discovery Deficiencies |

Counsel, it has been a week with no response.  Please advise as to the status of our requests.

Heather

**From:** Heather Kliebenstein
**Sent:** Friday, July 13, 2018 1:55 PM
**To:** 'Fleming, Terrence' <TFleming@fredlaw.com>; 'Pham, Christopher' <CPham@fredlaw.com>; 'Janus, Leah' <LJanus@fredlaw.com>; Friedemann, Lora <lfriedemann@fredlaw.com>; Datzov, Nikola <NDatzov@fredlaw.com>
**Cc:** Michael Erbele <MErbele@MerchantGould.com>; Carol A. Nystrom <CNystrom@merchantgould.com>; '15081.0008USZA.active@ef.merchantgould.com' <15081.0008USZA.active@ef.merchantgould.com>; Allen Hinderaker <AHinderaker@merchantgould.com>
**Subject:** Discovery Deficiencies

Counsel,

I write to finalize the parties' positions regarding the remaining discovery disputes.  As an initial matter, there are some formatting issues with FED013520_0001.  Can you review that document and produce a different version?

The following summary is not exhaustive, but addresses the points we continue to negotiate.

**FICO's Request for Production Nos. 30-32**

These requests sought summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used for each quarter from January 2016 to present.  In response, Federal produced the 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries.  There are no financials reports related to the UK or Australian uses of Blaze Advisor® software.  These statements do not show quarterly revenues.  Significantly, these statements no not show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used.  Indeed, Federal concedes these documents do not show revenues and profits from the products and services of all lines of business for which Blaze Advisor® software is and has been used.  Federal hedged its response stating "[t]o the extent Federal determines a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly."

FICO requires a document production that is responsive to the requests.  Federal has a duty not to simply provide reports it has on the shelf, but to review the data it keeps as a company and provide it in a way that is responsive to these requests.

The financial report from Canada suffers from the same deficiencies.

**FICO's Request for Production No. 51**

This Request seeks production of management and service agreements "between Federal through its Chubb & Son division and each company for whom Federal through its Chubb & Son division manages that company's insurance business and provides financial advisory services."  To date, Federal produced the service or management agreement with each US subsidiary of Federal plus the agreements with Canada and Australia.  Please produce the management and service agreement with Chubb Europe (UK) or confirm that one does not exist.

**EXHIBIT 12**

| | |
|---|---|
| **From:** | Pham, Christopher |
| **To:** | Heather Kliebenstein; Michael Erbele; Allen Hinderaker |
| **Cc:** | Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Janus, Leah; Fleming, Terrence |
| **Subject:** | RE: Discovery Deficiencies |
| **Date:** | Friday, July 20, 2018 4:03:55 PM |

Counsel,

Here is a ShareFile link for a different version of FED013520_0001. Please let me know if there are any formatting issues.

https://fredriksonandbyron.sharefile.com/d-s13430654fb74b498

### FICO's Request for Production Nos. 30-32

Federal's obligation is to produce documents as they are kept in the usual course of business. Federal is not obligated to create new summary reports or documents that are not already in its current possession, custody or control. The 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries, and the 2016 and 2017 financial reports for Canada, are documents that are kept in the usual course of business. Federal is working to produce financial reports related to the UK and Australia entities.

That said, Federal continues to search for documents in its possession, custody, or control that show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used. Discovery is continuing, and Federal will produce responsive documents that are kept in the usual course of business, to the extent such documents already exist.

### FICO's Request for Production No. 51

We have a request out to our client to confirm whether a management/service agreement exists for the Chubb entity in Europe (UK). We will advise immediately once we hear back.

### FICO's Request for Production Nos. 55-70

You contention that Federal's custodian list includes only technical witnesses and counsel is incorrect. Henry Mirolyuz, Federal's 30(b)(6) deposition designee, is more of a project manager than merely a technical witness. Mr. Mirolyuz has conducted a diligent search for documents responsive to these requests and has been unable to locate any to date.

### FICO's Interrogatory Nos. 15-20

See Federal's above response regarding FICO's Request for Production Nos. 30-32.

Thanks,

**Christopher D. Pham**

Fredrikson & Byron, P.A.
612.492.7388
cpham@fredlaw.com
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

---

**From:** Heather Kliebenstein [mailto:HKliebenstein@merchantgould.com]
**Sent:** Thursday, July 19, 2018 10:31 AM
**To:** Fleming, Terrence; Pham, Christopher; Janus, Leah; Friedemann, Lora; Datzov, Nikola
**Cc:** Michael Erbele; Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Allen Hinderaker
**Subject:** RE: Discovery Deficiencies

Counsel, it has been a week with no response.  Please advise as to the status of our requests.

Heather

---

**From:** Heather Kliebenstein
**Sent:** Friday, July 13, 2018 1:55 PM
**To:** 'Fleming, Terrence' <TFleming@fredlaw.com>; 'Pham, Christopher' <CPham@fredlaw.com>; 'Janus, Leah' <LJanus@fredlaw.com>; Friedemann, Lora <lfriedemann@fredlaw.com>; Datzov, Nikola <NDatzov@fredlaw.com>
**Cc:** Michael Erbele <MErbele@MerchantGould.com>; Carol A. Nystrom <CNystrom@merchantgould.com>; '15081.0008USZA.active@ef.merchantgould.com' <15081.0008USZA.active@ef.merchantgould.com>; Allen Hinderaker <AHinderaker@merchantgould.com>
**Subject:** Discovery Deficiencies

Counsel,

I write to finalize the parties' positions regarding the remaining discovery disputes.  As an initial matter, there are some formatting issues with FED013520_0001.  Can you review that document and produce a different version?

The following summary is not exhaustive, but addresses the points we continue to negotiate.

