# EXHIBIT 21

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (15-21)** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | |
| Defendant. | |

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Answers to Plaintiff's Second Set of Interrogatories (15-21), states and alleges as follows:

## GENERAL RESPONSES

1.    Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.    Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.    Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to information within its possession, custody, or control. Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.    Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## ANSWERS TO SECOND SET OF INTERROGATORIES (15-21)

**INTERROGATORY NO. 15:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2001-2006. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:**   Federal objects to the request for "all" insurance policies and the request for information more than 17 years old as overbroad, unduly burdensome, and not proportional to the needs of this case.   Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.   Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).   Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

2

**INTERROGATORY NO. 16:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2007-2012. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:**   Federal objects to the request for "all" insurance policies and the request for information more than 10 years old as overbroad, unduly burdensome, and not proportional to the needs of this case.   Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.   Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).   Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 17:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:** Federal objects to the request for "all" insurance policies as overbroad, unduly burdensome, and not proportional to the needs of this case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 18:** From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and

4

calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).   Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 19:**   From the date of first use of the Blaze Advisor® software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:**   Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case.  Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.  Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3

(C.D. Ill. Dec. 15, 2006).  Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 20:**  From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:**  Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case.  Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.  Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at \*3 (C.D. Ill. Dec. 15, 2006).  Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 21:**   From March 30, 2016 to date, identify and describe each instance in which the Blaze Advisor® software was modified in any way – whether by Chubb & Son, a division of Federal, Federal, or any other entity or person.

**ANSWER:**   Federal objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case in seeking "each instance" of any modification to the Blaze software. Federal further objects to this Interrogatory as vague and overbroad because such information relating to the modification of Blaze software has no bearing on the claims and defenses in this action. Federal further objects to this Interrogatory as vague and ambiguous in referring to software that is "modified in any way." Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Dated:  January 29, 2018

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

63011559

7

# EXHIBIT 22

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL ANSWER TO
INTERROGATORY NO. 17**

---

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, and Michael A.
Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answer

to Plaintiff's Interrogatory No. 17, states and alleges as follows:

## **GENERAL RESPONSES**

1.      Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.      Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

    3.      Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17

**INTERROGATORY NO. 17:**  For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date.  For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**SUPPLEMENTAL ANSWER:**  Federal objects to the request for "all" insurance

policies as overbroad, unduly burdensome, and not proportional to the needs of this case.

Federal also objects to this Interrogatory as compound and impermissibly constituting

multiple interrogatories, which are limited in number under the Federal Rules.  In seeking

"[f]or all insurance policies…the gross written premium of Federal," this Interrogatory is

vague, nonsensical and does not allow for a response.  Federal also objects to this

Interrogatory as ambiguous in failing to identify the relevant "use" and calling for

insurance policies "in connection with."   Federal further objects to this Interrogatory

because "the gross written premium of Federal and the gross written premium of each

related company" are not relevant to any claim or defense in this action, including

because Federal's profits are not reasonably related to the alleged infringement, as is

necessary for FICO to obtain an award of the defendant's profits.  *See, e.g., Francois v.*

*Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).  Federal further objects to the

extent the Interrogatory seeks information not in the possession, custody, or control of

Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Financial lines unit, the following applications use Blaze Advisor®
  software: CSI eXPRESS (Automated Renewal Process). The 2017 gross written
  premiums from the issuance of insurance policies that used those applications, in
  connection with which the Blaze Advisor® software was used, is approximately
  $863,000,000. The number of policies that were issued using those applications,
  in connection with which the Blaze Advisor® software was used, is approximately
  81,000. Discovery is continuing.

Dated: October 26, 2018

<div style="margin-left:40%">

*s/Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

</div>

## VERIFICATION

Kristen A. SanGiacomo states under oath that she is a NA Financial Lines Business Architect, Vice President; that she is authorized to respond to Plaintiff's Interrogatory No. 17 on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answers are true and correct to the best of her knowledge.

_____
Kristen A. SanGiacomo

Subscribed and sworn to before me
this _____ day of _____, 2018.

