**EXHIBIT 31**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No. 16-cv-1054 (WMW/DTS)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

To: Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Response to Plaintiff's Second Set of Requests for Production of Documents, states and alleges as follows:

## GENERAL RESPONSES

1. Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2. Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3. Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to information within its possession, custody, or control. Federal reserves the right to

**REQUEST NO. 55:** All documents relating to the decision to implement the application known as CSI Express, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 56:** All documents relating to the decision to implement or considerations to implement the application known as CSI/Upsell Simulator, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and

information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 57:** All documents relating to the decision to implement the application known as Decision Point, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 58:** All documents relating to the decision to implement the application known as Automated Renewal Process, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad

6

because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 59:** All documents relating to the decision to implement the application known as CUW, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 60:** All documents relating to the decision to implement the application known as IRMA, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it

seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 61:** All documents relating to the decision to implement the application known as TAPS, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 62:** All documents relating to the decision to implement the application known as Premium Booking, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

8

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 63:** All documents relating to the decision to implement the application known as CIS Claims, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 64:** All documents relating to the decision to implement the application known as Cornerstone, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 65:** All documents relating to the decision to implement the application known as Adapt-ABL, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and

information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 66:** All documents relating to the decision to implement the application known as Evolution, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 67:** All documents relating to the decision to implement the application known as EZER, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad

11

because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 68:** All documents relating to the decision to implement the application known as Commercial PAS in EUZ, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 69:** All documents relating to the decision to implement the application known as Claims Connect, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it

seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 70:** All documents relating to the decision to implement the application known as Small Commercial, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Federal also objects to this request as vague and overbroad because it seeks all documents "relating to the business benefits" and "efficiencies to be realized from using the application." Federal also objects to this request as vague and overbroad because it seeks documents that have no bearing on the claims and defenses in this action. Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine.

**REQUEST NO. 71:** For each instance in which the Blaze Advisor® software was modified from March 30, 2016 to the present, the documents sufficient to show each modification.

13

**RESPONSE:** Federal objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case in seeking "each instance" of any modification to the Blaze software. Federal further objects to this request as vague and overbroad because documents relating to the modification of Blaze software have no bearing on the claims and defenses in this action. Federal further objects to this request as vague and ambiguous in referring to software that is "modified." Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine. Federal further objects to the extent the request seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Dated: January 29, 2018

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

63011564

**EXHIBIT 32**



**Fredrikson & BYRON, P.A.**

June 16, 2017

Allen Hinderaker  
Michael A. Erbele  
MERCHANT & GOULD P.C.  
3200 IDS Center  
80 South Eighth Street  
Minneapolis, MN 55402-2215

**Via US Mail and E-Mail**

Re:   Fair Isaac Corporation v. Federal Insurance Company  
      Case No. 16-cv-1054 (WMW/DTS)

Dear Al and Michael:

Please see below the custodians, keyword search terms and date restrictions Federal Insurance Company intends to use to locate emails responsive to FICO's document requests. Please let us know as soon as you are able whether you have any objection to this email collection plan.

| Search | Custodian | Date Range(s) |
|---|---|---|
| FICO or "Fair Isaac" or Blaze | Tamra Pawloski<br>Ramesh Pandey<br>Henry Mirolyuz<br>Pamela Lopata | 1/1/2015 to 4/21/2016 |
| FICO or "Fair Isaac" or Blaze | Ewen Setti (UK)<br>Hamish Tonkin (UK)<br>Alexander Pavlenko (Canada)<br>Zorica Todorovic (Canada) | None |
| (FICO or "Fair Isaac" or Blaze) and (Canada or Toronto or UK or London or England) | Patrick Sullivan<br>Tamra Pawloski | 1/1/2012 to 12/31/2012 |
| (FICO or "Fair Isaac" or Blaze) and license | Tamra Pawloski<br>Patrick Sullivan | None |
| (Sawyer or FICO or "Fair Isaac" or Blaze) and Australia | Henry Mirolyuz<br>Ramesh Pandey | None |
Attorneys & Advisors  
main 612.492.7000  
fax 612.492.7077  
fredlaw.com

Fredrikson & Byron, P.A.  
200 South Sixth Street, Suite 4000  
Minneapolis, Minnesota  
55402-1425

MEMBER OF THE WORLD SERVICES GROUP  
A Worldwide Network of Professional Service Providers

OFFICES:  
Minneapolis / Bismarck / Des Moines / Fargo / St. Paul / Monterrey, Mexico / Shanghai, China

Allen Hinderaker
June 16, 2017
Page 2

| Search | Custodian | Date Range(s) |
|---|---|---|
| (Sawyer or FICO or "Fair Isaac" or Blaze) and (London or UK or England) | Henry Mirolyuz | None |
| (Sawyer or FICO or "Fair Isaac" or Blaze) and (Canada or Toronto) | Henry Mirolyuz | None |
| (Sawyer or FICO or "Fair Isaac") and Blaze and Demo~ | Henry Mirolyuz | None |

In its responses to FICO's First Set of Requests for Production of Documents Federal indicated that it would produce documents on a rolling basis and anticipated completing its production by June 30, 2017 or another mutually-acceptable date. We anticipate that we will need approximately thirty (30) days to complete our production after we finalize and run the above email searches.

