## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, an
Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY,
A Pennsylvania corporation,

        Defendants.

Court File No.  16-cv-1054 (WMW/TNL)

**FEDERAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL**

## INTRODUCTION

This is a complicated case involving a defendant company with a geographic reach spanning the globe.  Working in good faith to respond to the discovery requests propounded by Plaintiff Fair Isaac Corporation ("FICO"), Defendant Federal Insurance Company ("Federal") is engaging numerous employees from geographic regions that include the U.S., the United Kingdom, Canada, and Australia for assistance.  Given the size and scope of a company of this magnitude, seeking and obtaining documents and information can be protracted and challenging, especially when the license agreement at issue goes back over a decade and there is inevitably employee turnover during that time.

FICO is well-aware of the challenges this litigation presents as it has agreed to jointly extend discovery twice in the past 5 months.  In fact, the parties have filed multiple joint motions to amend the Pretrial Scheduling Order to extend the discovery deadline throughout the course of this action.  (*See* Dkts. 74, 109, 138, and 142.)  Over

the past few months, Federal has produced supplemental documents or provided supplemental answers to FICO's discovery requests on a rolling basis, including on June 19, June 28, August 31, October 26, and November 16.  As Federal continues to compile responsive documents and/or information, it will immediately produce such information.

Currently, fact discovery is open until January 15, 2019.  (*See* Dkt. 144.)  Federal continues to work diligently to produce documents and information to FICO, and while it continues to do so, an award of sanctions would be premature.  In addition to working diligently on responding to written discovery, the parties have also taken 7 depositions, and have noticed and scheduled at least 4 other depositions.  However, the parties have continued the pending noticed depositions because they have scheduled a private mediation with retired Judge Jeff Keyes for two days on December 12-13, in an attempt to resolve this dispute before the end of the calendar year.  Because the parties must spend significant time in preparation for that mediation, including the exchange and analysis of facts and the preparation of mediation statements, a postponement of deposition discovery and work on expert reports is necessary to refocus efforts on resolution of the case through mediation.  Accordingly, Federal respectfully requests that the Court deny FICO's motion to compel.

## BACKGROUND

The parties engaged in an informal discovery conference with the Court relating to the discovery issues presented in this motion on August 29, 2018.  Prior to the discovery conference, the parties jointly submitted an email to the Court on August 20, 2018 providing their respective positions.  (*See* Declaration of Christopher D. Pham filed

concurrently herewith (hereinafter, "Pham Decl."), Ex. A).  During the August 29

discovery conference, the Court agreed with Federal that if FICO is requesting

documents, Federal is obligated to produce documents in the ordinary course of business.

(*Id.,* ¶ 4).  The Court also stated that if Federal intends to rely on information being

sought by FICO to defend against damages claims, Federal must produce that

information.  (*Id.*).

I.     **FICO's Interrogatory Nos. 15-20 and Requests for Production of Documents Nos. 30-32.**

FICO's Interrogatory Nos. 15-20 seeks the gross written premium for all insurance

policies of Federal and related companies, including in Canada, Australia, and the United

Kingdom, in connection with which the Blaze Advisor® software was used from 2007-

2012, and 2016 to the present.  FICO's Request for Production Nos. 30-32 seek summary

reports showing the revenues and profits derived from the products and services of each

line of business for which the Blaze Advisor® software has been used.  As acknowledged

by FICO, Interrogatory Nos. 15-20 seek the same type of information as Requests for

Production of Documents Nos. 30-32.  (*See* Dkt. 150 at 13).

Following the August 29 discovery conference, Federal focused on compiling

information responsive to FICO's Interrogatory Nos. 15-20.  (*Id.,* ¶ 5).  Specifically, on

August 30, 2018, Federal's counsel contacted the following individuals: (1) the point-

person in Canada for information responsive to FICO's Interrogatory No. 19; (2) the

point-person in the United Kingdom for information responsive to FICO's Interrogatory

No. 18; and (3) the point-person in Australia for information responsive to FICO's

Interrogatory No. 20.  (*Id.,* ¶ 6).  In addition, on or about September 5, 2018, Federal's in-house counsel contacted the point-persons with information responsive to FICO's Interrogatory Nos. 16 and 17, and discovered that at least one of the individuals had retired.

