UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>      Defendants. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>**DECLARATION OF CHRISTOPHER D. PHAM IN SUPPORT OF FEDERAL INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

I, Christopher D. Pham, declare as follows:

1. I am an attorney at Fredrikson & Byron, P.A. and am one of the attorneys representing Defendants Federal Insurance Company ("Federal") and Ace American Insurance Company in this case.

2. I make this declaration on my own knowledge, information, and belief in support of Federal's Memorandum in Opposition to the Motion to Compel filed by Plaintiff Fair Isaac Corporation ("FICO").

3. Attached as **Exhibit A** is true and correct copy of the parties' joint email to the Court dated August 20, 2018, relating to the discovery issues presented in the instant motion.

4. During the August 29 discovery conference, the Court agreed with Federal that if FICO is requesting documents, Federal is obligated to produce documents in the ordinary course of business. The Court also stated that if Federal intends to rely on

information being sought by FICO to defend against damages claims, Federal must produce that information. With respect to FICO's Requests for Admission Nos. 13-16 and 20-28, the Court indicated that it believed the requests were ambiguous, and further explained that requests for admission are generally the least useful discovery mechanism. With respect to FICO's Requests for Production of Documents Nos. 55-70, FICO, for the very first time during the discovery conference, mentioned that it believed there were individuals at Federal other than Henry Mirolyuz that may have responsive information to FICO's Requests for Production of Documents Nos. 55-70.

5. Following the August 29 discovery conference, Federal focused on compiling information responsive to FICO's Interrogatory Nos. 15-20.

6. Specifically, on August 30, 2018, I contacted the following individuals: (1) the point-person in Canada for information responsive to FICO's Interrogatory No. 19; (2) the point-person in the United Kingdom for information responsive to FICO's Interrogatory No. 18; and (3) the point-person in Australia for information responsive to FICO's Interrogatory No. 20.

7. On Friday, September 7, 2018, counsel for the parties held a phone conference to discuss outstanding discovery. During the phone conference, FICO's counsel directed Federal's counsel to certain documents that FICO mentioned for the first time during the discovery conference with the Court on August 29. Federal then started following up with individuals identified in those documents.

8. Attached as **Exhibit B** is a true and correct copy of the email from me to FICO's counsel dated September 11, 2018 summarizing our September 7 phone conference.

9. Attached as **Exhibit C** is a true and correct copy of the email from FICO's counsel requesting a phone conference to discuss he outstanding discovery items from the August 29 informal discovery conference with the Court.

10. Attached as **Exhibit D** is a true and correct copy of the September 25, 2018 email exchange between the parties' counsel in an attempt to schedule a phone conference to discuss discovery, and FICO's counsel proposed a 90-day discovery extension instead of a 60-day extension.

11. Due to scheduling conflicts, counsel for the parties did not have a phone conference to discuss discovery until October 5, 2018.

12. Attached as **Exhibit E** is a true and correct copy of my email to FICO's counsel dated October 26, 2018, serving Federal's Supplemental Answers to Interrogatory Nos. 17-20.

13. Attached as **Exhibit F** is a true and correct copy of the October 29, 2018 email exchange between the parties' counsel relating FICO's second deposition notice for Henry Mirolyuz, in which FICO's counsel abruptly advised Federal's counsel that she contacted the Court to obtain a hearing date for the this motion to compel, without specifying the grounds for the motion.

14. Attached as **Exhibit G** is a true and correct copy of my email to FICO's counsel dated October 30, 2018 inquiring about the subject matter for this motion to

compel. I was surprised since the motion hearing was scheduled after the parties submitted a joint motion to extend the discovery deadlines just 4 days prior, and on the same day, Federal served supplemental answers to interrogatories.

15. FICO's counsel waited a week until November 7, 2018 to advise Federal's counsel of the subject matter of FICO's motion to compel during a phone conference.

16. Attached as **Exhibit H** is a true and correct copy of my email to FICO's counsel dated November 16, 2018, serving Federal's Second Supplemental Answers to Interrogatory Nos. 15-20.

17. After reviewing the documents identified by FICO's counsel during the September 7 phone conference, Federal followed-up with individuals that it believed may have responsive information, and has identified four additional custodians for data collection: Amy P. Bell, Carla D. Owens, Edward Tornick, and Majka Seawright.

18. On November 19, 2018, Federal's counsel received the electronic data for the four additional custodians, and will begin to upload and process the information to be reviewed before producing non-privileged, relevant, and responsive information to FICO.

19. Attached as **Exhibit J** is a true and correct copy of my email to FICO's counsel dated June 19, 2018, reminding FICO's counsel that FICO had not provided any further clarification or definitions as requested by Federal and agreed upon by FICO.

20. Attached as **Exhibit K** is a true and correct copy of the email from FICO's counsel dated August 1, 2018 with a proposed draft joint email to the Court regarding, among other things, the outstanding discovery related to FICO's Requests for Admission Nos. 13-16 and 20-28.

21. Attached as **Exhibit L** is a true and correct copy of the unpublished decision *Arroyo v. Adams,* No. 1:11–cv–01186–AWI–DLB, 2014 WL 109494 (E.D.Ca. Jan. 10, 2014).

22. Attached as **Exhibit M** is a true and correct copy of the unpublished decision *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. CV 10-4948 JRT/AJB, 2013 WL 12155269 (D. Minn. Oct. 1, 2013).

23. Attached as **Exhibit N** is a true and correct copy of the unpublished decision *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2011 WL 13135650 (D. Minn. Mar. 3, 2011).

24. Attached as **Exhibit O** is a true and correct copy of the unpublished decision *Fulhorst v. United Techs. Auto., Inc.,* No. CIV. A. 96-577-JJF, 1997 WL 873548 (D. Del. Nov. 17, 1997).

25. Attached as **Exhibit P** is a true and correct copy of the unpublished decision *Ventura v. Kyle*, No. CV 12-472 (RHK/AJB), 2012 WL 12896526 (D. Minn. Nov. 6, 2012).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  November 20, 2018                              *s/Christopher D. Pham*