UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER FOR SETTLEMENT CONFERENCE** |
| Federal Insurance Company, | |
| Defendant. | |

This document is an Order of the Court and should be read carefully. All parties, including those appearing *pro* se are expected to comply with the contents of this Order, including specifically, the requirements for the confidential settlement letter.

A settlement conference will be held on **March 27, 2019 at 9:00 a.m. <u>and</u> March 28, 2019 at 9:00 a.m. in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota,** before the undersigned United States Magistrate Judge. All participants should plan on spending the entire day and evening, if necessary, at this settlement conference.

I.  **WHO MUST ATTEND**

**Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present:**

- Each party must attend through a person who has plenary authority to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.

- If individuals are parties to this case, they shall be present.

- If a corporation or other collective entity is a party, a duly authorized **officer** or **managing agent** of that party shall be present. In all cases, the duly

      authorized officer or managing agent with settlement discretion cannot be in-house counsel directly managing the litigation.

- If an insurance company is involved, the responsible agent must be present.

## II.   APPEARANCE BY TELEPHONE

Appearances by telephone are not permitted except in extraordinary circumstances, which must be brought to the attention of the Court and all parties no later than one week prior to the settlement conference by filing a letter setting forth a full explanation of the circumstances, including whether the opposing party objects to the request. Any responses to such a letter shall be electronically filed no later than one business day following the filing of the letter request.

## III.   MANDATORY PRE-CONFERENCE DISCUSSION

In order to encourage the parties to address the issue of settlement on their own, counsel/*pro se* party must meet in person or telephonically with one another on or before **March 20, 2019** to engage in a full and frank discussion of settlement. The parties must exchange monetary terms during this discussion. An offer of $0 does not meet this requirement. A non-specific offer or demand (*e.g.,* "Defendants will pay 'nuisance value'") does not meet this requirement. A party may not refuse to respond to the other party's demand/offer on the grounds that their demand/offer was "unrealistic" or "unreasonable."

## IV.   SETTLEMENT LETTER

If the case does not settle, each attorney and *pro* se party shall submit to the undersigned on or before **March 20, 2019,** a confidential letter. The letter **shall** be in the format attached and **must** address the matters described therein. This letter is for the Court's use only and should not be served on opposing counsel/party nor filed on ECF.

Counsel/*Pro Se* party should email their confidential settlement letter as a Word document to chambers at Schultz_chambers@mnd.uscourts.gov.

## V. FAILURE TO COMPLY WITH COURT ORDER

Failure of any party or insurance company to comply with any part of this **Order, including failure to submit the letter in the format requested with the information required,** may result in the postponement of the settlement conference and imposition of an appropriate sanction on the party, company or attorney who has failed to comply. Please be advised that Fed. R. Civ. P. 16(f) specifically provides:

> (f) Sanctions.
>
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.
>
> **(2) *Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Date: January 17, 2019                                     s/David T. Schultz
                                                            DAVID T. SCHULTZ
                                                            United States Magistrate Judge

**CONFIDENTIAL SETTLEMENT LETTER**

I. **CONCISE AND OBJECTIVE SUMMARY OF THE CASE**

   A. Factual Summary

   In this section please provide an *objective* summary of the facts, including identification of any facts that are unknown or in dispute. In addition, please provide any important history or dynamics of the relationship between the parties.

   B. Procedural Posture

   C. Costs and Fees

   Specify the total costs and fees expended to date, as well as the anticipated costs and fees through summary judgment and through trial.

II. **A REASONED ANALYSIS OF LIABILITY AND DAMAGES**

   In this section please provide your assessment of the merits of your case, including an itemized computation (or refutation) of damages. In addition, please include a candid assessment of the weaknesses (*e.g.*, bad key witness) of *your* case.

   A. Liability

   B. Damages

   C. Candid Discussion of Weaknesses of the Case

III. **SETTLEMENT**

   A. Summary of Settlement Discussions to Date

   B. Any obstacles to settlement.

   In this section describe any barriers to settlement, including unrealistic client expectations or emotional investment in the case.

   C. Non-Monetary Terms

   In this section describe any non-monetary terms that are important to resolving this matter.

   D. Insurance

>Include in this section the policy limits, any reservations, and whether the defense is within limits or separate therefrom.

## IV. OTHER

In this section please provide any other information you believe would be useful to the Court in resolving this matter.