

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402


Heather J. Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

January 23, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
            No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

Fair Isaac Corporation ("FICO") respectfully requests a protective order directed at Defendants' Amended Notice of Rule 30(b)(6) Deposition (the "Notice"). *See* Exhibit A. The deposition is noticed for January 25, 2019. The Amended Notice was served January 8, 2019. FICO served its Objections and Responses on January 11, 2019. *See* Exhibit B. The parties were unable to resolve all of FICO's objections.

Topic 9 is "FICO's alleged damages in this action." The Topic improperly seeks contention testimony. Topics 4 and 6 are directed to FICO's knowledge "with respect to use" of Blaze Advisor® "by Federal and/or Chubb & Son, a division of Federal" (Topic 4) and FICO's communications "regarding the use, installation, implementation,

Hon. David T. Schultz
January 23, 2019
Page **2** of **5**

downloading of, or programming of" Blaze Advisor® software "at Federal and/or Chubb & Son, a division of Federal" (Topic 6).  The subject matter of Topics 4 and 6 is irrelevant.  "Federal and/or Chubb & Son, a division of Federal", were licensed under the Agreement.  Topic 7 directed to any assistance by FICO in the installation of Blaze Advisor® outside of the United States is relevant, and FICO has designated a witness to testify to that Topic.  FICO requests an Order striking Topics 9, 4, and 6.

FICO also seeks a protective order over Topics 14, 15, and 16.  Counsel have agreed to address these topics by stipulation, if possible.  Federal has not circulated a stipulation.  FICO requests an Order that FICO's designation of a witness or witnesses to testify to Topics 14, 15, and 16, and Defendants 30(b)(6) examination on those Topics will occur a reasonable time after a failure of the parties to agree to stipulated testimony regarding them.

**Legal Standards**

Federal Rule of Civil Procedure 26(c) permits the Court "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by issuing a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(D).  The party seeking the order "bears the burden of establishing the requisite 'good cause.'"  *Bombardier Rec. Prods. v. Arctic Cat, Inc.*, No. 12-cv-2706 (MJD/LIB), 2014 WL 10714011, at *12 (D. Minn. Dec. 5, 2014) (quoting *Northbrook Digital, LLC v. Vendio Servs.*, 625 F. Supp. 2d 728, 734 (D. Minn. 2008)).  "When determining whether to issue a protective order, courts apply a balancing test to determine whether good cause exists, weighing the moving party's potential burden against the opposing party's interest in the discovery at issue."  *Id.* (internal quotation omitted).

**Topics 9, 4 and 6 are Improper Rule 30(b)(6) Topics**

Topic 9 seeks FICO corporate testimony about "FICO's alleged damages in this action."  Such testimony is pure contention testimony, which is not a proper use of Rule 30(b)(6).  A 30(b)(6) Notice may not seek testimony that is more properly the subject of

Hon. David T. Schultz
January 23, 2019
Page **3** of **5**

contention interrogatories. Specifically, "[a] Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims." *Trs. of Bos. Univ. v. Everlight Elecs. Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) (collecting cases). Accordingly, "[a] party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through contention interrogatories." *Id.*; *see also SmithKline Beecham Corp. v. Apotex Corp.*, No. 00-CV-1393, 2004 WL 739959, at *3 (E.D. Pa. Mar. 23, 2004).

Topic 9 is a legal position; it is not the subject of corporate knowledge. Any testimony responsive to this Topic will disclose attorney work product and attorney-client communications. FICO's damages claims are also the subject of expert testimony. Defendants' own words reveal the impropriety of Topic 9: "We are seeking testimony as to the facts that FICO will assert in support of its damages . . . . This also includes, but is not limited to, facts that FICO contends support its position that it has been or will be subject to irreparable harm." *See* Exhibit C.

Defendants have testimony regarding the factual underpinnings of FICO's damages claim. Most recently, they deposed Mr. William Waid under Rule 30(b)(6) regarding FICO's pricing criteria and FICO's methods for pricing Blaze Advisor® licenses. Other facts, particularly regarding FICO's claim for disgorged profits, are uniquely within Defendants' knowledge and have been a subject of FICO's discovery. The application of those facts, along with other facts disclosed in discovery, to the law will form FICO's damages claims. Work product protects against the disclosure of that attorney work product now. *See Polaris Indus. Inc. v. CFMOTO Powersports, Inc.*, No. 10-cv-4362 (JNE/HB), 2015 WL 13637322, at *3 (D. Minn. Apr. 27, 2015).

