# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY,
a  Pennsylvania corporation,

        Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL'S AMENDED NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF FAIR ISAAC CORPORATION**

---

TO:  Fair Isaac Corporation, c/o Allen Hinderaker, Heather Kliebenstein, and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402:

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Federal Insurance Company ("Federal") will take the deposition upon oral examination of Plaintiff Fair Isaac Corporation ("FICO") by its designated witness or witnesses regarding the topics identified in <u>Attachment A</u> attached hereto at **9:00 a.m. on January 25, 2019** at the offices of Fredrikson & Byron P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota.  The deposition will be taken before and transcribed by a notary public or other officer authorized to administer oaths and record testimony.  The testimony will be recorded by stenographic and videographic means.

Dated:  January 8, 2019

*s/ Christopher D. Pham*

Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendants***

64161201.1

## ATTACHMENT A

## INSTRUCTIONS

1.      You are required to appear at the taking of a deposition to testify responsive to the following topics. You are required to furnish such information as is available to you, including but not limited to, information known to your officers, employees, agents, or anyone acting for or on your behalf.

2.      If you have no information about the subject of a particular category or if for some reason you are unable to answer it, the response should specifically so state.

3.      If you assert a claim of privilege in objection to any topic or question, identify the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: type; general subject matter and purpose; date; the names of persons making or receiving the communication, and of those present when it was made; the relationship of the named person to the author or speaker; and any other information upon which you may rely to support your claim of privilege or the immunity from discovery.

## AMENDED 30(B)(6) DEPOSITION TOPICS

1.      Fair Isaac Corporation's ("FICO") understanding of the scope of the Blaze Advisor® software license agreement with Federal Insurance Company ("Federal").

2.      Identification of all FICO employees, representatives, or agents that communicated (i.e., involved in any meetings, emails, or phone conferences) with any employees, representatives, or agents of Federal and/or Chubb & Son, a division of

Federal, both in the United States and/or internationally, regarding the licensing of the Blaze Advisor® software.

3.     Identification of all FICO employees, representatives, or agents that communicated with (i.e., involved in any meetings, emails, or phone conferences) and/or assisted any employees, representatives, or agents of Chubb & Son, a division of Federal, both in the United States and/or internationally, regarding the use, installation, implementation, downloading of, or programing of the Blaze Advisor® software.

4.     FICO's knowledge with respect to the use of Blaze Advisor® software by Federal and/or Chubb & Son, a division of Federal.

5.     FICO's communications with Federal and/or Chubb & Son, a division of Federal regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal.

6.     FICO's participation with or assistance to Federal and/or Chubb & Son, a division of Federal regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal.

7.     Any assistance by FICO, including identification of the FICO employees, in the installation of Blaze Advisor® software on servers located outside of the United States, including but not limited to the United Kingdom, Canada, and Australia.

8.     Identification of all FICO employees, representatives, or agents involved in FICO's decision to terminate the license, and the grounds for the decision.

9.     FICO's alleged damages in this action.

10. FICO's responses to Federal's document requests, and the efforts made to identify and collect responsive documents.

11. Identification of all FICO employees, representatives, or agents involved in the decision to provide a licensee with the right to continue using the Blaze Advisor® software when such use is believed to be the subject of an infringement or misappropriation claim.

12. Identification of all FICO employees, representatives, or agents involved in the decision to replace or modify the Blaze Advisor® software when use of the software is believed to be the subject of an infringement or misappropriation claim.

13. Identification of all FICO employees, representatives, or agents involved in the decision to terminate the Blaze Advisor® software license when use of the software is believed to be the subject of an infringement or misappropriation claim.

14. Identification of all FICO employees, representatives, or agents receiving and/or responding to audit request documents, including without limitation, all logs and records of legal requests relating to the software license agreement with Federal.

15. Identification of all FICO employees, representatives, or agents involved in the development in any way the rules that were implemented in Blaze Advisor® for Federal's use.

16. Identification of all rules that were implemented in Blaze Advisor® for Federal's use.

17. FICO's pricing method for Blaze Advisor® for the past eight (8) years.

18. FICO's criteria used in pricing Blaze Advisor® for the past eight (8) years.

19.     Prices FICO charged all current and former clients over the past eight (8) years for both Cloud-based software and on-premises software, including all calculation methods for pricing.

