# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

Defendants.

Court File No. 16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S**
**SECOND SUPPLEMENTAL ANSWER**
**TO PLAINTIFF'S INTERROGATORY**
**NO. 16**

To:  Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Second Supplemental Answer to Plaintiff's Interrogatory No. 16, state and allege as follows:

**GENERAL RESPONSES**

1.     Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.     Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.     Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.   Federal reserves the right to amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.      Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 16

**INTERROGATORY NO. 16:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Defendants l and the gross written premium of each related company, including the specific identification of each related company, for each year from 2007-2012. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:**   Federal objects to the request for "all" insurance policies and the request for information more than 10 years old as overbroad, unduly burdensome, and not proportional to the needs of this case.   Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.   Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium" of Federal and the "gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits.   *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).   Federal further objects to the extent the Interrogatory seeks

2

information not in the possession, custody, or control of Federal, and thus exceed the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Chubb Specialty Insurance (CSI) unit for the years identified below (pre-merger), the following applications used Blaze Advisor® software: CSI eXPRESS (Automated Renewal Process). The approximate gross written premiums from the issuance of insurance policies that used those applications, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using those applications, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2012 | $858,000,000 | 74,000 |
| 2011 | $891,000,000 | 73,000 |
| 2010 | $880,000,000 | 72,000 |
| 2009 | $896,000,000 | 70,000 |
| 2008 | $916,000,000 | 70,000 |
| 2007 | $954,000,000 | 68,000 |

- For the Corporate Business Systems (CBS) unit, the following application uses Blaze Advisor® software: Premium Booking. The approximate gross written premiums from the issuance of insurance policies that used that application, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using that application, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2012 | $29,700,000 | 2,900 |

- For the Chubb Commercial Insurance (CCI) unit for the years identified below (pre-merger), the following applications use Blaze Advisor® software: CUW, TAPS, and IRMA. The approximate gross written premium from the issuance of insurance policies that used those applications, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

3

| Year | Gross Written Premium |
|------|----------------------|
| 2012 | $5,911,800,000 |
| 2011 | $5,693,100,000 |
| 2010 | $5,305,200,000 |
| 2009 | $5,287,900,000 |
| 2008 | $5,615,900,000 |
| 2007 | $5,680,300,000 |
| 2006 | $5,687,000,000 |

Dated:  January 21, 2019              s/Terrence J. Fleming
                                      Terrence J. Fleming (#0128983)
                                      tfleming@fredlaw.com
                                      Lora M. Friedemann (#0259615)
                                      lfriedemann@fredlaw.com
                                      Leah Janus (#0337365)
                                      ljanus@fredlaw.com
                                      Christopher D. Pham (#0390165)
                                      cpham@fredlaw.com
                                      **FREDRIKSON & BYRON, P.A.**
                                      200 South Sixth Street, Suite 4000
                                      Minneapolis, MN  55402-1425
                                      (612) 492-7000 (tel.)
                                      (612) 492-7077 (fax)

                                      ***Attorneys for Defendants***

65244719.1

4

## VERIFICATION

Kristen A. SanGiacomo states under oath that she is a NA Financial Lines Business Architect, Vice President; that she is authorized to respond to Plaintiff's Interrogatory No. 16 on behalf of Federal Insurance Company as it relates to the Chubb Specialty Insurance (CSI) business unit (pre-merger); that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Kristen A. SanGiacomo

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

## VERIFICATION

Tracie D. Jerd states under oath that she is a AVP, NA Enterprise Solutions; that she is authorized to respond to Plaintiff's Interrogatory No. 16 on behalf of Federal Insurance Company as it relates to the Corporate Business Systems (CBS) business unit; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Tracie D. Jerd

Subscribed and sworn to before me
this _____ day of _____, 2019.

