

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

March 1, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

*Re:* *Fair Isaac Corp. v. Federal Insurance Co. et al.,*
    *No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)*

Dear Judge Schultz:

Fair Isaac Corporation ("FICO") respectfully requests the Court to deny the Letter Request of Defendants Federal Insurance Company and ACE American Insurance Company ("Federal") in its entirety.

Federal's tactic was to delay discovery. By Order dated February 16, 2018, the Court granted FICO's motion to compel production of all documents responsive to Request for Production ("RFP") Nos. 30-32. (Dtk. 96.) Federal did not comply. Federal also did not fully respond to Interrogatories 16-20. On December 17, 2018, the Court again ordered production of documents responsive to RFP Nos. 30-32 and complete answers to Interrogatories 16-20 by January 18, 2019. (Trans. at 29-31.) By Order dated January 2, 2019, the Court again said: "*All* Documents to be produce[d] by Defendant will be produced by January 18, 2019." (Dkt. 172 at 2 (emphasis added).) Fact discovery was to close February 14, 2019, with expert reports due the following week; the

Hon. David T. Schultz
March 1, 2019
Page **2** of **8**

prejudice to FICO from delay was evident.  Again, Federal did not comply.  To mitigate prejudice to FICO and following Federal's plea for more time, the Court extended fact discovery to March 22, 2019, and Ordered full production of documents responsive to RFP Nos. 30-32 and supplemental responses to Interrogatories 16-20 by February 28, 2019.  (Dkt. 205.)  No documents have been produced in response to FICO's Fourth Request for Production, due January 28, 2019, despite the promise to do so by February 25.  In a recent meet and confer, Federal advised FICO that it would produce responsive documents on March 4.

Now, Federal seeks the Court's assistance to add expansion of discovery to its tactics.  In the last ten days, Federal served nine new interrogatories and twelve new document requests.  It also gave notice of service of four subpoenas for documents on third party companies with whom FICO has settled past disputes.  It now requests permission to take five extra depositions, to significantly expand its Second Rule 30(b)(6) Deposition Notice, and to add a two-month period to take an unstated (and apparently unlimited) number of "trial depositions."

The Court extended the discovery period to March 22 in light of Federal's continued failures to meet its discovery obligations to FICO, creating a short period of time in which FICO might respond to that discovery and prepare its expert reports.  FICO filed its Complaint April 21, 2016.  Federal has had three years to prepare its case.  There is no basis to grant Federal's requests, and it has shown none.

I.    **Counting Depositions**

Federal has deposed nine individuals (current and former FICO employees) and taken testimony on its Amended Rule 30(b)(6) Notice, served January 8, 2019.  Federal has reached the ten-deposition limit of Rule 30 and the Sixth Amended Scheduling Order.

The Ivey deposition is one of Federal's ten depositions.  Mr. Ivey is a Vice President in the Product & Technology Organization at FICO; he is currently FICO's Head of Product Support.  He has worked in FICO's professional services to implement Blaze Advisor® software for clients.  His relevant knowledge was revealed in dozens of documents produced in discovery that include Mr. Ivey's name, all of which demonstrate his involvement in and management of FICO professional services, including professional service Statements of Work between the parties.

Hon. David T. Schultz
March 1, 2019
Page **3** of **8**

Yet, Federal only asked Mr. Ivey about five of those documents.  Federal chose not to ask Mr. Ivey any questions about his role in professional services or his knowledge of Federal in general.  Such questions may have elicited testimony regarding the professional services provided to Federal or Federal's use of Blaze Advisor® software during the relevant time period.  Federal's counsel asked overly broad questions involving legal terminology to a lay witness without any follow-up or use of documents to refresh Mr. Ivey's recollection.  Federal chose not to discover Mr. Ivey's knowledge relevant to the claims and defenses in this lawsuit.

