## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, an Indiana corporation, <br><br> Defendant. | Case No. 16-cv-1054(WMW/DTS) <br><br><br> **Jury Trial Demanded** |

## PLAINTIFF FAIR ISAAC CORPORATION'S
## RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTON OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby submits the following objections and responses to Defendant Federal Insurance Company's ("Federal") First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1. FICO objects to the Definitions set forth in Federal's Requests for Production of Documents to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. FICO objects to Federal's Requests to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes protected work product, or that otherwise is not discoverable or is the subject of any other privilege, whether based upon statute or recognized at common law.

**EXHIBIT 9**

3. FICO objects to Federal's Requests to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4. FICO makes the specific objection with respect to certain Requests that they are vague and ambiguous as they do not describe with reasonable particularity the documents being sought. Since the scope of such Requests is in question, FICO reserves the right to object to such Requests as overly broad or unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such Requests is clarified.

5. FICO objects to the definition of "Document" to the extent that the definition includes any items beyond the scope of the Federal Rules of Civil Procedure. FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated. [Dkt. 43-2.] FICO will produce documents in accordance with the E-Discovery Agreement.

6. FICO objects to these Requests to the extent they seek information already in Federal's possession or equally accessible to Federal, or information which is a matter of public record.

7. FICO objects to the use of the words "each" and "every" and "all" and "any" in these Requests insofar as every fact, person, or thing that evidences, refers, or relates to the subject matter of the request sought. Literal compliance is impossible in most instances and, in others,

imposes a burden and expense that outweighs any likely benefit.  FICO seeks to provide fair and accurate responses to these Requests, subject to any objections.

8.   FICO's responses set forth below and/or production in connection therewith in no way limit the generality of the foregoing General Objections and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or FICO' right to object to any additional, supplemental, or further discovery request of Federal.

9.   FICO has responded to Federal's Requests based upon its understanding of the Requests and to the best of its knowledge and recollection as of the date the responses are served.  All documents produced by FICO in response to Federal's Requests are produced without waiver of FICO's right to supplement its production as responsive information becomes available.

10.   Any statement by FICO in any of the following responses to Federal's Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log.  Such a statement is not a representation that any such responsive documents exist.

11.   All documents produced by FICO in connection with FICO's responses to Federal's Requests are produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

12.   The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Requests.  These objections are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Request.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in, described in, or relied on in preparing your responses to Federal's Interrogatories.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO will produce the documents identified and described in its Answers to Federal's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in, described in, or relied on in preparing the Complaint and Amended Complaint.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO states that it has already produced the documents identified and described in its Complaint and Amended Complaint. *See* [Dkt. Nos. 1-1 and 1-2.]

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning the negotiation, drafting and execution of the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

4

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the negotiation, drafting and execution of Amendment One to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** All documents concerning the negotiation, drafting and execution of Amendment Two to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** All documents that evidence, refer or relate to communications you have had with Federal since January 1, 2016.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to its communications with Federal would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects to the request as overbroad, seeking information that is not relevant to either party's claims or defenses; the request for communications is without regard to subject matter.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents relating to the issues in the present lawsuit that can be located

5

pursuant to a reasonable search. Additionally, FICO does not waive or otherwise limit the application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 7:** All communications you have had with Federal regarding Federal's use of the licensed software.

**OBJECTION:** The request for communications "regarding Federal's use" is overbroad, seeking information that is not relevant to either party's claims or defenses. FICO further objects that this request is cumulative of Federal's Request Nos. 3-6.

**REQUEST FOR PRODUCTION NO. 8:** All internal non-privileged communications you have had relating to the Agreement in issue, Federal and/or this lawsuit.

**OBJECTION:** FICO objects to this request to the extent response would require the disclosure of attorney work product. FICO further objects that the request for communications "relating to the Agreement in issue, [and] Federal" without regard to subject matter is overbroad, seeking information that is not relevant to either party's claims or defenses.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-work product communications relating to the issues in the present lawsuit that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** All documents, electronic information and metadata that relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland, including but not limited to drafts, comments, notes, redlines, document history, and communications.

**OBJECTION:** Response to the request for "documents that . . . relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland" would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects to this request to the extent the "electronic information and metadata" sought contradicts the form of production specified in the parties' E-Discovery Agreement. *See* [Dkt. 43-2.]

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** All documents that evidence, refer or relate to your ongoing negotiations with Federal regarding the license of software.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to FICO's ongoing negotiations with Federal would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects to this request to the extent it seeks documents created after the date the present lawsuit was filed.

