# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) | Case No. 16-cv-1054(WMW/DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF FAIR ISAAC CORPORATION'S RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTON OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby submits the following objections and responses to the Second Set of Requests for Production of Documents served by Federal Insurance Company and ACE American Insurance Company (collectively "Defendants") as follows:

### GENERAL OBJECTIONS

1.    FICO objects to the Definitions set forth in Defendants' Requests for Production of Documents to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    FICO objects to Defendants' Requests to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes protected work product, or that otherwise is not discoverable or is the subject of any other privilege, whether based upon statute or recognized at common law.



EXHIBIT
10

3.    FICO objects to Defendants' Requests to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.    FICO makes the specific objection with respect to certain Requests that they are vague and ambiguous as they do not describe with reasonable particularity the documents being sought.  Since the scope of such Requests is in question, FICO reserves the right to object to such Requests as overly broad or unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such Requests is clarified.

5.    FICO objects to the definition of "Document" to the extent that the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  (Dkt. 43-2.)  FICO will produce documents in accordance with the E-Discovery Agreement.

6.    FICO objects to these Requests to the extent they seek information already in Defendants' possession or equally accessible to Federal, or information which is a matter of public record.

7.    FICO objects to the use of the words "each" and "every" and "all" and "any" in these Requests insofar as every fact, person, or thing that evidences, refers, or relates to the subject matter of the request sought.  Literal compliance is impossible in most instances and, in others,

2

imposes a burden and expense that outweighs any likely benefit.  FICO seeks to provide fair and accurate responses to these Requests, subject to any objections.

8.   FICO's responses set forth below and/or production in connection therewith in no way limit the generality of the foregoing General Objections and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or FICO' right to object to any additional, supplemental, or further discovery request of Federal.

9.   FICO has responded to Defendants' Requests based upon its understanding of the Requests and to the best of its knowledge and recollection as of the date the responses are served. All documents produced by FICO in response to Defendants' Requests are produced without waiver of FICO's right to supplement its production as responsive information becomes available.

10.   Any statement by FICO in any of the following responses to Defendants' Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log.  Such a statement is not a representation that any such responsive documents exist.

11.   All documents produced by FICO in connection with FICO's responses to Defendants' Requests are produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

12.   The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Requests.  These objections are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Request.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 24:** All phone records, calendars and other documents that refer or relate to phone calls between Mike Sawyer and Elie Merheb in December 2015 relating to ACE's acquisition of Chubb.

**OBJECTION:** This request is cumulative of Federal's Request for Production Nos. 7 and 10. FICO objects to this request to the extent it seeks production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:** Without waiving the objections, FICO states it has already produced all non-privileged, responsive documents.

**REQUEST FOR PRODUCTION NO. 25:** All documents that evidence, refer or relate to other FICO clients with whom FICO had software license agreements that merged or were acquired by another company, and how FICO responded.

**OBJECTION:** FICO objects that the request is overbroad, seeking information that is not relevant to either party's claims or defenses. The identity of other FICO clients that, generally, have merged or were acquired by another company has no relevance to the claims and defenses in this lawsuit. FICO objects to this request to the extent it seeks production of documents protected by the attorney-client privilege or work product doctrine. FICO further objects that the phrase "how FICO responded" is vague and ambiguous. FICO further objects that the request is unduly burdensome and disproportionate. It is not possible for FICO to conduct a targeted search of its files for responsive documents.

**RESPONSE:** Based on its objections, FICO will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 26:** All documents that evidence, refer or relate to the criteria used by FICO in sizing Blaze Advisor.

**OBJECTION:** FICO objects that the phrase "criteria used by FICO in sizing Blaze Advisor" is unintelligible.  FICO does not "size" Blaze Advisor® software, therefore no responsive documents exist.  FICO further objects that this request is overbroad and seeks irrelevant information insofar as it is not limited in time.  FICO further objects that the request is unduly burdensome and disproportionate.  FICO objects to this request to the extent it seeks production of documents protected by the attorney-client privilege or work product doctrine.

**RESPONSE:** Based on its objections, FICO will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27:** All documents sufficient to identify the compensation formula for FICO's Client Partners during the time Mike Sawyer was a Client Partner.

**OBJECTION:** The compensation formula for FICO's Client Partners is not relevant to the claims and defenses in this lawsuit.

**RESPONSE:** Based on its objections, FICO will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28:** All emails, files, and documents that refer or relate to Oliver Clark's computer folder that he referenced during his deposition. (*See* O. Clark Depo. pp. 10-12).

**OBJECTION:** FICO objects to this request to the extent it seeks production of documents protected by the attorney-client privilege or work product doctrine.  FICO further objects to this request as duplicative of prior requests.

**RESPONSE:** Without waiving the objection, FICO states it has already produced all non-privileged, responsive documents.

Dated: December 12, 2018

MERCHANT & GOULD P.C.

/s/ Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com

Attorneys for Plaintiff FICO

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 16-cv-1054(WMW/DTS)

**Jury Trial Demanded**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2018, a copy of **Plaintiff Fair Isaac Corporation's Responses to Defendants' Second Requests for Production of Documents** was emailed to the following attorneys of record:

Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel)
(612) 492-7077 (fax)


December 12, 2018                                    s/Kristin M. Drieman
                                                     Kristin M. Drieman