UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>   Defendants. | Court File No. 16-cv-1054 (WMW/DTS)<br><br><br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DISCLOSED WITNESSES** |

## INTRODUCTION

Plaintiff Fair Isaac Corporation ("FICO") seeks to exclude the individuals identified in Federal's Second Supplemental Rule 26(a)(1) Disclosures from testifying at trial. FICO argues that Federal should have supplemented the disclosures earlier and that FICO will be prejudiced if these witnesses are allowed to testify. Because Federal's witnesses were timely disclosed and FICO was aware of the witnesses through the discovery process, FICO's Motion should be denied.

## BACKGROUND

### I. THE RELEVANT DISCOVERY.

The parties served their initial disclosures on March 17, 2017. The parties thereafter engaged in nearly 2 years of discovery. During the course of discovery,

Federal responded to 90 requests for production, 21 interrogatories, and 12 requests for admission.

Both parties supplemented their initial disclosures at various points throughout discovery. FICO supplemented its initial disclosures on June 6, 2017, February 12, 2018, and February 22, 2019. Federal supplemented its initial disclosures on January 28, 2019 and March 22, 2019. In its March 22 supplement, Federal identified 16 additional potential witnesses. (Declaration of Christopher Pham, dated April 12, 2019 ("Pham Decl."), Ex. 1.)

## II. THERE IS NO DISPUTE THAT FICO WAS AWARE OF MOST OF THE INDIVIDUALS IT SEEKS TO EXCLUDE DURING THE COURSE OF DISCOVERY.

Most of the individuals FICO seeks to exclude were disclosed during the course of discovery.

### A. Federal employees verifying supplemental answers to interrogatories.

Mike Hutchinson[1], Stuart Fisher[2], Tracie Jerd[3], Paul Seeley[4], and C. Chase McCarthy[5] were all disclosed to FICO as individuals verifying Federal's Supplemental

---

[1] Mike Hutchinson verified Federal's Supplemental Answers to Interrogatory Nos. 18 & 20, which were dated October 24, 2018, October 26, 2018, December 14, 2018, January 21, 2019, February 28, 2019, March 2, 2019, and March 21, 2019. (Pham Decl., Exs. 4 & 6.)

[2] Stuart Fisher verified Federal's Supplemental Answers to Interrogatory No. 20, which were dated October 24, 2018, January 21, 2019, February 28, 2019, and March 21, 2019. (Pham Decl., Ex. 6.)

[3] Tracie Jerd verified Federal's Supplemental Answers to Interrogatory Nos. 16 & 17, which were dated October 26, 2018, January 21, 2019, February 28, 2019, March 2, 2019, and March 21, 2019. (Pham Decl., Exs. 2-3.)

Answers to Interrogatory Nos. 16-20 from October 2018 to March 2019. (*See* Pham Decl., Exs. 2-6.)

### B.  Kevin Harkin was deposed by FICO on March 25, 2019.

FICO conducted a day-long deposition of Kevin Harkin, Chubb's Senior Vice President of North America, on March 25, 2019. Harkin was designated by Federal to testify regarding Topics 1-4 of FICO's Amended Third Notice of Federal's 30(b)(6) deposition. (Pham Decl., Ex. 7.) Harkin testified at length related to Topic 1 which addressed the process and methods for answering FICO's Interrogatory Nos. 16-20. (*Id.*) Harkin also testified regarding Topic 4, which addressed the process and methods used to gather, calculate and report the financial information produced in response to FICO's Requests for Production of Documents Nos. 30-32. (*Id.*) In other words, FICO had the opportunity to depose a Federal 30(b)(6) designee related to the process and methods Federal employees—Mike Hutchinson, Stuart Fisher, Tracie Jerd, Paul Seeley, C. Chase McCarthy, Andrea Phillips, Runesh Roy, and Paul Johnston—utilized in responding to Interrogatory Nos. 16-20 and Requests for Production of Documents Nos. 30-32.

