UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED THIRD NOTICE OF DEPOSITION UNDER
## FED.R.CIV.P. 30(b)(6) OF FEDERAL INSURANCE COMPANY
## AND ACE AMERICAN INSURANCE COMPANY

TO:    Federal Insurance Company and
Ace American Insurance Company
c/o Terrence J. Fleming
tfleming@fredlaw.com
Lora M. Friedemann
lfriedemann@fredlaw.com
Leah Janus
ljanus@fredlaw.com
Christopher D. Pham
cpham@fredlaw.com
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Plaintiff Fair Isaac Corporation ("FICO") will take the deposition upon oral

examination of Defendant Federal Insurance Company ("Federal") and ACE American

Insurance Company ("Ace American") by its designated witness or witnesses regarding the

topics identified in Attachment A, attached.

1





The deposition of Defendants' designee(s) will commence on Monday, March 25, at 9:00 a.m., at Regus, 55 Madison Avenue, Suite 400, Morristown, NJ 07960.  The depositions will be taken before and transcribed by a notary public or other officer authorized to administer oaths and record testimony.  The testimony will be recorded by stenographic means and may be recorded by videographic means.

Dated:  March 19, 2019                           MERCHANT & GOULD P.C.

                                                 /s/ Allen Hinderaker
                                                 Allen Hinderaker, MN Bar # 45787
                                                 Heather Kliebenstein, MN Bar # 337419
                                                 Michael A. Erbele, MN Bar # 393635
                                                 MERCHANT & GOULD P.C.
                                                 3200 IDS Center
                                                 80 South Eighth Street
                                                 Minneapolis, MN  55402-2215
                                                 Tel:  (612) 332-5300
                                                 Fax:  (612) 332-9081
                                                 ahinderaker@merchantgould.com
                                                 hkliebenstein@merchantgould.com
                                                 merbele@merchantgould.com

                                                 *Attorneys for Plaintiff FICO*

## ATTACHMENT A

### INSTRUCTIONS

1.      You are required to appear at the taking of a deposition to testify responsive to the following topics.  You are required to furnish such information as is available to you, including, but not limited to, information known to your officers, employees, agents, or anyone acting for or on your behalf.

2.      If you have no information about the subject of a particular category or if for some reason you are unable to answer it, the response should specifically so state.

3.      If you assert a claim of privilege in objection to any topic or question, identify the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: type; general subject matter and purpose; date; the names of persons making or receiving the communication, and of those present when it was made; the relationship of the named person to the author or speaker; and any other information upon which you may rely to support your claim of privilege or the immunity from discovery.

### 30(b)(6) DEPOSITION TOPICS

1.      The process and methods used to gather, calculate, and report the information in (a) Federal Insurance Company's Fourth Supplemental Answer To Plaintiff's Interrogatory No. 16 and Fifth Supplemental Answer to Plaintiff's Interrogatory No. 17; (b) Federal Insurance Company's Fifth Supplemental Answer To Plaintiff's Interrogatory No. 18; (c) Federal Insurance Company's Fifth Supplemental Answer To Plaintiff's Interrogatory No. 19; and (d) Federal Insurance Company's Fourth Supplemental Answer To Plaintiff's Interrogatory No. 20, including but not limited to:

1

a)      The factual basis to conclude that the Surety Cornerstone application did not use Blaze Advisor® software;

b)      The correct legal name of the issuing company for the gross written premiums stated in Federal Insurance Company's Fifth Supplemental Answer To Plaintiff's Interrogatory No. 18;

c)      The factual basis to conclude that the Exari Pilot application did not go into production and was not used for live business;

d)      The factual basis to conclude that the PRS business unit in Canada did not use the Adapt application;

e)      The function of the Work Manager component of the Evolution application used in Canada, and the factual basis to conclude that the Broker Site application does not use the Work Manager component of Evolution;

f)      The factual basis to conclude the Evolution application for the A&H business unit in Australia does not use Blaze Advisor® software;

g)      Each type of insurance product included in the "Policy Count" columns.

h)      Explanation of process and methods used to gather, calculate, and report the data reported under the "Gross Written Premium" and/or "Written Premium" columns.

