# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No. 16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL ANSWERS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

To:   Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
      Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answers

to Plaintiff's First Set of Interrogatories, states and alleges as follows:

## GENERAL RESPONSES

1.      Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.      Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief. Federal's responses and objections are limited to

information within its possession, custody, or control. Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

3. Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify every person, division, or entity Federal contends is licensed to use the Blaze Advisor® software under the enterprise license granted by the amended Agreement, including in your answer an identification of each of the "other Chubb entities" you contend were perpetually licensed as alleged in ¶ 2 of Federal's Counterclaims, and:

     a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 2 of Federal's Counterclaims; and

     b.    Identify all documents relating to the allegations of ¶ 2 of Federal's Counterclaims.

**SUPPLEMENTAL ANSWER:** Answering Interrogatory No. 1, Federal asserts that the license granted in Amendment Two to the Software License and Services Agreement covers Federal Insurance Company and its affiliates, subsidiaries and divisions. Federal further refers to the chart produced as FED000051_0013.

Answering subpart (a), Federal states that Amendment Two to the Software License and Services Agreement speaks for itself, and that the parties treated the license as including Federal Insurance Company and its affiliates, subsidiaries and divisions. People with knowledge regarding the parties' agreement and their course of dealing include Pamela Lopata, Tamra Pawloski, Henry Miralyuz, Ewen Settie, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Oliver Clark (FICO), Michael Sawyer (FICO) and Russell Schreiber (FICO).

2

Answering subpart (b), Federal identifies the Software License and Services Agreement, Amendment Two to the Software License and Services Agreement, and documents reflecting the parties' course of dealing under the Agreement, particularly documents and communications reflecting FICO's awareness and assistance installing the software in the United Kingdom and Canada.

**INTERROGATORY NO. 2:** Identify every person, division, or entity, other than employees of the division Chubb & Son, to whom Federal has disclosed the FICO Blaze Advisor® software after June 30, 2006, and:

     a.    State the date of each such disclosure;

     b.    Identify all Persons known to you to have knowledge of each such disclosure; and

     c.    Identify all documents relating to each such disclosure.

**SUPPLEMENTAL ANSWER:** Federal objects to this Interrogatory as over broad and unduly burdensome. Federal will limit its answer to available information after April 22, 2010, which is six years prior to the lawsuit being filed and reflects the outermost limit of the statute of limitations. Subject to, and without waiving these objections, Federal identifies Tamra Pawloski, Henry Miralyuz, Ewen Settie, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Oliver Clark (FICO), Michael Sawyer (FICO) and Russell Schreiber (FICO).

Further answering Interrogatory No. 2, Federal refers to documents regarding the use and installation of the Blaze Advisor software in the United Kingdom and Canada pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 3:** Identify every person, division, or entity, other than employees of the division Chubb & Son, of which Federal is aware, that has used the FICO Blaze Advisor® software after June 30, 2006, and:

      a.    State the date of first use and, if applicable, the date of last use for each person, division, or entity;

      b.    Identify all Persons known to you to have knowledge of each such use; and

      c.    Identify all documents relating to each such use.

**SUPPLEMENTAL ANSWER:** Federal objects to this Interrogatory as over broad and unduly burdensome. Federal will limit its answer to available information after April 22, 2010, which is six years prior to the lawsuit being filed and reflects the outermost limit of the statute of limitations. Subject to, and without waiving these objections, Federal identifies Tamra Pawloski, Henry Miralyuz, Ewen Settie, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Oliver Clark (FICO), Michael Sawyer (FICO) and Russell Schreiber (FICO).

Further answering Interrogatory No. 3, Federal refers to documents regarding the use and installation of the Blaze Advisor software in the United Kingdom and Canada pursuant to Fed. R. Civ. P. 33(d), and states that it has used the Blaze Advisor software in the United Kingdom and Canada since FICO approved Federal's use of the software in those countries. FICO further states that the use has not changed following the merger between The Chubb Corporation and ACE INA Holdings on January 15, 2016.

4

**INTERROGATORY NO. 4:** Identify every software application and/or system utilized by Chubb & Son, a division of Federal, or by any division or entity other than Chubb & Son, that utilizes in any way the Blaze Advisor® software, and:

     a.     Identify all Persons known to you to have knowledge of each such software application and/or system; and

     b.     Identify all documents relating to each such software application and/or system.

