

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

May 3, 2019 <u>VIA ECF</u>

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:** ***Fair Isaac Corp. v. Federal Insurance Co. et al.,***
**No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

Fair Isaac Corporation ("FICO") writes in response to Federal Insurance Company and ACE American Insurance Company's (collectively "Federal") May 2, 2019 letter regarding the disclosure of FICO's Expert Report of Neil Zoltowski to Kevin Harkin. As explained in FICO's April 5 Motion to Strike (Dkt. No. 226), any testimony from Mr. Harkin should be precluded, whether offered on motion, hearing, or at trial. For the same reasons, it is improper to present any information from Mr. Harkin through Federal's experts. Hearsay is inadmissible; hearsay testimony cannot be introduced through the "back door" of expert testimony. Use of Mr. Harkin information in any way is improper.

As background, on the afternoon of the March 22, 2019 close of discovery, Federal served its Second Supplemental Rule 26(a)(1) Disclosures. Federal identified for the first time sixteen (16) persons who may be called as witnesses at trial. FICO moved

May 3, 2019
Page **2** of **3**

to exclude these witnesses based on Federal's untimely disclosure. (Dkt. 226.) Mr. Kevin Harkin was one of these late disclosed witnesses. (Dkt. 227-2 at 4.)

Federal says it needs FICO to de-designate its expert reports so that Mr. Harkin can read those reports. Federal says it will then have Mr. Harkin work with Federal's damages expert because Mr. Harkin has knowledge about Federal's "corporate structure and relationships between the various entities." This is the first time Federal disclosed Mr. Harkin for that subject matter. Federal's untimely Second Supplemental Rule 26(a)(1) Disclosures identified Mr. Harkin as having only "knowledge regarding the company's financial operations." (*Id.*)

Because Mr. Harkin was first disclosed as a witness who may testify at trial on the last day of discovery, FICO was denied a deposition to explore his knowledge, let alone discovery on the new subject matter of "knowledge regarding the corporate structure and relationships between the various entities." The prejudice to FICO is clear.

Federal represents that FICO's damages expert report raises for the first time "concepts and issues that were not directly raised during discovery, including a so-called single-economic-unit theory and pooling agreements." Not true. Pooling agreements were directly addressed in the first deposition of the case, the Rule 30(b)(6) testimony of Federal's designee John Taylor. The deposition was taken August 2, 2018. (*See, e.g.*, Taylor Tr. 100:12-19 ("Q. And then there is a statement on page 8 of a quote, Federal pool. Do you see that? A. Yes. Q. My question is simply what does that mean? The Federal pool is -- is an agreement between the companies that shares premiums and losses.").)

Mr. Taylor's deposition also explored Federal's corporate relationships, including the service agreements under which the lead company in a pooling arrangement provides services to the pool members. The discovery from Mr. Taylor resulted in the Second Amended Complaint. Issues that Federal now represents as "new" are alleged in the Second Amended Complaint. (Dkt. 132 ¶¶ 13, 37-41, 43). Federal generally denied these allegations. (Dkt. 137 ¶¶ ¶¶ 13, 37-41, 43).

As stated, any information from Mr. Harkin should not be used directly or indirectly through experts – even if these issues were "new." The fact these issues are not new underscores the unjustified nature of Mr. Harkin's late disclosure as a trial witness.

Federal's letter attempts to portray FICO as unreasonable and uncooperative in denying Federal's de-designation request because Federal previously agreed to a FICO de-designation request. The parties have *each* reciprocated such requests throughout this lawsuit. In March and April of 2018, FICO repeatedly requested permission to de-designate a chart produced by Federal from "Confidential – Attorneys' Eyes Only" to "Confidential" so FICO could review it with its Decision Management General Manager, Bill Waid. Federal had previously disclosed the same information to Mr. Waid in connection with settlement discussions. Mr. Waid had seen the information before. Federal's current request is much different in kind and scope.

The question is not one of "professional courtesy." The question is one of fairness to FICO, precluding any use of Mr. Harkin's information as evidence – including the indirect use through expert testimony. FICO does not consent to the disclosure of its damages report to Mr. Harkin for the reasons stated. Federal's request to compel disclosure in advance of the hearing and ruling on FICO's motion to strike is improper.

Respectfully,

*[signature]*

Heather J. Kliebenstein

cc:     All Counsel of Record