

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Heather Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

May 24, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
      **No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

At the May 8, 2019 Motion Hearing, the Court ordered FICO to produce "communications between FICO and licensors [*sic*] of Blaze Advisor software that reflect negotiations over the license fees." (Hearing Trans., p. 85.) FICO writes to the Court for guidance on the scope of the Court's order in view of the immense amount of documents that may include information responsive to the order.

FICO undertook the task of conducting searches to identify communications between FICO and its licensees regarding the identified subject matter. First, FICO identified all potentially responsive emails between FICO employees and third-party customers (Query 1). Second, FICO identified internal emails connected to external emails between FICO employees and third-party customers regarding the identified subject matter (Query 2). In performing measures of quality control on the searches, FICO sought to determine whether all external emails found in Query 2 were also included in external-only emails of Query 1. While the vast majority (75% or greater) of the external emails from Query 2 were present in Query 1, some external emails between FICO and its customers are only found in Query 2, below internal email strings.

Honorable David T. Schultz
May 24, 2019
Page **2** of **2**

      While both queries have the potential to cost FICO significant amounts of money to review and produce, the review and production of Query 2 will be significantly greater.  As it currently stands, Query 1 includes 4,319 emails (~1.08 GB). Query 2 includes 10,547 emails (~2.86 GB). Each of these queries is currently limited to emails.  When attachments are included, the number and size may double (or more).  Further, FICO will need to redact all internal-only email strings from the emails in Query 2 as internal communications are beyond the scope of the Court's order.  Query 2 also requires additional review for attorney-client privilege.

      Based on this data, we estimate it will cost FICO roughly $20,000 to upload, review and produce relevant, responsive and non-privileged documents from Query 1.  We estimate it will cost FICO in excess of $60,000 to upload, review and produce relevant, responsive and non-privileged documents from Query 2.  These numbers are based on estimates at this time, and represent the floor of expense and time.

      This great cost and expense does not correlate to any need or value.  During the May 8 hearing, Federal told the Court that while Federal had Blaze Advisor agreements with stated license fees, Federal did not currently have any way to determine how those license fees were ultimately determined. (Hearing Trans., p. 58.)  The Query 1 correspondence does not give less guidance than the Query 2 correspondence: Federal will be able to determine how FICO prices Blaze Advisor licenses based on the communications found in Query 1.  Literally "all" communications with potential customers are not necessary to gain further understanding about pricing methodology.  The added expense of reviewing and producing the documents from Query 2 (including redaction determinations) compared to the expense to review and produce Query 1 is not proportionate to Federal's needs.

      To this end, FICO seeks guidance from the Court to ensure that FICO complies with the Court's May 8, 2019 Order and that the burden and expense is commensurate with the need.  FICO seeks the Court's permission to only review and produce responsive, non-privileged documents located in response to the Query 1 search.

      Sincerely,

      Heather J. Kliebenstein

merchantgould.com