

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Allen Hinderaker
612.371.5292
ahinderaker@merchantgould.com

May 28, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

FICO appreciates the opportunity to comment on the importance of Federal producing documents responsive to RFP 90 in light of Federal's expert reports. RFP 90 states, "Specific to each application that uses or used Blaze Advisor® software, all documents relating to the business rules of each application." Business rules are logical statements (if/then) of what to do (what actions to take) in different distinct situations. Federal uses business rules to determine whether to quote a risk and at what price, for example. By using FICO's Blaze Advisor to automate Federal's decision-making, Federal is able to make faster, more precise, and more consistent decisions while reducing the complexity and cost of those decisions. This automation contributes to Federal selling more policies, capturing revenue, and increasing profits.

Since the beginning of this litigation, FICO has sought discovery on how Federal uses Blaze Advisor. This is important to FICO's proof of a nexus between Federal's revenues and Federal's infringing use of Blaze Advisor. Federal has repeatedly

Honorable David T. Schultz
May 28, 2019
Page **2** of **3**

obstructed FICO's efforts to understand the scope of Federal's usage of Blaze Advisor, forcing FICO to seek the Court's assistance in obtaining such discovery. (Dkt. 149 at 24-31; Dec. 17, 2018 Hearing Trans. 43:15-22; Dkt. 271.)

Federal contends that its production of FED017914 (a table identifying applications using Blaze Advisor with the purported application functions, number of rules, number of transactions, and other information) alleviates the need for Defendants to produce documents responsive to RFP 90. (Dkt. 278 at 2 (Prior version of table produced as FED017912 and filed with the Court as 278-1 at 1)). Nothing could be further from the truth. The table produced as FED017914 is a litigation-derived document. Aspects of the table contradict other Federal documents. While informative, the completeness and accuracy of FED017914 will be a matter for cross-examination. Federal's documents responsive to RFP 90 provide unsullied, objective evidence as to Federal's use of Blaze Advisor.

Federal withholds its business rules responsive to RFP 90 while at the same time challenging any nexus between Federal's revenues and Federal's use of Blaze Advisor. This is improper. Federal wants to have it both ways. Documents responsive to RFP 90 will show the integration of Federal's business rules into Blaze Advisor and the resultant automated decision making that contributes to Federal revenue.

Federal's experts, especially William S. McCarter, attempt to negate any contribution to revenue by Blaze Advisor because (he contends) Federal, not FICO, wrote the business rules. For example, Mr. McCarter states:

> 21. Federal generates revenue and profits using its core competencies – not Blaze Advisor software, or any other software technology. Federal provides all the insurance expertise and makes all business decisions that are required to generate gross written premium revenue and profits. Additionally, Federal takes all the financial risk related to the insurance policies including future loss obligations.
> * * * *
> 23. . . . [I]t was Federal, not FICO or its products, that was responsible for the quality of the business rules that led to the business decisions that produce revenue. . . .

Federal has made its position clear. Federal attributes all of its revenue (and therefore profits) to the development and usage of its business rules, sans use of Blaze Advisor.

FICO first requested Federal's business rules on December 28, 2018. Federal responded on January 28, 2019, stating it would "produce non-privileged, responsive documents that are kept in the ordinary course of business." It never has. In its May 23, 2019 letter, Federal asserts it will take several weeks to several years for it to produce the business rules. (Dkt. 299.) FICO requested these documents five months ago. Now, as FICO is responding to Federal's expert reports touting the significance of Federal's business rules, FICO is left waiting and wanting the business rules. Federal should not be permitted to tout the value of its business rules while at the same time withholding them from production.

Federal overstates the complexity and burden of producing its business rules. Blaze Advisor allows for extraction of the business rules in multiple easy and efficient ways. Federal can produce the repository files (.xml) and business object model files (JAR (JAVA Archive) files)). FICO's counsel can then access these files on a local machine running Blaze Advisor at counsel's office. *This is FICO's preferred method of receipt.* As an alternative, Federal can also produce rules reports from the Blaze Advisor IDE (integrated development environment). Each of these options takes minutes per application to extract and will provide FICO with information responsive to RFP 90. The burden and cost to Federal is minimal. FICO is able to provide step-by-step instructions to do so.

Federal's May 23, 2018 letter attempts to convince the Court that production of its business rules would be cost prohibitive and overly burdensome. In reality, much simpler, cost effective means exist to produce Federal's business rules. When balancing the burden and cost of production against FICO's need, Federal must be compelled to produce the business rules. Federal cannot rely on the business rules in defense and refuse to produce the rules. Thank you for your consideration of this request.

Respectfully,

Allen Hinderaker

cc:   All Counsel of Record (via ECF)