

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Heather Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

May 30, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.,*
       **No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

We write in response to Defendants' request for an expedited phone conference to discuss Defendants' request to distribute FICO's damages expert report internally (Zoltowski Report). FICO already offered Federal a complete compromise: the parties will each allow up to five (5) individuals in senior management, in addition to those lawyers already authorized to see AEO information, to view the entirety of all expert reports, with no redactions. Federal declined this compromise, and instead wants unilateral access to FICO's AEO information.

A short history on the issue at hand is outlined below:

- May 16: Federal's counsel requests a blanket "permission to share FICO's expert reports with Chubb's in-house legal department."
- May 17: FICO responds by requesting the list of individuals that would receive the expert reports.

- May 20: Federal abandons its May 16 request, and instead seeks FICO's permission to add David Subramanian, Senior Managing Counsel of Global Litigation to the list of individuals who could see AEO information.
- May 21: FICO grants Federal's request.
- May 21: Federal seeks another meet and confer regarding designations of the expert reports.
- May 22: the parties meet and confer and discuss mutual permissions to view each parties' AEO information.
- May 23: the parties agree to mutually redact their AEO information in each expert report, and exchange redactions on May 24.
- May 24: FICO provides Federal with redactions of all five (5) expert reports by early afternoon.  Federal provides FICO with redactions for only three (3) expert reports, failing to uphold its end of the bargain.
- May 28: Federal requests "de-designation" of the schedules in FICO's damages report to "confidential"; these schedules reveal FICO's confidential pricing strategy and figures.

Today, May 29, FICO declined this request, given these schedules reveal FICO's highly proprietary confidential pricing information.  However, as a compromise, FICO offered to allow a select number of individuals to view the information.  Federal responded by requesting permission to show the Zoltowski report to fourteen (14) people: four (4) individuals in Senior Corporate Management, five (5) individuals in Senior IT Management, two (2) individuals in Senior Procurement Management and three (3) individuals in Senior Legal (in addition to the 4 lawyers already authorized to view AEO information).  FICO declined this request as it was unclear why fourteen (14) people needed to see FICO's highly sensitive pricing information to help prepare for the upcoming settlement conference.  Instead, FICO offered to allow five (5) individuals in management for each party review the entirety of all expert reports.  Federal declined this offer.

FICO is willing to allow access to the Zoltowski report (and all other reports) on a limited basis—up to five (5) individuals in senior management, in addition to those lawyers already authorized to see AEO information.  The sharing of information, however, must be mutual.  Just as Federal has a need to show its business people FICO's damages analyses, FICO has a need to show its business people the extent of Federal's use of Blaze Advisor, the potential damages exposure, and Federal's expert reports

rebutting FICO's damages theories.  Mutual exchange to prepare for the upcoming settlement conference is fair to allow each party to fully prepare to engage in settlement discussions.  Unilateral access to the expert reports is unfair and unjustified.

        Sincerely,

        Heather J. Kliebenstein