## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No.  16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY** |
| Defendants. | |

---

## INTRODUCTION

Plaintiff Fair Isaac Corporation ("FICO") refuses to produce documents relevant to the credibility and qualifications of its expert witness, Brooks Hilliard.  Defendants Federal Insurance Company and ACE American Insurance Company (collectively, "Federal") thus move the Court for the following relief:

- An Order requiring FICO to respond fully to Defendants' Fifth Set of Requests for Production of Documents to Fair Isaac Corporation, which Federal served on FICO on June 28, 2019.  These Document Requests seek information that is highly relevant to the qualifications of FICO's expert, Brooks Hilliard, to provide opinions in this case.

- An Order requiring FICO to produce Brooks Hilliard for another deposition at FICO's expense, to respond fully to the questions he previously refused to answer during his first deposition.

1

# BACKGROUND

**A.    FICO Refused to Produce Key Information Regarding its Expert Witness, Brooks Hilliard.**

FICO retained Brooks Hilliard as a testifying expert in this case to "review and respond to the reports prepared by Federal/ACE American's experts, Dr. Steven Kursh and Mr. William McCarter."  (Declaration of Terrence J. Fleming dated July 12, 2019 ("Fleming Decl."), Ex. 1, Excerpts from the Expert Report of Brooks Hilliard ("Hilliard Rep.") at 2.)  Hilliard relies on his experience in the "commercial software industry" as the basis for his opinions.  (*See, e.g.*, *id.*, Hilliard Rep. at 5, 7, 20, 23.)  Of particular relevance to this Motion, Hilliard provides technical opinions including that "FICO's Blaze Advisor provided critical capability, contributing to Federal's revenue."  (*Id.*, Hilliard Rep. at 30-31.)

When Federal's counsel asked Hilliard at his deposition to identify his experience with "licenses involv[ing] rules management software" like the Blaze Advisor software ("Blaze") at issue in this case, Hilliard identified a recent case venued in Detroit in which he had served as an expert (the "Michigan proceeding").  (Fleming Decl., Ex. 2, Excerpts from the Deposition of Brooks Hilliard, at Tr. 34:7–36:24.)  Hilliard then testified that the case was "covered by a protective order that I can't talk about," but he identified his client as "[a] company called Versata."  (*Id.*, Hilliard Tr. at Tr. 36:11-12.)

Versata is also the name of the defendant in a state court action that Hilliard's consulting firm recently filed in Texas (the "Texas proceeding").  (Fleming Decl., Ex. 3, Petition from *Business Automation Assocs., Inc. v. Versata Software, Inc.*, No. D-1-GN-

17-006229, 200th Judicial Dist., Travis Cty., TX.)   When counsel asked Hilliard to describe the details of the Texas proceeding given its relevance, however, Hilliard refused to answer 16 times.  (Fleming Decl., Ex. 2, Hilliard Tr. at 56:13, 56:23-25, 57:5-8, 57:11-12, 57:17-18, 58:2-4, 58:9-12, 58:22-23, 59:5, 61:2-3, 62:6-11, 63:6-8, 63:21-22, 65:7-8, 65:11-12, 65:18-21.)   Hilliard did acknowledge, however, that Versata, the company he and his firm are currently suing in the Texas proceeding, is the same company that he had referenced earlier as informing his expertise with rules management software.  (*Id.*, Hilliard Tr. at 61:7-11.)   Ultimately, Hilliard testified that he was only "willing to answer whatever the Court requires me to answer."  (*Id.*, Hilliard Tr. at 57:5-6.)   FICO's counsel objected to the questions solely on the basis of relevancy and did not assert any privilege or instruct the witness not to answer.  (*Id.*, Hilliard Tr. at 56:19-22.)

