# EXHIBIT 3

11/14/2017 9:29 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-006229
Ruben Tamez

D-1-GN-17-006229

NO. _____

| | |
|---|---|
| Business Automation Associates, Inc., } | IN THE DISTRICT COURT |
| } | |
| Plaintiff, } | |
| } | 200TH |
| v. } | \_\_\_ JUDICIAL DISTRICT |
| } | |
| Versata Software, Inc. } | |
| } | |
| Defendants. } | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR ADMISSION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Business Automation Associates, Inc., Plaintiff, complains of Versata Software, Inc., ("Defendant Versata"), Defendant, and for cause of action would respectfully show the Court as follows:

1. Discovery is intended to be conducted under Level 2 of Rule 190.3.

2. Defendant Versata is a foreign corporation doing business in Texas and may be served with process by serving its registered agent Andrew Price at 401 Congress Avenue, Suite 2650, Austin, TX 78701. Venue is proper in this Court because Defendant Versata's principal office in Texas at the time the cause of action accrued was located in this county, or all or a substantial part of the events or omissions giving rise to the claim occurred in this county.

3. On or about March 9, 2017, Defendant Versata entered into an engagement and retainer agreement with Plaintiff, a true and correct copy of which is attached as Exhibit A. Defendant Versata retained Plaintiff to provide expert witness services pursuant to the engagement and retainer agreement.

EXHIBIT
3

4.      In reliance upon the engagement and retainer agreement, Plaintiff provided expert witness services to Defendant Versata.   Plaintiff submitted monthly statements to Plaintiff, true and correct copies of which are attached as Exhibit B.

5.      Defendant Versata breached the engagement and retainer agreement by failing to timely pay the invoices submitted by Plaintiff.   Based upon Defendant Versata's breach of the engagement and retainer agreement, Plaintiff ceased performing services as permitted by such agreement.

6.      On or about July 24, 2017, Plaintiff made demand in writing for payment of its invoices in the sum of $169,999.63 as shown by the attached Exhibit C.

7.      Plaintiff's claim is a suit on account pursuant to Rule 185, Tex.R.Civ.P., and is a liquidated money demand based upon the written contracts attached and incorporated herein.   Plaintiff's claim is supported by the Affidavit of Plaintiff's authorized representative attached hereto and incorporated herein.

8.      In the usual course of business and at the request of Defendant, Plaintiff provided services to Defendant Versata as shown on the statement of account, a true copy of which is attached hereto and incorporated herein. Defendant Versata accepted such services and became bound to pay Plaintiff its designated price, which is a reasonable, usual, and customary price for such services.   This account represents a transaction or series of transactions of which a systematic record has been kept.

---

9.     Defendant Versata promised to pay Plaintiff for the services provided but, although often requested to do so, failed and refused, and still fails and refuses to pay the account, to Plaintiff's damage in the sum of $169,999.73, interest and attorney's fees as hereinafter alleged.

10.     Plaintiff is holding a $10,000 retainer amount paid by Defendant in March 2017, which would be offset against the total amount owed.

11.     Plaintiff is in possession of confidential documents, including documents produced by both Defendant and Ford Motor Company.   The engagement agreement calls for Defendant to pay Plaintiff for two hours of work ($980) to destroy or return these documents at the termination of the agreement.   This amount should be added to the total amount owed if Defendant requires Plaintiff to destroy or return the documents.

12.     After allowing all just and lawful offsets, payments and credits, there is a balance due from Defendant to Plaintiff in the sum of $160,979.63, which amount became due and payable on or before May 15, 2017.

**NOTICE TO DEFENDANT**

13.     **PURSUANT TO TEX. R. EVID. 902, PLAINTIFF IS FILING THE RECORDS ATTACHED TO THIS PETITION AND THE ATTACHED AFFIDAVIT OF PLAINTIFF'S AUTHORIZED REPRESENTATIVE WITH THE PAPERS OF THIS CAUSE, WHICH SHALL BE OFFERED AS EVIDENCE AT THE TRIAL OF THIS CAUSE.   SUCH RECORDS WILL BE MADE AVAILABLE TO DEFENDANT OR HIS COUNSEL FOR INSPECTION AND COPYING AT THE OFFICES OF THE ATTORNEYS FOR PLAINTIFF.**

14.   Defendant received the benefit of the services provided by Plaintiff, thereby becoming bound and obligated to pay the reasonable price for them.

15.   Defendant Versata never notified Plaintiff of any disputes with regard to the services provided at the time such services were being provided.

16.   Plaintiff has employed the undersigned attorneys to pursue collection of this claim, and is entitled to recover, in addition to the amount of the claim, a reasonable attorney's fee, which Plaintiff alleges to be not less than $10,000.00.

17.   Plaintiff is a corporation without a Social Security Number or driver's license number.

18.   All conditions precedent to Plaintiff's right to bring suit on its claims and to recover all relief sought herein have been performed or have occurred.

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein and that, upon final hearing hereof, Plaintiff have judgment against Defendant Versata for the following:

1.   The sum of $160,979.63 as the balance due on the account;

2.   Pre-judgment interest on the balance at the rate of 6% per annum, which is the legal rate in accordance with TEX. FINANCE CODE § 302.002, from May 15, 2017 to the date of judgment, as provided by law;

3.   Reasonable attorney's fees in an amount not less than $10,000.00;

4.   All costs of this proceeding;

5.   Post-judgment interest on said sums as provided by law; and

6.     Such other and further relief to which Plaintiff may show itself justly entitled.

## PLAINTIFF'S FIRST REQUESTS TO DEFENDANTS FOR ADMISSION

To:   Defendant Versata

This Request is made pursuant to TEX. R. CIV. P. 198.  You are requested to admit the truth of each Request for Admission (RFA) set forth below.  Please serve on the undersigned a written response to the following Requests for Admission.  You are instructed that:

1.     TEX. R. CIV. P. 198.2(a) requires you to serve your response on the undersigned in writing, within thirty (30) days after service of this request, except that your response time is fifty (50) days if this request is served before the due date for any Answer you may file in this lawsuit.

2.     TEX. R. CIV. P. 198.2(b) requires your response to specifically admit or deny the matters set out below, or to explain in detail the reasons why you cannot admit or deny them.  TEX. R. CIV. P. 198.2(b) further provides that:  1) your response must fairly meet the substance of the request; 2) you may qualify an answer, or deny a request in part, only when good faith requires; 3) lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information known or easily obtainable is insufficient to enable you to admit or deny; and 4) an assertion that the request presents an issue for trial is not a proper response.

3.     Under TEX. R. CIV. P. 198.2(c), each of the matters is admitted unless you serve a timely response as required.  Your signed, written response, in compliance with Rule 198 is due within thirty (30) days after service of this request, except that your response time is fifty (50) days if this request is served before the due date for any Answer you may file in this lawsuit.

4.     TEX. R. CIV. P. 193.1 requires that:  1) your response must be complete, based on all information reasonably available to you or your attorney at the time the response is made; and 2) your responses must be preceded by the requests to which they apply.

