# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | **REDACTED VERSION** |
| Defendants. | ) ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S JURY DEMAND ON DISGORGEMENT REMEDY

## <u>TABLE OF CONTENTS</u>

I.      Blaze Advisor is a sophisticated software system facilitating a significant amount of Federal's business. ...................................................................... 2

II.     Federal's motion should be directed to the presiding Article III judge. ................. 2

III.    Recovery of profits should be determined by the jury based on the Seventh Amendment, the Copyright Act and judicial precedent. ........................................... 3

        A.      The Copyright Act and precedent treat recovery of profits from copyright infringement as a jury question. .................................................... 5

                1.      The statutory language of the Copyright Act treats recovery of profits as a jury question. ................................................................. 5

                2.      Prior precedent treats recovery of profits in a copyright case as a jury question. ..................................................................................... 6

                3.      Post-*Petrella*, courts faced with motions to strike have given the recovery of profits decision to the jury. ............................................. 9

                4.      Federal's cited trademark cases and single trade secret case are not applicable to this case. ............................................................. 10

        B.      Historical treatises and 18th-century actions do not require that a court determine profits in a copyright action**.** ....................................................... 13

        C.      An examination of the remedy shows recovery of profits is a factually based calculation best suited for the jury. .................................................. 15

IV.     Federal's alleged prejudice is of its own making, and is not a "functional" consideration to avoid a jury trial. ........................................................................... 16

        A.      Prejudice from high damages exposure is not a functional consideration requiring the Court to abrogate FICO's Seventh Amendment right. .......... 17

        B.      Federal's alleged prejudice is self-inflicted and not a basis to take recovery of profits away from the jury. ........................................................ 19

V.      Conclusion ............................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andreas v. Volkswagen of Am., Inc.*,
   336 F.3d 789 (8th Cir. 2003) ........................................................................... 6, 15, 16

*Bergt v. McDougal Littell*,
   661 F. Supp. 2d (N.D. Ill. 2009) ................................................................................. 6

*Blackman v. Hustler Magazine, Inc.*,
   800 F.2d 1160 (D.C. Cir. 1986) .................................................................................. 16

*Bonner v. Dawson*,
   404 F.3d 290 (4th Cir. 2005) ....................................................................................... 7

*Bouchat v. Balt. Ravens Football Club, Inc.*,
   346 F.3d 514 (4th Cir. 2003) ....................................................................................... 7

*Cass Cty. Music Co. v. C.H.L.R., Inc.*,
   88 F.3d 635 (8th Cir. 1996) ....................................................................... 6, 12, 14, 15

*Cisco Sys. Inc. v. Arista Networks, Inc.*,
   No. 14-cv-5344, Dkt. 661 (N.D. Cal. Nov. 16, 2016) ........................................... 3, 10

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
   No. 3:17-CV-01781-HZ, 2018 U.S. Dist. LEXIS 64692 (S.D. Cal. Apr.
   17, 2018) ....................................................................................................................... 12

*Fahmy v. Jay-Z*,
   No. 2:07-cv-05715-CAS(PJWx), 2015 U.S. Dist. LEXIS 139298 (C.D.
   Cal. Oct. 9, 2015) .............................................................................................. 3, 9, 12

*FDA v. Brown & Williamson*,
   529 U.S. 120 (2000) ...................................................................................................... 5

*Feltner v. Columbia Pictures TV*,
   523 U.S. 340 (1998) .............................................................................................. 6, 7, 13

*Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S., Inc.*,
   2016 U.S. Dist. LEXIS 152775 (D. Minn. Sept. 8, 2016) ............................................ 3

*Legal Servs. v. Velazquez*,
   531 U.S. 533 (2001) ...................................................................................................... 8

*Looney Ricks Kiss Architects, Inc. v. Bryan*,
No. 07-0572, 2014 U.S. Dist. LEXIS 35562 (W.D. La. Mar. 18, 2014) ...................... 6

*Markman v. Westview Instruments*,
517 U.S. 370 (1996) ................................................................... 4, 5, 16, 17

*Mary Ellen Enters. v. Camex, Inc.*,
68 F.3d 1065 (8th Cir. 1995) ................................................................ 6

*Mowry v. Whitney*,
81 U.S. 620 (1871) ........................................................................ 14

*Oracle Am., Inc. v. Google Inc.*,
No.10-3561, Dkt. 1789 (N.D. Cal. May 3, 2016) .................................. 3, 10

*Petrella v. Metro-Goldwyn-Mayer Inc.*,
2010 WL 11531222 (Feb. 3, 2010 C.D. Cal.) .......................................... 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
572 U.S. 663 (2014) ................................................................. 7, 8, 9, 10

*Petrella v. Metro-Goldwyn-Mayer Inc.*,
695 F.3d 946 (9th Cir. 2012) ............................................................... 8

