# EXHIBIT 1

# FEDERAL CIVIL
# JURY INSTRUCTIONS
# OF THE
# SEVENTH CIRCUIT

_____

**Prepared By**
**The Committee on Pattern Civil Jury Instructions**
**of the Seventh Circuit**

(2017 rev.)

| | | |
|---|---|---|
| 11.2.11.1 | Infringement — Definition | 273 |
| 11.2.11.2 | Infringement — Doctrine of Equivalents | 275 |
| 11.2.11.3 | Infringement — Means-Plus-Function Claim Language | 277 |
| 11.2.11.4 | Determining Infringement | 279 |
| 11.2.12 | Indirect Infringement — Inducement | 280 |
| 11.2.13 | Indirect Infringement — Contributory Infringement | 281 |
| 11.2.14 | Willful Infringement | 283 |

**11.3. *Invalidity***

| | | |
|---|---|---|
| 11.3.1 | Validity — General | 286 |
| 11.3.2 | Invalidity — Specification Requirements | 287 |
| 11.3.2.1 | Specification Requirements — Written Description | 288 |
| 11.3.2.2 | Specification Requirements — Enablement | 289 |
| 11.3.2.3 | Specification Requirements — Best Mode | 291 |
| 11.3.2.4 | Specification Requirements — Indefiniteness | 292 |
| 11.3.3 | Section 102 and 103 Defenses — Definition of "Prior Art" | 293 |
| 11.3.4 | Section 102 Defenses — Prior Art - Definitions | 295 |
| 11.3.5 | Section 102 Defenses — Elements | 297 |
| 11.3.6 | Obviousness | 299 |
| 11.3.6.1 | Obviousness — Additional Factors Indicating Non-Obviousness | 302 |
| 11.3.6.2 | Obviousness – Combining of Prior Art References | 304 |
| 11.3.7 | Inequitable Conduct | 305 |

**11.4. *Damages***

| | | |
|---|---|---|
| 11.4.1 | Damages — General | 306 |
| 11.4.2 | Two Types of Damages — Lost Profits & Reasonable Royalty | 307 |
| 11.4.3 | Lost Profits | 308 |
| 11.4.3.1 | Lost Profits — *Panduit* Test | 310 |
| 11.4.3.2 | Lost Profits — Two Supplier Market | 312 |
| 11.4.3.3 | Lost Profits — Market Share Method | 313 |
| 11.4.3.4 | Lost Profits — Collateral Sales | 314 |
| 11.4.3.5 | Lost Profits — Price Erosion / Cost Increases | 315 |
| 11.4.3.6 | Lost Profits — Amount | 316 |
| 11.4.4 | Reasonable Royalty | 318 |
| 11.4.5 | Single / Multiple Recoveries for Infringing Act | 321 |
| 11.4.6 | Requirement of Notice (Claims Involving Products) | 322 |
| 11.4.7 | Totaling the Damage Award | 324 |

**12.  Copyright** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **325**

| | | |
|---|---|---|
| 12.1.1 | Copyright — Allegation Defined | 326 |
| 12.2.1 | Copyright Infringement | 327 |
| 12.3.1 | Validity | 329 |
| 12.4.1 | Ownership | 331 |
| 12.4.2 | Ownership — Works Made for Hire | 333 |
| 12.4.3 | Ownership — Compilation or Collective Work | 334 |
| 12.4.4 | Ownership — Derivative Work | 335 |
| 12.5.1 | Copying | 336 |

12.5.2      Copying — Definition of "Protected Expression" . . . . . . . . . . . . . . . . . 338
12.6.1      Derivative Liability — Vicarious Infringement . . . . . . . . . . . . . . . . . . . 340
12.6.2      Derivative Liability — Contributory Infringement. . . . . . . . . . . . . . . . 342
12.7.1      Defenses — Fair Use  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 345
12.7.2      Defenses — Abandonment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 348
12.7.3      Defenses — Unclean Hands / Estoppel  . . . . . . . . . . . . . . . . . . . . . . . 349
12.8.1      Damages — General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 350
12.8.2      Damages — Actual Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 351
12.8.3      Damages — Defendant's Profits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 352
12.8.4      Damages — Statutory Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 353

