UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY a Pennsylvania corporation,<br><br>Defendants. | Case No. 16-cv-1054(WMW/DTS)<br><br>**Jury Trial Demanded**<br><br>**FILED UNDER SEAL** |

## PLAINTIFF FAIR ISAAC CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

Plaintiff Fair Isaac Corporation ("FICO") opposes Defendants Federal Insurance Company's and ACE American Insurance Company's (collectively "Federal") motion to compel discovery related to FICO's expert, Brooks Hilliard.

Federal's premise to inquire regarding Mr. Hilliard's Texas fee dispute litigation and for its improper document requests is that Mr. Hilliard opined on the "critical capability" of Blaze Advisor (Dkt. 339 at 5), which it then falsely asserts includes "opinions about the technical capabilities of Blaze." (*id.* at 6). Mr. Hilliard's opinion that "Blaze Advisor provided critical capability" is exclusively based on and in response to

1

Mr. McCarter's statements (Federal's expert) that Blaze Advisor is "integrated with core insurance applications."   None of Mr. Hilliard's opinions are technical in nature.

Federal would have the Court believe Mr. Hilliard refused to talk about his experience in the Michigan proceeding, *Ford Motor Co. v. Versata Software, Inc*.  Not true.  While he mentioned the fact of a protective order in that case, Mr. Hilliard answered every question directed to that case.  The only questions he refused to answer relate to the fee dispute proceedings in Texas.  Unverified allegations impugning the character or qualifications of the service provider are the "playbook" response to a claim for fees.  They do not go to the merits.  The fee dispute litigation, now resolved under an agreement, is collateral to these proceedings and has no substantive bearing on Mr. Hilliard's qualifications or the reliability of his opinion.

Federal would also have the Court believe FICO has refused to produce documents in response to Federal's Fifth Set of Requests.  (*Id.* at 8 (". . . the only basis on which FICO has objected to these Document Requests.").)  Federal served the Requests nine days after the deposition – in violation of the Court's Sixth Amended Scheduling Order.

Federal's motion should be denied in its entirety.  Additionally, Federal should be ordered to pay FICO's attorneys' fees incurred in responding to this unjustified motion.

**I.      Mr. Hilliard opined on the licensing practices in the commercial software industry, not on the technical aspects of Blaze Advisor.**

Mr. Hilliard was engaged to opine on licensing practices in the commercial software industry, in rebuttal of Dr. Kursh and Mr. McCarter (Federal experts).

2

(Declaration of Allen Hinderaker (henceforth "Hinderaker Decl." Ex. 1, at 2, Introduction; *see also id.* at 5-6 (stating summary of opinions).)  Contrary to Federal's assertion (Dkt. 339 at 2), Mr. Hilliard did not offer "technical opinions."  He does not offer opinions on how Blaze Advisor is constructed, how it performs, or other technical aspects of how Federal has implemented Blaze Advisor.

Pages 30-31 of his report—the section Federal deems "technical opinions"— is a response to Mr. McCarter's statement that Blaze Advisor is "integrated with core insurance applications."  Mr. Hilliard testified: "I'm responding to Mr. McCarter's report. (Hinderaker Decl. Ex. 2, 176:8-9).  He then explained:

> Where Mr. McCarter states, "Blaze only works when it is integrated with core insurance applications that have the required insurance functionality and service policies," and then he identifies in Paragraph 88 above that its used in 10 of Federal's 1500 applications.
>
> So I'm basically responding to what Mr. McCarter writes, and then I'm explaining what the term integrated – the normal and customary understanding of the term integrated and core, and with relation to business applications of software.

(*Id.* 176:17-177:3)

Federal's assertion that "Hilliard provides opinions about the technical capabilities of Blaze" is false. (Dkt 339 at 6.)  None of his opinions in this case is technical.  Mr. Hilliard's engagement in the *Ford Motor Co. v. Versata Software, Inc.* matter related to the "analyzing, drafting, and/or negotiating of software licenses. (Hinderaker Decl. Ex. 2, 34:7-35:1).  Nothing hints at a technical engagement in that matter.  The stated basis for Federal's motion is meritless.

**II.     Mr. Hilliard met his deposition obligations; Federal does not get another chance to depose Mr. Hilliard.**

    **A.     Mr. Hilliard answered all questions related to his role as a consulting expert.**

Federal's basis to reopen Mr. Hilliard's deposition is unfounded. Contrary to Federal's assertions, Mr. Hilliard answered all questions related to his role as a consulting expert in *Ford Motor Co. v. Versata Software, Inc.* (*See* Hinderaker Decl. Ex. 2, 34:13-37:2.) Federal can point to no questions related to his expert work on that matter that Mr. Hilliard refused to answer. It is Mr. Hilliard's work on the *Ford* matter that informs the Court's analysis of his qualifications under Rule 702.

By contrast, Mr. Hilliard did not answer questions about the collateral fee dispute between Business Automation Associates, Inc. and Versata Software, Inc. This matter is irrelevant to whether Mr. Hilliard is qualified to testify as an expert in the instant case. As this Court is aware, claims for unpaid fees are customarily met with unverified allegations impugning the character or qualifications of the service provider. Whether or not a former client refuses to pay an expert's bill or makes unverifiable remarks about the expert does not inform a qualification determination. Rather, it is the expert's required disclosures under Rule 26(b)(2)(B), especially subsections (iv) and (v), which inform the Court's determination. Mr. Hilliard complied with those disclosures. The Court can

make a proper determination of Mr. Hilliard's qualifications without reopening the deposition.[1]  Federal's motion should be denied.

      **B.**      <u>**Questions directed to the fee dispute are irrelevant, prejudicial, and collateral to this case.**</u>

Federal seeks documents and testimony irrelevant to the current proceedings. This is improper. The Texas fee dispute litigation is irrelevant to Mr. Hilliard's qualifications in this case. In that action, no court weighed Mr. Hilliard's credentials or rendered an opinion on Mr. Hilliard's qualifications. Documents and testimony related to this matter can in no way inform the Court's determination of whether Mr. Hilliard is qualified under Federal Rule of Evidence 702.

Federal attempts to justify its demands by alleging such testimony and documents are relevant because Mr. Hilliard has offered "technical opinions." (Dkt. 339 at 2.) As detailed in Section I, above, none of Mr. Hilliard's opinions are technical. Rather, Mr. Hilliard opined on licensing practices in the commercial software industry. His opinions, upon which Federal relies, were limited to rebutting Federal's expert William McCarter's use of industry terms "integration" and "core." The documents and testimony Federal seeks do not bear on Mr. Hilliard's opinion here. They are irrelevant, unfairly prejudicial, and collateral to the issues of this case.

---

[1] Federal had the docket sheet for the fee dispute matter at Mr. Hilliard's deposition. (Hinderaker Decl. Ex. 2, 62:17-22.)  Only after the deposition did Federal seek and obtain the filings from the Texas state court. (Dkt. 339 at 3.)

Federal's motives behind its demand to reopen Mr. Hilliard's deposition and to obtain documents are clear.  Federal seeks documents and testimony to impugn Mr. Hilliard based on the mere allegations of the defendant in a fee dispute.

District courts have the discretion to exclude irrelevant and prejudicial matters. *United States v. Hite*, 769 F.3d 1154, 1171 (D.C. Cir. 2014) ("[The district court] may disallow cross-examination that is repetitive, irrelevant, unduly prejudicial, collateral to the issues in the trial, or outside the scope of direct examination."); *see also Morgan v. United States*, 98 F.2d 473, 476 (8th Cir. 1938) (affirming exclusion of collateral and irrelevant matters intended to lay foundational for impeachment); *Siplin v. Carnival Corp.*, No. 17-Civ-23741, 2018 U.S. Dist. LEXIS 118893, at *16-17 (S.D. Fla. July 17, 2018) (granting motion to exclude prior *Daubert* decisions as collateral and impermissible impeachment).

The Court should exercise its discretion here to the same end.  The documents and testimony Federal seeks has no bearing on this case.  To pursue unfounded allegations forces wasteful, collateral inquiries into the underlying facts.  The Court need not follow Federal down the rabbit hole.  The Court should deny Federal's motion to compel irrelevant testimony and documents.

**III.   Federal's motion to compel production of documents is untimely and substantively improper.**

    **A.   <u>Federal's Requests for Production are untimely and violate this Court's Scheduling Order.</u>**

Federal's Fifth Set of Requests for Production to Fair Isaac Corporation are untimely, served June 28, 2019, the day expert discovery was to be completed. There is nothing to compel.

District of Minnesota Local Rule 16.2(d)(3) states:

> (3) Discovery Deadlines. The discovery deadlines established under LR 16.2(d)(1)(C) and (D)(iii) are deadlines for completing discovery, **not for commencing discovery**. To be timely, a discovery request must be served far enough in advance of the applicable discovery deadline that the responding party's response is due before the discovery deadline.

D. Minn. LR 16.2(d)(3)(emphasis added).  Local Rule 16.2(d)(1)(C) relates to "a deadline for completing fact discovery", and Local Rule 16.2(d)(1)(D)(iii) relates to "a deadline for completing expert discovery".

The Local Rule is clear. Discovery must be commenced (served) in time to be completed by the scheduling order's deadline(s), not merely commenced by said deadline. *See id.* Precedent from this district in is accord. *Mallak v. Aitkin Cty.*, No. 13-cv-2119, 2016 U.S. Dist. LEXIS 190733, at *31-35 (D. Minn. June 30, 2016); *Vogel v. Turner*, No. 11-0446, 2013 U.S. Dist. LEXIS 13278, at *32 (D. Minn. Jan. 8, 2013) ("Accordingly, Plaintiff's discovery request was not 'commenced in time to be completed' by the discovery deadline."); *Kelly v. Aman Collection Servs.*, No. 03-6091, 2007 U.S. Dist. LEXIS 898, at *5 n.2 (D. Minn. Jan. 5, 2007).

The Sixth Amended Pretrial Scheduling Order states: "All expert discovery, including expert depositions, must be completed by **June 28, 2019**." (Dkt. 205 at 2 (emphasis in original). Accordingly, all document had to be served by Wednesday, May 29, 2019—30 days prior to the deadline.[2] *See* D.Minn. L.R. 16.2; Fed. R. Civ. P. 34(b)(2)(A). Federal's Fifth Request for Production is untimely.

Federal asserts, "FICO has not provided any other basis for refusing to respond to these Document Requests. (Dkt. 339 at 8.) FICO's response is not due until July 29, 2018—*10 days after* FICO's response to the instant motion to compel is due. FICO will then object on the grounds, among others, that the Requests violate the Scheduling Order.

Federal ignores its violation of the Scheduling Order. (*See* Dkt. 339.) Federal ignores that amendment of the Scheduling Order is the provenance of the Court upon the required showing of Rule 16. Apparently, Federal follows the axiom that it is easier to beg for forgiveness than to seek permission. This is improper. *Holland v. Keesler Fed. Credit Union*, No. 1:15-cv306-HSO-JCG, 2017 U.S. Dist. LEXIS 77195, at *11 (S.D.

---

[2] Whether the Fifth Set of Requests for Production to Fair Isaac Corporation constitute "expert discovery" or "fact discovery" is irrelevant to the Court's timeliness determination. *See In re Tier 1 Jeg Telcoms*. No. 4:07-cv-00043, 2016 U.S. Dist. LEXIS 181307, at *8 (S.D. Iowa July 14, 2016) (discussing differences between "fact discovery" and "expert discovery"); *Parkervision, Inc. v. Qualcomm Inc.*, No. 11-cv-719-J-37, 2013 U.S. Dist. LEXIS 99787, at *15 (M.D. Fla. July 17, 2013)("The undersigned agrees with Qualcomm that the expert discovery period in the Amended CMSO does not provide an extended period of document discovery related to the disclosed experts; rather, it allows for an extended period of time to exchange expert reports pertaining to the current litigation and to complete expert depositions."). The Scheduling Order set the close of "fact discovery" as March 22, 209, requiring Requests for Production to be served by Wednesday, February 20, 2019. As Federal's document requests were untimely relative to the "expert discovery" deadline, the document requests were certainly untimely relevant to "fact discovery deadline."

Miss. May 22, 2017) (striking response as untimely where party failed to seek extension and followed "the old axiom that is easier to beg for forgiveness than to seek permission"). Consistent with controlling precedent in this district, this Court should deny Federal's motion to compel documents as untimely. *See Mallak*, 2016 U.S. Dist. LEXIS 190733, at \*31-35; *Vogel*, 2013 U.S. Dist. LEXIS 13278, at \*32; *Kelly* , 2007 U.S. Dist. LEXIS 898, at \*5 n.2.

      B.     **<u>Federal seeks documents outside the scope of Rule 26.</u>**

Federal may not use the general discovery mechanism of Rule 34 to obtain more information about Mr. Hilliard than permitted by the more specific expert discovery provisions of Rule 26(a)(2) and 26(b)(4). Rule 26(a)(2) requires specific disclosures for a testifying expert opinion, including a written report, and Rule 26(b)(4) permits the deposition of testifying experts. Rule 34 does not expand the scope of discovery related to testifying experts, and Federal's attempt to do so is improper. *Morriss v. BNSF Ry. Co.*, No. 13cv24, 2014 U.S. Dist. LEXIS 3757, at \*10-12 (D. Neb. January 13, 2014). Indeed, "[t]he expert disclosure and discovery limitations of Rule 26 represent a reasoned balance between sufficient expert disclosures and unfettered expert discovery as expressed in case law and the documented discussions of the Rules Committee." *Id.* at \*17.

Federal's reliance on the Advisory Committee Notes for the 1993 Amendments to Fed. R. Civ. P. 26(a) (Dkt. 339 at 6) is misplaced. The Advisory Notes indicate a party may seek "further information regarding these matters," meaning related to the required disclosures under Rule 26(a)(2). Here, Federal is not seeking additional information

related to any the Rule 26(a)(2) subsections. Instead, Federal seeks irrelevant and collateral information untethered to this case or the Rule 26(a)(2) disclosures. The Advisory Notes provide no basis to support Federal's demand.

FICO and Mr. Hilliard have complied with the expert disclosure requirements under Rule 26(a)(2) and 26(b)(4). FICO is not required to produce more. Federal's use of Requests for Production is improper, and Federal's motion must be denied. *Morriss*, 2014 U.S. Dist. LEXIS 3757, at *10-12.

### C. Federal's document requests are improper on their face.

Federal's Requests for Production are improper on their face and violate the Federal Rules of Civil Procedure. Request for Production No. 52 states:

> **REQUEST FOR PRODUCTION NO. 52:** Please produce all documents that have been filed with the court or exchanged between the parties in case number D-1-GN-17-006229, captioned *Business Auotmation* [*sic*] *Associates, Inc. v. Versata Software, Inc.*, which is venued in the 200th Judicial District Court of Travis County, Texas.

Request for Production No. 52 seeks the same irrelevant, prejudicial, and collateral information sought by reopening Mr. Hilliard's deposition. As discussed at length in Section II(B), this is improper. The documents provide no basis, let alone a reliable basis, to challenge Mr. Hilliard's qualifications or otherwise impugn his credibility. This request must be denied.

Federal also seeks documents protected and undiscoverable under the Federal Rules. Request for Production No. 53 states:

> **REQUEST FOR PRODUCTION NO. 53:** Please produce all communications between Brooks Hilliard and counsel for Versata Software, Inc., or any related entity, from the case *Ford Motor Co. v. Versata Software*

*Inc., et al.*, No. 2:15-cv-10628, venued in the Federal Court for the Eastern District of Michigan, or from any related case.

Federal seeks "communications" between Mr. Hilliard and counsel for Versata Software, Inc., a party that retained Mr. Hilliard in an expert capacity. On its face, Request for Production No. 53 seeks documents protected as work product under Rule 26(b)(4)(D).[3]

Rule 26(b)(4)(D)[4] states:

> (D) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> (i) as provided in Rule 35(b); or
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means

Documents of consulting experts are protected under the Federal Rules. *Unitedhealth Grp. Inc. v. Columbia Cas. Co.*, No. 05-1289 (PJS/SRN), 2010 U.S. Dist. LEXIS 153035, at *41 (D. Minn. Aug. 10, 2010) ("[A] party may not ordinarily discover facts known or opinions held by non-testifying experts who have been retained in anticipation of litigation, unless the party demonstrates 'exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.'"); *Metzler Contracting Co. LLC v. Stephens*, 642 F. Supp. 2d 1192, 1205 (D. Haw. 2009) "(Defendants are correct in noting that communications with experts

---

[3] Mr. Hilliard indicated he was a "consulting expert" in the Versata matter. (Hinderaker Decl. Ex. 2, 36:20-24.)

[4] Note, Federal Rule of Civil Procedure 26(b)(4) was amended on December 1, 2010. Protections now found under Rule 26(b)(4)(D) were previously available under Rule 26(b)(4)(B).

11

retained solely for consultation and not to testify in litigation are generally protected by the work product doctrine and are not discoverable."). Federal has not argued "exceptional circumstances" exist. Indeed, it cannot. Accordingly, Mr. Hilliard's communications with Versata Software, Inc.'s counsel in the *Ford Motor Co. v. Versata Software, Inc.* matter are protected. FICO is not is a position to waive Versata's protection. Federal's motion to compel documents responsive to Request for Production No. 53 should be denied.

## IV.     FICO is entitled to fees in defense of this motion as Federal's position is not substantially justified.

FICO is entitled to its fees in defense of Federal's motion to compel. For the above reasons, the Court should deny Federal's motion to compel. Rule 37 demands the court award "reasonable expenses incurred in opposing the motion, including attorney's fees" so long as movant's position was not substantially justified. Under this circuit's precedent, "substantially justified" means: "'[J]ustified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. To warrant such a characterization, the position must have reasonable basis both in law and fact.'" *In re NHL Players' Concussion Injury Litig.*, No. 14-2551 (SRN/BRT), 2017 U.S. Dist. LEXIS 120163, at *8 (D. Minn. July 31, 2017) (quoting *Conklin v. Astrue*, 282 Fed. App'x 488 (8th Cir. 2008)).

Federal's positions were not substantially justified. Federal lacked a reasonable basis in law and fact to compel the reopening of Mr. Hilliard's deposition. Federal seeks to reopen the deposition for the sole purpose of garnering irrelevant, prejudicial, and

collateral testimony.  For the reasons stated, there is no reasonable basis in law and fact to compel the reopening of Mr. Hilliard's deposition.

Federal also has no basis to serve Requests for Production on June 28, 2019—the deadline for expert discovery. Federal's service of those requests was in in clear violation of D. Minn L.R. 16.2, Fed. R. Civ. P. 34(b)(2)(A), and this district's precedent.  Even if Federal's requests were timely, they seek irrelevant and protected subject matter, respectively. Having no "reasonable basis *both* in law and fact", the Court must award FICO its fees incurred to oppose the motion.

## V. CONCLUSION

FICO respectfully requests an Order that denies Federal's motion in its entirely and awards to FICO its attorneys' fees.

Dated: July 19, 2019

MERCHANT & GOULD P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

Attorneys for Plaintiff FICO