

3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

Heather Kliebenstein
612.371.5213
hkliebenstein@merchantgould.com

August 1, 2019

**VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

***Re:   Fair Isaac Corp. v. Federal Insurance Co. et al.,
No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)***

Dear Judge Schultz:

    FICO submits this letter in response to Defendants' submission of H.R. Rep. No. 1476, 94th Cong., 2d Sess. 161 (1976) at the July 30, 2019 hearing regarding Defendants' motion to strike FICO's jury demand on its disgorgement claim. The House Report on the 1976 proposed revisions to the Copyright Act states in relevant part:

> The language of the subsection makes clear that only those profits 'attributable to the infringement' are recoverable; where some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for **the court** to make an apportionment. However, the burden of proof is on the defendant in these cases; in establishing profits the plaintiff need prove only 'the infringer's gross revenue,' and the defendant must prove not only 'his or her deductible expenses' but also 'the element of profit attributable to factors other than

the copyrighted work.'

H.R. REP. 94-1476, 161, 1976 U.S.C.C.A.N. 5659, 5777, 1976 WL 14045 (emphasis added).

The House Report does not change the framework, analysis or result regarding the issue of whether calculation of recovery of profits is a jury question. The House Report's use of the term "the court" is not conclusive on the matter. The Report makes no distinction between judge and jury. The Report makes no mention—for or against—of use of jury trials on the disgorgement claim. Accordingly, the House Report provides no basis to prohibit jury trials for copyright disgorgement claims.

The House Report's use of the term "the court" was not codified in 17 U.S.C. § 504(b). The statute states that "[t]he copyright owner is entitled . . ." The statute puts no prohibition on the use of jury trials. The Supreme Court recognized that § 504(b), unlike other aspects of the Copyright Act, did not use the term "the court". *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 346 (1998) (noting use of the term "the court" with respect to injunctions (§ 502), impoundment (§ 503), and costs and attorneys' fees (§ 505). In *Feltner*, recovery of profits was categorized as legal in nature. *See id*.

Indeed, even if § 504(b) had used the term "the court", this too would not be determinative of the matter. The Supreme Court held in *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 355 (1998) that copyright owners have a Seventh Amendment right to a jury trial on statutory damages, even though § 504(c) uses "the court" in multiple locations with respect to calculating and awarding statutory damages. In his concurrence, Justice Scalia wrote that the term "court" could mean *both* judge and jury according to Webster's New International Dictionary, Black's Law Dictionary, and Supreme Court precedent. *Id*. at 356.

For these reasons, the House Report does not alter FICO's position. FICO is entitled to a jury trial on its disgorgement claim for all the reasons articulated in its opposition brief (Dkt. 345) and at the hearing. Post-*Petrella*, all other courts considering this matter have given the disgorgement issue to the jury.

         Respectfully submitted,

         */s/ Heather Kliebenstein*

         Heather J. Kliebenstein