UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation. | ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT MOTION REGARDING CONTINUED SEALING

Documents have been filed under temporary seal in connection with Defendants' Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy, and Defendants' Motion to Compel Discovery, Dkt. Nos. 331, 334, 339, 341, 345, 348, 348-1, 353, 356, and 356-1. Pursuant to Local Rule 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

1

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 331 | | Federal's Memorandum of Law in Support of Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy | | | X | N/A | This document should remain sealed. This motion was filed under seal to protect the Parties' commercially confidential information. This commercially confidential information includes the terms of the Software License Agreement that is the subject of this dispute. The license agreement was designated as Confidential and Attorneys' Eyes Only by Plaintiff under the Protective Order. This motion also contains excerpts and quotations from documents and depositions that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information.<br><br>Plaintiff believes this |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | document is amenable to redaction. Plaintiff agrees that the unredacted version of this memorandum should remain sealed. |
| 334 | | Exhibits 1-9 to Declaration of Christopher D. Pham in Support of Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy | X The Parties agree Exhibits 4-9 should remain sealed. | | X Plaintiff believes Exhibits 1-3 are amenable to redaction. | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This commercially confidential information includes the terms of the Software License Agreement that is the subject of this dispute. The license agreement was designated as Confidential and Attorneys' Eyes Only by Plaintiff under the Protective Order. This document also contains excerpts and quotations from documents, depositions, and/or reports that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | confidential business information.<br><br>Plaintiff believes Exhibits 1-3 are amenable to redaction. Indeed, the Software License and Amendments have been filed with redactions on multiple occasions. Plaintiff agrees that the unredacted version of Exhibits 1-3 should remain sealed. |
| 339 | | Federal's Memorandum of Law in Support of Defendants' Motion to Compel Discovery | | | X Plaintiff believes this document is amenable to redaction. | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from documents and depositions that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |

4

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | Plaintiff believes this document is amenable to redaction. Plaintiff agrees that the unredacted version of this memorandum should remain sealed. |
| 341 | | Exhibits 1, 2 and 6 to Declaration of Terrence J. Fleming in Support of Defendants' Motion to Compel Discovery | X Parties agree Exhibits 1 and 2 should remain sealed. | X Parties agree Exhibit 6 should be unsealed. | | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from documents and depositions that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. The Parties agree that Exhibit 6 should be unsealed as it contains no confidential information. |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 345 | 346 | FICO's Memorandum in Opposition to Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy | X | | | N/A | This document should remain sealed. The non-confidential portions of this document are available in Dkt. No. 346. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from documents and depositions that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |
| 348 | | Exhibit 2 to Declaration of Heather Kliebenstein in Support of Opposition to Motion to Strike Plaintiff's Jury | X | | | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from documents that the parties have designated Confidential, |

6

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | Demand on Disgorgement Remedy | | | | | Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |
| 348-1 | | Exhibit 3 to Declaration of Heather Kliebenstein in Support of Opposition to Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy | X | | | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from a deposition that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |
| 353 | | FICO's Opposition to Defendants' Motion to Compel Discovery | | | X Plaintiff contends this document is amenable to | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from documents and depositions |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | redaction if Dkt. 339 is filed in a redacted form. | | that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information.<br><br>Plaintiff contends that this memorandum may be amenable to redaction. Plaintiff filed the memorandum under seal due to citations to Defendants' brief which was filed under seal. If Dkt. 339 is refiled with redactions, this memorandum can be refiled with redactions as well. Plaintiff agrees that the unredacted version of this memorandum should remain sealed. |
| 356 | | Exhibit 1 to Declaration of Allen W. Hinderaker in | X | | | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | Support of FICO's Opposition to Motion to Compel Discovery | | | | | confidential information. This motion also contains excerpts and quotations from a document that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |
| 356-1 | | Exhibit 2 to Declaration of Allen W. Hinderaker in Support of FICO's Opposition to Motion to Compel Discovery | X | | | N/A | This document should remain sealed. This document was filed under seal to protect the Parties' commercially confidential information. This motion also contains excerpts and quotations from a deposition that the parties have designated Confidential, Attorneys' Eyes Only under the Protective Order because they contain the Parties' confidential business information. |

9

| | |
|---|---|
| Dated: August 7, 2019 | /s/ Joseph W. Dubis<br>Allen Hinderaker, MN Bar # 45787<br>Heather Kliebenstein, MN Bar # 337419<br>Michael A. Erbele, MN Bar # 393635<br>MERCHANT & GOULD P.C.<br>3200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402-2215<br>Tel: (612) 332-5300<br>Fax: (612) 332-9081<br>ahinderaker@merchantgould.com<br>hkliebenstein@merchantgould.com<br>merbele@merchantgould.com<br><br>***Attorneys for Plaintiff***<br><br>-AND-<br><br>s/ Christopher D. Pham<br>Terrence J. Fleming (#0128983)<br>tfleming@fredlaw.com<br>Lora M. Friedemann (#0259615)<br>lfriedemann@fredlaw.com<br>Leah C. Janus (#0337365)<br>ljanus@fredlaw.com<br>Christopher D. Pham (#0390165)<br>cpham@fredlaw.com<br>**FREDRIKSON & BYRON, P.A.**<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-1425<br>(612) 492-7000 (tel.)<br>(612) 492-7077 (fax)<br><br>***Attorneys for Defendants*** |

67598410.1