# Exhibit 25
(Filed Under Seal)

**30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019**
**Fair Isaac Corporation vs. Federal Insurance Company, et al.**
CASE 0:16-cv-01054-DTS   Doc. 504-2   Filed 08/26/19   Page 2 of 8

```
 1        UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
 2
     ------------------------------x
 3   FAIR ISAAC CORPORATION,        :
                                    :
 4                                  :
        Plaintiff                   : Court File No.
 5                                  :
     v.                             : 16-cv-1054
 6                                  : (WMW/DTS)
     FEDERAL INSURANCE COMPANY      :
 7   an Indiana corporation, and    :
     ACE AMERICAN INSURANCE         :
 8   COMPANY, a Pennsylvania        :
     corporation,                   :
 9                                  :
        Defendants.                 :
10                                  :
     _____x
11

12      30(b)(6) Videotape Deposition of:

13      FAIR ISAAC CORPORATION (WILLIAM WAID)

14      Philadelphia, Pennsylvania

15      Tuesday, April 2, 2019

16      Scheduled for 9:00 A.M.

17

18

19      CONFIDENTIAL - ATTORNEYS' EYES ONLY

20

21                    *  *  *

22

23

24   Reported By:

25   Greg DiDonato, CSR#541, Pennsylvania Notary
```

30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
Fair Isaac Corporation vs. Federal Insurance Company, et al.
CASE 0:16-cv-01054-DTS   Doc. 504-2   Filed 08/26/19   Page 3 of 8

```
 1                April 2, 2019

 2                9:00 A.M.

 3

 4          Videotape 30(b)(6) Deposition of

 5   Fair Isaac Corporation by William Waid,

 6   called for oral examination by counsel for

 7   Defendants, pursuant to Notice, held at

 8   the Holiday Inn Express, 1305 Walnut Street,

 9   Philadelphia, Pennsylvania, before Gregory

10   DiDonato of Depo International, Inc., a

11   Certified Shorthand Reporter Certificate

12   No. 541, and Notary Public in and for the

13   Commonwealth of Pennsylvania, beginning at

14   9:11 a.m., when were present on behalf of

15   the respective parties:

16

17

18       CONFIDENTIAL - ATTORNEYS' EYES ONLY

19

20

21                    * * *

22

23

24

25
```

30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
Fair Isaac Corporation vs. Federal Insurance Company, et al.
CASE 0:16-cv-01054-DTS   Doc. 504-2   Filed 08/26/19   Page 4 of 8

```
 1      A P P E A R A N C E S
 2
 3    On behalf of the Plaintiff and Witness:
 4        HEATHER KLIEBENSTEIN, ESQ.
 5        MERCHANT & GOULD
 6        3200 IDS Center
 7        80 South Eighth Street
 8        Minneapolis, MN  55402
 9        (612) 371-5213
10        hkliebenstein@merchantgould.com
11
12    On behalf of Defendants:
13        TERRENCE J. FLEMING, ESQ.
14        FREDRIKSON & BYRON, P.A.
15        200 South Sixth Street, Suite 4000
16        Minneapolis, MN  55402
17        (612) 492-7000
18        tfleming@fredlaw.com
19
20
21
22
23
24
25
```

**30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY  -  4/2/2019**
**Fair Isaac Corporation vs. Federal Insurance Company, et al.**
CASE 0:16-cv-01054-DTS   Doc. 504-2   Filed 08/26/19   Page 5 of 8

1  ALSO PRESENT:

2

3      JAMES WOODWARD, ESQ.

4      Vice President, Legal

5      Fair Isaac Corporation

6      Rosendale Corporate Plaza

7      2665 Long Lake Road, Bldg. C

8      Roseville, MN  55113

9      (612) 758-5602

10     jimwoodward@fico.com

11

12     KEVIN S. MURPHY, ESQ.

13     Senior Counsel, Global Legal

14     Chubb

15     202A Hall's Mill Road - 2E

16     Whitehouse Station, NJ  08889

17     (908) 903.3726

18     kevinmurphy@chubb.com

19

20     SABRINA FRANZ, Videographer

21

22                    * * *

23

24

25

30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
CASE 0:16-cv-01054-DTS Doc. 504-2 Filed 08/26/19 Page 6 of 8
Fair Isaac Corporation vs. Federal Insurance Company, et al.

**Page 236**

1 of that provision that if ESHC is, if they
2 merge with another company, under that
3 provision just merging with the other
4 company, do they have to obtain FICO's
5 consent in your view?
6     MS. KLIEBENSTEIN: Objection;
7   calls for speculation and a legal
8   conclusion.
9     MR. FLEMING: Go ahead.
10   A. I would actually go to my legal
11 counsel on this before I would act on this.
12   Q. And do you, where it says, "and
13 such activity causes a material expansion of
14 ESHC's use of the FICO product of 50 percent
15 or more of the revenue over the previous
16 year," is it your understanding that under
17 this provision the licensee would wait a year
18 to determine if their use of the FICO product
19 increases revenues by 50 percent, and at that
20 time they would notify FICO, and there would
21 be this negotiation?
22     MS. KLIEBENSTEIN: Objection;
23   speculation, calls for a legal
24   conclusion, outside of the scope of
25   the 30(b)(6).

**Page 237**

1   He's not here to testify on the
2   meaning of contract terms.
3     If you have any --
4     THE WITNESS: I'm rereading it.
5   I would rely on legal counsel for the
6   viewpoint. I would like to reread it.
7     (Pause.)
8   A. I would answer you this way. This
9 cannot be actually interpreted without the
10 full agreement. There are other provisions
11 that are not present in this addendum. So, I
12 couldn't even begin to. But even if I were,
13 in this case, I would seek counsel to actually
14 make sure of the wording before I acted on it.
15   Q. So, is there any other instance
16 that you're aware of where there was an issue
17 about whether a licensee merged with another
18 company or there was a change in control, and
19 the issue was whether there was expanding use
20 following the merger?
21   A. I believe I actually testified to
22 this in my last deposition. You asked me the
23 same question, and my response was at the
24 time, what is expanded use, how do you define
25 that?

**Page 238**

1   Q. Well, it's a phrase in the FICO
2 agreement; so, however you would define it.
3   A. Well, why would two entities
4 actually merge in the first place, if not to
5 gain business synergies and the combined
6 entity to grow beyond the sum of the parts.
7   Q. My question is a different one,
8 whether there is any other instance in which
9 that was the subject of a dispute with the
10 licensee as to whether there was expanded use
11 or whether they had to get consent for
12 expanded use?
13     MS. KLIEBENSTEIN: Any other
14   instance?
15   A. Yeah, I'm going to ask for a
16 clarification.
17   Q. Other than with regard to Federal
18 and FICO.
19     MS. KLIEBENSTEIN: I'm going to
20   object as outside of the 30(b)(6)
21   topic, and I'm going to --
22     MR. FLEMING: It's clearly
23   within 23, absolutely it's within 23.
24     MS. KLIEBENSTEIN: Well, it
25   mischaracterizes the precise nature of

**Page 239**

1   this lawsuit and calls for speculation.
2     If you feel that you can answer
3   it, I guess, go ahead.
4   A. It's not about expanding use, it's
5 about a merger event.
6   Q. So, in response to my question,
7 you can't recall any instance in which there
8 was a dispute about whether there was expanded
9 use in connection with a merger or a change in
10 control?
11     MS. KLIEBENSTEIN: Objection;
12   mischaracterizes his previous testimony.
13     MR. FLEMING: It's a question,
14   I'm not characterizing it in any way.
15   A. I don't understand the question.
16 You're going to have to re-word it.
17   Q. Has any licensee ever asked for
18 FICO's consent because it anticipated expanded
19 use under its software license agreement with
20 FICO?
21   A. That was asked and answered.
22     Consent is an acquisition for a
23 merger event. That's what they seek.
24   Q. My question is different.
25   A. Well, I understand your question.

**30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019**
Fair Isaac Corporation vs. Federal Insurance Company, et al.
CASE 0:16-cv-01054-DTS  Doc. 504-2  Filed 08/26/19  Page 7 of 8

1  Q. I'd like an answer to my question,
2  since you understand it.
3  **A. I answered your question. They**
4  **seek consent for a merger for acquisition**
5  **event.**
6  Q. And my question is different.
7  Has there ever been a time when a
8  licensee asked for consent because it
9  anticipated there would be expanded use?
10  MS. KLIEBENSTEIN: Within a
11  merger acquisition or similar event?
12  MR. FLEMING: Yes.
13  MS. KLIEBENSTEIN: Okay.
14  You can answer that.
15  **A. My answer stands that the merger**
16  **or acquisition event actually constituted the**
17  **trigger request itself. That is in itself an**
18  **expanded use. No one specifically asked for**
19  **expanded use, because it's a merger and**
20  **acquisition event that triggered it.**
21  Q. You would agree that there has
22  been no prior incidents where FICO has
23  specifically been requested by a licensee to
24  consent to its expanded use in connection with
25  a merger or acquisition?

Page 240

1  MS. KLIEBENSTEIN: Objection;
2  asked and answered.
3  MR. FLEMING: Well, he actually
4  refused to answer the question, and I
5  would like an answer to it.
6  (Pause.)
7  THE WITNESS: I just wanted to
8  confirm that one.
9  **A. No, I'm not aware.**
10  MR. FLEMING: I have no further
11  questions at this time. I'm not
12  closing the deposition.
13  I did not count the number of
14  times you directed Mr. Waid not to
15  answer, but I think it was somewhere
16  around 20 or 25 times.
17  So, we're going to seek a court
18  order compelling responses and the
19  appropriate relief connected with
20  that.
21  MS. KLIEBENSTEIN: But, to
22  confirm, no further questions, you're
23  not keeping the deposition open due to
24  the time?
25  MR. FLEMING: I am keeping it

Page 241

1  open because of your direction for him
2  not to answer which would have opened
3  up other areas of inquiry, as well.
4  MS. KLIEBENSTEIN: Understood.
5  We were just talking before that
6  you anticipated questions until six.
7  MR. FLEMING: I didn't anticipate
8  you were going to continue to direct
9  him not to answer.
10  MS. KLIEBENSTEIN: Okay.
11  THE VIDEOGRAPHER: This marks
12  the end of today's deposition of
13  William Waid.
14  This is tape number five of
15  five. We're going off the record at
16  5:23 p.m.
17  (Time on the record: 06:05:01.)
18  (Whereupon, at 5:23 p.m., the
19  30(b)(6) deposition of FICO by William
20  Waid was adjourned.)
21  THE REPORTER: Do you want the
22  witness to read and sign?
23  MS. KLIEBENSTEIN: Yes.
24  THE REPORTER: Do counsel want a
25  rough transcript?

Page 242

1  MR. FLEMING: No.
2  MS. KLIEBENSTEIN: We probably
3  do.
4  THE REPORTER: When do you want
5  the final delivery?
6  MR. FLEMING: We would like a
7  rough.
8  THE REPORTER: Do you want the
9  final regular or expedited?
10  MR. FLEMING: Yes. Monday is
11  fine.

\* \* \*

Page 243