UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 16-cv-1054 (WMW/DTS)<br><br>**Jury Trial Demanded** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO ORDER GRANTING DEFENDANT'S MOTION TO AMEND**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................... 1

II. Relevant factual background. ........................................................................ 2

    A. Federal's new statute of limitations defense is based on old, known facts... 2

    B. Federal's Motion to Amend focused on Federal's failure to appreciate the role of installation in this case. .................................................................. 4

    C. The Order excused Federal's failure to appreciate the impact of installation and did not address legal futility. ................................................................ 5

III. The Magistrate Judge's Order is assessed for clear error or contrary to law. .......... 6

IV. Federal's statute of limitations defense lacks good cause and is futile. ................... 7

    A. Failure to appreciate the legal impact of known facts is not a basis to find good cause to amend under the law. ............................................................ 7

    B. The Order failed to consider futility of Federal's defense. ............................ 9

        (1) The copyright statute of limitations functions as a damages limitation and not a complete bar to copyright damages. ................................... 9

            a. FICO is entitled to the statutory three-year limit on damages flowing from foreign exploitation of Federal's infringing acts. ......................................................................................... 10

            b. Federal's continuing acts of infringement are independently actionable. .............................................................................. 11

        (2) The statute of limitations does not run for continuous breaches of continuing contractual obligations. .................................................. 11

            a. Installations in Canada in December 2010 forms no basis for a statute of limitations defense. ................................................... 12

        b.    The continued installation and physical location of Blaze Advisor in the United Kingdom is a continuing breach: the statute of limitations is not a defense. ...................................... 12

V.    Conclusion ................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Aviva Sports v. Fingerhut Direct Mktg.*,
  09-1091, 2010 U.S. Dist. LEXIS 145614 (D. Minn. Oct. 8, 2010) ............................... 8

*Cartier v. Western Elec. Coordinating Council*,
  14-cv-79, 2015 U.S. Dist. LEXIS 56766 (D. Colo. April 2, 2015) ............................... 8

*Cauley v. NVE Corp.*,
  527 F.3d 749 (8th Cir. 2008) ....................................................................................... 9

*Coons v. BNSF Ry. Co.*,
  268 F. Supp. 3d 983 (D. Minn. 2017) ...................................................................... 6, 7

*Doe v. Dardanelle Sch. Dist.*,
  928 F.3d 722 (8th Cir. 2019) ....................................................................................... 9

*EEOC v. Hibbing Taconite*,
  266 F.R.D. 260 (D. Minn. 2009) ................................................................................. 7

*Garron v Bristol House, Inc.*,
  79 N.Y.S.3d 265 (N.Y. App. Div. 2018) ............................................................. 11, 13

*Green v. Harbach*,
  750 Fed. Appx. 57 (2d Cir. 2019) ............................................................................... 9

*Hartis v. Chi. Title Ins.*,
  694 F.3d 935 (8th Cir. 2012) ....................................................................................... 8

*IBEW Local 98 Pension Fund v. Best Buy*,
  326 F.R.D. 513 (D. Minn. 2018) ................................................................................. 7

*Jacobson v. Schnell*,
  19-CV-0451, 2019 U.S. Dist. LEXIS 147333 (D. Minn. Aug. 27, 2019) .................... 9

*King Pharms. v. Sandoz, Inc.*,
  08-5974, 2010 U.S. Dist. LEXIS 50163 (D.N.J. May 20, 2010) ................................. 8

*Los Angeles News Serv. v. Reuters TV Int'l.*,
  149 F.3d 987 (9th Cir. 1998) ..................................................................................... 10

*Lumsden v. Ramsey Cty. Cmty. Corr. Dep't*,
   00-2223, 2002 U.S. Dist. LEXIS 25398 (D. Minn. Dec. 23, 2002) .............................. 9

*Med. Graphics Corp. v. Hartford Fire Ins.*,
   171 F.R.D. 254 (D. Minn. 1997) ................................................................................. 7

*Negley v. Hallmark Cards*,
   11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS 196584 (W.D. Mo. Mar.
   1, 2013) ................................................................................................................ 11, 13

*Oravec v. Sunny Isles Luxury Ventures*,
   527 F.3d 1218 (11th Cir. 2008) .................................................................................. 8

*Petrella v. MGM*,
   572 U.S. 663 (2014) ................................................................................................. 11

*Riddley v. Brott*,
   15-569, 2016 U.S. Dist. LEXIS 125950 (D. Minn. Sep. 15, 2016) ............................. 7

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
   106 F.2d 45 (2d Cir. 1939) ....................................................................................... 10

*SMS Services v. HUB Int'l NW*,
   C11-336, 2011 WL 13233173 (Dec. 22, 2011 W.D. Wash.) ..................................... 8

*Tire Eng'g & Distrib. v. Shandong Linglong Rubber*,
   682 F.3d 292 (4th Cir. 2012) ................................................................................... 10

**Statutes**

28 U.S.C. § 636(b)(1)(A) ................................................................................................ 6

**Other Authorities**

Fed. R. Civ. P. 16(b) ....................................................................................................... 7

Federal Rules of Civil Procedure Rule 72(a) ................................................................. 6

LR 72.2(a)(3) .................................................................................................................. 6

N.Y. C.P.L.R. § 213(2) ................................................................................................. 11

**I.      Introduction**

The Magistrate Judge erred in allowing Defendants Federal Insurance Company and ACE American Insurance Company ("Federal") to amend into this three-plus year case a new defense of statute of limitations. Federal believes this defense will bar FICO's claims for Federal's distribution of Blaze Advisor for installation and use outside of the United States.

The parties do not dispute that the issue of where and when Federal distributed Blaze Advisor for installation outside the United States has been a continuous subject of discovery by both parties since the case began. Federal's basis to amend was its alleged failure to understand for years why installation was relevant to the case.

Finding the complaint and discovery record could be read in favor of either party, the Magistrate Judge allowed the amendment. This ruling was legally improper in two ways. First, the Magistrate Judge erred by equating misunderstanding the relevance of a known issue in the case to proof of good cause. But good cause means a party promptly seeks amendment after discovery of a <u>new</u> fact or issue, not an old and known but misunderstood fact or issue.

Second, the Magistrate Judge erred in failing to evaluate futility, allowing Federal to add a defense that has no legal merit. Futility must be addressed; failure to do so is error. When reviewed *de novo*, the statute of limitations defense has no merit and leave to amend should be denied. The District Court should sustain FICO's appeal and deny Defendants' Motion to Amend as lacking good cause and futile.

## II. Relevant factual background.

### A. Federal's new statute of limitations defense is based on old, known facts.

On August 8, 2019, Federal moved to amend its Answer to include a statute of limitations affirmative defense. (Dkt. 464.) Federal argued this defense bars FICO's claims that Federal breached the Agreement and infringed FICO's copyrights by distributing Blaze Advisor for installation and use outside the United States. Federal's excuse for not asserting this defense at the outset of the litigation was that Federal did not understand that FICO's claims were based, in part, on installation of Blaze Advisor outside the United States. FICO opposed this motion because a statute of limitations defense is a Rule 12(b) defense, which should have been brought at the time the original Answer was filed—on February 15, 2017 (Dkt. 38)—and certainly by the time the operative Answer was filed on October 10, 2018 (Dkt. 137).

Federal has always been on notice that installation of Blaze Advisor outside the United States, and use stemming from that installation, was not permitted. In 2006, FICO entered into the Agreement with Chubb & Son, an unincorporated division of Federal. (Dkt. 460-1 at 1.) The Agreement did two things:

1) Restricted the installation and physical location of Blaze Advisor to the United States, and

2) Prohibited the disclosure to and forbade permitted use by or access to Blaze Advisor by any third party.

(Dkt. 460-1 at 20.)

2

Federal has always been on notice that FICO's claims for breach of contract and copyright infringement encompassed improper installations of Blaze Advisor (and use stemming from the same).  FICO's complaint accused Federal of breaching the Agreement by disclosing/distributing Blaze Advisor to third parties located outside the United States, and permitting these parties to access and use Blaze Advisor.  (Dkt. 468 at 16-18.)  FICO's March 30, 2016 notice of termination (referenced in ¶18 of the Complaint at Dkt. 1), states in part: "Additionally, I notified you via email on March 11, 2016 that FICO had become aware of a further material breach due to the use of the Software outside the United States in two applications …."  (Dkt. 460-4.)  Federal was always told that unauthorized installation and use of Blaze Advisor outside the United States was a breach independent of the breach following the acquisition and change of control of Federal.

The parties' litigation strategy has mirrored these claims.  FICO issued <u>two</u> Rule 30(b)(6) notices focusing on installation of Blaze Advisor globally.  (Dkt. 468 at 19-20; Dkt. 470-1.)  FICO issued a discovery request targeted to installation abroad.  (Declaration of Heather Kliebenstein ("Kliebenstein Decl."), Ex. 1 (Request No 29).)  Federal issued a Rule 30(b)(6) notice seeking a witness to discuss FICO's knowledge regarding Federal's installation of Blaze Advisor abroad.  (*Id.* Ex. 2 (Topics 3, 5, and 6).)  Federal asked numerous FICO witnesses about the interpretation of the Territory provision and whether the Agreement proscribed installation outside the United States.  (Dkt. 528 at 21:22-22:10.)  For example, Federal asked Oliver Clark, a FICO employee in the UK, about FICO's

3

knowledge relating to Federal's installation of Blaze Advisor in the United Kingdom.  (Kliebenstein Decl. Ex. 3 at 120:10-121:6,192:25-193:2.)

The discovery propounded by Federal shows it has always appreciated the significance of installation of Blaze Advisor outside the United States.  Facts surrounding Federal's non-US installations of Blaze Advisor are known, not new.

**B. Federal's Motion to Amend focused on Federal's failure to appreciate the role of installation in this case.**

Federal does not feign ignorance that installation of Blaze Advisor outside the United States was a relevant fact.  Rather, Federal focuses on its own failure to recognize that the non-US installation of Blaze Advisor is a basis for one of FICO's claims.  Federal blames FICO for Federal's misunderstanding.  (Dkt. 464.)

Federal argues the Complaint(s) in this action were not clear enough for it to understand that Federal's installation of Blaze Advisor abroad is a basis for FICO's claims.  (Dkt. 464 at 5; Dkt. 528 at 3:7-23.)  But Federal knew the territorial restriction of the Agreement requires Blaze Advisor to be installed and physically located in the United States.  The Complaint(s) recite disclosure to third parties outside the United States as a violation of the Agreement.  (Dkt. 132 ¶¶24, 27, 29, 49.)  Federal's failure to tie the allegations in the Complaint to the Agreement is not a burden FICO should bear.

Next, Federal argues that FICO's in-house counsel's January 27, 2016, notice of breach letter did not mention the word "installation."  Federal ignores that the subsequent, March 30, 2016, notice of termination letter states Federal had "two non-compliant applications outside the authorized U.S. territory." (Dkt. 464 at 5; Dkt. 460-3.)

4

FICO's in house counsel, Mr. Carretta, explained in his deposition that this letter referred to physical location outside the United States. (Dkt. 460-8 at 102:6-12.)

Federal contends discovery did not help it understand the importance of installation. (Dkt. 464 at 6-7; Dkt. 528 at 3:18-4:16.) But installation of Blaze Advisor abroad was raised in depositions and written discovery responses since discovery began—Federal does not dispute this fact. These excuses are not a basis for good cause.

### C. The Order excused Federal's failure to appreciate the impact of installation and did not address legal futility.

The Magistrate Judge ruled on Federal's Motion to Amend during a telephonic hearing on August 26, 2019. (Dkt. 456; Dkt. 525.) The Magistrate Judge concluded that Federal established good cause for failing to include the statute of limitations defense in its original Answer and diligently sought amendment. (*Id.*) The Court's ruling did not address the futility of Federal's defense.

Regarding good cause, the Order stated, "Federal had good cause for the amendment because they did not fully appreciate the need to plead the statute of limitations." (Dkt. 525 at 3:4-6.) The Magistrate Judge noted that:

> [O]ne could read the initial complaint in such a way as to construe it or understand it that the infringement and the breach were keyed off the merger date of January 15, 2016….it would be understandable that someone reading the complaint that way would have no reason to raise the statute of limitations.[1]

---

[1] The Complaint states notice of breach was given January 27, 2016 after the January 16, 2016, acquisition and change of control of Federal. (Dkt. 132 ¶20.) Notice of termination was given March 30, 2016. The Agreement terminated March 31, 2016. (*Id.* ¶¶20-22.) To arrive at the Court's conclusion, it must assume that Federal's distribution of Blaze Advisor for installation and use outside the United States (the breach of Paragraph 3.1 alleged in the Complaint) occurred between January 16 and March 31. This assumption is unreasonable.

5

(*Id*. at 3:11-17.)  The Magistrate Judge agreed the initial complaint could be read in FICO's favor, meaning "not to plead infringement or breach strictly related to the merger date." (*Id*. at 3:18-21.)  But yet good cause existed because the complaint "can be read in some fashion reasonably either way." (*Id*. at 3:18-23.)

Next, the Magistrate Judge addressed the discovery record.  The Magistrate Judge found there was "some ambiguity in or at least divergence between the parties as to how to understand the testimony and the discovery responses that say installation is use." (*Id.* at 4:18-21.)  The Court concluded:

> Both sides have a plausible interpretation of that testimony such that the defendant could misunderstand, misperceive or simply fail to perceive the need to plead the statute of limitations initially.

(*Id.* at 4:22-25.)  The Court concluded there was good cause to allow the amendment and there was no lack of diligence by Federal. (*Id.* at 5:15-17.)  In an effort to fully eliminate prejudice to FICO, the Court required Federal to disclose all installations of all Blaze Advisor versions (including dates and locations) by November 15, and produce a Rule 30(b)(6) witness by November 27. (*Id.* at 7:2-14; 9:1-8.)

### III.    The Magistrate Judge's Order is assessed for clear error or contrary to law.

Rule 72(a) of the Federal Rules of Civil Procedure governs objections to a Magistrate Judge's order. Fed. R. Civ. P. 72(a). The Court must set aside an order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3).  A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Coons*

*v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017). A ruling is contrary to law when it either "fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Id.* Errors of law are reviewed *de novo*. *Riddley v. Brott*, 15-569, 2016 U.S. Dist. LEXIS 125950, at *3 (D. Minn. Sep. 15, 2016).

## IV. Federal's statute of limitations defense lacks good cause and is futile.

The legal standard to amend a pleading rests on good cause and futility. Fed. R. Civ. P. 16(b). "[T]he 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy*, 326 F.R.D. 513, 522 (D. Minn. 2018) (alteration in original). "[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *Id.* (alteration in original).

The District Court is also required to assess the futility of the proposed amendment. *Med. Graphics Corp. v. Hartford Fire Ins.*, 171 F.R.D. 254, 257 (D. Minn. 1997) "[L]eave to amend an Answer should be denied if the proposed defenses are legally insufficient.") Defenses are futile if they would not survive a motion to dismiss under Rule 12(b). *EEOC v. Hibbing Taconite*, 266 F.R.D. 260, 266 (D. Minn. 2009). Review of the facts under the correct law support a denial of Federal's Motion to Amend.

### A. Failure to appreciate the legal impact of known facts is not a basis to find good cause to amend under the law.

The first error of law is the finding of good cause. Reviewed *de novo* without deference, the contrary conclusion must be reached. Failure to appreciate or recognize

7

the materiality of known facts is not good cause to raise a claim or defense late. *Oravec v. Sunny Isles Luxury Ventures*, 527 F.3d 1218, 1232 (11th Cir. 2008) (plaintiff's misunderstanding of jurisdictional challenges to a copyright claim until pre-trial was not good cause); *Aviva Sports v. Fingerhut Direct Mktg.*, 09-1091, 2010 U.S. Dist. LEXIS 145614, *22-24 (D. Minn. Oct. 8, 2010) (no good cause where plaintiff knew the facts to support a new claim at the time the complaint was filed but chose not to assert it at that time); *SMS Services v. HUB Int'l NW*, C11-336, 2011 WL 13233173, *2 (Dec. 22, 2011 W.D. Wash.) (no good cause where moving party "did not appreciate the significance" of a contract in the case until depositions); *King Pharms. v. Sandoz, Inc.*, 08-5974, 2010 U.S. Dist. LEXIS 50163, *12 (D.N.J. May 20, 2010) (denying motion to amend prior art statement where defendant knew of a reference but failed to appreciate the relevancy).

Federal's excuse for its late defense is that FICO did not make the significance of a known fact clear until dispositive briefing. The Magistrate Judge ruled this failure to appreciate the impact of installation abroad was good cause, even though the complaint could be read such that "breach of the agreement due to improper installation was clearly articulated in the Complaint." (Dkt. 525 at 3-4.) Federal's misunderstanding of the legal significance of a known fact is legally not good cause.

The good cause standard is meant to allow parties to amend when they uncover new facts, new evidence or a change in the law. *See, e.g.*, *Hartis v. Chi. Title Ins.*, 694 F.3d 935, 949 (8th Cir. 2012); *Cartier v. Western Elec. Coordinating Council*, 14-cv-79, 2015 U.S. Dist. LEXIS 56766, at *4 (D. Colo. April 2, 2015) (denying motion to amend

where plaintiff failed to identify any new facts, newly discovered evidence or a change in the underlying law).

None of these bases exist in this case. Federal's installation of Blaze Advisor abroad is, and has always been, a known issue in this case. There is no dispute the physical location of installation of Blaze Advisor is a term in the Agreement. Federal's statute of limitations defense was foreseeable through reasonable diligence.

### B. The Order failed to consider futility of Federal's defense.

The futility of a proposed amendment, *alone*, may be a basis to deny a motion to amend. *See, e.g.*, *Jacobson v. Schnell*, 19-CV-0451, 2019 U.S. Dist. LEXIS 147333, at *2-4 (D. Minn. Aug. 27, 2019); *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727–28 (8th Cir. 2019); *Cauley v. NVE Corp.*, 527 F.3d 749, 752 (8th Cir. 2008). Futility is reviewed *de novo*. *Green v. Harbach*, 750 Fed. Appx. 57, 58 (2d Cir. 2019); *Lumsden v. Ramsey Cty. Cmty. Corr. Dep't*, 00-2223, 2002 U.S. Dist. LEXIS 25398, at *3 n.2 (D. Minn. Dec. 23, 2002). Here, the Magistrate Judge did not address the issue of futility. The Order should be set aside for this reason. Upon *de novo* review, the District Court should deny Federal's Motion to Amend based on futility.

### (1) The copyright statute of limitations functions as a damages limitation and not a complete bar to copyright damages.

There is no viable statute of limitations defense to FICO's copyright claims. This defense only serves as a limitation to damages and not a bar to claims in their entirety.

9

### a.  FICO is entitled to the statutory three-year limit on damages flowing from foreign exploitation of Federal's infringing acts.

FICO is entitled to damages flowing from foreign exploitation of Federal's infringing acts. *See Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939) (defining predicate act doctrine). Under the predicate act doctrine, where a copyright owner shows a domestic violation of the Copyright Act, the copyright owner is entitled to all damages flowing from the foreign exploitation of the infringer's infringing act. *See id.*; *Tire Eng'g & Distrib. v. Shandong Linglong Rubber*, 682 F.3d 292, 308 (4th Cir. 2012); *Los Angeles News Serv. v. Reuters TV Int'l.*, 149 F.3d 987, 990-92 (9th Cir. 1998).

Where the domestic act of infringement occurs outside the three-year statute of limitations, a copyright owner is entitled to all damages flowing from the foreign exploitation of the infringer's infringing act within the three-year period preceding the lawsuit. *Tire Eng'g & Distrib.*, 682 F.3d at 308-309; *Los Angeles News Serv.*, 149 F.3d at 990-92. (Dkt. 468 at 29-30.)

Federal's distributions to Europe in May 2009 and to Canada in December 2010 breached the Agreement and infringed FICO's copyrights. FICO is entitled to the damages flowing from the foreign exploitation of Federal's 2009 and 2010 domestic acts of infringement for the three-year statutory period. FICO claims no more. Federal's statute of limitations defense fails as a matter of law.

10

### b. Federal's continuing acts of infringement are independently actionable.

Continuing acts of infringement of FICO's copyright rights within the three-year statute of limitations period are independently actionable. The Supreme Court has made clear that each infringement carries its own statute of limitations. *Petrella v. MGM*, 572 U.S. 663, 671 (2014); *see also Negley v. Hallmark Cards*, 11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS 196584, at *4-5 (W.D. Mo. Mar. 1, 2013).

FICO may rely on all domestic acts of distribution made within the three-year statute of limitations and is entitled to all damages flowing from foreign exploitation. Here, Federal's distribution has been continual, as have installations and usage stemming from that distribution. (Dkt. 468 at 31-32.) This defense does not bar this claim.

### (2) The statute of limitations does not run for continuous breaches of continuing contractual obligations.

Federal's defense is deficient under New York law. New York has a six-year statute of limitations. N.Y. C.P.L.R. § 213(2). This lawsuit commenced on April 21, 2016. All acts after April 21, 2010 are within the limitations period.

New York recognizes the continuing wrong doctrine. The statute of limitations does not run when the contract imposes a continuing obligation on the breaching party, and the damages recovery is limited to the six-year period immediately preceding filing of the lawsuit. *Garron v Bristol House, Inc.*, 79 N.Y.S.3d 265, 267 (N.Y. App. Div. 2018. (*See also* Dkt. 468 at 26).

Here, Federal acknowledges the continuing breach doctrine. (Dkt. 464 at 10.) Federal does not dispute it has continued to distribute Blaze Advisor for installation and

11

use outside the United States. Federal's statute of limitations defense, even assuming all facts in Federal's favor, cannot bar FICO's breach of contract claim, because Federal's breaching activities continue.

### a. Installations in Canada in December 2010 forms no basis for a statute of limitations defense.

Federal relies on installations "in Canada in December 2010" as a basis for its statute of limitations defense. (Dkt. 464 at 14.) This is an insufficient. December 2010 is after April 2010.

### b. The continued installation and physical location of Blaze Advisor in the United Kingdom is a continuing breach: the statute of limitations is not a defense.

Federal relies on "installations [that] took place in Europe in May 2009" as a basis for its statute of limitations defense.[2] (Dkt. 464 at 14.) Assuming all facts in Federal's favor, this is insufficient. FICO does not claim damages from May 2009. FICO claims damages for the continuing breach of the obligation to restrict installation and physical location of Blaze Advisor to the United States from April 21, 2010, forward. (*See* Dkt. 460-10 at 9 (limiting start date of license fees for ADAPT to April 21, 2010).) The continuing breach of the territorial restriction resulted in the breach of the separate continuing obligation under Paragraph 3.1 of the Agreement to not permit use of or access to individuals other than employees of Chubb & Son, a division of Federal. (Dkt. 468 at 28.)

---

[2] Federal has also admitted in this case that Blaze Advisor was installed in locations in Europe in 2013, based on distribution of Blaze Advisor by Federal. (Kliebenstein Decl. Ex. 4.)

Under Paragraph 3.1, Federal represented and warranted that: (i) use would not exceed the scope of any license granted under the Agreement, and (iv) Chubb & Son would not disclose Blaze Advisor or permit the use or access of Blaze Advisor by any individuals other than Chubb & Son employees. (Dkt. 460-1 at 2.) The license grant of Paragraph 2.1 restricted the installation and physical location of Blaze Advisor to the United States. (*Id.* at 1.) Federal was subject to the terms of the Agreement for the "Term" of the agreement. (*See* 460-1 at ¶2.1.) The Term of the Agreement was perpetual. (Dkt. 460-1 at ¶9.1; *id.* at 11.)

These provisions created a continuing duty for Federal. On and after April 21, 2010, Blaze Advisor continued to be installed outside the United States and individuals other than employees of Chubb & Son continued to use it. These acts are a continuous breach of the Agreement that are within the six-year statute of limitations. *Garron*, 79 N.Y.S.3d at 267. FICO is entitled to recover damages for the six years prior to commencing the lawsuit. *Id*. The statute of limitations does not bar any of the liability or damages FICO seeks.

### V.     Conclusion

Due to these legal errors, FICO requests the District Court set aside the Magistrate Judge's ruling as contrary to law and deny Federal's Motion to Amend.

Dated: September 9, 2019

                                       MERCHANT & GOULD P.C.

                                       /s/ Heather Kliebenstein
                                       Allen Hinderaker, MN Bar # 45787
                                       Heather Kliebenstein, MN Bar # 337419

Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*