## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY a Pennsylvania corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF WILLIAM MCCARTER

# <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................ 1

II.     Mr. McCarter's experience is irrelevant to whether his opinions are based on a
        reasoned analysis of the relevant facts of the case. .................................................. 1

III.    Experts may rely on their experience if they tie their experience to the facts of
        the case—Mr. McCarter did not. ................................................................................ 4

IV.     Mr. McCarter's opinions are not admissible because his *ipse dixit* conclusions
        are directed to issues in the case. ............................................................................... 5

        A.    Mr. McCarter undertook no methodology to arrive at his "core
              competencies" opinion. ................................................................................. 6

        B.    FICO's challenge to Mr. McCarter's "bad business rules" opinion is
              unanswered. .................................................................................................... 7

        C.    Federal concedes Mr. McCarter performed no analysis when opining
              on "consumer preferences." ........................................................................ 7

        D.    Mr. McCarter has no way to know whether the IBM model applies to
              the case. ............................................................................................................ 9

        E.    Mr. McCarter's opinion on the quantitative and qualitative
              contributions of Blaze Advisor to Defendants' revenue is supported
              only by Mr. McCarter's *ipse dixit*. .............................................................. 9

V.      Mr. McCarter does not opine on deductible expenses or apportionment .............. 11

        A.    Mr. McCarter offered no opinion on deductible expenses. ......................... 11

        B.    More than an unquantified list of factors is required to opine on
              apportionment ................................................................................................ 12

VI.     Federal fails to respond to FICO's challenge regarding Mr. McCarter's
        opinions on "efficiencies." ...................................................................................... 14

VII.    Mr. McCarter's non-infringing alternative opinions are improper as a matter
        of law. ..................................................................................................................... 14

        A.    Section 504(b) defines two distinct damages awards—actual damages
              and disgorgement of profits ......................................................................... 14

B.    Mr. McCarter's opinions are limited to disgorgement—he may not offer opinions on non-infringing alternatives related to actual damages.... 15

C.    Federal mischaracterizes *Oracle v. Google*'s ruling on noninfringing alternatives.................................................................................. 15

D.    Mr. McCarter conducted no analysis to determine if purported alternatives were acceptable; Federal did not respond............................... 16

VIII.  Conclusion ......................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andreas v. Volkswagen of Am.*,
   336 F.3d 789 (8th Cir. 2003) ..................................................................... 11

*Aviva Sports, Inc. v. Fingerhut Direct Mktg.*,
   829 F. Supp. 2d 802 (D. Minn. 2011) ........................................................ 4

*Crawford Supply Grp., Inc. v. Bank of Am., N.A.*,
   No. 09 C 2513, 2011 U.S. Dist. LEXIS 117670 (N.D. Ill. Oct. 12, 2011) ................... 4

*DaimlerChrysler Servs. v. Summit Nat'l*,
   No. 02-71871, 2006 U.S. Dist. LEXIS 4282 (E.D. Mich. Jan. 26, 2006) ................. 11

*Design Ideas v. Things Remembered.*,
   No. 07-3077, 2009 U.S. Dist. LEXIS 38374 (C.D. Ill. May 6, 2009) ................. 13, 14

*Fahmy v. Jay Z*,
   No. 2:07-cv-5715, 2015 WL 5680299 (C.D. Cal. Sept. 24, 2015) ........................ 5, 12

*Gregerson v. Vilana Fin.*,
   No. 06-1164, 2008 U.S. Dist. LEXIS 11727 (D. Minn. Feb. 15, 2008) ..................... 14

*Hose v. Chi. Nw. Transp. Co.*,
   70 F. 3d 968 (8th Cir. 1996) ...................................................................... 9

*Humphreys v. Regents of Univeristy of California*,
   No. C 04-03808, 2006 WL 1867713 (N.D. Cal. July 6, 2006) ...................................... 3

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
   No. 08-cv-3181, 2010 WL 4065465 (S.D. Tex. Oct. 9, 2010) ............................... 5, 13

*John G. Danielson, Inc. v. Winchester-Conant Property*,
   322 F.3d 26 (1st Cir. 2003) ....................................................................... 13

*Khoury v. Philips Med. Sys.*,
   614 F.3d 888 (8th Cir. 2010) ............................................................ 1, 5, 7, 9

*Luitpold Pharmaceutical v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*,
   No. 11-CV-681, 2015 WL 5459662 (S.D.N.Y. Sept. 16, 2015) ............................... 2, 3

*N. Star Mut. Ins. Co. v. Zurich Ins. Co.*,
    269 F. Supp. 2d 1140 (D. Minn. 2003) .......................................................... 5

*Oracle Am., Inc. v. Google Inc*.,
    No. C 10-03561, 2011 U.S. Dist. LEXIS 136172 (N.D. Cal. Nov. 28,
    2011) .................................................................................................... 15, 16

*Polar Bear Prods. v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004) ...................................................................... 14

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
    309 U.S. 390 (1940) ................................................................................... 13

*Sunflower Redevelopment v. Ill. Union Ins.*,
    No. 4:15-CV-00577-DGK, 2018 U.S. Dist. LEXIS 52266 (W.D. Mo.
    Mar. 28, 2018) ...................................................................................... 11, 15

*Thomas v. Fag Bearings Corp.*,
    846 F. Supp. 1382 (W.D. Mo. 1994) ............................................................ 1

*Universal Furniture Int'l v. Collezione Europa, USA*,
    599 F. Supp. 2d 648 (M.D.N.C. 2009) ....................................................... 11

*Victor Stanley, Inc. v. Creative Pipe*,
    No. MJG-06-2662, 2011 U.S. Dist. LEXIS 112846 (D. Md. Sep. 30,
    2011) ....................................................................................................... 11

**Statutes**

17 U.S.C. 504(b) ............................................................................. 11, 14, 15, 16

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) ............................................................. 11, 15

Fed. R. Evid. 702 .................................................................................... 2, 4

## I.     Introduction

Expert testimony must be based on a reliable methodology connected to the facts of the case.  Expert testimony is not helpful unless the expert applies his expertise to the case-specific facts.  Federal fails to show the opinions of its insurance expert, William McCarter, are admissible.

Federal ignores the central basis of FICO's challenge—Mr. McCarter did not undertake a reliable methodology and connect his opinions to case-specific facts.  Mr. McCarter may not opine based on his experience untethered from case-specific facts.  Whether his *ipse dixit* opinions are directed to relevant issues is not the question.  His testimony should be excluded because it violates *Daubert.*

## II.    Mr. McCarter's experience is irrelevant to whether his opinions are based on a reasoned analysis of the relevant facts of the case.

An expert's opinion is not admissible merely because the expert is qualified. *Thomas v. Fag Bearings Corp.*, 846 F. Supp. 1382, 1393 (W.D. Mo. 1994) ("All testimony from a qualified expert is not automatically admissible.")  Rather, "the party offering the expert testimony 'must show by a preponderance of the evidence both that the expert is qualified to render the opinion **and** that the methodology underlying his conclusions is scientifically valid.'"  *Khoury v. Philips Med. Sys*., 614 F.3d 888, 892 (8th Cir. 2010) (quoting *Barrett v. Rhodia, Inc*., 606 F.3d 975, 980 (8th Cir. 2010)) (emphasis added).  Mr. McCarter's *ipse dixit* opinions are not admissible because he is generally qualified as an industry expert.

FICO challenged Mr. McCarter for failing to apply his expertise to any analysis of case-specific facts, not for his qualifications.  (*See* Dkt. 362.)  Federal's laudatory

statements regarding Mr. McCarter's experience (Dkt. 485 at 5-7) miss the mark.  Mr. McCarter conducted no analysis or methodology to link the facts of this case to his conclusions.  (Dkt. 362.)  Federal's repeated recitation of a list of depositions, interviews, and exhibits that Mr. McCarter reviewed (Dkt. 485 at 4, 9, 13-14) does not suggest otherwise.  Whether Mr. McCarter reviewed case documents is irrelevant.  His conclusory opinions are inadmissible because he does not rely upon case-specific facts to inform those opinions or show their relevance to the proffered opinions.  He does not apply his expertise to the case-specific facts.  When given the opportunity at his deposition to discuss his methodology, he could not.  (Dkt. 362 at 16-20, 27-29, 33-34.)  Federal's opposition brief is telling.  There is not a single reference that identifies a case-specific fact *relied upon* by McCarter in forming his opinions.  (Dkt. 485 at 4, 9, 12, 14.)[1]  Mr. McCarter failed to provide any basis linking his opinions to the facts of the case.

Federal would excuse Mr. McCarter's lack of methodology because he is a rebuttal expert, suggesting that grants carte blanche.  (Dkt. 485 at 11.)  No such exception to Federal Rule of Evidence 702 or *Daubert* exists.  Federal's case law does not counsel otherwise.

Federal cites *Luitpold Pharmaceutical v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-CV-681, 2015 WL 5459662, at *12 (S.D.N.Y. Sept. 16, 2015) (Dkt. 485 at 11), for the proposition that rebuttal experts may criticize the affirmative expert's methodology and is not required to offer a competing analysis."  FICO does not disagree.

---

[1] As stated in Federal's opposition brief, Mr. McCarter only "relied" upon his experience and outside sources.

*Luitpold Pharmaceutical* is inapposite.  Mr. McCarter does not criticize Mr. Whitener's

methodology, rather he criticizes Mr. Whitener's conclusions by offering contrary

opinions:

> 23.    I disagree with the conclusions from Mr. Whitener in his expert
> report. …
>
> 64.    Mr. Whitener attempts to connect Blaze with the CIS Claims
> technology use. He is not correct. …
>
> 122.    Mr. Whitener's overall opinion is that Blaze contributed to gross
> written premium revenue generation and generated profits for Federal. I
> disagree with Mr. Whitener's opinion.
>
> 137.    … [Mr.] Whitener overstates the role of Blaze in these applications
> and also overstates the role of these applications in Federal's larger business.
>
> 139.    …I disagree with Mr. Whitener's assumption that the efficiencies are
> what improved revenue or premium growth for Federal. …

(Dkt. 365 ¶¶23, 64, 122, 137, 139.)  Those opinions must meet the test of *Daubert* to be

admissible.

Federal cites *Humphreys v. Regents of Univeristy of California*, No. C 04-03808,

2006 WL 1867713, at *6 (N.D. Cal. July 6, 2006) (Dkt. 485 at 11), for the proposition a

rebuttal expert may use a different analysis to refute the affirmative expert's analysis.

FICO does not challenge this general proposition.  Mr. McCarter's testimony is

inadmissible because he offers no analysis of case-specific facts to support his opinions.

Mr. McCarter's opinions must be excluded.

### III.   Experts may rely on their experience if they tie their experience to the facts of the case—Mr. McCarter did not.

Federal contends Mr. McCarter, like all experts, is permitted to rely on his experience.  (Dkt. 485 at 12-13.)  Federal's argument misses the point.  FICO does not argue that an expert may not rely on his experience.  (Dkt. 362 at 10-11.)  Rather, Mr. McCarter's opinions are unreliable because he fails to connect his experience to the facts of the case.  *Crawford Supply Grp., Inc. v. Bank of Am., N.A.*, No. 09 C 2513, 2011 U.S. Dist. LEXIS 117670, at *8 (N.D. Ill. Oct. 12, 2011) ("An expert witness cannot merely present his qualifications alongside his opinion; he must explain why the application of his prior experience to the facts at hand compel his final conclusions.").  While Federal Rule of Evidence 702 permits an expert to rely on his experience, certain safeguards must be met.  An expert relying on experience alone as support for a stated conclusion must explain: 1) how that experience leads to the conclusion reached, 2) why that experience provides a sufficient basis for the opinion, and 3) how the experience is reliably applied to the facts.  Fed. R. Evid. 702 advisory committee's note (2000); *see also Aviva Sports, Inc. v. Fingerhut Direct Mktg.*, 829 F. Supp. 2d 802, 825-27 (D. Minn. 2011) (excluding expert testimony where expert rendered conclusion regarding consumer's impressions but expert had no factual basis to form conclusion).  Mr. McCarter failed to explain how the facts of this case, in view of his experience, led to his conclusions.  The opinions must be excluded.

Federal's attempt to create a post-hoc methodology for Mr. McCarter fails.  The argument that Mr. McCarter undertook a robust analysis of case-specific documents,

depositions, and interviews is unavailing because it is belied by Mr. McCarter's report. (Dkt. 485 at 4, 9, 13-14.)  In the statement of his opinions (i.e. his report), Mr. McCarter identifies no case-specific documents, depositions, and interviews that he relied upon to support his opinions.  (Dkt. 365 (failing to cite support for most opinions).)  At his deposition, Mr. McCarter confirmed his opinions were exclusively based on his experience and not on the facts of the case.  (Dkt. 362 at 16-25, 33-34.)  This is improper expert testimony and must be excluded.

Federal's reliance on *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, No. 08-cv-3181, 2010 WL 4065465 (S.D. Tex. Oct. 9, 2010) and *Fahmy v. Jay Z*, No. 2:07-cv-5715, 2015 WL 5680299 (C.D. Cal. Sept. 24, 2015) (Dkt. 485 at 15-16) is misplaced.  In *Interplan Architects*, the court explicitly recognized that the expert tied the facts of the case to his experience.  2010 WL 4065465, at *11 ("Mr. Burrow's opinion is reliable in that it is based upon his extensive professional experience, **as applied to the facts presented here**.")(emphasis added).  In *Jay Z*, the expert applied a "basic methodology for evaluating the relative importance of various factors to the success of *Big Pimpin*'." 2015 WL 5680299, at *3.  Mr. McCarter did not apply his experience to the facts of this case or apply a "basic methodology."  Mr. McCarter relied on his own say-so to support his opinions.

## IV.    Mr. McCarter's opinions are not admissible because his *ipse dixit* conclusions are directed to issues in the case.

Expert testimony is not admissible just because it is relevant to issues of the case. *Khoury*, 614 F.3d at 892; *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140,

1147 (D. Minn. 2003).  FICO does not seek to exclude Mr. McCarter on the basis of his

conclusions (i.e. the subjects of his opinions); FICO seeks to exclude his testimony

because Mr. McCarter failed to apply his expertise to the facts of the case.  Lawyer

argument wrapped in expert garb does not assist the jury in understanding the facts of this

case.  Federal's arguments regarding the relevance of the topics Mr. McCarter opines on

misses the point of *Daubert*.

### A.     Mr. McCarter undertook no methodology to arrive at his "core competencies" opinion.

Mr. McCarter's opinion on "core competencies" is unreliable.  FICO's challenge

to Mr. McCarter's opinion based on "core competencies" because it lacks methodology

applied to this case (Dkt. 362 at 16-17) is unanswered.  (*See* Dkt. 485 at 15-17.)  Federal

summarily argues: "McCarter's 'core competencies' opinion is admissible because it

applies to all insurance companies, including Federal." (*Id.* at 15.)  But, Mr. McCarter

concedes he has no way of knowing whether his "core competencies" opinion applies to

Federal, let alone all insurance companies. (Dkt. 362 at 16-17.)  Admittedly, he spoke

with no one at Federal to verify his "core competencies" opinion applied to Federal.  (*Id.*

at 16.)

Importantly, Federal concedes that Mr. McCarter's opinion is based exclusively on

his experience.  (Dkt. 485 at 15-17.)  As discussed in Section III, *supra*, Federal's case

law is unpersuasive.  Mr. McCarter failed to connect his experience to the facts of the

case.  His "core competencies" opinion is pure *ipse dixit*.  Federal bears the burden of

proving its expert's testimony is admissible. *Khoury*, 614 F.3d at 892. Federal fails to refute FICO's challenge; Mr. McCarter's "core competencies" opinion must be excluded.

### B.   FICO's challenge to Mr. McCarter's "bad business rules" opinion is unanswered.

FICO challenged Mr. McCarter's opinion regarding Federal's purported use of "bad business rules." (Dkt. 362 at 17-19.) Mr. McCarter admitted he had no facts or analysis to support his opinion on the use of "bad business rules." (*Id.*) Federal does not identify any methodology Mr. McCarter undertook to arrive at the opinion. (Dkt. 485 at 17-19.) FICO's challenge is unanswered. (*Id.*) Federal's desire for self-serving *ipse dixit* testimony justified on the basis it is relevant to issues of the case is unavailing. (*Id.* at 17, 19.)

Federal criticizes FICO's expert Mr. Whitener to prop up Mr. McCarter. Federal's perceived issues with Mr. Whitener's testimony have no bearing on the admissibility of Mr. McCarter's testimony. *See id.* Mr. McCarter used no methodology to arrive at his opinion; there is no analysis of case-specific facts. (Dkt. 362 at 17-19.) Federal does not contend otherwise. (*See* Dkt. 485 at 17-19.) The opinion must be excluded.

### C.   Federal concedes Mr. McCarter performed no analysis when opining on "consumer preferences."

FICO challenged Mr. McCarter's "consumer preferences" opinion. (Dkt. 362 at 19-20.) Specifically, FICO challenged "Mr. McCarter's opinion that customers are not influenced by Blaze Advisor when purchasing insurance products and that agents and brokers are not influenced by the use of Blaze Advisor in the sale of insurance products is devoid of any analysis of case specific facts." (*Id.* at 19.) Mr. McCarter opines that

Blaze Advisor does not contribute to the sale of insurance products because customers and agents/brokers are unaware that Blaze Advisor is the technology influencing the user experience. (Dkt. 365 ¶¶27, 52, 96, 104.)

Mr. McCarter's opinion is pure *ipse dixit*. Mr. McCarter admitted he did no investigation to determine to what extent, if any, Blaze Advisor affected the consumer's experience. (*Id.* at 20.) Federal does not argue otherwise. (Dkt. 485 at 19-20.) Mr. McCarter never spoke to a purchaser of insurance. (Dkt. 365 ¶16.) Federal does not argue otherwise. (Dkt. 485 at 19-20.) Mr. McCarter never spoke with an agent or broker. (Dkt. 365 ¶16.) Federal does not argue otherwise. (Dkt. 485 at 19-20.) Federal contends Mr. McCarter interviewed Federal employees (*id.*), but these employees are not customers, agents, or brokers. Mr. McCarter's opinion is untethered from any facts of the case.

Federal's contention that FICO's expert Mr. Whitener agrees with Mr. McCarter mischaracterizes Mr. Whitener's opinion. Mr. Whitener opined that the customer and agent/broker experiences (i.e. ease of doing business) are important to the sale of insurance. (Dkt. 365-1 ¶¶29, 166-169.) Both customers and agents/brokers desire the buying experience (speed of response, accuracy of information, precision of price) that Blaze Advisor affords. (*Id.*) Whether customers and agents/brokers know Blaze Advisor is the technology creating that desired experience is irrelevant. Mr. Whitener fundamentally disagrees with the contrary *ipse dixit* conclusions of Mr. McCarter. The opinion must be excluded.

**D.     Mr. McCarter has no way to know whether the IBM model applies to the case.**

FICO challenged Mr. McCarter's use of an irrelevant IBM model.  (Dkt. 362 at 20-23.)  Mr. McCarter admits the model does not depict Federal specifically; and he further admits he did nothing to verify its application to Federal.  (*Id.* at 22.)  Federal responds by explaining Mr. McCarter's conclusions based on the model.  (Dkt. 485 at 21.)  Again, *ipse dixit* conclusions are not admissible because they are directed to relevant issues.  FICO's challenge to this testimony should be sustained.

Federal offers no rebuttal to Mr. McCarter's failure to link the IBM model to Federal.  (Dkt. 485 at 22.)  Instead, Federal contends: "FICO has done nothing to demonstrate that Federal does not operate in the manner depicted in the industry model. It has not proposed any other model." (*Id.*)  The admissibility of Mr. McCarter's testimony is Federal's burden, not FICO's.  *Khoury*, 614 F.3d at 892.

Federal's contention that this matter should be left to cross-examination (*id.*) is improper.  Federal's case, *Hose v. Chi. Nw. Transp. Co*., 70 F. 3d 968, 974 (8th Cir. 1996), does not counsel otherwise.  *Hose* states challenges to the "factual basis of an expert opinion" go to credibility, not admissibility.  *Id.*  Here, Mr. McCarter's use of the IBM model has no factual basis; there is no showing of any relationship to Federal.  It is a conclusion with no underlying methodology or analysis.  It should be excluded.

**E.     Mr. McCarter's opinion on the quantitative and qualitative contributions of Blaze Advisor to Defendants' revenue is supported only by Mr. McCarter's *ipse dixit*.**

FICO challenged Mr. McCarter's opinion on the quantitative and qualitative contributions of Blaze Advisor to revenue because Mr. McCarter's recital of arbitrary,

unconnected values[2] is unsupported.  (Dkt. 362 at 23 to 25.)  Mr. McCarter's numerous

quantitative comparisons of Blaze Advisor's "footprint" in Federal's operation  (*see, e.g.*,

Dkt. 365 ¶¶69, 74, 87-90; Dkt. 362 at 23-24) is devoid of any case-specific evidence to

support the conclusions.  Mr. McCarter concedes there is no case-specific evidence to

support his opinions.  (Dkt. 362 at 24.)  His report identifies none. (*See, e.g.*, Dkt. 365

¶¶69, 74, 87-90; Dkt. 362 at 23-24.)

Additionally, Mr. McCarter's opinion is unhelpful to the jury.  Mr. McCarter's

opinions do not assist the jury in understanding Blaze Advisor's contribution to Federal's

revenues and profits, which is the relevant question.  The fact Federal deploys other

software technologies does not suggest (and Mr. McCarter does not opine otherwise) that

all software technologies contribute to the generation of revenue.  Yet, Mr. McCarter

treats all software and software components equally.  Mr. McCarter offers no

comparative analysis applied to case-specific facts to link his quantifications to Federal's

revenues or profits.  Federal does not argue otherwise.  (Dkt. 485 at 23-24.)  Mr.

McCarter's opinion must be excluded.

Likewise, Mr. McCarter offers no comparative analysis to link any other factor he

identifies as non-infringing to Federal's revenue or profits.  While Mr. McCarter opines

that Federal's revenue is generated by factors exclusive of Blaze Advisor (Dkt. 365 ¶¶20-

30), there is absolutely no analysis to support that conclusion. *See* Section IV(A)-(E),

---

[2] Mr. McCarter opines Blaze Advisor is in 10 of Federal's 1,500 applications and Blaze
Advisor is one of 45 Third-Party software technologies.  (Dkt. 362 at 23 (citing Dkt. 365
¶¶87-89).)

VII(D).  The opinions are untethered from the issue the jury must decide: the extent to which Blaze Advisor or other factors contribute to the generation of Federal's revenue and profits.  Mr. McCarter's opinions are akin to arguing toilets contribute to a revenue because a business must have toilets.  *See DaimlerChrysler Servs. v. Summit Nat'l*, No. 02-71871, 2006 U.S. Dist. LEXIS 4282, at *9 (E.D. Mich. Jan. 26, 2006).

## V.    Mr. McCarter does not opine on deductible expenses or apportionment.

### A.    Mr. McCarter offered no opinion on deductible expenses.

Federal—not FICO—has the burden to prove deductible expenses and apportionment. When FICO meets its burden to prove gross revenue connected to infringement, the burden then shifts to Federal to prove the "deductible expenses" as well as "the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *Andreas v. Volkswagen of Am.*, 336 F.3d 789, 795 (8th Cir. 2003); *Universal Furniture Int'l v. Collezione Europa, USA*, 599 F. Supp. 2d 648, 653 (M.D.N.C. 2009).  "If [Federal] wishes to establish that its operating expenses are deductible expenses, it has the burden of proving that each item of general expense contributed to the production of the infringing items, and of further offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Victor Stanley, Inc. v. Creative Pipe*, No. MJG-06-2662, 2011 U.S. Dist. LEXIS 112846, at *14-16 (D. Md. Sep. 30, 2011) (internal quotation omitted).

Mr. McCarter offered no opinions on deductible expenses.  (Dkt. 362 at 25; Dkt. 365.)  Federal does not argue otherwise.  (Dkt. 485 at 27.)  An expert may not testify to matters outside the scope of his report.  Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii); *Sunflower*

*Redevelopment v. Ill. Union Ins.*, No. 4:15-CV-00577-DGK, 2018 U.S. Dist. LEXIS 52266, at *5 (W.D. Mo. Mar. 28, 2018) ("[Expert] may not testify about matters outside the scope of his expert report."). (Dkt. 362 at 10.) Federal summarily contends that "[s]ome of McCarter's opinions may additionally be relevant to" Mr. Bakewell's analysis. (Dkt. 485 at 27.) Mr. Bakewell, however, does not rely on Mr. McCarter for any of his "deductible expenses" opinions. (*Compare id. with* Dkt. 424 ¶¶185-205.) Mr. McCarter may not opine on deductible expenses.

### B. More than an unquantified list of factors is required to opine on apportionment.

Mr. McCarter's opinions on apportionment fail to assist the jury in quantifying the portion of Federal's profits attributable to factors other than infringement. (Dkt. 362 at 25-27.) Mr. McCarter recites a list of non-infringing factors. He fails to provide any reasoned analysis by which any profits not attributable to infringement can be apportioned. (*Id.*) Federal does not argue otherwise. Mr. McCarter identifies a number of factors without further analysis of (a) any relationship to revenue and (b) any reasoned basis to apply the factors to make an apportionment. (Dkt. 485 at 24-26.)

Federal alleges Mr. McCarter is not required to quantify his apportionment opinion. (*Id.*) Federal is wrong. Federal's cases do not suggest otherwise. (*See id.*) In *Jay Z*, 2015 WL 5680299, at *2, the challenged expert opined on "factors that have contributed to the commercial success" of the music. Federal ignores that the expert then "assign[ed] a percentage range to each factor." *Id.* at *3. The expert in *Jay Z* provided an apportionment opinion helpful to the jury. Mr. McCarter did not.

12

Federal's reliance on *Interplan Architects*, 2010 WL 4065465, at *13 is also misplaced.  In *Interplan Architects*, neither the court nor the defendant perceived an unquantified list of factors sufficiently helpful to the issue of apportionment.   The court permitted defendant to proffer testimony from an expert who could apportion by ranking the factors that contributed to revenue, *id.* at *13 n.8, implicitly acknowledging the expert could differentiate between factors that contributed to revenue and factors that did not.  Mr. McCarter did not do this.   *Interplan Architects* is inapposite.

Federal's reliance on *John G. Danielson, Inc. v. Winchester-Conant Property*, 322 F.3d 26 (1st Cir. 2003) is also unavailing.  *Danielson* required a "rational apportionment of profits."  *Id.* at 47.  Relying on *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 404 (1940), *Danielson* demanded a "reasonable approximation" to disentangle contributions of infringement from other factors.  Mr. McCarter's opinions fail to offer any basis for the jury to make an apportionment, let alone one supported by a "reasononable" or "rational" analysis.  Mr. McCarter's list of factors requires the jury to speculate.

Federal further mischaracterizes *Design Ideas v. Things Remembered*.  (*See* Dkt. 485 at 25-26.)  In *Design Ideas*, the court excluded an expert's opinion for failing to opine on the "correct percentage of total revenues or profits that would be attributable" to infringement.  No. 07-3077, 2009 U.S. Dist. LEXIS 38374, at *13-14 (C.D. Ill. May 6, 2009).  The expert's opinion amounted to "general observations" leaving the jury to "speculate."  *Id.* at *14.  Nowhere in Federal's response does it address the portion of *Design Ideas* FICO relied on.  (*Compare* Dkt. 362 at 26 *with* Dkt. 485 at 25-26.)  *Design*

13

*Ideas* is on point.  As in *Design Ideas*, Mr. McCarter's list of "factors" fails to assist the jury in apportioning Federal's profits.  Mr. McCarter's "observations" leave the jury to "speculate."  Mr. McCarter's apportionment opinion must be excluded as unhelpful.

## VI.   Federal fails to respond to FICO's challenge regarding Mr. McCarter's opinions on "efficiencies."

FICO challenged Mr. McCarter's opinions on efficiencies.  (Dkt. 362 at 27-29.) Federal does not respond.  These opinions must be excluded.

## VII.   Mr. McCarter's non-infringing alternative opinions are improper as a matter of law.

### A.   Section 504(b) defines two distinct damages awards—actual damages and disgorgement of profits.

Under 17 U.S.C. § 504(b), " The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, **and** any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  (emphasis added).  Actual damages and disgorgement of profits are two distinct remedies.  *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 707-08 (9th Cir. 2004) ("Congress explicitly provides for two distinct monetary remedies— actual damages and recovery of wrongful profits.")  Federal's arguments ignore the distinction between the two remedies.  (*See* Dkt. 485 at 28-31.)

Section 504(b) of the Copyright Act seeks to provide "just compensation" for the infringement.  *Gregerson v. Vilana Fin.*, No. 06-1164, 2008 U.S. Dist. LEXIS 11727, at *13 (D. Minn. Feb. 15, 2008) (quoting *Sheldon*, 309 U.S. at 399).  Disgorged profits are based on what happened—copyright infringement using Blaze Advisor, not on what did not happen—use of an older, different technology.  17 U.S.C. § 504(b).  Mr. McCarter's

testimony identifying other, older technologies that insurance companies have used is irrelevant.

### B.      Mr. McCarter's opinions are limited to disgorgement—he may not offer opinions on non-infringing alternatives related to actual damages.

Mr. McCarter's opinions are limited to disgorgement.  (Dkt. 362 at 7; Dkt. 485 at 4.)  Mr. McCarter cannot refute this.  (Dkt. 365 ¶5.)  Mr. McCarter offers **no** opinions on FICO's actual damages.  (*See id.*)  His report says so.  (*Id.*)  Federal now contends that Mr. McCarter's opinions are "relevant to FICO's actual damages."  (Dkt. 485 at 28.)  This is improper.  Mr. McCarter may not opine on matters outside the scope of his report.  Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii); *Sunflower Redevelopment*, 2018 U.S. Dist. LEXIS 52266, at *5.  Any opinions on actual damages must be excluded.

### C.      Federal mischaracterizes *Oracle v. Google*'s ruling on noninfringing alternatives.

*Oracle Am., Inc. v. Google Inc*., No. C 10-03561, 2011 U.S. Dist. LEXIS 136172, at *14-16 (N.D. Cal. Nov. 28, 2011), is directly on point.  In *Oracle*, Google's expert opined that the existence of non-infringing alternatives was a basis to decrease the wrongful profits attributable to the infringement.  *Id.*  The court ruled: "Non-infringing alternatives have nothing to do with [disgorgement]."  *Id.* at *16.  The court struck all opinions that "non-infringing alternatives should in any way affect the calculation of infringer's profits under 17 U.S.C. 504(b)." (*Id*. at *17.)  Mr. McCarter's opinions that

non-infringing alternative reduce Defendants' disgorged profits is contrary to law[3] and must be excluded.  *See id.*

Federal's critique of *Oracle* (Dkt. 485 at 30-31) is flawed.  Federal creates a distinction without a difference with respect to "relevan[ce] to a disgorgement claim" and "relevan[ce] to *calculating* profits."  *Id.*  These are the same thing.  Section 504(b) lays out the statutory burden-shifting mechanism to "establish[] the infringer's profits."  There is no relevance separate and apart from "establishing the infringer's profits" (i.e. calculating profits.)  Federal's argument to the contrary is unsupported and baseless.  It should be ignored.

Moreover, Messrs. Bakewell and McCarter, like Google's expert, opine that FICO's disgorgement award should be zero.  Thus, Messrs. Bakewell and McCarter, like Google's expert, are not offering opinions on "calculating" profits.  This Court, as in *Oracle*, should exclude Mr. McCarter's disgorgement opinions on non-infringing alternatives.

D.    **Mr. McCarter conducted no analysis to determine if purported alternatives were acceptable; Federal did not respond.**

FICO furthered challenged Mr. McCarter's non-infringing alternative opinion arguing that it was unsupported by methodology and case-specific facts.  (Dkt. 362 at 33-34.)  Mr. McCarter admitted he conducted no analysis to determine if the alternatives

---

[3] The *Oracle* court, however, permitted Google's expert to opine on non-infringing alternatives as relates to *actual damages*.  *Id.* at *15-16.  Mr. McCarter, however, offered no opinions on FICO's actual damages.  (Dkt. 365 at ¶5.)  This portion of the *Oracle* decision does not apply and does not permit Mr. McCarter to offer opinions on non-infringing alternatives.

were viable and acceptable alternatives to Blaze Advisor.  (*Id.*)  Federal failed to respond.

FICO's challenge to McCarter's non-infringing alternative opinion, as relates to

methodology and basis, is uncontroverted.  The opinion must be excluded.

## VIII.  Conclusion

Expert testimony must be based on a reliable methodology connected to the facts

of the case.  Mr. McCarter's opinions are not.  Federal largely ignores FICO's challenge

to Mr. McCarter's opinions to its own detriment.  FICO challenged Mr. McCarter on the

basis of methodology and supporting case-specific facts.  Federal responded by

describing the conclusions of Mr. McCarter's opinions without describing or defending

the methodology.  Mr. McCarter's *ipse dixit* conclusions are not admissible because they

are directed to relevant issues.  Mr. McCarter's opinions are unreliable and unhelpful.

They should be excluded.


Dated: September 9, 2019

MERCHANT & GOULD P.C.

/s/Heather J. Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com

17

jdubis@merchantgould.com

Attorneys for Plaintiff FICO