UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 16-cv-1054 (WMW/DTS)<br><br>**Jury Trial Demanded** |

**PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE DECLARATION OF PATRICK SULLIVAN IN SUPPORT OF FEDERAL'S OPPOSITION TO SUMMARY JUDGMENT AND PORTIONS OF FEDERAL'S BRIEF IN OPPOSITION TO SUMMARY JUDGMENT**

Fair Isaac Corporation, ("FICO") moves under Federal Rule of Civil Procedure 37 to strike the Declaration of Patrick Sullivan (Dkt. 516). FICO also moves to strike that portion of Defendants' Federal Insurance Company and ACE American Insurance Co. ("Federal") brief in opposition to summary judgment asserting a statute of limitations defense (Dkt. 507 at p. 37).

**I.     Introduction**

Federal filed its opposition brief to FICO's summary judgment motion on August 26, 2019, including the declaration of Mr. Patrick Sullivan. Mr. Sullivan is not disclosed in any of Federal's Rule 26(a) disclosures.

1

Federal also asserts for the first time in its opposition brief that FICO's claims (or some of them) are barred by the statute of limitations.  The time to move for summary judgment expired July 26, 2019.  The statute of limitations issue first raised in the opposition brief is improper for the second reason it is new matter not responsive to FICO's summary judgment motion.  Additionally, while Magistrate Judge Schultz granted Federal leave to amend its pleadings to assert the statute of limitations defense on the afternoon Federal's opposition brief was served, that ruling is subject to appeal and Federal's pleadings have not been amended.  Magistrate Judge Schultz further ruled that the grant of leave to amend was expressly subject to two conditions, imposing specific discovery obligations on Federal.  Compliance with both conditions is outstanding.

The declaration of Patrick Sullivan should be stricken for failure to disclose him as a persons with knowledge who may testify at trial.  The statute of limitation arguments in Federal's opposition brief should be stricken as untimely and procedurally improper.

## II. The Sullivan declaration should be stricken under Rule 37.

### A. The court may strike testimony from undisclosed witnesses pursuant to Rule 37(c)(1).

Rule 26(a) requires the disclosure of individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses.  Fed. R. Civ. P. 26(a).  A party who fails to comply with Rule 26(a) is precluded from using the undisclosed witness to "supply evidence on a motion…unless the failure was substantially justified or harmless."  Rule 37(c); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).  If such a violation occurs, the Court may impose appropriate

sanctions, such as striking pleadings or prohibiting the introduction of the matters into evidence.  Rule 37(c)(1).

### B. Mr. Sullivan was never disclosed as a person who may testify at trial, precluding the use of his declaration.

In support of its opposition to FICO's motion for summary judgment, Federal submitted a declaration from Mr. Patrick Sullivan, a former employee.  Federal's Rule 26(a)(1) Disclosures were served on March 17, 2017.  Mr. Sullivan was not on this list.  Federal supplemented its Rule 26(a) disclosures on March 22, 2019–literally hours before the close of fact discovery– in which Federal disclosed 16 additional witnesses.  Mr. Sullivan again was not on the list.  The Sullivan Declaration was the first time FICO was put on notice that Federal intended to use Mr. Sullivan' testimony to support its claims or defenses.

Procedural gamesmanship is improper.  "The purpose of discovery is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" *US Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 U.S. Dist. LEXIS 43376, at *10-11) (D. Minn. May 30, 2008) (*quoting United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Federal's use of the Sullivan Declaration is the exact opposite of fair discovery.  Further a party that fails to identify its witnesses as required by Rules 26(a)(1) and 26(e)(1)(A) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1).  *See, e.g., Category 5 Mgmt Group, LLC v. Nat'l Casualty Ins. Co.*, No. 09-633, 2011 U.S. Dist.

LEXIS 115288, *9 (S.D. Ala. Oct. 5, 2011) (striking affidavit of undisclosed witness filed in support of summary judgment); *Buechel v. U.S.*, No. 08-132, 2012 U.S. Dist. LEXIS 37394, *4-*5 (S.D. Ill. March 20, 2012) (striking affidavits by three undisclosed witnesses from summary judgment record).

Federal may assert FICO should have known of Mr. Sullivan because Federal produced documents relating to Mr. Sullivan during discovery or because he was included in a long list of persons with knowledge in response to an interrogatory. The fact the existence of a person is generally disclosed in discovery does not relieve Federal of its duty to identify Mr. Sullivan on its initial disclosures to notify FICO he may testify at trial. *Super Wings Int'l, Ltd. v. Keener*, No. 09-115, 2011 U.S. Dist. LEXIS 144807, *7, *10 (N.D. Iowa Dec. 15, 2011) (excluding three witnesses from trial that were mentioned during depositions but were not listed on Rule 26(a) disclosures); *Vecchio v. Schaefer*, 244 F.R.D. 552, 557 (W.D. Mo. 2007) (defendant could not call witnesses not on its initial disclosures despite the fact that plaintiff identified those witnesses in its interrogatory responses). The rules of discovery do not place the burden on the opposing party to depose every individual named on a document or listed in an interrogatory response. The Sullivan Declaration should be stricken.

**III. Federal's statute of limitations argument should be stricken from its brief in opposition to FICO's summary judgment motion.**

**A. The time to move for summary judgment on any claim or defense expired on July 26, 2019.**

Federal's newly asserted affirmative defense of statute of limitations should also be stricken as untimely. Rule 56 provides "[a] party may move for summary judgment,

4

identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought.  Fed. R. Civ. P. 56(a).  The time for Federal to move for summary judgment under the Court's Case Schedule expired July 26, 2019.  Federal's introduction of a new defense in its opposition brief is procedurally improper and should be stricken.

Additionally, while Magistrate Judge Schultz granted Federal leave to amend its pleadings to assert the statute of limitations defense on the afternoon Federal's opposition brief was served, that ruling is subject to appeal and Federal's pleadings have not been amended.  Magistrate Judge Schultz further ruled that the grant of leave to amend was expressly subject to two conditions, that Federal disclose in writing all installations of all versions of Blaze Advisor that are outside the United States, including the date and location of each installation, and that it present a 30(b)(6) witness to testify regarding those installations.  (Dkt. 456, Tr. 7:2-14.)  The discovery period on this issue is still open.  Summary judgment is generally disfavored when relevant evidence remains to be discovered.  *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).  Federal's inclusion of its statute of limitations defense is wholly improper and the Court should strike this argument from Federal's brief.

### B.     The Court should ignore Federal's statute of limitations defense because it is improper to raise new arguments in responsive briefs.

Federal's affirmative defense of statute of limitations should also be stricken because it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.  *Beckman v. United States Postal Serv.* 79 F. Supp. 2d

394, 408 (S.D.N.Y. 2000) (collecting cases)  *See also Nielsen v. U.S. Bureau of Land Management*, 252 F.R.D. 499, 528 n.15 (D. Minn. 2008).  Federal's inclusive of a new argument in its opposition brief is improper.  All arguments related to the statute of limitations should be stricken.

## IV.   Conclusion

For the foregoing reasons, FICO requests that the Court strike the Declaration of Patrick Sullivan and the all arguments relating to the statute of limitations from Federal's opposition to FICO's summary judgment motion.

Dated:  September 9, 2019                    MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff FICO*