# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY, a
Pennsylvania corporation,

      Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE
THE DECLARATION OF PATRICK
SULLIVAN AND PORTIONS OF
FEDERAL'S BRIEF IN OPPOSITION
TO SUMMARY JUDGMENT**

---

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................I

INTRODUCTION ..........................................................................................1

ARGUMENT...................................................................................................2

     I.     FICO ATTEMPTS TO CONCEAL PATRICK SULLIVAN'S
           DECLARATION BECAUSE IT PROVIDES IMPORTANT
           EVIDENCE. .........................................................................................2

           A.     Federal was not Required to Supplement its Disclosures
                  Under Rule 26(e) Because FICO was Well Aware of Patrick
                  Sullivan Throughout Discovery. ........................................................2

           B.     The Exclusion of Witnesses is a "Harsh Remedy" that is not
                  Warranted Here. .................................................................................6

     II.    FEDERAL PROPERLY RAISED ITS STATUTE OF
           LIMITATIONS ARGUMENT. ....................................................................9

           A.     FICO's Motion Mischaracterizes the Record. ...................................9

           B.     It is Procedurally Proper to Raise Affirmative Defenses in
                  Response to an Opposing Party's Summary Judgment
                  Motion. .............................................................................................11

           C.     FICO has not Made any Showing of Prejudice................................14

CONCLUSION ............................................................................................15

## INTRODUCTION

FICO's Motion to Strike[1] is based on a false premise.  FICO claims that it had no reason to suspect that one of the individuals who negotiated the License Agreement at the center of this dispute had discoverable information prior to receiving Patrick Sullivan's declaration with Federal's summary judgment opposition.  FICO makes this claim despite the fact that it specifically requested documents from Sullivan during discovery and its own witness described Sullivan as the "primary gatekeeper" in the negotiations over the License Agreement.  FICO was well aware of Sullivan throughout discovery as he was mentioned in depositions, interrogatory responses, letters between the Parties, and in over 1,400 produced documents.  Accordingly, Rule 26(e) did not require Federal to supplement its initial disclosures to identify Sullivan for FICO.  FICO's Motion also seeks to strike Sullivan's declaration under Rule 37 without applying the relevant legal standard for determining whether the exclusion of evidence is warranted under this Rule.  Applying the proper standard demonstrates that the Court should not strike Sullivan's declaration.

The Court should also deny FICO's Motion to Strike Federal's statute of limitations arguments from its summary judgment opposition.  FICO cites no authority in support of its construction of Rule 56 and the Court's Scheduling Order, and the most analogous authority on the relevant issues does not support striking Federal's arguments.  Federal only seeks to preserve this defense in case the Court interprets Amendment Two

---

[1] FICO has not shown that it was unable to meet and confer with Federal prior to filing its Motion, as required by Local Rule 7.1(a).  (*See* Declaration of Terrence J. Fleming ("Fleming Decl."), Ex. 1.)  This provides an independent basis for denying FICO's Motion.

1

to the License Agreement to restrict Federal's installation rights to the United States.  In this scenario, portions of the breaching conduct and corresponding damages would be based on installations that occurred prior to the limitations period – at a time when the Parties were in agreement that Amendment Two allowed global installation.  As detailed below, Federal raised this defense in a procedurally proper manner in response to FICO revealing a new interpretation of the License Agreement's "Territory" definition in its Motion for Summary Judgment.

## ARGUMENT

### I.  FICO ATTEMPTS TO CONCEAL PATRICK SULLIVAN'S DECLARATION BECAUSE IT PROVIDES IMPORTANT EVIDENCE.

Federal Rules of Civil Procedure 26(e) and 37 do not support FICO's Motion to Strike Sullivan's Declaration.  First, Rule 26(e) did not require Federal to supplement its disclosures because FICO knew that Sullivan had relevant information from the outset of discovery.  Second, Rule 37 does not support striking Sullivan's Declaration because any failure to supplement was substantially justified and harmless.

#### A.  Federal was not Required to Supplement its Disclosures Under Rule 26(e) Because FICO was Well Aware of Patrick Sullivan Throughout Discovery.

Rule 26(e) only requires a party to supplement its initial disclosures where "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  As such, "[t]here is no requirement to supplement if the information was otherwise made known to the opposing party during the discovery process."  *Tomlinson v. J.B. Hunt Transp., Inc.*, 989 F. Supp. 2d 766, 776 (D. Minn. 2013) (denying motion to strike declaration of

2

previously undisclosed witness where witness had verified interrogatory responses); *see also* 8A Wright & Miller, Federal Practice & Procedure § 2049.1 (the rule "recognize[s] that there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery"). In its memorandum FICO ignores Rule 26(e) entirely and relies exclusively on Rule 37. Indeed, although FICO argues supplementation was required its memorandum is devoid of a single citation to this portion of Rule 26(e), which sets the standard for when disclosure is required.

Federal was not required to supplement its disclosures to identify Sullivan because the facts demonstrate that FICO was well aware of Sullivan and his potential relevance to this dispute long before receiving his Declaration. Sullivan was discussed in multiple depositions in testimony that focused on the 2006 negotiations over the License Agreement. The following exchange is particularly revealing of FICO's prior knowledge of Sullivan:

> Q. Who were your contacts during the initial conversations with Chubb?
> A. Initial conversations was with Sully, S-U-L-L-Y, and I believe his -- I believe his name was John Sullivan, I'm --
> Q. Could it have been Patrick?
> A. Patrick Sullivan, yes. Okay. Sorry.
> Q. Uh-huh. Patrick -- so Sully and he goes by Sully, right?
> A. That's correct.
> Q. Okay. And he was at Chubb?
> A. That's right.
> Q. Anyone --
> A. And he was the primary gatekeeper, he had the clients -- business clients' requirements and he was tasked with the responsibility of making certain that the software would be appropriate and that the value would be there with the software.

(Fleming Decl., Ex. 2, Wachs Dep. Tr. at 28:21-29:18).   This testimony came from Lawrence Wachs, a FICO "sales executive" who helped negotiate the business terms of the License Agreement between FICO and Federal in 2006.   (*Id.* at 13:5, 18:18-19:23, 31:7-32:13.)   Sullivan was also discussed in other depositions, including several taken by FICO's counsel.   (*See id.*, Ex. 3, Mirolyuz Dep. Tr. at 61:4-11 (taken by FICO); Ex. 4, Mirolyuz Dep. Tr. #2 at 15:8-14, 25:7-11, 145:25-146:5 (taken by FICO); Ex. 5, Pandey Dep. Tr. at 16:11-23 (taken by FICO); Ex. 6, Pawloski Dep. Tr. at 52:16-20; 54:10-21; 55:10-22 (taken by FICO); Ex. 7, Carretta Dep. Tr. at 67:13, 80:25-81:7.)

Federal also identified Sullivan to FICO as an individual who used and had access to Blaze at Federal in interrogatory responses served before depositions started.   (*Id.*, Ex. 8 at Suppl. Responses Nos. 2 and 3.)   Further withdrawing any doubt as to FICO's knowledge of Sullivan is the fact that FICO specifically requested additional documents from Sullivan's email accounts at the outset of Discovery.   (Ex. 9 at 2-3.)   The Parties subsequently produced over 1,400 documents in discovery that mention or directly involve Sullivan.   (Fleming Decl., ¶ 2.)   Many of these documents demonstrate Sullivan's involvement in the 2006 negotiations and subsequent projects involving the Blaze Advisor software at Federal.   (*See e.g., id.*, Ex. 10 (Sullivan stating, "The blaze license is global for both java and .net").)   Many of these documents were also used as exhibits in depositions.   (*Id.*, Exs. 11-14 (Dep. Exs. 394, 395, 397, 398).)

The court in *Energy Heating, LLC v. Heat-On-The Fly, LLC* denied a motion to strike under similar circumstances.   No. 4:13-CV-10, 2015 WL 11156905, at \*4 (D.N.D. July 2, 2015).   In *Energy Heating* the defendants filed a reply brief on their summary

4

judgment motion, which included a declaration from a witness they had not listed in their initial disclosures. *Id.* at *2. The court denied the plaintiffs' motion to strike because it found that the plaintiffs "were well aware that [the declarant] was a potential witness, since plaintiffs had disclosed him as a source of discoverable information throughout the discovery process." *Id.* at *3. The court also noted that "[t]here is nothing in the record demonstrating that defendants had any unfair advantage in locating [the declarant]" and that "Plaintiffs recognized him as an important witness early in the litigation, but the record shows no attempts to depose him." *Id.*

Here too FICO, as well as its own witness, identified Sullivan as a potentially important source of discoverable information during the discovery period but FICO made no attempt to locate or depose him. This makes sense given FICO's "litigation strategy," which FICO's counsel has explained previously as being "committed to a 30(b)(6) deposition testimony strategy, [and] being willing to rely on cross-examination at trial." (Fleming Decl., Ex. 15, 5/8/2019 Hearing Tr. at 8:16-9:17.) Importantly, referring to "the 2006 contract negotiations" during this explanation of litigation strategy, FICO's counsel also noted that "[w]e were comfortable with our knowledge about that story both from the FICO and Federal perspective." (*Id.* at 9:7-12.) Thus, the facts here warranting the denial of FICO's motion are even stronger than in *Energy Heating*, because FICO's own counsel has stated that FICO would not have been interested in deposing Sullivan during discovery whether he had been listed on Federal's disclosures or not.

**B.     The Exclusion of Witnesses is a "Harsh Remedy" that is not Warranted Here.**

Even if Federal's failure to include Sullivan in its disclosures is considered a violation of Rule 26(e), the exclusion of evidence is a "harsh remedy" that is disfavored because "'federal courts favor resolution of cases on their merits over the imposition of drastic, tactical sanctions.'" *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995)); *Steady State Imaging, LLC v. Gen. Elec. Co.*, No. 0:17-cv-01048, 2018 WL 2047578, at *3 (D. Minn. May 2, 2018) (citation omitted).  Courts in this District apply four factors to determine whether exclusion, or any other sanction, is warranted under Rule 37:

> (1) how important the excluded material is to the case; (2) the proffered reason for the party's failure to provide the information in a timely fashion or any evidence of bad faith or willfulness; (3) the potential that the other party will be prejudiced if the information is not excluded; and (4) whether a continuance can be provided to cure any prejudice.

*Steady State Imaging*, 2018 WL 2047578, at *3.  These factors do not justify the exclusion of Sullivan's Declaration.

First, Sullivan's Declaration provides important extrinsic evidence that demonstrates the flaws in the post hoc interpretation of the License Agreement that FICO developed during this litigation.  As the Parties noted in their respective summary judgment memoranda, "the court may resolve ambiguity in contractual language as a matter of law if the evidence presented about the parties' intended meaning [is] so one-sided that no reasonable person could decide the contrary." *Compagnie Financiere de Cic et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith*, 232 F.3d 153, 158 (2d Cir. 2000) (cited in Dkt. 398 at 11, Dkt. 507 at 19).  In attempting to avoid

summary judgment on its claim that the License Agreement was restricted to the United States, FICO relies entirely on strained interpretations of the terms "Territory" and "Client" that run counter to well-established legal principles.  (Dkt. 507 at 17, 20-23.) The only extrinsic evidence FICO offers in support of this interpretation are its preferred inferences from a few emails.  (*See* Dkt. 499 at 7-9.)  In comparison, Federal offers numerous communications and a nearly decade-long course of conduct that demonstrates the Parties never intended for the territorial scope of Amendment Two to the License Agreement to be limited to the United States.  (Dkt. 445 at 5-10; Dkt. 507 at 4-11.) Sullivan's declaration offers yet another piece of evidence from one of the individuals who actually negotiated the License Agreement demonstrating that FICO's unsupported narrative is false.  (Dkt. 516, ¶¶ 2-8.)

Second, there is no suggestion that Federal acted in "bad faith" or "willfully" in not including Sullivan's name on its disclosures.  *Steady State Imaging*, 2018 WL 2047578, at *3.  As noted above, Federal was open about Sullivan's involvement with the License Agreement and Blaze from the start of discovery and even identified him to FICO as a custodian of relevant ESI.  (Fleming Decl., Ex. 9.)  Further, Federal only sought to obtain Sullivan's Declaration because FICO brought up a new distinction in its Summary Judgment Motion, arguing for the first time that the License Agreement contained a material distinction between use and installation of Blaze.  (Fleming Decl., ¶ 3.)  Sullivan's Declaration, as well as Zorica Todorovic's, makes clear that agreeing to a Territory definition that would restrict Federal's installation rights to one country but allow Federal to use the software all over the world would make no sense given Federal's

IT infrastructure and the state of network capabilities in 2006.  (*See* Dkt. 516, ¶ 3; Dkt. 514, ¶ 2.)  Federal was entitled to present the Court with these pertinent facts to defend itself from FICO's unsupported post hoc arguments regarding this territory issue.

The third factor regarding prejudice to FICO also counsels against the exclusion of Sullivan's declaration.  FICO argues that Sullivan's Declaration was the first time it was "put on notice" that Federal may present evidence from Sullivan.  (Dkt. 553 at 3.)  As described above, however, FICO was on notice from the outset of discovery that Sullivan had information pertinent to the claims in dispute.  Further, the cases FICO cites in support of its prejudice argument are entirely distinguishable.  In *Category 5 Mgmt. Grp., LLC v. Nat'l Cas. Ins. Co.* the plaintiff "*never* identified" the declarant "*at all* prior to including his affidavit with its motion for partial summary judgment."  No. CIV.A. 09-633-CG-B, 2011 WL 4702537, at *2 (S.D. Ala. Oct. 5, 2011) (emphasis added). Similarly, in *Buechel v. United States*, a § 1983 action, the plaintiff had no knowledge of the previously undisclosed prison officials who submitted affidavits in support of the defendant's summary judgment motion.  No. 08-CV-132-JPG-PMF, 2012 WL 948368, at *1 (S.D. Ill. Mar. 20, 2012), vacated, 746 F.3d 753 (7th Cir. 2014).  In addition, the information these witnesses provided about prison policies "was not commonly known" and it "comprise[d] a substantial part of the evidentiary support for the summary judgment motion."  *Id.*

Finally, the fourth factor weighs against exclusion here as well because the trial in this matter is still several months away.  For this reason FICO's cases striking previously undisclosed witnesses who were offered *at trial* are not relevant.  *See Super Wings Int'l,*

8

*Ltd. v. Keener*, No. C09-0115, 2011 WL 6328328, at *1 (N.D. Iowa Dec. 15, 2011); *Vecchio v. Schaefer*, 244 F.R.D. 552, 557 (W.D. Mo.).  Any alteration to the Scheduling Order that the Court may deem necessary in light of FICO's Motion would cause minimal disruption to the current deadlines in this case.  Indeed, the fact that FICO makes no request for additional discovery as an alternative to exclusion demonstrates that its only purpose in bringing this motion is to prevent the Court from considering yet another piece of evidence demonstrating that FICO's interpretation of the License Agreement lacks any factual basis.  Accordingly, the Court should deny FICO's Motion to Strike and consider Sullivan's declaration as part of the summary judgment record.

## II.   FEDERAL PROPERLY RAISED ITS STATUTE OF LIMITATIONS ARGUMENT.

### A.   FICO's Motion Mischaracterizes the Record.

FICO argues that Federal did not comply with the Court's Scheduling Order when it raised its statute of limitations defense in its Opposition to FICO's Motion for Summary Judgment.  (Dkt. 507 at 33.)  This argument ignores the Parties' meet and confer on August 7, 2019, each side's subsequent briefing on Federal's Motion to Amend, the extensive hearing that took place before Magistrate Judge Schultz on that Motion, and Judge Schultz's balanced ruling that provided FICO with the opportunity for additional discovery.  (Dkts. 462, 464, 468, 473, 501.)  Instead, FICO would have this Court believe that everything related to this defense came about "on the afternoon Federal's opposition brief was served."  (Dkt. 553 at 5.)  The larger context shows that

the manner in which Federal went about asserting its statute of limitations defense was procedurally proper.[2]

Federal filed a motion on August 8, 2019 seeking permission to amend its Answer to assert a statute of limitations defense in response to arguments that FICO raised in its Motion for Summary Judgment on July 26, 2019.  (Dkt. 398.)  Federal sought leave to assert this defense because FICO's Summary Judgment Motion took a new position on the meaning of a key term in the License Agreement at the center of this case.  (Dkt. 464.)  FICO filed a brief of its own on August 15, 2019 arguing that its new interpretation did not provide Federal with good cause to amend and that a statute of limitations defense was futile on the merits.  (Dkt. 468.)  Magistrate Schultz then held an 80 minute hearing on August 22, 2019 during which counsel for both Parties presented extensive argument regarding the application of both the statute of limitations for breach of contract under New York law and for infringement actions under the Copyright Act.

At the conclusion of the August 22 hearing Magistrate Schultz did not issue a ruling, but did note that:

> I think it's quite clear in all of this discussion that teasing out the issue of the statute of limitations, distinct from all of the merits that you both talked about, is difficult at best.

(Fleming Decl., Ex. 16, 8/22/2019 Hearing Tr. at 40:22-25.)  Magistrate Schultz thus stated that he was "unlikely to deny the amendment on grounds of futility."  (*Id.* at 41:12.)  He stated he would issue his ruling the following Monday.  (*Id.* at 42:23.)

---

[2] Federal has also asserted the statute of limitations as a defense to some of FICO's copyright claims in its summary judgment reply brief.  (Dkt. 567.)  FICO has not moved to strike these arguments, but even if it did these arguments are proper for the same reasons stated herein.

The Parties received Magistrate Schultz's ruling on August 26, 2019, which granted Federal leave to amend its answer to assert this defense subject to certain conditions. (Dkt. 501.) Those conditions reopened discovery for the limited purpose of requiring Federal to disclose in writing, "on or before November 15, 2019 . . . all installations of all versions of the FICO software that is the subject of this lawsuit where those installations occurred outside the United States." (Fleming Decl., Ex. 17 at 7:4-8.) Magistrate Schultz also required Federal to produce "a properly prepared 30(b)(6) witness to testify regarding of those installations" by November 27, 2019. (*Id.* at 7:9-14) He explained:

> …my sequencing of November 15 and November 27 were intended to give FICO the benefit of full discovery prior to the oral argument on the summary judgment motion such that FICO could address it and could also in light of this order ask for whatever briefing or other timing relief that it could obtain from Judge Wright.

(*Id.* at 11:1-7.)

Later that same day Federal filed its Opposition to FICO's Motion for Summary Judgment, in which it raised the statute of limitations defense that FICO now seeks to strike. (Dkt. 507 at 33.) FICO responded fully to this defense in its Reply to Federal's Opposition, making substantially the same arguments it made in the futility section of its earlier brief responding to Federal's Motion to Amend. (Dkt. 558 at 5.)

### B. It is Procedurally Proper to Raise Affirmative Defenses in Response to an Opposing Party's Summary Judgment Motion.

FICO argues that Federal's statute of limitations argument is both too late because Federal raised it in an opposition memorandum and too early because discovery is still open on this issue. (Dkt. 553 at 2.) Federal raised this defense in the proper procedural

11

manner, however, and FICO offers no case law in support of its argument to the contrary. Moreover, the Local Rules do not support FICO's argument that it is "procedurally improper" to raise an affirmative defense in response to another party's summary judgment motion.  (Dkt. 553 at 5.)

FICO presents the court with no authority holding that it is improper to raise an affirmative defense in an opposition memorandum responding to an opposing party's summary judgment motion.  FICO only cites two cases in which a party was barred from asserting entirely new *claims* for relief in opposition to another party's summary judgment motion.  (Dkt. 553 at 5-6.)  In *Beckman* the plaintiff attempted to raise a new breach of contract claim in his opposition without even attempting to amend his pleadings.  79 F. Supp. 2d 394, 407-08 (S.D.N.Y. 2000).  FICO's citation to *Nielsen* does not fare any better because there the responding party also requested additional affirmative relief in the form of an *in camera* review of documents and the court noted that he had offered "only speculation" in support of his request.  252 F.R.D. 499, 528, 528 n.15 (D. Minn. 2008).  FICO's recitation of Rule 56 and the briefing schedule contained in the Court's Scheduling Order is also unhelpful because these general sources do not address this specific issue.  (Dkt. 553 at 4-5.)  Finally, Local Rule 7.1(c) governing dispositive motions also makes no mention of such a prohibition on raising affirmative defenses in opposition memoranda.

Local Rule 7.1(c)(3)(B) is the closest thing to an authority on this issue and it does not support FICO's argument.  Local Rule 7.1(c)(3)(B) states:

> A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.

As the text of the rule demonstrates, parties are only limited from raising new grounds for relief in *reply* memoranda and only where those grounds do not relate to the opposing party's prior briefing.  The policy behind this rule makes sense; it ensures that the parties have an opportunity to respond to each other's arguments.  *Ross v. Reiter*, No. 15-CV-3921 (WMW/SER), 2016 WL 11031223, at *8 (D. Minn. Dec. 2, 2016).   Indeed, applying this rule to opposition memoranda as FICO does would require parties to predict how each of their affirmative defenses will apply to an opposing party's summary judgment motion before ever seeing the brief to which they are responding.

Here, even if FICO had directed its Motion to Strike at a reply, LR 7.1(c)(3)(B) would not support striking Federal's statute of limitations argument because Federal raised this defense in response to arguments FICO raised in its opening brief and FICO had the opportunity to respond to these arguments in its Reply.  (Dkt. 558 at 5.)  First, this defense does "relate" to the arguments FICO made in its initial summary judgment Motion.  (Dkt. 398.)  Federal raised its statute of limitations defense in direct response to FICO's disclosure for the first time in its summary judgment brief that it is relying on software installations that took place outside of the limitations period to support its breach of contract claim.  (*Id.* at 8.)  Second, FICO has had ample opportunity to respond to this statute of limitations argument as shown by the fact that it *did* respond to this argument in its Reply to Federal's Opposition, and in its Response to Federal's Motion to Amend, and at oral argument on that Motion, and also in its recently filed Objection before this Court.  (Dkts. 468, 473, 530, 558.)

### C.   FICO has not Made any Showing of Prejudice.

Federal will address the issue of prejudice further in its forthcoming response to FICO's Objection to Magistrate's Schultz's Order, but it bears repeating here that FICO has not made the required showing of prejudice to warrant striking this argument or overturning Magistrate Schultz's ruling.   Even if Federal had not followed proper procedure and had instead simply raised this argument without amending its Answer, courts in the Eighth Circuit allow the "assertion of affirmative defenses for the first time in response to a motion for summary judgment when there is no 'prejudice' or 'surprise' to the nonmoving party."  *See, e.g.*, *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 624 (8th Cir. 2007); *Coop. Fin. Ass'n, Inc. v. Garst*, 917 F. Supp. 1356, 1385 (N.D. Iowa 1996) (collecting cases); *Johnson v. Derhaag Motor Sports, Inc.*, No. 13-CV-2311 SRN/FLN, 2014 WL 5817004, at *10 (D. Minn. Nov. 10, 2014) ("Pursuant to Eighth Circuit precedent, Defendants may raise an affirmative defense at summary judgment if Plaintiff is (1) provided adequate notice of the defense, and (2) not prejudiced by the delay."); *cf. Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000) ("delay alone is insufficient to deny a motion for leave to amend . . . the party opposing the motion must show it will be unfairly prejudiced").

FICO has made no attempt to show that it will be unfairly prejudiced by the Court considering Federal's statute of limitations defense on the merits.  As noted above, FICO has already fully briefed its legal arguments in opposition to this defense on multiple occasions.

FICO's only hint at a showing of prejudice is to argue that summary judgment is disfavored when discovery is still open.  FICO acknowledges, however, that Magistrate Schultz has reopened discovery expressly "to ameliorate any prejudice if there is any" to FICO.  (Fleming Decl., Ex. 17 at 8:11-13.)  FICO's mention of discovery being open thus adds nothing to its arguments because no one is suggesting that the Court will rule on the Parties' summary judgment motions prior to the completion of this supplemental discovery period in November or prior to oral argument in December.  Magistrate Schultz's ruling specifically contemplated that the Parties could move this Court to supplement their summary judgment briefing if this additional discovery turns up new facts that are material to Federal's statute of limitations defense.  As it stands now though, FICO has failed to make any showing of unfair prejudice from being required to respond to this defense.  Accordingly, this Court should deny FICO's Motion to Strike Federal's statute of limitations argument.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny FICO's Motion to Strike in its entirety.

15

Dated:  September 16, 2019

s/ Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Christian Hokans (#0400377)
chokans@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000

*Attorneys for Defendants*

67954379 v4

16