```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

  ---------------------------------------------------------------
   Fair Isaac Corporation, a       )
   Delaware corporation,           )   File No. 16-cv-1054
                                   )              (WMW/DTS)
           Plaintiff,              )
                                   )
   v.                              )
                                   )
   Federal Insurance Company, an   )   Courtroom 9E
   Indiana corporation; and ACE    )   Minneapolis, Minnesota
   American Insurance Company, a   )   Monday, August 26, 2019
   Pennsylvania corporation,       )   3:02 p.m.
                                   )
           Defendants.             )
  ---------------------------------------------------------------

              BEFORE THE HONORABLE DAVID T. SCHULTZ
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                 (COURT'S RULING ON ECF NO. 456)

   APPEARANCES
    For the Plaintiff:       MERCHANT & GOULD P.C.
    (By telephone)           BY:  ALLEN W. HINDERAKER, ESQ.
                                  HEATHER KLIEBENSTEIN, ESQ.
                                  JOSEPH DUBIS, ESQ.
                             150 South Fifth Street, #2200
                             Minneapolis, Minnesota 55402


    For the Defendants:      FREDRIKSON & BYRON P.A.
    (By telephone)           BY:  LEAH JANUS, ESQ.
                                  TERRENCE J. FLEMING, ESQ.
                             200 South Sixth Street, #4000
                             Minneapolis, Minnesota 55402


    Court Reporter:          RENEE A. ROGGE, RMR-CRR
                             1005 United States Courthouse
                             300 South Fourth Street
                             Minneapolis, Minnesota 55415

      Proceedings recorded by mechanical stenography;
   transcript produced by computer.
```

|   |   |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | **IN OPEN COURT** |
| 3 | * * * |
| 4 | THE COURT:  So we are on the record in the matter |
| 5 | of Fair Isaac versus Federal Insurance Company, et al., |
| 6 | Civil No. 16-1054. |
| 7 | Will counsel for Fair Isaac note your appearance |
| 8 | for the record, please? |
| 9 | MR. HINDERAKER:  Your Honor, Allen Hinderaker, |
| 10 | Heather Kliebenstein and Joe Dubis from Merchant & Gould. |
| 11 | THE COURT:  Good afternoon to the three of you. |
| 12 | Counsel for Federal Insurance? |
| 13 | MS. JANUS:  Your Honor, Leah Janus and Terry |
| 14 | Fleming from Fredrikson. |
| 15 | THE COURT:  All right.  Good afternoon to the two |
| 16 | of you. |
| 17 | All right.  I have given the matter a lot of |
| 18 | careful consideration, and I am going to permit the |
| 19 | amendment, but with some additional constraints, which I |
| 20 | will explain at the end of this. |
| 21 | My rationale I will put on the record so that if |
| 22 | either of you choose to appeal it to Judge Wright, you will |
| 23 | have the benefit of at least understanding why I am ruling |
| 24 | the way I rule, and she can have a good look at it. |
| 25 | First of all, the party seeking amendment, |

1  particularly one late in the process that would require a
2  change to the Rule 16 scheduling order, must show good cause
3  for that amendment.
4          I am finding here that Federal had good cause for
5  the amendment because they did not fully appreciate the need
6  to plead the statute of limitations.  And there is a couple
7  of circumstances that I find may have explained or may
8  explain the failure to fully appreciate the relevance of or
9  the need to plead the statute of limitations.
10         First, even though Mr. Fleming did not argue it, I
11 think one could read the initial complaint in such a way as
12 to construe it or understand it that the infringement and
13 the breach were keyed off the merger date of January 15,
14 2016, given that the original complaint was filed just a
15 week more than three months after that date.  It would be
16 understandable that someone reading the complaint that way
17 would have no reason to raise the statute of limitations.
18         Now, I will grant Mr. Hinderaker's point that
19 indeed the original complaint, and the two amended
20 complaints, can also be read not to plead infringement or
21 breach strictly related to the merger date, but I do believe
22 the complaint can be read in some fashion reasonably either
23 way.  And even though Mr. Fleming did not bring it up, the
24 court takes notice of the fact that Mr. Fleming was not the
25 original lead lawyer on the matter.

1   More importantly, I have closely read each and
2   every one of the complaints, and none of them refer to
3   installation of the software.  They refer primarily to use
4   and access, but also disclosure and reproduction to third
5   parties.  There's nothing wrong with that pleading, and I'm
6   not suggesting there is; however, they may not fully convey
7   full appreciation of claims going back to the initial
8   installation as "the triggering event" that both of the
9   parties have referred to.
10  So all of these phrases could be interpreted to
11  refer either to continued use, which may well mean that the
12  statute of limitations doesn't cut off the action so much as
13  it just defines the period for damages, or could be read --
14  and/or could be read to refer to post-merger activities.  In
15  any event, the complaints themselves don't indicate that
16  installation of the software itself had some independent
17  legal significance.
18  So over the course of discovery I am persuaded
19  that there is some ambiguity in or at least divergence
20  between the parties as to how to understand the testimony
21  and the discovery responses that says installation is use.
22  Both sides have a plausible interpretation of that testimony
23  such that the defendant could misunderstand, misperceive or
24  simply fail to perceive the need to plead the statute of
25  limitations initially.

1         I will note one other observation in this regard.
2    What Federal didn't do in its answer to the first amended
3    complaint and then its answer to the second amended
4    complaint is that it didn't just throw in the boilerplate
5    affirmative defense that plaintiff's claims are barred in
6    whole or in part by the applicable statute of limitations.
7    Many, many lawyers do that, whether or not there's really
8    any basis for considering the statute of limitations.  And
9    Federal -- you know, the courts routinely encourage parties,
10   and in fact that is the requirement of Rule 11, not to
11   simply plead boilerplate affirmative defenses for which
12   there is no basis.  And Federal should not certainly be
13   penalized for not having thrown a boilerplate defense in in
14   the circumstances of this particular case.
15        So on the issue of good cause, I find that there
16   is sufficient good cause to allow the amendment and that
17   there was no lack of due diligence in that form by Federal.
18        The second factor that is often considered is the
19   undue delay or the lack of due diligence.  I've already
20   addressed that in part, but there is also the due diligence
21   that relates to the time period between discovery of the
22   need to amend the pleadings and the amended pleadings.
23        In this circumstance Federal has persuaded me that
24   they didn't fully appreciate the need to plead the statute
25   of limitations until they had fully read and absorbed the

1  summary judgment briefing filed by FICO on July 26th of
2  2019.  Federal then filed its motion to amend 13 days later
3  on August 8 of 2019.  So there is no undue delay in bringing
4  the matter to the court's attention.
5           Now, let me turn to the third factor, prejudice to
6  the opposing party.  And the first point to be made is that
7  prejudice to the opposing party is not that they might lose
8  some portion of their damages claim or that their claim is
9  not viable because of the statute of limitations.  That's
10 not prejudice.  That's -- or at least it's not the kind of
11 prejudice that Rules 15 and 16 address.  That's deciding the
12 case on the merits.  And courts have long indicated a strong
13 preference for deciding cases on their merits.  If the claim
14 or an aspect of the claim is barred by the statute of
15 limitations, then the claim simply shouldn't proceed.
16          Now, prejudice would exist and may exist if FICO
17 has been prevented or deterred from taking adequate
18 discovery necessary to meet this affirmative defense.  There
19 has been a 30(b)(6) deponent whose topics included dates of
20 installation of all software.  Federal has represented to
21 this court that any and all installations of the software,
22 whatever version, at issue in this lawsuit have been
23 disclosed to the plaintiff.  However, FICO doesn't need to
24 take Federal at its word on that.  And so I am ordering two
25 items that Federal must do to ameliorate any potential

1       prejudice to FICO.
2               Number one -- and this is all keyed off, as I
3       understand it, Judge Wright's new hearing date, which is
4       December 4 of 2019.  So, number one, on or before
5       November 15th, 2019, Federal shall disclose in writing all
6       installations of all versions of the FICO software that is
7       the subject of this lawsuit where those installations
8       occurred outside the United States.
9               Number two, on or before November 27th Federal
10      will produce in Minneapolis a properly prepared 30(b)(6)
11      witness to testify regarding any of those installations
12      disclosed on or before November 15th relating to any version
13      of the software at issue in this lawsuit where that
14      installation occurred outside the United States.
15              I have two other comments that form part of the
16      court's rationale or approach to this issue.  Number one
17      I've already alluded to and that is the court has a very
18      strong preference to have cases decided on the merits of the
19      lawsuit.
20              Number two, this court in particular does not
21      countenance games of gotcha.  And if I were persuaded, for
22      example, that FICO deliberately pleaded its claims in such a
23      way as to obfuscate the nature of those claims, then it
24      would have been an easy decision with respect to permitting
25      the amendment.  If I were convinced that Federal ginned up

1  this entire scenario as a way of avoiding providing
2  discovery to FICO on installations occurring outside the
3  United States so as to prejudice FICO in a way that didn't
4  allow it to fully meet this defense of the statute of
5  limitations, I would have no trouble denying the amendment.
6  Both of those things I am not persuaded of.  Both of those
7  things would be an incredibly reckless and dangerous way to
8  proceed.
9            So I'm not persuaded that anybody is engaged in a
10 game of gotcha, and I am going to let the amendment go
11 forward, but with the two things I have ordered, so as to
12 ameliorate any prejudice if there is any to the extent
13 possible.
14           All right.  That's my ruling.  The ruling is on
15 the record in open court with a court reporter present, so
16 the 14-day period for objecting to the order begins to run
17 from today.  If either of you choose to appeal it, you
18 should contact Renee Rogge, who is the court reporter, and
19 order a transcript of this ruling.
20           Let me pause there.  Mr. Hinderaker,
21 Ms. Kliebenstein, any questions or points of clarification
22 that need be made with respect to what the court has ruled?
23           MR. HINDERAKER:  Your Honor, I do have a question
24 or perhaps it's a clarification.
25           With respect to that first condition by

1  November 15, 2019, in writing all installations of all
2  versions installed outside of the United States, is the way
3  I took -- my notes took your comments and your ruling down.
4  And the clarification is, I presume that this written
5  disclosure would include the dates of each of those
6  installations?
7  　　　　　　　THE COURT:  Yes, the dates and locations of each
8  installation.
9  　　　　　　　MR. HINDERAKER:  Thank you.  And then -- and then
10  the other matter that I'd like to raise is when we were in
11  court Mr. Fleming -- my takeaway from Mr. Fleming's comments
12  was that while the time for summary judgment motions was
13  last July 26th, there was the notion I heard in court that
14  the defense's summary judgment would be raised by the
15  defendants in their responsive briefs, their responsive
16  brief to FICO's summary judgment motion, which are due --
17  which are due today.  You know, that would be, obviously,
18  that would be new matter in a responsive brief, but, in
19  addition to that, what I would view as an impropriety.  With
20  the court's order, any raising of that statute of
21  limitations defense at this point before the written
22  disclosures and before the 30(b)(6) deposition obviously
23  would put FICO in the position of being absent the facts,
24  absent the full facts in which to respond.
25  　　　　　　　So I guess I'm asking for the court's guidance

1  that it would be -- that -- the court's guidance to the
2  effect that -- that Federal is not procedurally in a
3  position at this stage to raise the statute of limitations
4  on a motion for summary judgment, given that the time for
5  those motions has passed, and the parties should address
6  whatever follows from the discovery after that discovery is
7  completed in late November of 2019.
8              THE COURT:  Those are all eminently fair comments.
9  Here is what I was envisioning on this.  Number one, to the
10 extent that Federal raising the statute of limitations is
11 procedurally improper under Rule 56 or other rule, my
12 viewpoint is that is for Judge Wright to decide.  As I had
13 understood Federal's position, they were raising it, they
14 were going to raise it regardless of my ruling.  And my
15 intent was to the extent that the failure to plead it was a
16 bar to Federal's proceeding, I was going to allow it to be
17 pleaded.  But whether or not they have appropriately briefed
18 it or whether it is too late to raise it on summary judgment
19 are not before me, and I think those are properly directed
20 to Judge Wright.  And my ruling does not foreclose such
21 arguments.
22             On the sequencing of discovery and the issues it
23 presents, I was approaching it from an admittedly pragmatic
24 standpoint, which was Federal can raise whatever it's going
25 to raise, FICO can respond however it chooses to respond,

1  but my sequencing of November 15 and November 27 were
2  intended to give FICO the benefit of full discovery prior to
3  the oral argument on the summary judgment motion such that
4  FICO could address it and could also in light of this order
5  ask for whatever briefing or other timing relief that it
6  could obtain from Judge Wright.  So that was my thinking on
7  that.
8           Have I responded to your questions,
9  Mr. Hinderaker?
10          MR. HINDERAKER:  Yes, you have.  Thank you, Your
11 Honor.
12          THE COURT:  Okay.  Thank you.
13          Mr. Fleming, Ms. Janus, any clarifications or
14 questions?
15          MS. JANUS:  No, Your Honor.  Thank you.
16          THE COURT:  Okay.  So be it.  That is the order.
17 You are all invited to proceed however you see fit, but in
18 the meantime court is in recess.  Thank you.
19          (Court adjourned at 3:25 p.m., 08-26-2019.)
20                         *  *  *
21      I, Renee A. Rogge, certify that the foregoing is a
22 correct transcript from the record of proceedings in the
23 above-entitled matter.
24                   Certified by:  /s/Renee A. Rogge
                                    Renee A. Rogge, RMR-CRR
25