*16-cv-1054 (WMW/DTS)*

# EXHIBIT 3
# *(Filed Under Seal)*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | Case No. 16-cv-1054(WMW/DTS)<br><br><br>**Jury Trial Demanded** |

**PLAINTIFF FAIR ISAAC CORPORATION'S FIRST SUPPLEMENTAL
ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") First Set of Interrogatories ("Interrogatories").

**GENERAL OBJECTIONS**

1. FICO objects to the Definitions set forth in these Interrogatories to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, and the Local Rules of this Court.

2. FICO objects to these Interrogatories to the extent they seek information and documents that are subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

EXHIBIT 3

3.   FICO objects to Federal's Interrogatories to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.   FICO objects to the definition of "you" or "your" as overly broad and unduly burdensome. FICO interprets these terms to refer to Fair Isaac Corporation.

5.   FICO objects to the definition of "Document" to the extent the definition includes any items beyond the scope of the Federal Rules of Civil Procedure. FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated. [Dkt. 43-2.] FICO will produce documents in accordance with the E-Discovery Agreement.

6.   FICO objects to the use of the word "all" in these Interrogatories insofar as every fact, reason, or document that evidences, refers, or relates to the subject matter of the Interrogatory is sought. Literal compliance is impossible in most instances and, in others, imposes a burden and expense that outweighs any potential benefit. FICO seeks to fairly and accurately respond to the Interrogatories, subject to any objections.

7.   FICO objects to these Interrogatories to the extent they seek information or documents already in Federal's possession or equally accessible to Federal, or information or identification of documents which are a matter of public record.

8.   FICO's answers set forth below and any production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following

responses, or FICO's right to object to any additional, supplemental, or further discovery Request or Interrogatory of Federal.

9. FICO has answered these Interrogatories based upon its understanding of the Interrogatories, and to the best of its knowledge and recollection as of the date the answers are served. FICO expressly reserves the right to provide supplemental answers or produce supplemental documents should that become appropriate. All information provided by FICO in response to these Interrogatories is provided without waiver of FICO' right to supplement as responsive information becomes available.

10. All documents identified or produced by FICO in connection with its answers to these Interrogatories are identified or produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

11. The General Objections set forth above are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Interrogatory.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO answers as follows:

### SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify all persons who assisted in preparing any of the information, or gathering any of the documents requested, described, or identified, in your responses to any of the Interrogatories or Requests for Production of Documents in this lawsuit.

**OBJECTION:** This Interrogatory seeks information protected by the attorney-client privilege and/or work-product immunity.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, the responses to these interrogatories and the gathering of documents regarding Federal's requests for production of

documents were with the assistance of FICO's in-house counsel and his staff. Additionally, Bill Waid, VP & General Manager, Decision Management Solutions, is knowledgeable regarding the pricing of Blaze Advisor® software.

**INTERROGATORY NO. 2:** Identify each Work you provided to Federal, including the date you provided the Work, who provided it, and who received it.

**RESPONSE:** FICO states that commencing upon the execution of the Agreement and periodically during the term thereof, Federal accessed FICO's electronic product delivery system to download Works made available by FICO to Federal. Pursuant to Fed. R. Civ. P. 33(d), FICO will produce its records of the Works it provided to Federal from 2012-2015.

**INTERROGATORY NO. 3:** Identify each Work you contend Federal used beyond the scope of the license granted in the Agreement and describe the basis for your contention.

**OBJECTION:** This Interrogatory is premature. The complete scope of Federal's use of FICO's Works beyond the scope of the Agreement is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 2 above. Based on the information currently within its possession, FICO further states that Federal has used the Works identified in the Amended Complaint outside the scope of the license granted by the Agreement. *See* [Dkt. 1-2; Dkt. 36.] FICO terminated the Agreement on March 31, 2016, and continued use of FICO's Works after the termination is outside the scope of the Agreement. In its Answer to the Amended Complaint, Federal admits it continues to use FICO's Works after the date of termination. [Dkt. 38, ¶ 16.] FICO will supplement its answer to this interrogatory, if appropriate, once it has received complete information from Federal regarding Federal's use of its Works beyond the scope of the license granted in the Agreement.

**INTERROGATORY NO. 4:** Identify each "third party" that allegedly received access to the works in violation of the License Agreement as alleged in Paragraph 22 of the Amended

Complaint, including the name of each entity and individual you contend received access to the works in violation of the agreement.

**OBJECTION:** This Interrogatory is premature. The complete scope of Federal's disclosure of FICO's Works to third parties is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that Federal has disclosed the Works to, at least, Chubb-affiliated entities located in the U.K., Canada, and Australia in violation of the license granted by the Agreement. FICO received the following extraterritorial maintenance requests from Chubb-affiliated entities for the Blaze Advisor® software:

| Request Date | FICO Product | Contact | Country |
|---|---|---|---|
| 11/17/2011 | Blaze Advisor® 6.7 | Tony Zhang | Canada |
| 03/03/2015 | Blaze Advisor® 6.1 and 7.1 | David Gibbs | United Kingdom |
| 03/21/2016 | Blaze Advisor® 7.0 | Shaikh Imran Aziz | Australia |

As discussed in the March 11, 2016 email from Thomas Carretta to Andrew Hopp, it was also discovered that there was a second non-compliant application running the Blaze Advisor® software in the U.K. during the parties' post-merger licensing negotiations. The non-compliant applications outside of the United States running the Blaze Advisor® software are also discussed in the March 3, 2016 email from Michael Sawyer to Tamra Pawloski and the business proposal attached thereto. FICO will supplement its answer to this interrogatory, if appropriate, once it has received complete information from Federal regarding Federal's disclosure of the Works to third parties.

**INTERROGATORY NO. 5:** Identify each person who drafted, reviewed, edited, or approved the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

**OBJECTION:** To the extent it seeks information beyond the identities of the persons involved with the January 27, 2016 letter from Thomas Carretta to Joseph Wayland, including a specific identification of which person(s) drafted, reviewed, edited, or approved the letter, this Interrogatory seeks attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO states as follows: Thomas Carretta, Michael Sawyer, and Russ Schreiber.

**INTERROGATORY NO. 6:** Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**OBJECTION:** This Interrogatory is premature. A quantification of FICO's damages necessarily depends on the extent of Federal's improper use of Blaze Advisor® in breach of the Agreement, its improper disclosure of Blaze Advisor® to third parties in further breach of the Agreement and in violation of FICO's copyright rights, and Federal's use of Blaze Advisor® following the termination of the Agreement in breach of the Agreement and in further violation of FICO's copyright rights. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that its damages claim can be grouped into the following categories: (1) the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, since March 31, 2016; (2) the unlicensed use by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began; (3) the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Works from the date of that unlicensed use. Damages under the first category are (a) the commercially reasonable fees FICO would have received had the use since March 31, 2016, been licensed and (b) all profits derived

6

from goods and services that used Blaze Advisor® from March 31, 2016. The second category damages are of the same kind – lost license fees and disgorgement of profits. The time period will be different, commencing when the unlicensed use began. Damages under the third category are the lost license fees FICO would have received had the use by each third party been licensed. In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election. FICO will supplement its answer to this interrogatory, if appropriate, once it has received discovery from Federal.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, and based on Federal's supplemental response to FICO's Interrogatory No. 4, the following are the approximate lost license fees related to the first and third categories of damages described above. Lost license fees include the fee for annual maintenance.

This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in discovery. For example, the volume of Federal's transactions/usage related to each application is relevant to pricing and not currently known by FICO. This supplemental response is based on information currently known.

The category one damages are the FICO license fees for each application for which Chubb & Son, a division of Federal, has used the Blaze Advisor® software since March 31, 2016, as well as all profits derived from goods and services that used Blaze Advisor® from that date. The FICO lost license fee for the applications identified in the supplemental response to Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is approximately $4,671,000 per year. FICO claims damages for that annual fee from March 31,

2016, to the date an injunction is issued against Federal's continued unlicensed use of the software.

The category three damages are the FICO license fees for each application for which a third party has used the Blaze Advisor ® software as a result of Federal's breach of the Agreement. Federal has identified applications being used by third parties in Canada and the U.K. (Whether there are additional category three damages is the subject of further discovery.) Based on Federal's disclosures, FICO believes the applications used in Canada are Adapt-ABL and Evolution. The annual FICO license fee for those applications is approximately $378,000. Based on Federal's disclosures, FICO believes the applications used in the U.K. are EZER and Commercial. The annual FICO license fee for those applications is approximately $594,000.

The quantification of FICO's claim for category two damages, and its claim for all profits derived from goods and services that used Blaze Advisor® software depend on discovery to be received from Federal.

**INTERROGATORY NO. 7:** Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**OBJECTION:** This Interrogatory is premature. A quantification of FICO's damages necessarily depends on the extent of Federal's use of Blaze Advisor® following the termination of the Agreement. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

8

**INTERROGATORY NO. 8:** Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**OBJECTION:** This Interrogatory is premature. A quantification of FICO's damages necessarily depends on the extent of Federal's disclosure of Blaze Advisor® to third parties. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

**INTERROGATORY NO. 9:** Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

**OBJECTION:** This Interrogatory is premature. A quantification of FICO's damages necessarily depends on the extent of Federal's infringement of FICO's copyright rights and Federal's revenue attributable to that infringement. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

AS TO OBJECTIONS:

Dated: August 16, 2017

         MERCHANT & GOULD P.C.

         /s/Allen Hinderaker
         Allen Hinderaker, MN Bar # 45787
         Heather Kliebenstein, MN Bar #337419
         Michael A. Erbele, MN Bar # 393635
         MERCHANT & GOULD P.C.
         3200 IDS Center
         80 South Eighth Street

Minneapolis, MN 55402-2215
Tel: (612) 332-5300
Fax: (612) 332-9081

*Attorneys for Plaintiff FICO*

## VERIFICATION

The undersigned has read the contents of Plaintiff Fair Isaac Corporation's First Supplemental Answers to Defendant's First Set of Interrogatories in the case of *Fair Isaac Corporation v. Federal Insurance Company*, Case No. 16-cv-1054 (D. Minn.), and knows the contents thereof, and that the contents and facts therein contained are true and correct to the best of my information, knowledge and belief. My information, knowledge and belief is based in part on my personal knowledge and in part on facts obtained by others from corporate records, employees, and agents.

Executed this 16th day of August, 2017.

_____
James S. Woodward
Vice President, Legal
Fair Isaac Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on August 16th, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: August 16th, 2017            s/Kristin M. Drieman
                                     Kristin M. Drieman