UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Insurance Company, *et al.,* | |
| Defendants. | |

Heather Kliebenstein and Allen Hinderaker, Merchant & Gould PC, 80 South Eighth Street #3200, Minneapolis, MN 55402, for Plaintiff

Terry Fleming, Christopher Pham, and Christian Hokans, Fredrikson & Byron, PA, 200 South Sixth Street #4000, Minneapolis, MN 55402, for Defendants

---

Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Federal") brought a Motion to Compel Discovery [Docket No. 337] from Plaintiff Fair Isaac Corporation (FICO). Federal seeks discovery it claims is "relevant to the credibility and qualifications of [FICO's] expert witness, Brooks Hilliard." Def. Br. 1, Docket No. 339. Specifically, Federal moves to (1) compel FICO to respond fully to Document Production Request Nos. 52 and 53, and (2) compel FICO to produce Hilliard for another deposition, at FICO's expense, to answer the questions he previously refused to answer during his first deposition.

FICO opposes the motion, arguing that it is untimely under the Sixth Amended Scheduling Order and that the discovery is "irrelevant, prejudicial, and collateral to this case." Pl. Br. 2, 5, Docket No. 353. FICO also asks for attorney's fees incurred in responding to Federal's motion. *Id.* at 12-13.

## FACTS

Hilliard was deposed on June 19, 2019. *See* Fleming Decl. ¶ 2 and Ex. 2, Docket Nos. 340, 341. He identified a Michigan lawsuit in which he was retained as an expert, but stated that he did not provide any opinion in that case because he was a consulting expert. *Id.* Ex. 2. Hilliard repeatedly refused to answer Federal's questions about a Texas lawsuit that Hilliard brought against the client that had retained him in the Michigan lawsuit for nonpayment of fees. *Id.* The client asserted a counterclaim alleging that Hilliard misrepresented his qualifications and expertise and therefore the client could not use him to provide an expert opinion and had to find another expert. *Id.* Ex. 4 (Amended Answer and Counterclaims ¶¶ 4-5, 11-12, 16-17, 25-26) and Ex. 5 (Navratil Affid. ¶ 8), Docket No. 340-1. Hilliard did not object on the basis of any privilege in declining to answer Federal's questions. *Id.* Ex. 2 (Tr. 55-65), Docket No. 341. FICO's counsel also did not invoke any privilege or instruct Hilliard not to answer the questions at the deposition. *Id.*

> On June 28, 2019 Federal served the following document requests on FICO:
>
> REQUEST FOR PRODUCTION NO. 52: Please produce all documents that have been filed with the court or exchanged between the parties in case number D-1-GN-17-006229, captioned *Business Automation Associates, Inc. v. Versata Software, Inc.,* which is venued in the 200th Judicial District Court of Travis County, Texas.
>
> REQUEST FOR PRODUCTION NO. 53: Please produce all communications between Brooks Hilliard and counsel for Versata Software, Inc., or any related entity, from the case *Ford Motor Co. v. Versata Software Inc., et al.,* No. 2:15-cv-10628, venued in the Federal Court for the Eastern District of Michigan, or from any related case.

*Id.* ¶ 8 and Ex. 6.

Federal filed this motion to compel on July 12, 2019 [Docket No. 337] and a hearing was held on July 30, 2019. After the hearing, with the agreement of Federal's counsel, FICO provided the Court with a copy of Hilliard's expert report in this lawsuit.[1]

A few days before the hearing on the motion to compel, on July 26, 2019 Federal brought a Motion to Exclude Expert Report and Testimony of Brooks Hilliard. Docket No. 386. FICO filed an opposition brief on August 26, 2019. Docket No. 475. The District Court Judge has set a hearing date of December 4, 2019 on Federal's motion to exclude.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery "need not be admissible in evidence to be discoverable." *Id.*

An expert who will testify at trial must provide a written report that includes the expert's qualifications. Fed. R. Civ. P. 26(a)(2)(B). An expert may testify only if the "expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. A party may depose the opposing party's expert after the expert report is provided. Fed. R. Civ. P. 26(b)(4)(A).

---

[1] Excerpts from Hilliard's report (but not the report in its entirety) were filed as an exhibit in support of Federal's motion, *see* Fleming Decl. Ex. 1, Docket No. 341, and separately as an exhibit in opposition to the motion, *see* Hinderaker Decl. Ex. 2, Docket No. 356-1.

FICO first asserts that Federal's motion to compel should be denied because the document requests are untimely, pointing out that the discovery deadlines have expired under the Sixth Amended Scheduling Order. However, Federal did not know until the June 19, 2019 deposition that Hilliard would refuse to answer questions, even with respect to matters of public record. After the deposition, Federal acted promptly to serve the document requests and bring this motion to compel. FICO has not asserted that it has been prejudiced by any untimeliness. The Court finds good cause to excuse any untimeliness.

FICO concedes that "Hilliard's work on the [Michigan lawsuit] . . . informs the Court's analysis of his qualifications under Rule 702" but contends that Hilliard in fact "answered all questions related to his role as a consulting expert in" the Michigan lawsuit. Pl. Br. 4, Docket No. 353. This assertion is disingenuous at best, as Hilliard refused to answer questions about the Texas lawsuit in which his former client asserted a counterclaim that Hilliard misrepresented his qualifications as an expert in the Michigan lawsuit. *See* Fleming Decl. Ex. 4 (Amended Answer and Counterclaims ¶¶ 4-5, 11-12, 16-17, 25-26), Docket No. 340-1. The Michigan and Texas lawsuits are thus linked to the extent that the issue is Hilliard's qualifications and expertise. The Texas lawsuit was not simply a fee dispute.

At his deposition, Hilliard identified the Michigan lawsuit as part of his professional experience. *Id.* Ex. 2 (Tr. 34-36), Docket No. 341. His expert report in this case has a "Consulting Background" section that includes descriptions of his 37-year consulting practice and his technical expertise, and the report states that he relied on his "experience in the industry" to reach his opinions. *See* May 31, 2019 Expert Report

4

at 2-4. Rule 26(b)(4)(A) permits Federal to depose Hilliard as a proffered testifying expert. Hilliard's consulting experience and his qualifications are a proper subject for inquiry at his deposition. *See, e.g., U.S. Surgical Corp. v. Orris, Inc.*, 983 F.Supp. 963, 969 (D. Kan. 1997) (no error in requiring expert to answer deposition questions about prior consulting work, when expert relied on consulting experience as the basis for her expertise). Hilliard refused to answer questions about the Texas lawsuit, even though publicly filed documents contain information relevant to his qualifications as an expert. Whether Federal possessed the documents at the time of the deposition does not change the fact that Federal was entitled to get answers to its questions.[2]

With respect to Document Request Nos. 52 and 53, FICO contends that they violate the civil discovery rules because they exceed the scope of the information that must be contained in the expert report of a testifying expert under Rule 26(a)(2)(B). Pl. Br. 9-10, Docket No. 353. But discovery regarding an expert's qualifications is not as narrow as FICO contends, and while the Court agrees that Federal's document requests are overly broad, Federal is not seeking unfettered expert discovery regarding Hilliard. Rather, the focus is on his qualifications and expertise as he discussed (briefly) during his deposition in connection with his services in the Michigan lawsuit and as part

---

[2] FICO complains that Federal only had the docket sheet for the Texas lawsuit at the deposition and not the documents filed in that lawsuit. Pl. Br. 5 n.1, Docket No. 353. But Hilliard repeatedly refused to answer Federal's questions regardless of whether the subject matter was part of the public record, and there is no reason to believe Hilliard would have responded differently if Federal had possessed the documents. *See, e.g.,* Fleming Decl. Ex. 2 (Tr. 63-65) (Q: "If the complaint is a matter of public record, why can you not testify about the claims made in the complaint." A: "I will answer any questions that the Court requires me to answer." . . . Q: "[I]t looked like from looking at the docket sheet that the matter has been continued. . . . [N]one of the parties have filed a motion to dismiss, correct?" A: "You can judge from the public record." Q: "But you're not willing to answer that question, correct." A: "I'm willing to answer it if the Court requires that I do, yes."), Docket No. 341.

of his consulting experience as set forth in his expert report. The documents sought are not protected work product in this lawsuit or otherwise privileged here. The Court will grant Federal's motion to compel production of documents to the extent they directly relate to Hilliard's qualifications and expertise.

Here, of course, Federal's motion to compel will be moot if the District Court Judge grants Federal's pending motion to exclude Hillard's report and testimony. But admissibility at trial is not the standard at the discovery stage. *See* Fed. R. Civ. P. 26(b)(1) ("Information within th[e] scope of discovery need not be admissible in evidence to be discoverable."). Accordingly, the Court, being duly advised in the premises, upon all the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Defendants' Motion to Compel Discovery [Docket No. 337] is GRANTED IN PART and DENIED IN PART as follows:

1. If the District Court Judge enters an order denying Federal's motion to exclude Hilliard's expert report and testimony [Docket No. 386], no later than 10 days after the filing of such order FICO shall produce documents responsive to Federal's Document Production Request Nos. 52 and 53 as follows: FICO shall produce all documents in its custody and control (which includes the custody and control of Hilliard) from the Michigan and Texas lawsuits that relate to Hilliard's qualifications and expertise. FICO need not produce any document publicly available from the court files in the two lawsuits; any document that relates solely to the amount of fees or the number of hours billed by Hilliard in the Michigan lawsuit; or any settlement agreement in the Texas lawsuit. If FICO or

the client in the Michigan lawsuit believes that any responsive document contains the client's proprietary business information, FICO shall contact the Court regarding *in camera* review of the document.

2.  No later than 10 days after the deadline for producing all documents described in the preceding paragraph, FICO shall at FICO's expense produce Hilliard for deposition, either in person in Minneapolis or by teleconference at Federal's option. Examination of Hillard with respect to the Michigan and Texas lawsuits shall be limited to subject matter that relates to Hilliard's qualifications and expertise.

Date: September 24, 2019

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge