UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Federal Insurance Company, *et al.,*<br><br>　　　　　Defendants. | Case No. 16-cv-1054 (WMW/DTS)<br><br>**ORDER TO FILE AMENDED JOINT MOTION and TO FILE/ RE-FILE DOCUMENTS TO COMPLY WITH LOCAL RULE 5.6** |

　　　　This matter is before the Court on the parties' 44-page Joint Motion for Continued Sealing [Docket No. 587] pursuant to Minn. L.R. 5.6(d)(2) that was filed on September 30, 2019.

　　　　The parties filed approximately 340 documents under temporary seal in connection with 8 motions/objection filed by the parties:

● Plaintiff FICO's Motion to Exclude Testimony of William McCarter
● Plaintiff FICO's Motion to Exclude Testimony of Dr. Steven Kursh
● Defendant Federal's Motion to Exclude Portions of Expert Report and Testimony of Randolph Bickley Whitener
● Defendant Federal's Motion to Exclude Expert Report and Testimony of Brooks Hilliard
● Plaintiff FICO's Motion to Exclude Testimony of W. Christopher Bakewell
Defendant Federal's Motion for Summary Judgment
● Plaintiff FICO's Objection to Order Granting Defendants' Motion to Amend
● Plaintiff FICO's Motion to Strike the Declaration of Patrick Sullivan in Support of
● Federal's Opposition to Summary Judgment and Portions of Federal's Brief in Opposition to Summary Judgment.

　　　　The parties seek to keep almost all of the 340 documents – representing several hundreds if not thousands of pages – sealed and unavailable to the public in their entirety. However, the Court finds the Joint Motion noncompliant with Local Rule 5.6 in several important respects. Accordingly, the Court will order the parties to remedy the

noncompliance and **file a compliant Amended Joint Motion no later than 7 days after this Order is filed**, so that the Court can perform a meaningful and efficient review of the precise information that the parties contend warrants sealing from the public. **If the parties fail to file a compliant Amended Joint Motion consistent with this Order, the Court will enter an order to unseal the documents filed by the parties under temporary seal.**

1. **The Joint Motion fails to comply with LR 5.6(d)(2)(A)(ii) and (iii) which require that the parties "precisely identify" the "information" they want the Court to seal and "explain why" the information should be withheld from the public.** While the "explain why" provision does not mean legal briefing, it means more than applying a perfunctory label, particularly when the label is applied to an entire document. The parties' mass-labeling of entire documents fails to *precisely identify for the Court the information within the document* that the parties contend should be sealed from the public.

Simply repeating the generic statement that a document was designated confidential under the general discovery protective order and contains unspecified "confidential business information" does not satisfy the parties' obligations under LR 5.6(d)(2)(A). <u>Exchanging information during discovery is not the same as filing a document with the Court</u>. A general discovery protective order simply governs access to information *in the discovery process* (*e.g.,* certain documents designated "confidential" or "attorney's eyes only") and is not dispositive of whether the Court will seal information in a document filed with the Court. As the 2017 Advisory Committee Note to LR 5.6 states:

> **[P]arties have been filing too much information under seal in civil cases, in part because of confusion over the difference between protective orders and sealing orders.** As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. **But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.**

(Emphasis added.)

2. **"Outside of the context of discovery disputes, parties should only rarely file a statement that a document cannot be redacted" under LR 5.6(d)(1)(A).** *See* 2017 Advisory Cmte. Note to LR 5.6. None of the 8 motions/objection covered by this Joint Motion is a discovery dispute. Moreover, the Court's initial brief review of the Joint Motion, and the hundreds of documents covered by it, leaves the Court doubtful that it would order any document at issue to be sealed in its entirety.

3. **The Joint Motion fails to comply with LR 5.6(d)(2)(A)(i)'s requirement to "briefly describe the document."** "Exhibit 3" is a label, not a description. *See* 2017 Advisory Cmte. Note to LR 5.6 ("the parties must briefly describe the document (e.g., '09/23/2016 email from A. Jones to B. Smith')." Except in a few instances (such as describing the document as a "declaration" or a "memorandum of law," which are adequate descriptions), the parties have failed to "briefly describe the document" that has been filed under temporary seal. Consistent with the example given in the Advisory Committee Note cited above, a description would be something like July 3, 2017 email; February 3, 2015 agreement; excerpt from expert ABC's report; or selected pages from a transcript of witness XYZ's deposition. The need for a description is particularly

3

important where as here the parties are asking the Court to keep track of and rule on hundreds of documents.

    4.    **Defendant Federal has, in a dozen or more instances identified in the Joint Motion, bulk-filed multiple documents within a single docket number under temporary seal in violation of LR. 5.6(d)(1).** Each document or exhibit filed under temporary seal must be filed separately so that it is assigned its own docket number – either as a stand-alone document (*e.g.,* Docket No. 15) or a separate attachment (*e.g.,* Docket No. 15-1). *See* LR 5.6(d)(1). The Court cannot seal only part of a docket entry.

    **Accordingly, if – after further review as the parties prepare their Amended Joint Motion – either party still wants the Court to order sealing of any information in any of the bulk-filed documents, then Defendant Federal (as the original filing party) must re-file, as separate documents, the documents that it improperly bulk-filed under a single docket number. This will allow the Court to consider and rule on that particular request for sealing in the Amended Joint Motion and to provide direction to the Clerk's Office about which documents should be unsealed or should remain sealed.** In addition, in the Amended Joint Motion, for each incorrectly bulk-filed entry, Federal must identify for the Court the new docket numbers (for the correctly filed, separate documents) that correspond to the old docket number (the improper bulk-filing) so that the Court is able to keep track of and rule on the correct document and to give correct directions to the Clerk's Office.

    If instead the parties do not want the Court to order sealing of any information in any of the bulk-filed documents, they shall so state in their Amended Joint Motion. In

that case, Defendant Federal does not need to re-file them as separate documents, and the Court will order the entire bulk-filed entry to be unsealed.

5. **Defendant Federal has violated LR 5.6(d)(1)(A)'s requirement to "contemporaneously and publicly file" a redacted version of a document, in cases where the party asserts the document can be redacted. Instead, Federal simply stated in the Joint Motion that it would file one later.**

Some of the documents at issue were filed under temporary seal by Defendant Federal two months before this Joint Motion was filed on September 30, 2019, yet Federal did not provide any redacted versions to the Court with this Joint Motion. Not only does the Court not have any redacted versions in front of it for purposes of this Joint Motion, it also does not know whether any redacted versions were ever filed and if so, where to find them on the docket, which has almost 600 entries. The Court will not slog through hundreds of documents to see whether Federal belatedly filed a redacted version of a particular document referred to in the Joint Motion. More fundamentally, as discussed in section 1 above, the Joint Motion provides no basis to determine whether *any* redactions are warranted because the parties failed to precisely identify the information it wants the Court to seal.

6. **In addition to remedying the noncompliance discussed above, Plaintiff FICO must also clarify, in the Amended Joint Motion, the following entries because the Court does not know what FICO is asking the Court to seal or unseal, or why.** The identified docket numbers do not align with the number of exhibits:

Docket Nos. 503, 503-1 to 503-17: FICO's "description" is noncompliant; it only mentions 8 documents; and it speaks of "Non-Confidential Exhibits"

Docket Nos. 504, 504-1 to 504-21: same comment as above

5

7. The parties should bear in mind that the complaint, amended complaints, and attached software agreement and amendments that are the subject of this lawsuit have been publicly filed, so **the parties should not now assert – three and a half years after the lawsuit was filed – that these documents (or similar/identical documents) should be sealed in their entirety and unavailable to the public.** *See, e.g.,* Oct. 25, 2018 Order, Docket No. 141.

IT IS HEREBY ORDERED that, no later than seven (7) days after this Order is filed:

A. the parties shall file an Amended Joint Motion that complies with Local Rule 5.6 and the directions above, and

B. Federal shall file/re-file documents, to the extent necessary, in compliance with Local Rule 5.6 and the directions above.

If the parties fail to do so, the Court will order the documents covered by the Joint Motion [Docket No. 587] to be unsealed.

Dated: October 9, 2019

s/David T. Schultz  
DAVID T. SCHULTZ  
United States Magistrate Judge