UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation,   Case No. 16-cv-1054 (WMW/DTS)

    Plaintiff,

v.   **ORDER**

Federal Insurance Company, *et al.,*

    Defendants.

This matter is before the Court on the parties' three Joint Motions for Continued Sealing [Docket Nos. 359, 454, 529] pursuant to Minn. L.R. 5.6(d)(2) that were filed on July 24, August 7, and September 5, 2019. These Joint Motions address 73 documents that the parties filed under temporary seal.

**I.    Joint Motion #359**

Twenty-five documents [found in Docket Nos. 315, 316, 317, 317-1, 317-2, 317-3, 320, 324, 327, and 327-1] were filed under temporary seal in connection with Defendant Federal's Objection to the Court's June 4, 2019 Order [Docket No. 316].

The Joint Motion omitted one docket entry that was filed under temporary seal, Docket No. 327-1. The Joint Motion also incorrectly states that Docket No. 327 contains Exhibit 6 but in fact that document is found in Docket No. 327-1.

Three docket entries were improperly bulk-filed by Defendant Federal: Docket No. 317-1 contains 2 documents (Exhibits 1 and 2); No. 317-2 contains 8 documents (Exhibits 3 to 11); and No. 317-3 contains 9 documents (Exhibits 11 to 19). **This violates Local Rule 5.6(d)(1) which requires that each document filed under**

**temporary seal be filed "separately so that the document is assigned its own docket number."** The Court cannot seal only part of a single docket entry.

The parties agree that 9 documents should be unsealed. The Court will grant the Joint Motion with respect to those 9 documents.

The Joint Motion asks the Court to seal the remaining 16 documents. **The Joint Motion fails to comply with LR 5.6(d)(2)(A)(ii) and (iii) which require that the parties "precisely identify" the "information" the parties want the Court to seal and "explain why" the information should be withheld from the public.** Rather, the Joint Motion repeats the generic statement that the document was designated confidential under the protective order and contains unspecified "confidential business information" or "commercially confidential information." This does not satisfy the parties' obligations under LR 5.6(d)(2)(A).

<u>Exchanging information during discovery is not the same as filing a document with the Court</u>. A general discovery protective order simply governs access to information *in the discovery process* (*e.g.,* certain documents designated "confidential" or "attorney's eyes only") and is not dispositive of whether the Court will seal information in a document filed with the Court. As the 2017 Advisory Committee Note to LR 5.6 states:

> **[P]arties have been filing too much information under seal in civil cases, in part because of confusion over the difference between protective orders and sealing orders.** As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. **But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines**

**that a party or nonparty's need for confidentiality outweighs the public's right of access.**

(Emphasis added.)

The parties have failed to precisely identify and explain the reason certain information in these 16 documents should remain sealed and unavailable to the public. The Court has reviewed the documents and, except with respect to the documents specifically discussed below, the Court finds no basis to order sealing, and particularly not sealing of the documents in their entirety. Not all financial or business information is protected from public disclosure. For example, Chubb's revenues, income, and profits are generally matters of public record, as is the fact that it writes tens of billions of dollars in gross and net premiums. Even information that normally is not disclosed does not necessarily warrant sealing from the public when it is filed in a federal lawsuit. The Joint Motion does not identify particular information that is confidential and of such a nature that the need for confidentiality outweighs the public interest.

Moreover, the Joint Motion also states, in various places, that the reason certain documents should be sealed is because they contain the terms of the software license agreement that is the subject of this lawsuit. But the complaint, amended complaints, and attached software agreement and amendments have been publicly filed, so there is no basis for the parties to assert – three and a half years after the lawsuit was filed – that these documents, or similar/identical documents, or legal briefs that discuss and quote these documents, should be sealed in their entirety and unavailable to the public simply because they refer to terms in the software agreement. *See, e.g.,* Oct. 25, 2018 Order, Docket No. 141.

Docket No. 317-1. This bulk-filed docket entry consists of 2 documents. The Court will order Exhibit 2 to be sealed, but finds that Exhibit 1 contains no confidential information that merits sealing from the public. Therefore, **Defendant Federal shall re-file Exhibit 1 as a separate public document as directed in the Order below. When Federal re-files this document, Federal must include a cover letter or declaration identifying for the Court that the document being filed is Exhibit 1 that was originally filed under temporary seal in Docket No. 317-1.** After it has done so, the Court will issue an order regarding sealing the documents in Docket No. 317-1.

Docket No. 317-2. This bulk-filed docket entry consists of 8 documents. The Court will order Exhibits 3-6 and 8-10 to be sealed, but finds that Exhibit 7 contains no confidential information that merits sealing from the public. Therefore, **Defendant Federal shall re-file Exhibit 7 as a separate public document as directed in the Order below. When Federal re-files this document, Federal must include a cover letter or declaration identifying for the Court that the document being filed is Exhibit 7 that was originally filed under temporary seal in Docket No. 317-2.** After it has done so, the Court will issue an order regarding sealing the documents in Docket No. 317-2.

Docket No. 317-3. This bulk-filed docket entry consists of 9 documents. The parties agree that 8 documents (Exhibits 11 to 13 and 15 to 19) should be unsealed, but ask the Court to seal Exhibit 14. The Court will grant the Joint Motion with respect to these 9 documents. Therefore, **Defendant Federal shall re-file Exhibits 11 to 13 and 15 to 19 as separate public documents as directed in the Order below. When Federal re-files these documents, Federal must include a cover letter or**

**declaration identifying for the Court that the documents being filed are Exhibits 11 to 13 and 15 to 19 that were originally filed under temporary seal in Docket No. 317-3.** After it has done so, the Court will issue an order regarding sealing Docket No. 317-3.

## II.   Joint Motion #454

Twenty documents [found in Docket Nos. 331, 334, 339, 341, 345, 348, 348-1, 353, 356, and 356-1] were filed under temporary seal in connection with the following two motions: Defendants' Motion to Strike Plaintiff's Jury Demand on Disgorgement Remedy [Docket No. 329] and Defendants' Motion to Compel Discovery [Docket No. 337].

The 20 documents are found in only 10 docket entries because Defendants bulk-filed 9 documents under temporary seal in Docket No. 334 and 3 documents in Docket No. 341. **This does not comply with Local Rule 5.6(d)(1) which requires that each document filed under temporary seal be filed "separately so that the document is assigned its own docket number."** The Court cannot seal only part of a single docket entry.

The parties agree that one document (Ex. 6) within the bulk-filed Docket No. 341 should be unsealed. The Court will grant the motion with respect to that document.

As to the remaining 19 documents, the parties agree that some of them should remain sealed, and as to others, Plaintiff FICO contends those documents filed by Defendant Federal are capable of redaction and therefore should not be sealed in their entirety. But the Joint Motion fails to "precisely identify" the "information" the parties want the Court to seal (or the specific information in dispute between the parties

5

regarding whether it can/should be redacted) and "explain why" the information should be withheld from the public as required by LR 5.6(d)(2)(A)(ii) and (iii). Rather, the Joint Motion repeats the generic statement that the document was designated confidential under the protective order and/or states that the documents refer to terms of the software license agreement – neither of which is an adequate basis for the Court to order sealing, as discussed more fully above with respect to Joint Motion #359.

The Court has reviewed the documents filed under temporary seal in connection with this Joint Motion. The subject matter falls squarely within the liability and damages information and issues for the District Court Judge and/or the jury at trial. The Court finds no basis in the Joint Motion that warrants an order denying the public access to these documents, and particularly not in their entirety. Accordingly, the Court denies the Joint Motion with respect to these documents.

### III.     Joint Motion #529

Twenty-eight documents were filed under temporary seal in connection with Defendant Federal's Motion for Leave to File Amended Answer [Docket No. 456].

The parties agree that 3 documents [Docket Nos. 458, 460, 460-5] should be unsealed. The Court will grant the motion with respect to those documents.

As to the remaining 25 documents, the Court directs the parties to the Court's discussion above with respect to Joint Motions #359 and #454. In summary, the parties have failed to "precisely identify" the "information" they want the Court to seal and "explain why" the information should be withheld from the public as required by LR 5.6(d)(2)(A)(ii) and (iii). Simply repeating the generic phrase that there is purportedly

6

"commercially confidential information" somewhere in the dozens or hundreds of pages filed under temporary seal does not satisfy the parties' obligation under LR 5.6(d)(2)(A).

In addition, not all financial or business information is protected from public disclosure. For example, Chubb's revenues, income, and profits are generally matters of public record, as is the fact that it writes tens of billions of dollars in gross and net premiums (found in its annual reports and financial disclosures, and possibly elsewhere). Even information that normally is not disclosed does not necessarily warrant sealing from the public when it is filed in a federal lawsuit. Moreover, as in all civil lawsuits that seek monetary damages, the damages calculations fall squarely within the information and issues for the District Court Judge and/or the jury at trial.

The Court has reviewed the remaining 25 documents filed under temporary seal and finds no basis in the Joint Motion that warrants an order denying the public access to them, and particularly not in their entirety. Accordingly, the Court denies the Joint Motion with respect to these documents. If either party asserts that particular financial or other business information is confidential and of such a nature that the need for confidentiality outweighs the public's right of access to the filings in this lawsuit, the party may file a motion for reconsideration pursuant to LR 5.6 and shall "precisely identify" the "information" it wants the Court to seal and "explain why" the information should be withheld from the public as required by LR 5.6(d)(2)(A)(ii) and (iii).

**IT IS HEREBY ORDERED:**

1. The parties' Joint Motion Regarding Continued Sealing [**Docket No. 359**] is GRANTED IN PART and DENIED IN PART as follows:

a. The Clerk is directed to **unseal** the following documents: Docket Nos. 315, 316, 317, 324, 327, and 327-1.

b. The Clerk is directed to keep the following document **sealed**: Docket No. 320.

c. <u>Docket No. 317-1</u>. This bulk-filed docket entry consists of 2 documents. The Court will order Exhibit 2 to be sealed, but finds that Exhibit 1 contains no confidential information that merits sealing from the public. Therefore, **Defendant Federal as the filing party shall re-file Exhibit 1 as a separate public document no sooner than 28 days after the date this Order is filed. Once this 28-day period has expired, Defendant shall file Exhibit 1 within 7 days. When Federal re-files this document, Federal must include a cover letter identifying for the Court that the document being filed is Exhibit 1 that was originally filed under temporary seal in Docket No. 317-1.** After Federal has done so, the Court will issue an order regarding sealing the documents in Docket No. 317-1.

d. <u>Docket No. 317-2</u>. This bulk-filed docket entry consists of 8 documents. The Court will order Exhibits 3-6 and 8-10 to be sealed, but finds that Exhibit 7 contains no confidential information that merits sealing from the public. Therefore, **Defendant Federal as the filing party shall re-file Exhibit 7 as a separate public document no sooner than 28 days after the date this Order is filed. Once this 28-day period has expired, Defendant shall file Exhibit 7 within 7 days. When Federal re-files this document, Federal must include a cover letter or declaration identifying for the Court that the document being filed is Exhibit 7 that was originally filed under**

**temporary seal in Docket No. 317-2.** After Federal has done so, the Court will issue an order regarding sealing the documents in Docket No. 317-2.

    e.    <u>Docket No. 317-3</u>. This bulk-filed docket entry consists of 9 documents. The parties agree that 8 documents (Exhibits 11 to 13 and 15 to 19) should be unsealed, but ask the Court to seal Exhibit 14. The Court grants the Joint Motion with respect to these 9 documents. Therefore, **Defendant Federal shall re-file Exhibits 11 to 13 and 15 to 19 as separate public documents no sooner than 28 days after the date this Order is filed. Once this 28-day period has expired, Defendant shall file Exhibit 14 within 7 days. When Federal re-files Exhibit 14, Federal must include a cover letter or declaration identifying for the Court that the document being filed is Exhibit 14 that was originally filed under temporary seal in Docket No. 317-3.** After Federal has done so, the Court will issue an order regarding sealing the documents in Docket No. 317-3.

    2. The parties' Joint Motion Regarding Continued Sealing [**Docket No. 454**] is GRANTED IN PART and DENIED IN PART as follows:

    a.    The Clerk is directed to **<u>unseal</u>** the following documents: Docket Nos. 331, 334, 339, 341, 345, 348, 348-1, 353, 356, and 356-1.

    3.    The parties' Joint Motion Regarding Continued Sealing [**Docket No. 529**] is GRANTED IN PART and DENIED IN PART as follows:

    a.    The Clerk is directed to **<u>unseal</u>** the following documents: Docket Nos. 458, 460, 460-1 through 460-14, 464, 465, 468, 471, and 471-1 through 471-8.

Dated: October 9, 2019

                                                        <u>s/David T. Schultz</u>
                                                        DAVID T. SCHULTZ
                                                        United States Magistrate Judge