# EXHIBIT 2
## (Redacted)

**(Previously Filed Under Seal as DI 541-1)**

**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**
**between**
**ORACLE AMERICA, INC.**
**and**
**FAIR ISAAC CORPORATION**

This Confidential Settlement Agreement and Release (the "Agreement") is entered into

by and between Oracle America, Inc. ("Oracle"), formerly known as Oracle USA, Inc., 500

Oracle Parkway, Redwood City, California, 94065 and Fair Isaac Corporation ("FICO") 901

Marquette Avenue, Suite 3200, Minneapolis, Minnesota, 55402.

## RECITALS

This Agreement is entered into with reference to the following facts:



B.      The Software License provides:

13.12  Assignment.   Neither party may assign or otherwise transfer any of its
rights or obligations under this Agreement (whether by operation of law or otherwise),
without the prior written consent of the other party.  A change in ownership shall be
deemed an assignment for the purposes of this provision.  Any attempt to assign or
transfer all or any part of this Agreement without first obtaining such written consent will
be void and of no force or effect.



LR 1991195                        Page 1 of 7



EXHIBIT
428
FICO 4-2-19
cb

Confidential - Attorneys' Eyes Only
FICO0038508                                    027037_0148

FICO0038508
Fair Isaac



I.      Oracle and FICO now wish to enter into this Agreement in order to resolve their Dispute.

In consideration for entering into this Agreement and in consideration for the promises and respective releases set forth below, Oracle and FICO agree as follows:

### SETTLEMENT TERMS

1.      Cash Payment. ███████████████████████████████

███████████████████████ within thirty (30) days following the Effective Date of this

Agreement. Payment shall be made by wire transfer according to the following instructions:

Page 2 of 7

Confidential - Attorneys' Eyes Only
027037_0148



2.    Termination of the Software License.  The Software License is hereby terminated and neither party has any further obligation to the other under the Software License, except for those obligations relating to the parties' confidential or proprietary information or intellectual property rights which by their terms survive termination of the Software License.

3.    Release of FICO.  Oracle, for itself and its former and present successors, assigns, stockholders, officers, directors, parents, subsidiaries, and agents, hereby releases FICO and its predecessors, successors, assigns, stockholders, officers, directors, parents, subsidiaries, agents, insurers, and attorneys from any and all rights, claims, actions, and demands of every kind and nature, in law, equity, or otherwise, based on tort, contract, or any other legal theory, known or unknown, disclosed or undisclosed, suspected or unsuspected, fixed or contingent, whether reasonably discoverable or not, including, without limitation, any claims for damages, actual or consequential, past, present, or future, which arise out of or in any way relate to the Dispute or the Software License.  It is the express intention of the parties that FICO have no further liability to Oracle relating to the Software License except as otherwise provided in this Agreement.

4.    Release of Oracle.  FICO, for itself and its former and present successors, assigns, stockholders, officers, directors, parents, subsidiaries, and agents, hereby releases Oracle and its predecessors, successors, assigns, stockholders, officers, directors, parents, subsidiaries, agents, insurers, and attorneys from any and all rights, claims, actions, and demands of every kind and nature, in law, equity, or otherwise, based on tort, contract, or any other legal theory, known or unknown, disclosed or undisclosed, suspected or unsuspected, fixed or contingent, whether reasonably discoverable or not, including, without limitation, any claims for damages, actual or consequential, past, present, or future, which arise out of or in any way relate to the Dispute or

Confidential - Attorneys' Eyes Only
FICO0038508

FICO0038510
Fair Isaac

the Software License. It is the express intention of the parties that Oracle have no further liability to FICO relating to the Software License except as otherwise provided in this Agreement.

5.      Waiver. Each party voluntarily waives Section 1542 of the California Civil Code, or any similar provision of the statutory or non-statutory law of any other jurisdiction. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her must have materially affected his or her settlement with the debtor.

Each party has read and understands Section 1542 and has had the opportunity to consult with and be advised by counsel regarding its meaning and effect. Each party acknowledges that this Agreement has been negotiated and agreed upon with the knowledge that unknown or unsuspected claims may exist and that all such claims are waived by this provision.

6.      Representation and Covenant Not to Sue. Each party hereby represents and agrees that it has not filed or pursued, and it will not file or pursue, any charges, suits, complaints, grievances, or other actions which assert, arise out of, or are in any way related to the claims released under this Agreement; provided, however, that this paragraph shall not apply to any action or claim to enforce the terms of this Agreement.

7.      Representation Regarding Return of Property. Oracle hereby represents and warrants that it has returned to FICO, or permanently deleted or destroyed, all FICO materials and property that Oracle received or accessed under the Software License (including without limitation materials constituting or containing confidential and proprietary information or intellectual property), and that Oracle has not provided any such materials or property to any third party.

Confidential - Attorneys' Eyes Only
FICO0038508

027037_0148

FICO0038511
Fair Isaac

8.      No Admission of Liability.  This Agreement constitutes a compromise settlement of disputed claims and shall not be deemed or construed to be an admission of liability by either party at any time for any purpose.

9.      Confidentiality.  Each party agrees that the terms of this Agreement shall remain confidential and shall not be disclosed, directly or indirectly, by it for any reason at any time; provided, however, that a party may disclose, in confidence, on a need-to-know basis, the terms to its attorneys, accountants, financial institutions, directors, officers, employees, insurers, and as otherwise required by law.

10.     Inurement.  The Agreement shall inure to the benefit of and be binding upon the parties and their respective agents, officers, directors, trustees, attorneys, representatives, assigns, subsidiaries, parent companies, and predecessor or successor companies.

11.     Voluntary Settlement.  Each party represents that it has read and been advised by counsel regarding this Agreement, that it understands its provisions and legal effect, and that it is voluntarily entering into this Agreement.  Each party acknowledges that this Agreement is a full, fair, and final settlement of all claims released under this Agreement.  Each party further represents that, in executing this Agreement, it does not rely on any inducements, promises, or representations other than those expressly set forth in this Agreement.

12.     Construction.  Each party acknowledges that it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against either party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

13.     Severability.  If any part of this Agreement shall be determined to be illegal, invalid, or unenforceable, that part shall be severed from the Agreement and the remaining parts shall be valid and enforceable.

Confidential - Attorneys' Eyes Only
FICO0038508                 027037_0148                 FICO0038512
Fair Isaac

14.    Counterparts.  This Agreement may be executed in counterparts, each of which shall constitute a duplicate original.

15.    Authority to Execute Agreement.  The individuals signing this Agreement and the parties represent and warrant that they have full and complete authority and authorization to execute and effect this Agreement and to take or cause to be taken all acts contemplated by this Agreement.

16.    Warranty of Non-Assignment.  The parties each represent and warrant that they own and have not assigned, sold, transferred, or otherwise disposed of any claim or any interest in any claim against the other released in this Agreement.

17.    Governing Law.  This Agreement and all matters arising out of or relating to this Agreement shall be governed by, interpreted, and construed in accordance with the procedural and substantive laws of the State of California, and shall be deemed executed in Redwood City, California.

18.    Jurisdiction.  The parties agree that any legal action or proceeding relating to this Agreement shall be instituted in a state or federal court in San Francisco or Santa Clara County, California.  The parties agree to submit to the exclusive jurisdiction of, and agree that venue is proper in, these courts in any such action or proceeding.

19.    Non-Disparagement.  Each party agrees that it shall refrain from making any negative statements (written or oral) to third parties about the other party relating to the subject matter of the Dispute.

20.    Entire Agreement.  This Agreement constitutes the entire agreement between the parties and supersedes any and all prior or contemporaneous agreements or representations, written or oral, between the parties concerning the subject matter of this Agreement.  This Agreement may not be modified or amended except in writing and signed by a duly authorized

Confidential - Attorneys' Eyes Only
FICO0038508                              027037_0148                              FICO0038513

Fair Isaac

representative of each party; no other act, document, usage, or custom shall be deemed to amend or modify this Agreement.

21.    Effective Date.  The Effective Date of this Agreement shall be the last date upon which it is signed by the Parties below.

**FAIR ISAAC CORPORATION**

By: _____

Name: _____Aaron Jaeger_____
              Senior Director
Title: ___Financial Planning & Analysis___

Date: _____3/28/13_____

REVIEWED BY
per
T.Carretta
FP
FICO LEGAL

**ORACLE AMERICA, INC.**

ACT

By: _____

Name: ___Deborah K. Miller___

Title: ___Vice President___
       ___Associate General Counsel___

Date: ___3/26/13___

Confidential - Attorneys' Eyes Only
FICO0038508

027037_0148

FICO0038514
Fair Isaac