# EXHIBIT 14
## (Redacted)
## (Previously Filed Under Seal as Dkt. 392)



Fair Isaac Corporation
3661 Valley Centre Drive
San Diego, CA 92130 USA
T 858 369 8000
F 858 369 8001
www.fico.com

October 14, 2016

Make every decision count.™

VIA EMAIL: ▮
VIA U.S. MAIL

VIA EMAIL: ▮

RE: NOTICE OF DISPUTE

▮ and Fair Isaac Corporation (FICO) entered into the Software License Agreement ("SLA") with an effective date of November 11, 2010, under which ▮ purchased "Licensed Software and Services" of Fair Isaac's Blaze Advisor® for a non-transferable perpetual enterprise wide scope for use by ▮ and it's Affiliates.

Under Section 18 b. of the SLA both parties acknowledged that licensing fees for this enterprise wide scope were based on the "Revenue Footprint" and that additional license fees would be required under an "Acquisition Event". Section 18 b. furthermore defines an "Acquisition Event" as any event or transaction through which ▮ (or an Affiliate) (i) acquires the right to process the business of another entity or (ii) is acquired by, or acquires, or merges with any entity that has Gross Annual Revenue at the time of the transaction that is greater that or equal than twenty percent (20%) of ▮ Gross Annual Revenue. Furthermore both parties agreed in 18 b. that following an "Acquisition Event", ▮ (or the applicable Affiliate) shall not permit that other entity to use the Software or process any additional data from that entity through the Software (either combined with ▮ data (or its Affiliate's data) or as a separate portfolio) or otherwise make any expanded use of the Software as a result of the "Acquisition Event".

Simply stated, the agreement defines a triggering "Acquisition Event" as either an acquiring/merger of greater than 20% of ▮ annual revenue OR the processing of business for another entity. The initial use for Fair Isaac's Blaze Advisor by ▮ was for a central sorting engine for offer presentment, as core part of the ▮ platform. As a matter of public record the following entities business were acquired by ▮

EXHIBIT 14

Chris Frary has engaged with various ▇▇▇ representatives in an effort to resolve this matter. Most recently that engagement was with ▇▇▇ who responded that ▇▇▇ was covered under Section 18 b (ii) of the agreement and that furthermore ▇▇▇ was looking to replace Blaze Advisor in calendar 2017. When an audit of the use of Blaze Advisor at ▇▇▇ was requested, it was denied.

This letter is to serve as "Dispute Notice" under Section 22 m. Fair Isaac views the before mentioned public announcements as covered defined under Section 18 b (i). and furthermore exceeding the limitation of an "Acquisition Event" from processing data on behalf of additional entities.

In addition, Fair Isaac is evoking it's right under Section 22 l. Verification, and the right to audit the use of Blaze Advisor by ▇▇▇. As required under the terms of the agreement this is to serve as your 30-day notification. The suitable delegate(s) from ▇▇▇ can contact Chris Frary to make appropriate arrangements to conduct the requested audit.

Fair Isaac had hoped to avoid these formal measures to resolve this mater, but the lack of transparency from ▇▇▇ in light of the public record around this mater forces Fair Isaac to take these undesirable steps.

Fair Isaac takes it software copyrights, and patents of the Blaze Advisor software seriously given the significant contribution to our business. Given the dialog that has already taken place between ▇▇▇ and Fair Isaac over the period of time from May 2016 to present, should ▇▇▇ desire to escalate to a "Designated Representative" under the provisions of Section 22 m. Dispute Resolution, Fair Isaac with make an appropriate individual available.

Sincerely,

FAIR ISAAC CORPORATION

Thomas F. Carretta
Associate General Counsel

cc.   William Waid, GM DMS
cc.   Chris Frary, Account Executive

Attorneys' Eyes Only

FICO0061246