# Exhibit 17
# (Unsealed)
# (Previously Filed Under Seal as Dkt. 412)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation, and ACE<br>AMERICAN INSURANCE COMPANY, a<br>Pennsylvania corporation,<br><br>        Defendants. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>**FEDERAL INSURANCE COMPANY'S<br>FIFTH SUPPLEMENTAL ANSWER<br>TO PLAINTIFF'S INTERROGATORY<br>NO. 20** |

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company's ("Federal"), for its Fifth Supplemental Answer to Plaintiff's Interrogatory No. 20, states and alleges as follows:

### GENERAL RESPONSES

1.    Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2.    Federal objects to the request to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.    Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to

**EXHIBIT 17**

information within its possession, custody, or control. Federal reserves the right to amend, supplement, or change any response and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.   Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### FIFTH SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 20

**INTERROGATORY NO. 20:** From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**SUPPLEMETNAL ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g.*, *Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further

objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Accident and Health (A&H) business unit in Australia, the following application uses the Blaze Advisor® software: ADAPT. The approximate gross written premiums, policy counts, and identification of the insurance writing company that issued insurance policies that used that application, in connection with which the Blaze Advisor® software was used, is provided in the chart below for the years requested. Discovery is continuing.

| Year | Gross Written Premium | Policy Count | Writing Company |
| --- | --- | --- | --- |
| 2019 | $ 186,704 | 88 | Chubb Insurance Company of Australia |
| 2018 | $ 4,049,851 | 2,501 | Chubb Insurance Company of Australia |
| 2017 | $ 7,512,511 | 3,669 | Chubb Insurance Company of Australia |
| 2016 | $ 22,404,103 | 11,012 | Chubb Insurance Company of Australia |
| 2015 | $ 25,345,604 | 10,103 | Chubb Insurance Company of Australia |
| 2014 | $ 26,580,572 | 10,005 | Chubb Insurance Company of Australia |
| 2013 | $ 26,589,734 | 9,834 | Chubb Insurance Company of Australia |
| 2012 | $ 26,747,201 | 10,057 | Chubb Insurance Company of Australia |
| 2011 | $ 26,515,969 | 10,008 | Chubb Insurance Company of Australia |
| 2010 | $ 24,715,643 | 9,885 | Chubb Insurance Company of Australia |
| 2009 | $ 23,161,259 | 9,430 | Chubb Insurance Company of Australia |
| 2008 | $ 21,102,801 | 8,728 | Chubb Insurance Company of Australia |
| 2007 | $ 17,739,029 | 7,314 | Chubb Insurance Company of Australia |

- The A&H business unit in Australia does not use the same Evolution application that the PRS business unit in Canada uses. The Evolution system used in Australia does *not* use Blaze Advisor®. Indeed, Blaze Advisor® was replaced with IBM Operational Decision Management before Blaze Advisor® ever went

3

live in Australia. However, as ordered by the Court, below is the approximate gross written premiums, policy counts, and identification of the insurance writing company that issued insurance policies that used the application Evolution:

| Year | Gross Written Premium | Policy Count | Writing Company |
|---|---|---|---|
| 2019 | $ 10,203,994.83 | 1855 | Chubb Insurance Company of Australia |
| 2018 | $ 76,787,952.35 | 10579 | Chubb Insurance Company of Australia |
| 2017 | $ 992,514.08 | 134 | Chubb Insurance Company of Australia |

- For the Chubb Specialty Insurance (CSI), Chubb Commercial Insurance (CCI), and Accident and Health (A&H) business units in Europe, the following applications use Blaze Advisor® software: EZER and ADAPT. The approximate gross written premiums, policy counts, and identification of the insurance writing company that issued insurance policies that used the respective applications, in connection with which the Blaze Advisor® software was used, is provided in the charts below for the years requested. Discovery is continuing.

- **For EZER:**

| Year/Writing Company | Policy Count | Gross Written Premium |
|---|---|---|
| 2012 | | |
| Chubb European Group SE (CEG SE) | 40052 | $ 202,142,347.99 |
| 2013 | | |
| CEG SE | 40577 | $ 200,554,400.58 |
| 2014 | | |
| CEG SE | 44357 | $ 196,353,337.83 |
| 2015 | | |
| CEG SE | 44606 | $ 179,188,308.29 |
| 2016 | | |
| CEG SE | 45876 | $ 156,849,666.12 |

4

| 2017 | | | |
|---|---|---|---|
| CEG SE | 25788 | $ | 109,376,325.19 |
| | | | |
| **2018** | | | |
| CEG SE | 813 | $ | 4,438,272.72 |

- **For ADAPT:**

| Year | Gross Written Premiums | Policy Counts | Writing Company |
|---|---|---|---|
| 2012 | $ 42,092,398.42 | 12390 | Chubb European Group SE |
| 2013 | $ 63,402,808.83 | 13868 | Chubb European Group SE |
| 2014 | $ 60,130,370.07 | 14192 | Chubb European Group SE |
| 2015 | $ 61,438,935.46 | 15846 | Chubb European Group SE |
| 2016 | $ 47,695,131.68 | 14641 | Chubb European Group SE |
| 2017 | $ 40,226,219.07 | 12806 | Chubb European Group SE |
| 2018 | $ 11,278,716.38 | 5626 | Chubb European Group SE |

5

Dated: March 21, 2019        s/Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

## VERIFICATION

Stuart Fisher states under oath that he is a Vice President and Head of IT; that he is authorized to respond to Plaintiff's Interrogatory No. 20 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Stuart Fisher

Subscribed and sworn to before me
this _____ day of _____, 2019.

_____
Notary Public

## VERIFICATION

Mike Hutchinson states under oath that he is a Systems Director; that he is authorized to respond to Plaintiff's Interrogatory No. 20 on behalf of Federal Insurance Company; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Mike Hutchinson

Subscribed and sworn to before me
this _____ day of _____, 2019.

_____
Notary Public