# Exhibit 23
# (Redacted)
# (Previously Filed Under Seal as Dkt. 413)

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

between

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

and

## FAIR ISAAC CORPORATION

This Confidential Settlement Agreement and Release (the "Agreement") is entered into by and between ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and Fair Isaac Corporation ("FICO") 901 Marquette Avenue, Suite 3200, Minneapolis, Minnesota, 55402.

## RECITALS

This Agreement is entered into with reference to the following facts:

A.   On or about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and FICO executed ▬▬▬▬▬▬▬ Software License and Services Agreement (the "Software License"). Under the terms of the Software License ▬▬▬ agreed to license certain FICO software programs, including the FIC Blaze Advisor (the "Software Programs"). ▬▬▬ agreed to pay FICO ▬▬▬▬▬▬▬▬ for a perpetual license to the Software Programs and for technical support at a rate of ▬▬▬▬▬▬▬ following the first year).

B.   The Software License provides:

   13.12   Assignment.   Neither party may assign or otherwise transfer any of its rights or obligations under this Agreement (whether by operation of law or otherwise), without the prior written consent of the other party. A change in ownership shall be deemed an assignment for the purposes of this provision. Any attempt to assign or transfer all or any part of this Agreement without first obtaining such written consent will be void and of no force or effect.

C.   On ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ merged with and into ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ the surviving corporation, was then renamed ▬▬▬▬▬▬▬▬▬▬▬▬.

D.   On ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ sent FICO written notice of the name change from ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬



Confidential - Attorneys' Eyes Only                                                                                          FICO0038508

E. On November 11, 2010, FICO sent an invoice for annual technical support in the amount o̲█████████████████████

F. On June 27, 2012 and on October 25, 2012, FICO notified █████ ̲hat it was in breach of the Software License and that unless the alleged breach was cured, the Software License would terminate on December 24, 2012.

G. On or before December 24, 2012█████ eased using and decommissioned the Software Programs.

H. A dispute has arisen relating to the Software License. In particular, FICO contends that (1) the name change fro█ █████ ̲nstituted an assignment under the Software License, which required FICO's consent; (2) FICO did not consent to the assignment of the Software License t█ █████ alleged assignment of the Software License is a breach of the Software License, which breach has not been cured; (4) █████ ̲vas not licensed to use the Software Programs; and (5) FICO is entitled to damages, including additional license and technical support fees, for █████ of the Software Programs. █████ ̲denies FICO's claims. FICO's claims and █████ ̲denials are hereinafter referred to as the "Dispute."

I. █████ ̲nd FICO now wish to enter into this Agreement in order to resolve their Dispute.

In consideration for entering into this Agreement and in consideration for the promises and respective releases set forth below, █████ ̲nd FICO agree as follows:

### SETTLEMENT TERMS

1. <u>Cash Payment</u>. █████ ̲ereby agrees to pay FICO █████████████ █████████████████████ within thirty (30) days following the Effective Date of this Agreement. Payment shall be made by wire transfer according to the following instructions:

    Account Name:    Fair Isaac Corporation
    Account Number:  █████████

Confidential - Attorneys' Eyes Only    FICO0038509

Bank Name:
Bank Address:
94104
Routing Number:
Beneficiary Address:

2. <u>Termination of the Software License.</u> The Software License is hereby terminated and neither party has any further obligation to the other under the Software License, except for those obligations relating to the parties' confidential or proprietary information or intellectual property rights which by their terms survive termination of the Software License.

3. <u>Release of FICO.</u> ▮ or itself and its former and present successors, assigns, stockholders, officers, directors, parents, subsidiaries, and agents, hereby releases FICO and its predecessors, successors, assigns, stockholders, officers, directors, parents, subsidiaries, agents, insurers, and attorneys from any and all rights, claims, actions, and demands of every kind and nature, in law, equity, or otherwise, based on tort, contract, or any other legal theory, known or unknown, disclosed or undisclosed, suspected or unsuspected, fixed or contingent, whether reasonably discoverable or not, including, without limitation, any claims for damages, actual or consequential, past, present, or future, which arise out of or in any way relate to the Dispute or the Software License. It is the express intention of the parties that FICO have no further liability to ▮ relating to the Software License except as otherwise provided in this Agreement.

4. <u>Release</u> ▮ FICO, for itself and its former and present successors, assigns, stockholders, officers, directors, parents, subsidiaries, and agents, hereby releases ▮ nd its predecessors, successors, assigns, stockholders, officers, directors, parents, subsidiaries, agents, insurers, and attorneys from any and all rights, claims, actions, and demands of every kind and nature, in law, equity, or otherwise, based on tort, contract, or any other legal theory, known or unknown, disclosed or undisclosed, suspected or unsuspected, fixed or contingent, whether reasonably discoverable or not, including, without limitation, any claims for damages, actual or consequential, past, present, or future, which arise out of or in any way relate to the Dispute or

Confidential - Attorneys' Eyes Only

FICO0038510

the Software License. It is the express intention of the parties tha ▇▇▇ ave no further liability to FICO relating to the Software License except as otherwise provided in this Agreement.

5. <u>Waiver</u>. Each party voluntarily waives Section 1542 of the California Civil Code, or any similar provision of the statutory or non-statutory law of any other jurisdiction. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her must have materially affected his or her settlement with the debtor.

Each party has read and understands Section 1542 and has had the opportunity to consult with and be advised by counsel regarding its meaning and effect. Each party acknowledges that this Agreement has been negotiated and agreed upon with the knowledge that unknown or unsuspected claims may exist and that all such claims are waived by this provision.

6. <u>Representation and Covenant Not to Sue</u>. Each party hereby represents and agrees that it has not filed or pursued, and it will not file or pursue, any charges, suits, complaints, grievances, or other actions which assert, arise out of, or are in any way related to the claims released under this Agreement; provided, however, that this paragraph shall not apply to any action or claim to enforce the terms of this Agreement.

7. <u>Representation Regarding Return of Property</u>. ▇▇▇ ereby represents and warrants that it has returned to FICO, or permanently deleted or destroyed, all FICO materials and property that ▇▇▇ eceived or accessed under the Software License (including without limitation materials constituting or containing confidential and proprietary information or intellectual property), and that ▇▇▇ has not provided any such materials or property to any third party.

Confidential - Attorneys' Eyes Only                                                                                       FICO0038511

8. **No Admission of Liability.** This Agreement constitutes a compromise settlement of disputed claims and shall not be deemed or construed to be an admission of liability by either party at any time for any purpose.

9. **Confidentiality.** Each party agrees that the terms of this Agreement shall remain confidential and shall not be disclosed, directly or indirectly, by it for any reason at any time; provided, however, that a party may disclose, in confidence, on a need-to-know basis, the terms to its attorneys, accountants, financial institutions, directors, officers, employees, insurers, and as otherwise required by law.

10. **Inurement.** The Agreement shall inure to the benefit of and be binding upon the parties and their respective agents, officers, directors, trustees, attorneys, representatives, assigns, subsidiaries, parent companies, and predecessor or successor companies.

11. **Voluntary Settlement.** Each party represents that it has read and been advised by counsel regarding this Agreement, that it understands its provisions and legal effect, and that it is voluntarily entering into this Agreement. Each party acknowledges that this Agreement is a full, fair, and final settlement of all claims released under this Agreement. Each party further represents that, in executing this Agreement, it does not rely on any inducements, promises, or representations other than those expressly set forth in this Agreement.

12. **Construction.** Each party acknowledges that it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against either party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

13. **Severability.** If any part of this Agreement shall be determined to be illegal, invalid, or unenforceable, that part shall be severed from the Agreement and the remaining parts shall be valid and enforceable.

Confidential - Attorneys' Eyes Only                                                                                          FICO0038512

14. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall constitute a duplicate original.

15. <u>Authority to Execute Agreement</u>. The individuals signing this Agreement and the parties represent and warrant that they have full and complete authority and authorization to execute and effect this Agreement and to take or cause to be taken all acts contemplated by this Agreement.

16. <u>Warranty of Non-Assignment</u>. The parties each represent and warrant that they own and have not assigned, sold, transferred, or otherwise disposed of any claim or any interest in any claim against the other released in this Agreement.

17. <u>Governing Law</u>. This Agreement and all matters arising out of or relating to this Agreement shall be governed by, interpreted, and construed in accordance with the procedural and substantive laws of the State of California, and shall be deemed executed in Redwood City, California.

18. <u>Jurisdiction</u>. The parties agree that any legal action or proceeding relating to this Agreement shall be instituted in a state or federal court in San Francisco or Santa Clara County, California. The parties agree to submit to the exclusive jurisdiction of, and agree that venue is proper in, these courts in any such action or proceeding.

19. <u>Non-Disparagement</u>. Each party agrees that it shall refrain from making any negative statements (written or oral) to third parties about the other party relating to the subject matter of the Dispute.

20. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the parties and supersedes any and all prior or contemporaneous agreements or representations, written or oral, between the parties concerning the subject matter of this Agreement. This Agreement may not be modified or amended except in writing and signed by a duly authorized

Confidential - Attorneys' Eyes Only

FICO0038513

representative of each party; no other act, document, usage, or custom shall be deemed to amend or modify this Agreement.

21.     Effective Date. The Effective Date of this Agreement shall be the last date upon which it is signed by the Parties below.

**FAIR ISAAC CORPORATION**

By: _____

Name: ____Aaron Jaeger____

Title: ____Senior Director, Financial Planning & Analysis____

Date: ____3/28/13____

[Stamp: REVIEWED BY per T.Carretta FP FICO LEGAL]



Page 7 of 7

Confidential - Attorneys' Eyes Only                                              FICO0038514