# Exhibit 35
# (Unsealed)
# (Previously Filed Under Seal as Dkt. 415)

2018 WL 3814691 (Cal.Super.) (Trial Order)
Superior Court of California.
Los Angeles County

POSITRON SYSTEMS INC,
v.
WYLE LABORATORIES INC.

No. BC595462.
June 1, 2018.

**Trial Order**

Robyn Crowther, Arwen Johnson, plaintiff.

Vineet Bhatia, Amanda Bonn, defendant.

Rita Miller, Judge.

**\*1** DATE: 06/01/18

**DEPT.** 16

T. FREEMAN DEPUTY CLERK

MARY RICKEY, CSR # ELECTRONIC RECORDING MONITOR

GAIL PEEPLES, CSR #11458 (P.M.)

APPROVED PRO TEMPORE Reporter

**NATURE OF PROCEEDINGS:**

FINAL STATUS CONFERENCE



The Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

The final status conference is called for hearing.

Defendant Wyle's motion to exclude testimony on loss profits is argued and granted. If plaintiff Positron submits a declaration of Mr. Lanny showing facts that change this ruling the Court will consider it.

Defendant and cross-complainant Wyle Laboratories, Inc.'s motion to exclude the expert opinion of Neil Zoltowski is argued. The Court's ruling is that Zoltowski is excluded, but if plaintiff convinces the Court that Ditchey should not be excluded she will consider Zoltowski. Zoltowski may testify on his own opinion that plaintiff loss $188,000 in direct damages.



EXHIBIT 35

The Court has not ruled on the issue of Zoltowski's testimony on unjust enrichment.

The court rules that defendant Wyle's motion in limine no. 1 cannot be used as a motion for summary judgment.

The Court denies defendant Wyle's motion in limine no. 1 with respect to defendants' desire to preclude testimony of Thomas making a $500,000 investment.

With respect to defendant/cross-complainant Wyle's motion in limine no. 1 part 1, it is moot because it addresses something not being pursued.

With respect to defendant/cross-complainant Wyle's motion in limine no. 1 part 2, it is not speculative for plaintiff Positron to argue that it lost monies due to defendant/cross-complainant Wyle's interference with plaintiff Positrons relationship with the Airforce that prevented plaintiff from obtaining a contract under the CRP program for one million two hundred thousand dollars.

Defendant/cross-complainants motion in limine no. 1 section 2 is granted in part and denied in part only that plaintiff Positron can only seek that amount.

Defendant/cross-complainant Wyle's motion in limine no. 1 category 3 is granted as more fully detailed in the notes of the official court reporter and incorporated herein by reference.

The parties stipulate to the following:

Plaintiff's motion in limine no. 1 is resolved by stipulation and will be memorialized later.

Plaintiff's motion in limine no. 2 is withdrawn and the parties reserve the right to object during trial.

Plaintiff's motion in limine no. 3 is resolved by stipulation and will be memorialized later.

Defendant/cross-complainant's motion in limine no. 2 will be resolved by stipulation submitted to the court and by written instruction SBIR data rights.

Defendant/cross-complainant Wyle to exclude portions of J. Brown's testimony is stipulated to and will be memorialized later.

Defendant/cross-complainant Wyle to exclude the opinion of Jeffrey Cuskey will be resolved by stipulation and memorialized later.

Defendant/cross-complainant's motion in limine on Zoltowski is read into the record and will be memorialized later.

Defendant/cross-complainant's motion in to preclude argument that Wyle "smeared its reputation" is read into the record and will be memorialized later.

*2 A written stipulation re: motions in limine is signed and filed in open court.

The final status conference is continued to 6/4/2018, at 10:00 a.m. in Department 16.

End of Document     © 2019 Thomson Reuters. No claim to original U.S. Government Works.