# Exhibit 26
# (Redacted)
# (Previously Filed Under Seal as Dkt. 438)

CASE 0:16-cv-01054-DTS   Doc. 645-5   Filed 10/23/19   Page 2 of 4
30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
Fair Isaac Corporation vs. Federal Insurance Company, et al.

```
1          UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
2
     ------------------------------x
3    FAIR ISAAC CORPORATION,        :
                                    :
4                                   :
        Plaintiff                   : Court File No.
5                                   :
     v.                             : 16-cv-1054
6                                   : (WMW/DTS)
     FEDERAL INSURANCE COMPANY      :
7    an Indiana corporation, and    :
     ACE AMERICAN INSURANCE         :
8    COMPANY, a Pennsylvania        :
     corporation,                   :
9                                   :
        Defendants.                 :
10                                  :
     ------------------------------x
11

12       30(b)(6) Videotape Deposition of:

13       FAIR ISAAC CORPORATION (WILLIAM WAID)

14       Philadelphia, Pennsylvania

15       Tuesday, April 2, 2019

16       Scheduled for 9:00 A.M.

17

18

19       CONFIDENTIAL - ATTORNEYS' EYES ONLY

20

21                   * * *

22

23

24    Reported By:

25    Greg DiDonato, CSR#541, Pennsylvania Notary
```

**EXHIBIT 26**

CASE 0:16-cv-01054-DTS  Doc. 645-5  Filed 10/23/19  Page 3 of 4

30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
Fair Isaac Corporation vs. Federal Insurance Company, et al.

| | |
|---|---|
| 1  of that provision that if ESHC is, if they | 1  Q.  Well, it's a phrase in the FICO |
| 2  merge with another company, under that | 2  agreement; so, however you would define it. |
| 3  provision just merging with the other | 3  A.  Well, why would two entities |
| 4  company, do they have to obtain FICO's | 4  actually merge in the first place, if not to |
| 5  consent in your view? | 5  gain business synergies and the combined |
| 6      MS. KLIEBENSTEIN:  Objection; | 6  entity to grow beyond the sum of the parts. |
| 7  calls for speculation and a legal | 7  Q.  My question is a different one, |
| 8  conclusion. | 8  whether there is any other instance in which |
| 9      MR. FLEMING:  Go ahead. | 9  that was the subject of a dispute with the |
| 10 [redacted] | 10  licensee as to whether there was expanded use |
| 11 | 11  or whether they had to get consent for |
| 12 | 12  expanded use? |
| 13 | 13      MS. KLIEBENSTEIN:  Any other |
| 14 | 14  instance? |
| 15 | 15  A.  Yeah, I'm going to ask for a |
| 16 | 16  clarification. |
| 17 | 17  Q.  Other than with regard to Federal |
| 18 | 18  and FICO. |
| 19 | 19      MS. KLIEBENSTEIN:  I'm going to |
| 20 | 20  object as outside of the 30(b)(6) |
| 21 | 21  topic, and I'm going to -- |
| 22      MS. KLIEBENSTEIN:  Objection; | 22      MR. FLEMING:  It's clearly |
| 23  speculation, calls for a legal | 23  within 23, absolutely it's within 23. |
| 24  conclusion, outside of the scope of | 24      MS. KLIEBENSTEIN:  Well, it |
| 25  the 30(b)(6). | 25  mischaracterizes the precise nature of |
| Page 236 | Page 238 |
| 1      He's not here to testify on the | 1  this lawsuit and calls for speculation. |
| 2  meaning of contract terms. | 2      If you feel that you can answer |
| 3      If you have any -- | 3  it, I guess, go ahead. |
| 4      THE WITNESS:  I'm rereading it. | 4  A.  It's not about expanding use, it's |
| 5  I would rely on legal counsel for the | 5  about a merger event. |
| 6  viewpoint.  I would like to reread it. | 6  Q.  So, in response to my question, |
| 7      (Pause.) | 7  you can't recall any instance in which there |
| 8  A.  I would answer you this way.  This | 8  was a dispute about whether there was expanded |
| 9  cannot be actually interpreted without the | 9  use in connection with a merger or a change in |
| 10  full agreement.  There are other provisions | 10  control? |
| 11  that are not present in this addendum.  So, I | 11      MS. KLIEBENSTEIN:  Objection; |
| 12  couldn't even begin to.  But even if I were, | 12  mischaracterizes his previous testimony. |
| 13  in this case, I would seek counsel to actually | 13      MR. FLEMING:  It's a question, |
| 14  make sure of the wording before I acted on it. | 14  I'm not characterizing it in any way. |
| 15  Q.  So, is there any other instance | 15  A.  I don't understand the question. |
| 16  that you're aware of where there was an issue | 16  You're going to have to re-word it. |
| 17  about whether a licensee merged with another | 17  Q.  Has any licensee ever asked for |
| 18  company or there was a change in control, and | 18  FICO's consent because it anticipated expanded |
| 19  the issue was whether there was expanding use | 19  use under its software license agreement with |
| 20  following the merger? | 20  FICO? |
| 21  A.  I believe I actually testified to | 21  A.  That was asked and answered. |
| 22  this in my last deposition.  You asked me the | 22      Consent is an acquisition for a |
| 23  same question, and my response was at the | 23  merger event.  That's what they seek. |
| 24  time, what is expanded use, how do you define | 24  Q.  My question is different. |
| 25  that? | 25  A.  Well, I understand your question. |
| Page 237 | Page 239 |

CASE 0:16-cv-01054-DTS   Doc. 645-5   Filed 10/23/19   Page 4 of 4
30(b)(6) William Waid - CONFIDENTIAL - ATTORNEYS' EYES ONLY - 4/2/2019
Fair Isaac Corporation vs. Federal Insurance Company, et al.

1  Q. I'd like an answer to my question,
2  since you understand it.
3  A. **I answered your question. They**
4  **seek consent for a merger for acquisition**
5  **event.**
6  Q. And my question is different.
7  Has there ever been a time when a
8  licensee asked for consent because it
9  anticipated there would be expanded use?
10  MS. KLIEBENSTEIN: Within a
11  merger acquisition or similar event?
12  MR. FLEMING: Yes.
13  MS. KLIEBENSTEIN: Okay.
14  You can answer that.
15  A. **My answer stands that the merger**
16  **or acquisition event actually constituted the**
17  **trigger request itself. That is in itself an**
18  **expanded use. No one specifically asked for**
19  **expanded use, because it's a merger and**
20  **acquisition event that triggered it.**
21  Q. You would agree that there has
22  been no prior incidents where FICO has
23  specifically been requested by a licensee to
24  consent to its expanded use in connection with
25  a merger or acquisition?
Page 240

1  MS. KLIEBENSTEIN: Objection;
2  asked and answered.
3  MR. FLEMING: Well, he actually
4  refused to answer the question, and I
5  would like an answer to it.
6  (Pause.)
7  THE WITNESS: I just wanted to
8  confirm that one.
9  A. **No, I'm not aware.**
10  MR. FLEMING: I have no further
11  questions at this time. I'm not
12  closing the deposition.
13  I did not count the number of
14  times you directed Mr. Waid not to
15  answer, but I think it was somewhere
16  around 20 or 25 times.
17  So, we're going to seek a court
18  order compelling responses and the
19  appropriate relief connected with
20  that.
21  MS. KLIEBENSTEIN: But, to
22  confirm, no further questions, you're
23  not keeping the deposition open due to
24  the time?
25  MR. FLEMING: I am keeping it
Page 241

1  open because of your direction for him
2  not to answer which would have opened
3  up other areas of inquiry, as well.
4  MS. KLIEBENSTEIN: Understood.
5  We were just talking before that
6  you anticipated questions until six.
7  MR. FLEMING: I didn't anticipate
8  you were going to continue to direct
9  him not to answer.
10  MS. KLIEBENSTEIN: Okay.
11  THE VIDEOGRAPHER: This marks
12  the end of today's deposition of
13  William Waid.
14  This is tape number five of
15  five. We're going off the record at
16  5:23 p.m.
17  (Time on the record: 06:05:01.)
18  (Whereupon, at 5:23 p.m., the
19  30(b)(6) deposition of FICO by William
20  Waid was adjourned.)
21  THE REPORTER: Do you want the
22  witness to read and sign?
23  MS. KLIEBENSTEIN: Yes.
24  THE REPORTER: Do counsel want a
25  rough transcript?
Page 242

1  MR. FLEMING: No.
2  MS. KLIEBENSTEIN: We probably
3  do.
4  THE REPORTER: When do you want
5  the final delivery?
6  MR. FLEMING: We would like a
7  rough.
8  THE REPORTER: Do you want the
9  final regular or expedited?
10  MR. FLEMING: Yes. Monday is
11  fine.
12
13  * * *
Page 243