UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY a Pennsylvania corporation,<br><br>Defendants. | Case No. 16-cv-1054(WMW/DTS)<br><br>**Jury Trial Demanded** |

**PLAINTIFF FAIR ISAAC CORPORATION'S OBJECTION TO ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S JURY DEMAND ON DISGORGEMENT REMEDY**

1

## I. Introduction

The Magistrate erred in striking Plaintiff Fair Isaac Corporation's ("FICO") jury demand on the disgorgement remedy under the Copyright Act. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Cass Cty. Music v. C.H.L.R.*, 88 F.3d 635, 644 (8th Cir. 1996). The Magistrate's decision disregards this legal imperative.

For decades, copyright remedies under section 504—actual damages, disgorgement, and statutory damages—were determined by juries. In a footnote in *Petrella v. MGM*, 572 U.S. 663, 668 n.1 (2014), the Supreme Court—without analysis or guidance—held the disgorgement remedy "in this case" was equitable. *Petrella* addressed the overarching equitable issue of laches. *Id.* at 667-68. *Petrella* did not hold that disgorgement is always equitable, leaving that determination to a case-by-case examination. The case here does not present any overarching equitable issues.

The disgorgement remedy here is legal, a conclusion that is confirmed by an examination of the facts and circumstances of this case. The Magistrate failed to undertake that examination. While he reasoned that FICO's disgorgement remedy is not a proxy for damages, he makes no further examination of the case facts. Only the trial court is positioned to fully examine the Seventh Amendment issue against the facts of this case. The Magistrate's Order, holding FICO's disgorgement remedy is equitable before the facts of the case are presented, is erroneous.

2

## II.     Scope of Review

The Magistrate's Order should be reviewed de novo.  The Magistrate concluded he had authority to issue an order instead of a Report & Recommendation.  (Dkt. 588 at 6.)  These alternatives are inconsequential.  If the matter is dispositive and a Report & Recommendation was required, the decision is reviewed de novo.  *Granados v. Marques*, No. 19-cv-0837, 2019 U.S. Dist. LEXIS 145086, at *2 (D. Minn. Aug. 27, 2019); LR 72.2(b)(3).  If the matter is not dispositive, the order is reviewed for clear error to be set aside if contrary to law.  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017); LR 72.2(a)(3).  The question of whether the Seventh Amendment affords FICO a right to a jury trial on its disgorgement remedy is entirely legal, making review of the Magistrate's Order de novo.

## III.    Copyright disgorgement in this case is a legal remedy.

Profit disgorgement can have multiple rationales—i.e., compensation, punishment, deterrence, and unjust enrichment.  Here, the disgorgement remedy serves to punish and deter.  It is a legal remedy.

The Magistrate found without reference to any authority:

> Where disgorgement is merely a proxy for damages, it is legal in nature; where it is not, it is purely equitable.

(Dkt. 588 at 18.)  This conclusion is contrary to law.  Disgorgement is also a legal remedy when it serves to deter and punish wrongful conduct.  It is a legal remedy in this case.

### A. Copyright disgorgement is a deterrent.

In enacting section 504, Congress stated: "[P]rofits are awarded to *prevent* the infringer from unfairly benefiting from a wrongful act." H.R. Rep. No. 94-1476, at 161 (1976) (emphasis added). This legislative purpose guides the courts that have addressed copyright disgorgement: copyright disgorgement serves as a deterrent. *Craig v. UMG Recordings*, 380 F. Supp. 3d 324, 337 (S.D.N.Y. 2019); *Stehrenberger v. R.J. Reynolds Tobacco Holdings*, 335 F. Supp. 2d 466, 468 (S.D.N.Y. 2004). Remedies intended to deter wrongful conduct are legal. *Tull v. United States*, 481 U.S. 412, 422 (1987); *Black & Decker v. Positec USA*, 118 F. Supp. 3d 1056, 1062 n.9 (N.D. Ill. 2015) ("[P]rofits premised on damages or deterrence create a right to a jury…"); *J & J Sports Prods. v. Orellana*, No. 08-05468, 2010 U.S. Dist. LEXIS 45299, at *10-12 (N.D. Cal. Apr. 19, 2010). Contrary to the Magistrate's conclusion, FICO's disgorgement remedy is more than the divesture of ill-gotten gains. (Dkt. 588 at 19-20.) It is a deterrence against infringing copyrights.

Section 504(b) explicitly joins the remedies of actual damages and disgorgement in the same subsection. It is undisputed that actual damages are a legal remedy. Disgorgement, which serves the legal purpose of deterrence and can be a proxy for actual damages, is naturally part of the same subsection.

Section 504(b) explicitly states the factual findings necessary to award profits: 1) find the amount of infringer's gross revenue, 2) find the amount of deductible expenses to derive profit, and 3) find the portion of the profit that is attributable to infringement rather than other factors. In furtherance of the deterrent purpose of copyright disgorgement, the

4

defendant carries the burden to prove elements 2 and 3. *See* 17 U.S.C. § 504(b). If an infringer fails to meet its burden, plaintiff is entitled to all of the gross revenue. *Andreas v. Volkswagen of Am.*, 336 F.3d 789, 796 (8th Cir. 2003) (acknowledging standard); *Dayva Int'l v. Award Prods.*, No. 97-1397, 1998 U.S. App. LEXIS 4386, at *6 (Fed. Cir. Mar. 11, 1998).

### B. FICO's disgorgement remedy is more than deterrence; it is also punitive.

Section 504(b) presumes FICO is entitled to all gross revenue attributable to infringement, absent defendants' proof of deductible expenses attributable to the infringing revenue. *Andreas*, 336 F.3d at 796. Evidence of overhead expenses that are not matched to the infringing revenue do not meet the test. *Universal Furniture Int'l v. Collezione Europa, USA*, 599 F. Supp. 2d 648, 660-61 (M.D.N.C. 2009). The Defendants' proof here will not meet the test. Disgorgement in this case will be punitive: FICO will recover more than Defendants' ill-gotten gains. *Kokesh v. SEC*, 137 S. Ct. 1635, 1645 (2017) ("[M]aking the defendant liable in excess of net gains, results in a punitive sanction[.]"). Of course, the examination of this evidence (currently detailed in FICO's expert reports) awaits trial.

Defendants are also willful infringers, as FICO alleges in each of its Complaints. (Dkt. 132 ¶¶ 50, 57, 65-66). *Adventure Creative Grp. v. CVSL*, No. 16-cv-2532, 2019 U.S. Dist. LEXIS 155545, at *11 (D. Minn. Sep. 12, 2019) (treating willful and knowing infringement similarly). Where infringement is willful, the infringer is prohibited from deducting overhead expenses from the infringing revenue. *Saxon v. Blann*, 968 F.2d 676,

681 (8th Cir. 1992). Again, FICO's disgorgement remedy is punitive: FICO will recover more than Defendants' ill-gotten gains. *Kokesh*, 137 S. Ct. at 1645. The examination of these facts awaits trial.

Remedies that serve as punishment are legal in nature. *Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 352 (1998); *Curtis v. Loether*, 415 U.S. 189, 196 (1974); *Cass Cty.*, 88 F.3d at 643 ("Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity."). The punitive purpose of copyright disgorgement is advanced by divesting the willful infringer of more than its ill-gotten gains. FICO has a "right to a jury trial on the willfulness question." *See WBIP v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016).

Examined in light of the particular facts and circumstances of this case as *Petrella* requires, FICO's disgorgement remedy will be shown to serve the intended deterrent purpose of section 504(b). It will also penalize Defendants by divesting them of more than their ill-gotten gains, whether because they fail to meet their burden to prove deductible expense or because their infringement is willful, or both. The facts at trial will show the disgorgement remedy is legal.

The Magistrate noted, "FICO has not asserted that the recovery of profits is a form of punitive damages that would normally be considered a legal remedy." (Dkt. 588 at 19.) Punitive damages are not a remedy under the Copyright Act and are not pled. FICO does plead that the infringement of its copyrights is knowing, foreclosing any proof of deductible overhead expenses. The proof at trial (beyond the knowledge of the

Magistrate) will also show those expenses cannot be deducted for failure of proof. FICO's disgorgement remedy seeks punitive consequences from infringement in furtherance of the deterrent purpose the remedy is intended to serve. The disgorgement remedy here, like punitive damages generally, is a legal remedy.

### IV. Awarding copyright disgorgement does not require judicial discretion; the Magistrate erred comparing copyright disgorgement to other intellectual property remedies.

#### A. Section 504(b) does not require judicial discretion or weighing in finding disgorged profits.

The fact finder's disgorgement finding does not necessitate or permit judicial discretion. A court may not exercise discretion and deviate from the statute. *Blackman v. Hustler Magazine*, 800 F.2d 1160, 1163-65 (D.C. Cir. 1986) (vacating copyright disgorgement award where the district court strayed from the statutory procedure in an effort to "do justice and avoid what may be a windfall").

An award of disgorged profits in this case requires from the jury the same deliberations as an award of damages: to find the facts based on the evidence. The findings of Defendants' profits is "such a function and is easily performed by a jury in the ordinary copyright infringement case." *Cf. Cass Cty.*, 88 F.3d at 642. The Magistrate erred by ignoring the non-discretionary nature of the copyright disgorgement remedy mandated by the statute; there is nothing for equity to consider.

Defendants may contend that equitable discretion is appropriate for the apportionment of their profits that are not attributable to infringement. They may assert this contention because they have no evidence of the portion or percentage of profits attributable to other factors. A finding of apportionment cannot be made in the absence

7

of evidence, whether by the jury or the court.  Seeking an apportionment without evidence is seeking an outcome based only on speculation, which is prohibited. *Oracle Am. v. Google*, No. C 10-03561, 2016 U.S. Dist. LEXIS 58819, at *16 (N.D. Cal. May 3, 2016).

> **B.     Copyright disgorgement is most similar to disgorgement under the Patent Act—a legal remedy.**

The Magistrate failed to compare the copyright disgorgement remedy to the most analogous remedy.  As the Eighth Circuit noted in *Cass County*, copyright cases are most comparable to patent infringement actions (not trademark actions) because the infringement actions are functionally the same and copyright and patent actions stem from the same constitutional derivation.  *Cass Cty.*, 88 F.3d at 641-642; *see also* U.S. Const. art. 1, § 8, cl. 8.

Disgorgement of an infringer's profits is a remedy under 35 U.S.C. § 289 for infringing a design patent.  (The defendant "shall be liable to the owner to the extent of his total profit.")  Like section 504(b) of the Copyright Act, the award of profits under section 289 does not require an exercise of judicial discretion. The disgorgement remedy under section 289 for infringing a design patent is a jury question.  *Ross v. Plastic Playthings, Inc.*, 138 F. Supp. 887, 888–89 (S.D.N.Y. 1956) (denying motion to strike jury demand and holding that complaint seeking profits for design patent infringement under 35 U.S.C. § 289 was triable to jury as a matter of right); *see also Columbia Sportswear N. Am. v. Seirus Innovative Accessories*, No. 3:17-CV-01781-HZ, 2018 U.S. Dist. LEXIS 64692, at *2-4 (S.D. Cal. Apr. 17, 2018) (upholding jury's award for profits

under § 289); *cf. Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1315 n.3 (Fed. Cir. 2013) (quoting *Kennedy v. Lakso Co.*, 414 F.2d 1249, 1253 (3d Cir. 1969)) ("[I]t has always been recognized that there may be a suit for accounting at law…").[1] Disgorgement under the Copyright Act is also a jury question in this case.

### C. The Magistrate's reliance on other intellectual property remedies offers no support for his erroneous findings.

The Magistrate erred by likening FICO's disgorgement remedy to remedies available under other intellectual property statutory provisions. (Dkt. 588 at 14.) The Court's citations are inapposite. (Dkt. 345 at 15-18.) The statutory language of the disgorgement remedy in the Lanham Act is unequivocally equitable. While the Copyright Act has equitable remedies in other portions of the Act (e.g. § 502 (impounding: "on such terms as [the court] may deem reasonable"); § 503 (injunction: "on such grounds as [the court] may deem reasonable")), the Act did not adopt such discretionary language in section 504(b).

The statutory language of the Copyright Act differs significantly from the statutory language of the Lanham Act. (*See* Dkt. 345 at 16.) By its plain language, disgorgement under the Lanham Act is subject to principles of equity and the court's discretion. 15 U.S.C. § 1117(a) ("[S]ubject to the principles of equity….The court shall assess such profits….[T]he court may in its discretion…."). Not so under the Copyright Act. Courts considering motions to strike the jury demand for a copyright disgorgement

---

[1] *Robert Bosch* further acknowledged that an accounting may be equitable where the finding is particularly complicated. 719 F.3d at 1315 n.3. The factual findings under § 504(b) are straightforward and not complicated.

9

remedy distinguish the Copyright Act from the Lanham Act.  *Phx. Techs.*, No. 15-cv-01414-HSG, 2017 U.S. Dist. LEXIS 72355, at *21-22; *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS(PJWx), 2015 U.S. Dist. LEXIS 139298, at *3 (C.D. Cal. Oct. 9, 2015).

The Magistrate's reliance on trade secret law and *Texas Advanced*, 895 F.3d at 1325-26 (Dkt. 588 at 14), is unavailing.  The Defend Trade Secrets Act includes as damages an "unjust enrichment" remedy.  18 U.S.C. § 1836(b)(3)(B)(i)(II).  *Texas Advanced* acknowledges Supreme Court precedent that the remedy can be equitable or legal, but concluded the remedy was equitable "in this case."  895 F.3d at 1322, 1325.  The factual analysis of *Texas Advanced* is unique to that case based on a post-verdict, fully formed record.  *Texas Advanced* does not hold that disgorgement for trade secret misappropriation is ***always*** equitable.  The Federal Circuit reviewed the factual analysis of Texas Advanced's disgorgement claim and concluded it was equitable.  The Magistrate failed to conduct such analysis here.

### V. The Magistrate improperly rejected precedent establishing a right to a jury trial under the Seventh Amendment.

The Magistrate determined that the Seventh Amendment issue in this case is a matter of first impression in this Circuit (Dkt 588 at 2) and undertook an analysis from scratch.  This is improper.  The fact the jury trial issue has not arisen in the precise context of FICO's copyright disgorgement remedy is not cause to disregard the guidance from other courts.  *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 689 (1999) (In conducting Seventh Amendment analysis, "[w]here history does not provide a clear answer, the Court looks to precedent and functional considerations.");

*Knowlton v. Anheuser-Busch Cos. Pension Plan*, 849 F.3d 422, 430 (8th Cir. 2017) (quoting *Aldens, Inc. v. Miller*, 610 F.2d 538 (8th Cir. 1979)) ("[W]e adhere to the policy that a sister circuit's reasoned decision deserves great weight and precedential value….we strive to maintain uniformity in the law…."). The Magistrate's Order creates contrary precedent, not uniformity.

      A.    **The Supreme Court and Eighth Circuit have held Seventh Amendment rights to jury trials exist for copyright remedies; the Magistrate ignores the reasoning of these decisions.**

There is no dispute that copyright claims are tried to the jury. (Dkt. 588 at 11.) Both the Supreme Court and Eighth Circuit have explicitly held the Seventh Amendment entitles a copyright owner to a jury trial. *Feltner*, 523 U.S. at 342 ("We hold that although the statute is silent on the point, the Seventh Amendment provides a right to a jury trial, which includes a right to a jury determination of the amount of statutory damages."); *Cass Cty.*, 88 F.3d at 644 ("We hold that either party in a copyright infringement suit is entitled under the Seventh Amendment to a jury trial on demand."). *Petrella* does not disturb this legal certainty. *Petrella* rules that disgorgement is not legal in every case; and rules that disgorgement is not equitable in every case.

*Feltner* and *Cass County* hold a Seventh Amendment jury right exists for statutory damages. Analogously, a Seventh Amendment jury right exists for FICO's disgorgement remedy, also part of section 504. *Feltner* and *Cass County* held the Seventh Amendment granted the right to jury trial for statutory damages because that remedy serves a punitive purpose, which further deters infringement. *Feltner*, 523 U.S. at 352; *Cass Cty.*, 88 F.3d at 643; H.R. Rep. No. 94-1476, at 161. The disgorgement remedy of section 504 serves

11

that same deterrent purpose. *Craig*, 380 F. Supp. 3d at 337; *Stehrenberger*, 335 F. Supp. 2d at 468. The Magistrate improperly rejected this analogous reasoning from the Supreme Court and Eighth Circuit. (Dkt. 588 at 20-21.)

In *Feltner*, the Supreme Court characterized **both** actual damages and profits as "generally thought to constitute legal relief." 523 U.S. at 346. *Feltner*'s statutory analysis of copyright remedies concludes that neither actual damages nor profits under § 504(b) need to be determined by the court in contrast to injunctions (§ 502), impoundment (§ 503), and costs and attorneys' fees (§ 505), which are for the court only. *Id.* The authoritative reasoning of *Feltner* should not be so easily dismissed.

*Cass County* emphasized the importance of maintaining the jury as the fact-finding body. 88 F.3d at 644. *Cass County* further held statutory damages were legal in nature because they were "easily performed by a jury in the ordinary copyright infringement case." *Id.* at 642. The same will be true for the jury in this case; findings of fact will be made based on the trial evidence. Both statutory damages and disgorgement require finding the facts under the evidence—no discretion or judicial weighing is required. As cautioned in *Cass County*, striking FICO's jury demand should only occur when scrutiny has been applied with the utmost care. The Magistrate's analysis failed this directive.

**B.      The Magistrate improperly dismissed *Swofford* and *Sid & Marty Krofft*.**

*Sid & Marty Krofft TV Prods. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977), expressly holds there is a Seventh Amendment right to a jury trial for recovery of profits in a copyright case. (Dkt. 345 at 6.) The Magistrate dismissed *Sid & Marty Krofft*

12

and the decision it was based on, *Swofford v. B & W*, 336 F.2d 406 (5th Cir. 1964), contending they were both wrongly decided in view of *Root v. Lake Shore & M.S. Rwy. Co.*, 105 U.S. 189 (1881). (Dkt. 588 at 16.)

The Magistrate overstates the significance of *Root*. *Root* was decided in 1881, before Congress enacted the statutory disgorgement remedy. *See* 1909 Copyright Act. *Sid & Marty Krofft* does not rely on *Root*. *Swofford*, upon which *Sid & Marty Krofft* did rely, correctly (and only) relied on *Root*'s holding that a disgorgement remedy could not alone establish jurisdiction in a court of equity. 336 F.2d 406, 411. *Sid & Marty Krofft* fully supports FICO's disgorgement remedy as a legal remedy.

## VI. Post-*Petrella*, no court has found the disgorgement remedy is equitable based on the facts of the case.

Prior to the Supreme Court's *Petrella* decision, courts routinely tried disgorgement remedies to juries without question. (*See* Dkt. 345 at 11-12 (collecting cases).) *Petrella* does not foreclose trying the disgorgement remedy to the jury in all cases. 572 U.S. at 668 n.1. Post-*Petrella*, courts now face the question whether the disgorgement remedy in the particular case is legal or equitable. (Dkt. 345 at 14-15.)

Post-*Petrella*, no court has found the disgorgement remedy to be equitable based on a particularized analysis of case-specific facts. (Dkt. 345 at 14-15 (citing *Phx. Techs.*, 2017 U.S. Dist. LEXIS 72355, at *21-22 (rejecting argument copyright infringer's profits were equitable and submitting disgorgement remedy to jury); *Oracle Am. v. Google*, No. 10-3561, Dkt. 1789 (N.D. Cal. May 3, 2016) (submitting disgorgement remedy to jury with *Petrella* determination post-verdict); *Cisco Systems. v. Arista Networks*, No. 14-cv-

5344, Dkt. 661 at 12-13 n.2 (N.D. Cal. Nov. 16, 2016) (same)).) The Magistrate should have followed this precedent.

*Fahmy v. Jay-Z* is the lone post-*Petrella* case treating the disgorgement remedy as equitable—but not on the facts of the case. 2015 U.S. Dist. LEXIS 139298. *Jay-Z* is a two-page decision. The *Jay-Z* court acknowledges the ambiguity in the law, and that *Petrella* requires case-specific analysis. *Id.* at *1, 3. The Court, without making that analysis, simply presumed profits are equitable and submitted the matter to the jury for an advisory opinion. *Id.* at *4. This decision ignores *Petrella's* guidance to make a case specific analysis, and is in stark contrast to the other decisions. It is not persuasive.

## VII. Conclusion

The Magistrate erred in striking FICO's disgorgement jury demand. The Magistrate's conclusion that because FICO's disgorgement remedy is not a proxy for damages the disgorgement remedy is inherently equitable is wrong. The deterrent and punitive nature of FICO's disgorgement remedy render it legal in nature. The Magistrate did not consider this. Only the trial judge, after hearing all of the evidence, is in a position to make the *Petrella* required examination. The Magistrate relied on inapposite trademark and trade secret case law instead of relying on copyright-related decisions upholding the Seventh Amendment's right to trial by jury. The Magistrate's Order should be vacated.

Dated: October 23, 2019

        MERCHANT & GOULD P.C.

        /s/ Heather J. Kliebenstein
        Allen Hinderaker, MN Bar # 45787
        Heather Kliebenstein, MN Bar # 337419
        Michael A. Erbele, MN Bar # 393635
        Joseph W. Dubis, MN Bar # 398344
        MERCHANT & GOULD P.C.
        150 South Fifth Street
        Suite 2200
        Minneapolis, MN  55402-2215
        Tel:  (612) 332-5300
        Fax:  (612) 332-9081
        ahinderaker@merchantgould.com
        hkliebenstein@merchantgould.com
        merbele@merchantgould.com
        jdubis@merchantgould.com

        Attorneys for Plaintiff FICO