

November 8, 2019

The Honorable Wilhelmina M. Wright
United States District Court
334 Federal Building
316 N. Robert Street
Saint Paul, Minnesota 55101

Re:     *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
        No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)

Dear Judge Wright:

I am writing on behalf of Federal Insurance Company and ACE American Insurance Company
("Federal") in response to Fair Isaac Corporation's ("FICO") November 5, 2019 letter requesting
permission to submit supplemental briefing related to a 2018 Supreme Court decision—
*WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129 (2018).  The request should be
denied.

FICO's letter is, in substance, a motion for leave to supplement its briefing in opposition to
Federal's motion for summary judgment.  Federal's motion for summary judgment was filed on
July 25, 2019, FICO's opposition was filed August 26, 2019, and Federal's reply was filed on
September 9, 2019.   *See* Dkt. 445, 499 & 567.   Under Local Rule 7.1(g), "[e]xcept with
permission of the Court, no memoranda of law will be allowed except as provided in [the Court's
local] rules."  D. Minn. LR 7.1(g).  In the District of Minnesota, no local rule permits a party to
file a supplemental brief without first getting the Court's permission.  *Hartford Fire Ins. Co. v.
Clark*, No. 03–CV–3190, 2010 WL 428803, at *1 (D. Minn. Jan. 29, 2010).  In addition, requests
for additional briefing space "must be made well in advance of the briefing deadline by filing on
ECF a letter that concisely sets forth the basis for the request."   Practice Pointers and
Preferences, at 2.

FICO's unexcused delay in requesting supplemental briefing warrants denial of the request.
FICO's opposition to Federal's motion for summary judgment was filed on August 26, 2019.
FICO waited over two months to request supplemental briefing on this issue.  FICO does not
have good cause for its untimely submission which violates the Local Rules and Practice
Pointers outlined above.   In addition, the Supreme Court case FICO seeks to rely on—
*WesternGeco*—was decided in June 2018, over a year before FICO's opposition was due.  The
case is not new authority; it was readily available to FICO when it prepared it opposition
memorandum.  *See Hartford* Fire, 2010 WL 428803 at *2 (denying motion for supplemental

The Honorable Wilhelmina M. Wright
November 8, 2019
Page 2

briefing where authority party sought to rely upon was readily available to party at time it filed its opposition and party, therefore, had "no plausible excuse for failing to adequately brief the issue").

Finally, the case FICO relies upon does not warrant supplemental briefing because its holding does not affect the issues in this case. *WesternGeco* concerned the scope and application of Sections 271(f)(2) and 284 of the Patent Act; the case does not concern the Predicate Act Doctrine. Indeed, the case does not contain any mention of the Predicate Act Doctrine. The other cases FICO cites in its letter related to the Predicate Act Doctrine—*Sheldon*, *Los Angeles News Serv.* and *Tire Eng'g & Distribution LLC*—were already relied upon by FICO in its opposition brief. *See* Dkt. 499 at 43-45. As Federal noted in its reply brief, the Eighth Circuit has never recognized the Predicate Act Doctrine and, here, the "predicate acts" relied upon in FICO's briefs occurred outside the Copyright Act's three-year statute of limitations. *See* Dkt. 567 at 2-3. *WesternGeco* does not change that fact.

The issue FICO seeks to supplement was fully briefed roughly two months ago. The authority FICO now seeks to rely upon was readily available to FICO at the time of briefing and is, in any event, irrelevant to the issue. FICO's untimely request for supplemental briefing should be denied.

Sincerely,

FREDRIKSON & BYRON, P.A.

s/ Terrence J. Fleming

Terrence J. Fleming
**Direct Dial:** 612.492.7496
**Email:** tfleming@fredlaw.com