# Exhibit 13
# (Previously Filed Under Seal as Dkt. 317-3)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation, and ACE<br>AMERICAN INSURANCE COMPANY, a<br>Pennsylvania corporation,<br><br>Defendants. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>**DEFENDANTS' SUPPLEMENTAL<br>RESPONSES TO PLAINTIFF'S<br>FOURTH SET OF REQUESTS FOR<br>PRODUCTION OF DOCUMENTS** |

To:  Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, and Michael A. Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendants Federal Insurance Company ("Federal") and Ace American Insurance Company ("ACE") (collectively, "Defendants"), for their Supplemental Responses to Plaintiff's Fourth Set of Requests for Production of Documents, state and allege as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.  Defendants object to the Definitions and Instructions to the extent that they seek to impose obligations on Defendants that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

**EXHIBIT 13**

2.	Defendants object to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3.	Defendants' responses and objections are made to the best of Defendants' present knowledge, information, and belief. Defendants' responses and objections are limited to information within its possession, custody, or control. Defendants reserve the right to amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4.	Defendants give these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## SUPPLEMENTAL RESPONSES TO FOURTH SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 79:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, in the United States in connection with which Blaze Advisor® software was used for the periods (a) calendar year 2015 and (b) January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks the name of every insurance company that issued every policy or renewal by quarter since January 2016. Subject to and without waving these objections, or the general objections above, Defendants direct Plaintiff to Federal Insurance Company's Supplemental Answers to Interrogatory Nos. 16 and 17 served on February 28, 2019 and March 2, 2019. Discovery is continuing.

**REQUEST NO. 80:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, in Canada in connection with which Blaze Advisor® software was used for the periods (a) calendar year 2015 and (b) January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants direct Plaintiff to Federal Insurance Company's Fourth Supplemental Answer to Plaintiff's Interrogatory No. 19 served on February 28, 2019 and March 2, 2019. Discovery is continuing.

**REQUEST NO. 81:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, in the United Kingdom and Europe in connection with which Blaze Advisor® software was used for the periods (a) calendar year 2015 and (b) January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants direct Plaintiff to Federal Insurance Company's Fifth Supplemental Answer to Plaintiff's Interrogatory Nos. 18 and 20 served on February 28, 2019. Discovery is continuing.

**REQUEST NO. 82:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, in Australia in connection with which Blaze Advisor® software was used for the periods (a) calendar year 2015 and (b) January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants direct Plaintiff to

Federal Insurance Company's Fourth Supplemental Answer to Plaintiff's Interrogatory No. 20 served on February 28, 2019. Discovery is continuing.

**REQUEST NO. 83:** Documents sufficient to identify (a) each legacy ACE American insurance policy product supported by an application or applications using Blaze Advisor® software, and (b) each legacy ACE American insurance policy product planned to be supported by an application or applications using Blaze Advisor® software.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as vague and ambiguous because it is unclear what is meant by "supported by" and ""planned to be supported by." Defendants further object to this request as seeking documents that are not relevant to any party's claims or defenses in this action.

**REQUEST NO. 84:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, by legacy ACE American brokers and agents in the United States in connection with which Blaze Advisor® software was used for the period January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks the name of every insurance company that issued every policy or renewal by quarter since January 2016. Subject to and without waving these objections, or the general objections above, Defendants direct Plaintiff to Federal Insurance Company's Supplemental Answers to Interrogatory Nos. 16 and 17 served on February 28, 2019 and March 2, 2019. Discovery is continuing.

**REQUEST NO. 85:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, by legacy ACE American brokers and agents in Canada in connection with which Blaze Advisor® software was used for the period January 16, 2016, to date, by quarter.

4

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants state that there are no policies issued or renewed by ACE American brokers and agents in Canada that flowed through the Evolution application that used the Blaze Advisor® software for the period January 16, 2016 to date.

**REQUEST NO. 86:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, by legacy ACE American brokers and agents in the United Kingdom and Europe in connection with which Blaze Advisor® software was used for the period January 16, 2016, to date, by quarter.

**SUPPLEMETNAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants state that there are no policies issued or renewed by ACE American brokers and agents in the United Kingdom that flowed through the EZER or Adapt applications that used the Blaze Advisor® software for the period January 16, 2016 to date.

**REQUEST NO. 87:** Documents sufficient to show the total number of insurance policies sold or renewed, specifically identifying the insurance company that issued each policy or renewal, by legacy ACE American brokers and agents in Australia in connection with which Blaze Advisor® software was used for the period January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants state that there are no policies issued or renewed by ACE American brokers and agents in Australia that

5

flowed through the Adapt application that used the Blaze Advisor® software for the period January 16, 2016 to date.

**REQUEST NO. 88:** Documents sufficient to show the total number of insurance policies sold or renewed by legacy Chubb brokers and agents that issued from an insurance company formerly directly or indirectly owned by ACE Limited in connection with which Blaze Advisor® software was used for the period January 16, 2016, to date, by quarter.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome to the extent it seeks information "by quarter." Subject to and without waving this objection, or the general objections above, Defendants direct Plaintiff to Federal Insurance Company's Supplemental Answers to Interrogatory Nos. 16-20 served on February 28, 2019 and March 2, 2019. Discovery is continuing.

**REQUEST NO. 89:** Specific to each application that uses or used Blaze Advisor® software, documents sufficient to show (a) the number of business rules in each application; (b) the type of business rules in each application, including, without limitation, underwriting, pricing, claims, renewal processing, and workflow, and (c) the number of daily and monthly batch and real-time business rule transactions for each application.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as unduly burdensome and not proportional to the needs of the case. Subject to and without waving these objections, or the general objections above, Defendants direct Plaintiff to the documents produced on March 4, 2019.

**REQUEST NO. 90:** Specific to each application that uses or used Blaze Advisor® software, all documents relating to the business rules of each application.

**SUPPLEMENTAL RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" documents and is unlimited in time. Subject to and without waving these

6

objections, or the general objections above, Defendants direct Plaintiff to the documents produced on March 4, 2019.

Dated: March 4, 2019

/s/ Christopher D. Pham
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Phone: (612) 492-7000
(612) 492-7077 (fax)

*Attorneys for Defendants*