UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER** |
| Federal Insurance Company and ACE American Insurance Company, | |
| Defendants. | |

Plaintiff Fair Isaac Corporation (FICO) appeals the August 26, 2019 Order of United States Magistrate Judge David T. Schultz, (Dkt. 501), granting, subject to certain conditions, the joint motion of Defendants Federal Insurance Company (Federal) and ACE American Insurance Company (ACE) for leave to file a joint amended answer. For the reasons addressed below, the Court affirms the August 26, 2019 Order.

## BACKGROUND

FICO, which owns the copyright in the Blaze Advisor® software program, licensed the use of the software to an unincorporated division of Federal. FICO terminated the parties' license agreement in 2016, but Federal allegedly continued to use the software. FICO subsequently initiated this lawsuit for breach of contract and copyright infringement, seeking actual damages and disgorgement of Federal's profits attributable to the alleged infringement.

As relevant here, Federal and ACE jointly moved for leave to file a joint amended answer to assert a statute-of-limitations affirmative defense. On August 26, 2019, the

magistrate judge granted the joint motion. The magistrate judge found that both Federal and ACE had satisfied the requirements of Federal Rules of Civil Procedure 15 and 16 for amendment and ordered Federal and ACE to produce additional discovery and provide additional deposition testimony related to the new statute-of-limitations defense. FICO appeals the August 26 Order, arguing that the magistrate judge erred by misapplying the legal standard for good cause under Rule 16, Fed. R. Civ. P., and failing to conduct a futility assessment under Rule 15, Fed. R. Civ. P. Federal and ACE timely responded, asserting that the magistrate judge's ruling was not clearly erroneous and that this Court should affirm.

## ANALYSIS

The standard of review that applies to a magistrate judge's ruling on a nondispositive issue is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Such a ruling will be modified or set aside only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A ruling is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). When a court "fails to apply or misapplies relevant statutes, case law or rules of procedure," its decision is contrary to law. *Id.* (internal quotation marks omitted).

### I. Good Cause

The magistrate judge determined that Federal and ACE satisfied the requirements of Federal Rules of Civil Procedure 15 and 16 and granted their joint motion for leave to file an amended answer. Rule 15 "requires the court to 'freely give leave' to amend 'when justice so requires.' " *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019) (alteration in original) (quoting Fed. R. Civ. P. 15(a)(2)). "But when a Rule 15 motion is brought after the court-ordered deadline, the court must conduct a 'good cause' analysis under Rule 16 to determine if amendment of the scheduling order is appropriate." *Id.* "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Id.* at 613–14 (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). After determining that the movant was diligent, the court ordinarily considers any possible prejudice to the non-moving party. *See id.* at 614.

FICO argues that the joint motion for leave to file a joint amended answer should be denied because Defendants' failure to appreciate the materiality of facts known since the inception of the case cannot constitute good cause. But the magistrate judge assessed the central consideration in determining good cause—the movant's diligence—and determined that neither Federal nor ACE failed to exercise due diligence. The amendment is warranted, the magistrate judge reasoned, because FICO's initial complaint was ambiguous. As such, Federal and ACE misunderstood FICO's claims and only later appreciated the need to plead a statute-of-limitations defense as a reasonable interpretation of the complaint. The magistrate judge also determined that, when they

realized their mistake, Federal and ACE diligently moved for leave to amend their joint answer to FICO's complaint.

FICO correctly argues that ordinarily "[a] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to [the party] earlier in the litigation." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (internal quotation marks omitted). But in those cases that have applied that general rule, the movants usually have offered no justification for their "extreme dereliction" of the courts' scheduling orders. *See Shank*, 329 F.R.D. at 614–15. Here, as in *Shank*, both Federal and ACE explained their failure to plead the statute-of-limitations affirmative defense, and the magistrate judge found the explanation to be both reasonable and persuasive. *See id*. As there is no clear error in the magistrate judge's decision, the Court affirms the magistrate judge's Rule 16 analysis.

## II. Futility

The inquiry as to good cause, Rule 16, is distinct from the inquiry as to futility, Rule 15. "If the court finds good cause under Rule 16, then the court proceeds to the Rule 15 inquiry." *Shank*, 329 F.R.D. at 614. When the court's analysis proceeds to the Rule 15 inquiry, then "[a] motion to amend *may* be denied for compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id*. at 613 (emphasis added) (internal quotation marks omitted). However, "a motion to amend should be denied on the merits only if it asserts clearly

4

frivolous claims or defenses." *Becker v. Univ. of Neb., at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (internal quotation marks omitted).

FICO argues that the magistrate judge failed to consider a required factor—futility—when ruling on Defendants' joint motion to amend. FICO is mistaken. At the August 22, 2019 hearing, the magistrate judge commented that the "statute of limitations [issue] is so interwoven with the merits" in this case that denying Federal's and ACE's motion on futility grounds would be a merits determination. Subsequently, at the August 26, 2019 hearing, the magistrate judge observed the preference of the United States Court of Appeals for the Eighth Circuit to decide cases on the merits. While the magistrate judge did not use the term "futility" in its oral ruling during the August 26, 2019 hearing, it is clear that the magistrate judge rejected any notion that the statute-of-limitations defense is clearly frivolous. The Court, therefore, identifies nothing in the magistrate judge's futility determination that is either clearly erroneous or contrary to law.

In sum, there is no basis to modify or set aside the August 26, 2019 Order. The magistrate judge's ruling granting the joint motion of Federal and ACE for leave to file a joint amended answer is neither clearly erroneous nor contrary to law. Accordingly, the Court affirms the August 26, 2019 Order.

# ORDER

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the August 26, 2019 Order, (Dkt. 501), is **AFFIRMED**.

Dated: December 10, 2019

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge