

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

February 19, 2020                                                                                          **VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.,*
      **No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

We write to seek your assistance in scheduling the depositions ordered by the Court in connection with FICO's Motion to Strike sixteen (16) witnesses from Federal's Second Amended Initial Disclosures. (Dkt. No. 288.) These sixteen (16) witnesses were added to the disclosure list hours before discovery closed in this case on March 22, 2019. (Exhibit A.) Regarding these witnesses, the Court ordered on May 8, 2019:

- Plaintiff may depose any or all of the sixteen (16) newly disclosed witnesses at its convenience between now and trial;
- All depositions shall take place in Minneapolis;
- Attorney's fees for depositions: Defendants shall pay Plaintiff's reasonable attorney's fees for 50% of the time spent in the deposition of any of the 16 witnesses they depose.

Honorable David T. Schultz
February 19, 2020
Page **2** of **6**

(Dkt. No. 288.)  With this letter, FICO requests the Court's assistance to prompt Federal to either immediately provide dates for depositions of the following witnesses to occur before **April 30, 2020** or commit the witnesses will not appear at trial.

- Nancy Verduin
- Chase McCarthy
- Stuart Fisher
- Ewen Setti
- Helen Mencke
- Alyssa Theberge
- Ellen Garnes
- Andrea Phillips
- Paul Johnston
- Runesh Roy
- Mike Hutchinson

Judge Wright held a hearing on the parties' respective motions for summary judgment and *Daubert* motions on December 18, 2019.  Shortly after that hearing, FICO began preparing its case for trial.  As part of its trial preparation, FICO determined it needed to depose certain of the sixteen (16) late disclosed witnesses.  To begin the process, FICO noticed depositions for the following witnesses on January 6, 2020:

- Nancy Verduin: January 22
- Chase McCarthy: January 23
- Stuart Fisher: January 28
- Mike Schraer: January 30
- Ewen Setti: February 4
- Claudio Ghislanzoni: February 6

(Exhibit B.)  This group of witnesses will be referred to as "Group 1."  FICO chose to request depositions of Group 1 first, as opposed to all sixteen (16) witnesses at one time, in order to examine them and then determine whether its trial preparation was sufficiently complete without the need to depose the remaining ten (10) late disclosed witnesses.

After multiple follow-ups from FICO's counsel to confirm the schedule, Federal's counsel responded on January 24 without dates:

Honorable David T. Schultz
February 19, 2020
Page **3** of **6**

> *We are working on obtaining the available dates for Claudio Ghislanzoni, Mike Schraer, and Ewen Setti. At this time, we do not anticipate calling Stuart Fisher or Chase McCarthy as trial witnesses, and therefore, will not be seeking their availability for deposition. Finally, we will respond with respect to the Nancy Verduin deposition in the near future.*

(Exhibit C.) On January 27, FICO's counsel requested confirmation that Federal would not bring Mr. McCarthy and Mr. Fisher to trial:

> *Please confirm that Stuart Fisher and Chase McCarthy are stricken from Federal's Second Supplemental Initial Disclosures and will not be brought to trial as witnesses. The use of the ambiguous phrase "we do not anticipate calling…." does not provide clarity on whether Mr. McCarthy will appear at trial or not. If Federal cannot make this commitment now, we maintain our request for depositions.*

(Exhibit D.) Federal never responded to this request.

It became apparent Federal did not intend to provide any dates or commitments to FICO unless forced to do so. Given the difficulty in receiving dates from Federal for Group 1, FICO determined its next best course of action was to request depositions of a second group of late-disclosed witnesses. On January 27, FICO requested dates for the following witnesses, referred to hereinafter as Group 2:

- Helen Mencke
- Alyssa Theberge
- Ellen Garnes

(*Id.*) FICO's counsel followed up with Federal to receive deposition dates on January 31, February 3 and February 4. After a week of no response from Federal, on February 4, FICO requested dates for the following remaining witnesses, referred to hereinafter as Group 3:

- Andrea Phillips
- Paul Johnston
- Runesh Roy
- Mike Hutchinson

Honorable David T. Schultz
February 19, 2020
Page **4** of **6**

(Exhibit E.)

Today, seven (7) weeks after FICO issued notices to depose Group 1, Federal has only offered dates for three (3) witnesses: Mr. Schraer (February 26) and Mr. Ghislanzoni (March 12) and Ms. Theberge (March 25). The depositions of Mr. Schraer and Mr. Ghislanzoni are scheduled. FICO's counsel (Mr. Hinderaker and Ms. Kliebenstein) are unavailable on March 23 to depose Ms. Theberge; FICO has asked for a second date for Ms. Theberge.

The parties held a meet and confer regarding scheduling witnesses on Wednesday, February 12. During that call, FICO's counsel requested Federal promptly provide FICO with deposition dates to occur within the next two months. Counsel for Federal did not provide additional dates at that time. Instead, Federal stated that for five (5) of the witnesses, Federal was contemplating bringing them to trial for "foundational purposes." Federal's counsel confirmed its position in an email, stating:

> *Confirming the discussion we had this afternoon, Defendants intend to call Stuart Fisher, Mike Hutchinson, Paul Johnston, Andrea Phillips, and Runesh Roy as trial witnesses for foundation purposes limited to the following topics:*
>
> > *Stuart Fisher (Australia gross written premiums);*
> > *Mike Hutchinson (Europe gross written premiums);*
> > *Paul Johnston (Europe financial information);*
> > *Andrea Phillips (Canada financial information); and*
> > *Runesh Roy (Australia financial information).*
>
> *Given the limited scope of their testimony, we are requesting that these depositions be held by videotape depositions in the city where they reside.*

(Exhibit F.)

In this email Federal backtracked from its January 24 email stating it did not anticipate bringing Mr. Fisher to trial. The subjects disclosed for these five witnesses differs from the subjects identified in Federal's Second Amended Initial Disclosures. In that document, Messrs. Fisher and Hutchinson are designated as having information pertaining to applications that use Blaze Advisor—not "gross written premiums"

Honorable David T. Schultz
February 19, 2020
Page **5** of **6**

generally.  Messrs. Johnston and Roy and Ms. Phillips are disclosed as having knowledge of the company's financial operations—not "financial information."

Based on these inconsistencies, FICO immediately sought additional information regarding these five (5) witness' role at trial from Federal's counsel on February 13:

> *We need clarification between your email and our conversation.  In our conversation, I understood these witnesses would be used to lay foundation for documents.  Your email suggests these witnesses will be presented generally for the subject matter listed below, and not simply to lay foundation for documents.  If the purpose for the witness is to lay the foundation for gross written premium documents/data and financial documents/data, please identify those documents that you intend to lay foundation for through these witnesses.  Perhaps we can stipulation [sic] to the foundation of those documents.*

(Exhibit G.)  Federal did not respond to this email.

FICO is concerned about the breadth of the disclosed subject matter for these five (5) witnesses.  Within the descriptions of "GWP" and "financial information" is any number of specific subjects.  Is "GWP" intended to challenge the connection to the use of Blaze Advisor; or the accounting of the amount of GWP connected to each application; or the fact that an application uses Blaze Advisor; or something else?  The phrase "financial information" is not defined, and could include a broader set of information beyond Federal's financial operations.  It appears Federal intends to use these witnesses to reverse its Rule 30(b)(6) testimony regarding the general nature of Federal's expenses.  FICO is also concerned that based on these broad subjects that Federal intends to use these witnesses at trial to "correct" the binding 30(b)(6) testimony of other Federal witnesses, or amend/add to the documents produced in response to RFP 30-32, or attempt to match expenses to revenue in conflict with Federal's Rule 30(b)(6) testimony.

These concerns underscore why these depositions cannot happen by video, as proposed by Federal's counsel.  The disclosed subject matter for all of these witnesses is exceedingly broad, without any useful disclosures.  FICO cannot know with certainty in advance what documents will be needed in the deposition.  But for video-based depositions, exhibits must be shipped to a court reporter in advance.  There is no ability to respond to witness testimony by documents not shipped in advance.  There is no

Honorable David T. Schultz
February 19, 2020
Page **6** of **6**

control of the room—who else is available to the witness outside the camera.  The court reporter will not be a U.S. court reporter and may record the deposition in a manner that is not useful at trial.  Further, it is presumed that Federal's counsel will be in the United States, not in the foreign jurisdiction.  Witness examination flow will be disrupted and disjointed by the video connection itself and having to wait additional time for counsel to object.  A video deposition will prejudice FICO.

Federal improperly disclosed sixteen (16) witnesses on the last day of discovery.  Rather than strike from the initial disclosures the Court fashioned a remedy designed to mitigate the prejudice to FICO.  Now, Federal wants to amend the Court's order to increase the prejudice to FICO from its own conduct of disclosing these witnesses on the last day of discovery.

Given the history and the Court's Order providing that FICO may depose any and all of the late-disclosed sixteen (16) witnesses ***at FICO's convenience in Minneapolis***, FICO requests the following assistance from the Court:

1. Requiring Federal to provide by February 28 dates for a deposition each noticed witness to occur on or before April 30 in Minneapolis.

2. Striking any witness from appearing at trial whose deposition dates are not provided on or before February 28.

Sincerely,

*[signature]*

Heather J. Kliebenstein

merchantgould.com