# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) | Case No. 16-cv-1054(WMW/DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT <u>FEDERAL INSURANCE COMPANY</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby requests that Defendant Federal Insurance Company ("Federal") produce the following documents and things requested below, in accordance with the Instructions and Definitions that follow.  The requested documents and things must be produced at the offices of Merchant & Gould, 3200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, within thirty days of the date of service of these Requests, or at such other time and location as the parties may agree.  If Federal withholds from production any of the requested documents or things on any ground (for example, on a claim of attorney-client privilege or work-product immunity), FICO requests that Federal provide, within thirty days of service of these Requests, a schedule identifying the withheld documents and things and the basis for the withholding.

These Requests are continuing, and responses thereto should be supplemented as required by the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

The Instructions and Definitions from FICO's First Set of Requests for Production of Documents are incorporated by reference as if fully set forth herein.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 51:**  The management and service agreement(s) effective from June 30, 2006 to date between Federal through its Chubb & Son division and each company for whom Federal through its Chubb & Son division manages that company's insurance business and provides financial advisory services.

**REQUEST NO. 52:**  All documents relating to the business reasons to enter into the Software License and Maintenance Agreement dated June 30, 2006, including all documents relating to the business goals to be achieved and the efficiencies to be realized by use of the software.

**REQUEST NO. 53:**  All documents relating to the business reasons to enter into Amendment One to the Agreement dated August 1, 2006, including all documents relating to the business goals to be achieved and the efficiencies to be realized by use of the software.

**REQUEST NO. 54:**  All documents relating to the business reasons to enter into Amendment Two to the Agreement dated December 28, 2006, including all documents relating to the business goals to be achieved and the efficiencies to be realized by use of the software.

**REQUEST NO. 55:**  All documents relating to the decision to implement the application known as CSI Express, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 56:**  All documents relating to the decision to implement or considerations to implement the application known as CSI/Upsell Simulator, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

2

**REQUEST NO. 57:**  All documents relating to the decision to implement the application known as Decision Point, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 58:**  All documents relating to the decision to implement the application known as Automated Renewal Process, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 59:**  All documents relating to the decision to implement the application known as CUW, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 60:**  All documents relating to the decision to implement the application known as IRMA, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 61:**  All documents relating to the decision to implement the application known as TAPS, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 62:**  All documents relating to the decision to implement the application known as Premium Booking, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 63:**  All documents relating to the decision to implement the application known as CIS Claims, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 64:**  All documents relating to the decision to implement the application known as Cornerstone, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 65:**  All documents relating to the decision to implement the application known as Adapt-ABL, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 66:**  All documents relating to the decision to implement the application known as Evolution, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 67:**  All documents relating to the decision to implement the application known as EZER, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 68:**  All documents relating to the decision to implement the application known as Commercial PAS in EUZ, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 69:**  All documents relating to the decision to implement the application known as Claims Connect, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 70:**  All documents relating to the decision to implement the application known as Small Commercial, including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from using the application.

**REQUEST NO. 71:**  For each instance in which the Blaze Advisor® software was modified from March 30, 2016 to the present, the documents sufficient to show each modification.

Dated: December 29, 2017

MERCHANT & GOULD P.C.

/s/Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

*Attorneys for Plaintiff FICO*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2017, a copy of the foregoing was emailed to the

following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

December 29, 2017                          s/Heather Kliebenstein
                                           Heather Kliebenstein

6