

Suite 2200
150 South Fifth Street
Minneapolis, MN 55402

Allen Hinderaker
612.371.5292
ahinderaker@merchantgould.com

February 27, 2020

**<u>VIA ECF</u>**

Honorable Wilhelmina M. Wright
United States District Court
334 Federal Building
316 N. Robert Street
St. Paul, Minnesota 55101

**Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
         No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Wright,

On behalf of Fair Isaac Corporation (FICO), I write to bring to the Court's attention a recent decision, *Motorola Solutions, Inc. v. Hytera Communications Corp.*, No. 1:17-cv-1973, Dkt. 834 (N.D. Ill. Jan. 31, 2020), that is relevant to the Court's analysis of the Predicate Act Doctrine.  See <u>Exhibit A</u> at 25-27.  The application of the Predicate Act Doctrine to FICO's damages flowing from the foreign exploitation of Federal Insurance Company's domestic infringing acts is challenged in Defendants Federal Insurance Company's and ACE American Insurance Company's Motion for Summary Judgment (Dkt. 428), currently pending before the Court.

As the *Motorola* court held, and FICO's summary judgment briefing demonstrates, the Predicate Act Doctrine permits the copyright owner to recover all

Honorable Wilhelmina M. Wright
February 27, 2020
Page **2** of **2**

damages flowing from the foreign exploitation of the infringer's domestic infringing acts.  See <u>Exhibit A</u> at 26.  The doctrine has been adopted by at least the Second, Fourth, and Ninth Circuits.  See id. (citing *Tire Eng'g & Distrib. v. Shandong Linglong Rubber*, 682 F.3d 292, 308 (4th Cir. 2012) and *Los Angeles News Serv. v. Reuters TV Int'l*, 149 F.3d 987, 990-92 (9th Cir. 1998)); *see also Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939).  No court has rejected the doctrine, and *Motorola* specifically adopted it.

In permitting recovery of extra-territorial damages under the Predicate Act Doctrine, the *Motorola* court relied on the Supreme Court's recent decision in *WesternGeco LLC v. ION Geophysical Corp.,* 138 S. Ct. 2129 (2018), which FICO brought to the Court's attention in a letter dated November 5, 2019.  See Dkt. 667.  In response to FICO's letter, Defendants argued that *WesternGeco* was inapplicable because it was a patent case and "does not concern the Predicate Act Doctrine." Dkt. 676 at 2.  The *Motorola* case proves otherwise.  There, the court relied on the Supreme Court's reasoning in *WesternGeco* to permit the recovery of extraterritorial damages for domestic copyright infringement under the Predicate Act Doctrine.  See <u>Exhibit A</u> at 26 ("[T]he predicate-act doctrine holds similarities to the Supreme Court's recent analysis in *WesternGeco*.").  Citing *WesternGeco*, the *Motorola* court held that "Plaintiffs are entitled to recover damages flowing from exploitation abroad of the domestic acts of infringement committed by Defendants."  *Id.*

FICO respectfully submits the recent *Motorola* decision for the Court's consideration.

Respectfully submitted,

Allen Hinderaker

AWH:can
cc:   All Counsel of Record (Via ECF)

merchantgould.com