

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

March 4, 2020                                                                                  **VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
        No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

This letter is in response to Defendants' March 3 letter (Dkt. 724) seeking relief from the Court's Order (Dkt. 714) regarding deadlines for the depositions of Defendants' untimely-disclosed witnesses. FICO respectfully requests that the Court deny the requested relief.

The parties' dispute regarding the scheduling of depositions arises from Defendants' disclosure of 16 witnesses in the final hours of discovery. (Dkt. 224; Dkt. 710-1.) An appropriate remedy at that time would have been to foreclose all of the witnesses from trial testimony to prevent prejudice to FICO. The Court fashioned a more nuanced remedy with the purpose of preventing prejudice to FICO. (*See* Dkt. 288.)

Defendants' March 3 letter advises the Court that Federal's newly implemented travel restrictions prevent the depositions of Claudio Ghislanzoni, Paul Johnston, Runesh Roy, and Andrea Phillips from being scheduled and taken in compliance with the Court's

merchantgould.com

Honorable David T. Schultz
March 4, 2020
Page **2** of **2**

Order. As Defendants admit in their letter, Federal has implemented "travel restrictions" not a travel ban. Defendants' employees are permitted to travel for "critical business needs." Complying with two Court Orders (Dkt. 288; Dkt. 714) is a "critical business need[]."

      With respect to Mr. Ghislanzoni, FICO first requested deposition dates for him on December 18, 2019 (Dkt. 710-2) well before Federal considered or implemented any travel restrictions. Similarly, FICO sought dates for Andrea Phillips, Paul Johnston, and Runesh Roy on Februrary 4, 2020. (Dkt. 710 at 3; Dkt. 710-5.) Defendants' predicament is the consequence of Defendants' own delay. FICO should not be prejudiced again from Defendants' delay with respect to these witnesses.

      Defendants further seek to have the deposition of Ellen Garnes conducted by video. (Dkt. 724.) As discussed at the recent hearing, use of video depositions is not practical. (Feb. 20, 2020 Hearing Tr. at 27-28.)  The Court should deny the request for Ms. Garnes' deposition to be taken by video.

      As the parties also acknowledged at the recent hearing, we are operating without a trial ready date. While Judge Wright may require more time to rule on the parties' dispositive motions, FICO cannot sit idly by and hope that Federal's "travel restrictions" are lifted in sufficient time to complete the depositions prior to trial. FICO is continuously prejudiced by Defendants' late disclosed witnesses. Federal must be made to produce the witnesses or remove them from trial consideration.

      Absent compliance with the Court's two orders (Dkt. 288; Dkt. 714), the appropriate remedy is to foreclose trial testimony from all witnesses for which the Order is violated. Thank you for your consideration of this request.

      Sincerely,

      Heather J. Kliebenstein

merchantgould.com