

March 10, 2020


The Honorable Wilhelmina M. Wright
United States District Court
334 Federal Building
316 N. Robert Street
Saint Paul, Minnesota 55101

Re:     *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
        No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)

Dear Judge Wright:

I am writing on behalf of Federal Insurance Company and ACE American Insurance Company ("Federal") in response to Fair Isaac Corporation's ("FICO") February 27, 2020 submission of supplemental authority to the Court. The order from *Motorola Solutions, Inc. v. Hytera Communications Corp.* does not provide additional support for FICO's theory that it is entitled to recover profits earned by Federal's foreign affiliates based on the "predicate act doctrine." No. 1:17-cv-1973, Dkt. 834 (N.D. Ill. Jan. 31, 2020).

The bulk of the *Motorola Solutions* order is dedicated to analyzing whether the private cause of action found in the federal Defend Trade Secrets Act ("DTSA") could be applied to extraterritorial conduct. The court concluded that it could, relying in part on the *Western Geco* case. *Id.* at 15. The court also held, in the alternative, that Motorola may have been able to recover foreign damages by identifying a "permissible domestic application [of the DTSA] even if other conduct occurred abroad." *Id.* at 23. But the court stopped short of resolving the "tricky issue" of *which* foreign damages Motorola might have been able to recover based on this alternative theory, noting that "[b]ecause the Court has found that the statute applies extraterritorially, however, it is unnecessary to attempt to discern what damages in this alternative context would be proper." *Id.* at 25.

The court's only discussion of the predicate act doctrine came in a brief passage near the end of the order. *Id.* at 25-27. The court did not have to confront the "tricky issue" of foreign damages in this context either though, because "Motorola and its expert only s[ought] copyright damages for [Defendant's] sales within the United States." (Ex. A, Def.'s Mtn. to Preclude Motorola from Relying on Extraterritorial Damages, at 3.) Rather, the court's difficulty came in identifying a *domestic* act of copyright infringement to support *domestic* damages. The primary allegations of wrongdoing in the case were that the defendant's "engineers stole and brought with them thousands of Plaintiffs' technical, confidential documents, and [] Defendants used those

March 10, 2020
Page 2

documents, which contained trade secrets and lines of source code, to develop a state-of-the-art digital radio that is functionally indistinguishable from Plaintiffs' radios." *Motorola Solutions*, No. 1:17-cv-1973, Dkt. 834 at 3. Had this foreign conduct occurred within the United States it certainly would have violated at least one of the exclusive rights protected by the Copyright Act. *See* 17 U.S.C. § 106. But the defendant's domestic conduct in *Motorola Solutions* only amounted to copying software from servers "housed in the United States" and promoting "products embodying the allegedly stolen trade secrets domestically at numerous trade shows." No. 1:17-cv-1973, Dkt. 834 at 18, 21. The court decided that it could not determine whether acts like these constituted domestic copyright infringement based on the "undeveloped nature" of the defendant's arguments. *Id.* at 26.

The *Motorola Solutions* decision is irrelevant. Most of the court's decision—roughly 27 of its 30 pages—is about extraterritorial application of the DTSA and the Illinois Trade Secret Act, not the Copyright Act. *Id.* at 1-25; 27-30. Indeed, just a page-and-a-half of the opinion is devoted to addressing damages under the Copyright Act. There, the court's opinion notes the parties provided little argument on the issue. *Id.* at 25 ("The parties have provided considerably less argument with respect to damages under the Copyright Act[.]').

The opinion does not support FICO's reliance on *WesternGeco*—a case that did not concern the Copyright Act or the predicate act doctrine. The opinion notes in passing, and in a single sentence, "some similarities" to the *WesternGeco* case. *Id.* The opinion does not support FICO's position, argued in its November 5, 2019 letter to the Court, that *WesternGeco* had any bearing on the Copyright Act or the viability of the predicate act doctrine. *Id.* The case is likewise factually inapposite because, as outlined above, it concerned *domestic* acts supporting a claim for *domestic* damages. Here, FICO alleges *domestic* acts give rise to claimed *foreign* damages.

FICO's submission of *Motorola Solutions*—an unpublished decision from the Northern District of Illinois containing a page of analysis that references *WesternGeco* in passing, notes the little argument the parties submitted on the issue—demonstrates the significant reach FICO is making when it urges this Court to apply the predicate act doctrine to its Copyright Act claims.

There is no question as to which of Federal's domestic acts can and cannot constitute copyright infringement. FICO has not submitted any evidence that Federal "copied" FICO's software "based on the fact [of] Federal's use of Blaze Advisor" following the corporate restructuring of the Chubb Group in 2016. (Dkt. 499 at 28.) FICO has not submitted any evidence that Federal "distributed" FICO's software by allowing its foreign affiliates in Australia and Canada to remotely access the software while it was installed on U.S. servers. (*See* Dkt. 578 at 4; 681 & 681-1.)  In fact, after years of discovery the only evidence of a domestic act of distribution that FICO has submitted to the Court is Federal's transfer of the software to its European affiliate's data center. (*See* Dkt. 503-12.)

March 10, 2020
Page 3


Even if this act of distribution was not licensed (it was) and even if it had occurred within the Copyright Act's three-year statute of limitations (it did not), then the Court would still be left with the "tricky issue" of determining which foreign damages FICO might be entitled to based on this act. No. 1:17-cv-1973, Dkt. 834 at 25. Federal has already submitted extensive briefing as to why FICO's copyright claims should be dismissed because its lost license fee and disgorgement claims are unduly speculative. The court's hesitation at confronting further damages issues related to the predicate act doctrine in *Motorola Solutions* only highlights yet another reason why the Court should dismiss FICO's copyright claims as a matter of law.

Best regards,

*s/ Terrence J. Fleming*

Terrence J. Fleming
**Direct Dial:** 612.492.7496
Email:  tfleming@fredlaw.com

69489366 v3