# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.,<br><br>Plaintiffs,<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC.<br>Defendants. | Case No. 1:17-CV-01973<br><br>Honorable Charles R. Norgle Sr. |

## MOTION TO PRECLUDE MOTOROLA FROM RELYING ON EXTRATERRITORIAL DAMAGES

Defendants ("Hytera") respectfully move the Court for an order precluding Plaintiffs ("Motorola") from relying on extraterritorial damages.[1] This includes damages based on Hytera products manufactured and sold outside of the United States, as well as Hytera's alleged research and development ("R&D") "savings."

### ARGUMENT

Motorola bears the burden of proving damages on its copyright and trade secret claims. The vast majority of the alleged damages that Motorola seeks to recover in this case—and that its expert intends to include in his testimony—are *extraterritorial* damages, attributable solely to actions taken outside the United States. Under the well-established presumption against

---

[1] As will be explained in Hytera's Rule 50 motion, Motorola's theories of liability are barred by the presumption against extraterritoriality. Even assuming the Court disagrees, this motion shows that Motorola cannot recover damages arising extraterritorially.

1



extraterritoriality, Motorola is precluded from recovering for acts committed, or damages incurred, outside the United States.

"It is a basic premise of our legal system that, in general, 'United States law governs domestically but does not rule the world.'" *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2100 (2016) (quoting *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454 (2007)). "This principle finds expression in a canon of statutory construction known as the presumption against extraterritoriality: Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *Id.* The presumption against extraterritoriality "serves to avoid the international discord that can result when U.S. law is applied to conduct in foreign countries." *Id.*; *see also Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1669 (2013). "To rebut the presumption, the [statute] would need to evince a clear indication of extraterritoriality." *Kiobel*, 133 S. Ct. 1665 (internal quotations and citation omitted).

The federal and state statutes that Motorola invokes in this litigation do not apply extraterritorially.

Motorola's amended complaint includes a copyright infringement count. The U.S. Supreme Court has made clear that "copyright protections … do not have any extraterritorial operation." *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S. Ct. 1523, 1536-37 (2017) (internal quotation marks omitted); *see also, e.g.*, *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 562 (2013) (Ginsburg, J., dissenting) ("The Copyright Act, it has been observed time and again, does not apply extraterritorially."). Thus, Motorola cannot establish liability against Hytera under federal copyright law and, at a minimum, cannot recover damages arising

2

extraterritorially. Acknowledging this, Motorola and its expert only seek copyright damages for Hytera's sales within the United States.

The amended complaint also includes a count for trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA"). Nothing in the text of the statute includes an indication (much less a "clear indication") of congressional intent to create a private right of action reaching beyond this Nation's borders.[2] "When a statute gives no clear indication of an extraterritorial application, it has none." *RJR Nabisco*, 136 S. Ct. at 2100 (quoting *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247, 255 (2010)); *see also Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1666-69 (2013). Thus, Motorola cannot establish liability against Hytera under the DTSA and, at a minimum, cannot recover extraterritorial damages.

Finally, the amended complaint includes a count for trade secret misappropriation under state law, the Illinois Trade Secret Act (ITSA). "[J]ust as federal law presumptively applies only within the territorial jurisdiction of the United States," *Morley-Murphy Co. v. Zenith Electronics Corp.*, 142 F.3d 373, 378 (7th Cir. 1998), "[i]n Illinois, a 'statute is without extraterritorial effect unless a clear intent in this respect appears from the express provisions of the statute,'" *Wooley v. Bridgeview Bank Mortgage Co.*, 2015 WL 327357, at *2 (N.D. Ill. Jan. 23, 2015) (quoting *Avery v. State Farm Mutual Auto. Ins. Co.*, 835 N.E.2d 801, 852 (Ill. 2005). Indeed, "the Illinois Supreme Court ha[s] stated it would not give extraterritorial effect to Illinois statutes unless the legislature expressly directed it to do so." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349

---

[2] While 18 U.S.C. § 1837 has a specific provision relating to conduct outside of the United States, it applies by its terms to government enforcement actions—not private actions. *See* 18 U.S.C. § 1837; *see also* 18 U.S.C. §§ 1831, 1832. Given that Congress was explicit in allowing extraterritorial application for some limited purposes (i.e., government enforcement), the absence of explicit language for private rights of action provides an even stronger case that Congress did not intend to have that extraterritorial effect. *See RJR Nabisco*, 136 S. Ct. at 2102-03.

3

F.3d 376, 385 (7th Cir. 2003); *see also Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1100 (N.D. Ill. 2017) ("Under Illinois law, an Illinois statute does not have extraterritorial effect unless the Assembly expressly intended it."). In the absence of such an express direction from the legislature, the plaintiff is limited to recovering for *domestic* conduct, meaning that it must establish that "'the circumstances relating to the transaction [at issue] occur[red] primarily and substantially' within Illinois." *Rivera*, 238 F. Supp. 3d at 1101 (quoting *Avery*, 835 N.E.2d at 853). ITSA contains no express indication that the legislature intended for it to apply beyond Illinois's borders—much less to the conduct at issue here, which occurred on the far side of the world.[3]

Moreover, "the Supreme Court has held that certain assertions of extraterritorial jurisdiction violate the dormant Commerce Clause." *Morley-Murphy Co. v. Zenith Electronics Corp.*, 142 F.3d 373, 379 (7th Cir. 1998) (citing *Healy v. Beer Institute*, 491 U.S. 324 (1989)). Under the U.S. Constitution, "[n]o state can legislate except with reference to its own jurisdiction." *Dean Foods Co. v. Brancel*, 187 F.3d 609, 614-15 (7th Cir. 1999) (quoting *Bonaparte v. Tax Court*, 104 U.S. 592, 594 (1881)). "There is a long line of cases holding that states violate the Commerce Clause by regulating or controlling commerce occurring wholly outside their own borders." *Id.* at 615; *see also, e.g.*, *Glass v. Kemper Corp.*, 133 F.3d 999, 1001 (7th Cir. 1998) ("a state's attempt to regulate a transaction wholly in foreign commerce would violate the 'negative' commerce clause") (collecting cases). Thus, even if the Illinois legislature

---

[3] *Miller UK Ltd. v. Caterpillar Inc.*, No. 10-cv-03770, 2017 WL 1196963 (N.D. Ill. Mar. 31, 2017), involved a DTSA action against an Illinois-based company and addressed the ITSA's application to misappropriation actions occurring within the United States. Furthermore, the district court erroneously relied upon an Illinois statute to find extraterritoriality but this statute—765 ILCS 1065/8(b)(1)—simply abrogates a common law rule holding invalid certain rights with no stated duration or geographic limitation. *See id.* at *7. This Illinois statute is not a clear statement of legislative intent to apply ITSA extraterritorially.

4

had intended ITSA to reach conduct occurring purely abroad, any attempt to do so would exceed constitutional limitations on state interference with foreign commerce and foreign relations and would thus be void. ITSA must be read to avoid these constitutional concerns.

Accordingly, Motorola cannot recover in this case extraterritorial damages, attributable solely to actions taken outside the United States. This means that Motorola and its expert cannot rely upon Hytera's sales of products manufactured and sold abroad to calculate damages. Nor can Motorola recover for Hytera's alleged R&D "savings." This alleged savings is not an injury to Motorola and, in any event, all of Hytera's R&D took place outside of the United States. American law "does not rule the world," *Microsoft*, 550 U.S. at 454, and the presumption against extraterritoriality precludes Motorola from seeking to recover those foreign damages under American law.

Finally, Motorola appears to seek recovery under the DTSA for its own lost profits due to constraints on its market share outside of the United States. To allow recovery based on a domestic application of the statute, the Court must determine "the statute's focus" and ask whether the conduct relevant to that focus occurred in the United States territory. *RJR Nabisco*, 136 S. Ct. at 2101. Here, the focus of the DTSA is on misappropriation of trade secrets. *See* 18 U.S.C. §§ 1839(5), (6). In this case, the conduct that led to these alleged lost profits took place outside of the United States. Accordingly, Motorola cannot recover damages under the DTSA (or the ITSA) based on its own lost profits due to constraints in its market share outside of the United States.[4]

---

[4] As discussed above, the ITSA applies only within the State of Illinois and, even if it did apply beyond Illinois, it certainly would not extend to cover extraterritorial conduct beyond the reach of federal law.

In all events, Motorola cannot recover for damages based on acts that occurred *before* the DTSA's enactment date, May 11, 2016. *See* Pub. L. No. 114–153, § 2(e) (2016) (providing that the DTSA applies to the "misappropriation of a trade secret ... for which any act occurs on or after the date of the enactment of [the DTSA]").[5]

### CONCLUSION

Defendants respectfully ask the Court to enter an order precluding Motorola from relying on extraterritorial damages.

Date: December 2, 2019

Respectfully submitted,

/s/ *Boyd Cloern*

Boyd Cloern (*pro hac vice*)
bcloern@steptoe.com
Michael Allan (*pro hac vice*)
mallan@steptoe.com
Jessica Rothschild (*pro hac vice*)
jrothschild@steptoe.com
Kassandra Officer (*pro hac vice*)
kofficer@steptoe.com
David Bettwy (*pro hac vice*)
dbetwy@stepteo.com
Brian Johnson (*pro hac vice)*
bjohnso@steptoe.com
Alice Loughran (*pro hac vice*)
aloughran@steptoe.com
Scott Richey (*pro hac vice)*
srichey@steptoe.com
Christopher Suarez
csuarez@steptoe.com
John William Toth (*pro hac vice*)
btoth@steptoe.com

---

[5] This effective date provision marks a caesura, after which the new statutory framework may be applied. The deliberate omission of the word "before" in this provision implies that Congress had no intent of capturing acts of misappropriation that occurred before May 11, 2016.

6

STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-300
Facsimile: (202) 429-3902

Daniel Stringfield
dstringfield@steptoe.com
Tron Fu
tfu@steptoe.com
STEPTOE & JOHNSON LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Mark McDougall (*pro hac vice*)
mmcdougall@calfee.com
Joshua Ryland (*pro hac vice*)
jryland@calfee.com
Todd Tucker (*pro hac vice*)
ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*Attorneys for Defendants Hytera Communications Corp., Hytera America, Inc., and Hytera Communications (West), Inc.*

7

## CERTIFICATE OF SERVICE

I, Boyd Cloern, an attorney, hereby certify that on December 2, 2019, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system upon all counsel of record.

*/s/Boyd Cloern*
Boyd Cloern
