# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a<br>Delaware corporation, | ) | Case No. 16-cv-1054 (WMW/DTS) |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | **FILED UNDER SEAL** |
| FEDERAL INSURANCE | ) | **(REDACTED VERSION)** |
| COMPANY, an Indiana corporation | ) | |
| and ACE AMERICAN | ) | |
| INSURANCE COMPANY, a | ) | |
| Pennsylvania corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF FAIR ISAAC CORPORATION'S MOTION
FOR SUMMARY JUDGMENT ON DEFENDANTS' STATUTE OF
<u>LIMITATIONS DEFENSE</u>**

## TABLE OF CONTENTS

I.   Introduction ................................................................................................ 1

II.  Relevant procedural history......................................................................... 4

III. Statement of FICO's claims ........................................................................ 5

   A.  FICO's copyright infringement claims arising from pre-termination
       conduct. .......................................................................................... 6

   B.  FICO asserts breach of contract claims arising from pre-termination
       conduct. .......................................................................................... 7

IV.  Statement of facts ........................................................................................ 9

   A.  Chubb & Son's unauthorized uploading and transmission of Blaze
       Advisor Version 7.1 to persons not employees of Chubb & Son
       infringed FICO's copyrights. ........................................................... 9

   B.  FICO asserts claims for breach of contract based on Chubb & Son's
       breach of its continuing obligation not to permit persons not
       employees of Chubb & Son to access and use Blaze Advisor. ................. 11

V.   FICO is entitled to summary judgment on Federal's statute of limitations
     defense........................................................................................................ 13

   A.  Federal's statute of limitations defense applied to FICO's copyright
       infringement claims fails as a matter of law. ............................................ 14

       (1)  The discovery rule applies; there is no evidence that FICO
            knew or should have known of Chubb & Son's infringement
            before April 21, 2013. ..................................................................... 14

       (2)  Federal's copyright infringement from the reproduction and
            distribution of Blaze Advisor Version 7.1 within the statute of
            limitations is independently actionable............................................ 16

       (3)  There is no extra-territorial application of the Copyright Act;
            under the predicate-act doctrine FICO is entitled to the
            damages flowing from foreign exploitation of domestic
            infringing acts.................................................................................. 20

       (4)  FICO is entitled to disgorge profits from Federal and ACE
            American's single enterprise............................................................ 21

B.    Federal's statute of limitations defense as applied to FICO's breach
      of contract claims fails as a matter of law. ................................................... 22

VI.    Conclusion ............................................................................................................ 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A & M Records, Inc. v. Napster*,
   239 F.3d 1004 (9th Cir. 2001) ..................................................................... 18

*Airco Alloys Div., Airco, Inc. v. Niagara Mohawk Power Corp.*,
   430 N.Y.S.2d 179 (N.Y. App. Div. 1980) .................................................. 23

*Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*,
   610 F. Supp. 2d 998 (D. Minn. 2009) ................................................... 7, 22

*Comcast of Ill. X v. Multi-Vision Elecs., Inc.*,
   491 F.3d 938 (8th Cir. 2007) ..................................................................... 15

*Dash v. Mayweather*,
   731 F.3d 303 (4th Cir. 2013) ..................................................................... 22

*Design Basics, LLC v. Carhart Lumber Co.*,
   No. 8:13CV125, 2016 U.S. Dist. LEXIS 12788 (D. Neb. Feb. 3, 2016) ................... 15

*DocMagic, Inc. v. Ellie Mae, Inc.*,
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) .................................................... 19

*Garron v Bristol House, Inc.*,
   79 N.Y.S.3d 265 (N.Y. App. Div. 2018) ............................................. 23, 25

*IMAPizza, LLC v. At Pizza Ltd.*,
   334 F. Supp. 3d 95 (D.D.C. 2018) ...................................................... 19, 20

*Johnson v. Blaukat*,
   453 F.3d 1108 (8th Cir. 2006) ................................................................... 13

*JRT, Inc. v. TCBY Sys.*,
   52 F.3d 734 (8th Cir. 1995) ....................................................................... 13

*Lackawanna Chapter of Ry. & Locomotive Hist. Soc'y, Inc. v. St. Louis
   Cnty, Mo.*,
   606 F.3d 886 (8th Cir. 2010) ..................................................................... 14

*Los Angeles News Serv. v. Reuters TV Int'l*,
   149 F.3d 987 (9th Cir. 1998) ..................................................................... 20

*MAI Sys. Corp. v. Peak Computer, Inc.*,
991 F.2d 511 (9th Cir. 1993) ................................................................. 19

*Meadowbrook Farms Homeowners Ass'n, Inc. v. JZG Res., Inc.*,
963 N.Y.S.2d 300 (N.Y. App. Div. 2013) ........................................... 23, 25

*Microsoft Corp. v. AGA Sols., Inc.*,
589 F. Supp. 2d 195 (E.D.N.Y. 2008) ................................................... 19

*Miller v. Solem*,
728 F.2d 1020 (8th Cir. 1984) ............................................................... 13

*Motorola Sols. v. Hytera Communs. Corp.*,
No. 1:17-cv-1973, 2020 U.S. Dist. LEXIS 35942 (N.D. Ill. Jan. 31,
2020) ...................................................................................................... 20

*Negley v. Hallmark Cards, Inc.*,
No. 11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS 196584 (W.D. Mo.
Mar. 1, 2013) ...................................................................................... 17, 19

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*,
284 F.3d 505 (4th Cir. 2002) ............................................................... 7, 22

*Petrella v. MGM*,
572 U.S. 663 (2014) ................................................................... 15, 17, 19

*Pink Supply Corp. v. Hiebert, Inc.*,
788 F.2d 1313 (8th Cir. 1986) ............................................................... 13

*Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*,
338 F. App'x 329 (4th Cir. 2009) .......................................................... 19

*Schmidt v. DIRECTV, LLC*,
No. 14-3000, 2016 U.S. Dist. LEXIS 16410 (D. Minn. Jan. 22, 2016) ...... 14

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
106 F.2d 45 (2d Cir. 1939) .................................................................... 20

*Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*,
689 F.3d 29 (1st Cir. 2012) ................................................................... 19

*Tire Eng'g & Distrib. v. Shandong Linglong Rubber*,
682 F.3d 292 (4th Cir. 2012) ................................................................ 20

*Tran v. Farmers Grp., Inc.*,
104 Cal. App. 4th 1202 (Cal. App. 2002) ........................................... 7, 22

*Universal City Studios Prods. LLLP v. Bigwood*,
    441 F. Supp. 2d 185 (D. Me. 2006) ............................................................ 18

*WesternGeco LLC v. ION Geophysical Corp.*,
    138 S. Ct. 2129 (2018) .............................................................................. 20

**Statutes**

17 U.S.C. §106(1) ................................................................................ *passim*

17 U.S.C. §106(3) ................................................................................ *passim*

17 U.S.C. § 507(b) ...................................................................................... 15

**Other Authorities**

New York C.P.L.R. § 213(2) .................................................................... 4, 23

## I.     Introduction

Fair Isaac Corporation ("FICO") respectfully moves for summary judgment on the statute of limitations defense asserted by Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Defendants").  (*See* Dkt. 569 at 20.)

As applied to FICO's copyright claims, Federal's statute of limitations defense fails because Federal cannot meet its burden to show FICO knew of copyright infringement by Chubb & Son, a division of Federal, before April 21, 2013—the statute of limitations critical date.  In the Eighth Circuit, the Copyright Act's three-year statute of limitations is a discovery statute.  It begins to run only when FICO discovered Chubb & Son's copyright infringement, or could have discovered it exercising reasonable diligence.  There is no evidence showing that FICO knew or should have known of Chubb & Son's infringements before April 21, 2013.  No reasonable jury could find that Federal met its burden of proof on its statute of limitations defense against the copyright claims.

Federal's statute of limitations defense applied to FICO's copyright claims also fails because Chubb & Son's unauthorized reproduction and distribution of FICO's Blaze Advisor Version 7.1—the only acts on which FICO's infringement claim is based—took place entirely within the limitations period.  The Copyright Act's three-year statute of limitations operates as a limitation on damages; every infringing act is independently actionable and carries its own statute of limitations.

It is undisputed that within the three-year limitations period—between April 21, 2013 and April 21, 2016—Chubb & Son uploaded Blaze Advisor Version 7.1 to a site on

its computers, in the United States, for the unauthorized purpose of enabling use and access of Blaze Advisor Version 7.1 by persons who were not employees of Chubb & Son. Uploading creates a reproduction or copy of Blaze Advisor. This uploading of Blaze Advisor 7.1 was unauthorized because it violated Paragraph 3.1(iv) of the parties' Software License and Maintenance Agreement (the "Agreement"). The unauthorized reproduction (copying) of Blaze Advisor 7.1 is infringement under 17 U.S.C. §106(1).

Within the limitations period, Chubb & Son also transmitted the copy of Blaze Advisor Version 7.1, located on a site on its computers in the United States, to persons who were not employees of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada. This transmission of Blaze Advisor 7.1 was also unauthorized under Paragraph 3.1(iv) of the Agreement. This unauthorized transmission (distribution) of Blaze Advisor 7.1 is infringement under 17 U.S.C. §106(3).

Chubb & Son also permitted employees of the Chubb Insurance Company of Canada to use Blaze Advisor Version 7.1 in the deployment of the Evolution application in 2015. By this date, the Canadian application Evolution, which uses Blaze Advisor, was hosted on servers located in North Carolina. This unauthorized use by Chubb Insurance Company of Canada necessitated the creation of a copy of Blaze Advisor Version 7.1 in random access memory ("RAM") on the server in North Carolina. This unauthorized copying infringed 17 U.S.C. §106(1). Because these infringements within the limitations period are independently actionable, Federal's statute of limitations defense fails as a matter of law.

These acts of copyright infringement occurred in the United States.  FICO does not assert an improper extra-territorial application of the Copyright Act.  FICO does seek the recovery of damages flowing from these domestic acts of infringement, including disgorgement of revenue from the foreign exploitation of Chubb & Son's infringement.  FICO is entitled to recover, from the named defendants Federal and ACE American, gross written premium from the sale of insurance by foreign companies in connection with which Blaze Advisor was used.  These companies, along with Federal and ACE American, generate revenue as part of a single enterprise, and Defendants are jointly liable for the revenue collectively derived from the acts of copyright infringement.

Federal's statute of limitations defense also fails with respect to FICO's breach of contract claims.  New York law recognizes the continuing wrong doctrine, under which the statute of limitations does not run when the contract imposes a continuing obligation on the breaching party, and the damages recovery is limited to the six-year period immediately preceding filing of the lawsuit.  Here, the Agreement imposed the continuing obligation upon Chubb & Son not to permit use by or access to Blaze Advisor by individuals who were not employees of Chubb & Son, a division of Federal.  It is undisputed that on and after April 21, 2010—the contract claim critical date—Chubb & Son permitted use by or access to Blaze Advisor by individuals other than employees of Chubb & Son, a division of Federal, in continuous breach of the Agreement.  FICO is entitled to summary judgment.

## II.     Relevant procedural history

On August 8, 2019—almost two weeks after the dispositive motion deadline—

Defendants moved to amend their Answer to add a statute of limitations defense, which

states as follows:

> 78.     FICO's claims are barred, all or in part, by the applicable statutes of
> limitations, including the three year statutory period for copyright
> infringement claims under 17 U.S.C. § 507(b) and the six year period for
> breach of contract claims under New York C.P.L.R. § 213(2).

(*See* Dkt. 456; Dkt. 569 at 20.)  Federal argued this defense bars FICO's copyright and

breach of contract claims based on the use and access of Blaze Advisor by persons not

employees of Chubb & Son outside the United States.[1]  (*See* Dkt. 464.)  In his Order on

August 26, 2019, Magistrate Judge Schultz granted Defendants' motion, conditioned on

Federal providing by November 15, 2019, specific disclosures regarding the installation

of Blaze Advisor outside the United States, and presenting in Minneapolis by November

27, 2019, a Rule 30(b)(6) deponent to testify to those disclosures.  (Dkt. 525 (Aug. 26,

2019 Hearing Tr.), at 7.)  The Order was affirmed on December 10, 2019.  (Dkt. 684.)

Because Defendants were permitted to add the statute of limitations defense after

FICO filed its motion for summary judgment on July 26, 2019, FICO was denied the

opportunity to move for summary judgment on Defendants' affirmative defense on a

complete record in accord with the Scheduling Order deadlines.  (Dkt. 205 at 4.)  The

---

[1] The fact the persons not employees of Chubb & Son who used and accessed
Blaze Advisor were located outside the United States is irrelevant to the violation of
Paragraph 3.1(iv).  The prohibition against use or access by any person not an employee
of Chubb & Son is without geographical limitation.  (*See* Declaration of Heather
Kliebenstein ("Decl."), Ex. 1, ¶3.1(iv).)

record was not complete until Federal made the required disclosures regarding the installation of Blaze Advisor outside the United States on November 15, 2019, and provided its Rule 30(b)(6) deponent on November 26, 2019.

The Court recognized the incomplete record on this issue in its Summary Judgment Order of March 23, 2020: "Because Defendants amended their answer to include a statute-of-limitations defense *after* the dispositive-motion deadline, the record was not adequately developed as to this issue." (Dkt. 731 at 52 (emphasis original).) Accordingly, the Court permitted the parties to file summary judgment motions on Federal's statute of limitations defense: "[B]oth parties are granted an opportunity to file supplemental motions for summary judgment *strictly limited* to the issue of Defendants' statute-of-limitations defense and the related issue of the predicate-act doctrine." (*Id.* at 52-53 (emphasis original).) FICO submits the present motion pursuant to the Court's Order.

## III.    Statement of FICO's claims

As applied to FICO's claims, Federal's statute of limitations defense is only relevant to those claims arising before the termination of the Agreement on March 31, 2016. The copyright infringement and breach of contract claims arising out of post-termination conduct cannot be the subject of the statute of limitations defense. FICO filed this lawsuit less than a month after termination. (Dkt. 1.) Federal concedes the statute of limitations defense only relates to the pre-termination copyright infringement and breach of contract claims arising from the use and access of Blaze Advisor by

persons not employees of Chubb & Son.  (*See* Dkt. 464 (Defendants' Memorandum of

Law in Support of their Motion for Leave to File Amended Answer) at 2-8, 13-14.)

### A. FICO's copyright infringement claims arising from pre-termination conduct.

Chubb & Son's unauthorized reproduction (copying) and transmission

(distribution) of Blaze Advisor Version 7.1 infringed FICO's copyrights.  As applied to

Chubb & Son's pre-termination conduct, FICO asserts the following copyright

infringement claims:

1. Chubb & Son infringed FICO's exclusive right of reproduction (copying) in violation of 17 U.S.C. §106(1) by uploading Blaze Advisor Version 7.1 to a site on its computers in the United States for the purpose of permitting use and access of Blaze Advisor Version 7.1 by persons who were not employees of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada;

2. Chubb & Son infringed FICO's exclusive right of distribution in violation of 17 U.S.C. §106(3) by transmitting the copy of Blaze Advisor Version 7.1, located on a site on its computers in the United States, to persons who were not employees of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada; and

3. Chubb & Son infringed FICO's exclusive right of reproduction (copying) in violation of 17 U.S.C. §106(1) by permitting employees of Chubb Insurance Company of Canada to use Blaze Advisor Version 7.1 after it was installed on servers in the United States; the unauthorized reproduction being in the United States.

These copyright infringement claims are based exclusively on the unauthorized

actions of Chubb & Son in the United States.  There is no extra-territorial application of

the Copyright Act, as the predicate-act doctrine acknowledges.  The damages for which

the named defendants are liable include the gross written premium of the foreign

insurance companies because these companies, and the named defendants, are a single

enterprise.  Defendants are jointly liable for profits "collectively derived from the acts of copyright infringement."  *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 (4th Cir. 2002); *cf. Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 610 F. Supp. 2d 998, 1019-20 (D. Minn. 2009); *Tran v. Farmers Grp., Inc.*, 104 Cal. App. 4th 1202, 1206, 1218-19 (Cal. App. 2002) (permitting recovery of damages from insurance companies acting as a single enterprise).  (*See also* Dkt. 731 at 32.)

The question for purposes of the statute of limitations, as applied to these copyright infringement claims, is whether there is any record evidence from which the jury could decide that FICO knew, or had reason to know, of Chubb & Son's infringement prior to April 21, 2013.  There is no such evidence.  Indeed, it is admitted that Chubb & Son's copyright infringement from the reproduction and distribution of Blaze Advisor Version 7.1 took place entirely within the three-year limitations period.

## B.   <u>FICO asserts breach of contract claims arising from pre-termination conduct.</u>

As applied to Chubb & Son's pre-termination conduct, FICO states the following claims for breach of contract:

1. Chubb & Son breached Paragraph 3.1(iv) of the Agreement by permitting persons who were not employees of Chubb & Son,[2] including employees of Chubb Insurance Company of Europe SE, Chubb Insurance Company of Canada, and Chubb Insurance Company of Australia Ltd., to access and use Blaze Advisor; and

---

[2] The Court held that whether Chubb & Son breached Paragraph 3.1 by permitting persons who were not employees of Chubb & Son to use and access Blaze Advisor is an issue for the jury to resolve.  (Dkt. 731 at 41-45.)  The issue now is whether the statute of limitations applies to this claim.

2. Chubb & Son breached Paragraph 3.1(iv) of the Agreement by permitting persons who were not employees of Chubb & Son, including the third party consultants AppCentrica and DWS Group,[3] to access and use Blaze Advisor.

There are two issues for purposes of the statute of limitations, as applied to these breach of contract claims. The first is whether there was a continuing breach of contract within the six-year limitations period. There was. There is no dispute that access and use of Blaze Advisor by employees of Chubb Insurance Company of Europe SE, Chubb Insurance Company of Canada, and Chubb Insurance Company of Australia Ltd. continued from the date of breach to the date of termination, and beyond. (Decl., Ex. 2; Ex. 3; Ex. 4.) Based on Chubb & Son's continuing breaches of contract, the statute of limitations did not begin to run, and FICO is entitled to recover lost license fees for each application that used Blaze Advisor from the date of first use forward, or from April 21, 2010 forward, whichever is later. The second issue is whether FICO's claims against the third party consultants accrued within the limitations period. They did. There is also no dispute that the access and use of Blaze Advisor by the third party consultants AppCentrica and DWS Group began within the limitations period. Because these claims accrued entirely within the limitations period, they are not barred.

---

[3] The Court held that whether the use and access of Blaze Advisor by third party consultants AppCentrica and DWS Group breached Paragraph 3.1 is an issue for the jury to resolve. (Dkt. 731 at 44-45.) Again, the issue now is whether the statute of limitations can apply to this claim.

## IV.     Statement of facts

In 2006, FICO entered into a Blaze Advisor Software License and Maintenance

Agreement with the Client Chubb & Son, an unincorporated division of Federal.  (Decl.,

Ex. 1, at 1.)  Chubb & Son represented and warranted in Paragraph 3.1(i) of the

Agreement that it would not use Blaze Advisor "in any other manner that exceeds the

scope of any license granted under this Agreement."  It further represented and warranted

that it would not "(iv) disclose the Fair Isaac Products to, or permit the use or access of

the Fair Isaac Products by, any third party or by any individuals other than the employees

of Client."  (*Id.* at 2.)  The relevant portions of the license grant prohibited the disclosure

to and forbade permitted use by or access to Blaze Advisor by any third party or by any

person not an employee of Chubb & Son.  (*Id.* at 20.)  These provisions created a

continuing duty for Chubb & Son to not permit use by or access to Blaze Advisor by

individuals who were not employees of Chubb & Son.  The Term of the Agreement was

perpetual.  (*Id.* at ¶9.1; *see also id.* at 11.)

### A.     <u>Chubb & Son's unauthorized uploading and transmission of Blaze Advisor Version 7.1 to persons not employees of Chubb & Son infringed FICO's copyrights.</u>

It is undisputed that Chubb & Son transmitted a copy of Blaze Advisor Version

7.1, located on a Wiki site on its computers in North Carolina, to persons not employees

of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and

Chubb Insurance Company of Canada.  On September 6, 2013, Chubb & Son transmitted

Blaze Advisor Version 7.1 to unauthorized persons in the United Kingdom, who were not

employees of Chubb & Son, for installation in the United Kingdom.  (Decl., Ex. 5; Decl.,

Ex. 6, 39:3-21.)  Ramesh Pandey, Chief Architect and Enterprise Architecture Practice

Leader, █████████████████████ in his binding Rule 30(b)(6) deposition testimony.

(Decl., Ex. 7, 9:9-10:9.)  The evidence also shows that on June 7, 2013, Chubb & Son

transmitted Blaze Advisor Version 7.1 to unauthorized persons in Canada, who were not

employees of Chubb & Son, for installation in Toronto.  (Decl., Ex. 6, 27:11-15; Decl.,

Ex. 8.)  Tony Zhang, Senior IT Architect for Chubb Insurance Company of Canada,

confirmed this transmission by email.  (Decl., Ex. 8.)  Chubb & Son's unauthorized

transmission of Blaze Advisor Version 7.1 infringed 17 U.S.C. §106(3).

Chubb & Son's infringing transmission of Blaze Advisor Version 7.1 was

necessarily enabled by Chubb & Son's upload of Blaze Advisor Version 7.1 to a Wiki

site on its servers in Raleigh, North Carolina, for the purpose of enabling the access and

use of Blaze Advisor Version 7.1 by persons who were not employees of Chubb & Son.

In binding 30(b)(6) testimony, Henry Mirolyuz, Senior Systems Architect, testified that

███████████████████████████████████████████████████████

█████████████████████████████████ (Decl., Ex. 6, 39:3-21; *see*

*also id.*, 33:15-34:8, 54:4-24; Decl., Ex. 9, 22:2-17, 33:4-34:17.)  Mr. Mirolyuz testified

██████████████████████████████████████████████████████████

(Decl., Ex. 6, 39:3-21.)  He further confirmed ███████████████████████

████████████████████████████████ (*Id.*, 78:9-15.)

Chubb & Son's unauthorized uploading of Blaze Advisor Version 7.1 to the Wiki site is

an infringing reproduction (copying) in violation of 17 U.S.C. §106(1).

10

Chubb & Son also permitted employees of the Chubb Insurance Company of

Canada to use Blaze Advisor Version 7.1 in the deployment of the Evolution application

in 2015.  Evolution uses Blaze Advisor.  (Decl., Ex. 10; Decl., Ex. 11.)  When the

Evolution application deployed, ███████████████████████████████

███████   (Decl., Ex. 6, 30:10-31:1.)  In binding 30(b)(6) testimony, Mr. Mirolyuz

████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████   (*Id.*, 30:2-9, 31:2-

14.)  This use ██████████████████████████████████████

████████████████████   (Decl., Ex. 12, 78:11-82:9.)  This unauthorized copying

infringed 17 U.S.C. §106(1).

### B. FICO asserts claims for breach of contract based on Chubb & Son's breach of its continuing obligation not to permit persons not employees of Chubb & Son to access and use Blaze Advisor.

Chubb & Son breached Paragraph 3.1(iv) of the Agreement by permitting persons

who were not employees of Chubb & Son to access and use Blaze Advisor.  Defendants

admit that Chubb Insurance Company of Europe SE, Chubb Insurance Company of

Canada, and Chubb Insurance Company of Australia Ltd. "made use of Blaze Advisor®

software."  (Decl., Ex. 13; Decl., Ex. 14.)  This use was unauthorized.  Each of these

insurance companies was wholly owned by Federal; their employees were not employees

of Chubb & Son.  In binding 30(b)(6) testimony, John Taylor, Senior Vice President of

Finance Shared Services, testified ████████████████████████████████

████████████████████   (Decl., Ex. 15, 37:5-38:3.)  Defendants' verified

interrogatory answers admit that Chubb Insurance Company of Europe SE, Chubb

Insurance Company of Canada, and Chubb Insurance Company of Australia Ltd. used

Blaze Advisor in connection with the issuance of insurance policies.  (Decl., Ex. 2; Decl.,

Ex. 3; Decl., Ex.  4.)  This unauthorized use of Blaze Advisor is a continuing breach of

Chubb & Son's obligations under Paragraph 3.1(iv) of the Agreement.

As described above, Chubb & Son also breached Paragraph 3.1(iv) by distributing

Blaze Advisor Version 7.1 to unauthorized persons who were not employees of Chubb &

Son.  On September 6, 2013, Chubb & Son distributed Blaze Advisor Version 7.1 to

unauthorized persons in the United Kingdom.  (Decl., Ex. 5; Decl., Ex. 7, 9:9-10:9.)  On

June 7, 2013, Chubb & Son distributed Blaze Advisor to unauthorized persons in Canada.

(Decl., Ex. 6, 27:11-15; Decl., Ex. 8.)  Chubb & Son also permitted unauthorized persons

to use and access earlier versions of Blaze Advisor.  On November 6, 2009, Chubb &

Son distributed Blaze Advisor Version 6.7 to employees of Chubb Insurance Company of

Europe SE.  (Decl., Ex. 5; Decl., Ex. 6, 33:15-34:8; Decl., Ex. 7, 9:9-10:9; Decl., Ex. 9,

22:2-17.)  In December 2010, Chubb & Son distributed Blaze Advisor Version 6.9 to

employees of Chubb Insurance Company of Canada.[4]  (Decl., Ex. 6, 54:4-15; Decl., Ex.

16; Decl., Ex. 17; *see also* Decl., Ex. 9, 33:4-34:17; Decl., Ex. 18 (confirming use of

Blaze Advisor Version 6.9 in the Canadian Evolution application); Decl., Ex. 19 (same).)

---

[4] These pre-termination distributions, both before and after the contract action
critical date, support the lost license fee claims for the six-year period of the statute of
limitations.  The November 2009 distribution does not cause the statute of limitations to
run because of the continuing wrong doctrine.

Chubb & Son also permitted the third party consultants AppCentrica and DWS

Group to access and use Blaze Advisor. ███████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████ (Decl., Ex. 6,

72:15-25; Decl., Ex. 14 at 2-3; Decl., Ex. 20 at 1.) ███████████████████

████████████████████████████████████████████

██████████. (Decl., Ex. 20 at 3.)  DWS Group worked with Chubb Insurance

Company of Australia Ltd. and AppCentrica from 2015-2016 to design and develop

Evolution for Australia.  (Decl., Ex. 21; Decl., Ex. 22.)

## V.     FICO is entitled to summary judgment on Federal's statute of limitations defense.

Summary judgment is proper when "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  The "evidence and all fair inferences from it must be viewed in the

light most favorable to the non moving party . . . ."  *Johnson v. Blaukat*, 453 F.3d 1108,

1112 (8th Cir. 2006).

The opposition cannot rely on argument or re-allegation.  *JRT, Inc. v. TCBY Sys.*,

52 F.3d 734, 737 (8th Cir. 1995).  Inadmissible hearsay is equally unavailing.  The party

opposing summary judgment must show that admissible evidence will be available at trial

to establish a genuine issue of material fact.  *See Pink Supply Corp. v. Hiebert, Inc.*, 788

F.2d 1313, 1319 (8th Cir. 1986); *Miller v. Solem*, 728 F.2d 1020, 1026 (8th Cir. 1984).

The statute of limitations is an affirmative defense.  Federal bears the burden of proof.  *Lackawanna Chapter of Ry. & Locomotive Hist. Soc'y, Inc. v. St. Louis Cnty, Mo.*, 606 F.3d 886, 888 (8th Cir. 2010); *Schmidt v. DIRECTV, LLC*, No. 14-3000 (JRT/JSM), 2016 U.S. Dist. LEXIS 16410, at *67 (D. Minn. Jan. 22, 2016) ("A statute of limitations is an affirmative defense, which [] is a defendant's burden to plead and prove.").

### A.   Federal's statute of limitations defense applied to FICO's copyright infringement claims fails as a matter of law.

Federal raises a statute of limitations defense to FICO's pre-termination copyright infringement claims.  (*See* Dkt. 464 at 2-8, 13-14.)  This defense fails.  The statute of limitations must be assessed with respect to the claim at issue.  The only pre-termination claim of copyright infringement that FICO asserts is based on Chubb & Son's unauthorized reproduction and distribution of Blaze Advisor Version 7.1.  Chubb & Son's acts of infringement took place entirely within the three-year limitations period. FICO is entitled to summary judgment.

### (1)   The discovery rule applies; there is no evidence that FICO knew or should have known of Chubb & Son's infringement before April 21, 2013.

Federal has argued that the statute of limitations bars FICO's claim due to infringements outside the limitations period, including the 2009 transmission of Blaze Advisor Version 6.7 to persons not employees of Chubb & Son located in the United Kingdom.  Federal asserts that FICO's copyright infringement claim accrued outside the statute of limitations.  (*See* Dkt. 681 at 1 ("The initial 2009 installation [in the United Kingdom] is when FICO's contract claim for breach of the territory definition in the

14

disputed license agreement and its corresponding claim for copyright infringement both accrued.").)  Federal is wrong for two reasons.

First, Federal's argument is premised on its erroneous view of the law.  The Copyright Act provides a three-year limitation on damages.  *See* 17 U.S.C. § 507(b).  In copyright cases, the Eighth Circuit applies a discovery rule, not an accrual rule, to the statute of limitations.  "Both before and after *Petrella [v. MGM]*, courts within the Eighth Circuit have uniformly applied the discovery rule in copyright-infringement cases." *Design Basics, LLC v. Carhart Lumber Co.*, No. 8:13CV125, 2016 U.S. Dist. LEXIS 12788, at *6-8 (D. Neb. Feb. 3, 2016) (collecting cases); *see also Petrella v. MGM*, 572 U.S. 663, 670 n.4, (2014) ("[N]ine Courts of Appeals have adopted . . . a 'discovery rule,' which starts the limitations period when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.") (internal quotation omitted); *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007) (applying 17 U.S.C. § 507(b) to claim under Cable Communications Policy Act; "In federal question cases, the discovery rule applies in the absence of a contrary directive from Congress.") (internal quotation omitted).  Under the discovery rule, "a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." *Comcast of Ill. X*, 491 F.3d at 944.

When the proper legal standard is applied, Federal's claim fails.  There is no evidence showing that on or before April 21, 2013, FICO knew, or had reason to know, of Chubb & Son's copyright infringement arising from the unauthorized reproduction and

distribution of Blaze Advisor Version 7.1.  Indeed, the evidence shows the opposite.

Federal's Rule 30(b)(6) designee, Henry Mirolyuz, testified ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████  (Decl., Ex. 6, 39:3-21, 78:9-15.)  In the absence of any evidence

showing that FICO knew, or had reason to know, of Chubb & Son's infringement on or

before April 21, 2013, Federal cannot meet its burden to prove its statute of limitations

affirmative defense.  No reasonable jury could find otherwise.

Second, Federal's argument fails because it is directed to the wrong claim.  The

version of Blaze Advisor uploaded to the Wiki site on Chubb & Son's servers and

distributed to the United Kingdom in 2009 was Version 6.7.  (Decl., Ex. 5.)  FICO does

not assert an infringement claim for Blaze Advisor Version 6.7.  FICO only claims

infringement based on Chubb & Son's unauthorized reproduction and distribution of

Blaze Advisor Version 7.1.  As shown *infra* Section V.A.2, Chubb & Son's conduct with

respect to Version 7.1 took place entirely within the limitations period.  The statute of

limitations only applies to the claims that are brought.  Federal's statute of limitations

defense necessarily fails.

> **(2)** **Federal's copyright infringement from the reproduction and distribution of Blaze Advisor Version 7.1 within the statute of limitations is independently actionable.**

As applied to FICO's claim of infringement from the reproduction and distribution

of Blaze Advisor Version 7.1, Federal's statute of limitations defense fails as a matter of

law.  Acts within the statute of limitations are independently actionable.  It is admitted

16

that Chubb & Son's unauthorized reproduction and distribution of Blaze Advisor Version 7.1 to persons in the United Kingdom took place on September 6, 2013.  (Decl., Ex. 5.) Defendants' documents show that Chubb & Son's unauthorized reproduction and distribution of Blaze Advisor Version 7.1 to persons in Canada took place on June 7, 2013.  (Decl., Ex. 8.)  These acts of infringement are *within* the limitations period.  FICO claims pre-termination disgorgement damages from September 6, 2013 to March 31, 2016.[5]

Supreme Court law is clear that the copyright statute of limitations is subject to the separate-accrual rule, under which each infringement carries its own statute of limitations:

> It is widely recognized that the separate-accrual rule attends the copyright statute of limitations.  *Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation*.  Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim that accrues at the time the wrong occurs.  In short, each infringing act starts a new limitations period.

*Petrella*, 572 U.S. at 671 (emphasis added); *see also Negley v. Hallmark Cards, Inc.*, No. 11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS 196584, at *4-5 (W.D. Mo. Mar. 1, 2013) ("However, because Defendant has alleged continuing infringements, the Court finds that

---

[5] FICO had previously claimed disgorgement damages for pre-termination infringement from April 21, 2013.  (*See* Decl., Ex. 23, Schedule 9.0.)  This claim was made prior to Federal's admission, made pursuant to Magistrate Judge Schultz's Order on November 15, 2019, of the infringing transmissions of Blaze Advisor Version 7.1 on September 6, 2013.  (*See* Decl., Ex. 5.)  FICO claims pre-termination disgorgement from Chubb Insurance Company of Canada from 2015 forward, which is the earliest date for which revenue from the use of Blaze Advisor in Canada was reported.  (*See* Decl., Ex. 3; Decl., Ex. 23, Schedule 11.1.)

Defendant's claim should not be dismissed in its entirety. . . . Defendant is not precluded on statute of limitations grounds from supporting its copyright infringement claim with incidents that occurred during the three-year period prior to February 3, 2012."). Here, Chubb & Son's unauthorized reproduction and distribution of Blaze Advisor Version 7.1 took place *after* April 21, 2013.

Chubb & Son infringed 17 U.S.C. §106(1) by uploading Blaze Advisor Version 7.1 to a Wiki site on its computers in Raleigh, North Carolina, for the purpose of enabling the use of Blaze Advisor Version 7.1 by persons who were not employees of Chubb & Son. (Decl., Ex. 6, 39:3-21; 78:9-15.) Chubb & Son also infringed 17 U.S.C. §106(3) by transmitting the copy of Blaze Advisor Version 7.1, located on the Wiki site on its computers in North Carolina, to persons who were not employees of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada. On September 6, 2013, Chubb & Son transmitted Blaze Advisor Version 7.1 to persons in the United Kingdom, who were not employees of Chubb & Son, for installation in the United Kingdom. (Decl., Ex. 5; Decl., Ex. 6, 39:3-21; Decl., Ex. 7, 9:9-10:9.) On June 7, 2013, Chubb & Son transmitted Blaze Advisor Version 7.1 to persons in Canada, who were not employees of Chubb & Son, for installation in Toronto. (Decl., Ex. 6, 27:11-15; Decl., Ex. 8.) Chubb & Son's unauthorized reproduction and distribution is infringement of copyright. 17 U.S.C. § 106(1); 17 U.S.C. § 106(3); *A & M Records, Inc. v. Napster*, 239 F.3d 1004, 1014 (9th Cir. 2001); *Universal City Studios Prods. LLLP v. Bigwood*, 441 F. Supp. 2d 185, 190 (D. Me.

18

2006); *Microsoft Corp. v. AGA Sols., Inc.*, 589 F. Supp. 2d 195, 201 (E.D.N.Y. 2008); *cf.*

*IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 117 (D.D.C. 2018).

Chubb & Son also infringed FICO's exclusive right of reproduction (copying) in

violation of  17 U.S.C. §106(1) by permitting employees of Chubb Insurance Company

of Canada to use Blaze Advisor Version 7.1 installed on servers in North Carolina,

beginning in at least 2015.  (Decl., Ex. 3; Decl., Ex. 6, 30:10-31:1.)  This use necessitated

the making of an unauthorized RAM copy of Blaze Advisor Version 7.1, which is a

reproduction and copying of the copyrighted work in violation of 17 U.S.C. §106(1).

(Decl., Ex. 12, 78:11-82:9.)  *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518

(9th Cir. 1993); *see also Soc'y of the Holy Transfiguration Monastery, Inc. v. Gregory*,

689 F.3d 29, 55 (1st Cir. 2012); *Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*,

338 F. App'x 329, 336-37 (4th Cir. 2009); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F.

Supp. 2d 1119, 1149 (N.D. Cal. 2010).

Under the separate-accrual rule, each of these infringements from the unauthorized

reproduction and distribution of Blaze Advisor Version 7.1 carries its own statute of

limitations.  *See Petrella*, 572 U.S. at 671; *Negley*, 2013 U.S. Dist. LEXIS 196584, at *4-

5.  This lawsuit commenced on April 21, 2016.  (*See* Dkt. 1.)  All acts of infringement

from the unauthorized reproduction and distribution of Blaze Advisor Version 7.1 took

place after April 21, 2013 and are within the limitations period.  Since each infringing act

carries a separate statute of limitations, FICO is entitled to sue on these separate

infringements.  Federal's statute of limitations defense fails.

**(3)    There is no extra-territorial application of the Copyright Act; under the predicate-act doctrine FICO is entitled to the damages flowing from foreign exploitation of domestic infringing acts.**

Chubb & Son's infringement is not an extra-territorial application of the Copyright Act.  Under the predicate-act doctrine, where a copyright owner shows a domestic violation of the Copyright Act, the copyright owner is entitled to all damages flowing from the foreign exploitation of the infringing act.  *See Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939) (defining predicate act doctrine); *cf. WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2138 (2018) (affirming award of foreign lost profits flowing from a domestic act of patent infringement).  The doctrine has been adopted by the Second, Fourth, and Ninth Circuits, and district courts elsewhere.  *Tire Eng'g & Distrib. v. Shandong Linglong Rubber*, 682 F.3d 292, 308 (4th Cir. 2012); *Los Angeles News Serv. v. Reuters TV Int'l*, 149 F.3d 987, 990-92 (9th Cir. 1998); *Sheldon*, 106 F.2d at 52; *Motorola Sols. v. Hytera Communs. Corp.*, No. 1:17-cv-1973, 2020 U.S. Dist. LEXIS 35942, at *41 (N.D. Ill. Jan. 31, 2020) (collecting cases and adopting predicate act doctrine: "[T]he Court holds that Plaintiffs are entitled to recover damages flowing from exploitation abroad of the domestic acts of infringement committed by Defendants."); *IMAPizza, LLC*, 334 F. Supp. 3d at 117.  No court, including this Court, has rejected the doctrine.

Applying the predicate-act doctrine to the facts of this case, FICO is entitled to disgorgement resulting from the foreign exploitation of Chubb & Son's infringement.  Chubb & Son's infringements of 17 U.S.C. §106(1) and 17 U.S.C. §106(3) are not extra-territorial applications of the Copyright Act.  These infringements are predicated on

Chubb & Son's *domestic* acts, which include the unauthorized uploading and transmitting of Blaze Advisor Version 7.1 from a Wiki site on its computers in North Carolina, as described *supra* Section V.A.2. Chubb & Son's infringement took place entirely within the United States. Chubb & Son also violated 17 U.S.C. §106(1) by permitting employees of Chubb Insurance Company of Canada to use Blaze Advisor Version 7.1 installed on servers in North Carolina, which necessitated the making of an unauthorized RAM copy in the United States. This was entirely a *domestic* act of infringement. FICO is entitled to all damages flowing from foreign exploitation of Chubb & Son's domestic predicate acts of infringement.

Under the predicate-act doctrine, these acts of infringement are not extra-territorial applications of the Copyright Act.

### (4)    FICO is entitled to disgorge profits from Federal and ACE American's single enterprise.

FICO is entitled to recover from the named defendants, Federal and ACE American, gross written premium from the sale of insurance by foreign companies (and other companies in their single enterprise) in connection with which Blaze Advisor was used. As this Court found, FICO has the right to prove at trial it is entitled to recover the revenue derived from the use of Blaze Advisor from the other writing companies who, along with Federal and ACE American, generate revenue as part of a single enterprise. (*See* Dkt. 731 at 32 ("Regardless of whether the disputed profits were earned in part by nonparties, the relevant issue is whether any such profits may fairly be considered profits of the infringer subject to FICO's disgorgement claim.").) The Court found that "the law

21

does not preclude FICO from seeking to disgorge certain profits that, although *earned* by non-parties, may nonetheless belong to Defendants." (*Id.* at 33 (emphasis original).)

Defendants are jointly liable for profits "collectively derived from the acts of copyright infringement." *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 (4th Cir. 2002); *see also Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (observing that the Copyright Act "aims . . . to strip the infringer of the profits generated from infringement"); *cf. Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 610 F. Supp. 2d 998, 1019-20 (D. Minn. 2009); *Tran v. Farmers Grp., Inc.*, 104 Cal. App. 4th 1202, 1206, 1218-19 (Cal. App. 2002) (permitting recovery of damages from insurance companies acting as a single enterprise). This recovery includes, but is not limited to,[6] the recovery of revenues from Chubb Insurance Company of Europe SE, Chubb Insurance Company of Canada, and Chubb Insurance Company of Australia Ltd., flowing from Chubb & Son's predicate acts of infringement. These companies generate revenue as part of a single enterprise, along with the named defendants Federal and ACE American.

**B.**    **Federal's statute of limitations defense as applied to FICO's breach of contract claims fails as a matter of law.**

FICO is entitled to summary judgment on Federal's statute of limitations defense on its breach of contract claims. Federal's defense fails as a matter of New York law,

---

[6] FICO also seeks to disgorge profits earned by certain domestic insurance companies that flowed from copyright infringement by the named defendants Federal and ACE American. This claim does not implicate the predicate-act doctrine and is not the subject of the present Motion.

under which the statute of limitations does not run for continuous breaches of continuing contractual obligations.

New York has a six-year statute of limitations.  N.Y. C.P.L.R. § 213(2).  New York recognizes the continuing wrong doctrine in breach of contract cases.  *See Garron v Bristol House, Inc.*, 79 N.Y.S.3d 265, 267 (N.Y. App. Div. 2018); *Meadowbrook Farms Homeowners Ass'n, Inc. v. JZG Res., Inc.*, 963 N.Y.S.2d 300, 302 (N.Y. App. Div. 2013). The continuing wrong doctrine applies "where there is a series of continuing wrongs" and "serves to toll the running of a period of limitations to the date of the commission of the last wrongful act."  *Garron*, 79 N.Y.S.3d at 267 (internal quotation omitted).  The statute of limitations does not run when the contract imposes a continuing obligation on the breaching party, and the damages recovery is limited to the six-year period immediately preceding filing of the lawsuit.  *Id.  See also Meadowbrook Farms*, 963 N.Y.S.2d at 302 ("[W]here a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period."); *Airco Alloys Div., Airco, Inc. v. Niagara Mohawk Power Corp.*, 430 N.Y.S.2d 179, 186 (N.Y. App. Div. 1980) ("[W]here a contract provides for continuing performance over a period of time, . . . accrual occurs continuously and plaintiffs may assert claims for damages occurring up to six years prior to filing of the suit.").

Federal argues that FICO's breach of contract claim accrued in November 2009, which is outside the statute of limitations.  (*See* Dkt. 681 at 1.)  This argument ignores the continuing wrong doctrine.  FICO does not claim damages from November 2009 forward.  While the ADAPT applications in use in the United Kingdom and Australia

first generated revenue in 2007, FICO claims damages from April 21, 2010, forward, for the continuing breach of Chubb & Son's obligations under Paragraph 3.1 of the Agreement.  (*See* Decl., Ex. 23, Schedule 5.0 (limiting start date of license fees for ADAPT to April 21, 2010); *see also id.* at ¶98; Decl., Ex. 4.)  FICO's damages claims for the other Blaze Advisor applications, including Evolution,[7] EZER, Exari, and Broker Site, begin as of the first date of unauthorized use, which took place within the limitations period.  (*See* Decl., Ex. 23, Schedule 5.0.)

Under Paragraph 3.1, Chubb & Son represented and warranted that: (i) use would not exceed the scope of any license granted under the Agreement, and (iv) Chubb & Son would not disclose Blaze Advisor or permit the use or access of Blaze Advisor by any individuals other than Chubb & Son employees. (Decl., Ex. 1 at 2.)  The Term of the Agreement was perpetual.  (*Id.* at ¶9.1; *see also id.* at 11.)  These provisions created a continuing duty to not permit use by or access to Blaze Advisor by individuals who were not employees of Chubb & Son.

This lawsuit commenced on April 21, 2016.  All continuing acts after April 21, 2010 are within the six-year limitations period for breach of contract.  On and after April 21, 2010, Chubb & Son breached Paragraph 3.1(iv) of the Agreement by permitting persons who were not employees of Chubb & Son, including employees of Chubb

---

[7] FICO's claim for lost license fee damages for Evolution in Canada begins September 6, 2013, which is the earliest date for which Blaze Advisor Version 6.9 was used in connection with the Evolution application.  (*See* Decl., Ex. 23, Schedule 5.0; *see also* Decl., Ex. 18; Decl., Ex. 24, 206-09.)  For purposes of the lost license fee claim, the version of Blaze Advisor in use is immaterial.

Insurance Company of Europe SE, Chubb Insurance Company of Canada, and Chubb Insurance Company of Australia Ltd., to access and use Blaze Advisor.  As shown *supra* Section IV.B, Defendants admit that these companies used Blaze Advisor to issue insurance policies.  (Decl., Ex. 2; Decl., Ex. 3; Decl., Ex. 4; Decl., Ex. 13; Decl., Ex. 14.) Chubb & Son has no employees outside the United States.  (Decl., Ex. 15, 37:5-38:3.) This use was unauthorized and a continuing breach of Chubb & Son's obligations under Paragraph 3.1(iv).

Due to Chubb & Son's continuing breach after April 21, 2010, FICO may recover damages for the unauthorized use of the ADAPT application during the entire limitations period—April 21, 2010 to the present.  *See Garron*, 79 N.Y.S.3d at 267; *Meadowbrook Farms*, 963 N.Y.S.2d at 302.  FICO only claims damages for the other Blaze Advisor applications from the first date of unauthorized use forward, entirely within the limitations period.  (*See* Decl., Ex. 23, Schedule 5.0.)  Because Chubb & Son's breach is continuous, the statute of limitations does not run and FICO is entitled to recover all damages that are within the six-year statute of limitations.

Federal's statute of limitations defense also fails with respect to the unauthorized disclosure and use of Blaze Advisor by third party consultants.  As shown *supra* Section IV.B, after April 21, 2010, Chubb & Son also breached Paragraph 3.1(iv) of the Agreement by permitting the third party consultants AppCentrica and DWS Group, to access and use Blaze Advisor from 2014-2016.  (Decl., Ex. 21 at 3; Decl., Ex. 22; Decl., Ex. 23.)  This claim arose entirely within the limitations period.

25

The statute of limitations does not bar any of FICO's claims.  FICO is entitled to summary judgment as a matter of law.

## VI.    Conclusion

For the reasons stated, FICO respectfully requests summary judgment that Federal cannot meet its burden to prove FICO's copyright infringement and breach of contract claims are barred, in whole or in part, by the statute of limitations. FICO requests that the Court strike Federal's affirmative defense.

Dated: April 22, 2020

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff Fair Isaac
Corporation*