# EXHIBIT 13

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S SECOND SET OF
REQUESTS FOR ADMISSION**

To:   Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A.
      Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street,
      Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Response to Plaintiff's

Second Set of Requests for Admission, states and alleges as follows:

### GENERAL RESPONSES

1.     Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.     Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.

3.      Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### RESPONSES TO SECOND SET OF REQUESTS FOR ADMISSION

**REQUEST NO. 13:**  Admit that before January 15, 2016, The Chubb Corporation had the authority to direct or cause the directions of the management and policies of Federal Insurance Company.

**RESPONSE:**  Admitted that at times prior to January 15, 2016, Federal was a wholly-owned subsidiary of the Chubb Corporation.  Federal objects to this request because the phrase "authority to direct or cause the directions" is vague and ambiguous. Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 14:**  Admit that before January 15, 2016, The Chubb Corporation had the power to direct or cause the directions of the management and policies of Federal Insurance Company.

**RESPONSE:**  Admitted that at times prior to January 15, 2016, Federal was a wholly-owned subsidiary of the Chubb Corporation.  Federal objects to this request because the phrase "power to direct or cause the directions" is vague and ambiguous. Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 15:**  Admit that after January 15, 2016, Chubb Limited, formerly known as ACE Limited, had the authority to direct or cause the directions of the management and policies of Federal Insurance Company.

**RESPONSE:**  Admitted that after January 15, 2016, Federal was a wholly-owned subsidiary of ACE INA Holdings Inc., which changed its name to Chubb INA Holdings

Inc. on March 22, 2016.  Admitted that after March 22, 2016 Chubb INA Holdings Inc.

was 20% held by Chubb Limited and 80% held by Chubb Group Holdings Inc., whose

corporate parent is Chubb Limited.  Federal objects to this request because the phrase

"authority to direct or cause the directions" is vague and ambiguous.  Federal is without

sufficient information to further admit or deny this request as written.  Accordingly, to

the extent not admitted, Federal denies this request.

**REQUEST NO. 16:**  Admit that after January 15, 2016, Chubb Limited, formerly known as ACE Limited, had the power to direct or cause the directions of the management and policies of Federal Insurance Company.

**RESPONSE:**  Admitted that after January 15, 2016, Federal was a wholly-owned

subsidiary of ACE INA Holdings Inc., which changed its name to Chubb INA Holdings

Inc. on March 22, 2016.  Admitted that after March 22, 2016 Chubb INA Holdings Inc.

was 20% held by Chubb Limited and 80% held by Chubb Group Holdings Inc., whose

corporate parent is Chubb Limited.  Federal objects to this request because the phrase

"authority to direct or cause the directions" is vague and ambiguous.  Federal is without

sufficient information to further admit or deny this request as written.  Accordingly, to

the extent not admitted, Federal denies this request.

**REQUEST NO. 17:**  Admit that before January 15, 2016, all of the ownership and voting rights of the stock of Federal Insurance Company was held by The Chubb Corporation.

**RESPONSE:**  Admitted that at times prior to January 15, 2016, all of the

ownership and voting rights of the stock of Federal Insurance Company was held by The

Chubb Corporation.

**REQUEST NO. 18:**  Admit that after January 15, 2016, all of the ownership and voting rights of the stock of Federal Insurance Company was held by ACE INA Holdings Inc.

**RESPONSE:**  Admitted that after January 15, 2016, the ownership and voting rights of the stock of Federal Insurance Company were held by ACE INA Holdings Inc., which changed its name to Chubb INA Holdings Inc. on March 22, 2016.

**REQUEST NO. 19:**  Admit that after January 15, 2016, all of the ownership and voting rights of the stock of ACE INA Holdings Inc. was held by Chubb Limited, formerly known as ACE Limited.

**RESPONSE:**  Denied.

**REQUEST NO. 20:**  Admit that Federal has disclosed the Blaze Advisor® software to Chubb Insurance Company of Europe SE.

**RESPONSE:**  Federal objects to this request because the phrase "disclosed the Blaze Advisor® software" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Europe SE made use of Blaze Advisor® software. Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 21:**  Admit that Federal has distributed the Blaze Advisor® software to Chubb Insurance Company of Europe SE.

**RESPONSE:**  Federal objects to this request because the phrase "distributed the Blaze Advisor® software" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Europe SE made use of Blaze Advisor® software.

Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 22:**  Admit that Federal permitted Chubb Insurance Company of Europe SE to access the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request because the phrase "permitted…to access" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Europe SE made use of Blaze Advisor® software.  Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 23:**  Admit that Federal has disclosed the Blaze Advisor® software to Chubb Insurance Company of Canada.

**RESPONSE:**  Federal objects to this request because the phrase "disclosed the Blaze Advisor® software" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Canada made use of Blaze Advisor® software. Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 24:**  Admit that Federal has distributed the Blaze Advisor® software to Chubb Insurance Company of Canada.

**RESPONSE:**  Federal objects to this request because the phrase "distributed the Blaze Advisor® software" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Canada made use of Blaze Advisor® software.

Federal is without sufficient information to further admit or deny this request as written.

Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 25:**  Admit that Federal permitted Chubb Insurance Company of Canada to access the Blaze Advisor® software.

**RESPONSE:**  Federal objects to this request because the phrase "permitted...to access" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Canada made use of Blaze Advisor® software.  Federal is without sufficient information to further admit or deny this request as written.  Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 26:**  Admit that Federal has disclosed the Blaze Advisor® software to Chubb Insurance Company of Australia Ltd.

**RESPONSE:**  Federal objects to this request because the phrase "disclosed the Blaze Advisor® software" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Australia Ltd. made use of Blaze Advisor® software. Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 27:**  Admit that Federal has distributed the Blaze Advisor® software to Chubb Insurance Company of Australia Ltd.

**RESPONSE:**  Federal objects to this request because the term "distributed" is vague and ambiguous.  Subject to the above, Federal admits that Chubb Insurance Company of Australia Ltd. made use of Blaze Advisor® software.  Federal is without

sufficient information to further admit or deny this request as written.   Accordingly, to the extent not admitted, Federal denies this request.

**REQUEST NO. 28:**   Admit that Federal has permitted Chubb Insurance Company of Australia Ltd. to access the Blaze Advisor® software.

**RESPONSE:**   Federal objects to this request because the phrase "permitted…to access" is vague and ambiguous.   Subject to the above, Federal admits that Chubb Insurance Company of Australia Ltd. made use of Blaze Advisor® software.   Federal is without sufficient information to further admit or deny this request as written. Accordingly, to the extent not admitted, Federal denies this request.

Dated:  January 29, 2018

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendant***

63011577

7