## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

        Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, and ACE
AMERICAN INSURANCE COMPANY,
a Pennsylvania corporation,

        Defendants.

Court File No.  16-cv-1054 (WMW/DTS)


**SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

---

Defendants Federal Insurance Company and ACE American Insurance Company (collectively, "Federal"), in accordance with the Court's March 23, 2020 Order, submit this supplemental memorandum in further support of their motion for summary judgment.

## **INTRODUCTION**

In Count II of its Second Amended Complaint, Fair Isaac Corporation ("FICO") alleges that Federal infringed FICO's copyrights in two ways.  (Dkt. 132, ¶¶ 47-53.) First, FICO asserts that Federal distributed Blaze Advisor software to its affiliates located in Australia, Canada, and Europe (the "distribution claim").  (Dkt. 398 at 8 & 13-17.) Second, FICO asserts that Federal infringed its copyrights when certain third-party consultants used or accessed the software in Australia and Canada (the "third-party use claim").  (*Id.* at 17.)  Federal is entitled to summary judgment on FICO's distribution claim and third-party use claim for two reasons.

First, both FICO's distribution claim and third-party use claim are not supported by a domestic act of infringement and, instead, relate to conduct occurring outside of the United States. The claims are therefore barred by the Copyright Act's well-established territorial restrictions. To avoid the Copyright Act's well-established territorial restrictions, FICO urges the Court to adopt the "predicate act" doctrine. This Court should not adopt the predicate act doctrine because it is not the law in the Eighth Circuit, the doctrine has never been applied by a district court in the Eighth Circuit, and the doctrine runs counter to the policy rationale underlying the Copyright Act's territorial restrictions. In any event, even if the Court did apply the predicate act doctrine, FICO's distribution claim and third-party use claim would still fail because FICO cannot establish a domestic act of infringement as the doctrine requires.

Second, FICO's distribution claim is barred by the Copyright Act's three-year statute of limitations. The undisputed evidence establishes that FICO knew Blaze was being used by affiliates outside the United States at the latest as of August 2012. As such, FICO was required to bring its distribution claim by August 2015, which it failed to do. In addition, and in the alternative, FICO relies on evidence of installations in Europe occurring in 2009, which cannot support its distribution claim because that conduct took place years outside of the Copyright Act's statute of limitations.

For these reasons, Federal is entitled to summary judgment on FICO's distribution claim and third-party use claim.

# BACKGROUND[1]

## I.   FICO'S COPYRIGHT INFRINGEMENT CLAIM CONCERNING DISTRIBUTION AND THIRD-PARTY USE.

Count II of FICO's Second Amended Complaint, which is the subject of this motion, is a claim for copyright infringement based on Federal's purported "unauthorized reproduction and distribution" of Blaze Advisor software to third parties.  (Dkt. 132, ¶¶ 47-53.)  FICO asserts two theories in support of Count II.  (*See* Dkt. 398.)  First, FICO alleges Federal infringed its copyrights based on purported distributions to Federal's affiliates in Australia, Canada and Europe.  (*Id.* at 9 & 13.)  FICO asserts the "distributions" are installations of Blaze.  (*Id.* at 13.)  Second, FICO alleges Federal infringed its copyrights based on use by third-party consultants located in Australia and Canada.  (*Id.* at 9.)

In its motion for summary judgment, the evidence FICO submitted in support of the distribution claim related to acts that took place in 2009 and 2010.  (*See* Dkt. 401, Exs. 14-17.)  FICO's evidence of a distribution consisted of (1) an email chain from May 2009 discussing installation of Blaze in Europe, and (2) an email from December 2010 in which a Chubb IT Architect in Canada requested access to Blaze.  (*See* Dkt. 401, Exs. 14-17.)  FICO did not submit any evidence concerning a distribution to Federal's affiliate in

---

[1] This memorandum is submitted in response to the Court's March 23, 2020 Order on the parties' cross-motions for summary judgment.  (*See* Dkt. 731.)  In that Order, the Court granted the parties an opportunity to file supplemental motions for summary judgment limited to "the issue of Federal's statute-of-limitations defense and the related issue of the predicate-act doctrine."  (*Id.* at 52-53.)  Therefore, this memorandum is limited to those issues.   Additional background is set forth in Federal's memoranda submitted in connection with the parties' cross-motions for summary judgment.  (*See* Dkts. 445, 507, 567.)

Australia.  (*See* Dkt. 398 & 401.)  Following submission of FICO's motion for summary judgment, Federal moved to amend its answer to add applicable statutes of limitations as affirmative defenses.  (Dkt. 456-465.)

After Magistrate Judge Shultz granted Federal's motion to amend, the parties conducted additional discovery related to alleged distributions, in the form of installations, of Blaze outside of the United States.  By letter dated November 15, 2019, Federal disclosed the installations of Blaze that have occurred outside of the United States.  (Declaration of Terrence J. Fleming, dated April 22, 2020 ("Fleming Decl."), Ex. A.)  In addition, on November 26, 2019, FICO conducted a 30(b)(6) deposition on the topic of "[a]ll installation of all versions of the FICO software at issue in this lawsuit where the installation occurred outside of the United States."  (Fleming Decl., Ex. B.)

## II.   THE UNDISPUTED MATERIAL FACTS CONCERNING DISTRIBUTION OF BLAZE OUTSIDE THE UNITED STATES.

The undisputed material facts gathered from the additional discovery that was taken related to distributions outside of the United States demonstrate that (1) no installations of Blaze occurred in Australia or Canada; and (2) three installations occurred in Europe.

### A.   No Installations of Blaze Occurred in Canada or Australia.

Blaze was never installed in Canada.  (Fleming Decl., Ex. A.)  The servers for Canada are in Raleigh, North Carolina making installation in Canada an impossibility. (Fleming Decl., Ex. C; Tr. 25:1-2.)

Blaze was never installed in Australia. (Fleming Decl., Ex. A.) The servers for Australia are in the United Kingdom, making installation in Australia an impossibility. (Fleming Decl., Ex. C; Tr. 46:2-7; 47:21-23.)

**B.      Federal's Affiliate in Europe Installed Blaze in 2009, 2013 and 2017.**

The only installations of Blaze in Europe occurred in the United Kingdom at the UK Data Center. (Fleming Decl., Ex. A.) The first installation of Blaze in the United Kingdom occurred on November 6, 2009 at the UK Data Center. (*Id.*) On that date, Blaze Version 6.7 was installed. (*Id.*) The original installation was later updated to Blaze Version 7.1 on September 6, 2013 and May 9, 2017. (*Id.*) No other installations of Blaze occurred in the United Kingdom. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that the Court shall grant summary judgment when the "materials in the record . . . show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if it "might affect the outcome of the suit," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for" either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is also appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]tatements of counsel are not evidence and do not create issues of fact." *Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995)

5

(internal quotation omitted). "Legal opinions do not qualify as facts for purposes of summary judgment, and courts may disregard such opinions." *Cable v. FedEx Freight, Inc.*, 2014 WL 6810816, at *10 (M.D.N.C. Dec. 2, 2014).

## ARGUMENT

## I.   FICO'S COPYRIGHT INFRINGEMENT CLAIM FAILS AS A MATTER OF LAW.

To succeed on its copyright claim, FICO has the burden of demonstrating (1) ownership of a valid copyright and (2) that the defendant has, without authorization, copied, displayed, or distributed protected elements of the copyrighted work.  17 U.S.C. § 106; *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004).   A copyright claim must fail as a matter of law if a copyright owner cannot establish violation of one of the enumerated exclusive rights found within Section 106 of the Copyright Act.  17 U.S.C. § 106.  Mere use of a copyrighted work, whether licensed or not, does not implicate any of the Copyright Act's exclusive rights and is not actionable as copyright infringement.  *See, e.g.*, *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 447 (1984); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 154-55 (1975); *Fortnightly Corp. v. Un. Artists Television, Inc.*, 392 U.S. 390, 393-95 (1968); *Actuate Corp. v Fidelity Nat'l Information Servs.*, 2014 WL 4182093, at *4 (N.D. Cal. Aug. 22, 2014) *cf. Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 431-32 (8th Cir. 1993) (analyzing copyright precedent and noting that "[r]ather than stating a rule that any *use* exceeding the license is infringing, these cases establish that engaging in one of the acts reserved to the copyright holder under § 106, without a

6

license, is infringing" but that "a contractual restriction on *use* of a computer program was distinct from the exclusive copyright rights.") (emphasis added).

To survive a motion for summary judgement, FICO must show "a domestic act of distribution" that occurred within the Copyright Act's three-year statute of limitations. *See* 17 U.S.C. §§ 106; 507(b).  FICO's distribution claim and third-party use claim fail for two reasons.  First, FICO's distribution and third-party use claims are both premised on conduct taking place outside of the United States and are, therefore, barred by the territorial restrictions of the Copyright Act.  Second, FICO's distribution claim is barred by the Copyright Act's three-year statute of limitations.

> **A.      FICO's Distribution and Third-Party Use Claims Fail Because the Predicate Act Doctrine Does Not Apply.**

FICO's distribution and third-party use claims fail because the predicate act doctrine does not apply.  First, as a matter of law FICO cannot assert a copyright infringement claim based solely on conduct occurring outside of the United States due to the Copyright Act's well-established territorial restrictions.  Second, the predicate act doctrine, a seldom applied exception to the Copyright Act's territorial restrictions, does not apply—it is not the law in the Eighth Circuit and, therefore, should not be applied by this Court.  Third, even if the Court applied the predicate act doctrine, FICO's claim would still fail because the undisputed facts do not support the claim.

> **1.      As a matter of law, FICO cannot assert a copyright infringement claim based on conduct occurring outside of the United States.**

FICO's distribution and third-party use claims must fail based on the territorial limitations of the Copyright Act.  It is well-established that "United States copyright law

has no extraterritorial effect." *Iverson v. Grant*, 133 F.3d 922, 925 (8th Cir. 1998); *see also Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1095-98 (9th Cir. 1994) (same); *Robert Stigwood Grp., Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976) (same).   As a leading treatise on copyright law put it:

> *Every* court to have examined the issue has held that Congress did not intend the Copyright Act to be applied extraterritorially, beginning with the Supreme Court in 1908.  Extraterritorial acts of infringement are, therefore, beyond the subject matter jurisdiction of U.S. federal courts.

7 Patry on Copyright § 25:86 (emphasis added).   Thus, a plaintiff cannot maintain a copyright infringement claim that is based on conduct taking place outside of the United States.  *Iverson*, 133 F.3d at 925; *see also, e.g.*, *Subafilms*, 24 F.3d at 1089 ("when the assertedly infringing conduct consists solely of the authorization within the territorial boundaries of the United States of acts that occur entirely abroad . . . such allegations do not state a claim for relief under the copyright laws of the United States").

FICO has not presented any evidence of a domestic act of infringement by Federal and, instead, it relies on conduct taking place outside of the United States.  (Dkt. 446, Exs. 13-24.)   Federal cannot be held liable for copyright infringement based on the actions of its affiliates or the third-party consultants all of which occurred outside of the United States.  *See Datacarrier S.A. v. WOCCU Servs. Grp.*, 221 F. Supp. 3d 1078, 1085 (W.D. Wis. 2016) (dismissing infringement claims where defendant authorized foreign affiliates in South America to use plaintiff's software); *see also Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co., 850* F.3d 785, 799 (5th Cir. 2017) ("Where a copyright plaintiff claims contributory infringement predicated on direct infringement that occurred

entirely extraterritorially, the plaintiff has stated no claim."). Because FICO has not presented any evidence of direct infringement by Federal and, instead, relies entirely on acts by Federal's foreign affiliates and third-party consultants taking place outside of the United States, both FICO's distribution claim and third-party use claim are barred by the Copyright Act's territorial restrictions.

### 2. The predicate act doctrine has not been accepted in the Eighth Circuit and, therefore, it should not be applied by this Court.

In response to the Copyright Act's territorial restrictions, FICO urges the Court to apply the predicate act doctrine. (*See* Dkt. 499 at 26 & 43; 667; 722.) The Court should reject this argument.

The predicate act doctrine has been fashioned by some courts outside of the Eighth Circuit to provide a narrow exception to the Copyright Act's territorial restrictions. The doctrine provides that where copyright owners establish that an infringing, predicate act in the United States facilitated further infringements abroad they may collect damages arising from the foreign infringements. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939).

The predicate act doctrine is not the law in the Eighth Circuit, which has never adopted it. Moreover, no district court in the Eighth Circuit has ever applied, relied upon or interpreted the doctrine.[2] Indeed, were this Court to apply the doctrine it would be the

---

[2] The predicate act doctrine has been adopted by only three circuit courts. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co*., 682 F.3d 292, 307 (4th Cir. 2012); *L.A. News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987 (9th Cir. 1988); *Sheldon*, 106 F.2d at 52. In those circuits, the doctrine is rarely applied.

very first district court to do so in the Eighth Circuit.  This alone justifies rejection of the doctrine.

Even in those circuits where the doctrine has been adopted, it is rarely applied by district courts.  And even in those rare circumstances where it has been applied, the doctrine receives significant criticism due to its lack of legal foundation.  *See The Fourth Circuit goes way, way off the deep end: Tire Engineering & Distribution, LLC v. Shandong Linglong Rubber Company, Ltd.*, William F. Patry, Patry on Copyright, § 25:92.50 (criticizing Fourth Circuit's adoption and application of the predicate act doctrine); *see also Extending the Copyright Act Abroad: The Need for Courts to Reevaluate the Predicate-Act Doctrine*, 23 DePaul J. Art, Tech. & Intell. Prop. L. 237, 257 (2012) ("the predicate-act doctrine has a very weak doctrinal foundation").

The predicate act doctrine also conflicts with well-established law, especially the well-established principle – followed by the Eighth Circuit – that the Copyright Act has no extraterritorial application.  *See Iverson*, 133 F.3d at 925.  In addition, the doctrine conflicts with international law, including the United States' obligations under the Berne Convention.  *See supra* Argument Section I.A.2, *Extending the Copyright Act Aboard*, 23 DePaul J. Art, Tech. & Intell. Prop. L. at 257; *see also Datacarrier*, 221 F. Supp. 3d at 1085 (recognizing the predicate act doctrine creates problems among nations' various copyright laws because "different aspects of the same course of infringement would be governed by different law.").  In sum, strong policy considerations counsel against the adoption of the predicate act doctrine.

To summarize, the predicate act doctrine is not Eighth Circuit law, has never been applied by a district court in the Eighth Circuit, and presents clear conflicts with United States and international copyright law.  Any one of these reasons, let alone all three, should preclude application of the doctrine here.

> **3.     Even if the Court applies the doctrine, the undisputed facts do not support FICO's distribution or third-party use claims.**

Even if the Court applies the doctrine, FICO's distribution and third-party use claims would still fail.  First, the predicate act doctrine does not apply to FICO's distribution claim because the alleged distribution was to Federal's affiliates, which were permitted to use the software by the Second Amendment to the License Agreement. Second, both FICO's distribution and third-party use claims fail because FICO cannot establish a domestic act of infringement by Federal as required by the doctrine.  Third, FICO's distribution claim concerning Federal's affiliates in Australia and Canada fails because the undisputed material facts establish there were no distributions to those affiliates.

> **a.     The predicate act doctrine does not apply to FICO's distribution claim because the distribution was to Federal's licensed affiliates.**

The predicate act doctrine does not apply to FICO's distribution claim because any distribution to Federal's affiliates was licensed and cannot support a copyright infringement claim.  In its March 23, 2020 Order, the Court held that the License Agreement does not contain any territorial restrictions.  (Dkt. 731 at 41.)  It is further

undisputed that the Second Amendment expanded the scope of the License Agreement to

include the "Client and its Affiliates":

> For purposes of this Amendment Two, the Enterprise-Wide License shall
> mean that **Client and its Affiliates** may use the Fair Isaac Product for their
> internal business purposes…

(Dkt. 434 at FICO0000227) (emphasis added).   The "Client" under the License

Agreement is Federal.   As such, any distribution to Federal's affiliates was licensed and

cannot form the basis for copyright infringement claims.   *See, e.g.*, *Quinn v. City of

Detroit*, 23 F. Supp. 2d 741, 749 (E.D. Mich. 1998) ("Since the City possessed a license

to use [the software], Plaintiff cannot prevail on its claim of infringement."); *Keane

Dealer Servs., Inc. v. Harts*, 968 F. Supp. 944, 947 (S.D.N.Y. 1997) ("A license is a

defense to a claim of copyright infringement.").   Therefore, Federal is entitled to

summary judgment on this issue and FICO's distribution claim must be dismissed.[3]

> ### b.   Both FICO's distribution and third-party use claims fail because FICO cannot establish a domestic act of infringement as the doctrine requires.

FICO's distribution and third-party use claims also fail under the predicate act

doctrine because FICO has not presented evidence of a domestic act that violates one of

the exclusive rights protected under § 106 of the Copyright Act as required under the

doctrine.   To state a claim under the predicate act doctrine, a plaintiff "must first

demonstrate that the domestic predicate act was itself an act of infringement in violation

---

[3] The Court agreed that it "would make little sense" to hold that Chubb & Son, a division of Federal, but not Federal, is the client, because this would mean "a non-legal entity could enter a contract yet never be sued on that contract should a dispute arise."   (Dkt. 731 at 43.)   The Court declined to grant Federal summary judgment on the client issue, stating that Federal had not moved for summary judgment on this issue.   (*Id*. at 44, n. 15.)

of the copyright laws." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 1996 WL 724734, at *4-5 (S.D.N.Y. Dec. 17, 1996); *see also* Nimmer on Copyright, § 17.02 (the predicate act doctrine does not apply "absent proof that the requisite conduct actually took place within the United States."); *see also Luar Music Corp. v. Universal Music Grp., Inc.*, 861 F. Supp. 2d 30 (D. P.R. 2012).  As noted above, merely alleging that a party "used" software, whether inside the United States or outside of it, does not state a claim for copyright infringement.  *See supra* Argument Section I.  Here, there is no domestic predicate act.

FICO's evidence relates to mere use by Federal's affiliates and certain third-party consultants outside of the United States.  (Dkt. 401, Exs. 13-24.)  This evidence does not establish an act of infringement, let alone a *domestic* act of infringement.  Without a predicate act, FICO's distribution claim and third-party use claims fail as a matter of law.

### c.    There were no distributions in Australia or Canada.

FICO's distribution claim with respect to Federal's affiliates in Australia and Canada also fails as a matter of law because the undisputed facts demonstrate there were no distributions to these affiliates.  No installations occurred in Canada or Australia.  As outlined above, the parties conducted additional discovery directed towards installation and distribution after Magistrate Judge Schultz granted Federal's motion to amend its answer to add applicable statutes of limitations defenses.  *See supra* Background Section II.  In disclosures to FICO during that discovery, Federal confirmed that *no installations have occurred in Canada or Australia.*  (Fleming Decl., Ex. A.)  Likewise, Federal's 30(b)(6) testimony confirms no installations have taken place in Canada or Australia.

13

(Fleming Decl., Ex. C, Tr. 25:1-2; 46:2-7; 47:21-23.)   FICO has no evidence to the contrary.   Thus, because the undisputed material facts demonstrate no installations occurred in Canada or Australia, FICO's copyright distribution claim related to these affiliates must be dismissed.

### B.   FICO's Distribution Claim Fails Under the Copyright Act's Statute of Limitations.

FICO's distribution claim also fails because it was brought outside of the statutory period, which expired in August 2015 at the latest, and the claim is therefore time barred. In the alternative, evidence relied on by FICO to establish distributions in Europe falls outside the applicable statute of limitations.

### 1.   The Copyright Act's three-year statute of limitations and accrual.

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).   "Under this rule, a cause of action accrues and the statute of limitations begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." *Comcast of Ill. X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir. 2007).   Courts routinely dismiss copyright infringement claims where, as here, the plaintiff fails to demonstrate any infringing conduct occurring within the three-year statute of limitations.   *See Iverson*, 133 F.3d at 922 (affirming dismissal of copyright infringement claim after finding that the copyright claim was "barred by the Copyright Act's three-year limitation on civil action"); *Scott Breuer Const., Inc. v. Koch*, No. 12-CV-3182 PJS/JSM, 2014 WL 2893200, at *2 (D.

Minn. June 26, 2014) (granting motion for judgment on the pleadings when Plaintiff's copyright claims were time-barred by 17 U.S.C. § 507(b)); *cf. Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 890 (6th Cir. 2004) ("[P]laintiffs may not 'piggy back' [Defendant's] conduct from outside the period onto the alleged direct infringement of another within the period.").

### 2.     The statute of limitations bars FICO's distribution claim.

As outlined above, the statute of limitations "begins to run when the plaintiff discovers, or with due diligence should have discovered, the injury which is the basis of the litigation." *Comcast*, 491 F.3d at 944.  The undisputed evidence establishes the FICO employee who managed the Federal account knew that Blaze was being used outside of the United States as of August 2012.  (Dkt. 436, Ex. 13.)  As such, FICO had to bring its distribution claim by August 2015 at the latest.  FICO, however, did not file suit until April 22, 2016.  (Dkt. 1.)  FICO's distribution claim must be dismissed because FICO filed its claim after the statute of limitations had expired.

### 3.     In the alternative, FICO cannot rely on evidence of distributions occurring outside the three-year period from which it did file suit.

In the alternative, Federal cannot be held liable for copyright damages from conduct that occurred prior to March 11, 2013.  During pre-merger negotiations, on March 11, 2016, FICO's in-house counsel stated FICO was aware of use of Blaze by applications outside the United States.  (Dkt. 438, Ex. 27.)  Therefore, the Copyright Act's three-year statute of limitations limits liability to conduct that occurred after March 11, 2013.

FICO, however, relies on evidence of an installation taking place in 2009 in Europe.  (Dkt. 401, Exs. 14-15.)   As a matter of law, this installation cannot form the basis for FICO's distribution claim.  *See, e.g.*, *Negley v. Hallmark Cards, Inc.,* No. 11-00785-CV-W-DW, 2013 WL 12147737, at *1–2 (W.D. Mo. Mar. 1, 2013) (dismissing all grounds of defendant's copyright counterclaim that occurred before the three-year statute of limitations on summary judgment).  The Court should dismiss those portions of FICO's distribution claim which rely on installations occurring prior to March 2013 including those portions which rely on the 2009 installation in Europe.

## CONCLUSION

Based on the foregoing, Federal respectfully requests the Court grant its motion for summary judgment dismissing Count II of FICO's Second Amended Complaint in its entirety.

Dated:  April 22, 2020

*s/ Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Christian V. Hokans (#0400377)
chokans@fredlaw.com

**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*

16