

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Joseph W. Dubis
612.371.5381
jdubis@merchantgould.com

April 23, 2020                                                                                    **VIA ECF**

Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

*Re:*   *Fair Isaac Corp. v. Federal Insurance Co. et al.,*
        **No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)**

Dear Judge Schultz:

This letter is in response to Defendants' April 17 letter (Dkt. 742) regarding the content of Dkt. 736 and when and how Defendants have decommissioned Blaze Advisor.

Content of Dkt. 736 (FED017463)
Defendants' letter states that Dkt. 736 "shows the business rules created by Chubb, which were to be applied in EZER." Defendants' letter makes no effort to quantify the number of rules included in Dkt. 736 or represent whether Dkt. 736 contains all of the rules used in Blaze Advisor at any given time, let alone when the rules were ordered to be produced.

Dkt. 736 was produced as FED017463, and was attached to an April 1, 2014 email (Exhibit A (FED017461)). This email references a pending upgrade to the EZER application and includes two attachments—summary of updates (Exhibit B (FED017462)) and Red Light Green Light Rules (Dkt. 736). The summary of updates, Exhibit B

(FED017462), "provides a brief description of the changes that will be introduced with [the EZER R28] release." Exhibit B (FED017462) does not portray all aspects of the EZER application. The first row of the table at FED017462_0001 describes the Red Light/Green Light Rules and references the Dkt. 736 (FED017463) document. The document is described as containing "[s]pecific details of these changes." Dkt. 763 was not designed to contain a complete set of EZER's business rules, only rules that were changed or updated.

EZER functions in the automated renewal of insurance policies. A subset of EZER's decision-making functionality relates to the determination of whether a policy may be automatically renewed (Red Light/Green Light). Thus, Dkt. 763 contains only the rules from a subset of EZER's decision-making (Red Light/Green Light) that experienced an update or change. Defendants' represent that EZER has 910 business rules. (Exhibit C (FED017914)). Dkt. 736 does not define 910 rules. Dkt. 736 provides, at best, a subset of EZER's 910 rules, not a complete set of the rules. Defendants have not produced a complete set of EZER rules.

<u>Defendants' representations regarding decommissioning processes</u>

The Court ordered Defendants to identify whether Defendants decommissioned other Blaze-containing applications, when this occurred, whether the decommissioning process used for EZER was used, and what was the impact of such decommissioning processes on the business rules repository files. Defendants' letter is non-responsive. Defendants fail to state when the decommissioning processes occurred, and fail to identify what the impact on the repository files was for the decommissioning methods not used on EZER. Without this information, the Court cannot evaluate whether Defendants failed to take available steps to preserve EZER's business rules (i.e. decommission at a later date or decommission using a method that preserved the business rules repositories).

Sincerely,

*Joseph W Dubis*

Joseph W. Dubis