# EXHIBIT 25

| | |
|---|---|
| **From:** | Allen Hinderaker |
| **To:** | Janus, Leah |
| **Cc:** | Heather Kliebenstein; Fleming, Terrence; Pham, Christopher |
| **Subject:** | RE: Defendants" Amended Rule 30(b)(6) Notice |
| **Date:** | Sunday, January 20, 2019 10:35:37 AM |

**Topics 4 and 6**:

Both of these Topics are directed to FICO's knowledge regarding use "by Federal and/or Chubb & Son, a division of Federal" or "at Federal and/or Chubb & Son, a division of Federal." "Category one" damages are directed to that. Now, you seek to re-write the Topics to be directed to "category two" damages.

FICO's supplemental response and second supplemental response to Interrogatory 6 both state that any quantification of "category two" damages "depends on discovery from Federal." FICO was not aware of pre-merger United States use of Blaze Advisor® except by Federal through its division Chubb & Son. If there was such use, please disclose the facts of such use or uses.

It is clear from FICO's interrogatory responses that it did not have corporate knowledge of such use. We look forward to Federal's supplementation of its discovery responses to reveal uses within "category two" damages. Any conclusions to be drawn from the discovery in this case is work product and outside the scope of a Rule 30(b)(6) deposition. We maintain our objections to these Topics.

**Topic 9**: We disagree. As you state, this Topic seeks the facts FICO will "assert in support of its damages" and that FICO "contends support its position." That is work product. To the extent the factual underpinnings of FICO's damages claims depend on facts known to FICO (as opposed to the facts uniquely known to your clients), your clients have taken that discovery. How those facts, as applied to the law, will be asserted at trial to support FICO's damages claims is work product.

**Topic 21**: We will designate a witness to testify to this Topic, that is, how for the past 8 years FICO salespeople have been compensated.

We look forward to receiving your proposed stipulations.

---

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Saturday, January 19, 2019 1:57 PM
**To:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Cc:** Heather Kliebenstein <HKliebenstein@merchantgould.com>; Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Thank you, Al.

**Topics 4 and 6**: We need additional clarification regarding FICO's position with respect to the use of Blaze in the U.S. Is FICO taking the position that any pre-merger use of Blaze by Federal, Chubb & Son, or any U.S.-based subsidiaries or affiliated entities of Federal or Chubb & Son was a violation of the license agreement? In other words, FICO has previously taken the position that Chubb & Son, a division of Federal, is the licensee and, therefore, use by Federal and Federal's subsidiaries and affiliates was outside of the scope of the license. For example, FICO's Interrogatory Answers state that "the unlicensed use by Federal (meaning any division other than Chubb & Son)" is an aspect of FICO's claimed damages. FICO refers to this as its "category two" damages. (FICO's Answers to ROGs 6-9.) Similarly, Mr. Carretta testified that the inclusion of an expanded definition of "Affiliates" in Amendment Two of the license agreement did not expand the scope of the license because Chubb & Son could not have affiliates. (Carretta Dep. Tr. 120-121.)

Does any pre-merger U.S. use of Blaze support FICO's category two damages or any other damages to be asserted by FICO? Does FICO assert that any pre-merger use of Blaze in the U.S. was a breach of the license agreement at issue in this lawsuit?

**Topic 9:** We are not seeking early expert testimony. We are seeking testimony as to the facts that FICO will assert in support of its damages. This does not implicate the attorney-client or attorney work product privilege. Relevant to the above discussion, this would include category two damages (the factual basis for which has not been disclosed). This also includes, but is not limited to, facts that FICO contends support its position that it has been or will be subject to irreparable harm (to the extent FICO is taking that position).

**Topic 21:** Please produce the documents you referenced relating to Mr. Sawyer's compensation for the time period 2006 through his most recent departure from FICO and, based on our review, we may be able to handle it with a stipulation. We reserve our ability to seek deposition testimony to the extent the documents are not self-explanatory, or are ambiguous as they relate to these issues.

The remaining topics you listed below can likely be handled through stipulation.

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

---

**From:** Allen Hinderaker [mailto:AHinderaker@merchantgould.com]
**Sent:** Saturday, January 19, 2019 10:38 AM
**To:** Janus, Leah; Fleming, Terrence; Pham, Christopher
**Cc:** Heather Kliebenstein
**Subject:** FW: Defendants' Amended Rule 30(b)(6) Notice

Leah, my previous email overlooked that Topic 19 is also withdrawn. Again, if I am mistaken please advise.

We await your response.

**From:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Sent:** Friday, January 18, 2019 1:50 PM
**To:** Janus, Leah <LJanus@fredlaw.com>
**Cc:** Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>; Heather Kliebenstein <HKliebenstein@merchantgould.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Leah,

I understand from your response that your clients withdraw Topics 3, 5, 10-13, and 20. If I am in error, please advise.

**Topics 4 and 6**: The use of Blaze Advisor software by Federal within the United States before the merger is not a basis of FICO's claims in this lawsuit.

Topic 4 directed to "use" is still overbroad. Also, the Topic is directed to use by "Federal and/or Chubb & Son, a division of Federal," which is only a US-based use.

Topic 6 is directed to "use, installation, implementation, downloading of, or programming of the Blaze Advisor® software at Federal and/or Chubb & Son, a division of Federal." Again, that is only a US-based use. Also, the topic is similarly overbroad.

In my conversation with Mr. Fleming I noted that Topic 7 is directed to any assistance FICO provided in the installation of the software outside of the United States. Please withdraw Topics 4 and 6 because the relevant subject matter is included in Topic 7.

**Topic 9**: The meaning of <u>solely</u> supported by expert testimony is unclear to me. Our expert testimony on damages, both the lost license fee-based damages and the disgorgement damages, will be supported by the underlying facts from various sources. The time for expert reports and depositions is in the future. Additionally, FICO's analysis that applies the facts to the legal requirements for damages is work product. The development of FICO's damages claims and the support for those claims is not corporate knowledge; it is the work product prepared for the trial of the lawsuit.

FICO's pricing criteria and its methods for pricing Blaze Advisor licenses were the subject of your clients' examination of Mr. Waid earlier this week. The factual underpinnings for FICO's license-based damage claims have been disclosed. Because this topic improperly seeks early expert testimony and seeks to invade work product and attorney-client privilege we maintain our objection.

**Topic 14**: As your client should know, FICO did not conduct an audit pursuant to the Agreement. To my knowledge, the subject of an audit was never considered; hence there are no "reasons why or why not." If you would like to propose a stipulation, that would be an efficient way to address this topic.

**Topics 15 and 16**: FICO does not develop the rules of its Clients. Please propose a stipulation to address these topics.

**Topic 21**: Mr. Sawyer's compensation plan incented him to sell. FICO will stipulate to that. Please advise if having Mr. Sawyer's sales incentive compensation plans for October 1, 2013 through September 30, 2016 will fully address this topic.

I look forward to your further thoughts.

**From:** Janus, Leah <LJanus@fredlaw.com>
**Sent:** Thursday, January 17, 2019 4:43 PM
**To:** Allen Hinderaker <AHinderaker@merchantgould.com>
**Cc:** Fleming, Terrence <TFleming@fredlaw.com>; Pham, Christopher <CPham@fredlaw.com>; Heather Kliebenstein <HKliebenstein@merchantgould.com>
**Subject:** RE: Defendants' Amended Rule 30(b)(6) Notice

Al –

We write to follow-up regarding FICO's objections to Federal's 30(b)(6) Notice. The only areas that remain in dispute are the following:

**Topics 4 and 6** – to the extent FICO is taking the position in this lawsuit that any use of Blaze by Federal within the United States prior to the ACE transaction was outside the scope of the license, we are entitled to depose FICO relating to FICO knowledge of and participation in such use. If use within the United States prior to the ACE transaction is not the basis of any of FICO's claims, then we may limit these topics to use outside of the United States.

Al – with respect to Topic 4, you mention the testimony of previous witnesses. Previous witnesses were not designated to testify on behalf of FICO on this topic. To the extent you would like to retroactively designate certain testimony as being that of FICO, please indicate with specificity which testimony you would like us to consider, and we will consider your proposal.

**Topic 9** – We agree to limit this topic to examination regarding any damages that will not be solely supported by expert testimony or analysis.

**Topic 14** – We seek to depose FICO about whether any audit of the use of Blaze pursuant to the Federal/Chubb license was conducted, and the reasons why or why not. If this topic may be adequately addressed through stipulated testimony, we will consider that option. Please advise.

**Topics 15 and 16** – You are correct.  If this can be easily handled through stipulated testimony, we will consider that option.  Please advise.

**Topic 21** – We seek to depose FICO regarding the structure of compensation, commissions, and bonuses for Blaze salespeople.  In other words, did Sawyer (or other FICO sales people) receive direct commissions in connection with the Chubb/Federal license and/or service agreements?  Did he or other salespeople receive bonuses as a result of the Chubb business?

Thank you and let us know if you would like to discuss.

- Leah

Leah C. Janus
**Fredrikson & Byron, P.A.**
612-492-7349

---

**From:** Allen Hinderaker [mailto:AHinderaker@merchantgould.com]
**Sent:** Tuesday, January 15, 2019 10:51 AM
**To:** Fleming, Terrence
**Cc:** Pham, Christopher; Heather Kliebenstein
**Subject:** Defendants' Amended Rule 30(b)(6) Notice

Counsel, this my understanding from our discussion yesterday:

Topic 1: FICO will maintain its objections regarding any examination that seeks legal conclusions or legal opinions, or invades the attorney-client privilege and work product doctrine.  With that understanding, Bill Waid is designated as the 30(b)(6) witness.  Defendants' agree that Topic 1 is not directed to those privileged and protected matters.

Topic 2: Subject to the understanding that "regarding the licensing" means the 2006 negotiations leading to the Agreement and the post-merger negotiations before termination, Bill Waid is designated as the 30(b)(6) witness.

Topic 7: Chris Ivey is the designated witness.

Topic 8: Bill Waid is designated to testify regarding the identification of individuals involved in FICO's decision to terminate the Agreement and the non-legal, non-privileged grounds for the decision.

Topic 17: Bill Waid is designated to testify to FICO's pricing for Blaze Advisor® for the past 8 years.

Topic 18: Bill Waid is designated to testify to FICO's criteria in pricing for Blaze Advisor® for the past 8 years.

Topics 3, 5 and 6: FICO maintains its objections to these Topics. We noted that Topic 7 is very similar. You will advise regarding your position on these Topics in light of Topic 7.

Topic 4: I understand you narrowed this topic to the use of Blaze Advisor® outside of the United States in general. As we discussed, your client has examined a number of former FICO witnesses on this topic. Additionally, the subject is still overly broad in light of the parties' claims and defenses. Nevertheless, FICO will advise on its position to the Topic as re-written.

Topic 9: You agreed to consider limiting the Topic to licensed-based damages. As I said, FICO's disgorgement damages claims is the subject of expert testimony.

Topic 10: I understand you will advise if you wish to pursue this Topic.

Topics 11, 12, and 13: FICO maintains its objections. These Topics have no application to the facts of our case. I understand you will advise if you wish to pursue these Topics.

Topic 14: You contend this Topic is directed to audit requests made by FICO to your client. I am not aware of any request, and your client should know if any was made. How "logs and records of legal requests" relate to any request for an audit is also unexplained.

Topics 15 and 16: These Topics, as you explained, are directed to whether FICO developed any of your client's rules. We both assume the answer is in the negative. I understand you request to examine a 30(b)(6) witness to confirm that FICO does not develop your client's rules. Please confirm.

Topic 19: FICO stands by its objections. Cloud-based licensing has nothing to do with this lawsuit. Your client has all FICO Blaze Advisor® license agreements.

Topic 20: As I explained, FICO does not have a formalized process for developing "standard contract language." A literal response to this Topic is to identify every member of FICO's legal team of the past 8 years. I understand you will advise on your position.

Topic 21: FICO stands by its objections. You asked FICO to consider testimony directed to Mike Sawyer's compensation and bonus.

If you believe I have misstated anything, please let me know. We should discuss this matter again – soon – to identity any issues that required Judge Schultz's attention.

**Allen Hinderaker**

Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 371-5292
**Mobile** (612) 759-5330
**Fax** (612) 332-9081
[merchantgould.com](merchantgould.com)

GUARDIANS OF GREAT IDEAS®

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication entirely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Please consider the environment before printing this email. Thank you.