# EXHIBIT 24
# (Redacted)

# (Previously Filed Under Seal as DI 766-12)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF FAIR ISAAC CORPORATION'S SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT'S INTERROGATORY NOS. 6-9

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") Interrogatory Nos. 6-9 ("Interrogatories").

### GENERAL OBJECTIONS

1.     FICO objects to the Definitions set forth in these Interrogatories to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, and the Local Rules of this Court.

2.     FICO objects to these Interrogatories to the extent they seek information and documents that are subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

3.      FICO objects to Federal's Interrogatories to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.      FICO objects to the definition of "you" or "your" as overly broad and unduly burdensome.  FICO interprets these terms to refer to Fair Isaac Corporation.

5.      FICO objects to the definition of "Document" to the extent the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery Agreement.

6.      FICO objects to the use of the word "all" in these Interrogatories insofar as every fact, reason, or document that evidences, refers, or relates to the subject matter of the Interrogatory is sought.  Literal compliance is impossible in most instances and, in others, imposes a burden and expense that outweighs any potential benefit.  FICO seeks to fairly and accurately respond to the Interrogatories, subject to any objections.

7.      FICO objects to these Interrogatories to the extent they seek information or documents already in Federal's possession or equally accessible to Federal, or information or identification of documents which are a matter of public record.

8.      FICO's answers set forth below and any production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following

responses, or FICO's right to object to any additional, supplemental, or further discovery Request or Interrogatory of Federal.

9.      FICO has answered these Interrogatories based upon its understanding of the Interrogatories, and to the best of its knowledge and recollection as of the date the answers are served.  FICO expressly reserves the right to provide supplemental answers or produce supplemental documents should that become appropriate.  All information provided by FICO in response to these Interrogatories is provided without waiver of FICO' right to supplement as responsive information becomes available.

10.      All documents identified or produced by FICO in connection with its answers to these Interrogatories are identified or produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

11.      The General Objections set forth above are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Interrogatory.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO answers as follows:

<u>**SPECIFIC OBJECTIONS AND ANSWERS**</u>

**INTERROGATORY NO. 6:** Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's improper use of Blaze Advisor® in breach of the Agreement, its improper disclosure of Blaze Advisor® to third parties in further breach of the Agreement and in violation of FICO's copyright rights, and Federal's use of Blaze Advisor® following the termination of the Agreement in breach of the Agreement and in further violation

of FICO's copyright rights.  This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that its damages claim can be grouped into the following categories: (1) the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, since March 31, 2016; (2) the unlicensed use by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began; (3) the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Works from the date of that unlicensed use.  Damages under the first category are (a) the commercially reasonable fees FICO would have received had the use since March 31, 2016, been licensed and (b) all profits derived from goods and services that used Blaze Advisor® from March 31, 2016.  The second category damages are of the same kind – lost license fees and disgorgement of profits.  The time period will be different, commencing when the unlicensed use began.  Damages under the third category are the lost license fees FICO would have received had the use by each third party been licensed.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.  FICO will supplement its answer to this interrogatory, if appropriate, once it has received discovery from Federal.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, and based on Federal's supplemental response to FICO's Interrogatory No. 4, the following are the approximate lost license fees related to the first and third categories of damages described above.  Lost license fees include the fee for annual maintenance.

This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in

discovery.  For example, ███████████████████████████████████████

relevant to pricing and not currently known by FICO.  This supplemental response is based on

information currently known.

The category one damages are the FICO license fees for each application for which

Chubb & Son, a division of Federal, has used the Blaze Advisor® software since March 31, 2016,

as well as all profits derived from goods and services that used Blaze Advisor®  from that date.

The FICO lost license fee for the applications identified in the supplemental response to

Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is

approximately ███████████.  FICO claims damages for that annual fee from March 31,

2016, to the date an injunction is issued against Federal's continued unlicensed use of the

software.

The category three damages are the FICO license fees for each application for which a

third party has used the Blaze Advisor ® software as a result of Federal's breach of the

Agreement.  Federal has identified applications being used by third parties in Canada and the

U.K.  (Whether there are additional category three damages is the subject of further discovery.)

Based on Federal's disclosures, FICO believes the applications used in Canada are Adapt-ABL

and Evolution.  The annual FICO license fee for those applications is approximately ███████

Based on Federal's disclosures, FICO believes the applications used in the U.K. are EZER and

Commercial.  The annual FICO license fee for those applications is approximately ███████

The quantification of FICO's claim for category two damages, and its claim for all profits

derived from goods and services that used Blaze Advisor® software depend on discovery to be

received from Federal.

**SECOND SUPPLEMENTAL RESPONSE (ATTORNEYS' EYES ONLY):** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in discovery. This supplemental response is based on information currently known.

**Category One Damages:** FICO's category one damages arise from the unlicensed use of the Blaze Advisor® software by Chubb & Son, a division of Federal, since March 31, 2016. Damages under the first category are (a) the annual application-based license fees (including maintenance) for each application from March 31, 2016, to the date an injunction issues prohibiting that use, as well as (b) all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction issues prohibiting that use.

The FICO lost license fee for the applications identified in the supplemental response to Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is approximately ██████████. This figure was calculated using application-based pricing.

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████

███████████████████████████████████████████



FICO claims damages for that annual fee from March 31, 2016, to the date an injunction is issued against Federal's continued unlicensed use of the software.

FICO's category one damages also include a disgorgement of all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction is issued against the continued unlicensed use of the software.  The quantification of FICO's claim for all profits derived from goods and services that used Blaze Advisor® software depends on discovery from Federal.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**Category Two Damages:** FICO's category two damages arise from the unlicensed use of the Blaze Advisor® software by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began.  Damages under the second category are (a) the annual application-based license fees (including maintenance) for each application from the date each use began to the date an injunction issues prohibiting that use, as well as (b) all profits derived from goods and services that used Blaze Advisor® since the date that unlicensed use began to the date an injunction issues prohibiting that use.

The quantification of FICO's claim for category two damages depends on discovery from Federal.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**Category Three Damages:** FICO's category three damages arise from the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began.  Damages under the third category are the FICO annual license fees for each application for which a third party has used the Blaze Advisor ®software as a result of Federal's breach of the Agreement, from the date of that use to the date an injunction issues prohibiting that use.  Federal has identified applications being used by third parties in Canada and the U.K.  (Whether there are additional category three damages is the subject of further discovery.)  Federal has disclosed that the Adapt-ABL and Evolution applications are being used in Canada and the EZER and Commercial applications are being used in the U.K. ███████████████████████
████████████████████████████████████
████████████████████████████████
██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

If the revenues of any third party are reported as Federal's revenue, FICO will seek a disgorgement of Federal's profits arising from the unlicensed use of the Blaze Advisor® software by any entity other than Federal to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began to the date an injunction issues prohibiting that use. In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**INTERROGATORY NO. 7:** Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**OBJECTION:** This Interrogatory is premature. A quantification of FICO's damages necessarily depends on the extent of Federal's use of Blaze Advisor® following the termination of the Agreement. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

**SECOND SUPPLEMENTAL RESPONSE (ATTORNEYS' EYES ONLY):** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in discovery. This supplemental response is based on information currently known.

In response to Federal's continued use of the Blaze Advisor® software following the merger, FICO is seeking its category one damages (arising from the unlicensed use of the Blaze Advisor® software by Chubb & Son, a division of Federal, since March 31, 2016) and its category two damages (arising from the unlicensed use of the Blaze Advisor® software by any division of Federal other than Chubb & Son, since the date such unlicensed use began).

**Category One Damages:** FICO's category one damages arise from the unlicensed use of the Blaze Advisor® software by Chubb & Son, a division of Federal, since March 31, 2016. Damages under the first category are (a) the annual application-based license fees (including maintenance) for each application from March 31, 2016, to the date an injunction issues prohibiting that use, as well as (b) all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction issues prohibiting that use.

The FICO lost license fee for the applications identified in the supplemental response to Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is approximately ███████████.  This figure was calculated using application-based pricing.

███████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

██████████████████████████████████

███████████████████████████████████

██████████████████████

█████████████████████████████████████

███████████████████████████████████████



FICO claims damages for that annual fee from March 31, 2016, to the date an injunction is issued against Federal's continued unlicensed use of the software.

FICO's category one damages also include a disgorgement of all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction is issued against the continued unlicensed use of the software. The quantification of FICO's claim for all profits derived from goods and services that used Blaze Advisor® software depends on discovery from Federal. In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**Category Two Damages:** FICO's category two damages arise from the unlicensed use of the Blaze Advisor® software by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began.  Damages under the second category are (a) the annual application-based license fees (including maintenance) for each application from the date each use began to the date an injunction issues prohibiting that use, as well as (b) all profits derived from goods and services that used Blaze Advisor® since the date that unlicensed use began to the date an injunction issues prohibiting that use.

The quantification of FICO's claim for category two damages depends on discovery from Federal.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**INTERROGATORY NO. 8:** Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's disclosure of Blaze Advisor® to third parties. This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

**SECOND SUPPLEMENTAL RESPONSE (ATTORNEYS' EYES ONLY):** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation based on discovery

exchanged between the parties, including information received from Federal in discovery.  This supplemental response is based on information currently known.

In response to Federal's disclosure of the Blaze Advisor® software to third parties, FICO is seeking its category three damages.

**Category Three Damages:** FICO's category three damages arise from the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began.  Damages under the third category are the FICO annual license fees for each application for which a third party has used the Blaze Advisor ® software as a result of Federal's breach of the Agreement, from the date of that use to the date an injunction issues prohibiting that use.  Federal has identified applications being used by third parties in Canada and the U.K.  (Whether there are additional category three damages is the subject of further discovery.)  Federal has disclosed that the Adapt-ABL and Evolution applications are being used in Canada and the EZER and Commercial applications are being used in the U.K. ██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

If the revenues of any third party are reported as Federal's revenue, FICO will seek a disgorgement of Federal's profits arising from the unlicensed use of the Blaze Advisor® software by any entity other than Federal to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began to the date an injunction issues prohibiting that

use.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**INTERROGATORY NO. 9:** Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's infringement of FICO's copyright rights and Federal's revenue attributable to that infringement.  This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**SUPPLEMENTAL RESPONSE:** Without waiving the objection, see the supplemental answer to Interrogatory No. 6 above.

**SECOND SUPPLEMENTAL RESPONSE:** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation based on discovery exchanged between the parties, including information received from Federal in discovery.  This supplemental response is based on information currently known.

In response to Federal's acts of copyright infringement, FICO is seeking its category one damages (arising from the unlicensed use of the Blaze Advisor® software by Chubb & Son, a division of Federal, since March 31, 2016), its category two damages (arising from the unlicensed use of the Blaze Advisor® software by any division of Federal other than Chubb & Son, since the date such unlicensed use began), and its category three damages (arising from the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began).  Each of these categories of unlicensed use and/or disclosure constitutes copyright infringement.

14

**Category One Damages:** FICO's category one damages arise from the unlicensed use of the Blaze Advisor® software by Chubb & Son, a division of Federal, since March 31, 2016. Damages under the first category are (a) the annual application-based license fees (including maintenance) for each application from March 31, 2016, to the date an injunction issues prohibiting that use, as well as (b) all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction issues prohibiting that use.

The FICO lost license fee for the applications identified in the supplemental response to Interrogatory No. 4 (that FICO understands to be used by Chubb & Son, a division of Federal) is approximately ████████████████ This figure was calculated using application-based pricing.

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████



FICO claims damages for that annual fee from March 31, 2016, to the date an injunction is issued against Federal's continued unlicensed use of the software.

FICO's category one damages also include a disgorgement of all profits derived from goods and services that used Blaze Advisor® from March 31, 2016, to the date an injunction is issued against the continued unlicensed use of the software.  The quantification of FICO's claim for all profits derived from goods and services that used Blaze Advisor® software depends on discovery from Federal.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**Category Two Damages:** FICO's category two damages arise from the unlicensed use of the Blaze Advisor® software by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began.  Damages under the second category are (a) the annual application-based license fees (including maintenance) for each application from the date each use began to the date an injunction issues prohibiting that use, as well as (b) all profits derived

from goods and services that used Blaze Advisor® since the date that unlicensed use began to the date an injunction issues prohibiting that use.

The quantification of FICO's claim for category two damages depend on discovery to be received from Federal.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages under 17 U.S.C. § 504 at its election.

**Category Three Damages:** FICO's category three damages arise from the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Blaze Advisor® software since the date that unlicensed use began.  Damages under the third category are the FICO annual license fees for each application for which a third party has used the Blaze Advisor ®software as a result of Federal's breach of the Agreement, from the date of that use to the date an injunction issues prohibiting that use.  Federal has identified applications being used by third parties in Canada and the U.K.  (Whether there are additional category three damages is the subject of further discovery.)  Federal has disclosed that the Adapt-ABL and Evolution applications are being used in Canada and the EZER and Commercial applications are being used in the U.K. ████████████████████

██████████████████████████████████

███████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████

█████████████████

If the revenues of any third party are reported as Federal's revenue, FICO will seek a disgorgement of Federal's profits arising from the unlicensed use of the Blaze Advisor®

software by any entity other than Federal to whom Federal distributed the Blaze Advisor®

software since the date that unlicensed use began to the date an injunction issues prohibiting that

use.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory damages

under 17 U.S.C. § 504 at its election.

AS TO OBJECTIONS:

Dated: April 23, 2018

MERCHANT & GOULD P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar #337419
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

*Attorneys for Plaintiff FICO*

## **VERIFICATION**

The undersigned has read the contents of Plaintiff Fair Isaac Corporation's Second Supplemental Answers to Defendant's Interrogatory Nos. 6-9 in the case of *Fair Isaac Corporation v. Federal Insurance Company,* Case No. 16-cv-1054 (D. Minn.), and knows the contents thereof, and that the contents and facts therein contained are true and correct to the best of my information, knowledge and belief. My information, knowledge and belief is based in part on my personal knowledge and in part on facts obtained by others from corporate records, employees, and agents.

Executed this 2 3 day of April, 2018.

James S. Woodward
Vice President, Legal
Fair Isaac Corporation

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2018 a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: April 23, 2018             s/Carol A. Nystrom

                                  Carol A. Nystrom