UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fair Isaac Corporation,                                       Case No. 16-cv-1054 (WMW/DTS)

     Plaintiff,

v.                                                                        **ORDER**

Federal Insurance Company, *et al.*,

     Defendants.

---

Joseph Dubis and Heather Kliebenstein, Merchant & Gould PC, 80 South Eighth Street #3200, Minneapolis, MN 55402, for Plaintiff

Terrence Fleming, Christopher Pham, Leah Janus, and Christian Hokans, Fredrikson & Byron, PA, 200 South Sixth Street #4000, Minneapolis, MN 55402, for Defendants

---

This is a copyright infringement matter relating to business rules management software. The software at issue is Blaze Advisor, owned and marketed by FICO. Federal has licensed Blaze Advisor from FICO to apply its insurance underwriting business rules.

In this latest motion, FICO seeks monetary and evidentiary sanctions (an adverse inference jury instruction) relating to Federal's March 2019 decommissioning of its European Zone Executive Risk (EZER) application which rendered the repository rule files (software code) ordered produced in discovery inaccessible. FICO contends the loss of the repository rule files for this application is spoliation of evidence. For the reasons stated below, the Court finds that, based on the present record, Federal did not intentionally destroy evidence with the intent to suppress the truth and FICO has not

demonstrated the requisite prejudice. Therefore, the Court denies FICO's motion for spoliation sanctions.

## BACKGROUND

Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Federal") developed business rules it uses to make insurance underwriting decisions. During the time period relevant to this lawsuit Federal used FICO's Blaze Advisor software to automate the application of its business rules in this decision-making process. FICO alleges that the contents of the business rules are relevant to its copyright infringement remedy of disgorgement of profits, because the interplay between Federal's business rules and the Blaze Advisor software was uniquely valuable in generating Federal's revenues. The parties dispute whether and to what extent Blaze Advisor contributed to Federal's profits. Federal asserts that Blaze Advisor merely automated Federal's decisions based on Federal's own business rules, the same as any other business rules management software; FICO contends Blaze Advisor adds something uniquely valuable by providing faster and better quality risk assessments for Federal to make underwriting decisions. FICO Br. 2, Docket No. 718; Federal Br. 4, Docket No. 732.

On December 28, 2018 FICO served Request for Production No. 90 seeking production of Federal's business rules:

> Specific to each application that uses or used Blaze Advisor software, all documents relating to the business rules of each application.

Kliebenstein Decl. Ex. 8, Docket No. 719-8. On January 28, 2019 Federal objected on grounds of overbreadth, burden, and proportionality but stated it would produce

documents subject to those objections. Pham Decl. Ex. C, Docket No. 735-2. Fact discovery closed on March 22, 2019. Sixth Am. Pretrial Sched. Order, Docket No. 205.

In March 2019 Federal decommissioned its EZER application and turned off the Blaze Advisor component, a process which rendered the repository rule files inaccessible. Hutchinson Decl. ¶¶ 2, 6, 8, Docket No. 733. EZER was used for Executive Risk insurance policies in the European Zone and was one of the applications that used Blaze Advisor. *Id.* ¶¶ 2-3. On or around March 29, 2019 EZER stopped using Blaze Advisor as part of Federal's process to decommission EZER altogether and create a new long-term archive solution. *Id.* ¶ 6. Around May 8, 2019 the EZER application was placed in "read-only mode" such that no transactions could be made in EZER but Federal claims adjusters can read the original policy details associated with policies previously processed through EZER. *Id.* ¶ 7. Federal has not said whether, before decommissioning EZER, it knew, or thought it was possible or likely, that the process would result in the loss of the repository rule files. Federal also has not said when it became aware that the repository rule files were not accessible.

Through March, April, and May 2019 the parties disputed the sufficiency of Federal's response and supplementation of its production regarding RFP No. 90, and FICO sought the Court's assistance to resolve the dispute.[1] *See, e.g.,* Docket Nos. 271, 275, 286, 301 (Apr. 12, Apr. 17, May 6, and May 28, 2019 FICO letters to Court), 278, 299,  (Apr. 18 and May 23, 2019 Federal letters to Court). In its May 6, 2019 letter FICO said it was seeking via RFP No. 90 "documents showing the rules used by each of Federal's applications that use or used Blaze Advisor software, whether stored in a

---

[1] The parties also disputed other discovery matters that are not at issue in this sanctions motion.

repository, a database, or elsewhere." Docket No. 286 at 2. Two days later the issue of RFP No. 90 was discussed at a previously scheduled hearing regarding multiple other motions. *See* Docket No. 288. At the hearing, the Court ordered Federal to determine whether, when, and how the information FICO requested in RFP No. 90 could be extracted and at what cost. *Id.* Federal filed a response on May 23, 2019 [Docket No. 299] in response to which FICO agreed on May 28, 2019 [Docket No. 301] that "Federal can produce the repository files (.xml) and business object model files (JAR (JAVA Archive) files)" for each application using Blaze Advisor and that this would satisfy its request in RFP No. 90.

On June 4, 2019 the Court ordered Federal to produce, no later than June 14, 2019, the repository rule files for all applications that use or used Blaze Advisor. Teleconf. Tr. 2, 6-12, Docket No. 310; Order (June 4, 2019) ¶ 3, Docket No. 305. Production of the repository rule files was "the format that *both* Federal and Fair Isaac identified as the preferred available method." Order (Oct. 21, 2019) at 5, Docket No. 593.

Federal appealed the June 4, 2019 Order to the District Judge, and the undersigned Magistrate Judge granted Federal's request to stay the order to produce the repository rule files until Federal received a ruling on its objection. Federal letter (June 13, 2019), Docket No. 311; Order (June 14, 2019), Docket No. 312; Federal's Objection (June 18, 2019), Docket No. 316. The District Judge affirmed the order on October 21, 2019. Docket No. 593. Two months later, on December 17, 2019 Federal produced the repository rule files for all applications that used Blaze Advisor except EZER. Kliebenstein Decl. Ex. 12, Docket No. 719-12.

4

Federal informed FICO it was unable to extract and produce repository rule files from EZER "because the source code was 'broken' and incomplete." *Id.* This December 17, 2019 email fails to tell FICO that EZER had been decommissioned nine months earlier, which had resulted in the inability to extract and produce the repository rule files. *Id.* Federal never explained to FICO what happened with the decommissioning of EZER until it filed its response to FICO's sanctions motion on April 1, 2020. *See* Docket Nos. 732-37. FICO argued in its sanctions brief and at oral argument that Federal refused to explain the loss of the repository rule files, despite repeated requests and that it only learned of EZER's decommissioning in Federal's response to the sanctions motion. Federal did not deny this.

On February 25, 2020 FICO filed this Motion for Sanctions for Spoliation and Failure to Comply with Discovery Order. Docket No. 716. A hearing was held on April 8, 2020. Docket No. 741. As directed by the Court, Federal filed a letter on April 17, 2020 to address two factual questions from the Court. Federal confirmed that (1) the entire document (not just one page) found in Docket No. 736 shows all of the business rules created for the EZER application; and (2) eight of the other nine applications that used Blaze Advisor were not decommissioned like EZER, are still active and being used by Federal, but were modified so they no longer use Blaze Advisor; the ninth application, Adapt, was currently undergoing the decommissioning process used with EZER, but the process was not yet complete at the time of Federal's letter. Docket No. 742. FICO responded, with the Court's permission, on April 23, 2020. Docket No. 754. Federal's letter answered what the Court asked, though FICO's response sought more probing information.

**ANALYSIS**

A party has an obligation to take reasonable steps to preserve evidence once it knows or should know that the evidence is relevant to current or future litigation. *Paisley Park Enterprises, Inc. v. Boxill*, 330 F.R.D. 226, 232-33 (D. Minn. 2019). That obligation must be viewed from the perspective of the party with control of the evidence. *Id.* The duty to preserve evidence extends to persons likely to have the evidence, and it applies to "unique, relevant evidence," not "every shred of paper, every e-mail or electronic document and every backup tape." *Id.* at 233 (citation and internal quotations omitted).

Rule 37 of the Federal Rules of Civil Procedure provides that sanctions may be imposed in appropriate cases for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(a). The Court also has authority to impose sanctions, including attorney's fees and an adverse inference jury instruction, in cases of spoliation of evidence. *See Stevenson v. Union Pacific Railroad Co.,* 354 F.3d 739, 745-46, 751 (8th Cir. 2004). Spoliation is the intentional destruction of evidence for the purpose of suppressing the truth that results in prejudice to the moving party. *Id.* at 746, 748. Mere negligence, a finding that a party knew or should have known not to destroy relevant evidence, is not enough. *Id.* at 746-48. In addition, given the "gravity of an adverse inference instruction, which brands one party as a bad actor," a court "must issue explicit findings of bad faith and prejudice prior to delivering" such an instruction. *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 461 (8th Cir. 2013) (citation and internal quotations omitted).

There is no dispute that Federal failed to comply with the June 4, 2019 order with respect to the EZER repository rule files. Although Federal produced the repository rule files for the 9 other applications, by the time of the Court's order the EZER application

had already been decommissioned, a process that made those electronic files inaccessible. FICO contends the loss of the EZER repository rule files is sanctionable spoliation. Federal responds that it had no duty to preserve them in the first instance, it did not intentionally destroy them in bad faith, and FICO has suffered no prejudice in any event.

The Court first considers whether Federal had an obligation to preserve the repository rule files at the time EZER was decommissioned and took reasonable steps to do so. Federal contends it had no such obligation to preserve because "[i]n 2016, when this litigation began, there was simply no way Federal and its counsel could have anticipated that FICO would request them." Federal Br. 13, Docket No. 732. But EZER was decommissioned in March 2019, not 2016. Preservation obligations are not frozen in time as of the filing of a lawsuit; they arise "once the party knows or should know that the evidence is relevant" to the lawsuit. *Paisley Park*, 330 F.R.D. at 232.

The EZER application is relevant to FICO's claims in this action, notwithstanding Federal's argument that the business rules (as embodied in the repository files) are not relevant to FICO's disgorgement remedy. This lawsuit is about Federal's allegedly infringing use of Blaze Advisor in various applications, including possibly the EZER application.[2] For purposes of discovery and preservation of evidence, at least as of December 2018 when FICO requested business rules documents for all applications that used Blaze Advisor (to which Federal objected but responded that it would produce responsive documents), Federal reasonably should have known that it should preserve the applications that used Blaze Advisor, including all functional components of those

---

[2] It is possible that allegedly foreign infringements are not actionable in this case but the Court has not yet resolved that issue.

applications, even though RFP No. 90's request for documents relating to "business rules" did not specifically ask for repository rule files. The EZER application, including the repository rule files at issue in this sanctions motion, is therefore relevant discovery material that should have been preserved.[3]

That said, the Court agrees with Federal that, on the present record, FICO has not identified facts to support an inference that Federal intentionally decommissioned EZER so as to destroy repository rule files ultimately for the purpose of suppressing the true facts about the EZER business rules and how they function with Blaze Advisor.[4] Federal produced, belatedly, the business rules for EZER [Docket No. 736]; it is the repository rule files that are not available. Federal has also produced the repository rule files for the other 9 applications that use Blaze Advisor.[5] Further, the present record indicates it was a business decision by Federal to transition from EZER to a different archive solution that does not use Blaze Advisor. The circumstances here do not support a finding of bad faith. *Cf. Stevenson*, 354 F.3d at 748 (prelitigation destruction pursuant to routine retention policy of the only contemporaneous audio recording of conversations at the time of fatal accident created sufficiently strong inference of intent

---

[3] EZER's relevance as evidence at trial has not been determined, as the District Judge has not yet ruled on the admissibility of applications that were used outside the United States.

[4] The Court notes that the present record is not the one FICO had when it brought this sanctions motion. Federal withheld information about how and why the EZER repository rule files came to be unavailable. It failed to explain that EZER was decommissioned in March 2019, which rendered the repository rule files inaccessible. Consequently, FICO did not have a full and accurate picture of what happened when it made its bad faith argument. It did not know whether Federal destroyed the EZER repository rule files after the Court's June 4, 2019 order. Federal's lack of transparency is regrettable.

[5] FICO alleges Federal used Blaze Advisor in at least 17 applications. FICO Br. 2, Docket No. 718. Federal states that in fact only 10 of Federal's internal applications used Blaze Advisor but, in any event, Federal produced the repository rule rules for those additional 7 applications. Federal Br. 12 n.3, Docket No. 732.

to destroy for the purpose of suppressing evidence of facts surrounding the train's operation). FICO has not demonstrated that Federal destroyed the EZER repository rule files in bad faith, which precludes a finding of spoliation of evidence.

The Court also finds FICO has or may suffer, at most, minimal prejudice due to the unavailability of the EZER repository rule files. This too precludes a finding of spoliation of evidence. First, with respect to the adverse inference jury instruction that FICO seeks as a sanction, the Court has not yet determined whether FICO's disgorgement damages claim will be presented to a jury. The District Judge has not yet ruled on FICO's appeal of this Court's order striking the jury demand with respect to disgorgement damages. *See* Order (Oct. 9, 2019), Docket No. 588; FICO Objection (Oct. 23, 2019), Docket No. 662. Second, the District Judge has not yet determined the admissibility of evidence regarding applications, including EZER, that used Blaze Advisor outside the United States. *See* Order (Mar. 23, 2020) at 51-53, Docket No. 731. Consequently, at this time, there is no basis to find any prejudice from the missing EZER repository rule files.

But even assuming foreign applications remain in the case and even assuming the issue of disgorgement is presented to a jury, the present record suggests that any prejudice to FICO would be minimal. FICO wants the repository rule files in order to run Federal's business rules in the Blade Advisor environment to see how they work. But FICO can observe this functionality with respect to the other 9 applications. FICO has not made any showing or argument that the interplay between the EZER business rules and the Blaze Advisor software would be any different, much less different in any material way, than the interplay between Blaze Advisor and the business rules for the 9

other applications. *See, e.g., Gallagher v. Magner,* 619 F.3d 823, 844 (8th Cir. 2010) (no prejudice because "no basis for inferring that the missing emails would be of a different character than the emails already recovered and produced). For example, FICO has not stated that the nature or substance of the business rules for EZER is unique such that Blaze Advisor's contribution to revenues generated through the EZER application is materially different from that of any other application. FICO has not shown the requisite prejudice to establish spoliation.

The Court concludes there was no spoliation of evidence and that Federal's failure to comply with the June 4, 2019 discovery order with respect to the EZER repository rule files does not merit sanctions under Rule 37(b)(2)(A).[6] Therefore, FICO's motion is denied. Notwithstanding, FICO shall advise the Court, by sworn affidavit or declaration, whether at the time EZER was decommissioned anyone within Federal recognized or suspected the process would make the repository rule files inaccessible. In addition, Federal is ordered to advise the Court whether it has any information that the interplay between Blaze Advisor and the EZER application business rules is materially different from the functioning of Blaze Advisor in the other 9 applications that use Blaze Advisor.

### ORDER

IT IS HEREBY ORDERED:

1.      FICO's Motion for Sanctions for Spoliation and Failure to Comply with Discovery Order  [Docket No. 716]  is DENIED**.**

---

[6] FICO also cites Rule 37(e) (Failure to Preserve Electronically Stored Information) as a basis for sanctions, but nothing in Rule 37(e) changes the Court's Spoliation analysis regarding the EZER repository rule files.

2.      No later than July 1, 2020 Federal shall advise the Court by sworn affidavit or declaration (a) whether at the time EZER was decommissioned anyone within Federal recognized or suspected the process would make the repository rule files inaccessible; and (b) whether Federal has any information that the interplay between Blaze Advisor and the EZER application business rules is materially different from the functioning of Blaze Advisor in the other 9 Federal applications that use it.

Dated: May 15, 2020

_s/David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge

11