# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) | Case No. 16-cv-1054 (WMW/DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON <u>DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE</u>

# TABLE OF CONTENTS

I.   Introduction ................................................................................. 1

II.   FICO's copyright infringement claims are based on Chubb & Son's
reproduction and distribution of Blaze Advisor 7.1. ................................................. 3

   A.   Defendants had notice of FICO's pre-termination copyright
infringement claims from the day the lawsuit commenced; they
chose to take no discovery to further reveal the factual basis of those
claims. ......................................................................................... 3

   B.   FICO's pre-termination copyright claim is based on infringement of
registered versions of Blaze Advisor. ........................................................... 4

III.   Chubb & Son committed domestic acts of infringement within the
limitations period. ................................................................................. 5

   A.   Defendants misstate the burden of proof on FICO's motion to strike
the statute of limitations defense. ............................................................... 5

   B.   FICO has shown domestic infringing acts of reproduction of Blaze
Advisor 7.1 within the limitations period; Defendants' attempt to re-
argue the "Affiliates" issue has no bearing on the statute of
limitations. ..................................................................................... 6

   C.   FICO has shown domestic infringing acts of distribution of Blaze
Advisor Version 7.1 within the limitations period. .............................................. 8

   D.   Chubb & Son's infringing acts are independently actionable under
the separate-accrual rule. ...................................................................... 10

IV.   FICO's alleged knowledge of "use" of an earlier version of Blaze Advisor
in the United Kingdom is irrelevant; the lawsuit commenced within three
years of the infringing acts. ....................................................................... 13

V.   FICO accurately represented the evidence to the Court. ........................................... 15

VI.   FICO is entitled to recover damages from Defendants' single enterprise. ........................... 16

VII.   Conclusion ..................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abeshouse v. Ultragraphics, Inc.*,
  754 F.2d 467 (2d Cir. 1985)..................................................................16

*Arista Records LLC v. USENET.com*,
  633 F. Supp. 2d 124 (S.D.N.Y. 2009)........................................................9

*Cent. Point Software, Inc. v. Nugent*,
  903 F. Supp. 1057 (E.D. Tex. 1995).........................................................5

*Chelko v. Does*,
  No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590 (W.D.N.C.
  July 22, 2019)..................................................................................12

*Cuccioli v. Jekyll & Hyde*,
  150 F. Supp. 2d 566 (S.D.N.Y. 2001)........................................................6

*Designed to Sell, Inc. v. Advanced Aesthetics, Inc.*,
  No. 04-3173, 2005 U.S. Dist. LEXIS 53154 (D. Minn. Oct. 25, 2005) ........4

*Entous v. Viacom Int'l. Inc.*,
  151 F. Supp. 2d 1150 (C.D. Cal. 2001) ......................................................6

*Havens Realty Corp. v. Coleman*,
  455 U.S. 363 (1982)...........................................................................12

*Klehr v. A.O. Smith Corp.*,
  521 U.S. 179 (1997)...........................................................................12

*Maranatha Assocs. v. Titan Grp.*,
  202 A.D.2d 846 (N.Y. App. Div. 1994) .....................................................8

*MCA, Inc. v. Wilson*,
  677 F.2d 180 (2d Cir. 1981)..............................................................16, 17

*Mellon Bank, N.A. v. United Bank Corp.*,
  31 F.3d 113 (2d Cir. 1994)....................................................................7

*Michael Grecco Prods. v. Valuewalk LLC*,
  345 F. Supp. 3d 482 (S.D.N.Y. 2018)........................................................6

*Montgomery v. Noga*,
   168 F.3d 1282 (11th Cir. 1999) ................................................................ 4

*Negley v. Hallmark Cards, Inc.*,
   No. 11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS 196584 (W.D. Mo.
   Mar. 1, 2013) ......................................................................................... 11

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*,
   284 F.3d 505 (4th Cir. 2002) ............................................................. 16, 17

*NFL v. Primetime 24 Joint Venture*,
   131 F. Supp. 2d 458 (S.D.N.Y. 2001)........................................................ 9

*NFL v. Primetime 24 Joint Venture*,
   211 F.3d 10 (2d Cir. 2000)........................................................................ 9

*Petrella v. MGM*,
   572 U.S. 663 (2014) ............................................................................ 11, 12

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
   13-1686, 2017 U.S. Dist. LEXIS 222471 (D. Minn. Oct. 12, 2017) .......... 10

*William A. Graham Co. v. Haughey*,
   568 F.3d 425 (3d Cir. 2009)........................................................... 1, 14, 15

*Wolf v. Travolta*,
   167 F. Supp. 3d 1077 (C.D. Cal. 2016) ............................................... 11, 12

## Statutes

17 U.S.C. §106(1)........................................................................ 2, 3, 6, 10

17 U.S.C. §106(3)............................................................................... 2, 3, 8

## Other Authorities

3 M. Nimmer & D. Nimmer, Copyright §12.04 (2020) .................................. 16

## I.     Introduction

Fair Isaac Corporation ("FICO") respectfully requests summary judgment striking the statute of limitations defense asserted by Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Defendants").

The only proper question for purposes of the present motion is whether FICO's copyright infringement claims, as stated by FICO, accrued within the limitations period. They did.  Those claims are based on the unauthorized reproduction and the unauthorized distribution of Blaze Advisor Version 7.1 by Chubb & Son, a division of Federal, which occurred entirely within the limitations period.  The lawsuit commenced within three years of those infringing acts.  FICO's claims and the copyright disgorgement damages it seeks are not based on earlier infringing acts.

Earlier knowledge of FICO salespersons that Blaze Advisor was used outside the United States—knowledge of "use"—says nothing about knowing of any unauthorized reproduction or unauthorized distribution in the United States of any version of Blaze Advisor, let alone when those infringing acts were committed.  Defendants turn Rule 56 on its head and draw from whole cloth the inference that knowledge of "use" is knowledge, actual or imputed, of earlier acts of copyright infringement.  Wild speculation is not evidence.  Moreover, this wild speculation of earlier knowledge is also entirely off point.  FICO "does not have a duty to ferret out potential acts of infringement before they occur." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 439 (3d Cir. 2009).  FICO could not have known of the infringing acts upon which its pre-termination copyright

claim is based before they occurred.  Defendants bear the burden of proof on their statute of limitations affirmative defense.  The burden cannot be met.

Defendants' re-argument of their "Affiliates" issue is irrelevant to this motion. Whether the reproduction and distribution of Blaze Advisor Version 7.1 to employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada was licensed under the parties' Software License and Maintenance Agreement (the "Agreement") is for the jury to decide.  (Dkt. 731 at 44.)

The evidence and all reasonable inferences from the evidence must be viewed in favor of FICO on Defendants' statute of limitations motion, because Defendants bear the burden of proof.  The evidence shows that within the three-year limitations period, Chubb & Son reproduced Blaze Advisor 7.1 to a site on its computers, in the United States, for the purpose of enabling use and access of Blaze Advisor Version 7.1 by persons who were not employees of Chubb & Son, in violation of §106(1); that within the limitations period, Chubb & Son transmitted the infringing copy of Blaze Advisor Version 7.1, located on a site on its computers in the United States, to persons who were not employees of Chubb & Son, in violation of §106(3); and that within the limitations period, Chubb & Son permitted employees of the Chubb Insurance Company of Canada to use Blaze Advisor Version 7.1 in the Evolution application, creating copies of Blaze Advisor 7.1 in random access memory ("RAM") in violation of §106(1).  Defendants' disagreement with that evidence is an issue for trial.

Defendants cannot meet their burden to prove that the statute of limitations bars any aspect of FICO's copyright claims.  The defense should be stricken.

II.     **FICO's copyright infringement claims are based on Chubb & Son's reproduction and distribution of Blaze Advisor 7.1.**

      A.     <u>**Defendants had notice of FICO's pre-termination copyright infringement claims from the day the lawsuit commenced; they chose to take no discovery to further reveal the factual basis of those claims.**</u>

FICO's copyright infringement claims are not "entirely new" as Defendants assert. (Dkt. 776 at 1.)  Defendants have been on notice of FICO's copyright infringement claims arising from pre-termination infringement since the beginning of this lawsuit.  As stated more fully in FICO's opening brief, FICO's pre-termination copyright infringement claims are based on Chubb & Son's unauthorized reproduction (copying) and distribution (transmission) of Blaze Advisor Version 7.1 in violation of 17 U.S.C. §106(1) and §106(3).  (Dkt 744, Section IV.A.)  These acts were unauthorized because they violated Paragraph 3.1(iv) of the Agreement.

FICO alleged this claim in each of its Complaints.  Count II states FICO's pre-termination copyright infringement claim: unauthorized reproduction and distribution to third parties.  (Dkt. 132, ¶ 49; *see also* Dkt. 1, ¶ 41; Dkt. 36, ¶ 38.)  The Complaint and each of the two Amended Complaints are notice pleading—not a detailed factual statement.  *See* Fed. R. Civ. P. 8(a).

Discovery is the vehicle to reveal the factual basis of these claims in further depth. Defendants chose not to undertake that discovery.  None of Defendants' interrogatories, requests for production, or requests for admission are directed to the factual basis of FICO's pre-termination copyright claims.  None of their Rule 30(b)(6) deposition topics

are directed to this claim.  To the extent Defendants' appreciation of the factual basis of

FICO's claim is "new," they should only look to themselves.

> **B.**     **FICO's pre-termination copyright claim is based on infringement of registered versions of Blaze Advisor.**

Defendants assert that FICO's copyright infringement claims should be dismissed

because Blaze Advisor Version 7.1 is not the subject of a copyright registration.  (Dkt.

776 at 16-17.)  The argument has no bearing on Defendants' statute of limitations

defense.  The argument also misses the mark completely.  Defendants violated FICO's

exclusive rights of copyright because the unauthorized reproduction and the unauthorized

distribution of Version 7.1 infringed FICO's registered copyrights.

FICO pled registrations of multiple versions of Blaze Advisor.  (Dkt. 132, ¶ 12;

*see also* Dkt. 1, ¶ 10; Dkt. 36, ¶ 10.)  The registration requirement for bringing a

copyright infringement claim is satisfied.  *See Montgomery v. Noga*, 168 F.3d 1282,

1292-93 (11th Cir. 1999).

Chubb & Son's unauthorized reproduction and distribution of Blaze Advisor

Version 7.1 infringed FICO's registered copyrights for earlier versions of Blaze Advisor,

because the source code of Version 7.1 is substantially similar to the source code of the

registered versions of Blaze Advisor.  *See id.* ("[T]he owner of a registered underlying

work that is part of an unregistered derivative work should be able to maintain a

copyright infringement suit against a defendant who reproduces the derivative work—and

thus the underlying work contained therein—without authorization."); *Designed to Sell,*

*Inc. v. Advanced Aesthetics, Inc.*, No. 04-3173 (JMR/FLN), 2005 U.S. Dist. LEXIS

53154, at *12-13 (D. Minn. Oct. 25, 2005) (same); *Cent. Point Software, Inc. v. Nugent*, 903 F. Supp.  1057, 1060 & n.5 (E.D. Tex. 1995) (granting summary judgment of infringement where plaintiffs registered copyrights in certain versions of computer programs and defendants copied later versions that incorporated portions of the registered works).

Here, the proof at trial will show that Blaze Advisor Version 7.1 is substantially similar to the registered versions of Blaze Advisor, of which Version 7.1 is a derivative work.  FICO may properly assert that Chubb & Son's actions with respect to Blaze Advisor Version 7.1 infringed FICO's registered copyrights for earlier versions of Blaze Advisor.  There is no basis to dismiss FICO's infringement claims premised on the unauthorized reproduction and distribution of Version 7.1.

**III.   Chubb & Son committed domestic acts of infringement within the limitations period.**

**A.      Defendants misstate the burden of proof on FICO's motion to strike the statute of limitations defense.**

Defendants misstate the burden of proof on FICO's motion for summary judgment to strike the statute of limitations defense.  FICO's summary judgment motion is "strictly limited" to the application of the statute of limitations to FICO's claims, as mandated by the Court's Order.  (Dkt. 731 at 52-53.)  Contrary to Defendants' assertion, for purposes of the present motion, FICO is not required to prove ownership of a valid copyright registration; a violation of one of the exclusive rights enumerated under the Copyright Act; or that the violation took place in the United States.  (Dkt. 776 at 14-15.)  Those are

issues for trial.  The only issue now is Defendants' fourth identified element; whether

FICO commenced its infringement claim within the three-year statute of limitations.

The statute of limitations is an affirmative defense.  Defendants bear the burden of

proof.  As one court has explained:

> Where, as here, a plaintiff uses a summary judgment motion to challenge
> the legal sufficiency of an affirmative  defense—on which the defendant
> bears the burden of proof at trial—a plaintiff may satisfy its rule 56 burden
> by showing that there is an absence of evidence to support an essential
> element of the non-moving party's case.

*Michael Grecco Prods. v. Valuewalk LLC*, 345 F. Supp. 3d 482, 504 (S.D.N.Y. 2018)

(internal quotations and alterations omitted); *see also Entous v. Viacom Int'l. Inc.*, 151 F.

Supp. 2d 1150, 1154 (C.D. Cal. 2001) (same); *Cuccioli v. Jekyll & Hyde*, 150 F. Supp. 2d

566, 572 (S.D.N.Y. 2001) (same).  FICO's opening brief shows the absence of evidence

supporting Defendants' statute of limitations defense.  (Dkt. 744, Section V.A.)  Given

that the infringement was entirely within the statutory period, there was nothing earlier to

discover.  No reasonable jury could find otherwise.

**B.** **FICO has shown domestic infringing acts of reproduction of Blaze Advisor 7.1 within the limitations period; Defendants' attempt to re-argue the "Affiliates" issue has no bearing on the statute of limitations.**

As discussed in FICO's opening brief, the evidence shows that Chubb & Son

engaged in the unauthorized reproduction of Blaze Advisor Version 7.1 in violation of

§106(1) within the limitations period.  (Dkt. 744, Section IV.A.)  Defendants concede

that uploading software can be "reproduction" for purposes of the Copyright Act.  (Dkt.

776 at 18.)

Defendants argue that Chubb & Son's uploading of Blaze Advisor 7.1 was licensed under Amendment Two, because Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada were "Affiliates" and therefore licensed to use Blaze Advisor. (*Id.* at 18-19.) Defendants further argue that the RAM copies created on the servers in North Carolina by Chubb Insurance Company of Canada were licensed under Amendment Two for the same reason. (*Id.* at 21.) Again, these arguments have no bearing on the statute of limitations defense. These arguments must await trial. The statute of limitations is assessed against the claim FICO makes.

The Court observed Defendants' contention that "permitting Federal's subsidiaries to use and access Blaze Advisor does not qualify as impermissible third-party use or access." (Dkt. 731 at 38.) The Court then identified fact issues precluding summary judgment, including whether Chubb & Son had any employees. (*Id.* at 44.) The Court determined that the definition of "Client and its Affiliates" in Amendment Two was ambiguous and required a trial: "FICO has established that the scope of the phrase 'Client and its Affiliates' in the December 2006 amendment is ambiguous and depends on disputed material facts." (*Id.*) In view of these fact issues, Defendants' attempt to re-argue the merits of the "Affiliates" issue must fail. *See Mellon Bank, N.A. v. United Bank Corp.*, 31 F.3d 113, 116 (2d Cir. 1994) ("[W]hen a contract is ambiguous, its interpretation becomes a question of fact and summary judgment is inappropriate.").

Defendants' position on the "Affiliates" issue is wrong on the facts and New York law, as FICO showed in its opposition to Defendants' supplemental motion for summary judgment. The facts show the "Client" is Chubb & Son, an unincorporated division.

7

(Dkt. 773, Section IV.F.2.)  Consistent with New York law, an unincorporated division, such as Chubb & Son, may enter into contracts in its own name.  (*Id.*, Section IV.F.3.)  If one of those contracts is breached, the appropriate party to sue for the breach is Federal. *See Maranatha Assocs. v. Titan Grp.*, 202 A.D.2d 846, 847 (N.Y. App. Div. 1994). Factually and legally, Defendants' contentions are without merit.  The jury will resolve the "Affiliates" issue; it does not preclude summary judgment striking the statute of limitations defense against FICO's stated claims.

### C.   **FICO has shown domestic infringing acts of distribution of Blaze Advisor Version 7.1 within the limitations period.**

Defendants assert that FICO has failed to show an act of distribution in the United States.  (Dkt. 776 at 22-23.)  This assertion fails.  As discussed in FICO's opening brief, the evidence also shows that Chubb & Son distributed (transmitted) the infringing copy of Blaze Advisor Version 7.1, located on a site on its computers in the United States, to persons who were not employees of Chubb & Son, including employees of Chubb Insurance Company of Europe SE and Chubb Insurance Company of Canada, in violation of §106(3).[1]  (Dkt. 744, Section IV.A.)

---

[1] Defendants suggest that FICO has abandoned its copyright infringement claim with respect to Australia.  (Dkt. 776 at 6 n.5.)  Not so.  FICO is entitled to recover revenue from Chubb Insurance Company of Australia Ltd., because that revenue flowed from Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 to the United Kingdom.  Defendants concede that "[t]he servers for Australia are in the United Kingdom."  (Dkt. 751 at 5.)  Chubb & Son's infringing reproduction and distribution of Blaze Advisor 7.1 to the United Kingdom enabled Chubb Insurance Company of Australia Ltd. to generate revenue in connection with applications using Blaze Advisor.

*Arista Records LLC v. USENET.com*, 633 F. Supp. 2d 124 (S.D.N.Y. 2009) is instructive. There, the court held that the defendants' delivery of copies of copyrighted digital music files by transmitting copies in response to subscribers' requests to download constituted a "distribution" under the Copyright Act. *Id.* at 146-47. The *Arista Records* court found that "the delivery of articles and/or content to download at the request of subscribers can be the basis of direct infringement of the distribution right." *Id.* at 147. So too here, Chubb & Son's transmission of Blaze Advisor Version 7.1 was an infringing distribution. FICO's opening brief shows in greater detail how this process worked. (Dkt. 744, Section IV.A.)

This unauthorized distribution was a domestic act of infringement because it took place from Chubb & Son's computers at its North Carolina data center. Transmission from the United States to a foreign country is a domestic infringement of the right of distribution. *NFL v. Primetime 24 Joint Venture*, 211 F.3d 10, 13 (2d Cir. 2000) (holding that "a public performance or display includes each step in the process by which a protected work wends its way to its audience"); *NFL v. Primetime 24 Joint Venture*, 131 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (finding infringement where defendant "capture[d] the over-the-air broadcast signals in the United States and retransmits the signals to one or more satellites for further retransmission abroad . . . including in Canada."). Chubb & Son's unauthorized transmissions of Blaze Advisor Version 7.1 during the limitations period infringed FICO's exclusive right of distribution.

Defendants claim there was no infringing distribution of Blaze Advisor Version 7.1 to Chubb Insurance Company of Canada. (Dkt. 776 at 19-20, 22.) The argument

fails.  Evidence at trial will include an infringing distribution of Blaze Advisor Version

7.1 on June 7, 2013, to persons not employees of Chubb & Son in Canada.  (Dkt. 744,

Section IV.A.)  Tony Zhang, Senior IT Architect for Chubb Insurance Company of

Canada, confirmed this transmission by email.  (Dkt. 747-2.)  Defendants' Rule 30(b)(6)

designee, Henry Miroluyz, confirmed this transmission in binding testimony.  (Dkt. 747,

27:11-15.)  Rule 30(b)(6) testimony is binding on the organization in the face of

contradictory or inconsistent evidence.  *W. Va. Pipe Trades Health & Welfare Fund v.*

*Medtronic, Inc.*, 13-1686 (JRT/FLN), 2017 U.S. Dist. LEXIS 222471, at *18 (D. Minn.

Oct. 12, 2017).

Fact issues regarding the distribution of Blaze Advisor Version 7.1 to Chubb

Insurance Company of Canada in June 2013 must also await trial.[2]  On this motion

directed to the statute of limitations, the only question now is whether the statute of

limitations bars the claim.  It does not.  This act of distribution occurred entirely within

the limitations period.

**D.**     **Chubb & Son's infringing acts are independently actionable under the
separate-accrual rule.**

Chubb & Son's infringing acts of reproduction and distribution of Blaze Advisor

Version 7.1 within the limitations period are independently actionable under the separate-

---

[2] The unauthorized distribution to the Chubb Insurance Company of Canada
violated §106 regardless of where Mr. Zhang installed Blaze Advisor Version 7.1.
Assuming Mr. Zhang's installation of Blaze Advisor Version 7.1 in June 2013 was to
servers in North Carolina, as Defendants contend, that infringed §106(1); employees of
Chubb Insurance Company of Canada were not authorized to reproduce Blaze Advisor
under Paragraph 3.1(iv) of the Agreement.

accrual rule.  (Dkt. 744, Section V.A.2.)  *Petrella v. MGM*, 572 U.S. 663, 671 (2014);

*Negley v. Hallmark Cards, Inc.*, No. 11-00785-CV-W-DW, 2013 U.S. Dist. LEXIS

196584, at *4-5 (W.D. Mo. Mar. 1, 2013) (collecting cases).  Defendants' supplemental

motion for summary judgment concedes the separate-accrual rule applies.  (*See* Dkt. 751

at 15 ("[T]he Copyright Act's three-year statute of limitations limits liability to conduct

that occurred after [the critical date]."); *id.* at 16 (citing *Negley*, 2013 U.S. Dist. LEXIS

196584).)

Defendants now attempt to distinguish the separate-accrual rule.  They contend

that "FICO has not shown that Federal committed a 'new wrong' that gave rise to a

separately accruing harm within the limitations period."  (Dkt. 776 at 29.)  The argument

fails.  Defendants conflate the separate-accrual rule and the continuing wrong doctrine,

which are distinct concepts.  Defendants' cited cases confirm that under the separate-

accrual rule every act of reproduction or distribution within the limitations period is

independently actionable.

Defendants' cited case, *Wolf v. Travolta*, illustrates their error.  In *Wolf*, there was

no evidence of an infringing reproduction or distribution within the three-year limitations

period.  167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016).  The plaintiff argued that

infringements outside the limitations period were continuing wrongs that permitted

recovery within the limitations period.  *Id.*  The court distinguished the continuing wrong

doctrine from the separate-accrual rule; it determined that infringing actions outside the

limitations period were not actionable where there had been no separate act of

reproduction or distribution within the limitations period:

Under the separate accrual rule, "when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong.  Each wrong gives rise to a discrete 'claim' that 'accrues' at the time the wrong occurs." *Petrella*, 134 S. Ct. at 1969.  However, the Court in *Petrella* cautioned that such "separately accruing harm should not be confused with harm from past violations that are continuing."  *Id.* at 1969 n.6.
* * *
Plaintiffs have failed to produce admissible evidence creating a genuine dispute of material fact regarding whether "the alleged infringer committed a new wrong" by reproducing or distributing the infringing work within three years of the initiation of this suit.  *Id.* at 1969.

*Id.* (internal citations, quotations, and alterations omitted).  Here, in contrast, the unauthorized reproduction and distribution of Blaze Advisor Version 7.1 are separate acts of infringement within the limitations period.  Those infringing acts are independently actionable under the *Petrella* separate-accrual rule, as *Wolf* restates.

So too in *Chelko v. Does*, the court found that an infringing act of distribution outside the limitations period was not actionable within the limitations period.  No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *10 (W.D.N.C. July 22, 2019) ("Plaintiff must point to a *new* reproduction or distribution of an infringing work that he discovered after October 3, 2015.").  The court confirmed that acts of infringement within the limitations period are independently actionable.  The motion to dismiss with respect to infringing actions within the limitations period was denied.  *Id.* at *13.[3]

---

[3] Defendants' other cases are not to the contrary.  *Klehr v. A.O. Smith Corp.* is a civil RICO case, not a copyright case, and stands for the unremarkable proposition that the separate-accrual rule does not permit a plaintiff to recover damages for actions outside the limitations period.  521 U.S. 179 (1997).  FICO is not seeking such recovery. *Havens Realty Corp. v. Coleman* is inapposite.  455 U.S. 363 (1982).  It considered the continuing wrong doctrine as applied to suits under the Fair Housing Act.

FICO is not claiming that Chubb & Son's reproductions and distributions of earlier versions of Blaze Advisor, outside the limitations period, are continuing wrongs that entitle it to recover within the limitations period. FICO does not claim damages for these actions outside the limitations period. FICO's pre-termination disgorgement claim is based on the infringing reproduction and distribution of Blaze Advisor Version 7.1 within the limitations period. (*See* Dkt. 747-10, Schedule 9.0.) Chubb & Son's unauthorized acts of reproduction and distribution of Blaze Advisor Version 7.1 within the limitations period are new wrongs subject to the separate-accrual rule. These acts each carry their own statute of limitations and are independently actionable.

## IV.   FICO's alleged knowledge of "use" of an earlier version of Blaze Advisor in the United Kingdom is irrelevant; the lawsuit commenced within three years of the infringing acts.

Defendants assert that "FICO should have discovered its claims concerning Federal's affiliate in Europe but failed to exercise reasonable diligence," and that "[g]iven its undisputed knowledge of use outside of the United States, FICO cannot claim to be ignorant of the installation of new versions of Blaze Advisor in Europe." (Dkt. 776 at 27-28; *see also id.* at 9-12.) These arguments miss the point. Even if true, knowledge of "use" is irrelevant, because "use" and infringement are distinct.

Chubb & Son's copyright infringement arose from the unauthorized reproduction and distribution of Blaze Advisor Version 7.1 from the United States, not "use" in Europe. Additionally, FICO's copyright claims are not based on earlier versions "used" in Europe (or elsewhere). Earlier knowledge of use in Europe is not knowledge of the

13

domestic acts of infringement of copyrights arising from the unauthorized reproduction and the unauthorized distribution of Blaze Advisor Version 7.1.

The evidence shows that FICO was ignorant of Chubb & Son's acts of infringement, whenever they occurred. Federal's Rule 30(b)(6) designee, Henry Mirolyuz, testified that Chubb & Son's reproduction (copying) of Blaze Advisor to the Wiki site hosted on its servers took place without FICO's knowledge, and that the site on which it was reproduced was completely internal with no external access. (Dkt. 747, 39:3-21, 78:9-15.)

More importantly, Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 was entirely within the limitations period. There were no "storm warnings" for FICO to heed, as Defendants argue. Defendants contend FICO should have discovered the infringing acts that give rise to its pre-termination copyright claim *before* the acts occurred.

Defendants' cited cases confirm the meritless nature of their argument. (Dkt. 776 at 27-28.) *William A. Graham Co.* illustrates the proper application of so-called "storm warnings" in copyright cases. 568 F.3d at 438-41. There, the Third Circuit reversed the district court's grant of judgment as a matter of law that the plaintiff's copyright claim was barred by the statute of limitations and held that alleged "storm warnings" which predated the act of infringement were irrelevant. *Id.* at 439 ("[W]e have rejected the proposition that the discovery rule places a duty on prospective plaintiffs to inquire into possible future wrongful conduct."). The court explained: "Because a potential plaintiff cannot discover his injury before it has occurred, the discovery rule . . . does not

14

accelerate the accrual date when the plaintiff becomes aware that he will suffer injury in the future." *Id.* at 438.  The Court held that alleged "storm warnings" that take place *before* the infringement in question are irrelevant because "a copyright owner does not have a duty to ferret out potential acts of infringement before they occur." *Id.* at 439.

*Graham* instructs the application of the inquiry notice rule here.  Even if FICO was aware of "Federal's original installation of Blaze on November 6, 2009" as Defendants assert, that is not knowledge of the unauthorized reproduction or the unauthorized distribution of Blaze Advisor Version 7.1 within the statutory period upon which FICO's claims are based.  FICO could not discover the acts of infringement based on the unauthorized reproduction and the unauthorized distribution of Blaze Advisor Version 7.1 before they occurred.

## V.     FICO accurately represented the evidence to the Court.

Defendants' claim that FICO "misrepresent[ed] the evidence to the Court" is not well taken.  (Dkt. 776 at 9.)  This assertion is based on Defendants' own manipulation of FICO's briefing.  Contrary to the altered quotation in Defendants' brief, FICO never represented there was no evidence of "use outside the United States," as Defendants assert.  (*Id.*)  FICO's representation, which is correct, concerned knowledge of infringement.  The unaltered quotation is as follows:

> The question for purposes of the statute of limitations, as applied to these copyright infringement claims, is whether there is any record evidence from which the jury could decide that FICO knew, or had reason to know, of Chubb & Son's infringement prior to April 21, 2013.  There is no such evidence.

(Dkt. 744 at 7.)  Use and infringement are distinct.  The operative question for purposes of the statute of limitations is whether FICO knew, or had reason to know, of the acts of infringement outside the limitations period.  The question itself is a non-sequitur.  FICO's copyright claims are based on acts within the limitations period.

## VI.   FICO is entitled to recover damages from Defendants' single enterprise.

FICO is entitled to recover from the named Defendants, Federal and ACE American, gross written premium from the sale of insurance by all companies in their single enterprise in connection with which Blaze Advisor was used.  As this Court found, "the law does not preclude FICO from seeking to disgorge certain profits that, although *earned* by non-parties, may nonetheless belong to Defendants."  (Dkt. 731 at 33 (emphasis original).)  The proof at trial will show that all the writing companies generate revenue as part of a single enterprise along with the named Defendants Federal and ACE American.  *See Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 (4th Cir. 2002) (recognizing that defendants may be jointly liable for profits "collectively derived from the acts of copyright infringement").

Defendants' authority does not hold otherwise.  *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. 1981), states the general rule that liability for profits is several. However, there are recognized exceptions to this rule, such as when the "infringement was not innocent" or where "the defendants engaged in a partnership, joint venture, or similar enterprise."  *Abeshouse v. Ultragraphics, Inc*., 754 F.2d 467, 472 (2d Cir. 1985) (internal quotation omitted); 3 M. Nimmer & D. Nimmer, Copyright §12.04 (2020) ("There may, however, be a joint liability for total profits . . . among defendants engaged

16

in a partnership, joint venture, or similar enterprise") (citing *Nelson-Salabes*, 284 F.3d at 517).  In noting that Defendants are jointly liable for profits "collectively derived from the acts of copyright infringement," the *Nelson-Salabes* court explicitly distinguished the *MCA* general rule.  284 F.3d at 517.  The named Defendants Federal and ACE American operate as a single enterprise with the other writing companies, and the entire profits of the single enterprise are recoverable because they "belong to Defendants."

## VII.   Conclusion

For the reasons stated, FICO respectfully requests the Court to grant FICO's motion for summary judgment (Dkt. 743; Dkt. 744) and strike Defendants' statute of limitations defense in its entirety.  The statute of limitations does not bar any of FICO's claims.  For the same reasons, FICO respectfully requests that the Court deny Defendants' supplemental motion for summary judgment.  (Dkt. 750; Dkt. 751.)

Dated: May 27, 2020

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*