<u>**FICO's Request for Production Nos. 30-32**</u>

These requests sought summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used for each quarter from January 2016 to present.  In response, Federal produced the 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries.  There are no financials reports related to the UK or Australian uses of Blaze Advisor® software.  These statements do not show quarterly revenues.  Significantly, these statements no not show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used.  Indeed, Federal concedes these documents do not show revenues and profits from the products and services of all lines of business for which Blaze Advisor® software is and has been used.  Federal hedged its response stating "[t]o the extent Federal determines a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly."

FICO requires a document production that is responsive to the requests.  Federal has a duty not to simply provide reports it has on the shelf, but to review the data it keeps as a company and provide it in a way

# EXHIBIT 13

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **To:** | "Pham, Christopher" |
| **Cc:** | Carol A. Nystrom; "15081.0008USZA.active@ef.merchantgould.com"; "Janus, Leah"; "Fleming, Terrence"; Michael Erbele; Allen Hinderaker |
| **Subject:** | RE: Discovery Deficiencies |
| **Date:** | Wednesday, August 1, 2018 11:14:00 AM |

Chris, here is a draft email regarding the discovery disputes for the Court.  You will note FICO has agreed to the informal dispute resolution procedure.  Thank you for your attention to this matter.

Best,

Heather

*****

Dear Magistrate Judge Schultz,

Pursuant to the Second Amended Pretrial Scheduling Order, Dkt. 111 at 3, the parties submit this joint email to chambers regarding their outstanding discovery disputes.

**FICO's Request for Production Nos. 30-32**

- **FICO's position:** The Court ordered Federal to respond fully to FICO's Request for Production Nos. 30-32, which seek summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Federal's response is deficient in two manners.  First, Federal has produced no information for the UK and Australia.  Second, Federal produced the 2016 and 2017 U.S. and Canadian annual statements of Federal and 11 of Federal's U.S. subsidiaries. Federal's production does not comply with the Court's Order. Each request is tailored to seek not simply "annual statements" as Federal produced, but rather summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. The "annual statements" are also deficient because they do not show quarterly revenues for the various requested time periods as sought by the Requests. Federal has a duty under this Court's Order and the Rules to fully respond.  The fact the document requests (quite naturally) do not align with the records Federal keeps in the ordinary course of business is not an excuse.  Federal must review the data it keeps as a company and provide it in a way that is responsive to these requests.

- **Federal's position:** Federal's obligation is to produce documents as they are kept in the usual course of business.  Federal is not obligated to create new summary reports or documents that are not already in its current possession, custody or control. The 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries, and the 2016 and 2017 financial reports for Canada, are documents that are kept in the usual course of business. Federal is working to produce financial reports related to the UK and Australia entities. That said, Federal continues to search for documents in its possession, custody, or control that show revenues and profits derived from the products and services in connection

with which Blaze Advisor® is and has been used. Discovery is continuing, and Federal will produce responsive documents that are kept in the usual course of business, to the extent such documents already exist.

Pursuant to the Second Amended Pretrial Scheduling Order, the parties agree to informal dispute resolution regarding this issue.

## FICO's Request for Production Nos. 55-70

- **FICO's position:** These Requests seek documents "relating to the decision to implement" the Blaze-containing applications identified in Federal's Supplemental Answer to Interrogatory No. 4, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]." Federal has not produced documents related to the business benefits derived from any Blaze-containing application, let alone every Blaze-containing application. Federal contends it has produced all responsive documents it has located, but Federal has only searched the files of custodians who are technical, IT focused witnesses in response to this request. Specifically, Federal has stated that it searched the files of Federal employee Henry Mirolyuz for responsive documents, and found no additional documents. But Mr. Mirolyuz is an IT application architect—a technical witness. As learned in his July 31 deposition, Mr. Mirolyuz does not make business decisions about what applications to create and does not know whom the business persons are that do; he received project direction from his superior in IT and professed to have no contact with the business decision makers. Federal should conduct an investigation of the files of its employees that focus on business and sales, not simply IT/technical witnesses, but it refuses to do so. The fact that Federal may have produced what it has from a narrow, non-responsive collection is meaningless.

- **Federal's position:** FICO's contention that Federal's custodian list includes only technical witnesses and counsel is incorrect. Henry Mirolyuz, Federal's 30(b)(6) deposition designee, is more of a project manager than merely a technical witness. Mr. Mirolyuz has conducted a diligent search for documents responsive to these requests and has been unable to locate any to date.

The parties agree to informal dispute resolution regarding this issue.

## FICO's Interrogatory Nos. 15-20

- **FICO's position:** Interrogatory Nos. 15-17 seek the gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used. Interrogatory No. 15 seeks this information for each year from 2001-2006; Interrogatory No. 16 seeks this information for the each year from 2007-2012; and Interrogatory No. 17 seeks this information for each quarter from March 30, 2016 to the present. Federal has not provided sufficient answers to these interrogatories, which seek similar categories of revenue information as Federal was previously ordered to produce. Federal's production of annual statements for 2016 and 2017 are not responsive. As stated

in connection with Request for Production Nos. 30-32, annual statements are not responsive to the interrogatories that seek the gross written premium on all insurance policies in connection with which Blaze Advisor® software is and has been used. The interrogatories require Federal not simply to provide off the shelf reports, but to answer the interrogatories through investigating the data and information in Federal's custody, control or possession.  It is not the case that FICO can as readily as Federal determine the information requested by these interrogatories from the reports provided. Further, Interrogatory Nos. 18-20 seek the quarterly gross written premium for companies in the U.K., Canada, and elsewhere in the world that have used the Blaze Advisor® software from the date of first use to the present. The single financial report of Chubb Canada is not responsive to Interrogatory Nos. 18-20 for the reasons stated with respect to Request for Production Nos. 30-32.

- **Federal's position:** *See* Federal's position with respect to Request for Production Nos. 30-32. Federal has produced documents in response to FICO's Request for Production Nos. 30-32. These documents are sufficient to answer Interrogatory Nos. 15-20 because they show "the gross written premium" for Federal and related entities.

The parties agree to informal dispute resolution regarding this issue.

### FICO's Request for Admission Nos. 13-16 and 20-28

- **FICO's position:** Federal objected to these Requests on the basis that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" used therein are vague and ambiguous. In response, Federal re-wrote the Requests and gave partial answers in response to the re-written Requests. These partial answers are deficient. Federal should give complete responses to these Requests, and in doing so should give the disputed terms their plain and ordinary meaning. Ambiguity objections are improper where the objected to terms have "ordinary, plain meaning[s]s, particularly in the context of the [Interrogatories]." *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 U.S. Dist. LEXIS 200627, at *28 (C.D. Cal. Sep. 9, 2013). Here, these phrases are defined in the dictionary and in case law, and thus are not ambiguous. Fed. R. Civ. P. 36(a)(1)(A); *see also FTC v. Think All Publ'g L.L.C.*, No. 4:07-cv-011, 2008 U.S. Dist. LEXIS 18561, at *9 (E.D. Tex. Mar. 11, 2008) (overruling objections to Requests for Admission where party claimed legal term was vague and ambiguous).

- **Federal's position:** Federal maintains its objections that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are vague and ambiguous. Federal is unable to answer the Requests unless FICO provides further clarification regarding the meaning of these terms.

The parties agree to informal dispute resolution regarding this issue.

The parties are available for a joint conference call with the Court on Friday, August 3 to discuss these issues more fully.

**EXHIBIT 14**

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **Sent:** | Monday, August 6, 2018 10:00 AM |
| **To:** | 'Pham, Christopher' |
| **Cc:** | Carol A. Nystrom; '15081.0008USZA.active@ef.merchantgould.com'; 'Janus, Leah'; 'Fleming, Terrence'; Michael Erbele; Allen Hinderaker |
| **Subject:** | RE: Discovery Deficiencies |
| **Attachments:** | FED007848_0001_image.pdf |

Chris, following up on this issue.  When can we expect to receive a response?

Further, can you provide the attachment to the enclosed email that was produced during discovery?

Thank you,

Heather

**From:** Heather Kliebenstein
**Sent:** Wednesday, August 1, 2018 11:15 AM
**To:** 'Pham, Christopher' <CPham@fredlaw.com>
**Cc:** Carol A. Nystrom <CNystrom@merchantgould.com>; 15081.0008USZA.active@ef.merchantgould.com; Janus, Leah <LJanus@fredlaw.com>; Fleming, Terrence <TFleming@fredlaw.com>; Michael Erbele <MErbele@MerchantGould.com>; Allen Hinderaker <AHinderaker@merchantgould.com>
**Subject:** RE: Discovery Deficiencies

Chris, here is a draft email regarding the discovery disputes for the Court.  You will note FICO has agreed to the informal dispute resolution procedure.  Thank you for your attention to this matter.

Best,

Heather

*****

Dear Magistrate Judge Schultz,

Pursuant to the Second Amended Pretrial Scheduling Order, Dkt. 111 at 3, the parties submit this joint email to chambers regarding their outstanding discovery disputes.

**FICO's Request for Production Nos. 30-32**

- **FICO's position:** The Court ordered Federal to respond fully to FICO's Request for Production Nos. 30-32, which seek summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Federal's response is deficient in two manners.  First, Federal has produced no information for the UK and Australia.  Second, Federal produced the 2016 and 2017 U.S. and Canadian annual statements of Federal and 11 of Federal's U.S. subsidiaries. Federal's production does not comply with the Court's Order. Each request is tailored to seek not simply "annual statements" as Federal produced, but rather summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. The "annual statements" are also deficient because they do not show quarterly revenues for the various requested time periods as sought by the Requests. Federal has a duty under this Court's Order and the Rules to fully

1

**EXHIBIT 15**

| From: | Pham, Christopher |
|---|---|
| To: | Heather Kliebenstein |
| Cc: | Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Janus, Leah; Fleming, Terrence; Michael Erbele; Allen Hinderaker; Kristin M. Drieman |
| Subject: | RE: Discovery Deficiencies |
| Date: | Friday, August 10, 2018 3:02:37 PM |

Heather,

We plan to produce the attachment to the below-identified email early next week.

Please see our response below with edits in red:

**FICO's Request for Production Nos. 30-32**

- **FICO's position:** The Court ordered Federal to respond fully to FICO's Request for Production Nos. 30-32, which seek summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Federal's response is deficient in two manners. First, Federal has produced no information for the UK and Australia. Second, Federal produced the 2016 and 2017 U.S. and Canadian annual statements of Federal and 11 of Federal's U.S. subsidiaries. Federal's production does not comply with the Court's Order. Each request is tailored to seek not simply "annual statements" as Federal produced, but rather summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. The "annual statements" are also deficient because they do not show quarterly revenues for the various requested time periods as sought by the Requests. Federal has a duty under this Court's Order and the Rules to fully respond. The fact the document requests (quite naturally) do not align with the records Federal keeps in the ordinary course of business is not an excuse. Federal must review the data it keeps as a company and provide it in a way that is responsive to these requests.

- **Federal's position:** Federal's obligation is to produce documents as they are kept in the usual course of business. Federal is not obligated to create new summary reports or documents that are not already in its current possession, custody or control. The 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries, and the 2016 and 2017 financial reports for Canada, are documents that are kept in the usual course of business. Federal has recently produced the 2017 annual statement for the Europe entity. Federal is working to produce financial reports related to ~~the UK and~~ Australia entity and anticipate doing so early next week. Federal continues to search for documents in its possession, custody, or control that show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used. Discovery is continuing, and Federal will produce responsive documents that are kept in the usual course of business, to the extent such documents already exist.

Pursuant to the Second Amended Pretrial Scheduling Order, the parties agree to informal dispute resolution regarding this issue.

**FICO's Request for Production Nos. 55-70**

- **FICO's position:** These Requests seek documents "relating to the decision to implement" the Blaze-containing applications identified in Federal's Supplemental Answer to Interrogatory No. 4, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]." Federal has not produced documents related to the business benefits derived from any Blaze-containing application, let alone every Blaze-containing application. Federal contends it has produced all responsive documents it has located, but Federal has only searched the files of custodians who are technical, IT focused witnesses in response to this request. Specifically, Federal has stated that it searched the files of Federal employee Henry Mirolyuz for responsive documents, and found no additional documents. But Mr. Mirolyuz is an IT application architect—a technical witness. As learned in his July 31 deposition, Mr. Mirolyuz does not make business decisions about what applications to create and does not know whom the business persons are that do; he received project direction from his superior in IT and professed to have no contact with the business decision makers. Federal should conduct an investigation of the files of its employees that focus on business and sales, not simply IT/technical witnesses, but it refuses to do so. The fact that Federal may have produced what it has from a narrow, non-responsive collection is meaningless.

- **Federal's position:** FICO's contention that Federal's custodian list includes only technical witnesses and counsel is incorrect. Henry Mirolyuz, Federal's 30(b)(6) deposition designee, is more of a project manager than merely a technical witness, which is reflected in his resume providing his background and experience. FICO requests documents "relating to the decision to implement" the Blaze-containing applications. These decisions were made long ago, and the personnel involved in that decision-making are no longer employed with Federal. Mr. Mirolyuz is the only remaining employee who has familiarity with the decision to implement Blaze use with certain applications. Mr. Mirolyuz has conducted a diligent search for documents responsive to these requests and has been unable to locate any to date.

The parties agree to informal dispute resolution regarding this issue.

**FICO's Interrogatory Nos. 15-20**

- **FICO's position:** Interrogatory Nos. 15-17 seek the gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used. Interrogatory No. 15 seeks this information for each year from 2001-2006; Interrogatory No. 16 seeks this information for the each year from 2007-2012; and Interrogatory No. 17 seeks this information for each quarter from March 30, 2016 to the present. Federal has not provided sufficient answers to these interrogatories, which seek similar categories of revenue information as Federal was previously ordered to produce. Federal's production of annual statements for 2016 and 2017 are not responsive. As stated in connection with Request for Production Nos. 30-32, annual statements are not responsive

to the interrogatories that seek the gross written premium on all insurance policies in connection with which Blaze Advisor® software is and has been used. The interrogatories require Federal not simply to provide off the shelf reports, but to answer the interrogatories through investigating the data and information in Federal's custody, control or possession.  It is not the case that FICO can as readily as Federal determine the information requested by these interrogatories from the reports provided. Further, Interrogatory Nos. 18-20 seek the quarterly gross written premium for companies in the U.K., Canada, and elsewhere in the world that have used the Blaze Advisor® software from the date of first use to the present. The single financial report of Chubb Canada is not responsive to Interrogatory Nos. 18-20 for the reasons stated with respect to Request for Production Nos. 30-32.

- **Federal's position:** *See* Federal's position with respect to Request for Production Nos. 30-32. Federal has produced documents in response to FICO's Request for Production Nos. 30-32. These documents are sufficient to answer Interrogatory Nos. 15-20 because they show "the gross written premium" for Federal and related entities.

The parties agree to informal dispute resolution regarding this issue.

### FICO's Request for Admission Nos. 13-16 and 20-28

- **FICO's position:** Federal objected to these Requests on the basis that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" used therein are vague and ambiguous. In response, Federal re-wrote the Requests and gave partial answers in response to the re-written Requests. These partial answers are deficient. Federal should give complete responses to these Requests, and in doing so should give the disputed terms their plain and ordinary meaning. Ambiguity objections are improper where the objected to terms have "ordinary, plain meaning[s]s, particularly in the context of the [Interrogatories]." *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 U.S. Dist. LEXIS 200627, at *28 (C.D. Cal. Sep. 9, 2013). Here, these phrases are defined in the dictionary and in case law, and thus are not ambiguous. Fed. R. Civ. P. 36(a)(1)(A); *see also FTC v. Think All Publ'g L.L.C.*, No. 4:07-cv-011, 2008 U.S. Dist. LEXIS 18561, at *9 (E.D. Tex. Mar. 11, 2008) (overruling objections to Requests for Admission where party claimed legal term was vague and ambiguous).

- **Federal's position:** Federal maintains its objections that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are vague and ambiguous. Federal is unable to answer the Requests unless FICO provides further clarification regarding the meaning of these terms.  Indeed, "[a] party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) (*citing Fulhorst v. United Tech. Auto., Inc.*, No. 96–577, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997); *see e.g., Arroyo v. Adams*, No. 1:11–cv–01186–AWI–DLB, 2014 WL 109494, at*5 (E.D.Ca. Jan. 10, 2014) (denying motion to compel where admission request included vague, undefined terms).  Requests for admission are not a discovery device, but rather a "procedure for obtaining admissions for the record of facts already known." *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375–76 (S.D.N.Y. 1989)

(quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2253 (1970)).  As such they are not intended to establish facts in dispute or questions of law.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. CV 10-4948 JRT/AJB, 2013 WL 12155269, at *1–2 (D. Minn. Oct. 1, 2013) (citing *Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997)).  For these reasons, requests for admissions must be simple, clear and direct such that the responding party can admit or deny without explanation.  *See Dubin*, 125 F.R.D. at 375, *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y. 2003).  Minnesota courts have similarly found other common words, all readily found in a dictionary, to be ambiguous in the context of the case and the Request propounded.  For instance, in *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, this Court found that asking whether an individual was acting as a "representative" of the Defendants was ambiguous, because it could have various meanings in this context.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2011 WL 13135650, at *9 (D. Minn. Mar. 3, 2011), *aff'd,* No. 09-CV-3037-SRN-LIB, 2011 WL 1486033 (D. Minn. Apr. 19, 2011).  Furthermore, this Court found that, as in *Donaldson*, the question was an inappropriate attempt to admit a fact in dispute. *Id.*  Elsewhere, courts have found that the word "associated," was impermissibly ambiguous in the context of a Request seeking admission that two car features were different, "even when the system structure and software **associated** with the two features are identical." *Fulhorst v. United Techs. Auto., Inc.,* No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997) (finding that Plaintiffs need not respond to the request because it could not be admitted or denied with minimal explanation).

The parties agree to informal dispute resolution regarding this issue.

The parties are available for a joint conference call with the Court on [insert a date that works] to discuss these issues more fully.

Thanks,

**Christopher D. Pham**
Fredrikson & Byron, P.A.
612.492.7388
cpham@fredlaw.com
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425

---

**From:** Heather Kliebenstein [mailto:HKliebenstein@merchantgould.com]
**Sent:** Monday, August 06, 2018 10:00 AM
**To:** Pham, Christopher
**Cc:** Carol A. Nystrom; 15081.0008USZA.active@ef.merchantgould.com; Janus, Leah; Fleming, Terrence; Michael Erbele; Allen Hinderaker
**Subject:** RE: Discovery Deficiencies

Chris, following up on this issue.  When can we expect to receive a response?

**EXHIBIT 16**

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **To:** | "Schultzchambers@mnd.uscourts.gov" |
| **Cc:** | Allen Hinderaker; "Pham, Christopher"; "Janus, Leah"; "Fleming, Terrence"; Michael Erbele; Carol A. Nystrom; Kristin M. Drieman |
| **Subject:** | Discovery Dispute Summary (Fair Isaac Corp. v. Federal Insurance Co., Civil No. 16-1054) |
| **Date:** | Monday, August 20, 2018 5:08:00 PM |

Dear Judge Schultz,

Pursuant to the Court's June 14, 2018 Second Amended Pretrial Scheduling Order (Doc. No. 111), the parties jointly request an informal conference with the Court regarding the following discovery disputes.

### FICO's Request for Production Nos. 30-32

- **FICO's position:** The Court ordered Federal to respond fully to FICO's Request for Production Nos. 30-32, which seek summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Federal's response is deficient in two manners. First, Federal has not produced relevant information for the UK and Australia. Second, Federal produced the 2016 and 2017 U.S. and Canadian annual statements of Federal and 11 of Federal's U.S. subsidiaries. Federal's production does not comply with the Court's Order. Each request is tailored to seek not simply "annual statements" as Federal produced, but rather summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. The "annual statements" are also deficient because they do not show quarterly revenues for the various requested time periods as sought by the Requests. Federal has a duty under this Court's Order and the Rules to fully respond. The fact the document requests (quite naturally) do not align with the records Federal keeps in the ordinary course of business is not an excuse. Federal must review the data it keeps as a company and provide it in a way that is responsive to these requests.

- **Federal's position:** Federal's obligation is to produce documents as they are kept in the usual course of business. Federal is not obligated to create new summary reports or documents that are not already in its current possession, custody or control. The 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries, and the 2016 and 2017 financial reports for Canada, are documents that are kept in the usual course of business. Federal has recently produced the 2017 annual statement for the Europe entity. Federal is working to produce financial reports related to Australia entity and anticipate doing so early next week. Federal continues to search for documents in its possession, custody, or control that show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used. Discovery is continuing, and Federal will produce responsive documents that are kept in the usual course of business, to the extent such documents already exist.

Pursuant to the Second Amended Pretrial Scheduling Order, the parties agree to informal dispute resolution regarding this issue.

**FICO's Request for Production Nos. 55-70**

- **FICO's position:** These Requests seek documents "relating to the decision to implement" the Blaze-containing applications identified in Federal's Supplemental Answer to Interrogatory No. 4, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]." Federal has not produced documents related to the business benefits derived from any Blaze-containing application, let alone every Blaze-containing application. Federal contends it has produced all responsive documents it has located, but Federal has only searched the files of custodians who are technical, IT focused witnesses in response to this request. Specifically, Federal has stated that it searched the files of Federal employee Henry Mirolyuz for responsive documents, and found no additional documents. But Mr. Mirolyuz is an IT application architect—a technical witness. As learned in his July 31 deposition, Mr. Mirolyuz does not make business decisions about what applications to create and does not know whom the business persons are that do; he received project direction from his superior in IT and professed to have no contact with the business decision makers. Federal should conduct an investigation of the files of its employees that focus on business and sales, not simply IT/technical witnesses, but it refuses to do so. The fact that Federal may have produced what it has from a narrow, non-responsive collection is meaningless.

- **Federal's position:** FICO's contention that Federal's custodian list includes only technical witnesses and counsel is incorrect. Henry Mirolyuz, Federal's 30(b)(6) deposition designee, is more of a project manager than merely a technical witness, which is reflected in his resume providing his background and experience. FICO requests documents "relating to the decision to implement" the Blaze-containing applications. These decisions were made long ago, and the personnel involved in that decision-making are no longer employed with Federal. Mr. Mirolyuz is the only remaining employee who has familiarity with the decision to implement Blaze use with certain applications. Mr. Mirolyuz has conducted a diligent search for documents responsive to these requests and has been unable to locate any to date.

The parties agree to informal dispute resolution regarding this issue.

**FICO's Interrogatory Nos. 15-20**

- **FICO's position:** Interrogatory Nos. 15-17 seek the gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used. Interrogatory No. 15 seeks this information for each year from 2001-2006; Interrogatory No. 16 seeks this information for the each year from 2007-2012; and Interrogatory No. 17 seeks this information for each quarter from March 30, 2016 to the present. Federal has not provided sufficient answers to these interrogatories, which seek similar categories of revenue information as Federal was previously ordered to produce. Federal's production of annual statements for 2016 and 2017 are not responsive. As stated in connection with Request for Production Nos. 30-32, annual statements are not responsive

to the interrogatories that seek the gross written premium on all insurance policies in connection with which Blaze Advisor® software is and has been used. The interrogatories require Federal not simply to provide off the shelf reports, but to answer the interrogatories through investigating the data and information in Federal's custody, control or possession.  It is not the case that FICO can as readily as Federal determine the information requested by these interrogatories from the reports provided. Further, Interrogatory Nos. 18-20 seek the quarterly gross written premium for companies in the U.K., Canada, and elsewhere in the world that have used the Blaze Advisor® software from the date of first use to the present. The single financial report of Chubb Canada is not responsive to Interrogatory Nos. 18-20 for the reasons stated with respect to Request for Production Nos. 30-32.

- **Federal's position:** *See* Federal's position with respect to Request for Production Nos. 30-32. Federal has produced documents in response to FICO's Request for Production Nos. 30-32. These documents are sufficient to answer Interrogatory Nos. 15-20 because they show "the gross written premium" for Federal and related entities.

The parties agree to informal dispute resolution regarding this issue.

## FICO's Request for Admission Nos. 13-16 and 20-28

- **FICO's position:** Federal objected to these Requests on the basis that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" used therein are vague and ambiguous. In response, Federal re-wrote the Requests and gave partial answers in response to the re-written Requests. These partial answers are deficient. Federal should give complete responses to these Requests, and in doing so should give the disputed terms their plain and ordinary meaning. Ambiguity objections are improper where the objected to terms have "ordinary, plain meaning[s]s, particularly in the context of the [Interrogatories]." *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 U.S. Dist. LEXIS 200627, at *28 (C.D. Cal. Sep. 9, 2013). Here, these phrases are defined in the dictionary and in case law, and thus are not ambiguous. Fed. R. Civ. P. 36(a)(1)(A); *see also FTC v. Think All Publ'g L.L.C.*, No. 4:07-cv-011, 2008 U.S. Dist. LEXIS 18561, at *9 (E.D. Tex. Mar. 11, 2008) (overruling objections to Requests for Admission where party claimed legal term was vague and ambiguous).

- **Federal's position:** Federal maintains its objections that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are vague and ambiguous. Federal is unable to answer the Requests unless FICO provides further clarification regarding the meaning of these terms.  Indeed, "[a] party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) (*citing Fulhorst v. United Tech. Auto., Inc.*, No. 96–577, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997); *see e.g., Arroyo v. Adams*, No. 1:11–cv–01186–AWI–DLB, 2014 WL 109494, at*5 (E.D.Ca. Jan. 10, 2014) (denying motion to compel where admission request included vague, undefined terms).  Requests for admission are not a discovery device, but rather a "procedure for obtaining admissions for the record of facts already known."  *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375–76 (S.D.N.Y. 1989)

(quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2253 (1970)).  As such they are not intended to establish facts in dispute or questions of law.  *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. CV 10-4948 JRT/AJB, 2013 WL 12155269, at *1–2 (D. Minn. Oct. 1, 2013) (citing *Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997)).  For these reasons, requests for admissions must be simple, clear and direct such that the responding party can admit or deny without explanation.  *See Dubin,* 125 F.R.D. at 375, *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y. 2003).  Minnesota courts have similarly found other common words, all readily found in a dictionary, to be ambiguous in the context of the case and the Request propounded.  For instance, in *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC,* this Court found that asking whether an individual was acting as a "representative" of the Defendants was ambiguous, because it could have various meanings in this context.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC,* No. CV 09-3037 (SRN/LIB), 2011 WL 13135650, at *9 (D. Minn. Mar. 3, 2011), *aff'd,* No. 09-CV-3037-SRN-LIB, 2011 WL 1486033 (D. Minn. Apr. 19, 2011).  Furthermore, this Court found that, as in *Donaldson,* the question was an inappropriate attempt to admit a fact in dispute.  *Id.*  Elsewhere, courts have found that the word "associated," was impermissibly ambiguous in the context of a Request seeking admission that two car features were different, "even when the system structure and software **associated** with the two features are identical." *Fulhorst v. United Techs. Auto., Inc.,* No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997) (finding that Plaintiffs need not respond to the request because it could not be admitted or denied with minimal explanation).

The parties agree to informal dispute resolution regarding this issue.

The parties are available for a joint conference call with the Court at the following times to discuss these issues more fully.
- Tuesday, 8/21 after 2:00 p.m.
- Monday, 8/27 after 2:00 p.m.
- Tuesday, 8/28 after 9:30 a.m.
- Wednesday, 8/29 between 9:30 a.m.-12:00 p.m. or 4:00-5:00 p.m.

Thank you,

Heather

**Heather Kliebenstein**
Partner
Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 371-5213
**Fax** (612) 332-9081
**Email** hkliebenstein@merchantgould.com
**merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Please consider the environment before printing this email. Thank you.

# EXHIBIT 17

| From: | Pham, Christopher |
|---|---|
| To: | Allen Hinderaker; Heather Kliebenstein; Michael Erbele |
| Cc: | Fleming, Terrence; Janus, Leah |
| Subject: | FICO v. Federal - Federal"s Supplemental Answers to FICO"s Interrogatory Nos. 17-20 |
| Date: | Friday, October 26, 2018 5:29:30 PM |
| Attachments: | image001.jpg |
| | FICO v. Federal - Certificate of Service re Federal"s Supplemental Answers to FICO"s ROGS 17-20.pdf |
| | FICO v. Federal - Federal"s Supplemental Answer to FICO"s ROG 17.pdf |
| | FICO v. Federal - Federal"s Supplemental Answer to FICO"s ROG 18.pdf |
| | FICO v. Federal - Federal"s Supplemental Answer to FICO"s ROG 19.pdf |
| | FICO v. Federal - Federal"s Supplemental Answer to FICO"s ROG 20.pdf |

Counsel,

Please find attached and served upon you, Federal's Supplemental Answers to FICO's Interrogatory Nos. 17-20.

Thanks,



**Christopher D. Pham**
**cpham@fredlaw.com**
**200 South Sixth Street**
**Suite 4000**
**Minneapolis, MN  55402**
**612-492-7388 Phone**
**612-492-7077 Fax**

**Brenda Haberman**
**Legal Assistant/Paralegal**
**bhaberman@fredlaw.com**

**\*\*This is a transmission from the law firm of Fredrikson & Byron, P.A. and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (612) 492-7000. The name and biographical data provided above are for informational purposes only and are not intended to be a signature or other indication of an intent by the sender to authenticate the contents of this electronic message.\*\***

**EXHIBIT 18**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

        Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

To:    Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
        Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

        Defendant Federal Insurance Company ("Federal"), for its Responses to Plaintiff's

First Set of Requests for Production of Documents, states and alleges as follows:

### GENERAL RESPONSES

        1.     Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

        2.     Federal objects to the requests to the extent that they seek information

protected from discovery under the attorney-client privilege or work product doctrine.

        3.     Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

**REQUEST FOR PRODUCTION NO. 29:**  Documents sufficient to show each person or entity, of which Federal is aware, that has used or downloaded the Blaze Advisor® software other than employees of Chubb & Son, a division of Federal.

**RESPONSE:**  Federal objects to the request for identification of "every person" as unduly burdensome.  Federal also objects to this request as overbroad because it is unlimited as to time.  Federal will limit its response to available documents after April 22, 2010.  Subject to, and without waiving these objections, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**REQUEST FOR PRODUCTION NO. 30:**  Summary reports sufficient to show gross and net revenues, and gross and net profits, derived from the products and services of each line of business of Chubb & Son, a division of Federal, for which the Blaze Advisor® software has been used (including, without limitation, for any underwriting, pricing, premium validation, or claim segmentation function in connection with the products and services of such line of business), for each quarter from January 1, 2016 to the present.

**RESPONSE:**  Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits.  *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 31:**  Summary reports sufficient to show gross and net revenues, and gross and net profits, derived from the products and services of each line of business of every division or entity (other than Chubb & Son, a division of Federal) to whom Federal has disclosed and/or permitted to use the Blaze Advisor® software, for which the Blaze Advisor® software has been used (including, without limitation, for any underwriting, pricing, premium validation, or claim segmentation

function in connection with the products and services of such line of business), for each quarter from January 1, 2016 to the present.

**RESPONSE:**  Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 32:**  Without limitation to the scope of Request Nos. 30 and 31, summary reports sufficient to show gross and net revenues, and gross and net profits, derived from each line of business of Chubb & Son, a division of Federal, and of every other division or entity to whom Federal has disclosed and/or permitted to use the Blaze Advisor® software, including the Specialty, Commercial, and Surety Bonds lines of business, for each quarter from January 1, 2016 to the present.

**RESPONSE:**  Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**REQUEST FOR PRODUCTION NO. 33:**  All documents relating to Federal's defense in ¶ 50 of its Answer that "FICO's claims fail because Federal's use of the FICO Products is licensed under the Agreement."

**RESPONSE:**  Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

**RESPONSE:** Federal objects to this request because it is unlimited in time. Federal will limit its response to document retention policies in effect from January 15, 2016 to present. Subject to, and without waiving these objections, Federal will make a rolling production of responsive, non-privileged documents to be completed on or before June 30, 2017 or another mutually-acceptable time agreed to by the parties.

Dated: May 11, 2017

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

61194246_1.docx

20

**EXHIBIT 19**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

      Plaintiff,

    v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

      Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
NOS. 30-32 AND 55-71**

To:   Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental

Responses to Plaintiff's Requests for Production of Documents Nos. 30-32 and 55-71,

states and alleges as follows:

### **GENERAL RESPONSES**

1.    Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.    Federal objects to the requests to the extent that they seek information

protected from discovery under the attorney-client privilege or work product doctrine.

3.    Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

4.      Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 30:**  Summary reports sufficient to show
gross and net revenues, and gross and net profits, derived from the products and services
of each line of business of Chubb & Son, a division of Federal, for which the Blaze
Advisor® software has been used (including, without limitation, for any underwriting,
pricing, premium validation, or claim segmentation function in connection with the
products and services of such line of business), for each quarter from January 1, 2016 to
the present.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request because it seeks

information that is not relevant.  Federal's profits are not reasonably related to the alleged

infringement, as is necessary for FICO to obtain an award of the defendant's profits.  *See,*

*e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

Subject to, and without waiving this objection, Federal states that it will produce

the annual statements for 2016 and 2017 relating to Federal and its subsidiaries.

Discovery is continuing.  To the extent Federal determines that a subsidiary has *not* used

the Blaze Advisor® software, Federal will update its discovery responses accordingly.

**REQUEST FOR PRODUCTION NO. 31:**  Summary reports sufficient to show
gross and net revenues, and gross and net profits, derived from the products and services
of each line of business of every division or entity (other than Chubb & Son, a division of
Federal) to whom Federal has disclosed and/or permitted to use the Blaze Advisor®
software for which the Blaze Advisor® software has been used (including, without
limitation, for any underwriting, pricing, premium validation, or claim segmentation

function in connection with the products and services of such line of business), for each quarter from January 1, 2016 to the present.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits.  *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

Subject to, and without waiving this objection, Federal states that it will produce the annual statements for 2016 and 2017 relating to Federal and its subsidiaries. Discovery is continuing.  To the extent Federal determines that a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly.

**REQUEST FOR PRODUCTION NO.32:**  Without limitation to the scope of Request Nos. 30 and 31, summary reports sufficient to show gross and net revenues, and gross and net profits, derived from each line of business of Chubb & Son, a division of Federal, and of every other division or entity to whom Federal has disclosed and/or permitted to use the Blaze Advisor® software, including the Specialty, Commercial, and Surety Bonds lines of business, for each quarter from January 1, 2016 to the present.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request because it seeks information that is not relevant.  Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits.  *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

Subject to, and without waiving this objection, Federal states that it will produce the annual statements for 2016 and 2017 relating to Federal and its subsidiaries. Discovery is continuing.  To the extent Federal determines that a subsidiary has *not* used the Blaze Advisor® software, Federal will update its discovery responses accordingly.

**REQUEST FOR PRODUCTION NO. 55:** All documents relating to the decision to implement the application known as CSI Express, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 16:** All documents relating to the decision to implement or considerations to implement the application known as CSI/Upsell Simulator, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 57**:   All documents relating to the
decision to implement the application known as Decision Point, including all documents
relating to the business benefits to be derived from the implementation and the
efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE**:  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 58:** All documents relating to the decision to implement the application known as Automated Renewal Process, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 59:** All documents relating to the decision to implement the application known as CUW, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application."  Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action.  Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 60:**  All documents relating to the decision to implement the application known as IRMA, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time.  Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application."  Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action.  Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO.61:**  All documents relating to the
decision to implement the application known as TAPS, including all documents relating
to the business benefits to be derived from the implementation and the efficiencies to be
realized from using the application.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO.62:**  All documents relating to the
decision to implement the application known as Premium Booking, including all
documents relating to the business benefits to be derived from the implementation and
the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time. Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application." Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action. Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO.63:** All documents relating to the
decision to implement the application known as CIS Claims, including all documents
relating to the business benefits to be derived from the implementation and the
efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time. Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application." Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action. Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 64:** All documents relating to the decision to implement the application known as Cornerstone, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 65:** All documents relating to the decision to implement the application known as Adapt-ABL, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 66:** All documents relating to the decision to implement the application known as Evolution, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 67:** All documents relating to the decision to implement the application known as EZER, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 68:** All documents relating to the decision to implement the application known as Commercial PAS in EUZ, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 69**:  All documents relating to the
decision to implement the application known as Claims Connect, including all documents
relating to the business benefits to be derived from the implementation and the
efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE**:  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO.70**:  All documents relating to the decision to implement the application known as Small Commercial, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE**:  Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time.  Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application."  Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action.  Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce relevant, non-privileged documents responsive to this request to the extent any such documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 71**:  For each instance in which the Blaze Advisor® software was modified from March 30, 2016 to the present, the documents sufficient to show each modification.

**SUPPLEMENTAL RESPONSE**:  Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in seeking "each

instance" of any modification to the Blaze software. Federal further objects to this request as vague and overbroad because documents relating to the modification of Blaze software have no bearing on the claims and defenses in this action. Federal further objects to this request as vague and ambiguous in referring to software that is "modified." Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine. Federal further objects to the extent the request seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states that there are no documents in its possession, custody, or control relating to any modification of the Blaze Advisor® software from March 30, 2016 to the present.

Dated: June 7, 2018

/s/ Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

**EXHIBIT 20**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S SECOND SET OF INTERROGATORIES TO DEFENDANT FEDERAL INSURANCE COMPANY (15-21)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby requests that Defendant Federal Insurance Company ("Federal") answer the following interrogatories, separately and fully, in writing under oath, within thirty days of the date of service of these interrogatories, or at such other time as the parties may agree.

## INSTRUCTIONS AND DEFINITIONS

The Instructions and Definitions from FICO's First Set of Requests for Production of Documents and First Set of Interrogatories are incorporated by reference as if fully set forth herein.

## INTERROGATORIES

**INTERROGATORY NO. 15:**  For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2001-2006.  For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**INTERROGATORY NO. 16:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2007-2012.  For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**INTERROGATORY NO. 17:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date.  For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**INTERROGATORY NO. 18:**   From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**INTERROGATORY NO. 19:**   From the date of first use of the Blaze Advisor® software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**INTERROGATORY NO. 20:**   From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**INTERROGATORY NO. 21:**  From March 30, 2016 to date, identify and describe each instance in which the Blaze Advisor ® software was modified in any way – whether by Chubb & Son, a division of Federal, Federal, or any other entity or person.

Dated: December 29, 2017

                                        MERCHANT & GOULD P.C.

                                        /s/Heather Kliebenstein
                                        Allen Hinderaker, MN Bar # 45787
                                        Heather Kliebenstein, MN Bar # 337419
                                        Michael A. Erbele, MN Bar # 393635
                                        MERCHANT & GOULD P.C.
                                        3200 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN  55402-2215
                                        Tel:  (612) 332-5300
                                        Fax:  (612) 332-9081

                                        *Attorneys for Plaintiff FICO*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, a copy of the foregoing was emailed to the following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

December 29, 2017                    s/Heather Kliebenstein
                                     Heather Kliebenstein