_____
Notary Public

4

**EXHIBIT 23**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL ANSWER TO
INTERROGATORY NO. 18**

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, and Michael A.
Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answer

to Plaintiff's Interrogatory No. 18, states and alleges as follows:

## GENERAL RESPONSES

1.       Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.       Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

3.     Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18

**INTERROGATORY NO. 18:** From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**SUPPLEMENTAL ANSWER:** Federal objects to the request for "all" insurance

policies and the request for information without any time limitation as overbroad, unduly

burdensome, and not proportional to the needs of the case. Federal also objects to this

Interrogatory as compound and impermissibly constituting multiple interrogatories,

which are limited in number under the Federal Rules. Federal also objects to this

Interrogatory as vague and ambiguous in referring to any "such company," failing to

identify the relevant "use," and calling for insurance policies "in connection with."

Federal further objects to this Interrogatory because "the gross written premium of" some

unidentified "such" company is not relevant to any claim or defense in this action,

including because Federal's profits are not reasonably related to the alleged infringement,

as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g.,*

*Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further

objects to the extent the Interrogatory seeks information not in the possession, custody, or

control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

2

Subject to, and without waiving these objections, Federal states the following:

- For the COG/EUZ business unit, the following application uses Blaze Advisor® software in the United Kingdom: EZER. The 2017 gross written premiums from the issuance of insurance policies that used EZER, in connection with which the Blaze Advisor® software was used in the United Kingdom, is approximately $45,600,000. The number of policies that were issued using Evolution, in connection with which the Blaze Advisor® software was used in the United Kingdom, is approximately 5,700. Discovery is continuing.

Dated: October 26, 2018

<div style="margin-left:40%">

*s/Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendants***

</div>

## VERIFICATION

Mike Hutchinson states under oath that he is a Systems Director; that he is authorized to respond to Plaintiff's Interrogatory No. 18 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answers are true and correct to the best of his knowledge.

_____

Mike Hutchinson

Subscribed and sworn to before me
this _____ day of _____, 2018.


_____

Notary Public

# EXHIBIT 24

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No.  16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **FEDERAL INSURANCE COMPANY'S** |
| | **SUPPLEMENTAL ANSWER TO** |
| FEDERAL INSURANCE COMPANY, | **INTERROGATORY NO. 19** |
| an Indiana corporation, and ACE | |
| AMERICAN INSURANCE COMPANY, a | |
| Pennsylvania corporation, | |
| Defendants. | |

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, and Michael A. Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answer to Plaintiff's Interrogatory No. 19, states and alleges as follows:

## GENERAL RESPONSES

1.      Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.      Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief.  Federal's responses and objections are limited to information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

    3.     Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19

**INTERROGATORY NO. 19:** From the date of first use of Blaze Advisor®
software in Canada and thereafter by quarter, the gross written premium of each such
company, including specific identification of each company, from all insurance policies
in connection with which the Software was used.

**SUPPLEMENTAL ANSWER:** Federal objects to the request for "all" insurance

policies and the request for information without any time limitation as overbroad, unduly

burdensome, and not proportional to the needs of the case. Federal also objects to this

Interrogatory as compound and impermissibly constituting multiple interrogatories,

which are limited in number under the Federal Rules. Federal also objects to this

Interrogatory as vague and ambiguous in referring to any "such company," failing to

identify the relevant "use," and calling for insurance policies "in connection with."

Federal further objects to this Interrogatory because "the gross written premium of" some

unidentified "such" company is not relevant to any claim or defense in this action,

including because Federal's profits are not reasonably related to the alleged infringement,

as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g.,*

*Francois v. Ruch,* 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further

objects to the extent the Interrogatory seeks information not in the possession, custody, or

control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the CAH/Canada business unit, the following application uses Blaze Advisor® software in Canada: Evolution. The 2017 gross written premiums from the issuance of insurance policies that used Evolution, in connection with which the Blaze Advisor® software was used in Canada, is approximately $330,000,000. The number of policies that were issued using Evolution, in connection with which the Blaze Advisor® software was used in Canada, is approximately 85,000. Discovery is continuing.

Dated: October 26, 2018

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendants***

## VERIFICATION

Zorica Todorovic states under oath that she is a Senior Vice President –
Operations and IT, CIO, Chubb Insurance Company of Canada; that she is authorized to
respond to Plaintiff's Interrogatory No. 19 on behalf of Federal Insurance Company; that
she has relied on directors, employees, agents, and attorneys to provide information used
in formulating the answer to the above interrogatory; and that the answers are true and
correct to the best of her knowledge.

_____
Zorica Todorovic

Subscribed and sworn to before me
this _____ day of _____, 2018.


_____
Notary Public

# EXHIBIT 25

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL ANSWER TO
INTERROGATORY NO. 20**

---

To:    Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, and Michael A.
Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answer

to Plaintiff's Interrogatory No. 20, states and alleges as follows:

### GENERAL RESPONSES

1.    Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.    Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

    3.     Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 20

**INTERROGATORY NO. 20:**    From the date of first use of the Blaze
Advisor® software in any other country other than the United States, the United
Kingdom or Canada, and thereafter by quarter, the gross written premium of each such
company, including specific identification of each company, from all insurance policies
in connection with which the Software was used.

**SUPPLEMENTAL ANSWER:** Federal objects to the request for "all" insurance

policies and the request for information without any time limitation as overbroad, unduly

burdensome, and not proportional to the needs of the case. Federal also objects to this

Interrogatory as compound and impermissibly constituting multiple interrogatories,

which are limited in number under the Federal Rules. Federal also objects to this

Interrogatory as vague and ambiguous in referring to any "such company," failing to

identify the relevant "use," and calling for insurance policies "in connection with."

Federal further objects to this Interrogatory because "the gross written premium of" some

unidentified "such" company is not relevant to any claim or defense in this action,

including because Federal's profits are not reasonably related to the alleged infringement,

as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g.,*

*Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further

objects to the extent the Interrogatory seeks information not in the possession, custody, or

control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

2

Subject to, and without waiving these objections, Federal states the following:

- For the COG/EUZ business unit, the following application uses Blaze Advisor® software in Australia: ADAPT. The 2017 gross written premiums from the issuance of insurance policies that used ADAPT, in connection with which the Blaze Advisor® software was used in Australia, is approximately $7,900,000. The number of policies that were issued using ADAPT, in connection with which the Blaze Advisor® software was used in Australia, is approximately 5,300. Discovery is continuing.

Dated: October 24 , 2018

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

**Attorneys for Defendants**

## VERIFICATION

Stuart Fisher states under oath that he is a Vice President and Head of IT; that he is authorized to respond to Plaintiff's Interrogatory No. 20 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answers are true and correct to the best of his knowledge.

_____
Stuart Fisher

Subscribed and sworn to before me
this _____ day of _____, 2018.

_____
Notary Public

**EXHIBIT 26**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S**
**SECOND SUPPLEMENTAL**
**ANSWERS TO INTERROGATORY**
**NOS. 2, 3, AND 4**

---

To:    Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
       Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

       Defendant Federal Insurance Company ("Federal"), for its Second Supplemental

Answers to Plaintiff's First Set of Interrogatories, states and alleges as follows:

**GENERAL RESPONSES**

1.      Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.      Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

3.     Federal gives these Responses subject to all objections to admissibility that

may be interposed in this proceeding.

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 2:**  Identify every person, division, or entity, other than employees of the division Chubb & Son, to whom Federal has disclosed the FICO Blaze Advisor® software after June 30, 2006, and:

      a.     State the date of each such disclosure;

      b.     Identify all Persons known to you to have knowledge of each such disclosure; and

      c.     Identify all documents relating to each such disclosure.

**SECOND SUPPLEMENTAL ANSWER:**  Federal objects to this Interrogatory

as over broad and unduly burdensome to the extent that it seeks identification of all

individuals to whom disclosure has been made, rather than the entities or divisions to

which disclosure has been made.  Federal further objects to this Interrogatory as

overbroad and unduly burdensome because it is unlimited in time.  Federal may

appropriately limit its answer to available information after April 22, 2010, which is six

years prior to the lawsuit being filed, but has not, at this time, withheld information based

on this objection.  Federal also objects to the term "disclosed" in this context as

undefined and vague.

      Subject to, and without waiving these objections, disclosure of the Blaze Advisor

software was made to at least the following:  (1) Chubb Insurance Company of Europe

SE, (2) Chubb Insurance Company of Canada, including through its relationship with

<div align="center">2</div>

AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through its relationship with the DWS Group. Disclosure of the Blaze Advisor software to the Chubb & Son division of Federal occurred on or around June 30, 2006 with FICO's knowledge and participation. Information regarding the Blaze Advisor software and accessibility to it were provided on internal Chubb organization shared space. Disclosure of the Blaze Advisor software was made to Chubb Insurance Company of Canada in 2011 with FICO's knowledge and participation. Disclosure was made to Chubb Insurance Company of Europe SE at least by 2010, with FICO's knowledge and participation. Disclosure was made to Chubb Insurance Company of Australia Limited at least by 2015.

Federal identifies Tamra Pawloski, Henry Mirolyuz, Ewen Setti, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Tony Zhang, Lei Lanz, Dalli Yang, Duff Sorli, Ramesh Pandey, Patrick Sullivan, Benku Thomas, John White, Miranda Chiang, Mark Ruscitto, Dan Tedeschi, Kott Sivakumar, Peter Tribulski, Russell Hodey, David Gibbs, David Rowlands, Peter Davis, Dejan Stojkovic, Ken Kitamura, Ben Pullinger, Martin Sill, Craig Worth, John Fagan, Jeff Pruski, Tanya Filstein, Russell Frost, Charles Nikolas, Diptesh Patel, Oliver Clark (FICO), Michael Sawyer (FICO), Ian Brodie (FICO), and Russell Schreiber (FICO) as persons who may have knowledge regarding use of the Blaze Advisor software.

Further answering Interrogatory No. 2, pursuant to Fed. R. Civ. P. 33(d), Federal refers to emails sent and received, including corresponding documents, by such individuals regarding use of the Blaze Advisor software in the United Kingdom, Canada,

and Australia, and states that the burden of identifying the emails relating to the use of

the software in the United Kingdom, Canada, and Australia is substantially the same for

both parties.

**INTERROGATORY NO. 3:**   Identify every person, division, or entity, other than employees of the division Chubb & Son of which Federal is aware, that has used the FICO Blaze Advisor® software after June 30, 2006, and:

      a.     State the date of first use and, if applicable, the date of the last use for each person, division, or entity;

      b.     Identify all Persons known to you to have knowledge of each such use; and

      c.     Identify all documents relating to each such disclosure.

**SECOND SUPPLEMENTAL ANSWER:**

Federal objects to this Interrogatory as over broad and unduly burdensome to the

extent that it seeks identification of all individuals who have used the software, rather

than the entities or divisions that have used the software. Federal further objects to this

Interrogatory as overbroad and unduly burdensome because it is unlimited in time.

Federal may appropriately limit its answer to available information after April 22, 2010,

which is six years prior to the lawsuit being filed, but has not, at this time, withheld

information based on this objection. Federal also objects to the term "use" in this context

as undefined and vague.

Subject to, and without waiving these objections, use of the Blaze Advisor

software was made by at least the following:  (1) Chubb Insurance Company of Europe

SE, (2) Chubb Insurance Company of Canada, including through its relationship with

AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through

4

its relationship with the DWS Group.  Federal began using the Blaze Advisor software in

its Chubb & Son division on or around June 30, 2006 and did so with FICO's knowledge

and participation.  Information regarding the Blaze Advisor software and accessibility to

it were provided on internal Chubb organization shared space.  Chubb Insurance

Company of Canada has used Blaze Advisor software since at least 2011, and did so with

FICO's knowledge and participation.  Chubb Insurance Company of Europe SE has used

Blaze Advisor software since at least 2010, and did so with FICO's knowledge and

participation.  Chubb Insurance Company of Australia Limited has used Blaze software

since at least 2015.

Federal identifies Tamra Pawloski, Henry Mirolyuz, Ewen Setti, Hamish

Tonkin, Alexander Pavlenko, Zorica Todorovic, Tony Zhang, Lei Lanz, Dalli

Yang, Duff Sorli, Ramesh Pandey, Patrick Sullivan, Benku Thomas, John White,

Miranda Chiang, Mark Ruscitto, Dan Tedeschi, Kott Sivakumar, Peter Tribulski,

Russell Hodey, David Gibbs, David Rowlands, Peter Davis, Dejan Stojkovic, Ken

Kitamura, Ben Pullinger, Martin Sill, Craig Worth, John Fagan, Jeff Pruski, Tanya

Filstein, Russell Frost, Charles Nikolas, Diptesh Patel, Oliver Clark (FICO),

Michael Sawyer (FICO), Ian Brodie (FICO), and Russell Schreiber (FICO) as

persons who may have knowledge regarding use of the Blaze Advisor software.

Further answering Interrogatory No. 3, pursuant to Fed. R. Civ. P. 33(d), Federal

refers to emails sent and received, including corresponding documents, by such

individuals regarding use of the Blaze Advisor software in the United Kingdom, Canada,

and Australia, and states that the burden of identifying the emails relating to the use of

5

the software in the United Kingdom, Canada, and Australia is substantially the same for both parties.

**INTERROGATORY NO. 4:** Identify every software application and/or system utilized by Chubb & Son, a division of Federal, or by any division or entity other than Chubb & Son, that utilizes in any way the Blaze Advisor® software, and:

      a.      Identify all Persons known to you to have knowledge of each such software application and/or system; and

      b.      Identify all documents relating to each such software application and/or system.

**SUPPLEMENTAL ANSWER:** Federal objects to this Interrogatory as unduly burdensome, over broad, and because it seeks information that is not relevant to any claim or defense in this action. To the extent this Interrogatory can be read to ask for identifying groups within or without the Chubb organization that have at any time used any applications, which at some time utilized in any way the Blaze Advisor software, Federal objects to the Interrogatory as vague and ambiguous and overly burdensome, in particular because it does not include any time limitation, as seeking information not relevant to the claims and defenses in this action, and as not proportional to the needs of the case. Federal will limit its answer to reasonably available information after April 22, 2010, which is six years prior to the lawsuit being filed and reflects the outermost limit of the statute of limitations. Subject to, and without waiving these objections, Federal identifies the below business units and software applications as having utilized Blaze Advisor software:

6

| SBU | Application |
|---|---|
| CSI | CSI Express, including CIS Claims<br><br>Decision Point<br><br>Automated Renewal Process |
| CCI | CUW<br><br>IRMA (Individual Rate Modification Application)<br><br>TAPS (Texas Accident Prevention System) |
| CBS (Corporate Business Systems) | Premium Booking |
| Surety | Cornerstone |
| CAH | Evolution |
| EUZ | Adapt-ABL<br><br>EZER |

Further answering Interrogatory No. 4, Federal states that it does not track use of the above software applications by entity or division, but rather by business unit. The column on the left in the chart above identifies the business units that have used the software, including Chubb Specialty Insurance, Chubb Commercial Insurance, Chubb Business Systems, Claims, Surety, Canada Accident and Health, European Zone. Further answering Interrogatory No. 4, pursuant to Fed. R. Civ. P. 33(d), Federal refers to emails sent and received, along with corresponding documents, regarding use of these applications, including for example FED001501, FED004571, FED005531, FED006252, FED008482, FED009343, FED009344, FED009615, FED009617, FED009623,

FED009625, FED009648, FEDO09169, FED009913, FED010034, FED010686,

FED010821, FED010823, FEDO10968, FED010970, FED011702, FED012278,

FED012303, FED012308, FEDO12349, and states that the burden of further identifying

the emails and documents relating to the use of the applications is substantially the same

for both parties.


Dated:  June 21, 2018

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

## VERIFICATION

Henry Mirolyuz states under oath that he is a Senior Systems Architect at Chubb Insurance; that he is authorized to respond to Fair Isaac Corporation's Interrogatories on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answers to interrogatories; and that the answers are true and correct to the best of his knowledge.

Subscribed and sworn to before me
this _____ day of _____ , 20____.

_____
Notary Public

61909906

SHERRON ROWE-HOHN
Notary Public - State of New Jersey
My Commission Expires Sep 5, 2021

9