Please provide us with information regarding any keyword searches FICO intends to employ to collect emails responsive to Federal's document requests and when FICO anticipates completing its production.

Thank you for your attention to this matter.

Sincerely,

Lora M. Friedemann
**Direct Dial:** 612.492.7185
**Email:** lfriedemann@fredlaw.com

61608987_1.docx

**EXHIBIT 33**

HENRY MIROLYUZ - 07/31/2018

```
 1                  UNITED STATES DISTRICT COURT
 2                   DISTRICT OF MINNESOTA
 3                  CASE NO. 16-CV-1054 (WMW/DTS)
 4      - - - - - - - - - - - - - - - - - - - - - -
 5     FAIR ISAAC CORPORATION, a Delaware corporation,
 6               Plaintiff,
 7        vs.
 8     FEDERAL INSURANCE COMPANY, an Indiana corporation,
 9               Defendant.
10      - - - - - - - - - - - - - - - - - - - - - -
11
12              TRANSCRIPT of the stenographic notes of
13     the 30(b)(6)videotaped deposition of Henry Mirolyuz in
14     the above-entitled matter, as taken by and before
15     LORRAINE B. ABATE, a Certified Court Reporter and
16     Notary Public of the State of New Jersey and
17     Registered Professional Reporter, held at the offices
18     of Regus, 55 Madison Avenue, Morristown, New Jersey,
19     on Tuesday, July 31, 2018, commencing at 9:10 a.m.,
20     pursuant to Notice.
21
22
23
24     Job No. MP-182592
25     Pages: 1 - 80
```

Page 14

```
 1  responsibility is I no longer involved with Blaze
 2  Advisor software.  I'm in charge of architecture of
 3  claims applications and systems.
 4       Q.    When did you stop being involved with
 5  Blaze Advisor?
 6       A.    Right after the post-merger activities,
 7  due to the litigations.
 8       Q.    Any other additions or changes to the
 9  resume?
10       A.    No.
11       Q.    There are a number of acronyms in here
12  and I have to ask you what they mean so I can
13  understand the resume.
14       A.    Please do.
15       Q.    Well, before that, under
16  accomplishments, you note you have been a guest
17  speaker on multiple FICO World and Business Rules
18  Forum conferences.
19             On how many occasions were you a guest
20  speaker?
21       A.    I believe three or four FICO World
22  conferences and one Business Rules Forum which was
23  not FICO specific.
24       Q.    And then under professional experience
25  under the heading senior technical analyst, in the
```

Page 15

```
 1  second bullet, working with EA.  What is EA?
 2       A.    Enterprise architecture team.
 3       Q.    And carrying on with that bullet point,
 4  DM life cycle.  What is DM?
 5       A.    DM, decision management.  It's a FICO
 6  methodology which was provided to us by FICO.
 7       Q.    By FICO?
 8       A.    By FICO.
 9       Q.    And the next bullet point is worked with
10  multiple teams across DSO.  What is DSO?
11       A.    Development services organization.  It's
12  group of people who is involved in the implementation
13  of the application.  As an architect, I design the
14  application and developers implement the application.
15  That's such acronym DSO, development services
16  organization.
17       Q.    So I'm going to try that in my words.
18  As architect, do you design the application?
19       A.    Correct.
20       Q.    And then do the development service
21  organization people do the coding?
22       A.    Absolutely correct.
23       Q.    Okay.  And who decides whether an
24  application is to be designed using Blaze Advisor?
25       A.    We would be given -- from IT
```

Page 16

```
 1  prospective, we get a request for business, so I'm
 2  sure the business decides it, but decision process
 3  is -- we're not involved in that process.
 4       Q.    Okay.
 5       A.    So I repeat, we get request from
 6  business to implement such application or such
 7  business roles specifically.
 8       Q.    Is there any group within -- you know,
 9  business is a broad category.  Is there a group
10  within business from which these requests come?
11       A.    I don't have such knowledge.
12       Q.    You don't know?
13       A.    I don't know.
14       Q.    Okay.  To whom do the requests go, do
15  you know that?
16       A.    The request goes to my managers.  In
17  that particular case, would be who I report to.
18       Q.    Would there have been Mr. Pen?
19       A.    At some point of time, it would be
20  Mr. Pen.  Right now, it would be my manager, Benku
21  Thomas.
22       Q.    But you're not involved with the Blaze
23  Advisor now?
24       A.    Yeah.  The response was generic.  Any
25  requests from business would come to my manager
```

Page 17

```
 1  first.
 2       Q.    And you note the best practices for
 3  upgrading to Blaze Advisor version 7.1.2.  I
 4  understand what that means.
 5             And the next bullet point, provided SME
 6  support.  What is SME?
 7       A.    Subject matter expert.
 8       Q.    Subject matter expert.  Support to CAZ.
 9  What is CAZ?
10       A.    Canadian zone.
11       Q.    AND EUZ?
12       A.    European zone --
13       Q.    And CSI?
14       A.    -- teams.
15             It's Chubb Specialty Insurance.  It's
16  line of business or group.  It's a division within
17  the company responsible for underwriting the
18  specialty lines.
19       Q.    I didn't get, responsible for
20  underwriting?
21       A.    Specialty lines.
22       Q.    Specialty lines?
23             And in general -- I don't need the
24  detail, but just to understand, what did you do to
25  provide SME support in this regard?
```