On Friday, September 7, 2018, counsel for the parties held a phone conference to discuss outstanding discovery.  (*Id.,* ¶ 7).  On Tuesday, September 11, 2018, Federal's counsel sent FICO's counsel an email summarizing the September 7 conference call, in which FICO's counsel proposed a "mutual extension of 60 days for discovery to be completed."  (*Id.,* Ex. B).  On Friday, September 21, 2018, FICO's counsel emailed Federal's counsel regarding, among other things, a request for a phone conference to discuss the outstanding discovery items from the August 29 informal discovery conference with the Court.  (*Id.,* Ex. C).  On September 25, 2018, counsel for the parties exchanged emails in an attempt to schedule a phone conference to discuss discovery, and FICO's counsel proposed a 90-day discovery extension instead of a 60-day extension. (*Id.,* Ex. D).  Due to scheduling conflicts, counsel for the parties did not have a phone conference to discuss discovery until October 5, 2018.  (*Id.,* ¶ 11).

On October 26, 2018, Federal served its Supplemental Answers to Interrogatory Nos. 17-20.  (*Id.,* Ex. E).  On October 29, 2018, counsel for the parties exchanged emails relating FICO's second deposition notice for Henry Mirolyuz, and then FICO's counsel abruptly advised Federal's counsel that she contacted the Court to obtain a hearing date for a motion to compel, without specifying the grounds for the motion.  (*Id.,* Ex. F). Federal inquired about the subject matter for the motion on October 30, 2018.  (*Id.,* Ex.

– 4 –

G).  Federal's counsel was taken aback that such a motion hearing was scheduled because the parties submitted a joint motion to extend the discovery deadlines just 4 days prior, and on the same day, Federal served supplemental answers to interrogatories.  (*Id.*).  FICO's counsel waited a week until November 7, 2018 to advise Federal's counsel of the subject matter of FICO's motion to compel during a phone conference.  (*Id.,* ¶ 15).

On November 16, 2018, Federal served its Supplemental Answers to Interrogatory Nos. 15-20.  (*Id.,* Ex. H).

## II.    FICO's Requests for Production of Documents Nos. 55-70.

FICO's Requests for Production of Documents Nos. 55-70 seek documents "relating to the decision to implement" the Blaze-containing applications, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]."

On Friday, September 7, 2018, FICO's counsel directed Federal's counsel to certain documents that FICO mentioned for the first time during the discovery conference with the Court on August 29.  (*Id.,* ¶ 7).  After reviewing those documents, Federal followed-up with individuals that it believed may have responsive information.  (*Id.,* ¶ 17).  While Federal will not divulge any attorney-client or work-product privileged information, it has identified four additional custodians for data collection: Amy P. Bell, Carla D. Owens, Edward Tornick, and Majka Seawright.  (*Id.*).  On November 19, 2018, Federal's counsel received the electronic data for the four additional custodians, and will begin to upload and process the information to be reviewed before producing non-privileged, relevant, and responsive information to FICO.  (*Id.,* ¶ 18).

– 5 –

### III.     FICO's Requests of Admission Nos. 13-16 and 20-28.

FICO's Requests for Admission Nos. 13-14 ask Federal to admit that The Chubb Corporation had the "authority" or "power" to direct the management and policies of Federal before January 15, 2016.  FICO's Requests for Admission Nos. 15-16 ask Federal to admit that Chubb Limited had the "authority" or "power" to direct the management and policies of Federal after January 15, 2016.  FICO's Requests for Admission Nos. 20-28 all relate to whether Federal has disclosed, distributed, or permitted access of the Blaze Advisor® software to either Chubb Insurance Company of Europe SE, Chubb Insurance Company of Canada, and/or Chubb Insurance Company of Australia Ltd.

On May 15, 2018, FICO's counsel emailed Federal's counsel and, among other things, asked Federal's counsel to "give the words their ordinary, plain meaning…and then either admit or deny each request…" regarding FICO's Requests for Admission Nos. 13-16 and 20-28.  (*Id.*, Ex. I).  In response, Federal's counsel reminded FICO's counsel that during a prior meet-and-confer, FICO's counsel agreed to provide further clarification and definitions.  (*Id.*).  Federal's counsel then renewed the request for FICO to provide definitions.  (*Id.*).  After a month had passed without receiving any definitions from FICO's counsel, Federal's counsel emailed FICO's counsel on June 19, 2018, and reminded FICO's counsel that FICO had not provided any further clarification or definitions as requested by Federal and agreed upon by FICO.  (*Id.,* Ex. J).

After another month-and-a-half passed, on August 1, 2018, FICO's counsel emailed Federal's counsel with a proposed draft joint email to the Court regarding,

among other things, the outstanding discovery related to FICO's Requests for Admission

Nos. 13-16 and 20-28.  (*Id.,* Ex. K).  During the August 29 discovery conference, the

Court indicated that it believed the requests were ambiguous, and further explained that

requests for admission are generally the least useful discovery mechanism.  (*Id.,* ¶ 4).

## <u>ARGUMENT</u>

FICO brings this motion to compel the following discovery from Federal:

1.     The gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used.  (FICO's Interrogatory Nos. 15-20).

2.     Summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used (FICO's Requests for Production of Documents Nos. 30-32).

3.     Documents "relating to the decision to implement" the Blaze Advisor®-containing applications, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]."  (FICO's Requests for Production of Documents Nos. 55-70).

4.     Answers to FICO's Requests for Admission Nos. 13-16 and 20-28 without qualification.

Significantly, with respect to items 1-3 above, Federal is not refusing to produce

responsive documents and information, but rather, has recently produced responsive

information to FICO, and will continue to do so in advance of the mediation scheduled

for December 12-13, 2018.  (*See* Pham Decl., Exs. E and H).

**I.     Federal has already produced responsive information to FICO's Interrogatory Nos. 15-20 and Requests for Production of Documents Nos. 30-32, and will continue to produce such responsive information prior to the close of discovery.**

In its opening memorandum, FICO acknowledged that Interrogatory Nos. 15-20 seek the same type of information as Requests for Production of Documents Nos. 30-32. (Dkt. 150 at 13).  In the parties' joint email to the Court on August 20, 2018 relating to the instant discovery dispute, Federal asserted that with respect to Requests for Production of Documents Nos. 30-32, it was only obligated "to produce documents as they are kept in the usual course of business" …and that it "is not obligated to create new summary reports or documents that are not already in its current possession, custody or control."  (*See* Pham Decl., Ex. A).  Because it is not obligated to create new summary reports or documents, Federal prioritized obtaining information responsive to Interrogatory Nos. 15-20 because it believed it could more quickly produce that information, which also provides the same information sought by FICO's Requests for Production of Documents Nos. 30-32, as acknowledged by FICO.

In fact, Federal produced responsive information to FICO's Interrogatory Nos. 17-20 on October 26, 2018, and produced supplemental information to Interrogatory Nos. 15-20 on November 16, 2018.  (*See* Pham Decl., Exs. E and H).  Federal concedes that it has not completely produced the information sought by Interrogatory Nos. 15-20, but that it continues to gather such information and will produce responsive information prior to the close of discovery.  As noted elsewhere in this memorandum, the information sought by these interrogatories requires Federal to seek information from individuals in the U.S., Canada, Australia, and the United Kingdom, which presents logistical challenges when dealing with several individuals from various countries throughout the world.  In addition, the individual who was the point-of-contact for the United Kingdom has since

left the company, so there have been delays in obtaining information while the successor transitioned into his new role.  Stated differently, Federal is not stonewalling discovery. It is working as expeditiously as it can under the present circumstances.

Moreover, as noted by the Court during the August 29 discovery conference, Federal understands that it must provide information to FICO that it plans to use in defending against any damages claims.  (*See* Pham Decl., ¶ 4).  Discovery does not close until January 15, 2019, and Federal intends to continue producing relevant and non-privileged information responsive to FICO's discovery requests.

II.    **Federal has collected data from additional custodians and will review the information to determine whether there are relevant, non-privileged documents responsive to FICO's Requests for Production of Documents Nos. 55-70.**

During the discovery conference with the Court on August 29, FICO, for the very first time, mentioned that it believed there were individuals at Federal other than Henry Mirolyuz that may have responsive information to FICO's Requests for Production of Documents Nos. 55-70.  (*See* Pham Decl., ¶ 4).  On Friday, September 7, 2018, FICO's counsel directed Federal's counsel to those documents and Federal started following up with individuals identified in those documents.  (*Id.,* ¶¶  7 and 17).

While Federal will not divulge any attorney-client or work-product privileged information, it has identified four additional custodians for data collection: Amy P. Bell, Carla D. Owens, Edward Tornick, and Majka Seawright.  (*Id.,* ¶ 17).  Amy P. Bell, Carla D. Owens, and Edward Tornick are no longer with the company.  Ms. Bell may have responsive information because she was a liaison between one business unit and IT.  Ms.

Owens and Ms. Seawright are individuals on the business-side, and may have responsive information as suggested by FICO.  Edward Tornick was Henry Mirolyuz's supervisor, so he may have responsive information in his supervisory capacity in dealing directly with IT requests from individuals on the business side.

On November 19, 2018, Federal's counsel received the electronic data relating to the above-referenced additional custodians.  (*Id.,* ¶ 18).  Federal's counsel will upload and process the information, then review the documents for production.  (*Id.*).  Any and all relevant, non-privileged, and responsive information will be produced to FICO before discovery closes on January 15, 2019.

## III.   FICO's Requests of Admission Nos. 13-16 and 20-28 are vague and ambiguous, and therefore, Federal is without sufficient information to further admit or deny the requests.

Federal objected to FICO's Requests for Admission Nos. 13-16 and 20-28 because the phrases "authority to direct or cause the directions," "power to direct or cause the directions," "disclosed," "distributed," and "permitted…to access" are vague and ambiguous.   Federal is unable to answer the requests unless FICO provides further clarification regarding the meaning of these terms.  Indeed, "[a] party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014); *see e.g., Arroyo v. Adams,* No. 1:11–cv–01186–

AWI–DLB, 2014 WL 109494, at*5 (E.D.Ca. Jan. 10, 2014) (denying motion to compel where admission request included vague, undefined terms).[1]

In addition, requests for admission are not a discovery device, but rather a "procedure for obtaining admissions for the record of facts already known." *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375–76 (S.D.N.Y. 1989) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2253 (1970)). As such they are not intended to establish facts in dispute or questions of law. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. CV 10-4948 JRT/AJB, 2013 WL 12155269, at *1–2 (D. Minn. Oct. 1, 2013) (citing *Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997)).[2] For these reasons, requests for admissions must be simple, clear and direct such that the responding party can admit or deny ***without explanation***. *See Dubin*, 125 F.R.D. at 375, *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (emphasis added).

Minnesota courts have similarly found other common words, all readily found in a dictionary, to be ambiguous in the context of the case and the request propounded. For instance, in *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC,* this Court found that asking whether an individual was acting as a "representative" of the Defendants was ambiguous, because it could have various meanings in this

---

[1] A copy of the unpublished opinion *Arroyo v. Adams* is attached to the Pham Decl. as Exhibit L.

[2] A copy of the unpublished opinion *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.* is attached to the Pham Decl. as Exhibit M.

context.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2011 WL 13135650, at *9 (D. Minn. Mar. 3, 2011), *aff'd,* No. 09-CV-3037-SRN-LIB, 2011 WL 1486033 (D. Minn. Apr. 19, 2011).[3]  Furthermore, this Court found that, as in *Donaldson*, the question was an inappropriate attempt to admit a fact in dispute.  *Id.*  Elsewhere, courts have found that the word "associated," was impermissibly ambiguous in the context of a request seeking admission that two car features were different, "even when the system structure and software associated with the two features are identical."  *Fulhorst v. United Techs. Auto., Inc.,* No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997) (finding that Plaintiffs need not respond to the request because it could not be admitted or denied with minimal explanation).[4]

Here, Federal cannot respond to FICO's requests for admission without minimal explanation.  In its opening memorandum, FICO asserts that the Requests for Admission Nos. 13-16 use of the phrases "authority to direct or cause the directions," or "power to direct or cause the directions" are not vague or ambiguous because "[t]hese phrases directly tie to corporate ownership under New York law, which governs the Agreement at issue."  (Dkt. 150 at 29).  However, FICO ignores the fact that the corporate structure and governance of a company the size of Federal is not quite as simple.  In order to admit or

---

[3] A copy of the unpublished opinion *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC* is attached to the Pham Decl. as Exhibit N.

[4] A copy of the unpublished opinion *Fulhorst v. United Techs. Auto., Inc.* is attached to the Pham Decl. as Exhibit O.

deny the Requests for Admission regarding the January 15, 2016 merger, Federal would need to provide at least some "minimal explanation," especially given the size and scope of the companies and the complexity of their corporate structures. Therefore, Federal is not required to respond without further clarification or specific definitions provided by FICO, as it had previously agreed.

Similarly, the phrases "disclosed," "distributed," and "permitted…to access" are also vague and ambiguous. For example, in Requests for Admission Nos. 20 and 21, FICO is asking Federal to admit whether it disclosed or distributed the Blaze Advisor® software to Chubb Insurance Company of Europe SE, but fails to define what is exactly meant by "disclosed" or "distributed." Disclose could mean that Federal simply told employees or representatives of Chubb Insurance Company of Europe SE that the Blaze Advisor® software exists. The phrases "distributed" and "permitted…to access" also carry multiple meanings and definitions, so it is unclear exactly what FICO is seeking with these requests.

Accordingly, Federal respectfully requests that the Court order FICO to provide definitions for the terms authority to direct or cause the directions," "power to direct or cause the directions," "disclosed," "distributed," and "permitted…to access," as propounded in FICO's Requests for Admission Nos. 13-16 and 20-28.

## IV.    FICO's request for sanctions should be denied.

FICO seeks an award of attorneys' fees and costs. Fed. R. Civ. P. 37(a)(5)(A)(iii) states that a court may deny awarding attorneys' fees and costs without regard to whether

a party's motion to compel was granted if "circumstances make an award of expenses unjust." *Ventura v. Kyle*, No. CV 12-472 (RHK/AJB), 2012 WL 12896526, at *3 (D. Minn. Nov. 6, 2012).[5]

Here, the parties have engaged in good-faith efforts to resolve this discovery dispute. Following the parties' discovery conference with the Court on August 29, Federal immediately began reaching out to individuals it believed could provide the requested information. (*See* Pham Decl., ¶ 6). As soon as relevant, responsive and non-privileged information was obtained, Federal produced the information to FICO. (*Id.*, Exs. E and H). Discovery is currently open until January 15, 2019, and Federal will continue to immediately produce responsive information. Under these facts, the Court must find that an award of attorney's fees is not warranted, and therefore, FICO's request for attorneys' fees should be denied.

FICO's request for evidentiary sanctions must also be denied. Rule 37(b)(2) limits the discretion of a court to order sanctions by requiring that any such sanction be "just." As noted above, Federal has acted in good faith in providing relevant, responsive, and non-privileged information to FICO. (*Id.*, Exs. E and H). Significantly, the information produced to FICO on October 26, 2018 and November 16, 2018 contain "gross written premium" information, which is precisely the type of information that FICO is currently requesting that the Court enter evidentiary sanctions for. (Dkt. 150 at 39). In other

---

[5] A copy of the unpublished opinion *Ventura v. Kyle* is attached to the Pham Decl. as Exhibit P.

words, because Federal has already produced the majority of the gross written premium information sought by FICO, it would be unjust for the Court to enter evidentiary sanctions relating to that very information.  Accordingly, Federal respectfully requests that the Court deny FICO's request for evidentiary sanctions.

## <u>CONCLUSION</u>

For the foregoing reasons, Federal respectfully requests that the Court deny FICO's motion to compel discovery.  Federal further respectfully requests that the Court (1) deny FICO's request for an award of attorneys' fees incurred in connection with this motion to compel; (2) deny FICO's request for evidentiary sanctions; and (3) order FICO to provide definitions for the terms "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access," as propounded in FICO's Requests for Admission Nos. 13-16 and 20-28.

Dated:  November 20, 2018              FREDRIKSON & BYRON, P.A.

*s/Christopher D. Pham*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Phone:  (612) 492-7000
(612) 492-7077 (fax)

***Attorneys for Defendants***

65248576.1