Although defendants disavow they seek expert testimony, Topic 9 is also the subject of expert testimony. The Fifth Amended Pretrial Scheduling Order calls for the disclosure of expert testimony on February 21, 2019. It is improper to seek early disclosure of expert testimony under Rule 30(b)(6). *See Trs. of Bos. Univ.*, 2014 WL 5786492, at *4.

Hon. David T. Schultz
January 23, 2019
Page **4** of **5**

Topic 4 is "FICO's knowledge with respect to the use of Blaze Advisor® software by Federal and/or Chubb & Son, a division of Federal."  Topic 6 is "FICO's participation with or assistance to Federal and/or Chubb & Son, a division of Federal, regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal.  The Topics are vastly over broad and disproportionate; they are not limited in scope.  *See, e.g.*, *W. Virginia Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, No. CV 13-1686 (JRT/FLN), 2015 WL 12778845, at *2 (D. Minn. June 12, 2015) (granting protective order over topics that were overly broad and unduly burdensome); *Trs. of Bos. Univ.*, 2014 WL 5786492, at *4 (same).

More significantly, FICO's knowledge of use by Federal and/or Chubb & Son, a division of Federal and any participation or assistance in the use, installation, etc., at Federal and/or Chubb & Son, a division of Federal, is not relevant to the parties' claims and defenses.  "Federal and/or Chubb & Son, a division of Federal" is the licensee under the Agreement.  The "use, installation, etc." of the software was permitted before the Agreement was terminated.  To assure Defendants and confirm the irrelevance of Topics 4 and 6, FICO Counsel advised: "The use of Blaze Advisor software by Federal within the United States before the merger is not a basis of FICO's claims in this lawsuit."  *See* <u>Exhibit C</u>.

Rather than withdraw Topics 4 and 6, Defendants re-write them.  They point to FICO interrogatory answers that state: "the unlicensed use by Federal (meaning any division other than Chubb & Son" is breach of the Agreement."  *See id.*  Those same answers further advise that the factual basis for any such claim (whether there was an unlicensed use by Federal) "depends on discovery from Federal."  During the meet and confer process FICO has requested Defendants to supplement discovery to disclose any such unlicensed use.

Defendants have not supplemented their discovery in this regard.  They re-write Topics 4 and 6: "Does any pre-merger U.S. use of Blaze support FICO's . . . damages to be asserted by FICO?"  Defendants improperly transform the Topics into contention interrogatories.  *See id.*

merchantgould.com

Hon. David T. Schultz
January 23, 2019
Page **5** of **5**

Whether discovery has revealed a pre-merger U.S. use that supports FICO's damages necessarily depends on attorney analysis: attorney work product.  This subject matter is outside the scope of corporate knowledge.  Testimony that requires disclosure of attorney work product is improper.  *See, e.g.*, *Polaris Indus. Inc.*, 2015 WL 13637322, at *3 (D. Minn. Apr. 27, 2015) (stating that "[a]lthough the topic calls for 'evidence or facts,' it is inextricably linked to Plaintiff's contentions and legal analysis"). Forcing a corporate witness to testify on the facts supporting a specific legal claim necessarily requires a determination of which facts are favorable; a decision made by counsel when preparing the corporate witness for the deposition.  To allow a witness to testify on these facts "would essentially . . . amount[] to a spoon-feeding and then disgorgement of attorney and/or expert analysis, which is not within the scope of a corporate representative's knowledge." *Id.*

**Topics to be Addressed by Stipulation:** FICO additionally seeks a protective order regarding Topics 14 (audits) and 15 and 16 (rule development). The parties agreed to address these Topics by stipulation, if possible.  Defendants have not provided the requested stipulation.  FICO seeks protection against sandbagging.

For the reasons stated, FICO respectfully requests:

1. An Order that strikes Topics 9, 4 and 6; and

2. An Order that FICO's designation of a witness or witnesses to testify to Topics 14, 15, and 16, and Defendants 30(b)(6) examination on those Topics will occur a reasonable time after a failure of the parties to agree to stipulated testimony directed regarding them.

Respectfully,

*Heather Kliebenstein*

Heather J. Kliebenstein

cc:   All Counsel of Record (via ECF)