20.     Identification of all FICO employees, representatives, or agents involved in the creation of the standard contract language for software license agreements over the past eight (8) years.

21.     Compensation information for salespeople for the past eight (8) years.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2019, a copy of the foregoing was emailed to

the following attorneys of record for Plaintiff Fair Isaac Corporation:

> Allen Hinderaker, MN Bar # 45787
> Heather Kliebenstein, MN Bar # 337419
> Michael A. Erbele, MN Bar # 393635
> MERCHANT & GOULD P.C.
> 3200 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-2215
> Tel: (612) 332-5300
> Fax: (612) 332-9081
> ahinderaker@merchantgould.com
> hkliebenstein@merchantgould.com
> merbele@merchantgould.com

January 8, 2019                                        /s/ Brenda Haberman
                                                       Brenda Haberman

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) ) | |

## FAIR ISAAC CORPORATION'S OBJECTIONS AND RESPONSES TO FEDERAL INSURANCE COMPANY'S AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") Amended Notice of 30(b)(6) Deposition.

## GENERAL OBJECTIONS

1.      FICO objects to the Amended Rule 30(b)(6) Notice to the extent it is inconsistent with, seeks to impose obligations not required by, or seeks to expand the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.      FICO objects to the Topics set forth in the Amended Rule 30(b)(6) Notice to the extent they seek information that is subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

3.      FICO objects to the Amended Rule 30(b)(6) Notice to the extent the Topics

therein are overly broad, are unduly burdensome, seek irrelevant information, or are

disproportionate to the needs of the case.

4.      The General Objections set forth above are made without prejudice to and without

waiver of FICO's right to object on all appropriate grounds to the specific information sought by

each Topic.

Subject to the General Objections outlined above and the more specific objections set

forth below, FICO responds to the categories set forth in the Amended Rule 30(b)(6) Notice as

follows:

### SPECIFIC OBJECTIONS AND RESPONSES

**TOPIC 1:** Fair Isaac Corporation's ("FICO") understanding of the scope of the Blaze Advisor®
software license agreement with Federal Insurance Company ("Federal").

**RESPONSE:** FICO incorporates its General Objections.  FICO objects to this Topic to the

extent it calls for a legal conclusion or seeks a legal opinion.  FICO objects to the phrase

"understanding of the scope of the Blaze Advisor® software license agreement" as it renders the

Topic vague and ambiguous.  The Topic is a contention interrogatory, which FICO does not have

an obligation to answer with deposition testimony.  FICO objects that this Topic seeks

information and testimony that is subject to the attorney-client privilege and/or evidenced or

constitutes attorney work product.  FICO objects that this Topic seeks information that is not

relevant to the claims and defenses in this lawsuit because there are only a limited number of

paragraphs in the software license agreement that are relevant to this dispute.  Without waiving

the objections, FICO will designate a witness to testify as to its understanding of the provisions

at issue in this lawsuit, but will not provide any testimony that constitutes legal conclusions or

legal opinion, or any testimony protected by the attorney-client privilege or work-product

doctrine.

**TOPIC 2:** Identification of all FICO employees, representatives, or agents that communicated (i.e., involved in any meetings, emails, or phone conferences) with any employees, representatives, or agents of Federal and/or Chubb & Son, a division of Federal, both in the United States and/or internationally, regarding the licensing of the Blaze Advisor® software.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic's request

for an identification of "all FICO employees, representatives, or agents" about "licensing" in

general is overbroad, unduly burdensome, and disproportionate.  Without waiving the objections,

FICO will designate a witness to testify as to the identification of individuals involved in the

2006 licensing negotiations between Federal and FICO.

**TOPIC 3:** Identification of all FICO employees, representatives, or agents that communicated with (i.e., involved in any meetings, emails, or phone conferences) and/or assisted any employees, representatives, or agents of Chubb & Son, a division of Federal, both in the United States and/or internationally, regarding the use, installation, implementation, downloading of, or programing of the Blaze Advisor® software.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic is

overbroad, unduly burdensome, and disproportionate because it is not limited in time and does

not "describe with reasonable particularity the matters for examination" as required by Fed. R.

Civ. P. 30(b)(6). Each use, installation, implementation, downloading and/or programming of

Blaze Advisor® during any time period, or inside the United States, is not relevant to the claims

and defenses in this case.  FICO objects to this Topic because it is factually incorrect and based

on a false premise, namely upon information and belief, Chubb & Son has no employees outside

the United States.  FICO objects to this Topic because it seeks an identification of "all FICO

employees, representatives, or agents", which is overbroad, unduly burdensome, and

disproportionate.  Without further limitation and clarification, FICO will not produce a witness

to testify on this Topic.

**TOPIC 4:** FICO's knowledge with respect to the use of Blaze Advisor® software by Federal and/or Chubb & Son, a division of Federal.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that the phrase "knowledge with respect to the use of Blaze Advisor® software" is vague, ambiguous, overly broad, unduly burdensome and disproportionate.  FICO is unable to ascertain the scope of this Topic as written.  FICO objects that this Topic seeks information that is not relevant to the claims and defenses in this lawsuit.  Without further limitation and clarification, FICO will not produce a witness to testify on this Topic.

**TOPIC 5:** FICO's communications with Federal and/or Chubb & Son, a division of Federal regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic is irrelevant to the claims and defenses in this lawsuit.  Further, this Topic is overly broad because each use, installation, implementation, downloading and/or programming of Blaze Advisor® during any time period is not relevant to the claims and defenses in this case.  FICO objects that this Topic is overbroad, unduly burdensome, and disproportionate because it is not limited in time and does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).  Without further limitation and clarification, FICO will not produce a witness to testify on this Topic.

**TOPIC 6:** FICO's participation with or assistance to Federal and/or Chubb & Son, a division of Federal regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic is irrelevant to the claims and defenses in this lawsuit to the extent it seeks information and testimony regarding "installation, implementation . . . or programming" of the Blaze Advisor® software.  Further, this Topic is overly broad because each use, installation, implementation,

4

downloading and/or programming of Blaze Advisor® during any time period is not relevant to

the claims and defenses in this case.  In sum, FICO objects that this Topic is overbroad, unduly

burdensome, and disproportionate because it is not limited in time and does not "describe with

reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

Without further limitation and clarification, FICO will not produce a witness to testify on this

Topic.

**TOPIC 7:** Any assistance by FICO, including identification of the FICO employees, in the
installation of Blaze Advisor® software on servers located outside of the United States,
including but not limited to the United Kingdom, Canada, and Australia.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic is

irrelevant to the claims and defenses in this lawsuit to the extent it seeks information and

testimony regarding "installation of Blaze Advisor® software on servers located outside of the

United States" without limitation by customer.  FICO's installation of Blaze Advisor® outside

the United States for all of its customers during any time period, including those installations not

involved in this lawsuit, is irrelevant.  In sum, FICO objects that this Topic is overbroad, unduly

burdensome, and disproportionate because it is not limited in time and does not "describe with

reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).

Without waiving the objections, FICO will designate a witness regarding whether FICO assisted

in installation of Blaze Advisor® software outside the United States by or for Federal or its

related/affiliated companies.

**TOPIC 8:** Identification of all FICO employees, representatives, or agents involved in FICO's
decision to terminate the license, and the grounds for the decision.

**RESPONSE:** FICO incorporates its General Objections. FICO objects to this Topic because it

seeks an identification of "all FICO employees, representatives, or agents", which is overbroad,

unduly burdensome, and disproportionate.  FICO objects to this Topic as vague and ambiguous

as it is unclear what license is referred to—Federal's or another third party.  FICO objects that

this Topic seeks information and testimony that is subject to the attorney-client privilege and/or

evidenced or constitutes attorney work product.  Without waiving the objections, FICO will

designate a witness to testify to the identification of individuals involved in FICO's decision to

terminate Federal's license, and the non-legal, non-privileged grounds for the decision.

**TOPIC 9:** FICO's alleged damages in this action.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic is

overbroad, unduly burdensome, and disproportionate because it does not "describe with

reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6)—

FICO has asserted various theories of damages in this action. FICO objects to this Topic as it

seeks legal opinion testimony, not factual testimony.  The Topic is essentially a contention

interrogatory, which FICO does not have an obligation to answer with deposition testimony.

FICO objects that this Topic seeks information and testimony that is the subject of expert

opinion and analysis, which need not be disclosed under the Second Amended Pretrial

Scheduling Order until November 30, 2018. (Dkt. 111.)  FICO objects to this Topic as it seeks

legal opinion testimony, not factual testimony.  Without waiving the objections, FICO will

designate a witness to testify as to the damages of lost license-based fees.

**TOPIC 10:** FICO's responses to Federal's document requests, and the efforts made to identify
and collect responsive documents.

**RESPONSE:** FICO incorporates its General Objections. FICO objects that this Topic's request

for testimony regarding "FICO's responses to Federal's document requests" seeks information

that is subject to the attorney-client privilege and/or evidenced or constitutes attorney work

product. Without waiving the objections, FICO will designate a witness to testify on the efforts

made to identify and collect responsive documents.

6

**TOPIC 11:** Identification of all FICO employees, representatives, or agents involved in the decision to provide a licensee with the right to continue using the Blaze Advisor® software when such use is believed to be the subject of an infringement or misappropriation claim.

**RESPONSE:** FICO incorporates its General Objections. FICO objects to this Topic as seeking irrelevant testimony. The Topic is also vague and ambiguous, as it is not clear which Blaze Advisor® software license—a third party or Federal's—is the subject of the Topic. FICO objects to this Topic to the extent it calls for a legal conclusion or seeks a legal opinion. FICO objects that this Topic seeks information and testimony that is subject to the attorney-client privilege and/or evidenced or constitutes attorney work product. FICO objects that this Topic's request for an identification of "all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and disproportionate. For these reasons, FICO will not designate a witness to testify on this Topic.

**TOPIC 12:** Identification of all FICO employees, representatives, or agents involved in the decision to replace or modify the Blaze Advisor® software when use of the software is believed to be the subject of an infringement or misappropriation claim.

**RESPONSE:** FICO incorporates its General Objections. FICO objects to this Topic as seeking irrelevant testimony. The Topic is also vague and ambiguous, as it is not clear whether Federal seeks testimony about third parties or Federal. FICO objects to this Topic to the extent it calls for a legal conclusion or seeks a legal opinion. The Topic is a contention interrogatory, which FICO does not have an obligation to answer with deposition testimony. FICO objects that this Topic seeks information and testimony that is subject to the attorney-client privilege and/or evidenced or constitutes attorney work product. FICO objects that this Topic's request for an identification of "all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and disproportionate. For these reasons, FICO will not designate a witness to testify on this Topic.

**TOPIC 13:** Identification of all FICO employees, representatives, or agents involved in the decision to terminate the Blaze Advisor® software license when use of the software is believed to be the subject of an infringement or misappropriation claim.

**RESPONSE:** FICO incorporates its General Objections. FICO objects to this Topic as seeking irrelevant testimony.  The Topic is also vague and ambiguous, as it is not clear whether Federal seeks testimony about third parties or Federal.  FICO objects to this Topic to the extent it calls for a legal conclusion or seeks a legal opinion. The Topic is a contention interrogatory, which FICO does not have an obligation to answer with deposition testimony.  FICO objects that this Topic seeks information and testimony that is subject to the attorney-client privilege and/or evidenced or constitutes attorney work product.  FICO objects that this Topic's request for an identification of "all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and disproportionate.  For these reasons, FICO will not designate a witness to testify on this Topic.

**TOPIC 14:** Identification of all FICO employees, representatives, or agents receiving and/or responding to audit request documents, including without limitation, all logs and records of legal requests relating to the software license agreement with Federal.

**RESPONSE:** FICO incorporates its General Objections. FICO objects because the topic is unintelligible; the phrase "including without limitation, all logs and records of legal requests" has no relationship to "receiving and /or responding to audit request documents."  FICO objects to this Topic as seeking irrelevant testimony.  FICO further objects that the Topic's use of "audit request documents" is vague and ambiguous.  FICO objects that this Topic is overbroad, unduly burdensome, and disproportionate because it is not limited to those "audit request documents" related to the Agreement at issue in this lawsuit.  FICO objects to this Topic to the extent it calls for a legal conclusion or seeks a legal opinion.  FICO objects that this Topic seeks information and testimony that is subject to the attorney-client privilege and/or evidenced or constitutes

attorney work product.  FICO objects that this Topic's request for an identification of "all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and disproportionate. Subject to these objections, no witness with such knowledge exists.

**TOPIC 15:** Identification of all FICO employees, representatives, or agents involved in the development in any way the rules that were implemented in Blaze Advisor® for Federal's use.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic seeks testimony regarding information not within the possession, custody, or control of FICO.  FICO does not write the rules implemented in Blaze Advisor® for Federal's use.  FICO objects that this Topic's request for an identification of "all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and disproportionate.  Subject to these objections, no witness with such knowledge exists.

**TOPIC 16:** Identification of all rules that were implemented in Blaze Advisor® for Federal's use.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic seeks testimony regarding information not within the possession, custody, or control of FICO.  FICO does not write the rules implemented in Blaze Advisor® for Federal's use.  FICO objects that this Topic is overbroad, unduly burdensome, and disproportionate because it does not "describe with reasonable particularity the matters for examination" as required by Fed. R. Civ. P. 30(b)(6).  Subject to these objections, no witness with such knowledge exists.

**TOPIC 17:** FICO's pricing method for Blaze Advisor® for the past eight (8) years.

**RESPONSE:** FICO incorporates its General Objections.  The price of Blaze Advisor® software is individually negotiated with each FICO customer.  FICO objects to this Topic because the time period is overly broad and not applicable to this proceeding.  Without waiving the

objections, FICO will designate a witness to testify regarding enterprise and application-based licensing fees for Blaze Advisor®.

**TOPIC 18:** FICO's criteria used in pricing Blaze Advisor® for the past eight (8) years.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic is not limited to Federal and therefore seeks testimony that is not relevant to the claims and defenses in this lawsuit.  The price of Blaze Advisor® software is individually negotiated with each FICO customer.  FICO objects to this Topic because the time period is overly broad and not applicable to this proceeding.  Without waiving the objections, FICO will designate a witness to testify regarding the criteria considered in setting enterprise and application-based licensing fees for Blaze Advisor®.

**TOPIC 19:** Prices FICO charged all current and former clients over the past eight (8) years for both Cloud-based software and on-premises software, including all calculation methods for pricing.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic seeks testimony that is not relevant to the claims and defenses in this lawsuit because it is not limited to the Blaze Advisor® software—FICO licenses numerous Cloud-based and on-premises software products in addition to Blaze Advisor®, the prices of which have no relevance to the claims and defenses in this lawsuit.  This topic is duplicative of Topics 17 and 18.  FICO objects to this Topic as seeking irrelevant testimony because it seeks pricing information for Cloud-based software solutions, which are not at issue in this lawsuit. FICO further objects that this Topic is overbroad, unduly burdensome, and disproportionate because it seeks the identification of prices paid by "all current and former clients over the past eight (8) years."  Further, prices charged current and former clients for Blaze Advisor® software is disclosed in the Blaze Advisor®

agreements produced to Federal.  For these reasons, FICO will not designate a witness to testify

on this Topic.

**TOPIC 20:** Identification of all FICO employees, representatives, or agents involved in the
creation of the standard contract language for software license agreements over the past eight (8)
years.
**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic seeks

testimony that is not relevant to the claims and defenses in this lawsuit because it is not limited to

license agreements involving the Blaze Advisor® software.  FICO objects to this Topic to the

extent it calls for a legal conclusion or seeks a legal opinion.  FICO objects that this Topic seeks

information and testimony that is subject to the attorney-client privilege and/or evidenced or

constitutes attorney work product.  FICO objects that this Topic's request for an identification of

"all FICO employees, representatives, or agents" is overbroad, unduly burdensome, and

disproportionate. For these reasons, FICO will not designate a witness to testify on this Topic.

**TOPIC 21:** Compensation information for salespeople for the past eight (8) years.

**RESPONSE:** FICO incorporates its General Objections.  FICO objects that this Topic is

overbroad, unduly burdensome, disproportionate, and seeks irrelevant information for several

reasons.  First, the Topic is not limited to FICO salespeople.  Second, the Topic is not limited to

FICO employees involved in the negotiation of the Agreement between Chubb & Son, a division

of Federal, and FICO.  Third, the compensation of FICO's salespeople is not relevant to the

claims and defenses in this lawsuit.  Fourth, the eight (8) year time period is outside the relevant

timeframe of this dispute.  FICO also objects that this Topic is overbroad, unduly burdensome,

and disproportionate because it does not "describe with reasonable particularity the matters for

examination" as required by Fed. R. Civ. P. 30(b)(6)—it is not clear the specific information that

is sought by the Topic.  For these reasons, FICO will not designate a witness to testify on this

Topic.

Dated:  January 11, 2019                    MERCHANT & GOULD P.C.

                                            /s/ Heather Kliebenstein
                                            Allen Hinderaker, MN Bar # 45787
                                            Heather Kliebenstein, MN Bar # 337419
                                            Michael A. Erbele, MN Bar # 393635
                                            MERCHANT & GOULD P.C.
                                            3200 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, MN  55402-2215
                                            Tel:  (612) 332-5300
                                            Fax:  (612) 332-9081
                                            ahinderaker@merchantgould.com
                                            hkliebenstein@merchantgould.com
                                            merbele@merchantgould.com

                                            *Attorneys for Plaintiff Fair Isaac Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2019 a copy of the foregoing was sent via email to the following attorneys of record:

Terrence J. Fleming (tfleming@fredlaw.com)
Christopher D. Pham (cpham@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: January 11, 2019                          s/Abigail Krueger
                                                   Abigail Krueger

# EXHIBIT C

| From: | Allen Hinderaker |
|---|---|
| To: | Janus, Leah |
| Cc: | Heather Kliebenstein; Fleming, Terrence; Pham, Christopher |
| Subject: | RE: Defendants" Amended Rule 30(b)(6) Notice |
| Date: | Sunday, January 20, 2019 10:35:33 AM |

**Topics 4 and 6**:

Both of these Topics are directed to FICO's knowledge regarding use "by Federal and/or Chubb & Son, a division of Federal" or "at Federal and/or Chubb & Son, a division of Federal." "Category one" damages are directed to that. Now, you seek to re-write the Topics to be directed to "category two" damages.

FICO's supplemental response and second supplemental response to Interrogatory 6 both state that any quantification of "category two" damages "depends on discovery from Federal." FICO was not aware of pre-merger United States use of Blaze Advisor® except by Federal through its division Chubb & Son. If there was such use, please disclose the facts of such use or uses.

It is clear from FICO's interrogatory responses that it did not have corporate knowledge of such use. We look forward to Federal's supplementation of its discovery responses to reveal uses within "category two" damages. Any conclusions to be drawn from the discovery in this case is work product and outside the scope of a Rule 30(b)(6) deposition. We maintain our objections to these Topics.

**Topic 9**: We disagree. As you state, this Topic seeks the facts FICO will "assert in support of its damages" and that FICO "contends support its position." That is work product. To the extent the factual underpinnings of FICO's damages claims depend on facts known to FICO (as opposed to the facts uniquely known to your clients), your clients have taken that discovery. How those facts, as applied to the law, will be asserted at trial to support FICO's damages claims is work product.

**Topic 21**: We will designate a witness to testify to this Topic, that is, how for the past 8 years FICO salespeople have been compensated.

We look forward to receiving your proposed stipulations.

---

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Saturday, January 19, 2019 1:57 PM
**To:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Cc:** Heather Kliebenstein <HKliebenstein@merchantgould.com>; Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Thank you, Al.

**Topics 4 and 6**: We need additional clarification regarding FICO's position with respect to the use of Blaze in the U.S.  Is FICO taking the position that any pre-merger use of Blaze by Federal, Chubb & Son, or any U.S.-based subsidiaries or affiliated entities of Federal or Chubb & Son was a violation of the license agreement?  In other words, FICO has previously taken the position that Chubb & Son, a division of Federal, is the licensee and, therefore, use by Federal and Federal's subsidiaries and affiliates was outside of the scope of the license.  For example, FICO's Interrogatory Answers state that "the unlicensed use by Federal (meaning any division other than Chubb & Son)" is an aspect of FICO's claimed damages.  FICO refers to this as its "category two" damages.  (FICO's Answers to ROGs 6-9.)  Similarly, Mr. Carretta testified that the inclusion of an expanded definition of "Affiliates" in Amendment Two of the license agreement did not expand the scope of the license because Chubb & Son could not have affiliates.  (Carretta Dep. Tr. 120-121.)

Does any pre-merger U.S. use of Blaze support FICO's category two damages or any other damages to be asserted by FICO?  Does FICO assert that any pre-merger use of Blaze in the U.S. was a breach of the license agreement at issue in this lawsuit?

**Topic 9:** We are not seeking early expert testimony.  We are seeking testimony as to the facts that FICO will assert in support of its damages.  This does not implicate the attorney-client or attorney work product privilege.  Relevant to the above discussion, this would include category two damages (the factual basis for which has not been disclosed).  This also includes, but is not limited to, facts that FICO contends support its position that it has been or will be subject to irreparable harm (to the extent FICO is taking that position).

**Topic 21:** Please produce the documents you referenced relating to Mr. Sawyer's compensation for the time period 2006 through his most recent departure from FICO and, based on our review, we may be able to handle it with a stipulation.  We reserve our ability to seek deposition testimony to the extent the documents are not self-explanatory, or are ambiguous as they relate to these issues.

The remaining topics you listed below can likely be handled through stipulation.

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

---

**From:** Allen Hinderaker [mailto:AHinderaker@merchantgould.com]
**Sent:** Saturday, January 19, 2019 10:38 AM
**To:** Janus, Leah; Fleming, Terrence; Pham, Christopher
**Cc:** Heather Kliebenstein
**Subject:** FW: Defendants' Amended Rule 30(b)(6) Notice

Leah, my previous email overlooked that Topic 19 is also withdrawn.  Again, if I am mistaken please advise.

We await your response.

---

**From:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Sent:** Friday, January 18, 2019 1:50 PM
**To:** Janus, Leah <LJanus@fredlaw.com>
**Cc:** Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>;
Heather Kliebenstein <HKliebenstein@merchantgould.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Leah,

I understand from your response that your clients withdraw Topics 3, 5, 10-13, and 20. If I am in error, please advise.

**Topics 4 and 6**: The use of Blaze Advisor software by Federal within the United States before the merger is not a basis of FICO's claims in this lawsuit.

Topic 4 directed to "use" is still overbroad. Also, the Topic is directed to use by "Federal and/or Chubb & Son, a division of Federal," which is only a US-based use.

Topic 6 is directed to "use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal." Again, that is only a US-based use. Also, the topic is similarly overbroad.

In my conversation with Mr. Fleming I noted that Topic 7 is directed to any assistance FICO provided in the installation of the software outside of the United States. Please withdraw Topics 4 and 6 because the relevant subject matter is included in Topic 7.

**Topic 9**: The meaning of solely supported by expert testimony is unclear to me. Our expert testimony on damages, both the lost license fee-based damages and the disgorgement damages, will be supported by the underlying facts from various sources. The time for expert reports and depositions is in the future. Additionally, FICO's analysis that applies the facts to the legal requirements for damages is work product. The development of FICO's damages claims and the support for those claims is not corporate knowledge; it is the work product prepared for the trial of the lawsuit.

FICO's pricing criteria and its methods for pricing Blaze Advisor licenses were the subject of your clients' examination of Mr. Waid earlier this week. The factual underpinnings for FICO's license-based damage claims have been disclosed. Because this topic improperly seeks early expert testimony and seeks to invade work product and attorney-client privilege we maintain our objection.

**Topic 14**: As your client should know, FICO did not conduct an audit pursuant to the Agreement.  To my knowledge, the subject of an audit was never considered; hence there are no "reasons why or why not."  If you would like to propose a stipulation, that would be an efficient way to address this topic.

**Topics 15 and 16**: FICO does not develop the rules of its Clients.  Please propose a stipulation to address these topics.

**Topic 21**: Mr. Sawyer's compensation plan incented him to sell.  FICO will stipulate to that.  Please advise if having Mr. Sawyer's sales incentive compensation plans for October 1, 2013 through September 30, 2016 will fully address this topic.

I look forward to your further thoughts.

---

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Thursday, January 17, 2019 4:43 PM
**To:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Cc:** Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>; Heather Kliebenstein <HKliebenstein@merchantgould.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Al —

We write to follow-up regarding FICO's objections to Federal's 30(b)(6) Notice.  The only areas that remain in dispute are the following:

**Topics 4 and 6** – to the extent FICO is taking the position in this lawsuit that any use of Blaze by Federal within the United States prior to the ACE transaction was outside the scope of the license, we are entitled to depose FICO relating to FICO knowledge of and participation in such use.  If use within the United States prior to the ACE transaction is not the basis of any of FICO's claims, then we may limit these topics to use outside of the United States.

Al — with respect to Topic 4, you mention the testimony of previous witnesses.  Previous witnesses were not designated to testify on behalf of FICO on this topic.  To the extent you would like to retroactively designate certain testimony as being that of FICO, please indicate with specificity which testimony you would like us to consider, and we will consider your proposal.

**Topic 9** – We agree to limit this topic to examination regarding any damages that will not be solely supported by expert testimony or analysis.

**Topic 14** – We seek to depose FICO about whether any audit of the use of Blaze pursuant to the Federal/Chubb license was conducted, and the reasons why or why not.  If this topic may be adequately addressed through stipulated testimony, we will consider that option.  Please advise.

**Topics 15 and 16** – You are correct.  If this can be easily handled through stipulated testimony, we will consider that option.  Please advise.

**Topic 21** – We seek to depose FICO regarding the structure of compensation, commissions, and bonuses for Blaze salespeople.  In other words, did Sawyer (or other FICO sales people) receive direct commissions in connection with the Chubb/Federal license and/or service agreements?  Did he or other salespeople receive bonuses as a result of the Chubb business?

Thank you and let us know if you would like to discuss.

-   Leah

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

---

**From:** Allen Hinderaker [mailto:AHinderaker@merchantgould.com]
**Sent:** Tuesday, January 15, 2019 10:51 AM
**To:** Fleming, Terrence
**Cc:** Pham, Christopher; Heather Kliebenstein
**Subject:** Defendants' Amended Rule 30(b)(6) Notice

Counsel, this my understanding from our discussion yesterday:

Topic 1: FICO will maintain its objections regarding any examination that seeks legal conclusions or legal opinions, or invades the attorney-client privilege and work product doctrine.  With that understanding, Bill Waid is designated as the 30(b)(6) witness.  Defendants' agree that Topic 1 is not directed to those privileged and protected matters.

Topic 2: Subject to the understanding that "regarding the licensing" means the 2006 negotiations leading to the Agreement and the post-merger negotiations before termination, Bill Waid is designated as the 30(b)(6) witness.

Topic 7: Chris Ivey is the designated witness.

Topic 8: Bill Waid is designated to testify regarding the identification of individuals involved in FICO's decision to terminate the Agreement and the non-legal, non-privileged grounds for the decision.

Topic 17: Bill Waid is designated to testify to FICO's pricing for Blaze Advisor® for the past 8 years.

Topic 18: Bill Waid is designated to testify to FICO's criteria in pricing for Blaze Advisor® for the past 8 years.

Topics 3, 5 and 6: FICO maintains its objections to these Topics.  We noted that Topic 7 is very similar.  You will advise regarding your position on these Topics in light of Topic 7.

Topic 4: I understand you narrowed this topic to the use of Blaze Advisor® outside of the United States in general.  As we discussed, your client has examined a number of former FICO witnesses on this topic.  Additionally, the subject is still overly broad in light of the parties' claims and defenses.  Nevertheless, FICO will advise on its position to the Topic as re-written.

Topic 9: You agreed to consider limiting the Topic to licensed-based damages.  As I said, FICO's disgorgement damages claims is the subject of expert testimony.

Topic 10: I understand you will advise if you wish to pursue this Topic.

Topics 11, 12, and 13: FICO maintains its objections.  These Topics have no application to the facts of our case.  I understand you will advise if you wish to pursue these Topics.

Topic 14: You contend this Topic is directed to audit requests made by FICO to your client.  I am not aware of any request, and your client should know if any was made.  How "logs and records of legal requests" relate to any request for an audit is also unexplained.

Topics 15 and 16: These Topics, as you explained, are directed to whether FICO developed any of your client's rules.  We both assume the answer is in the negative.  I understand you request to examine a 30(b)(6) witness to confirm that FICO does not develop your client's rules.  Please confirm.

Topic 19: FICO stands by its objections.  Cloud-based licensing has nothing to do with this lawsuit.  Your client has all FICO Blaze Advisor® license agreements.

Topic 20: As I explained, FICO does not have a formalized process for developing "standard contract language."  A literal response to this Topic is to identify every member of FICO's legal team of the past 8 years.  I understand you will advise on your position.

Topic 21: FICO stands by its objections.  You asked FICO to consider testimony directed to Mike Sawyer's compensation and bonus.

If you believe I have misstated anything, please let me know.  We should discuss this matter again – soon – to identity any issues that required Judge Schultz's attention.

Allen Hinderaker

Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 371-5292
**Mobile** (612) 759-5330
**Fax** (612) 332-9081
**merchantgould.com**

GUARDIANS OF GREAT IDEAS®

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via
e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices;
and (3) refrain from copying or disseminating this communication by any means whatsoever.
Please consider the environment before printing this email. Thank you.