_____

Notary Public

## VERIFICATION

Kimberly A. Kahn states under oath that she is an AVP, Finance (Management Reporting); that she is authorized to respond to Plaintiff's Interrogatory No. 16 on behalf of Federal Insurance Company as it relates to the Chubb Commercial Insurance (CCI) business unit (pre-merger); that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Kimberly A. Kahn

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **FEDERAL INSURANCE COMPANY'S THIRD SUPPLEMENTAL ANSWER TO PLAINTIFF'S INTERROGATORY NO. 17** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendants. | |

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Third Supplemental Answer to Plaintiff's Interrogatory No. 17, states and alleges as follows:

### GENERAL RESPONSES

1.     Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.     Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.     Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to

information within its possession, custody, or control.   Federal reserves the right to amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.     Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 17

**INTERROGATORY NO. 17:**   For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Defendants and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:**   Federal objects to the request for "all" insurance policies as overbroad, unduly burdensome, and not proportional to the needs of this case.   Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.   Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium" of Federal and the "gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendants' profits. *See, e.g.,* *Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).   Federal further

objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Financial Lines Unit (post-merger) for the years identified below, the following applications use Blaze Advisor® software: CSI eXPRESS (Automated Renewal Process). The approximate gross written premiums from the issuance of insurance policies that used those applications, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using those applications, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2017 | $863,000,000 | 81,000 |
| 2016 | $891,000,000 | 81,000 |

- For the Corporate Business Systems (CBS) business unit for the years identified below, the following application uses Blaze Advisor® software: Premium Booking. The approximate gross written premiums from the issuance of insurance policies that used that application, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using that application, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2017 | $442,800,000 | 60,100 |
| 2016 | $503,400,000 | 57,200 |

- For the Chubb Commercial Insurance (CCI) unit for the years identified below (post-merger), Defendant states that the approximate gross written premium from the issuance of insurance policies that used the applications CUW, TAPS, and IRMA, in connection with which the Blaze Advisor® software was used, was produced on January 18, 2019 as business records relating to the North America commercial segment. Discovery is continuing.

Dated:  January 21, 2019

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

65245119.1

## VERIFICATION

Kristen A. SanGiacomo states under oath that she is a NA Financial Lines Business Architect, Vice President; that she is authorized to respond to Plaintiff's Interrogatory No. 17 on behalf of Federal Insurance Company as it relates to the Financial lines unit (post-merger); that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Kristen A. SanGiacomo

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

5

## VERIFICATION

Tracie D. Jerd states under oath that she is a AVP, NA Enterprise Solutions; that she is authorized to respond to Plaintiff's Interrogatory No. 17 on behalf of Federal Insurance Company as it relates to the Corporate Business Systems (CBS) business unit; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Tracie D. Jerd

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

6

## VERIFICATION

Kimberly A. Kahn states under oath that she is an AVP, Finance (Management Reporting); that she is authorized to respond to Plaintiff's Interrogatory No. 17 on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Kimberly A. Kahn

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No.  16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **FEDERAL INSURANCE COMPANY'S FOURTH SUPPLEMENTAL ANSWER TO PLAINTIFF'S INTERROGATORY NO. 18** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | |
| Defendants. | |

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Fourth Supplemental Answer to Plaintiff's Interrogatory No. 18, states and alleges as follows:

1.      Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.      Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.      Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief.  Federal's responses and objections are limited to information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.    Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## FOURTH SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 18

**INTERROGATORY NO. 18:**  From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:**  Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case.  Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.  Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with."  Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).  Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Chubb Specialty Insurance (CSI), Chubb Commercial Insurance (CCI), and Accident and Health (A&H) business units, the following applications use Blaze Advisor® software in the United Kingdom: EZER and ADAPT. The approximate gross written premiums from the issuance of insurance policies that used those applications, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using those applications, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

- For EZER:

| Year | Gross Written Premium |
|------|----------------------|
| 2018 – Q3 | $286,000 |
| 2018 – Q2 | $1,311,000 |
| 2018 – Q1 | $8,327,000 |
| 2017 – Q4 | $19,030,000 |
| 2017 – Q3 | $36,039,000 |
| 2017 – Q2 | $52,392,000 |
| 2017 – Q1 | $48,964,000 |
| 2016 – Q4 | $68,765,000 |
| 2016 – Q3 | $55,149,000 |
| 2016 – Q2 | $63,082,000 |
| 2016 – Q1 | $47,789,000 |
| 2015 – Q4 | $90,396,000 |
| 2015 – Q3 | $69,791,000 |
| 2015 – Q2 | $84,543,000 |
| 2015 – Q1 | $59,711,000 |
| 2014 – Q4 | $92,433,000 |
| 2014 – Q3 | $69,068,000 |
| 2014 – Q2 | $81,997,000 |
| 2014 – Q1 | $59,994,000 |
| 2013 – Q4 | $97,615,000 |
| 2013 – Q3 | $75,501,000 |
| 2013 – Q2 | $81,381,000 |
| 2013 – Q1 | $56,821,000 |
| 2012 – Q4 | $95,224,000 |
| 2012 – Q3 | $71,961,000 |
| 2012 – Q2 | $80,042,000 |
| 2012 – Q1 | $59,014,000 |

- For ADAPT:

| Year | Gross Written Premium |
|------|----------------------|
| 2018 – Q3 | $1,998,000 |
| 2018 – Q2 | $3,053,000 |
| 2018 – Q1 | $5,231,000 |
| 2017 – Q4 | $7,102,000 |
| 2017 – Q3 | $6,391,000 |
| 2017 – Q2 | $8,565,000 |
| 2017 – Q1 | $7,754,000 |
| 2016 – Q4 | $7,428,000 |
| 2016 – Q3 | $9,072,000 |
| 2016 – Q2 | $7,646,000 |
| 2016 – Q1 | $6,845,000 |
| 2015 – Q4 | $10,859,000 |
| 2015 – Q3 | $9,949,000 |
| 2015 – Q2 | $11,188,000 |
| 2015 – Q1 | $8,375,000 |
| 2014 – Q4 | $9,121,000 |
| 2014 – Q3 | $8,074,000 |
| 2014 – Q2 | $9,523,000 |
| 2014 – Q1 | $9,621,000 |
| 2013 – Q4 | $11,225,000 |
| 2013 – Q3 | $10,232,000 |
| 2013 – Q2 | $8,707,000 |
| 2013 – Q1 | $5,450,000 |
| 2012 – Q4 | $6,440,000 |
| 2012 – Q3 | $4,244,000 |
| 2012 – Q2 | $6,072,000 |
| 2012 – Q1 | $4,925,000 |

Dated:  January 21, 2019

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

65245351.1

## VERIFICATION

Mike Hutchinson states under oath that he is a Systems Director; that he is authorized to respond to Plaintiff's Interrogatory No. 18 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Mike Hutchinson

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____
Notary Public

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE AMERICAN
INSURANCE COMPANY, a Pennsylvania
corporation,

Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
THIRD SUPPLEMENTAL ANSWER TO
PLAINTIFF'S INTERROGATORY NO. 19**

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Third Supplemental Answer to Plaintiff's Interrogatory No. 19, state and allege as follows:

## GENERAL RESPONSES

1.   Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.   Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.   Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief.   Federal's responses and objections are limited to information within its possession, custody, or control.   Federal reserves the right to amend,

supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.      Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19

**INTERROGATORY NO. 19:**   From the date of first use of the Blaze Advisor® software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:**  Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case.   Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.  Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits.  *See, e.g.*, *Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).  Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Personal Risk Services (PRS) business unit, the following application uses Blaze Advisor® software in Canada: Evolution. The approximate gross written premiums from the issuance of insurance policies that used that application, in

2

connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using that application, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2017 | $330,000,000 | 85,000 |
| 2016 | $308,000,000 | 86,000 |
| 2015 | $303,000,000 | 84,000 |

Dated:  January 21, 2019

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

65245520.1

3

## VERIFICATION

Zorica Todorovic states under oath that she is a Senior Vice President – Operations and IT, CIO, Chubb Insurance Company of Canada; that she is authorized to respond to Plaintiff's Interrogatory No. 19 on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____
Zorica Todorovic

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____
Notary Public

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
THIRD SUPPLEMENTAL ANSWER
TO PLAINTIFF'S INTERROGATORY
NO. 20**

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A.
Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street,
Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Third Supplemental

Answer to Plaintiff's Interrogatory No. 20, state and allege as follows:

### GENERAL RESPONSES

1.     Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.     Federal objects to the request to the extent that they seek information

protected from discovery under the attorney-client privilege or work product doctrine.

3.     Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to amend, supplement, or change any response and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.     Federal gives this Response subject to all objections to admissibility that may be interposed in this proceeding.

### THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 20

**INTERROGATORY NO. 20:**  From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:**  Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case.  Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules.  Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with."   Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g.*, *Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006).  Federal further objects to the extent the Interrogatory seeks

information not in the possession, custody, or control of Federal, and thus exceeds the

scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Accident and Health (A&H) business unit, the following application uses Blaze Advisor® software in Australia: ADAPT. The approximate gross written premiums from the issuance of insurance policies that used that application, in connection with which the Blaze Advisor® software was used, and the approximate number of policies that were issued using that application, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count |
|------|----------------------|--------------|
| 2017 | 9,300,000 | 3,500 |
| 2016 | 25,400,000 | 10,000 |
| 2015 | 29,700,000 | 10,400 |
| 2014 | 29,700,000 | 10,200 |
| 2013 | 29,700,000 | 9,900 |
| 2012 | 28,000,000 | 10,200 |
| 2011 | 28,000,000 | 10,200 |
| 2010 | 26,100,000 | 10,100 |

Dated:  January 21, 2019

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

65245905.1

3

## VERIFICATION

Stuart Fisher states under oath that he is a Vice President and Head of IT; that he is authorized to respond to Plaintiff's Interrogatory No. 20 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____

Stuart Fisher

Subscribed and sworn to before me
this _____ day of _____, 2019.


_____

Notary Public

4

## VERIFICATION

Kimberly A. Kahn states under oath that she is an AVP, Finance (Management

Reporting); that she is authorized to respond to Plaintiff's Interrogatory No. 16 on behalf

of Federal Insurance Company as it relates to the Chubb Commercial Insurance (CCI)

business unit (pre-merger); that she has relied on directors, employees, agents, and

attorneys to provide information used in formulating the answer to the above

interrogatory; and that the answer is true and correct to the best of her knowledge.

_____
Kimberly A. Kahn

Subscribed and sworn to before me
this 22 day of January , 2019.

_____
Notary Public

MARY BETH TERRY
Notary Public, State of New Jersey
No. 2341344
Qualified in Somerset County
Commission Expires March 2, 2021

7

## VERIFICATION

Kimberly A. Kahn states under oath that she is an AVP, Finance (Management Reporting); that she is authorized to respond to Plaintiff's Interrogatory No. 17 on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

_____

Kimberly A. Kahn

Subscribed and sworn to before me
this 22nd day of January , 2019.

_____
Notary Public

MARY BETH TERRY
Notary Public, State of New Jersey
No. 2341344
Qualified in Somerset County
Commission Expires March 2, 2021

7

**VERIFICATION**

Mike Hutchinson states under oath that he is a Systems Director; that he is authorized to respond to Plaintiff's Interrogatory No. 18 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Mike Hutchinson

Subscribed and sworn to before me
this ___22___ day of JANUARY, 2019.

_____
Notary-Public

6

## VERIFICATION

Zorica Todorovic states under oath that she is a Senior Vice President – Operations and IT, CIO, Chubb Insurance Company of Canada; that she is authorized to respond to Plaintiff's Interrogatory No. 19 on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of her knowledge.

Zorica Todorovic

Subscribed and sworn to before me
this 27 day of JANVARY 2019.

Notary Public

4

## VERIFICATION

Stuart Fisher states under oath that he is a Vice President and Head of IT; that he is authorized to respond to Plaintiff's Interrogatory No. 20 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Stuart Fisher

Subscribed and sworn to before me
this 22ⁿᵈ day of January, 2019.

_____
Notary Public

**MARK PETERS**
Chubb Insurance Australia Ltd
L12, 720 Bourke Street, Melbourne VIC 3008
An Australian Legal Practitioner
within the meaning of the
Legal Profession Uniform Law (Victoria)

PRAC NO. 006 739 4

4