Instead, Federal says Mr. Ivey's deposition was a waste of time because FICO's initial disclosure description was inaccurate.[1]  The potential scope of Mr. Ivey's knowledge was revealed in the documents bearing his name.  Mr. Ivey was also designated as FICO's Rule 30(b)(6) witness regarding Topic 7, which recites:

> **Topic 7:** Any assistance by FICO, including identification of the FICO employees, in the installation of Blaze Advisor® software on servers located outside of the United States, including but not limited to the United Kingdom, Canada, and Australia.

(*See* Exhibit A.)  Mr. Ivey fully testified about this topic, explaining that FICO is not aware of any assistance by FICO in the installation of Blaze Advisor® software on servers located outside the U.S.  Mr. Ivey testified that in preparation to testify about this topic, he reviewed documents, prior testimony, and talked with various other FICO employees.[2]  FICO is not responsible for Federal's poor examination, and Mr. Ivey's deposition counts as one of Federal's ten depositions.

Federal also seeks to avoid the ten-deposition limit by continually amending and changing its Amended Rule 30(b)(6) Notice.  Rule 30(b)(6) notices are not evergreen notices.  Federal served the original Amended Rule 30(b)(6) Notice on January 8, 2019.  (*See id.*)  In response, FICO provided witnesses on Topics 7 (Mr. Ivey), and 17 and 18 (Mr.

---

[1] Federal claims it would not have traveled to California to take Mr. Ivey's deposition if the initial disclosures were different.  In truth, Federal was in San Jose, California, at the same time to depose Mr. Benjamin Baer, another FICO witness.  Mr. Ivey traveled to San Jose for the convenience of Federal and to accommodate the tight case schedule.
[2] Federal wishes to expand Topic 7 to include "use" outside the United States, but that Topic is clearly directed to installation only.  Mr. Ivey prepared, and testified, fully in response to Topic 7.

Hon. David T. Schultz
March 1, 2019
Page **4** of **8**

Bill Waid).  Mr. Waid was deposed January 16; Mr. Ivey was deposed January 30.  At the time, the remainder of the topics were subject to negotiation between the parties or FICO's Motion for a Protective Order.  On February 5, Federal served a Renewed and Second Amended Notice of 30(b)(6) deposition that included nine old topics and three new topics (22-24).  (*See* Exhibit B.)  Federal recognizes these topics are new in its letter, stating the topics "are not intended to extend questioning on topics that were previously covered."  (Dkt. 208 at 4.)

Because Federal met the ten deposition limit with its Amended Rule 30(b)(6) Notice, there is no right to take testimony against its Renewed and Second Amended Rule 30(b)(6) Notice.  Rule 30(b)(6) notices are not "evergreen."  Each notice counts as one deposition.  *See* Fed. R. Civ. P. 30, 1993 Advisory Committee Notes ("A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.")  To date, FICO has offered five separate witnesses to testify about the topics originally noticed.  To permit Federal to add topics is to allow a party to issue one Rule 30(b)(6) notice, continually add topics to the same notice, and circumvent the ten-deposition limit.[3]

## II.     The Scope of Topics 4 and 6

Federal seeks to re-write and expand Topics 4 and 6 from its January 16 Amended Rule 30(b)(6) Deposition Notice.  The topics are:

**Topic 4:**  FICO's knowledge with respect to the use of Blaze Advisor® software by <u>Federal and/or Chubb & Son, a division of Federal</u>.

---

[3] The fact that FICO has served amended Rule 30(b)(6) notices does not support Federal's request.  In each instance, FICO *withdrew* the underlying notice prior to serving an amended notice—unlike Federal, FICO never served an amended notice after it had begun taking testimony on the underlying topics.  For example, FICO first withdrew its Second Rule 30(b)(6) Notice on September 21, 2018 before taking testimony on that notice and before it served its Amended Second Rule 30(b)(6) Notice on December 31, 2018.  Likewise, FICO withdrew its Third Rule 30(b)(6) Notice on February 14, 2019 in preparation for serving an Amended Third Rule 30(b)(6) Notice, which is forthcoming.  In contrast to Federal, FICO has never treated its Rule 30(b)(6) Notices as "evergreen."

> **Topic 6:** FICO's participation with or assistance to <u>Federal and/or Chubb & Son, a division of Federal</u>, regarding the use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at <u>Federal and/or Chubb & Son, a division of Federal</u>.

(*See* Exhibit A (emphasis added).)  As ordered by the Court, "topics 4 and 6 may proceed as noticed." (Dkt. 192 at 1.)  FICO has offered witnesses on these topics <u>*as noticed*</u> on March 13 and 15.

Federal seeks to re-write the topics to include not just Federal and/or Chubb & Son, but all Federal corporate affiliates worldwide.  Topics 4 and 6 do not mention affiliates.  Federal and its division Chubb & Son are in the United States.  Topic 7, on the other hand, was international in scope.  Mr. Ivey testified to that topic.  The different wording between Topics 4, 6 and 7 demonstrate Federal meant what it wrote.  Topics 4 and 6 are limited to the U.S.

Federal's attempt to broaden Topics 4 and 6 is directly contrary to its previous representations to this Court.  Federal's January 28 letter to the Court characterized the scope of Topics 4 and 6 as "Federal's Pre-Merger Use of Blaze <u>*in the U.S.*</u>" (*See* Dkt. 182 at 5 (emphasis added).)  The "weeks-long meet and confer discussions" that Federal asserts as the basis for expanding Topics 4 and 6 pre-date that representation.  Federal's request to expand Topics 4 and 6 to cover worldwide affiliates of Federal and/or Chubb & Son should be denied.

### III.     The Ten Deposition Limit

Federal asks permission to take fifteen depositions.  In the District of Minnesota, "a party seeking leave to take more depositions . . . than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized showing of why the discovery is necessary."  *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999) (denying motion to amend scheduling order to add additional depositions); *see also Elkharwily v. Mayo Holding Co.*, No. CIV. 12-3062 DSD/JJK, 2014 WL 3573674, at *2-3 (D. Minn. July 21, 2014) (same).  The requesting party must make a showing of necessity, and also plead particularized facts as to why each additional deponent is a necessary party.  *Archer Daniels Midland*, 187 F.R.D. at 586.  Whether a case is complex is irrelevant.  *See Medtronic, Inc. v. Guidant Corp.*, No.

Hon. David T. Schultz
March 1, 2019
Page **6** of **8**

CIV.00-1473 MJD/JGL, 2003 WL 23867342, at *2 (D. Minn. May 9, 2003), *aff'd*, 2003 WL 23867341 (D. Minn. June 9, 2003).

Federal cannot meet this high standard.  Indeed, it makes no effort to do so.  Federal asks for five depositions, but does not name any person, suggesting only that these depositions include one unnamed former employee and three unnamed individuals that are on FICO's initial disclosure list.[4]

Federal is silent on why it should be exempted from Rule 30 and the Scheduling Order to depose these unnamed persons.  Federal does not contend these people have new or different information.  There is no proof that "each of the deponents is essential to its discovery, and is not merely a replication of discovery." *Archer Daniels Midland*, 187 F.R.D. at 587.

The Court has amended the Pretrial Scheduling Order six times over the last three years.  Federal should have managed its case to prepare for trial within the Rules and Scheduling Order.  Fact discovery closes in less than one month.  The case must proceed to the next phase of expert discovery.

FICO has taken six depositions and will take one additional Rule 30(b)(6) deposition.  The case is not too complex to be managed to comply with the Rules and

---

[4] FICO updated its initial disclosures on February 22, adding one name that was not previously disclosed to Federal.  (*See* Exhibit C.)  This newly named person, Fernando Donati Jorge, was added because Mr. Jeremy Chen (listed on the initial disclosures on March 3, 2017) is no longer employed by FICO.  Mr. Chen and Mr. Jorge share the same topics.  Federal, on the other hand, amended its initial disclosures on January 28 and listed ten new witnesses, seven of whom have not been deposed.  (*See* Exhibit D.)  For four of these witnesses, Federal could only state that the witness "may have knowledge" regarding the claims in the case.

Separately, Federal suggests FICO's failure to add other witnesses that have been deposed suggests FICO is trying to hide witnesses.  Initial disclosures serve the purpose of identifying persons "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  Initial disclosures are not a list of all persons that may have relevant knowledge—that list can be discerned from documents produced, interrogatories, and other discovery materials.

Scheduling Order.  FICO's ability to manage its own schedule is proof that more than ten depositions are not necessary.  *See Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23867342, at *2 (noting the opposing party's ability to manage its own schedule suggests the moving party does not need additional depositions).

Finally, Federal's allegations in footnote 8 are irrelevant.  Federal identifies deposition exhibits that at best show a misunderstanding by FICO employees of the territorial scope of the Agreement.  The cited emails all post-date the signing of the Agreement and (presumably) bear on Federal's affirmative defenses of waiver and estoppel.  None of the cited individuals had the authority to waive Federal's breach of the territorial limitation.  Indeed, Paragraphs 10.4 and 10.5 of the Agreement expressly provide that any waiver of rights and any amendment of the Agreement must be in writing.  Federal has deposed former and current FICO employees on the subject (Messrs. Schreiber, Sawyer, and Clark) and fails to show that any of these individuals' testimony was "harmful" as Federal suggests.  Federal has not made a particularized showing that the additional depositions are necessary.  Its request should be denied.

### IV.     Trial Depositions

Federal seeks leave to change the trial schedule to include a two-month period for the parties to take an unlimited number of trial depositions.  The Court has been clear: the trial schedule will not be moved.  Any reconsideration requires Federal to show good cause.  *See Henkel v. XIM Prods., Inc.*, 133 F.R.D. 556, 559 (D. Minn.1991) (granting protective order to preclude trial deposition after close of discovery because moving party had not established good cause to modify the scheduling order).  The District of Minnesota does not give parties a separate, pre-trial, time period for "trial depositions." *See Kramer v. Ford Motor Co.*, No. CV 12-1149 (SRN/FLN), 2014 WL 12616732, at *1-*2 (D. Minn. May 23, 2014) (noting that the Federal Rules of Civil Procedure do not differentiate between trial depositions and discovery depositions and rejecting plaintiffs' argument that the trial depositions could occur outside of the scheduling order deadline); *Henkel*, 133 F.R.D. at 559 (granting protective order to preclude trial deposition after close of discovery, reasoning that rules recognize no distinction between discovery and trial depositions).  In the District of Minnesota, every deposition taken prior to trial must be completed before the close of discovery.  All depositions are subject to the ten-deposition limit.

Federal offers no reason why it could not have organized its discovery strategy to take the depositions it now contends are necessary during the fact discovery period. Saying it does not know its trial strategy is an admission, not an excuse. Designations from Rule 30 "discovery" depositions are routinely used as evidence at trial, as Federal knows.

There may be mischief behind this request for "trial depositions." It is another means to circumvent the ten-deposition limit and take deposition testimony from any of the ten additional former Federal employees identified in its January 28 supplemental initial disclosures; various persons who "may have" knowledge about the parties' claims in this case. The request for "trial depositions" should be denied.

In conclusion, Federal seeks in the final days of fact discovery to expand discovery significantly. There is no particularized showing of need, because there is none. The case facts have not changed. The prejudice to FICO from Federal's delay, on the other hand, is unabated. The last three weeks of the fact discovery period must focus on concluding discovery so that FICO can mitigate the prejudice from Federal's delay to the extent possible. Federal's requests should be denied in their entirety.

Respectfully,

*/s/ Heather Kliebenstein*

Heather J. Kliebenstein

cc: All Counsel of Record (via ECF)