**RESPONSE:** Without waiving the objection, FICO will produce responsive, non-privileged, non-work product documents created prior to April 21, 2016, that can be located pursuant to a reasonable search.  Additionally, FICO does not waive or otherwise limit the application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the third parties you claim received the Works from Federal.

**OBJECTION:** Response to the request would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that documents sufficient to identify the third parties to whom Federal has distributed the Works are within the exclusive custody or control of Federal.

**RESPONSE:** Without waiving the objection, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 12:** All documents that evidence, refer or relate to any alleged disclosure of the Works by Federal to third parties.

**OBJECTION:** Response to the request for "documents that evidence, refer or relate" to Federal's disclosure of the Works to third parties would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objections, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 13:** All agreements related to the Works you contend Federal infringed.

**OBJECTION:** This request is overbroad and disproportionate; other than the Agreement that is the subject of this lawsuit, agreements with other parties related to the Works are not relevant to either party's claims or defenses.

**RESPONSE:** Without waiving the objection, FICO states that it has already produced the Agreement that is the subject of this lawsuit. *See* [Dkt. 1-2.]

**REQUEST FOR PRODUCTION NO. 14:** All statements of witnesses that relate to the Agreement or to this dispute.

**OBJECTION:** The request for statements of witnesses "that relate to the Agreement" is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**RESPONSE:** FICO is currently not in possession of any statements of witnesses that relate to either party's claims or defenses or to this dispute.

**REQUEST FOR PRODUCTION NO. 15:** All documents that support or relate to each element of damages being claimed.

**OBJECTION:** Response to the request for "documents that support or relate" to each element of FICO's claimed damages would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects that the request is premature; its damages claim

8

is the subject of expert opinion and analysis, which need not be disclosed under the Pretrial Scheduling Order until April 1, 2018.  [Dkt. 40.]  The request is also premature because documents and information relevant to FICO's claim for damages are within Federal's possession to be produced in discovery.

**RESPONSE:**  Without waiving the objections, FICO will produce documents relating to its damages that are currently within its possession, including its pricing model for the Blaze Advisor® software.

**REQUEST FOR PRODUCTION NO. 16:** All documents that evidence, refer or relate to licensing revenues you have received for the Works from 2006 to present.

**OBJECTION:** The request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the amount of the licensing fee for each perpetual license to the Works from 2006 to present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the average amount per seat you have received in licensing revenues for the Works in each year from 2006 to present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 19:** All licensing agreements for the Works from 2006 to present.

9

**OBJECTION:** This request is cumulative of Federal's Request Nos. 13 and 16.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 20:** All documents that evidence, refer or relate to your enforcement of the Works against alleged infringers.

**OBJECTION:** Response would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 21:** All documents that relate to requests for consent under Paragraph 10.8 of the Software License and Maintenance Agreement (or similar clauses in other FICO license agreements) and your response to each request from January 1, 2012 to present.

**OBJECTION:** Response to the request for "documents that . . . relate" to requests for consent would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 22:** All documents you have received from third parties relating to the issues raised in this lawsuit, whether obtained informally or via subpoena.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product.

**RESPONSE:**  Without waiving the objection, FICO will produce the documents it obtains from third parties via subpoena.  FICO presently does not have any documents received from third parties.

**REQUEST FOR PRODUCTION NO. 23:** All documents not otherwise requested that refer or relate to the claims and defenses in this lawsuit.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product. FICO further objects that this request does not comply with Fed. R. Civ. P. 34(b)(1)(A), which requires that a request "must describe with reasonable particularity each item or category of items" sought.

Dated: May 18, 2017

          MERCHANT & GOULD P.C.

          /s/Allen Hinderaker
          Allen Hinderaker, MN Bar # 45787
          Michael A. Erbele, MN Bar # 393635
          MERCHANT & GOULD P.C.
          3200 IDS Center
          80 South Eighth Street
          Minneapolis, MN  55402-2215
          Tel:  (612) 332-5300
          Fax:  (612) 332-9081

          John T. Winemiller*, TN Bar # 21084
          9719 Cogdill Road, Suite 101
          Knoxville, TN  37932-3322
          Tel:  (865) 380-5960
          Fax:  (612) 332-9081
          jwinemiller@merchantgould.com

          *Attorneys for Plaintiff FICO*

          *Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: May 18, 2017                                       s/Kristin M. Drieman
                                                                       Kristin M. Drieman