### C.  Ewen Setti is identified on more than 900 documents exchanged during discovery.

In its memorandum, FICO concedes that "[t]he documents indicate Mr. Setti's knowledge regarding Blaze Advisor use in the United Kingdom." (Dkt. 226, at 8.) In

---

[4] Paul Seeley verified Federal's Supplemental Answers to Interrogatory Nos. 16 & 17, which were dated October 26, 2018, January 21, 2019, February 28, 2019, March 2, 2019, and March 21, 2019. (Pham Decl., Exs. 2-3.)

[5] C. Chase McCarthy verified Federal's Supplemental Answers to Interrogatory Nos. 16 & 17, which were dated October 26, 2018, January 21, 2019, February 28, 2019, March 2, 2019, and March 21, 2019. (Pham Decl., Exs. 2-3.)

fact, Ewen Setti is identified on approximately 958 documents produced by Federal. (Pham Decl., ¶ 9.) Documents identifying Setti were first produced on December 29, 2017. (*Id.*) Setti is also identified on documents produced by FICO. (Pham Decl., Ex. 8.) Moreover, Setti is disclosed in Federal's Answers to Interrogatory Nos. 1, 3 & 8, which were served on June 15, 2017. (Pham Decl., Ex. 9.)

### D. Claudio Ghislanzoni is identified in almost 200 documents exchanged during discovery, and has been directly involved in discussions with FICO during this lawsuit.

Claudio Ghislanzoni is Chubb's Chief Enterprise Architect. (Pham Decl., ¶ 12.) As FICO acknowledges in its memorandum, Ghislanzoni's name appears on approximately 191 documents produced by Federal. (Dkt. 226, at 9.) Moreover, Ghislanzoni was a key contact in settlement negotiations between the parties beginning in late July or early August 2018, including direct communications with FICO and participation in mediation. (Pham Decl., ¶ 12.) Accordingly, FICO has been aware of Ghislanzoni and his role at Federal throughout the lawsuit.

### E. Federal employees who assisted in responding to FICO's Requests for Production 30-32 relating to financial information.

Requests for Production of Documents Nos. 30-32 required Federal to prepare certain summary documents regarding Federal's finances. Federal employees Andrea Phillips, Runesh Roy, and Paul Johnston[6] assisted with the preparation of these documents. Federal anticipates these individuals—if they were called at trial at all—

---

[6] Paul Johnston was disclosed to FICO in a letter from Federal dated December 31, 2018 in response to the Court's December 17, 2018 Order. (Pham Decl., Ex. 10.)

4

would be foundational witnesses related to the financial summary documents they prepared.

### F. FICO did not seek to depose the vast majority of Federal's disclosed witnesses.

FICO sought to depose only 3 of the 15 witnesses Federal disclosed prior to its March 22 supplemental disclosure. There is no reason to believe FICO would have deposed any of the witnesses it now seeks to exclude had they been disclosed earlier.

## ARGUMENT

### I. THE WITNESSES WERE TIMELY DISCLOSED.

FICO's Motion fails because the witnesses were timely disclosed. The witnesses were disclosed on March 22, 2019—more than eight months prior to the trial-ready date of December 9, 2019 and within the discovery period. (*See* Dkt. 205, at 5.) The disclosures comply with the Court's scheduling order and, as outlined below, the Federal Rules of Civil Procedure.

The exclusion of witnesses is reserved for extreme circumstances. FICO's own case law proves this point. For example, in *Lee v. Kmart Corp.*, cited by FICO, the plaintiff identified experts forty days after the applicable deadline and fact witnesses "twenty-seven days after the extended deadline had expired and without leave of Court[.]" *Lee v. Kmart Corp.*, 2016 WL 4373694, at *5 & *10 (D. V.I. Aug. 15, 2016).[7] The Court granted defendant's motion to exclude, concluding:

---

[7] A copy of the unpublished decision *Lee v. Kmart Corp.* is attached to the Pham Decl. as Exhibit 11.

> [Plaintiff's] willful and flagrant disregard of this Court's Orders and the governing Federal Rules of Civil Procedure by counsel for Plaintiff is so egregious in this case that the extreme sanction of exclusion is warranted[.]

*Id.* at *7. In contrast, one of the only cases FICO cites from the District of Minnesota concluded exclusion was not warranted even where the disclosure was untimely. *See Steady State Imaging, LLC v. Gen. Elec. Co.*, 2018 WL 2047578, at *17 (D. Minn. May 2, 2018).[8] Witnesses are not excluded where, as here, they are disclosed over 8 months before trial, during the discovery period, and, as outlined below, in compliance with the Federal Rules of Civil Procedure.

## II. FICO'S MOTION SHOULD BE DENIED BECAUSE FICO SEEKS TO EXCLUDE WITNESSES WHO WERE OTHERWISE REVEALED THROUGH DISCOVERY.

### A. Legal Standard.

FICO argues that Federal violated its supplemental disclosure obligations under Rule 26(e) by not disclosing these witnesses earlier. However, FICO ignores a crucial portion of the rule which indicates supplemental disclosures are only required where the party has not otherwise been made aware of the witness.

Rule 26(a)(1)(A)(i) requires each party to provide the other with "each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) provides the parties have a continuing duty to supplement their disclosures. Fed. R. Civ. P. 26(e).

---

[8] A copy of the unpublished decision *Steady State Imaging, LLC v. Gen. Elec. Co.* is attached to the Pham Decl. as Exhibit 12.

A party is only required to supplement its initial disclosures, however, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). As such, the Court has held "[t]here is no requirement to supplement if the information was otherwise made known to the opposing party during the discovery process." *Tomlinson v. J.B. Hunt Transp., Inc.*, 989 F. Supp. 2d 766, 776 (D. Minn. 2013); *see also Klyuch v. Freightmasters, Inc.*, 2005 WL 318786, at *2 (D. Minn. Feb. 9, 2005) (finding that party was not "unduly prejudiced" by late supplemental disclosures when witnesses were "no surprise" because witness had been "referred to" earlier)[9]; *see also* 8A Wright & Miller, Federal Practice & Procedure § 2049.1 (the rule "recognize[s] that there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.").

In an effort to avoid the weight of authority outlined above, FICO argues it was unaware of the witnesses it seeks to exclude until Federal supplemented its disclosures. The facts demonstrate that is not true.

### B. FICO was aware of individuals who verified Federal's interrogatory answers, were identified in answers to interrogatories, were identified in correspondence to FICO, or identified on documents produced during discovery.

FICO goes to lengths to utilize search terms and argue FICO could not possibly have identified the witnesses from Federal's productions, but fails to disclose to the Court that these witnesses were identified elsewhere as well. Inexplicably absent from FICO's

---

[9] A copy of the unpublished decision *Klyuch v. Freightmasters, Inc.* is attached to the Pham Decl. as Exhibit 13.

Motion, for example, is the fact that many of the witnesses FICO seeks to exclude—Mike Hutchinson, Stuart Fisher, Paul Seeley, C. Chase McCarthy, and Tracie Jerd—are the Federal employees who helped prepare and verify interrogatory answers. In addition, FICO admits that C. Chase McCarthy and Stuart Fisher were identified in hundreds of documents produced during discovery. (Dkt. 226, at 8-9.)

Another—Ewen Setti—is explicitly identified in Federal's Answers to FICO's Interrogatory Nos. 1, 3 & 8. (Pham Decl., Ex. 9.) *See Elion v. Jackson*, 544 F. Supp. 2d 1, 10 n.9 (D.D.C. 2008) (witness's testimony admissible because the witness's name was provided in response to an interrogatory, putting the opposing party "on notice that [she] had discoverable information"). Notably, FICO's memorandum is silent with respect to some other witnesses who are identified on a substantial volume of documents produced by Federal. For example, Ewen Setti is identified on approximately 958 documents produced by Federal. (Pham Decl., ¶ 9.) Setti is also identified on documents produced by FICO. (Pham Decl., Ex. 8.)

Yet another—Paul Johnston—was identified in a letter Federal sent to FICO dated December 31, 2018, which was sent in response to the Court's December 17, 2018 Order. (Pham Decl., Ex. 10.)

The chart below outlines the documents in which each of the above witnesses were disclosed to FICO and relevant disclosure dates:

| Documents | Witnesses Identified | Disclosure Dates |
|---|---|---|
| **Answers to Interrogatory Nos. 1, 3 & 8** | Ewen Setti | June 15, 2017 |
| **Interrogatory No. 16** | Paul Seeley, C. Chase McCarthy, Tracie Jerd | January 21, 2019; February 28, 2019; March 2, 2019; March 21, 2019. |
| **Interrogatory No. 17** | Paul Seeley, C. Chase McCarthy, Tracie Jerd | October 26, 2018; December 14, 2018; January 21, 2019; February 28, 2019; March 21, 2019. |
| **Interrogatory No. 18** | Mike Hutchinson | October 26, 2018; January 21, 2019; February 28, 2019; March 21, 2019. |
| **Interrogatory No. 20** | Mike Hutchinson, Stuart Fisher | October 24, 2018; February 28, 2019; March 21, 2019; January 21, 2019. |
| **Letter to FICO** | Paul Johnston | December 31, 2018 |

FICO cannot seriously contend that it was unaware of these Federal employees who have been identified on these interrogatory verifications repeatedly over the past six months. Nor can FICO turn a blind eye to Federal's answers to interrogatories, disclosures Federal made in response to the Court's December 17, 2018 Order, or the hundreds of documents identifying these witnesses during discovery. These disclosures provided FICO with sufficient notice to satisfy Rule 26(e).

### C. FICO already deposed a witness it seeks to exclude—Kevin Harkin.

As noted above, FICO deposed Kevin Harkin on March 25, 2019 related to, among other things, Federal's Answers to Interrogatory Nos. 16-20 and its production of documents in response to Requests for Production of Documents Nos. 30-32. FICO cannot claim it did not have an opportunity to seek sufficient discovery from Harkin. Tellingly, its memorandum does not identify any additional discovery it seeks from Harkin, instead seeking, without explanation, to exclude his testimony entirely.

In support, FICO relies heavily on *Reed v. Washington Area Transit Authority*, 2014 WL 2967920 (E.D. Va. July 1, 2014).[10] The case is inapposite. In *Reed*, the defendant specifically missed the disclosure deadline and, by motion, requested the court grant it leave to identify four additional expert witnesses. *Id.* at *3. The court denied the request, in part, because the plaintiff was only made aware of these expert witnesses days before the close of discovery. *Id.* Despite the court's denial of the request, the defendant went around the court's order and included the expert witnesses on its witness list for trial as "fact witnesses." *Id.* The court, not surprisingly, excluded the witnesses.

Here, the witnesses were known to FICO and Federal did not miss any disclosure deadlines by identifying them on March 22, 2019. Further, unlike the plaintiff in *Reed*, FICO will not face any prejudice.

---

[10] A copy of the unpublished decision *Reed v. Washington Area Transit Authority* is attached to the Pham Decl. as Exhibit 14.

### D. Claudio Ghislanzoni is a key contact for settlement negotiations, attended mediation, and appears on numerous communications.

FICO cannot claim to be unaware of Claudio Ghislanzoni, who has been the main contact with respect to settlement communications between Federal and FICO, and attended the mediation between the parties on December 12, 2018. Further, FICO admits Claudio Ghislanzoni is identified on 191 documents produced by Federal. (Dkt. 226, at 9.)

### III. ANY FAILURE TO SUPPLEMENT WAS HARMLESS.

Rule 37 "does not provide for mandatory sanctions, and the district court may find that a party's failure to include a witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Tomlinson*, 989 F. Supp. 2d at 776 (applying Fed. R. Civ. P. 37(c)(1)).

Federal's identification of these witnesses on March 22, 2019 was substantially justified. The majority of witnesses, as outlined above, had been identified previously to FICO throughout discovery. And, as Federal explained to FICO, some of the witnesses such as Andrea Phillips, Runesh Roy, and Paul Johnston, would only likely serve as foundational witnesses and were merely identified out of an abundance of caution—their testimony to lay foundation would not prejudice FICO. FICO cannot claim surprise nor is FICO in need of additional discovery related to these witnesses.

Any failure to identify these witnesses sooner was also harmless. FICO has not, and cannot, demonstrate it suffered prejudice because the witnesses were already known to FICO. Additionally, FICO deposed Kevin Harkin on March 25, 2019, where FICO

11

questioned Harkin in his 30(b)(6) capacity about, among other things, the supplemental interrogatory answers verified by Mike Hutchinson, Stuart Fisher, Paul Seeley, C. Chase McCarthy, and Tracie Jerd and the documents prepared by Andrea Phillips, Runesh Roy, and Paul Johnston. Moreover, FICO has not sought to depose the vast majority of Federal's disclosed witnesses. In fact, FICO has only deposed 3 of the 31 witnesses identified by Federal. Indeed, there is no reason to believe that FICO would have sought to depose these witnesses had they been disclosed earlier.

## IV. EXCLUSION OF THE WITNESSES IS AN EXTREME REMEDY THAT IS INAPPROPRIATE HERE.

FICO requests an extreme remedy: exclusion of witnesses' testimony "whether on motion, hearing, or at trial in accord with Rule 37(c)." (Dkt. 226 at 2.) The exclusion of witnesses is a harsh remedy that is highly disfavored. *Transunion Intelligence LLC v. SearchAmerica Inc.*, 2013 WL 12155778, at *1 (D. Minn. Nov. 27, 2013) (finding that though Plaintiff should have disclosed witness sooner, witness was relevant to claims and the "the harsh remedy of excluding her as a witness is not appropriate.")[11]; *see also ELCA v. Enters v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995) ("Exclusion of evidence is a harsh remedy and should be used sparingly.")

It is telling that FICO seeks the outright exclusion of every witness identified by Federal even though trial is scheduled 8 months from now. FICO does not need additional discovery from these witnesses, nor is FICO surprised that many of these individuals were identified. FICO is merely seeking to establish roadblocks to Federal's

---

[11] A copy of the unpublished decision *Transunion Intelligence LLC v. SearchAmerica Inc.* is attached to the Pham Decl. as Exhibit 15.

presentation of evidence at trial. Therefore, in the event the Court determines some remedy is necessary with respect to one or more of the timely disclosed witnesses, Federal requests the Court fashion an appropriate remedy short of exclusion of the witness.

## **CONCLUSION**

Based on the foregoing, Federal respectfully requests the Court deny FICO's motion to strike.

Dated: April 12, 2019                  *s/ Christopher D. Pham*
                                       Terrence J. Fleming (#0128983)
                                       tfleming@fredlaw.com
                                       Lora M. Friedemann (#0259615)
                                       lfriedemann@fredlaw.com
                                       Leah Janus (#0337365)
                                       ljanus@fredlaw.com
                                       Christopher D. Pham (#0390165)
                                       cpham@fredlaw.com
                                       **FREDRIKSON & BYRON, P.A.**
                                       200 South Sixth Street, Suite 4000
                                       Minneapolis, MN  55402-1425
                                       (612) 492-7000 (tel.)
                                       (612) 492-7077 (fax)

                                       *Attorneys for Defendants*

66465837.1