2.      Identification of the Business Segment(s) of Chubb Limited that includes the insurance products of the following former lines of business of The Chubb Corporation: (a) Chubb Commercial Insurance; (b) Chubb Specialty Insurance; and (c) Chubb Personal Insurance.

3.      The meaning of each of the acronyms used to identify the writing company in the supplemental interrogatory answers identified in Topic 1, above, and all of the acronyms used in

the documents produced February 28, 2019, in response to Plaintiff's Requests for Documents 30-32.

      4.     The process and methods used to gather, calculate, and report the information in each document produced February 28, 2019, in response to Plaintiff's Requests for Production 30-32, including but not limited to:

      a)     Identification of the accounting system(s) used to generate the financial data;

      b)     The parameters employed to query the accounting system from which the records were extracted;

      c)     Identification of the individuals involved in setting the parameters and querying the system;

      d)     Steps undertaken to ensure the query resulted in data responsive to Plaintiff's Requests for Production 30-32, including quality control procedures to ensure the extracted data correlated with the parameters used for the query;

      e)     Definition and description of each data field (e.g. row and column headers) and well as all other terminology, jargon, acronyms, and abbreviations.

      f)     Whether any document was created in the regular course of business. If so, explain the following: Reason for report; frequency of report (weekly, monthly, quarterly, annually); identify to whom report is distributed; and way report is used.

      5.     To the extent not addressed in Topic 4, above, the steps undertaken and the methods used to report gross and net revenue and gross and net profit derived from products for which Blaze Advisor® software was used.

6.      For The Chubb Corporation business units, explain the cost and financial accounting methods used to account for revenues and expenses allocated to each type of insurance product.

7.      For Chubb Limited business segments, explain the cost and financial accounting methods used to account for revenues and expenses allocated to each type of insurance product.

8.      Explain the method used by The Chubb Corporation to report (e.g., account for) losses resulting from claims paid customers in the ordinary course of business.

9.      Explain the method used by Chubb Limited to report (e.g., account for) losses resulting from claims paid customers in the ordinary course of business.

10.     The location of the data center(s) at which Blaze Advisor® software and the Blaze Advisor® applications identified in Federal Insurance Company's Fifth Supplemental Answer to Interrogatory No. 17 is or was installed.

11.     Identification of each writing company listed in the supplemental interrogatory answers identified in Topic 1, above, that was formerly part of ACE Limited.

12.     Identification of each legacy ACE American Insurance Company product supported by an application or applications using Blaze Advisor® software;

a)      Identification of each ACE American Insurance Company product planned to be supported by an application or applications using Blaze Advisor® software.

13.     For each of the following applications, the number and type of business rules that utilize Blaze Advisor® and the complexity of those rules, whether "High," "Medium," or "Low":

a)      CSI Express

b)      Automated Renewal Process

4

c)      Decision Point

d)      Profitability Indicator

e)      CUW

f)      IRMA (Individual Rate Modification Application)

g)      TAPS (Texas Prevention System)

h)      Premium Booking

i)      CIS Claims

j)      Evolution used in Canada

k)      Evolution used in Australia

l)      EZER

m)      ADAPT used in Canada

n)      ADAPT used in Australia

o)      ADAPT used in Europe or the United Kingdom

p)      Cornerstone

q)      Exari

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019, a copy of the foregoing was emailed to the

following attorneys of record:

Terrence J. Fleming
tfleming@fredlaw.com
Lora M. Friedemann
lfriedemann@fredlaw.com
Leah Janus
ljanus@fredlaw.com
Christopher D. Pham
cpham@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated:  March 19, 2019                      s/Kristin M. Drieman
                                              Kristin M. Drieman

1