**SUPPLEMENTAL ANSWER:** Federal objects to this Interrogatory as unduly burdensome, over broad, and because it seeks information that is not relevant to any claim or defense in this action. Federal will limit its answer to available information after April 22, 2010, which is six years prior to the lawsuit being filed and reflects the outermost limit of the statute of limitations. Subject to, and without waiving these objections, Federal identifies the below software applications.

| | | |
|---|---|---|
| CSI | CSI Express | |
| | Decision Point | |
| | Automated Renewal Process | |
| CCI | CUW | |
| | IRMA (Individual Rate Modification Application) | |
| | TAPS (Texas Accident Prevention System) | |
| CBS | Premium Booking | |
| Claims | CIS Claims | |
| Surety | Cornerstone | |
| CAH | Adapt-ABL, Evolution | |
| EUZ | EZER (Comm'l PAS in EUZ) | |
| Claims | ClaimsConnect | |
| Commercial | Small Commercial | |

**INTERROGATORY NO. 5:** Identify all Persons known to you to have knowledge of the negotiation of the parties' Software License and Maintenance Agreement and the two Amendments thereto.

**ANSWER:** Federal identifies Jim Black, a former Federal employee, as a person with knowledge regarding the negotiation of the Agreement. Federal's investigation regarding the negotiation of the Software License and Maintenance Agreement is ongoing. Federal will supplement its answer to this Interrogatory if additional individuals are identified.

**INTERROGATORY NO. 6:** Identify all Persons known to you to have knowledge of Federal's revenues and profits, including the revenues and profits, if any, attributable to the use of the Blaze Advisor® software by Chubb & Son, a division of Federal.

**SUPPLEMENTAL ANSWER:** Federal objects to this Interrogatory because it seeks information that is not relevant. Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006). Subject to, and without waiving this objection, Federal states that revenues earned on the sale of insurance are not attributable to use of the Blaze Advisor software. Federal identifies Ramesh Pandey as a person with knowledge regarding this subject.

**INTERROGATORY NO. 7:** For each line of business of Chubb & Son, a division of Federal, and for each line of business of any division or entity other than Chubb & Son that uses or has used the Blaze Advisor® software, identify all persons known to you to have knowledge of the business reasons for using the Blaze Advisor® software.

**ANSWER:** Federal objects to the request for "all" persons with knowledge regarding the business reasons for using the Blaze Advisor® software as over broad and unduly burdensome. Subject to, and without waiving these objections, Federal identifies Ramesh Pandey and Henry Mirolyuz as persons with knowledge regarding the business reasons for using the Blaze Advisor® software.

**INTERROGATORY NO. 8:** If Federal contends that FICO has consented to the international use or implementation of the Blaze Advisor® software through a Scope

7

of Work Agreement or otherwise, state the complete factual basis for any such contention, and:

      a. Identify all Persons known to you to have knowledge related to any such contention, and;

      b. Identify all documents relating to any such contention.

**SUPPLEMENTAL ANSWER**: Federal objects to Interrogatory No. 8 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO consented to Federal's use of the Blaze Advisor software by assisting with the implementation of the software in London. FICO and Federal negotiated a Scope of Work agreement relating to the implementation, and FICO employees were on-site in London to assist with the installation of the software. Persons with knowledge include Henry Mirolyuz, Ewen Setti, Hamish Tonkin and Oliver Clark, Senior Manager, Decision Management Solutions, FICO Europe, Middle East and Africa.

FICO also approved Federal's use of the Blaze Advisor software by Chubb Specialty Insurance in Canada. Federal sent FICO information regarding the use of the software by Chubb Specialty Insurance in Canada, and worked closely with FICO on the

implementation of the software.  FICO also participated in a demonstration of the

software in Latin America.  Persons with knowledge include Alexander Pavlenko and

Zorica Todorovic.

FICO's conduct demonstrates its consent to use of the Blaze Advisor® software

within Federal domestically and internationally.  Federal also refers to documents being

produced pursuant to Fed. R. Civ. P. 33(d), including documents regarding the

implementation of the software in London and in Canada.

**INTERROGATORY NO. 9:**   State the complete factual basis for Federal's
contention in ¶ 7 of Federal's Counterclaims that "Federal did not expand its use of
the [Blaze Advisor®] software following the merger," and:

      a.     Identify all Persons known to you to have factual knowledge
relating to the allegations of ¶ 7 of Federal's Counterclaims; and

      b.     Identify all documents relating to the allegations of ¶ 7 of
Federal's Counterclaims.

**SUPPLEMENTAL ANSWER:**  Federal objects to Interrogatory No. 9 and all

interrogatories that seek an opinion or contention that relates to fact or the application of

law to fact, because it seeks discovery of Federal's counsels' work product and mental

impressions which are privileged.  Furthermore, at this stage in the proceedings, where

Federal has not yet received discovery from FICO, posing contention interrogatories is

inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of

litigation.  Even if contention interrogatories are allowed, they should not be propounded

until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that it has not changed the extent or nature of use of the Blaze Advisor® software since the merger with ACE INA Holdings, Inc. on January 15, 2016. The teams and business uses of the Blaze Advisor software did not change as a result of the merger.

Answering subparagraph (a), Federal identifies Ramesh Pandey, Henry Mirolyuz and Tamra Pawolski.

Answering subparagraph (b), Federal refers to documents being produced pursuant to Fed. R. Civ. P. 33(d), including a report of premiums processed using the Blaze Advisor software before and after the merger.

**INTERROGATORY NO. 10:** State the complete factual basis for Federal's contention in ¶ 8 of Federal's Counterclaims that "Federal's use of the Blaze Advisor software post-merger is covered by the license Federal purchased from FICO in the Agreement," and:

      a.      Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 8 of Federal's Counterclaims; and

      b.      Identify all documents relating to the allegations of ¶ 8 of Federal's Counterclaims.

**SUPPLEMENTAL ANSWER:** Federal objects to Interrogatory No. 10 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of

litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two to the Software License and Maintenance Agreement. Federal paid over $1 million for the license. The license allows Federal to use the software enterprise-wide, with no limit on the number of users, and with no end date.

On January 15, 2016, Federal's parent corporation, The Chubb Corporation, merged with ACE INA Holdings, Inc. FICO wrongly purported to terminate the license agreement after the merger. FICO did not have the right to terminate the license. The "No Assignment" clause in the contract required that Federal seek consent from FICO to continue using the software after the merger only if Chubb & Son underwent a change in control (which it didn't), and only if Federal expanded its use of the software as a result of the merger (which it didn't).

FICO breached the contract when it attempted to terminate without having the right to do so. The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references

documents being produced by Federal that demonstrate no change in the use of the software pursuant to Fed. R. Civ. P. 33(d), including a report of premiums processed using the Blaze Advisor software before and after the merger.

**INTERROGATORY NO. 11:** State the complete factual basis for Federal's contention in ¶ 10 of Federal's Counterclaims that "Federal did not need consent from FICO to continue using the Blaze Advisor software," and:

      a.      Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 10 of Federal's Counterclaims; and

      b.      Identify all documents relating to the allegations of ¶ 10 of Federal's Counterclaims.

**SUPPLEMENTAL ANSWER:** Federal objects to Interrogatory No. 11 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two of the Software License and Maintenance Agreement. Federal paid over $1 million for the license. The license allows Federal to use the software enterprise-wide, with no limit on the number of users, and with no end date.

On January 15, 2016, Federal's parent corporation, The Chubb Corporation, merged with ACE INA Holdings, Inc. FICO wrongly purported to terminate the license agreement after the merger. FICO did not have the right to terminate the license. The "No Assignment" clause in the contract required that Federal seek consent from FICO to continue using the software after the merger only if Chubb & Son underwent a change in control (which it didn't), and only if Federal expanded its use of the software as a result of the merger (which it didn't).

FICO breached the contract when it attempted to terminate without having the right to do so. The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references documents being produced by Federal that demonstrate no change in the use of the software pursuant to Fed. R. Civ. P. 33(d), including a report of premiums processed using the Blaze Advisor software before and after the merger.

**INTERROGATORY NO. 12:**  State the complete factual basis for Federal's contention in ¶ 13 of Federal's Counterclaims that "FICO's conduct in refusing to consent to continued use of the [Blaze Advisor®] software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational," and:

      a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 13 of Federal's Counterclaims; and

      b.    Identify all documents relating to the allegations of ¶ 13 of Federal's Counterclaims.

**ANSWER:**  Federal objects to Interrogatory No. 12 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged.  Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation.  Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.   Federal also objects to Interrogatory No. 12 on the grounds that it calls for a legal conclusion.

Subject to, and without waiving these objections, Federal states that FICO announced that it would not consent to Federal's continued use of the software in a letter from Thomas F. Carretta to Joseph F. Wayland dated January 27, 2016.  FICO decided that it would not consent to Federal's continued use of the software irrationally – FICO either did not have full knowledge of the facts when it told Federal that it would not consent, or FICO refused to consent even though it knew that Federal's use of the

software had not changed.  In either case, the decision to refuse consent was arbitrary and irrational because Federal's use of the software did not increase.

Federal employees told FICO numerous times that Federal's use of the Blaze Advisor software did not change after the merger.  Even though FICO knew that Federal's use of the software had not changed, FICO continued to demand money.  FICO employees explained that their demand for additional money was based on their pricing model, not Federal's use of the software.  FICO's pricing model is irrelevant to Federal's right to continue using the software post-merger in the same manner Federal did prior to the merger.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's conduct.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, the January 27, 2016 letter from Thomas F. Carretta to Joseph Wayland, and documents reflecting the post-merger communications between the parties pursuant to Fed. R. Civ. P. 33(d).


**INTERROGATORY NO. 13:**  State the complete factual basis for Federal's contention in ¶ 15 of Federa1's Counterclaims that FICO's "purported termination violated the terms of the Agreement and was inoperative.... FICO breached the Agreement by purporting to terminate the Agreement without the right to do so," and:

    a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 15 of Federal's Counterclaims; and

    b.    Identify all documents relating to the allegations of ¶ 15 of Federal's Counterclaims.

**SUPPLEMENTAL ANSWER:**  Federal objects to Interrogatory No. 13 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged.  Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation.  Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two to the Software License and Maintenance Agreement.  Federal paid over $1 million for the license.  The license allows Federal to use the software enterprise-wide, with no limit on the number of users.

FICO breached the contract when it attempted to terminate without having the right to do so.  The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references documents being produced by Federal pursuant to Fed. R. Civ. P. 33(d), including a

report of premiums processed using the Blaze Advisor software before and after the merger.

**INTERROGATORY NO. 14:** State the complete factual basis for Federal's contention in ¶¶ 21 and 27 of Federal's Counterclaims that Federal has been damaged by FICO's alleged breach of the Agreement, and:

        a.     Identify each type of damages claimed;

        b.     Identify the amount claimed;

        c.     Identify all Persons known to you to have factual knowledge relating to Federal's claim for damages; and

        d.     Identify all documents relating to Federal's claim for damages.

**SUPPLEMENTAL ANSWER:** FICO's breach caused Federal to incur attorneys' fees and costs defending this lawsuit. The attorneys' fees and costs Federal is incurring in defense of this lawsuit are a direct and proximate result of FICO's breach. The amount of attorneys' fees and costs incurred to defend this lawsuit continues to accrue. FICO will rely on invoices and billing records to support this claim.

Dated: June 15, 2017

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

61497068_1.docx

## VERIFICATION

Tamra Pawloski states under oath that she is Vice President, Global IT Vendor Management – Software and Compliance for Chubb Limited; that she is authorized to respond to Fair Isaac Corporation's Interrogatories on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answers to interrogatories; and that the answers are true and correct to the best of her knowledge.

Subscribed and sworn to before me
this _15_ day of _June_, 20_17_.

Notary Public

Alma Hawkins
Notary Public
State of New Jersey
No. 2257861
Commission Expires:
August 11, 2020

61497068_1.docx

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SECOND SUPPLEMENTAL
ANSWERS TO INTERROGATORY
NOS. 2, 3, AND 4**

---

To:     Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
        Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

        Defendant Federal Insurance Company ("Federal"), for its Second Supplemental

Answers to Plaintiff's First Set of Interrogatories, states and alleges as follows:

## GENERAL RESPONSES

        1.      Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

        2.      Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

3.      Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 2**:   Identify every person, division, or entity, other than employees of the division Chubb & Son, to whom Federal has disclosed the FICO Blaze Advisor® software after June 30, 2006, and:

      a.      State the date of each such disclosure;

      b.      Identify all Persons known to you to have knowledge of each such disclosure; and

      c.      Identify all documents relating to each such disclosure.

**SECOND SUPPLEMENTAL ANSWER**:   Federal objects to this Interrogatory as over broad and unduly burdensome to the extent that it seeks identification of all individuals to whom disclosure has been made, rather than the entities or divisions to which disclosure has been made.   Federal further objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited in time.   Federal may appropriately limit its answer to available information after April 22, 2010, which is six years prior to the lawsuit being filed, but has not, at this time, withheld information based on this objection.   Federal also objects to the term "disclosed" in this context as undefined and vague.

      Subject to, and without waiving these objections, disclosure of the Blaze Advisor software was made to at least the following:  (1) Chubb Insurance Company of Europe SE, (2) Chubb Insurance Company of Canada, including through its relationship with

AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through its relationship with the DWS Group.  Disclosure of the Blaze Advisor software to the Chubb & Son division of Federal occurred on or around June 30, 2006 with FICO's knowledge and participation.  Information regarding the Blaze Advisor software and accessibility to it were provided on internal Chubb organization shared space.  Disclosure of the Blaze Advisor software was made to Chubb Insurance Company of Canada in 2011 with FICO's knowledge and participation.  Disclosure was made to Chubb Insurance Company of Europe SE at least by 2010, with FICO's knowledge and participation.  Disclosure was made to Chubb Insurance Company of Australia Limited at least by 2015.

Federal identifies Tamra Pawloski, Henry Mirolyuz, Ewen Setti, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Tony Zhang, Lei Lanz, Dalli Yang, Duff Sorli, Ramesh Pandey, Patrick Sullivan, Benku Thomas, John White, Miranda Chiang, Mark Ruscitto, Dan Tedeschi, Kott Sivakumar, Peter Tribulski, Russell Hodey, David Gibbs, David Rowlands, Peter Davis, Dejan Stojkovic, Ken Kitamura, Ben Pullinger, Martin Sill, Craig Worth, John Fagan, Jeff Pruski, Tanya Filstein, Russell Frost, Charles Nikolas, Diptesh Patel, Oliver Clark (FICO), Michael Sawyer (FICO), Ian Brodie (FICO), and Russell Schreiber (FICO) as persons who may have knowledge regarding use of the Blaze Advisor software.

Further answering Interrogatory No. 2, pursuant to Fed. R. Civ. P. 33(d), Federal refers to emails sent and received, including corresponding documents, by such individuals regarding use of the Blaze Advisor software in the United Kingdom, Canada,

and Australia, and states that the burden of identifying the emails relating to the use of the software in the United Kingdom, Canada, and Australia is substantially the same for both parties.

**INTERROGATORY NO. 3**:   Identify every person, division, or entity, other than employees of the division Chubb & Son of which Federal is aware, that has used the FICO Blaze Advisor® software after June 30, 2006, and:

> a.    State the date of first use and, if applicable, the date of the last use for each person, division, or entity;

> b.    Identify all Persons known to you to have knowledge of each such use; and

> c.    Identify all documents relating to each such disclosure.

**SECOND SUPPLEMENTAL ANSWER**:

Federal objects to this Interrogatory as over broad and unduly burdensome to the extent that it seeks identification of all individuals who have used the software, rather than the entities or divisions that have used the software.  Federal further objects to this Interrogatory as overbroad and unduly burdensome because it is unlimited in time. Federal may appropriately limit its answer to available information after April 22, 2010, which is six years prior to the lawsuit being filed, but has not, at this time, withheld information based on this objection.  Federal also objects to the term "use" in this context as undefined and vague.

Subject to, and without waiving these objections, use of the Blaze Advisor software was made by at least the following:  (1) Chubb Insurance Company of Europe SE, (2) Chubb Insurance Company of Canada, including through its relationship with AppCentrica, and (3) Chubb Insurance Company of Australia Limited, including through

its relationship with the DWS Group.  Federal began using the Blaze Advisor software in its Chubb & Son division on or around June 30, 2006 and did so with FICO's knowledge and participation.  Information regarding the Blaze Advisor software and accessibility to it were provided on internal Chubb organization shared space.  Chubb Insurance Company of Canada has used Blaze Advisor software since at least 2011, and did so with FICO's knowledge and participation.  Chubb Insurance Company of Europe SE has used Blaze Advisor software since at least 2010, and did so with FICO's knowledge and participation.  Chubb Insurance Company of Australia Limited has used Blaze software since at least 2015.

Federal identifies Tamra Pawloski, Henry Mirolyuz, Ewen Setti, Hamish Tonkin, Alexander Pavlenko, Zorica Todorovic, Tony Zhang, Lei Lanz, Dalli Yang, Duff Sorli, Ramesh Pandey, Patrick Sullivan, Benku Thomas, John White, Miranda Chiang, Mark Ruscitto, Dan Tedeschi, Kott Sivakumar, Peter Tribulski, Russell Hodey, David Gibbs, David Rowlands, Peter Davis, Dejan Stojkovic, Ken Kitamura, Ben Pullinger, Martin Sill, Craig Worth, John Fagan, Jeff Pruski, Tanya Filstein, Russell Frost, Charles Nikolas, Diptesh Patel, Oliver Clark (FICO), Michael Sawyer (FICO), Ian Brodie (FICO), and Russell Schreiber (FICO) as persons who may have knowledge regarding use of the Blaze Advisor software.

Further answering Interrogatory No. 3, pursuant to Fed. R. Civ. P. 33(d), Federal refers to emails sent and received, including corresponding documents, by such individuals regarding use of the Blaze Advisor software in the United Kingdom, Canada, and Australia, and states that the burden of identifying the emails relating to the use of

5

the software in the United Kingdom, Canada, and Australia is substantially the same for both parties.

**INTERROGATORY NO. 4**: Identify every software application and/or system utilized by Chubb & Son, a division of Federal, or by any division or entity other than Chubb & Son, that utilizes in any way the Blaze Advisor® software, and:

a.   Identify all Persons known to you to have knowledge of each such software application and/or system; and

b.   Identify all documents relating to each such software application and/or system.

**SUPPLEMENTAL ANSWER**: Federal objects to this Interrogatory as unduly burdensome, over broad, and because it seeks information that is not relevant to any claim or defense in this action. To the extent this Interrogatory can be read to ask for identifying groups within or without the Chubb organization that have at any time used any applications, which at some time utilized in any way the Blaze Advisor software, Federal objects to the Interrogatory as vague and ambiguous and overly burdensome, in particular because it does not include any time limitation, as seeking information not relevant to the claims and defenses in this action, and as not proportional to the needs of the case. Federal will limit its answer to reasonably available information after April 22, 2010, which is six years prior to the lawsuit being filed and reflects the outermost limit of the statute of limitations. Subject to, and without waiving these objections, Federal identifies the below business units and software applications as having utilized Blaze Advisor software:

6

| SBU | Application |
|---|---|
| CSI | CSI Express, including CIS Claims |
| | Decision Point |
| | Automated Renewal Process |
| CCI | CUW |
| | IRMA (Individual Rate Modification Application) |
| | TAPS (Texas Accident Prevention System) |
| CBS (Corporate Business Systems) | Premium Booking |
| Surety | Cornerstone |
| CAH | Evolution |
| EUZ | Adapt-ABL |
| | EZER |

Further answering Interrogatory No. 4, Federal states that it does not track use of the above software applications by entity or division, but rather by business unit. The column on the left in the chart above identifies the business units that have used the software, including Chubb Specialty Insurance, Chubb Commercial Insurance, Chubb Business Systems, Claims, Surety, Canada Accident and Health, European Zone. Further answering Interrogatory No. 4, pursuant to Fed. R. Civ. P. 33(d), Federal refers to emails sent and received, along with corresponding documents, regarding use of these applications, including for example FED001501, FED004571, FED005531, FED006252, FED008482, FED009343, FED009344, FED009615, FED009617, FED009623,

7

FED009625, FED009648, FEDO09169, FED009913, FED010034, FED010686,

FED010821, FED010823, FEDO10968, FED010970, FED011702, FED012278,

FED012303, FED012308, FEDO12349, and states that the burden of further identifying

the emails and documents relating to the use of the applications is substantially the same

for both parties.


Dated:  June 21, 2018

s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

## VERIFICATION

Henry Mirolyuz states under oath that he is a Senior Systems Architect at Chubb Insurance; that he is authorized to respond to Fair Isaac Corporation's Interrogatories on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answers to interrogatories; and that the answers are true and correct to the best of his knowledge.

Subscribed and sworn to before me
this _30th_ day of _July_, 20_18_.

Notary Public

61909906

SHERRON ROWE-HOHN
Notary Public - State of New Jersey
My Commission Expires Sep 5, 2021