Subsequent to the deposition, Federal's counsel was able to obtain some of the documents filed publicly in the Texas proceeding via courier.   These public documents show that the Texas proceeding is directly relevant to Hilliard's qualifications to render expert opinions in this case under Federal Rule of Evidence 702.   Fed. R. Evid. 702 (expert testimony is only admissible where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact").   The public documents show that Hilliard's firm initiated the Texas proceeding by alleging that Versata had wrongfully withheld payment of Hilliard's fees in the Michigan proceeding.  (*Id.*, Ex. 3 at ¶ 9.)   In response to the petition, Versata joined Hilliard individually as a third-party defendant and filed counterclaims of its own against both him and his consulting firm.  (*Id.*, Ex. 4,

Versata's Amended Answer and Counterclaims from *Business Automation Assocs., Inc. v. Versata Software, Inc.*, No. D-1-GN-17-006229, 200th Judicial Dist., Travis Cty., TX.)

The allegations that Versata made in its counterclaims make it clear that any documents filed in the Texas proceeding and any communications between Hilliard and Versata from the Michigan proceeding are highly relevant to his qualifications to serve as an expert in this lawsuit.  (*See id.* at ¶¶ 7-17.)  Versata alleged, among other things, that it had terminated Hilliard's engagement because he had misrepresented his knowledge and abilities about rules management software.  (*Id.*; *see also* Ex. 5, Affidavit of Paul A. Navratil, PH.D. on behalf of Plaintiff Versata Software, Inc., at ¶¶ 7-8.)  In particular, Versata alleged that "whatever computer expertise Mr. Hilliard has does not stretch to modern, or even not-so-modern computer systems" and that "after Defendant engaged Plaintiff, Mr. Hilliard confessed he had no understanding of cloud computing or how it was used."  (*Id.*, Ex. 4, ¶ 11.)  Versata also alleged that when Hilliard submitted his analyses in the Michigan proceeding, he "simply rephrased analyses previously performed by Versata consultants and code reviewers, providing little, if any, original analysis despite having claimed to have spent nearly 350 hours on the litigation matter." (*Id.*, Ex. 4, at ¶ 15).  Versata claimed that it was "left with no option but to terminate Mr. Hilliard and seek expert analysis elsewhere." (*Id.*, Ex. 4, at ¶ 16).

These allegations show that the entire record from the Texas proceeding as well as Hilliard's communications with counsel in the Michigan proceeding are highly relevant to his qualifications to serve as an expert in this dispute.  For example, in his report in this case, Hilliard attempts to support FICO's claim for disgorging Federal's profits by

4

opining that "Blaze Advisor provided critical capability" to Federal.  (*Id.*, Ex. 1, Hilliard Rep. at 31.)  However, the allegations that Versata made in the Texas proceeding suggest that Hilliard has little experience with rules management software, a fact which may have led Versata to terminate his expert consulting engagement.  Without a detailed understanding of how rules management software works, it is hard to comprehend how Hilliard could provide an opinion like the one quoted above, which goes to one of the most consequential issues in this case.

Thus, Federal sought to obtain the full record from the Texas proceeding as well as Hilliard's communications from his original engagement with Versata in the Michigan proceeding.  Counsel for the parties met and conferred on June 28, 2019, but FICO refused to produce any documents relevant to Hilliard's involvement in either the Texas or Michigan proceedings.  Federal also served Document Requests and filed a letter with this Court the same day.  (*Id.*, Ex. 6, Defendants' Fifth Set of Requests for Production; Dkt. No. 322.)

## ARGUMENT

I.   **FICO Must Produce Documents Related to Hilliard's Involvement in the Texas and Michigan Proceedings.**

A.   **The documents are relevant and discoverable.**

Under Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The Rules specifically contemplate the relevancy of an expert's prior testimony and require that a testifying

expert's report contain information about "the witness's qualifications."  Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v).  The mandatory expert disclosure rules also do not limit the scope of allowable discovery in any way.  In fact, the Advisory Committee Notes to Rule 26 explicitly state that parties may utilize "traditional discovery methods to obtain further information" on any topic that is the subject of mandatory disclosure, and provides as an example "asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B)."  Advisory Comm. Notes for 1993 Amendments to Fed. R. Civ. P. 26(a).

The documents from the Texas and Michigan proceedings are relevant and discoverable under the Rules for two main reasons.  First, they go to Hilliard's qualifications to serve as an expert witness in this case.  Hilliard himself identified the Michigan proceeding as being relevant to the experience that forms the basis for his opinions in this case.  (Fleming Decl., Ex. 2, Hilliard Tr. at 34:14-36:12.)  Based on Versata's allegations from the Texas proceeding, it appears the documents will show that Hilliard does not have an "understanding of" the software at issue in this case.  (Fleming Decl., Ex. 4, ¶ 11.)  Second, the portions of these documents that allege Hilliard copied analyses done by Versata consultants go to Hilliard's credibility as a witness more generally.  *Chambers v. Nationwide Mut. Ins. Co.*, No. CIV.A.5:00CV204, 2002 WL 34364960, at *1 (N.D. W. Va. Mar. 14, 2002) ("[d]iscovery from experts is liberal and includes impeachment materials").  In this case, Hilliard provides opinions about the technical capabilities of Blaze without citing any sources other than his experience –

begging the question of whether he copied these opinions from the FICO employees he met with. (*Id.*, Ex. 1, Hilliard Rep. at 31-32.)

*U.S. Surgical Corp. v. Orris, Inc.* is instructive here. 983 F. Supp. 963, 969 (D. Kan. 1997). In *Orris*, the plaintiff retained a nurse as an expert on the sterilization of medical instruments based on "her many years of experience in the operating room." *Id.* At the expert's deposition, however, she refused "to answer certain deposition questions because the answers contained confidential information." *Id.* The district court upheld the magistrate's decision to compel the expert to answer these questions:

> By relying on her consulting experience as the basis for her expertise, plaintiff . . . bring[s] her consulting experience into issue and [plaintiff] cannot now be heard to object to discovery of such experience on the basis of confidentiality.

*Id.* The reasoning applies with equal force to the documents at issue here.

Other courts have come to similar conclusions in holding that parties may inquire into experts' involvement in other lawsuits where it is relevant to the expert's opinions in the current proceeding. *See Western Res., Inc. v. Union Pac. R.R. Co.,* No. 00-2043-CM, 2002 WL 1822428, at *3-4 (D. Kan. July 23, 2002); *Ladd Furniture, Inc. v. Ernst & Young,* No. 2:95CV00403, 1998 WL 1093901, at *10-11 (M.D.N.C. Aug.27, 1998).

**B.     FICO is not justified in refusing to respond to these discovery requests.**

"The party opposing discovery of relevant, non-privileged information has 'the burden of establishing some good cause or sound reason for blocking disclosure.'" *Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*, No. 16-CV-2401 (SRN/HB), 2019 WL 2241862, at *2 (D. Minn. May 24, 2019). As described

above, Federal's most recent Document Requests seek relevant documents.  Relevancy is the only basis on which FICO has objected to these Document Requests.  (Fleming Decl., Ex. 2, Hilliard Tr. at 56:19-22.)  Because FICO has not provided any other basis for refusing to respond to these Document Requests, it has not satisfied its burden under the Rules.

Additionally, Hilliard has not provided an adequate basis for refusing to produce these documents.  At his deposition, Hilliard only claimed that he could not answer questions about the Michigan proceeding because of a protective order in that case and that he could not answer questions about the Texas proceeding because he has "an agreement with [Versata]."  (*Id.* Hilliard Tr. at 34:14-20; 56:16-17.)  As a general rule, however, a protective order in another case cannot be used to withhold relevant discovery unless the party withholding discovery makes a specific showing justifying its refusal to produce the requested information.  *See, e.g.*, *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858-59 (7th Cir.1994); *Western Res., Inc.*, 2002 WL 1822428, at *5-6 (D. Kan. July 23, 2002) (rejecting expert's refusal to answer based on a protective order and ordering expert to produce prior testimony).  Accordingly, both Hilliard and FICO have yet to provide an adequate basis for their refusal to produce these documents and it is their burden to do so.

### C.    FICO must produce these documents on behalf of Hilliard.

Parties must produce documents under their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *Murphy by Murphy v. Piper*, No. CV 16-2623 (DWF/BRT), 2018 WL 2538281, at *2 (D. Minn. June 4, 2018) (citing 8B Charles A. Wright et al.,

*Federal Practice and Procedure* § 2210 (3d ed. 2010) ("The concept of 'control' ... is often highly fact-specific."). The phrase "possession, custody or control" is "in the disjunctive, therefore, only one of the numerated requirements need be met." *Cumis Ins. Society, Inc. v. South–Coast Bank*, 610 F.Supp. 193, 196 (N.D. Ind. 1985). Since FICO chose to retain Hilliard as an expert in this proceeding, it is responsible for producing all documents that are relevant to his testimony, unless it can demonstrate that these documents are beyond its "control." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 681 (D. Kan. 1995) ("The selection and retention of an expert witness is within the control of the party employing the expert. To the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness."). FICO has not made any showing that it is unable to obtain these documents from its expert. It would be inequitable for the Court to allow FICO to continue using an expert witness to advance claims against Federal while allowing FICO to avoid discovery into that expert's qualifications by claiming that he is simply beyond its control.

## II.     Hilliard's Deposition Should be Reopened.

Hilliard's deposition should be reopened. Hilliard inexcusably refused to answer questions regarding the Michigan and Texas proceedings, stating 16 times that he would not answer unless "ordered by the Court." (Fleming Decl., Ex. 2, Hilliard Tr. at 56:13, 56:23-25, 57:5-8, 57:11-12, 57:17-18, 58:2-4, 58:9-12, 58:22-23, 59:5, 61:2-3, 62:6-11, 63:6-8, 63:21-22, 65:7-8, 65:11-12, 65:18-21.) Rule 30(c)(2), only allows a deponent to refuse to answer a question when he invokes a recognized privilege; it does not allow a deponent to refuse to answer merely because a topic is confidential. Fed. R. Civ. P.

30(c)(2).   Based on Hilliard's unjustified refusal to answer relevant questions, his deposition should be reopened.

Hilliard refused to answer on the basis that (1) the information is not relevant and (2) he has an "agreement" with the opposing party in the Texas proceeding.  (Fleming Decl., Ex. 2, Hilliard Tr. at 56:16-17.)  Hilliard has no right to refuse to answer relevant questions regarding his qualifications and experience without asserting a cognizable privilege.  *U.S. Surgical Corp.*, 983 F. Supp. at 969.  When expert deponents refuse to answer relevant questions, courts order their depositions be reopened. *See Johnson v. Breg, Inc.*, 2011 WL 13143351, at *1 (E.D.N.C. Dec. 13, 2011) (ordering an expert's deposition reopened and compelling the expert to answer questions she erroneously asserted were privileged).  Since Hilliard and FICO have failed to show that a protective order or other similar agreement exists or that such an agreement entitles them to protection, Hilliard had no right to refuse to answer questions regarding the Texas or Michigan proceedings. *Id.*

Because Hilliard had no right to refuse to answer the questions, the Court should reopen his deposition and compel him to answer questions regarding the Texas and Michigan proceedings.

## <u>CONCLUSION</u>

Based on the foregoing, Federal respectfully requests the Court grant its Motion to Compel and order the following relief:

- Order FICO to respond fully to Defendants' Fifth Set of Requests for Production of Documents, which Federal served on June 28, 2019.

- Order FICO to produce Brooks Hilliard for another deposition at FICO's expense, and order Hilliard to respond fully to the questions he previously refused to answer during his first deposition.

Dated:  July 12, 2019

*/s Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

67247164.5

11