5.     TEX. R. CIV. P. 193.5 requires you to amend or supplement your response to any written discovery, if you learn that your response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct.

6.     Defendant Versata is referred to herein as Defendant Versata.

7.  "Possession, custody, or control" as used in these requests has the meaning set out in TEX. R. CIV. P. 192.7(b).

## FACTS TO BE ADMITTED OR DENIED:

1.  Defendant Versata has previously received originals or copies of each invoice and statement of account attached hereto.

2.  Each of the documents attached hereto is a genuine original document or a true copy thereof.

3.  Plaintiff provided to Defendant Versata the services described in the attached invoices and statement of account or covered by the charges in the attached statement of account.

4.  Defendant Versata received the services described in the attached invoices and statement of account or covered by the charges in the attached statement of account.

5.  Defendant Versata agreed to pay the prices charged for the items shown in the attached invoices and statement of account or covered by the charges in the attached statement of account.

6.  The amounts charged for the services provided as shown in the attached invoices and statement of account or covered by the charges in the attached statement of account were the usual prices for such items.

7.  The amounts charged for the services as shown in the attached invoices and statement of account or covered by the charges in the attached statement of account were the customary prices for such items.

8.  The amounts charged for the services as shown in the attached invoices and statement of account or covered by the charges in the attached statement of account were reasonable prices.

9.  The computations by which the principal balance claimed by Plaintiff was computed are accurate.

10. The amount for which Plaintiff is suing in this lawsuit is due from Defendant Versata to Plaintiff.

11. The amount for which Plaintiff is suing in this lawsuit became due and owing on or before May 15, 2017.

12. Each item sold or furnished to Defendant Versata by Plaintiff, as shown in the attached invoices and statement of account or covered by the

charges in the attached statement of account, conformed to any representations made.

13. Defendant Versata never notified Plaintiff of any disputes with regard to the services provided at the time such services were being provided.

14. Plaintiff made written demand upon Defendant Versata for payment of the claim for which Plaintiff is suing more than thirty (30) days prior to the date Defendant Versata 's responses to these requests are due.

15. Except as may be shown in Plaintiff's Original Petition or the attached invoices and statement of account, Defendant is not entitled to any credits against the balance owing to Plaintiff.

16. Except as may be shown in Plaintiff's Original Petition or the attached invoices and statement of account, Defendant is not entitled to any offsets against the balance owing to Plaintiff.

17. Except as may be shown in Plaintiff's Original Petition or the attached invoices and statement of account, Defendant is not entitled to any deductions against the balance owing to Plaintiff other than those itemized above.

18. There are no facts upon which Defendant Versata relies as a basis for any defense in this action.

19. Defendant Versata does not have possession, custody, or control of any documents of any sort intended to be offered as evidence of or a basis for any defense in this lawsuit.

20. Interest is accruing and has accrued on the balance Plaintiff claims in this lawsuit in the amounts established by applicable law.

21. Plaintiff has employed the undersigned attorney to sue for the balance of the debt Plaintiff claims in this lawsuit.

22. The usual and customary attorney's fee for the services of Plaintiff's attorney through entry of judgment in the trial court in this county would be not less than $10,000.

23. Every statement or allegation contained in Plaintiff's Original Petition is true and correct.

## PLAINTIFF'S REQUEST TO DEFENDANTS FOR DISCLOSURE

To:    Defendant Versata

This Request is made pursuant to TEX. R. CIV. P. 194.  You are requested to disclose the information or material described in Rule 194.2, TEX. R. CIV. P. You are instructed that:

1.  As required by TEX. R. CIV. P. 194.3, please serve on the undersigned a written response to this Request for Disclosure.  Rule 194.3(a) requires you to respond, in writing, within thirty (30) days after service of this request, except that your response time is fifty (50) days if this request is served before the due date for any Answer you may file in this lawsuit.

2.  Copies of responsive documents should be produced with your response. TEX. R. CIV. P. 194.4.

3.  No objection or assertion of work product privilege is permitted to this request.  TEX. R. CIV. P. 194.5.

4.  TEX. R. CIV. P. 193.5 requires you to amend or supplement your response to any written discovery, if you learn that your response was incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct.

5.  TEX. R. CIV. P. 193.1 requires that:  1) your response must be complete, based on all information reasonably available to you or your attorney at the time the response is made; and 2) your responses must be preceded by the requests to which they apply.

Respectfully Submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway, Suite 400
Austin, Texas 78731
Tel (512) 649-3243
Fax (512) 476-9253
ssather@bn-lawyers.com

By:

**Stephen W. Sather**
State Bar # 17657520

EXHIBIT A



March 6, 2017

Mr. Andrew Price
Versata Software, Inc.
401 Congress Avenue, Suite 2650
Austin, Texas 78701

Mr. Steven Mitby
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C.
1221 McKinney St
Houston, Texas  77010

RE: Ford v. Versata

Dear Mr. Price,

This letter will serve as an engagement and retainer agreement.  In order to begin work on this matter and prior to your entry or use of my name as an expert, I will need you to send me a signed copy of this agreement letter and a non-refundable retainer in the amount of $10,000.

The terms and conditions of this expert witness/consulting assignment are: (1) Your representative firm, Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing, P.C. ("AZA"), is engaging my firm's services, and all work will be performed at AZA's request and under AZA's direction.  (2)  Versata Software, Inc. will be liable for all payments.  (3) All preparation, research, consulting and travel time by Brooks Hilliard will be billed and payable at a rate of $490 per hour, plus out-of-pocket expenses.  (4) If outside technicians are used for any technical investigation or review, they will work under my direction pursuant to your requests and the billing rate for their services (which will be billed through Business Automation) will be disclosed for your approval prior to their beginning work.  (5) At the end of the case, a flat fee of two hours shall be paid for destroying or returning (at client's option) confidential materials obtained in this case.  (6) Billing will be done at the beginning of each month for the work done during the prior month and payment is due net 45 days after billing.  (7)  In the event that the billing for the time expended during any month is expected to exceed the retainer balance less any unpaid balance from the prior month's billings, Business Automation may bill before the end of that month and Versata must deliver payment within five business days or Business Automation may temporarily suspend work until payment is received, without regard to thestatus of the services or any related proceedings.  (8) All bills must be paid prior to testimony ofany kind or the delivery of a written report and I reserve the right to stop all work if any bill goes unpaid for 60 days, without regard to the status of the services or any related proceedings.  Fees for deposition testimony, if the responsibility of the opposing party, must be paid in advance.  (9)

**Business Automation Associates, Inc.**
11811 North Tatum Boulevard; Suite 3031-113; Phoenix, Arizona  85028-1632
Office: (602) 264-9263    On the web: http://www.ComputerExpertWitness.com    FAX: (602) 532-7244

letter to S. Mitby, dated 3/6/2017, page 2

These terms and conditions, and the rates for Brooks Hilliard's services, will remain unchanged for the duration of this matter. Rates for associates, if any, will normally remain unchanged as well, but may be revised after six months with 60 days written notice. (10) At the completion of the assignment, Business Automation will apply the retainer to the final invoice and refund the balance to Versata. However, if the total billings for the engagement are less than $10,000, only the excess funds received (i.e., any payments beyond the initial $10,000) will be refunded. (11) Nothing in this engagement agreement should be taken to infer that I have any predisposition regarding this matter, nor that I am committing to reach an opinion favorable to your client. No opinion can or will be reached until the requisite investigation is completed. (12) All Business Automation personnel understand that they are subject to and will abide by any reasonable confidentiality restrictions and protective orders. In addition, we always treat as confidential any documents or information made available to us.

If you would like to go ahead on this basis, please sign a copy of this letter and return it to me with the retainer to begin. I appreciate your time and look forward to working with you on this matter.



**CMC**
Certified
Computing Professional

Brooks Hilliard is one of fewer that 15 consultants in the world to have achieved both the Certified Management Consultant (CMC) and Certified Computing Professional (CCP) designations, the only internationally recognized certifications in each field.

To achieve this distinction, Mr. Hilliard has undergone peer reviews, client audits, competency tests and oral interviews; he has complied with continuing education requirements and has pledged to uphold the Codes of Ethics for both organizations.

Sincerely,

Brooks L. Hilliard  CMC CCP
President
Business Automation Associates, Inc.

Confirmed and accepted:

FOR THE FIRM:

Andrew S Price (Mar 9, 2017)

Versata Software, Inc.

Dated: Mar 9, 2017

Business Automation Associates, Inc.
11811 North Tatum Boulevard; Suite 3031-113; Phoenix, Arizona 85028-1632
Office: (602) 264-9263     On the web: http://www.ComputerExpertWitness.com     FAX: (602) 532-7244

EXHIBIT B



## INVOICE

INVOICE NUMBER:     508741                          TERMS: Net, 5 days.
INVOICE DATE:       March 28, 2017

                                                    TAX #: 86-0406362

TO:    Versata Software
           Attn: Mr. Andrew Price
           401 Congress Avenue, Ste. 2650
           Austin, Texas 78701

CC:    AZA Law Firm, P.C.; Houston, Texas
           Attn: Mr. Steven Mitby
           Jones & Spross, PLLC; Austin, Texas
           Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

03/02..Telephone and e-mail communication with S. Mitby and J. Ballard regarding
         documents..... 0.5 hours.
03/03..Began reviewing documents.  E-mail communication with S. Mitby..... 6.0 hours.
03/04..Continued reviewing documents.  Telephone and e-mail communication with S.
         Mitby..... 5.5 hours.
03/05..Travel time to Houston.  Continued reviewing documents en route and after
         arrival..... 6.5 hours.
03/06..Met with S. Mitby, S. Krauss, R. Smith, S. Saleem, et.al. at AZA.  Travel time to
         Phoenix.  Continued reviewing documents en route..... 17.5 hours.
03/07..Continued reviewing documents.  E-mail communication with S. Krauss and J.
         Ballard regarding code review plans..... 6.5 hours.
03/08..Continued reviewing documents and began drafting report outline..... 5.0 hours.
03/09..Continued reviewing documents and preparing report outline..... 6.0 hours.
03/10..Continued reviewing documents and preparing report outline..... 10.5 hours.
03/11..Continued reviewing documents and preparing report outline.  Telephone call with
         R. Smith regarding report..... 12.5 hours.
03/12..Travel time to Houston.  Continued reviewing documents en route and in hotel.....
         13.0 hours.
03/13..Met with S. Mitby, S. Krauss, R. Smith, et.al. at AZA.  Continued reviewing
         documents in hotel..... 14.0 hours.
03/14..Met with S. Mitby, S. Krauss, R. Smith, et.al. at AZA.  Travel time to Phoenix.
         Continued reviewing documents en route..... 18.5 hours.
03/15..Continued reviewing documents and preparing report outline..... 14.0 hours.

Invoice #508741, dated 3/28/2017, page 2

03/16..Continued drafting outline and sent draft to R. Smith.  Telephone and e-mail communication with R. Smith regarding outline.  Teleconference with S. Krauss, et.al. regarding code review..... 17.5 hours.

03/17..Began drafting report and reviewing documents.  Sent draft of report to R. Smith and S. Mitby by e-mail..... 16.0 hours.

03/18..Continued drafting report and sent to R. Smith and S. Mitby by e-mail.  Telephone and e-mail communication with R. Smith regarding draft..... 14.5 hours.

03/19..Continued drafting report.  Telephone and e-mail communication with R. Smith regarding report..... 7.5 hours.

03/20..Continued drafting report and sent to R. Smith and S. Mitby by e-mail..... 10.0 hours.

03/21..Continued drafting report and sent to R. Smith and S. Mitby by e-mail.  E-mail communication with S. Krauss..... 4.5 hours. [plus travel time to Detroit, non-billable as agreed.]

03/22..Attended code review at Ford and travel time to Phoenix..... non-billable as agreed.

03/23..Continued reviewing documents and drafting report.  Telephone and e-mail communication with S. Mitby regarding report.... 7.0 hours.

03/24..Continued reviewing documents and drafting report.  Telephone and e-mail communication with S. Mitby and R. Smith.... 6.5 hours.

03/25..Continued reviewing documents and drafting report.... 5.0 hours.

03/27..Continued reviewing documents and drafting report.  Telephone and e-mail communication with S. Mitby and R. Smith.... 8.5 hours.

　　　　PROFESSIONAL SERVICES: 233.0 hours at $490 each . . . . . . . . . $    114,170.00

Direct expenses:

Airfare between Phoenix and Houston/Detroit  . . . . . . . . . . . . . . . . . . . . . $      3,314.42
Food and lodging in Houston and Detroit, 5 nights . . . . . . . . . . . . . . . . . . $      1,130.59
Airport parking and local transportation (Uber)  . . . . . . . . . . . . . . . . . . . . $         179.62

　　　　TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . $    118,794.63

DUE AND PAYABLE APRIL 3, 2017

Authorized Signature   *[signature]*

**Business Automation Associates, Inc.**
11811 North Tatum Boulevard; Suite 3031; Phoenix, Arizona  85028-1632
Office: (602) 264-9263     On the web: http://www.ComputerExpertWitness.com     FAX: (602) 532-7244



## INVOICE

INVOICE NUMBER:      508748                    TERMS: Net, 5 business days.
INVOICE DATE:        April 13, 2017

                                                        TAX #: 86-0406362

TO:    Versata Software
          Attn: Mr. Andrew Price
          401 Congress Avenue, Ste. 2650
          Austin, Texas 78701

CC:    AZA Law Firm, P.C.; Houston, Texas
          Attn: Mr. Steven Mitby
       Jones & Spross, PLLC; Austin, Texas
          Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

03/28..Telephone and e-mail communication with S. Mitby and R. Smith regarding
       storyboard approach to report and visuals for trade secret presentation.
       Teleconference with AZA regarding visuals.  Began drafting storyboard..... 7.0
       hours.
03/29..Telephone and e-mail communication with S. Mitby and R. Smith regarding
       storyboard.  Continued drafting storyboard and sent draft to S. Mitby and R. Smith
       by e-mail..... 7.5 hours.
03/30..Telephone and e-mail communication with S. Mitby, R. Smith and S. Saleem
       regarding storyboard and report.  Continued drafting report and sent updated draft
       to S. Mitby and R. Smith by e-mail..... 8.5 hours.
03/31..Continued drafting report..... 3.5 hours.
04/01..E-mail communication with S. Mitby and R. Smith regarding background materials
       for report.  Continued drafting report..... 3.5 hours.
04/02..Telephone and e-mail communication with R. Smith regarding report and visuals.
       Reviewed new visuals provided by S. Krauss.  Continued drafting report ..... 12.0
       hours.
04/03..E-mail communication with R. Smith regarding draft.  Reviewed additional
       background materials sent by R. Smith.  Continued drafting report..... 15.0 hours.
04/04..Continued drafting report and sent updated drafts to S. Mitby and R. Smith..... 9.5
       hours.
04/05..Telephone and e-mail communication with R. Smith regarding report.  Continued
       drafting report..... 10.0 hours.

Invoice #508748, dated 4/13/2017, page 2

04/06..Continued drafting report and sent updated draft to S. Mitby and R. Smith.
     Telephone and e-mail communication with R. Smith regarding report..... 9.5 hours.
04/07..E-mail communication with S. Mitby, R. Smith and S. Krauss.  Continued drafting
     report..... 2.5 hours.
04/08..E-mail communication with S. Mitby and R. Smith.  Continued drafting report and
     sent updated draft to S. Mitby and R. Smith..... 2.0 hours.
04/12..Telephone call with R. Smith regarding latest draft of report..... 1.0 hours.

     PROFESSIONAL SERVICES: 91.5 hours at $490 each . . . . . . . . . . $     44,835.00

Direct expenses: None this period.

     TOTAL SERVICES AND EXPENSES . . . . . . . . . . . . . . . . . . . . . . . $     44,835.00
     PLUS PAST DUE BALANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    118,794.63

     TOTAL DUE NOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    163,629.63

     DUE AND PAYABLE APRIL 20, 2017

Authorized Signature _____



## INVOICE

INVOICE NUMBER:    508754                 TERMS: Net, 5 business days.
INVOICE DATE:       May 6, 2017

TAX #: 86-0406362

TO:    Versata Software
        Attn: Mr. Andrew Price
        401 Congress Avenue, Ste. 2650
        Austin, Texas 78701

CC:    AZA Law Firm, P.C.; Houston, Texas
        Attn: Mr. Steven Mitby
        Jones & Spross, PLLC; Austin, Texas
        Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

04/13..Continued updating draft and adding clarifications as discussed with R. Smith.  E-mail communication with R. Smith regarding status of draft..... 4.5 hours.
04/14..Continued updates to draft..... 1.5 hours.
04/16..Completed update to draft and sent to S. Mitby and R. Smith by e-mail..... 2.0 hours.
04/18..Telephone calls with S. Mitby and R. Smith regarding report.  Reviewed final Trilogy PowerPoint presented to Versata management..... 2.5 total hours, 2.0 billable hours.
04/20..Continued updating draft and adding clarifications as discussed with R. Smith..... 2.0 hours.
04/21..Continued updating draft and adding clarifications as discussed with R. Smith..... 1.0 hours.

        PROFESSIONAL SERVICES: 13.0 hours at $490 each . . . . . . . . . . $      6,370.00

Direct expenses: None this period.

        TOTAL SERVICES AND EXPENSES . . . . . . . . . . . . . . . . . . . . . . . $      6,370.00

Invoice #508754, dated 5/6/2017, page 2

TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . $      6,370.00
PLUS PAST DUE BALANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    163,629.63

TOTAL DUE NOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    169,999.63

DUE AND PAYABLE MAY 15, 2017

Authorized Signature _____



<u>EXHIBIT C</u>

**BARRON & NEWBURGER, P.C.**

Stephen W. Sather*

Direct Dial: (512) 649-3243 | ssather@bn-lawyers.com

*Board Certified in Business Bankruptcy Law
by the Texas Board of Legal Specialization

July 24, 2017

**Via First Class Mail and Certified Mail, Return Receipt Requested**

Andrew Price
Versata Software, Inc.
401 Congress Avenue, Suite 2650
Austin, TX 78701

      RE:    Business Automation Associates, Inc.
               Amount:    $160,979.63
               Our File No.:    14964.0SS

Dear Mr. Price:

This letter is sent on behalf of our client Business Automation Associates, Inc. ("Business Automation"). We have been retained to collect the monies owed to Business Automation with respect to the services it provided to Versata Software, Inc. pursuant to an engagement agreement between Business Automation and Versata dated March 6, 2017.

On behalf of our client we hereby demand payment in the amount of $160,979.63. This amount is calculated based on invoiced time of $169,999.73 less retainer of $10,000.00 plus $980.00 allocated for destruction of confidential materials. Copies of the engagement agreement and invoices are enclosed for your review.

Your remittance should be made payable to "Barron & Newburger Trust Account". If we do not receive full payment within fifteen (15) days of the date of this letter, we will advise our client to bring suit against you to collect this debt. If suit becomes necessary, we will also request the Court to award attorney's fees, court costs, and interest against you.

Should you wish to discuss this matter, please contact me at the number listed above.

Andrew Price
November 3, 2017
Page 2

_____

                                        Yours truly,

                                        BARRON & NEWBURGER, P.C.

                                        Stephen W. Sather

SWS/s

Cc:   Steven Mitby
      Ahmad, Zavitsanos, Anaipakos, Avlavi & Mensing, P.C.
      1221 McKinney Street
      Houston, TX  77010

      Sharoon Saleem
      Jones Spross
      1605 Westcliff Hills Lane, Suite 100
      Austin, TX  78732

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ ~~3.35~~

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ __
☐ Return Receipt (electronic)        $ __2.75
☐ Certified Mail Restricted Delivery $ __
☐ Adult Signature Required           $ __
☐ Adult Signature Restricted Delivery $ __

Postage
$ 8.8

Total Postage and Fees
$ 6.98

Sent 7/24/17

Postmark
Here

Demand
Letter

Sent To
Andrew Price (Versata SoStware
Street and Apt. No., or PO Box No.
401 Congress Ave., Ste 2650
City, State, ZIP+4®
Austin TX 78701

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7016 3560 0000 0531 2922

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew Price
Versata SoStware, Inc.
401 Congress Ave., Ste 2650
Austin, TX 78701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
Return Receipt for Merchandise
Signature Confirmation™
Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

## <u>AFFIDAVIT FOR VERIFICATION OF ACCOUNT</u>
## <u>AND AUTHENTICITY OF BUSINESS RECORDS</u>

THE STATE OF ARIZONA      }
                    }
COUNTY OF MARICOPA      }

        BEFORE ME, the undersigned authority, on this day personally appeared Books Hilliard, who, being by me first duly sworn, upon her oath stated as follows:

        "My name is Brooks Hilliard. I am employed by Business Automation Associates, Inc., ("Plaintiff") as President and principal consultant. I have personal knowledge of the facts as stated in this Affidavit, and I am authorized in all respects to make this Affidavit and these statements on behalf of Plaintiff in this proceeding. I am fully competent to testify to the matters stated herein.

        I am custodian of the records of Plaintiff. Attached hereto are six pages of records of Business Automation Associates, Inc. Plaintiff keeps the records attached to this Affidavit in the regular course of its business, and it was the regular course of the business of Plaintiff for an employee or representative of Plaintiff with knowledge of the act, event, condition, or opinion recorded to make the record and to transmit information thereof to be included in such records. The records were made at or near the time or reasonably soon there-after. The records attached hereto are the originals or exact duplicates of the originals.

        Plaintiff 's claim against Defendant is within my knowledge just and true, is due, and Plaintiff has allowed Defendant all just and lawful offsets, payments, and credits to which Defendant is entitled."

        Further, Affiant sayeth naught.

                          Business Automation Associates, Inc.

                          By: _____
                               Brooks Hilliard, President

        SUBSCRIBED AND SWORN TO BEFORE ME on this 3rd day of November, 2017, to certify which witness my hand and seal of office.

                          _____
                    **NOTARY PUBLIC, State of Arizona**

Notary Public State of Arizona
Maricopa County
Sara Evans
My Commission Expires 03/28/2018



## INVOICE

INVOICE NUMBER:     508741                    TERMS: Net, 5 days.
INVOICE DATE:       March 28, 2017

                                              TAX #: 86-0406362

TO:    Versata Software
         Attn: Mr. Andrew Price
         401 Congress Avenue, Ste. 2650
         Austin, Texas 78701

CC:    AZA Law Firm, P.C.; Houston, Texas
         Attn: Mr. Steven Mitby
         Jones & Spross, PLLC; Austin, Texas
         Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

03/02..Telephone and e-mail communication with S. Mitby and J. Ballard regarding
       documents..... 0.5 hours.
03/03..Began reviewing documents.  E-mail communication with S. Mitby..... 6.0 hours.
03/04..Continued reviewing documents.  Telephone and e-mail communication with S.
       Mitby..... 5.5 hours.
03/05..Travel time to Houston.  Continued reviewing documents en route and after
       arrival..... 6.5 hours.
03/06..Met with S. Mitby, S. Krauss, R. Smith, S. Saleem, et.al. at AZA.  Travel time to
       Phoenix.  Continued reviewing documents en route..... 17.5 hours.
03/07..Continued reviewing documents.  E-mail communication with S. Krauss and J.
       Ballard regarding code review plans..... 6.5 hours.
03/08..Continued reviewing documents and began drafting report outline..... 5.0 hours.
03/09..Continued reviewing documents and preparing report outline..... 6.0 hours.
03/10..Continued reviewing documents and preparing report outline..... 10.5 hours.
03/11..Continued reviewing documents and preparing report outline.  Telephone call with
       R. Smith regarding report..... 12.5 hours.
03/12..Travel time to Houston.  Continued reviewing documents en route and in hotel.....
       13.0 hours.
03/13..Met with S. Mitby, S. Krauss, R. Smith, et.al. at AZA.  Continued reviewing
       documents in hotel..... 14.0 hours.
03/14..Met with S. Mitby, S. Krauss, R. Smith, et.al. at AZA.  Travel time to Phoenix.
       Continued reviewing documents en route..... 18.5 hours.
03/15..Continued reviewing documents and preparing report outline..... 14.0 hours.

Invoice #508741, dated 3/28/2017, page 2

03/16..Continued drafting outline and sent draft to R. Smith.  Telephone and e-mail
communication with R. Smith regarding outline.  Teleconference with S. Krauss,
et.al. regarding code review..... 17.5 hours.
03/17..Began drafting report and reviewing documents.  Sent draft of report to R. Smith
and S. Mitby by e-mail..... 16.0 hours.
03/18..Continued drafting report and sent to R. Smith and S. Mitby by e-mail.  Telephone
and e-mail communication with R. Smith regarding draft..... 14.5 hours.
03/19..Continued drafting report.  Telephone and e-mail communication with R. Smith
regarding report..... 7.5 hours.
03/20..Continued drafting report and sent to R. Smith and S. Mitby by e-mail..... 10.0
hours.
03/21..Continued drafting report and sent to R. Smith and S. Mitby by e-mail.  E-mail
communication with S. Krauss..... 4.5 hours. [plus travel time to Detroit, non-
billable as agreed.]
03/22..Attended code review at Ford and travel time to Phoenix..... non-billable as agreed.
03/23..Continued reviewing documents and drafting report.  Telephone and e-mail
communication with S. Mitby regarding report.... 7.0 hours.
03/24..Continued reviewing documents and drafting report.  Telephone and e-mail
communication with S. Mitby and R. Smith.... 6.5 hours.
03/25..Continued reviewing documents and drafting report.... 5.0 hours.
03/27..Continued reviewing documents and drafting report.  Telephone and e-mail
communication with S. Mitby and R. Smith.... 8.5 hours.

PROFESSIONAL SERVICES: 233.0 hours at $490 each . . . . . . . . .  $    114,170.00

Direct expenses:

Airfare between Phoenix and Houston/Detroit  . . . . . . . . . . . . . . . . . . . . . .  $      3,314.42
Food and lodging in Houston and Detroit, 5 nights . . . . . . . . . . . . . . . . . .  $      1,130.59
Airport parking and local transportation (Uber)  . . . . . . . . . . . . . . . . . . . . .  $        179.62

TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . .  $    118,794.63

DUE AND PAYABLE APRIL 3, 2017

Authorized Signature  _____



## INVOICE

INVOICE NUMBER:   508748                    TERMS: Net, 5 business days.
INVOICE DATE:     April 13, 2017

                                            TAX #: 86-0406362

TO:    Versata Software
          Attn: Mr. Andrew Price
       401 Congress Avenue, Ste. 2650
       Austin, Texas 78701

CC:    AZA Law Firm, P.C.; Houston, Texas
          Attn: Mr. Steven Mitby
       Jones & Spross, PLLC; Austin, Texas
          Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

03/28..Telephone and e-mail communication with S. Mitby and R. Smith regarding
       storyboard approach to report and visuals for trade secret presentation.
       Teleconference with AZA regarding visuals.  Began drafting storyboard..... 7.0
       hours.
03/29..Telephone and e-mail communication with S. Mitby and R. Smith regarding
       storyboard.  Continued drafting storyboard and sent draft to S. Mitby and R. Smith
       by e-mail..... 7.5 hours.
03/30..Telephone and e-mail communication with S. Mitby, R. Smith and S. Saleem
       regarding storyboard and report.  Continued drafting report and sent updated draft
       to S. Mitby and R. Smith by e-mail..... 8.5 hours.
03/31..Continued drafting report..... 3.5 hours.
04/01..E-mail communication with S. Mitby and R. Smith regarding background materials
       for report.  Continued drafting report..... 3.5 hours.
04/02..Telephone and e-mail communication with R. Smith regarding report and visuals.
       Reviewed new visuals provided by S. Krauss.  Continued drafting report ..... 12.0
       hours.
04/03..E-mail communication with R. Smith regarding draft.  Reviewed additional
       background materials sent by R. Smith.  Continued drafting report..... 15.0 hours.
04/04..Continued drafting report and sent updated drafts to S. Mitby and R. Smith..... 9.5
       hours.
04/05..Telephone and e-mail communication with R. Smith regarding report.  Continued
       drafting report..... 10.0 hours.

Invoice #508748, dated 4/13/2017, page 2

04/06..Continued drafting report and sent updated draft to S. Mitby and R. Smith.
    Telephone and e-mail communication with R. Smith regarding report..... 9.5 hours.
04/07..E-mail communication with S. Mitby, R. Smith and S. Krauss.  Continued drafting
    report..... 2.5 hours.
04/08..E-mail communication with S. Mitby and R. Smith.  Continued drafting report and
    sent updated draft to S. Mitby and R. Smith..... 2.0 hours.
04/12..Telephone call with R. Smith regarding latest draft of report..... 1.0 hours.

    PROFESSIONAL SERVICES: 91.5 hours at $490 each . . . . . . . . . . $    44,835.00

Direct expenses: None this period.

    TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . $    44,835.00
    PLUS PAST DUE BALANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   118,794.63

    TOTAL DUE NOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   163,629.63

                   DUE AND PAYABLE APRIL 20, 2017

Authorized Signature _____

Ⓑuꜱɪɴᴇꜱꜱ Ⓐuᴛᴏᴍᴀᴛɪᴏɴ

## INVOICE

INVOICE NUMBER:     508754                    TERMS: Net, 5 business days.
INVOICE DATE:        May 6, 2017
                                                TAX #: 86-0406362

TO:   Versata Software
        Attn: Mr. Andrew Price
        401 Congress Avenue, Ste. 2650
        Austin, Texas 78701

CC:   AZA Law Firm, P.C.; Houston, Texas
        Attn: Mr. Steven Mitby
        Jones & Spross, PLLC; Austin, Texas
        Attn: Ms. Sharoon Saleem

RE: Ford v. Versata

---

Professional Services:

04/13..Continued updating draft and adding clarifications as discussed with R. Smith. E-
        mail communication with R. Smith regarding status of draft..... 4.5 hours.
04/14..Continued updates to draft..... 1.5 hours.
04/16..Completed update to draft and sent to S. Mitby and R. Smith by e-mail..... 2.0 hours.
04/18..Telephone calls with S. Mitby and R. Smith regarding report.  Reviewed final
        Trilogy PowerPoint presented to Versata management..... 2.5 total hours, 2.0
        billable hours.
04/20..Continued updating draft and adding clarifications as discussed with R. Smith.....
        2.0 hours.
04/21..Continued updating draft and adding clarifications as discussed with R. Smith.....
        1.0 hours.

    PROFESSIONAL SERVICES: 13.0 hours at $490 each . . . . . . . . . . $     6,370.00

Direct expenses: None this period.

    TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . $     6,370.00

Invoice #508754, dated 5/6/2017, page 2

TOTAL SERVICES AND EXPENSES  . . . . . . . . . . . . . . . . . . . . . . . $      6,370.00
PLUS PAST DUE BALANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    163,629.63

TOTAL DUE NOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    169,999.63

DUE AND PAYABLE MAY 15, 2017

Authorized Signature _____



*BAS/M/TD*

C I T A T I O N

THE  STATE  OF  TEXAS

**CAUSE NO. D-1-GN-17-006229**

BUSINESS AUTOMATION ASSOCIATES INC.

      , Plaintiff

    vs.

VERSATA SOFTWARE, INC.

      , Defendant

TO:  VERSATA SOFTWARE INC
     BY SERVING ITS REGISTERED AGENT ANDREW PRICE
     401 CONGRESS AVE #2650
     AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITON WITH REQUESTS FOR ADMISSION AND REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on NOVEMEBR 14, 2017 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office. November 20, 2017.

REQUESTED BY:
STEPHEN W SATHER
7320 N. MOPAC EXPWY., SUITE 400
AUSTIN, TX 78731
BUSINESS PHONE:(512)649-3243  FAX:(512)476-9253
sssather@bn-lawyers.com

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- -- -- -- --  R E T U R N  -- -- -- -- -- -- --

Came to hand on the 20ᵗʰ day of November, 2017 at 9:25 o'clock P. M., and executed at 401 Congress Ave #2650 Austin, Texas 78701 within the County of Travis on the 20ᵗʰ day of November, 2017, at 2:54 o'clock P. M., by delivering to the within named Versata Software Inc by delivering to HS *, each in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITON WITH REQUESTS FOR ADMISSION AND REQUEST FOR DISCLOSURE, LAWYER REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

* Registered Agent Andrew Price by delivering to Hillary Brown, Sr. Financial Ops Manager.

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

Sheriff / Constable / Authorized Person

By: _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Printed Name of Server

_____ County, Texas

TRAVIS

Notary Public, THE STATE OF TEXAS

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

2017 NOV 20  AM 9:28

RECEIVED

D-1-GN-17-006229

☐ Original   ☐ Service Copy

CONSTABLE

P01 - 000058717

4/27/17 MG

```
************* -COMM. JOURNAL- ***************** DATE NOV-27-2017 **** TIME 09:50 ********

    MODE = MEMORY TRANSMISSION          START=NOV-27 09:45    END=NOV-27 09:50

    FILE NO.=697

STN   COMM.   ONE-TOUCH/   STATION NAME/TEL.NO.                PAGES    DURATION
NO.           ABBR NO.

001    OK      ☎            85124769253                        002/002  00:00:35


                                              -CONSTABLE PCT 5        -
******************************** -TRAVIS COUNTY TX- ***** -    512 854 4228- *********
```



**Carlos B. Lopez, Constable**

Travis County Constable
Precinct 5
P.O. Box 1748
Austin, Texas 78767
November 27, 2017

SATHER,STEPHEN W
7320 N MOPAC EXPY STE 400
AUSTIN, TX 78731
Fax Number: 5124769253 , eMail: ssather@bn-lawyers.com

Case No. D1GN17006229-1
Court: 200 District Court
County: TRAVIS
Plaintiff: BUSINESS AUTOMATION ASSCO INC
Defendant: VERSATA SOFTWARE INC
Respondent: VERSATA SOFTWARE INC

Attached please find a copy of the Officer's Return for the above referenced case. For
problems with this fax contact me at (512)854-9100.

Mercedes Galvan

---

### ATTENTION: eFilers

*Remember to include 'Please use Constable Pct. 5' in the Special
Instructions/Comments box so we will receive your paper.*

## CHOOSE PRECINCT 5
### If you want...

~ 24/7 Service Status Check Online     ~ Rush Service when needed
~ Live-person Service Check Hotline     ~ No extra charges for Research
~ Daily delivery to all state offices     ~ Located by the Courthouse


# Constable5.com

---

Travis County Courthouse Complex ~ 1003 Guadalupe, Austin, Texas 78701
(512)854-9100 ~ Fax(512)854-4228 ~ www.Constable5.com

# EXHIBIT 4

6/8/2018 12:26 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-17-006229**
**Nancy Rodriguez**

NO. D-1-GN-17-006229

| | | |
|---|---|---|
| BUSINESS AUTOMATION ASSOCIATES, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | 200th JUDICIAL DISTRICT |
| v. | § § | |
| VERSATA SOFTWARE, INC. | § § | TRAVIS COUNTY, TEXAS |
| Defendant. | § § | |

---

### DEFENDANT VERSATA'S AMENDED ANSWER AND COUNTERCLAIMS

---

Defendant Versata Software, Inc. files this Amended Answer and Counterclaim to Plaintiff Business Automation Associates, Inc.'s Original Petition as follows:

**I.  General Denial**

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies all allegations set forth in Plaintiff's Petition.

**II.  Counterclaims**

#### Background

1.  Third-Party Defendant Brooks L. Hilliard is the president and principal consultant of Plaintiff Business Automation Associates, Inc.  Upon information and belief that Mr. Hilliard resides in Paradise Valley, Arizona.

2.  Mr. Hilliard purposefully availed himself of the laws of Texas when he entered into a contract with Defendant.  Performance of the contract required that Mr. Hilliard travel to Texas for purposes of meeting with Versata's counsel.  Furthermore, Mr. Hilliard, on behalf of Defendant, initiated the current suit in Travis County, Texas.

**EXHIBIT 4**

3. In early 2017, Versata intended to engage an expert on modern software and computing systems to provide analysis and possible testimony regarding Defendant's proprietary software and potential misappropriation of Defendant's trade secrets in ongoing litigation.

4. Mr. Hilliard, who holds himself out to be president and agent of Plaintiff, represents himself as an expert on computers and information technology. Indeed, Mr. Hilliard solicits business on the internet under the domain of computerexpertwitness.com.

5. On computerwitness.com, Mr. Hilliard holds himself out to be an expert on numerous information technology subjects, including "litigation related to business-oriented systems and software."

6. Mr. Hilliard also claims he has expertise in "systems and software non-performance, including computer systems and software defects (ERP, CRM, SCM, etc.), including systems implementation issues."

7. After learning of Mr. Hilliard and reviewing his website, representatives of Defendant reached out Mr. Hilliard regarding his availability to evaluate litigation issues related to Defendant's proprietary software at issue in an ongoing litigation.

8. Prior to Defendant's engagement of Plaintiff, Defendant inquired about Mr. Hilliard's knowledge and understanding of modern computer systems and software. Mr. Hilliard held himself out to be an expert in that field.

9. Defendant also inquired about whether Mr. Hilliard was in possession of any information which would be material to his ability to perform his engagement, which Mr. Hilliard denied.

10. Mr. Hilliard signed an agreement (attached as Ex. A to Plaintiff's petition) to provide expert witness services with Defendant, as the president of Plaintiff Business Automation

Associates, Inc.  Defendant paid Plaintiff a retainer in the amount of ten thousand dollars under the agreement.

11.  Unfortunately, whatever computer expertise Mr. Hilliard has does not stretch to modern, or even not-so-modern computer systems.  For example, after Defendant engaged Plaintiff, Mr. Hilliard confessed he had no understanding of cloud computing or how it was used.  Instead, Defendant insisted it was possible, and even desirable, for different companies to "have their own cloud," which would be an illogical proposition to anyone with the least amount of technical competence.

12.  Mr. Hilliard made multiple trips to Houston, Texas to evaluate litigation issues and to meet with Versata consultants and code reviewers.  These trips took place in March, 2017, shortly after the Plaintiff was engaged, and the meetings occurred at the offices of Versata's counsel, Ahmad Zavitsanos Anaipakos, Alavi & Mensing, PC.  Versata consultants, who are highly qualified software professionals, similarly expressed doubts about Mr. Hilliard's ability to perform the duties of an expert witness in the ongoing litigation.

13.  Likewise, Mr. Hilliard, possibly as the result of an undisclosed medical condition, was unable to maintain concentration for long periods during meetings with Defendant and Defendant's representatives.  As a result, Mr. Hilliard regularly confused and/or forgot simple facts related to the litigation, often came across as confused or disoriented, and on at least one occasion, fell asleep during a meeting with Defendant's representatives.  When Defendant's counsel inquired as to Mr. Hilliard's health and ability to continue the engagement, Mr. Hilliard would become belligerent and hostile, indicating he was "in perfect health."

14.   Despite Mr. Hilliard's inability to maintain concentration for long periods of time during his meetings with Defendant's counsel, Mr. Hilliard's invoices indicated robust work on Plaintiff's case.  Indeed, Plaintiff invoiced 14 or more hours of work on a single day at least 8 times, including billing more than 105 hours in a single week.

15.   Similarly, Mr. Hilliard's work did not reflect the amount of time spent that was indicated in his invoices.  Instead, Mr. Hilliard simply rephrased analyses previously performed by Versata consultants and code reviewers, providing little, if any, original analysis despite claiming to have spent nearly 350 hours on the litigation matter.

16.   Because of Mr. Hilliard's inability to comprehend the computer systems and software at issue, and inability to maintain concentration for long periods of time, and apparently inflated billing practices, Defendant was left with no option but to terminate Mr. Hilliard and seek expert analysis elsewhere.

17.   Despite having claimed nearly 350 hours of work on the litigation, Mr. Hilliard's work product was not usable by Defendant or Defendant's representatives in the litigation matter for which Plaintiff was engaged.

18.   On information and belief, Mr. Hilliard did not work the nearly 350 hours billed by Plaintiff.  At all times, Mr. Hilliard's actions were with the knowledge and approval of Plaintiff, and at the behest of Plaintiff.

## COUNTERCLAIM AGAINST BUSINESS ASSOCIATES, INC.

### Breach of Contract

19.   Paragraphs 1-18 are incorporated here by reference.

20.   Defendant and Plaintiff have a valid, enforceable contract for the services of Mr. Hilliard. The agreed rate for Mr. Hilliard's services was $490 per hour.

21.   Defendant performed or was excused from performing its contractual obligations.

22.   Plaintiff breached the contract when it invoiced Defendant for more hours than Mr. Hilliard worked, thereby unilaterally changing the effective hourly rate of Mr. Hilliard's services, and evincing Plaintiff's intent to abandon the contract.

23.   Plaintiff's breach caused Defendant injury by requiring Defendant to pay more than the agreed upon price for Mr. Hilliard's services and by requiring Defendant to seek services from other information technology experts.

## COUNTERCLAIMS AGAINST BUSINESS ASSOCIATES, INC. AND BROOKS L. HILLIARD

### Fraudulent Inducement

24.   Paragraphs 1-23 are incorporated here by reference.

25.   Mr. Hilliard, as agent for Plaintiff, represented that he had the skills, knowledge, and training to perform the services Defendant requested and was familiar with modern business systems and software.  Defendant relied on this representation in entering into an agreement with Plaintiff for Mr. Hilliard's services. Plaintiff intended Defendant to rely on this representation.

26.   Mr. Hilliard's representations were false, and Mr. Hilliard knew the representations were false, or at least made such representations recklessly and without knowledge of their truth.

27.   Defendant was injured by Mr. Hilliard's and Plaintiff's fraudulent representations of expertise and was forced to find a different expert with qualifications to perform the necessary analyses.

### Fraudulent Nondisclosure

28. Paragraphs 1-27 are incorporated here by reference.

29. Mr. Hilliard, acting on behalf of Plaintiff, either before the engagement or soon thereafter, by reason of a medical condition or other reason, became unable to concentrate for more than short periods of time.  When asked if Mr. Hilliard was having issues that prevented him from fulfilling his obligations under the agreement, Mr. Hilliard indicated that he had no such issues.

30. By reason of Mr. Hilliard's condition, Mr. Hilliard was unable to maintain concentration for more than short periods of time and would become confused and disoriented.  Mr. Hilliard was aware of this condition, and that this condition prevented him from performing his obligations to Defendant but remained silent.  Mr. Hilliard knew Defendant was unaware of this condition and did not have an equal opportunity to discover this condition.

31. Mr. Hilliard remained silent in order to continue billing Defendant for services, including services not rendered by Mr. Hilliard.   Defendant relied on Mr. Hilliard's nondisclosure, and continued to engage Plaintiff due to this nondisclosure.

32. Defendant was injured because Mr. Hilliard continued billing for services he did not render and was incapable of rendering by reason of his condition.

33. Defendant was also injured by having to seek services from other information technology experts with qualifications to perform the necessary analyses in a compressed amount of time.

### Fraud

34. Paragraphs 1-33 are incorporated here by reference.

35. Mr. Hilliard and Plaintiff made representations to the Defendant that were material and false. At the time, Mr. Hilliard and Plaintiff made the representations, they knew the representations were false or at least made such representations recklessly and without knowledge of their truth, and they knew Mr. Hilliard was incapable of rendering services that Defendant had engaged Plaintiff for.

36. Additionally, Mr. Hilliard fraudulently represented the number of hours he worked on the matter for which he was engaged.

37. Mr. Hilliard and Plaintiff made the misrepresentations with the intent that Defendant would act on the misrepresentations, including without limitation that Defendant would pay for the hours fraudulently billed.

38. Defendant relied on the misrepresentations, thereby causing Defendant injury. Defendant was forced to find a different expert with qualifications to perform the necessary analyses in a short amount of time.

39. As a result, Defendant seeks to recover actual damages, benefit of the bargain damages, reliance damages, consequential damages, and exemplary damages.

### Conditions Precedent

40. All conditions precedent have been satisfied or excused.

### Attorney's Fees

41. Defendant seeks to recover its attorney's fees pursuant to Chapter 38 of the Civil Practice and Remedies Code.

### Jury Demand

42. Defendant requests a jury trial on all issues.

**Prayer**

For these reasons, Defendant Versata Software, Inc. requests that the Court ask the Court to set

this case for trial, deny all relief sought by Plaintiff, and award Defendant all damages to which it

is entitled, attorney's fees, costs of court, and all other relief to which Defendant is entitled in law

or in equity.

Dated June 8, 2018                                Respectfully submitted,

                                                  AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI &
                                                  MENSING P.C.

                                                  /s/ Steven J. Mitby
                                                  Steven J. Mitby
                                                  Texas State Bar No. 24037123
                                                  smitby@azalaw.com
                                                  1221 McKinney, Suite 2500
                                                  Houston, Texas 77010
                                                  (713) 655-1101 (Phone)
                                                  (713) 655-0062 (Fax)

                                                  **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of June 2018, a true and correct copy of the foregoing was served electronically by email to all counsel of record in accordance with Federal Rules of Civil Procedure as follows:

Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expwy.
Suite 400
Austin, TX 78731
ssather@bn-lawyers.com

*/s/ Steven J. Mitby*
Steven J. Mitby

EXHIBIT 5

NO. D-1-GN-17-006229

| | | |
|---|---|---|
| BUSINESS AUTOMATION ASSOCIATES, INC. | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | 200th JUDICIAL DISTRICT |
| v. | § | |
| VERSATA SOFTWARE, INC. | § | TRAVIS COUNTY, TEXAS |
| Defendant. | § § § | |

---

## AFFIDAVIT OF PAUL A. NAVRÁTIL, PH.D. ON BEHALF OF DEFENDANT VERSATA SOFTWARE, INC.

---

| | |
|---|---|
| STATE OF TEXAS | § § |
| TRAVIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Paul A. Navrátil, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. My name is Paul A. Navrátil. I am over the age of eighteen and am fully competent to make this affidavit. I have been retained by Defendant Versata Software, Inc. in this action and am an authorized representative of Defendant for the purpose of this action.

2. I have personal knowledge of the facts alleged in this Affidavit and of the facts alleged in Defendant Versata Software Inc.'s Answer, Amended Answer and Counterclaims, and Second Amended Answer and Counterclaims to Plaintiff Business Automation Associates, Inc.'s Original Petition, unless otherwise indicated.

3. I declare under penalty of perjury that the facts and statements in this Affidavit as well as in Defendant's Answer, Amended Answer and Counterclaims, and Second Amended Answer and Counterclaims are true and correct.

4. Some of my knowledge is based my review of the case documents, including but not limited to invoices, email correspondence, report drafts, and other documents, as well as my discussions with witnesses in this case, including but not limited to Steve Mitby, Ifti Ahmed, Sharoon Saleem, Reed Smith, and Seth Krauss.

5. I submit this Affidavit in denial of Plaintiff's purported suit on sworn account.

**EXHIBIT
5**

6.      Plaintiff's claims against Defendant are within my knowledge. However, the account and the amounts invoiced to Defendant by Plaintiff and Brooks Hilliard are (1) not just and true an (2) are not due in their entirety.

7.      The account is not just and true because, for example, Plaintiff and Brooks Hilliard have systematically submitted fraudulent invoices to Defendant, including charges for the work that Plaintiff and Hilliard did not actually perform.

8.      The account is not due because Plaintiff breached by failing to perform under the contract with Defendant, fraudulently induced Defendant to enter into the contract by misrepresenting the knowledge and abilities possessed by Plaintiff and Hilliard, and committed fraud by non-disclosure by failing to disclose a medical condition adversely affecting Hilliard's ability to focus, stay alert and perform for extended periods of time.

9.      Additionally, Defendant specifically denies the factual allegations in Paragraphs 4-5, 7-9, 11-16, and 18 of Plaintiff's Original Petition as not true or correct, including for the reasons stated above.

"FURTHER AFFIANT SAYETH NAUGHT."

Versata Software, Inc.

By: _____

Paul A. Navrátil

SUBSCRIBED AND SWORN TO BEFORE ME by Paul A. Navrátil on this _1_ day of _March_, 2019, to certify which witness my hand and official seal.

CHRISTINA SLIGAR
Notary Public, State of Texas
Comm. Expires 05-23-2019
Notary ID 12862463-9

_____
Notary Public in and for the State of Texas

2