*Phx. Techs., Ltd. v. VMware, Inc.*,
No. 15-cv-01414, 2017 U.S. Dist. LEXIS 72355 (N.D. Cal. May 11,
2017) ............................................................................ 3, 9, 12

*Polar Bear Prods. v. Timex Corp.*,
384 F.3d 700 (9th Cir. 2004) ............................................................... 7

*Ross v. Plastic Playthings, Inc.*,
138 F. Supp. 887 (S.D.N.Y. 1956) ...................................................... 12

*Sid & Marty Krofft TV Prods. v. McDonald's Corp.*,
562 F.2d 1157 (9th Cir. 1977) ............................................................. 6

*Sosa v. Alvarez-Machain*,
542 U.S. 692 (2004) ......................................................................... 5

*Swofford v. B & W*,
336 F.2d 406 (5th Cir. 1964) .............................................................. 14

*Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics Am.*,
*Inc.*, 895 F.3d 1304 (Fed. Cir. 2018) ............................................. 10, 11

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. Cal. 2000) ............................................................. 7

*Tull v. United States*,
    481 U.S. 412 (1987) .................................................................................. 4

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ............................................................... 18

*Victor Stanley, Inc. v. Creative Pipe, Inc.*,
    No. MJG-06-2662, 2011 U.S. Dist. LEXIS 112846 (D. Md. Sep. 30,
    2011) ......................................................................................................... 16

*Williams v. Bridgeport Music, Inc.*,
    No. LA CV13-06004 JAK (AGRx), 2015 U.S. Dist. LEXIS 97262
    (C.D. Cal. July 14, 2015) ........................................................................... 6

**Statutes**

15 U.S.C. § 1117(a), Lanham Act ......................................................... 9, 11, 16

17 U.S.C. § 501, *et seq.* ................................................................................. 5

17 U.S.C. § 504(b) ................................................................................. *passim*

28 U.S.C. § 636 ............................................................................................. 3

35 U.S.C. § 289 ..................................................................................... 11, 12

Act of May 31, 1790, ch. 15, 1 Stat. 124 ................................................... 13

**Other Authorities**

Melvin B. and David Nimmer, Nimmer on Copyright (2019) ...................... 13

U.S. Const. amend. VII ...................................................................... 4, 6, 17

U.S. Const. art. 1, § 8, cl. 8 ......................................................................... 12

William F. Patry, *The Right to a Jury in Copyright Cases* .......................... 14

Defendants Federal Insurance Company and ACE American Insurance Company ("Federal") ask the Court to disregard historical precedent and take the profit recovery calculation away from the jury.  Procedurally, Federal's motion should be directed to the presiding Article III judge, Judge Wright.  Substantively, Federal's motion fails to fully educate the Court on the entire body of law addressing this issue, and turns the parties' respective burdens of proof under the Copyright Act on their head.  Federal offers no precedent—controlling or otherwise—where a court in a copyright action removed the recovery of profits determination from the jury.  The language of 17 U.S.C. § 504(b) and case law precedent gives the issue to the jury.

Underlying Federal's argument (and perhaps the underlying motive for the motion itself) is a claim of prejudice.  Liability for ███████████ of profits is not prejudice.  Federal's own damages expert calculates potential profit recovery at nearly ████ ███.  The gross written premium of ██████████ (related to years of infringement) is the amount Federal admits relates to insurance in connection with which Blaze Advisor was used – it is the gross revenue connected to infringement.  FICO's burden of proof under 17 U.S.C. § 504(b) is to show the gross revenue attributable to infringement.  By Federal's admission, that is ████████.  Although Federal would have the Court believe otherwise, ██████████ is not Federal's company-wide revenues (which are much larger).

Any reduction of gross written premium connected with the infringement of Blaze Advisor to the profits from that revenue stream is Federal's burden of proof.  It is also Federal's burden to prove if any of those profits are not attributable to the infringement of

1

Blaze Advisor.  17 U.S.C. § 504(b).  Federal's suggestion that the evidence to meet its burdens of proof is too difficult or impossible to present has no bearing on the right to trial by jury.  The implicit suggestion that the Court can make those determinations in the absence of evidence is equally meritless.

## I.      Blaze Advisor is a sophisticated software system facilitating a significant amount of Federal's business.

At the outset of its brief, Federal characterizes Blaze Advisor software as a "blank spreadsheet."  (Dkt. 331 at 1.) This is not true.  Blaze Advisor is a powerful business rules management system that automates customers' business decisions and enables facilitating and enhancing a high volume of transactions without or with limited human intervention.  Blaze Advisor is the industry leading business rules management system. Federal uses business rules to make a variety of decisions, including, for example, to determine whether to quote a risk and at what price. By using FICO's Blaze Advisor to automate Federal's decision-making, Federal is able to make faster, more precise, and more consistent decisions while reducing the complexity and cost of those decisions. This automation contributes to Federal selling more policies, capturing revenue, and increasing profits.  If Blaze Advisor were simply a blank spreadsheet, Federal would not have paid ███████████ for an initial license and ███████ more in professional services for FICO to integrate Blaze Advisor into its systems.

## II.     Federal's motion should be directed to the presiding Article III judge.

Federal improperly filed the instant motion as a non-dispositive motion before this Court.  Respectfully, motions to strike jury demands for recovery of profits in a copyright

case are decided by Article III judges. *Phx. Techs., Ltd. v. VMware, Inc.*, No. 15-cv-01414, 2017 U.S. Dist. LEXIS 72355, at *21-22 (N.D. Cal. May 11, 2017) (Haywood, J.); *Cisco Sys. Inc. v. Arista Networks, Inc.*, No. 14-cv-5344, Dkt. 661 at 12-13 n.2 (N.D. Cal. Nov. 16, 2016) (Freeman, J.); *Oracle Am., Inc. v. Google Inc.*, No.10-3561, Dkt. 1789 (N.D. Cal. May 3, 2016) (Alsup, J.); *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS(PJWx), 2015 U.S. Dist. LEXIS 139298 (C.D. Cal. Oct. 9, 2015) (Snyder, J.).

The lone case Federal cites, *Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S., Inc.*, is in accord. In *Goodbye Vanilla*, defendant filed a motion to strike plaintiff's jury demand directed to the Article III judge, Judge Wright.  Judge Wright then referred the case to the Magistrate Judge Rau for a report and recommendation.  No. 16-CV-13 (WMW/SER), 2016 U.S. Dist. LEXIS 152775, at *1 (D. Minn. Sept. 8, 2016) ("This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. (Order of Referral) [Doc. No. 65].").  *Goodbye Vanilla* does not support Federal's contention this Court may rule on the instant motion in the first instance. This Court should deny Federal's motion as procedurally improper.

**III.    Recovery of profits should be determined by the jury based on the Seventh Amendment, the Copyright Act and judicial precedent.**

Analysis of the Seventh Amendment, the Copyright Act and judicial precedent leads to the conclusion that the issue of recovery of profits *in this copyright case* is an issue for the jury to decide.  Here, recovery of profits is not an equitable issue.  The profits to recover should be tried to the jury for four reasons:

1)    Existing precedent treats recovery of profits for copyright infringement as an issue that is proper for the jury to determine;

2)      Historical treatises and 18th-century actions do not conclude that recovery of profits for copyright infringement is solely a job for the court;

3)      An examination of the remedy shows the determination of recovery of profits for copyright infringement is a fact-based determination; and

4)      Functionally, juries are adequately equipped to determine damages awards.

To frame the issue, the statutory relief of recovery of profits is set forth in 17 U.S.C. § 504(b):

The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, **and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages**. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

To determine whether a plaintiff has a Seventh Amendment right to a jury's determination of profits recovered, courts generally apply the two-part test from *Tull v. United States*, 481 U.S. 412, 417 (1987).  First, a court must compare the action with the analogous action brought in the courts of England during the eighteenth century, prior to the merger of law and equity, and determine whether the action would have been tried to a jury in the law courts.  *Id*.  Second, a court must look to the remedy sought and determine whether it is legal or equitable in nature.  *Id*.  According to the Supreme Court, the second factor is "more important" in the analysis.  *Id*. at 417-418.  In *Markman v. Westview Instruments*, the Supreme Court also took into account whether functional

considerations lead suggest judges are better suited to address the issue.  517 U.S. 370, 389-390 (1996).

A.   **The Copyright Act and precedent treat recovery of profits from copyright infringement as a jury question.**

1.   **The statutory language of the Copyright Act treats recovery of profits as a jury question.**

Review of the Copyright Act shows FICO is entitled to a jury trial on the issue of recovery of profits.  Certain remedies under the Copyright Act require the "court" to decide the remedy: injunctions (§ 502), impoundment (§ 503), costs and attorneys' fees (§ 505)).  In contrast, § 504(b) does not require the "court" to determine the amount of actual damages or the infringer's profits.  Based on the use of "court" in §§ 502, 503, and 505, ***but not in § 504***, Congress is presumed to have intended the jury decide remedies under § 504(b), not the judge. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.") (internal citation omitted*); FDA v. Brown & Williamson*, 529 U.S. 120, 133 (2000) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (internal citation omitted).  Statutory construction favors giving the issue of profit recovery to the jury.

### 2.     Prior precedent treats recovery of profits in a copyright case as a jury question.

It is undisputed that copyright actions are tried before a jury. *Cass Cty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 641-642 (8th Cir. 1996). Further, it is undisputed that the remedies of actual damages and statutory damages under the Copyright Act are jury questions. *See id.* Recovery of profits in this case is no different. Established precedent shows there is no legal error in giving the issue of recovery of profits to the jury.

The Supreme Court wrote in *Feltner v. Columbia Pictures TV* that profits in a copyright case are legal questions (for a jury):

> In contrast, the Copyright Act does not use the term "court" in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief.

523 U.S. 340, 345-46 (1998). *Feltner* has not been overturned.

The Ninth Circuit has expressly held there is a Seventh Amendment right to a jury trial on the issue of recovery of profits in a copyright case. *Sid & Marty Krofft TV Prods. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977) (superseded on other grounds). The Eighth Circuit has affirmed jury awards for recovery of profits. *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 800 (8th Cir. 2003) ("We reverse the district court's grant of Audi's judgment as a matter of law and reinstate the jury's $ 570,000 award of profits."); *Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1068, 1073 (8th Cir. 1995). Many other circuits treat disgorgement as a question for the jury.[1]  Notably,

---

[1] *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK (AGRx), 2015 U.S. Dist. LEXIS 97262 (C.D. Cal. July 14, 2015); *Looney Ricks Kiss Architects, Inc. v. Bryan,* No. 07-0572, 2014 U.S. Dist. LEXIS 35562, at *7 (W.D. La. Mar. 18, 2014); *Bergt v.*

the Seventh, Ninth, and Eleventh Circuits and the American Bar Association each have

model jury instructions for recovery of profits in a copyright case that submit the issue to

the jury for decision.  (Declaration of Heather J. Kliebenstein (henceforth "Kliebenstein

Decl.") Ex. 1.)

*Petrella* did not overturn this jurisprudence.  *Petrella v. Metro-Goldwyn-Mayer,

Inc.*, 572 U.S. 663 (2014) addresses the applicability of laches in copyright cases.  The

right to jury trial was not before the *Petrella* Court.  In a dicta footnote, the Court stated:

> Like other restitutional remedies, recovery of profits "is not easily characterized as
> legal or equitable," for it is an "amalgamation of rights and remedies drawn from
> both systems." Restatement (Third) of Restitution and Unjust Enrichment § 4,
> Comment *b*, p. 28 (2010). Given the "protean character" of the profits-recovery
> remedy, see *id.*, Comment *c*, at 30, we regard as appropriate its treatment as
> "equitable" ***in this case***.

*Id.* at 668 n.1 (emphasis added).  This footnote does not create a blanket rule that (1)

recovery of profits in a copyright case is equitable in nature or (2) there is no right to a

jury trial on the issue of recovery of profits when laches is not a defense.  Treating

recovery of profits as "equitable" when considered in relation to laches—an equitable

defense—does not render **all** profit recovery claims equitable.

*Petrella* did not overturn *Feltner* or the other cases cited above.  A review of prior

orders shows the issue of a right to a jury trial on recovery of profits in a copyright case

---

*McDougal Littell*, 661 F. Supp. 2d at 927 (N.D. Ill. 2009).  Appellate decisions regarding
defendant's profit awards under §504(b) resulting from jury findings are also numerous.
*See, e,g, Bouchat v. Balt. Ravens Football Club, Inc*., 346 F.3d 514, 516 (4th Cir. 2003);
*Bonner v. Dawson*, 404 F.3d 290, 295 (4th Cir. 2005); *Polar Bear Prods. v. Timex Corp*.,
384 F.3d 700 (9th Cir. 2004); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th
Cir. Cal. 2000).

was not raised or argued by the parties or the lower courts.  *Petrella v. Metro-Goldwyn-Mayer Inc.*, 695 F.3d 946 (9th Cir. 2012); *Petrella v. Metro-Goldwyn-Mayer Inc.*, 2010 WL 11531222 (Feb. 3, 2010 C.D. Cal.).  The footnote cannot be read as binding precedent for this reason.  *See Legal Servs. v. Velazquez*, 531 U.S. 533, 557 (2001) ("Judicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed.").  *Petrella*'s dicta footnote regarding recovery of profits *in that case* does not take recovery of profits away from the jury.

Instead, the *Petrella* decision acknowledged that recovery of profits is not solely an equitable issue.  Justice Ginsburg recognized that "recovery of profits is not easily characterized as legal or equitable." 572 U.S. at 668 n.1 (internal quotation omitted). Instead, the nature of the award is "protean"—always changing.  *Id.  Petrella* made no effort to create a bright line rule regarding recovery of profits, and expressly limited its decision to "in this case."  Justice Ginsburg took steps to make clear that the Supreme Court was not creating such a rule.

The facts of the *Petrella* lawsuit demonstrate the footnote is only applicable to that case.  In *Petrella*, the plaintiff admitted it knowingly delayed filing suit until MGM's profits from the sale of the movie at issue were high.  695 F.3d 946, 952-53 (9th Cir. 2012); 2010 WL 11531222, at *6 (C.D. Cal. Feb. 3, 2010) ("[T]he only justification offered for the delay is that Plaintiff waited to bring suit to assess the Film's profitability.").  The Supreme Court viewed Petrella's pursuit of profits in that case in the light of the long and deliberate delay.

The facts of the present case are much different from the facts of *Petrella*. FICO terminated the license agreement following Federal's breach. FICO brought suit less than one month later. Any concerns over calculated delays that the *Petrella* court had are not present. FICO's disgorgement claim should be tried to the jury.

### 3. Post-*Petrella*, courts faced with motions to strike have given the recovery of profits decision to the jury.

Not surprisingly, the footnote in *Petrella* has given profitable defendants with large revenues, like Federal, hope to keep their revenues and profit figures away from juries. Other courts have recently faced motions to strike, post-*Petrella*. These courts have uniformly given the recovery of profits issue to the jury. In *Phoenix Technologies, Ltd. v. VMware, Inc.*, the court first distinguished disgorgement under the Lanham Act from recovery of profits under the Copyright Act and then noted the Ninth Circuit has affirmed jury awards of profits in copyright cases. 2017 U.S. Dist. LEXIS 72355, at *21-22. Judge Haywood concluded: "The Court therefore is not persuaded that the award of infringer's profits is an equitable remedy in the copyright context, and will submit this issue to the jury." *Id.*

In *Fahmy v. Jay-Z*, the court distinguished recovery of profits under the Lanham Act from the Copyright Act and noted that post-*Petrella*, the case law is unclear as "to treat the award of profits as an equitable remedy." 2015 U.S. Dist. LEXIS 139298, at *3-4. Judge Snyder decided "the Court will have the issue of plaintiff's recovery of profits presented to the jury and will treat the jury's verdict on this issue as advisory." *Id.* at *4.

In *Oracle America, Inc. v. Google Inc.*, Judge Alsup ruled: "The disgorgement issue will remain with the jury for decision and post-verdict, the Court will rule on the *Petrella* issue and at the very least treat the disgorgement verdict as advisory, if not conclusive." No.10-3561, Dkt. 1789 (N.D. Cal. May 3, 2016).

Finally, in *Cisco Systems Inc. v. Arista Networks, Inc.*, Judge Freeman ruled: "In light of how other courts have approached the unsettled issue of the right to trial by jury on disgorgement of profits claim, this Court will submit the disgorgement of profits claim to the jury and treat the disgorgement verdict as advisory, if not conclusive. The *Petrella* issue may be addressed by the parties post-verdict, if necessary." No. 14-cv-5344, Dkt. 661 at 12-13 n.2 (N.D. Cal. Nov. 16, 2016). There is no case law that supports Federal's position; the authority in copyright cases goes against Federal's request to strike.

### 4.     Federal's cited trademark cases and single trade secret case are not applicable to this case.

Federal relies on a string of a single trade secret case and seven (7) trademark cases for support.[2]  None of these cases involves copyright claims. This Court should not use trademark and trade secret cases as proxies for determining jury questions in a

---

[2] *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics Am., Inc.*, 895 F.3d 1304 (Fed. Cir. 2018); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019); *Kars 4 Kids Inc. v. America Can.*, No. 3:14-cv-7770 (PGS) (DEA), 2019 WL 2078670, at *3 (D.N.J. May 10, 2019); *O'Reilly Auto. Stores, Inc. v. Bearing Techs., Ltd.*, No. 16-3102-CV-S-BP, 2018 WL 4862366, at *1 (W.D. Mo. Oct. 8, 2018); *Arctic Cat, Inc. v. Sabertooth Motor Grp., LLC*, No. CV 13-146 (JRT/JSM), 2016 WL 4212253, at *6 (D. Minn. Aug. 9, 2016); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778F.3d 1059, 1065 (9th Cir. 2015); *Koninklijke Philips N.V. v. Hunt Control Sys., Inc.*, No. 11-3684 (SRC)(CLW), 2016 WL 6892079, at *1 (D.N.J. Nov. 21, 2016); M*innesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club*, LP, No. CIV. 00-2317 JRTFLN, 2002 WL 1763999, at *10 (D. Minn. July 26, 2002).

copyright action.  The Lanham Act states recovery of profits is an equitable remedy for

the court to determine:

> [S]*ubject to the principles of equity*, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. *The court* shall assess such profits and damages or cause the same to be assessed under its direction….If *the court* shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

15 U.S.C. § 1117(a). The Copyright Act does not give recovery of profits to the court:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).  Under the Lanham Act, the awards are subject to the principles of

equity.  Not so under the Copyright Act.  Under the Lanham Act, "The Court" assesses

profits.  Not so under the Copyright Act.  Under the Lanham Act, the Judge may use

discretion if the award is too high. Not so under the Copyright Act.

Federal's reliance on a trade secret case, *Texas Advanced*, is also misplaced.  As

the Federal Circuit recognized in *Texas Advanced*, trade secret actions were originally

brought in courts of equity.  *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas

Electronics Am., Inc.*, 895 F.3d 1304, 1323 (Fed. Cir. 2018).  The Federal Circuit failed

to recognize that 35 U.S.C. § 289 of the Patent Act allows for recovery of profits, and

courts have ruled this calculation is a legal remedy.  The Federal Circuit also did not

11

compare the statutes and constitutional underpinnings—indeed, the trade secret law asserted was a Texas state law.  Federal's reliance on non-copyright cases is misguided.

Here, the statutes and copyright cases counsel to the contrary.  Precedent shows courts give the issue of recovery of profits to the jury in copyright actions.  *See* footnote 1; *see also Phx. Techs.*, 2017 U.S. Dist. LEXIS 72355, at *21-22; *Fahmy*, 2015 U.S. Dist. LEXIS 139298, at *3-4.

As the Eighth Circuit noted in *Cass County Music*, copyright cases are most comparable to patent infringement actions (not trademark actions) because the infringement actions are functionally the same and copyright and patent actions stem from the same constitutional derivation.  *Cass County Music Co. v. C.H.L.R. Inc.*, 88 F.3d 635, 641-642 (1996); *see also* U.S. Const. art. 1, § 8, cl. 8.  In the patent infringement context, recovery of profits under 35 U.S.C. § 289 is a jury question.  *Ross v. Plastic Playthings, Inc.*, 138 F. Supp. 887, 888–89 (S.D.N.Y. 1956) (denying motion to strike jury demand and holding that complaint seeking profits for design patent infringement under 35 USC § 289 was triable to jury as a matter of right); *see also Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:17-CV-01781-HZ, 2018 U.S. Dist. LEXIS 64692, at *2-4 (S.D. Cal. Apr. 17, 2018) (upholding jury's award for profits under § 289 and granting in part motion for prejudgment interest).

Federal cites to one sentence in the copyright treatise, Nimmer on Copyright, for support.  (Dkt. No. 331 at 9-10.)  Federal fails to cite the entire relevant passages, as follows:

That disposition [footnote 1 in Petrella] places recovery of defendant's profits squarely on the equitable side of the ledger.  But the ruling is hedged by the characterization that the treatment is appropriate "in this case." The question thus arises whether other cases could reasonably treat plaintiff's attempt to recover defendant's profits on the legal side of the line. No standards emerge from the face of the opinion itself.

Given *Petrella's* general rejection of the laches defense, the consequence is that plaintiffs who file timely within the bar of the statute of limitations may seek all forms of monetary relief.  Included are awards for damages, as well as for profits.  Nonetheless, to the extent that "extraordinary circumstances" pertain, then plaintiff will not be able [sic] equitable relief.  Under that scenario, profits will stand outside permissible recovery—but actual and statutory damages will still remain recoverable.

*See* 3 Melvin B. and David Nimmer, Nimmer on Copyright § 12.06[B][3][d][i] (2019).

Further, the section on recovery of profits under Section 504(b) states:

The recovery of defendant's profits has traditionally been regarded as a form of equitable relief, tracing back to the first such award in 1737.  Nonetheless, following the doctrine of *Dairy Queen v. Wood,* it has been stated that, in a copyright infringement action, there is a right to a jury trial on the issue of defendant's profits. Particularly after *Feltner v. Columbia Pictures Television, Inc.*, the danger arises that denying trial by jury on this issue to a party who so requests will be deemed constitutionally suspect. Still, it remains to get to the bottom of the issue, to determine if an award of profits is more in the nature of restitution than punishment, and therefore falls within the scope of equity.

4 Nimmer on Copyright § 14.03(E).  To the extent this Court finds the issue mixed, the best course is to grant a jury trial to avoid reversal and a re-trial (as Nimmer and post-*Petrella* cases agree).

### B.     Historical treatises and 18th-century actions do not require that a court determine profits in a copyright action.

A historical analysis does not alter the conclusion that the Copyright Act and precedent treat the determination of recovery of profits as a jury issue.  The first federal copyright legislation, the Act of May 31, 1790, ch. 15, 1 Stat. 124, stated that copyright

13

infringement was a legal action (not equitable) granting relief in actions at law.  *See also,* William F. Patry, *The Right to a Jury in Copyright Cases*, 191 J. Copyright Soc'y 139, 156 (1981).

Drawing from patent law (which the Eighth Circuit in *Cass County Music*[3] noted is comparable to copyright law), the pre-1946 Patent Act allowed for recovery of profits. Courts characterized this remedy as legal.  Specifically, the Supreme Court held that recovery of infringer's profits under the pre-1946 Patent Act as "a compensation for the injury . . . sustained from the invasion of a right" and such profits are thus a "measure of his damages." *Mowry v. Whitney*, 81 U.S. 620, 653 (1871); *Swofford v. B & W*, 336 F.2d 406, 411 (5th Cir. 1964).  This historical precedent suggests that a damages award in a copyright case, calculated from the profits of the infringer and not taken into account with actual damages, is legal in nature.

Federal suggests that an examination of recovery of profits under Section 504(b) to 18th-century actions leads to the conclusion that recovery of profits in a copyright context is not a jury question.  Federal points to no authority that establishes a calculation of profits from infringement not taken into account in computing actual damages was historically an equitable action.  General treatise language that suggests recovery of profits remedies in general were equitable is insufficient.

---

[3] As stated earlier, the Supreme Court treats patent and copyright cases as analogous, given both stem from the constitution and the infringement analysis is "functionally the same."  *Cass Cty. Music*, 88 F.3d at 641-642.

C.     **An examination of the remedy shows recovery of profits is a factually based calculation best suited for the jury.**

Moving on from precedent, giving the recovery of profits calculation to a jury makes sense.  It is the type of fact-finding exercise suited for the jury.  In the Eighth Circuit, the jury is the traditional fact-finder.  *Cass Cty. Music*, 88 F.3d at 644.  Section 504(b) involves fact-finding because the statute gives clear instruction on the mathematical calculation for the jury:

> In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).  There is no room for the exercise of discretion.  In fact, the Eighth Circuit has stated:

> We hold that the assessment of damages, whether actual or statutory, is such a function and is easily performed by a jury in the ordinary copyright infringement case.

*Cass Cty. Music*, 88 F.3d at 642.

As the copyright owner, FICO need only present proof of Federal's gross revenue. 17 U.S.C. § 504(b).  Here, FICO will present the gross written premium from insurance policies in connection with which Blaze Advisor was used.  When the copyright owner meets its burden, "a rebuttable presumption that the defendant's revenues *are entirely attributable* to the infringement arises."  *Andreas*, 336 F.3d at 796 (emphasis added) (acknowledging standard used by district court).

The burden then shifts to Federal to provide the "deductible expenses" and "the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C.

§ 504(b); *see also Andreas*, 336 F.3d at 795.  "If the defendant wishes to establish that its operating expenses are deductible expenses, it has the burden of proving that each item of general expense contributed to the production of the infringing items, and of further offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Victor Stanley, Inc. v. Creative Pipe, Inc*., No. MJG-06-2662, 2011 U.S. Dist. LEXIS 112846, at *14-16 (D. Md. Sep. 30, 2011) (internal quotation omitted).

The calculation is simple and clear.  In contrast to recovery of profits under the Lanham Act (or an injunction or equitable doctrines like laches), the jury is not asked to use its discretion or weigh equitable factors.  Unlike patent claim construction or contract interpretation, the jury is not tasked with construing a legal document.  A verdict that strays from evidence under Section 504(b) will be overturned on appeal for failure to follow the statutory instructions.  *See Blackman v. Hustler Magazine, Inc*., 800 F.2d 1160, 1164 (D.C. Cir. 1986) (reversing bench trial award of damages where district court failed "to follow the scheme prescribed by Congress" and awarded a profit figure "not based on facts").  The instructions are clear and the kind a jury is accustomed to follow.

## IV.   Federal's alleged prejudice is of its own making, and is not a "functional" consideration to avoid a jury trial.

The Supreme Court introduced "functional considerations" in *Markman*.  In that case, the Supreme Court was grappling with who was better suited to construe patent claim terms—a judge or a jury.  *Markman v. Westview Instruments*, 517 U.S. 370 (1996). The Supreme Court articulated "functional considerations" as:

> When an issue falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question.

517 U.S. at 388. The functional consideration focuses on the jury's *ability* to decide an issue generally across all lawsuits of the type—not whether it was particularly difficult in a single case. In *Markman*, the Supreme Court compared claim construction to contract interpretation and focused on the need to create uniformity. *Id*. at 390-391. Alleged prejudice to a defendant in a single case was not the type of functional consideration the Supreme Court had in mind when it discussed functional considerations.

Here, Federal articulates two types of "prejudice." The first prejudice is the jury reaction to hearing Federal made ███████ from insurance policies in connection with which Blaze Advisor was used. The second prejudice is that the math involved in determining the amount of profits FICO can recover is complicated. Neither form of prejudice supports abrogating FICO's right to a jury trial.

### A. **Prejudice from high damages exposure is not a functional consideration requiring the Court to abrogate FICO's Seventh Amendment right.**

Federal wants to keep recovery of profits away from the jury to avoid "prejudice." Federal claims FICO "intends to present this ███████ figure to the jury, and then leave it to the jury to isolate only those profits that are 'attributable' to Federal's use of Blaze." (Dkt. No. 331 at 2.) Not so. FICO leaves to Federal the burden, as the statute requires, to present evidence upon which the jury can determine the profits attributable to infringement. The fact that ███████ of liability follows from the evidence

comes simply from the application of 17 U.S.C. § 504(b).  That is the consequence of copyright infringement.  It is not "prejudice" in any sense.

Federal's reliance on *Uniloc USA, Inc. v. Microsoft Corp.* is misplaced.  (*See* Dkt. 331 at 9-10.)  *Uniloc* is a patent case where the Federal Circuit affirmed vacating a reasonable royalty damages award because the patentee's damages expert referenced the gross revenues of the infringing product ████████ during trial.  The Federal Circuit determined gross revenue was irrelevant to the royalty calculation and likely to "skew the damages horizon." 632 F.3d 1292, 1319-20 (Fed. Cir. 2011).  The issue in *Uniloc* was not whether the plaintiff had a right to a jury trial on the issue of a patent reasonable royalty. The Federal Circuit remanded the case for a ***second jury trial*** on the issue of damages.

Further, calculation of a patent reasonable royalty is inherently different from calculation of recovery of an infringer's profits under the Copyright Act.  A reasonable royalty calculation in a patent case does not start with identification of the infringer's gross revenues.  As a result, in *Uniloc*, the Federal Circuit was concerned about the gross revenue number "skew[ing] the damages horizon."  632 F.3d at 1320.  No such concern exists here.  As FICO will establish a nexus between Federal's ████████ of gross written premiums, ████████ *is* the damages horizon.  Federal—not FICO—has the burden to show "Federal's revenues are attributable . . . [to] innumerable other factors." (Dkt. 331 at 10.)  Consequently, Federal is in no way prejudiced if the jury sees the ████ ████ revenue value.  Indeed, it is FICO who will be prejudiced if the jury cannot hear the full measure of FICO's damages award.

### B.     Federal's alleged prejudice is self-inflicted and not a basis to take recovery of profits away from the jury.

Federal argues the determination of what profits are "attributable" to Federal's use of Blaze Advisor is "complex." (Dkt. 331 at 10.)  Federal believes the work to apportion Federal's profits between "Blaze as opposed to innumerable other factors" is "complex (and likely impossible)." (*Id*.)  These concerns relate to the evidence Federal must present under its burden of proof.  A jury is fully capable of assessing that evidence if presented. Juries in many other similar copyright cases—where plaintiff seeks recovery of indirect profits—have made this exact same determination. *See* footnote 1.

FICO will meet its burden under Section 504(b) by presenting the revenue from insurance policies that are connected to Blaze Advisor.  The ███████ figure is not Federal's overall revenues, but rather the portion that Federal identified during discovery as coming from insurance policies that touch Blaze Advisor.  Federal provided the figure in response to FICO's Interrogatory Nos. 17-20:

> **INTERROGATORY NO. 17:** For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

> **INTERROGATORY NO. 18:** From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

> **INTERROGATORY NO. 19:** From the date of first use of the Blaze Advisor® software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each

company, from all insurance policies in connection with which the Software was used.

**INTERROGATORY NO. 20:** From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

As evidenced by the interrogatories and Federal's verified unqualified answers, the revenue provided in answer to FICO's interrogatories are *only* from insurance policies in connection with which Blaze Advisor was used. FICO will meet its burden of presenting gross revenue reasonably connected to Federal's infringement.

Next, it is Federal's burden to introduce to the jury (1) evidence of costs and (2) evidence that shows what amount of the profits are attributable to factors other than the copyright infringement. 17 U.S.C. § 504(b). Federal's damages expert, Mr. Christopher Bakewell, presented a disgorged profit of ███████████ after taking cost deductions. (Kliebenstein Decl. Ex. 2 at 65.) ████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████ Federal's failure to prove up its own costs and apportionment case cannot take the recovery of profits calculation away from the jury in future cases.

## V.     Conclusion

Federal's motion to strike FICO's jury demand on recovery of profits must be denied. Federal's instant motion to this Court is procedurally improper. The Copyright Act and established precedent demonstrate FICO has a right to a jury trial. Federal's

concern of any prejudice is misplaced.  Accordingly, this Court must deny Federal's

motion to strike FICO's jury demand on recovery of profits.

Dated: July 17, 2019

MERCHANT & GOULD P.C.

/s/Heather J. Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff FICO*