13. **TRADEMARK**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **356**
13.1.1      Trademark/Trade Dress Infringement -- Nature of Claim  . . . . . . . . . . 357
13.1.2      Trademark/Trade Dress infringement – Elements . . . . . . . . . . . . . . . . 359
13.1.2.1    Ownership and Priority – Unregistered and Contestable Marks. . . . . . 364
13.1.2.2    Validity - Trademark /Trade Dress . . . . . . . . . . . . . . . . . . . . . . . . . . . 366
13.1.2.2.1  Validity - Trademark – Inherent Distinctiveness -- Fanciful,
            Arbitrary, and Suggestive Marks  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 367
13.1.2.2.2  Validity - Trade Dress - Inherent Distinctiveness. . . . . . . . . . . . . . . . . 370
13.1.2.2.3  Validity – Descriptive Trademark/Trade Dress – Acquired
            Distinctiveness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 372
13.1.2.2.4  Validity – Trademark/Trade Dress – Acquired Distinctiveness . . . . . . 374
13.1.2.2.5  Validity – Generic Trademark/Trade Dress . . . . . . . . . . . . . . . . . . . . . 377
13.1.2.2.6  Validity – Trade Dress – Non-Functionality Requirement . . . . . . . . . . 380
13.1.2.3    Infringement – Elements – Likelihood Of Confusion – Factors. . . . . . 383
13.2.1      Contributory Infringement  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 386
13.3.1      False Advertising Under Lanham Act – Elements of Claim. . . . . . . . . 388
13.4.1      Trademark Dilution – Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 390
13.5.1      Affirmative defenses – Nominative Fair Use . . . . . . . . . . . . . . . . . . . . 391
13.5.2      Affirmative Defenses – Classic Fair Use . . . . . . . . . . . . . . . . . . . . . . . 393
13.5.3      Affirmative Defenses – Laches/Acquiescence . . . . . . . . . . . . . . . . . . . 395
13.5.4      Affirmative Defenses – Abandonment . . . . . . . . . . . . . . . . . . . . . . . . . 396
13.5.5      Affirmative Defenses – Continuous Prior Use – Registered Marks . . . . 397
13.5.6      Affirmative Defenses – Registered Trade Dress – Functionality  . . . . . 399
13.5.7      Affirmative Defenses – Genericness – Incontestable
            Trademark / Trade Dress. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400
13.5.8      Affirmative Defenses – Fraud in Procurement . . . . . . . . . . . . . . . . . . . 401
13.6.1      Remedies – Types . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 402
13.6.2      Remedies – Actual or Statutory Notice – Registered Marks  . . . . . . . . 403
13.6.3      Actual Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404
13.6.4      Defendant's Profits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 407
13.6.5      Intentional Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 409

**APPENDIX: SAMPLE PRELIMINARY INSTRUCTIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **410**

(2017 rev.)

## 12.8.3 DAMAGES — DEFENDANT'S PROFITS

[In addition to recovering for his actual losses,] Plaintiff is entitled to recover the profits that Defendant made because of the infringement. [Defendant's profits are recoverable, however, only to the extent that you have not taken them into account in determining Plaintiff's actual losses.]

Defendant's profits are revenues that Defendant made because of the infringement, minus Defendant's expenses in [producing; distributing; marketing; selling] the [*insert description of infringing material, e.g. product, advertisement, book, song, etc.*]. Plaintiff need only prove Defendant's revenues. Defendant must prove his own expenses [and any portion of his profits that resulted from factors other than infringement of Plaintiff's copyright].

### Committee Comments

**1.     General authority.** *See* 17 U.S.C. §504(b). The rationale for allowing the copyright owner to recover the infringer's profits in addition to the owner's actual losses is that it prevents the infringer from keeping "windfall" profits that he made from his decision to infringe the copyright rather than to negotiate with the copyright owner for a license. *See Taylor v. Meirick,* 712 F.2d 1112, 1120 (7th Cir. 1983); *Bucklew v. Hawkins, Ash, Baptie & Co.,* 329 F.3d 923, 931 (7th Cir. 2003).

**2.     Standard.** *See, e.g., Hamil America Inc. v. GFI,* 193 F.3d 92, 108 n. 7 (2d Cir. 1999); *Robert R. Jones Assocs., Inc. v. Nino Homes,* 858 F.2d 274, 281 (6th Cir. 1988).

**3.     Actual Losses and Profits.** The bracketed language in the instruction's first paragraph should be used only in cases where the plaintiff seeks to recover both actual losses and the defendant's profits.

352                                                                      (2008 rev.)

15.1    Preliminary Instruction—Trademark . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 302
15.2    Definition—Trademark (15 U.S.C. § 1127) . . . . . . . . . . . . . . . . . . . . . . . . . 305
15.3    Definition–Trade Dress (15 U.S.C. § 1125(a)). . . . . . . . . . . . . . . . . . . . . . . 308
15.4    Definition—Trade Name/Commercial Name (15 U.S.C. § 1127) . . . . . . . . . 311
15.5    Trademark Liability—Theories and Policies (15 U.S.C. §§ 1114(1), 1125(a) . 312
15.6    Infringement—Elements and Burden of Proof—Trademark    (15 U.S.C.
        § 1114(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314
15.7    Infringement—Elements and Burden of Proof—Trade Dress    (15 U.S.C.
        § 1125(a)(1)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 316
15.8    Infringement—Elements—Presumed Validity and Ownership—Registered
        Trademark (15 U.S.C. §§ 1057, 1065 and 1115) . . . . . . . . . . . . . . . . . . . . . . 318
15.9    Infringement—Elements—Validity—Unregistered Marks . . . . . . . . . . . . . . . 323
15.10   Infringement—Elements—Validity—Unregistered Mark—Distinctiveness . . . 324
15.11   Infringement—Elements—Validity—Distinctiveness—Secondary Meaning . . 330
15.12   Infringement—Elements—Validity—Trade Dress—Non-Functionality
        Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 333
15.13   Infringement—Elements—Ownership—Generally . . . . . . . . . . . . . . . . . . . . . 336
15.14   Infringement—Elements—Ownership—Priority Through Tacking. . . . . . . . . 338
15.15   Trademark Ownership—Assignee (15 U.S.C. § 1060) . . . . . . . . . . . . . . . . . . 339
15.16   Trademark Ownership—Licensee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 340
15.17   Trademark Ownership—Merchant or Distributor . . . . . . . . . . . . . . . . . . . . . . 341
15.18   Infringement—Likelihood of Confusion—Factors—*Sleekcraft* Test
        (15 U.S.C. §§ 1114(1) and 1125(a)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 342
15.19   Infringement—Likelihood of Confusion—Factor—Strength of Trademark . . . 346
15.19A        Expressive Works . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 349
15.20   Derivative Liability—Inducing Infringement . . . . . . . . . . . . . . . . . . . . . . . . 351
15.21   Derivative Liability—Contributory Infringement. . . . . . . . . . . . . . . . . . . . . . 352
15.22   Defenses—Abandonment—Affirmative Defense—Defendant's Burden of
        Proof (15 U.S.C. § 1127) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 354
15.23   Defenses—Continuous Prior Use Within Remote Geographic Area—
        Affirmative  Defense (15 U.S.C. § 1115(b)(5)). . . . . . . . . . . . . . . . . . . . . . . . 356
15.24   Defenses—"Classic" Fair Use (15 U.S.C. § 1115(b)(4)) . . . . . . . . . . . . . . . . 358
15.25   Defenses—Nominative Fair Use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 361
15.26   Trademark Damages—Actual or Statutory Notice (15 U.S.C. § 1111) . . . . . . 364
15.27   Trademark Damages—Plaintiff's Actual Damages (15 U.S.C. § 1117(a)) . . . . 365
15.28    Trademark Damages—Plaintiff's Statutory Damages (15 U.S.C. § 1117(c) and
        (D)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 367
15.29   Trademark Damages—Defendant's Profits (15 U.S.C. § 1117(a)) . . . . . . . . . 368
15.30   Trademark Dilution (15 U.S.C. § 1125(c)). . . . . . . . . . . . . . . . . . . . . . . . . . . 370
15.31   Anti-Cybersquatting (15 U.S.C. § 1125(d)) . . . . . . . . . . . . . . . . . . . . . . . . . . 371

16.     Patents (withdrawn) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 372

17.     Copyright . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 373
15.1    Preliminary Instruction—Copyright . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 375

17.2     Copyright—Defined (17 U.S.C. § 106) . . . . . . . . . . . . . . . . . . . . . . . . . . 379
17.3     Copyright—Subject Matter—Generally (17 U.S.C. § 102) . . . . . . . . . . . . . . . 380
17.4     Copyright—Subject Matter—Ideas and Expression (17 U.S.C. § 102(b)). . . . . 382
17.5     Copyright Infringement—Elements—Ownership and Copying (17 U.S.C. § 501(a)–(B)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 383
17.6     Copyright Infringement—Ownership of Valid Copyright—Definition (17 U.S.C. §§ 201–205) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 385
17.7     Copyright Infringement— Copyright Registration Certificate    (17 U.S.C. § 410(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 386
17.8     Copyright Interests—Authorship (17 U.S.C. § 201(a)) . . . . . . . . . . . . . . . . . 388
17.9     Copyright Interests—Joint Authors (17 U.S.C. §§ 101, 201(a)) . . . . . . . . . . . 389
17.10    Copyright Interests—Authors of Collective Works (17 U.S.C. § 201(c)) . . . . . 392
17.11    Copyright Interests —Work Made for Hire by Employee (17 U.S.C. § 201(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 393
17.12    Copyright Interests —Assignee (17 U.S.C. § 201(d)(1)) . . . . . . . . . . . . . . . . 396
17.13    Copyright Interests—Exclusive Licensee (17 U.S.C. § 201(d)(2)) . . . . . . . . . 398
17.14    Copyright Infringement—Originality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400
17.15    Copyright Interests—Derivative Work (17 U.S.C. §§ 101, 106(2)). . . . . . . . . 402
17.16    Compilation (17 U.S.C. § 101) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 404
17.17    Copying—Access and Substantial Similarity . . . . . . . . . . . . . . . . . . . . . . . . 405
17.18    Copyright Infringement—Copying—Access Defined . . . . . . . . . . . . . . . . . . 407
17.19    Substantial Similarity—Extrinsic Test; Intrinsic Test . . . . . . . . . . . . . . . . . . 409
17.20    Secondary Liability—Vicarious Infringement—Elements and Burden of Proof. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 411
17.21    Secondary Liability—Contributory Infringement—Elements and Burden of Proof. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 413
17.21A Copyright—Useful Articles/Functional Elements (17 U.S.C. § 101) . . . . . . . 415
17.22    Copyright—Affirmative Defense—Fair Use (17 U.S.C. § 107). . . . . . . . . . . . 416
17.23    Copyright—Affirmative Defense—Abandonment. . . . . . . . . . . . . . . . . . . . . 420
17.24    Copyright—Affirmative Defense—Copyright Misuse. . . . . . . . . . . . . . . . . . . 421
17.25    Copyright—Affirmative Defense—Implied License . . . . . . . . . . . . . . . . . . . 423
17.25A          Copyright—Affirmative Defense—Express License . . . . . . . . . . . . . . 425
17.26    Copyright—Affirmative Defense—First Sale (17 U.S.C. § 109(a)). . . . . . . . . 426
17.27    Copyright—Service Provider of Network Communications Services Defined (17 U.S.C. § 512(i), (K)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 427
17.28    Copyright—Affirmative Defense—Limitation on Liability for Transitory Digital Network Communications (17 U.S.C. § 512(a)) . . . . . . . . . . . . . . . . . 428
17.29    Copyright—Affirmative Defense—Limitation on Liability for System Caching (17 U.S.C. § 512(b)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 430
17.30    Copyright—Affirmative Defense—Limitation on Liability for Information Residing on Systems or Networks at Direction of Users (17 U.S.C. § 512(c)) . 433
17.31    Copyright—Affirmative Defense—Limitation on Liability for Information Location Tools (17 U.S.C. § 512(d)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 436
17.32    Copyright—Damages (17 U.S.C. § 504) . . . . . . . . . . . . . . . . . . . . . . . . . . . 438
17.33    Copyright—Damages—Actual Damages (17 U.S.C. § 504(b)). . . . . . . . . . . . 439

## 17.34  COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS
### (17 U.S.C. § 504(b))

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal [relationship] [nexus] between the infringement and the [profits generated indirectly from the infringement] [defendant's gross revenue].

The defendant's profit is determined by [deducting] [subtracting] all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the [use] [sale] of a [[product] [work]] [[containing or using the copyrighted work] [associated with the infringement]].  The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all [operating costs] [overhead costs] [and] production costs incurred in producing the defendant's gross revenue.  The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the [use] [sale] of a [product] [work] containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement.  The defendant has the burden of proving the [portion] [percentage] of the profit, if any, attributable to factors other than [copying] [infringing] the copyrighted work.

### Comment

In a multi-defendant case, this instruction may need to be tailored according to the defendant to whom it applies.  Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages, but each defendant is severally liable for the defendant's own illegal profits.  *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985).

"In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  The statute "creates a two-step framework for recovery of indirect profits: (1) the copyright claimant must first show a causal nexus between the infringement and the [infringer's] gross revenue; and (2) once the causal nexus is shown, the infringer bears the burden of apportioning the profits that were not the result of infringement."  *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004); *see also id.* at 714 n.10 (approving jury

instruction stating: "Indirect profits have a less direct connection or link to the infringement. Plaintiff seeks indirect profits in this case.  To recover indirect profits, Plaintiff must establish a causal relationship between the infringement and the profits generated indirectly from such infringement.").

The "fundamental standard" for whether a causal nexus is shown as required for an award of indirect profits is that the plaintiff "must proffer some evidence . . . [that] the infringement at least partially caused the profits that the infringer generated as a result of the infringement." *Polar Bear Prods.*, 384 F.3d at 711 (omission and alteration in original) (quoting *Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002)) (holding that plaintiff seeking to recover indirect profits must "formulate the initial evidence of gross revenue duly apportioned to relate to the infringement"); *see also Mackie*, 296 F.3d at 916 (holding that artist could not recover indirect profits unless he demonstrated with "non-speculative evidence" causal link between infringement and subsequent indirect profits, such as how many individuals subscribed to symphony because artist's work appeared on one page of symphony brochure).

In the Ninth Circuit, the calculation of actual damages under the 1909 Copyright Act differs from that under the 1976 Copyright Act.  Prior to 1985, the Ninth Circuit interpreted the 1909 Copyright Act as allowing recovery of only the higher of actual damages or infringer profits.  This differed from other circuits, where recovery of both actual damages and the infringer's profits was allowed.  However, in the 1976 Copyright Act, Congress resolved these differing interpretations to allow recovery of both actual damages and the infringer's profits.  *See Frank Music Corp.*, 772 F.2d at 512 & n.5.

A jury instruction on the defendant's profits must adequately convey the burden of proof on attribution of profit.  The copyright owner is required to present proof "only of the infringer's gross revenue, and the infringer is required to prove … deductible expenses" and "what percentage of the infringer's profits" were not attributable to copying the infringed work.  17 U.S.C. § 504(b); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000).  However, "gross revenue" for purposes of determining indirect profits means "the gross revenue associated with the infringement, as opposed to the infringer's overall gross sales resulting from all streams of revenue."  *Polar Bear Prods.*, 384 F.3d at 711 n.8; *see also id.* at 711 (noting that Ninth Circuit definition, like that in other circuits, applies "rule of reason" so that "the causation element … serves as a logical parameter to the range of gross profits a copyright plaintiff may seek").

Where the defendant's profits are derived from both infringing and noninfringing activities, not all of the defendant's profits can be attributed to the infringement.  Accordingly, the profits should be apportioned.  *See Cream Records, Inc. v. Joseph Schlitz Brewing Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985); *Polar Bear Prods.*, 384 F.3d at 711-12 ("[T]o conclude that a copyright plaintiff need only provide the company's overall gross revenue, without regard to the infringement, would make little practical or legal sense.").  However, the benefit of the doubt in apportioning profits is given to the plaintiff.  *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1549 (9th Cir. 1989) (appeal after remand).  Precision is not required, as long as a "reasonable and just apportionment" of profits is reached.  *See Frank Music Corp.,* 772

F.2d at 518.  In the final analysis, "where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff."  *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994).

For cases providing examples of the calculation of profits, *see Polar Bear Prods.*, 384 F.3d at 712-16 (upholding award of profits based on expert testimony of certain sales figures but rejecting award for enhanced brand prestige); *Frank Music Corp.*, 772 F.2d at 519 (discussing calculation and proof of profits attributable to infringement and holding that indirect profits are recoverable if ascertainable; e.g., plaintiff could claim profits resulting from hotel and gambling operations resulting from infringing stage show); *Cream Records*, 754 F.2d at 828-29 (awarding profits from defendant's sale of beverage following defendant's use of plaintiff's song in commercial); and *May v. Watt*, 822 F.2d 896, 901 (9th Cir. 1987) (involving increase in value of condominium through use of infringed architectural plans); *Lucky Break Wishbone Corp. v. Sears Roebuck & Co.*, 373 Fed.App'x 752, 757-58 (9th Cir. 2010) (applying presumption, in unpublished disposition, that jury "fulfilled its duty to apportion profits" although the jury failed to apportion profits explicitly).

For cases providing examples of the deductions from defendant's gross revenue, *see Frank Music Corp.*, 886 F.2d at 1548 (deducting direct costs of production from defendant's gross profit); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984) (allowing deduction of overhead when infringer can demonstrate that it actually assisted production, distribution or sale of infringing product); *Three Boys Music*, 212 F.3d at 487 (adopting special master's recommendation to allow nonwillful infringers to deduct income taxes and management fees actually paid on infringing profits, but not on Net Operating Loss Carry-forward (NOL) because NOL did not have "concrete financial impact").

# ELEVENTH CIRCUIT

# PATTERN JURY INSTRUCTIONS

# (CIVIL CASES)

# 2019

**JONES ACT - NEGLIGENCE AND UNSEAWORTHINESS INSTRUCTIONS**

8.1 General Instruction (Comparative Negligence Defense)

8.2 Maintenance and Cure

**COPYRIGHT INSTRUCTIONS**

9.1 Validity - General Charge

9.2 Validity - Originality

9.3 Validity - Copyright Notice - Pre-Berne Convention Implementation Act - Alternate Version

9.4 Validity - Effect of Registration

9.5 Validity - Registration of a Derivative or Collective Work

9.6 Validity - Registration - Supplemental Registration

9.7 Validity - How Obtained (For Use Where No Presumption of Validity Applies)

9.8 Validity - Invalid Copyright Registration - Fraud on the Copyright Office

9.9 Validity - Compilations and Collective Works

9.10 Validity - Ideas and Expression

9.11 Validity - The Merger Doctrine

9.12 Ownership - General Charge

9.13 Ownership - Individual Authorship

9.14 Ownership - Joint Authorship

9.15 Ownership - Work Made for Hire

9.16 Ownership - Transfer

9.17 Infringement - Introduction to Elements

9.18 Infringement - Access

9.19 Infringement - Substantial Similarity

9.20 Infringement - Contributory Infringement

9.21 Infringement - Vicarious Infringement

9.22 Infringement - Software

9.23 Infringement - Software Compatibility

9.24 Defenses - Independent Creation

9.25 Defenses - Affirmative Defense - Fair Use

9.26 Defenses - Affirmative Defense - First Sale

9.27 Defenses - Affirmative Defense - Implied License

9.28 Defenses - Affirmative Defense - Copyright Estoppel (Advisory Jury)

9.29 Defenses - Affirmative Defense - Statute of Limitations

9.30 Damages - General Charge

9.31 Damages - Actual Damages

9.32 Damages - Statutory Damages

9.33 Damages - Disgorgement of Profits

TRADEMARK INSTRUCTIONS

10.1 Trademark Infringement - Registered Trademark

10.2 Trademark Infringement - Unregistered Trademark

10.3 Defenses to Claim of Infringement of a Trademark

10.4 Counterclaims for Cancellation of a Federal Trademark Registration

10.5 Trademark Dilution

10.6 Trademark Counterfeiting

10.7 Trademarks - Violation of 15 U.S.C. § 1125(d) - The Anti-Cybersquatting Consumer Protection Act

10.8 Trademarks - False Advertising

TRADE SECRETS INSTRUCTIONS

11.1 Trade Secrets – Misappropriation of a Trade Secret

11.2 Trade Secrets – Affirmative Defense – Statute of Limitations

11.3 Trade Secrets – Affirmative Defense – Lawful Means of Acquisition

11.4 Trade Secrets – Damages – Compensatory

11.5 Trade Secrets – Damages – Exemplary

5.13

## 9.33: Copyright – Damages – Disgorgement of Profits

In addition to actual damages, [name of plaintiff] is also entitled to [name of defendant]'s profits that are attributable to the infringement you found, but only to the extent they are not already taken into account in calculating [name of plaintiff]'s actual damages. An award of [name of defendant]'s profits may not include any amounts that were accounted for in calculating [name of plaintiff]'s actual damages to avoid double recovery.

In calculating [name of defendant]'s profits, you should determine the gross revenues received by [name of defendant] that were attributable to the infringement you found, and then subtract the deductible expenses incurred by [name of defendant], any portions of the gross revenues attributable to factors other than infringement, and any amount already taken into account in calculating actual damages. [You should calculate the profits of each defendant separately]. [Name of plaintiff] has the burden of proving, by a preponderance of the evidence, [name of defendant]'s gross revenue attributable to the infringement you found, and a causal relationship between the infringement and [name of defendant]'s profits. [Name of defendant] has the burden of proving, by a preponderance of the evidence, any deductible expenses incurred and any portions of the revenue that are attributable to factors other than infringement.

### SPECIAL INTERROGATORIES TO THE JURY

5.13

1. Did [name of plaintiff] prove by a preponderance of the evidence that [name of defendant] received profits that were causally related to the infringement you found of the copyrighted work?

Answer Yes or No       _____

If you answered "Yes" for any [defendant], go to the next question. If you answered "No" for all [defendants] you may go to [Question/Section] ____.


2. What amount of gross revenue attributable to infringement of the copyrighted work, if any, has [name of plaintiff] proven by a preponderance of the evidence was received by [name of defendant]?

[Name of defendant]       $_____

[Name of defendant]       $_____

3. What amount of deductible expenses, if any, has [name of defendant] proven by a preponderance of the evidence?

[Name of defendant]       $_____

[Name of defendant]       $_____

4. What amount of deductible expenses, if any, has [name of defendant] proven by a preponderance of the evidence was incurred in making the gross revenue above?

[Name of defendant]       $_____

[Name of defendant]       $_____

5. What portion of [name of defendant]'s profits, if any, has [name of defendant] proven by a preponderance of the evidence is attributable to factors other than infringement?

[Name of defendant]          $_____

[Name of defendant]          $_____

6. What amount of money do you determine is [name of defendant]'s profits that are attributable to the infringement you found, that were not already taken into account in calculating [name of plaintiff]'s actual damages?

[Name of defendant]          $_____

[Name of defendant]          $_____


## ANNOTATIONS AND COMMENTS

17 U.S.C. § 504(a)(1) & (b); *Pronman v. Styles*, 645 F. App'x 870, 873 (11th Cir. 2016); *Telecom Tech. Servs. v. Rolm Co.*, 388 F.3d 820, 830 (11th Cir. 2004); *Montgomery v. Noga*, 168 F.3d 1282, 1294-1296 (11th Cir. 1999).

Deductible expenses include all costs incurred by the defendant in making the gross revenue amount proven by the plaintiff. *See Petrella v. MGM*, 134 S. Ct. 1962, 1973 (2014) ("the Act allows the defendant to prove and offset against profits made . . . 'deductible expenses' incurred in generating those profits.). In addition, the defendant may prove and offset "'elements of profit attributable to factors other than the copyrighted work.'" *Id*. (quoting § 504(b)). "The defendant thus may retain the return on investment shown to be attributable to its own enterprise, as distinct from the value created by the infringed work." *Id*. (citing *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402, 407, 60 S. Ct. 681, 84 L. Ed. 825 (1940)).



SECTION *of*
LITIGATION
AMERICAN BAR ASSOCIATION

# MODEL JURY INSTRUCTIONS

# Copyright, Trademark and Trade Dress Litigation



**Intellectual Property Litigation Committee**
SECTION OF LITIGATION
AMERICAN BAR ASSOCIATION



Defending Liberty
Pursuing Justice

| | 1.4.4. | Idea Versus Expression ............. | 22 |
| | 1.4.5. | The Scope of Protection for Fictional Works ............................. | 23 |
| | 1.4.6. | The Scope of Protection for Factual Works ............................. | 25 |
| | 1.4.7. | The Merger Doctrine ................ | 26 |
| | 1.4.8. | The Doctrine of Scènes à Faire ........ | 28 |
| 1.5. | Infringement | ................................ | 30 |
| | 1.5.1. | Elements of Direct Infringement ....... | 30 |
| | 1.5.2. | Copying—Proof by Direct or Circumstantial Evidence ............ | 33 |
| | 1.5.3. | Copying—Proof by Circumstantial Evidence of Similarity ............... | 34 |
| | 1.5.4. | Copying—Indirect Evidence: Access and Probative Similarity ................ | 35 |
| | 1.5.5. | Proof of Copying by Indirect Evidence: Striking Similarity ................... | 36 |
| | 1.5.6. | Copying—Indirect Evidence: Significance of Common Errors ........ | 38 |
| | 1.5.7. | Copying—Indirect Evidence: Significance of Dissimilarities ......... | 39 |
| | 1.5.8. | Sufficiency of Copying ............. | 39 |
| | 1.5.9. | Irrelevance of Intent ................ | 48 |
| | 1.5.10. | Computer Programs—Abstraction-Filtration-Comparison Test .......... | 49 |
| | 1.5.11. | Intermediate Copying of Computer Programs ......................... | 56 |
| | 1.5.12. | Contributory Infringement ........... | 58 |
| | 1.5.13. | Vicarious Infringement .............. | 60 |
| 1.6. | Defenses | ................................... | 62 |
| | 1.6.1. | Independent Creation ............... | 62 |

| | | | |
|---|---|---|---|
| | 1.6.2. | License from Plaintiff | 64 |
| | 1.6.3. | License from Person Named on Copyright Notice | 65 |
| | 1.6.4. | License from Another | 66 |
| | 1.6.5. | Fair Use | 66 |
| | 1.6.6. | Parody and Satire | 70 |
| | 1.6.7. | First Sale | 71 |
| | 1.6.8. | Abandonment | 73 |
| | 1.6.9. | Copyright Misuse | 74 |
| | 1.6.10. | Statute of Limitations | 75 |
| 1.7. | | Damages | 76 |
| | 1.7.1. | Introduction | 76 |
| | 1.7.2. | Actual Damages | 77 |
| | 1.7.3. | Infringer's Profits | 77 |
| | 1.7.4. | Statutory Damages | 78 |
| | 1.7.5. | Timely Registration Prerequisite to Statutory Damages Award | 79 |
| | 1.7.6. | One Statutory Damages Award per Work | 80 |
| | 1.7.7. | State of Mind and Corresponding Ranges of Statutory Damages | 82 |
| | 1.7.8. | Factors to Consider in Assessing Statutory Damages | 84 |
| | 1.7.9. | Willfulness and Reliance on Advice of Counsel | 85 |
| 1.8. | | Digital Millennium Copyright Act | 86 |
| | 1.8.1. | Introductory Instruction on Claims and Defenses | 86 |
| | 1.8.2. | Prohibition on Circumvention of Access Control Measures | 89 |

2. Statutory damages.

**Authorities**

17 U.S.C. § 504(a).

**COMMENT**

This instruction may be appropriate if the plaintiff has not chosen between actual or statutory damages before trial. If the election was made before trial, there should be no need for this instruction and the court can proceed to instruct on either actual or statutory damages, as the case may be, without any need to comment on the other.

### 1.7.2.   Actual Damages

Actual damages are intended to compensate a copyright owner for losses due to the infringement. Actual damages include any profits plaintiff may have lost due to the infringement, including but not limited to sales of the copyrighted work, and/or a reasonable license fee that defendant would have or should have paid for the use. You should broadly construe actual damages to favor victims of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

**Authorities**

17 U.S.C. § 504(b); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001).

### 1.7.3.   Infringer's Profits

In addition to her actual damages, plaintiff also is entitled to defendant's profits that are attributable to the infringement, to the extent not already taken into account in computing plaintiff's actual damages. If defendant's profits have been accounted for in the award of actual damages, to avoid double

recovery, a separate award of defendant's profits should not be made.

In establishing the amount of defendant's profits, plaintiff is required to present proof only of defendant's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once these two elements are established, the burden of proof then shifts to defendant to reduce this amount. Defendant must then prove, by a preponderance of evidence, the amount of his deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the infringement, if you find any, as defendant's gross revenues proven by plaintiff, less the costs and other elements that defendant proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

**Authorities**

17 U.S.C. § 504(b); *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 796 (8th Cir. 2003); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159-60 (2d Cir. 2001); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 104-05 (2d Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000).

### 1.7.4.    Statutory Damages

A copyright owner may elect to recover statutory damages for each infringed work that was timely registered. Within certain limits that I will describe below, the statute gives you broad discretion to determine the amount of statutory damages that you find to be just in light of the evidence presented. In deciding what amount is just, you should take into consideration the purposes and factors that I will describe to you.

The general purposes of statutory damages include the following: