UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation.<br><br>Defendants. | Case No. 16-cv-1054 (WMW/DTS) |

## JOINT MOTION REGARDING CONTINUED SEALING

Documents have been filed under temporary seal in connection with the following actions:

**Plaintiff Fair Isaac Corporation's Motion for Summary Judgment on Defendants' Statute of Limitations Defense (Dkt. 743)**

**Defendants' Supplemental Motion for Summary Judgment (Dkt. 750)**

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 744 | 745 | Memorandum in Support of Fair Isaac Corporation's Motion for Summary Judgment on Defendants' Statute of Limitations Defense | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747 | | Exhibit 6 to Kliebenstein Declaration (excerpts from the 30(b)(6) Deposition of Henry Mirolyuz taken on July 31, 2018) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747-1 | | Exhibit 7 to Kliebenstein Declaration (excerpts from the 30(b)(6) Deposition of Ramesh Pandey taken on November 26, 2019) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747-2 | 801 | Exhibit 8 to Kliebenstein Declaration (email from Henry Mirolyuz to Tony Zhang dated June 7, 2013 regarding Blaze upgrade to 7.1, Bates numbered as FED009153. This | a) The Parties agree the following information should remain sealed:<br><br>Defendants' technical information regarding software application(s) | | The following information should remain sealed to:<br><br>Protect detailed technical information relating to Defendants' proprietary software applications, |

| | | | | | |
|---|---|---|---|---|---|
| | | document served as Exhibit 12 to the deposition of Henry Mirolyuz) | b) None<br><br>c) None | | which a competitor could use to gain an advantage in developing its own similar software.<br><br>The filing party has filed a redacted version disclosing all non-sensitive information. |
| 747-3 | | Exhibit 9 to Kliebenstein Declaration (excerpts from the Deposition of Henry Mirolyuz taken on January 11, 2019) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747-4 | | Exhibit 10 to Kliebenstein Declaration (email between Chubb employees dated September 13, 2012 regarding Minutes – Evolution Weekly Meeting, Bates numbered as FED003425_0001 and an email dated October 5, 2012 regarding Referral Rules Discussion, Bates numbered as FED003436_0001) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747-5 | | Exhibit 11 to Kliebenstein Declaration (mail between Chubb employees dated October 8, 2013 regarding Blaze new version, Bates numbered as FED003510_0001) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be unsealed because no confidential or business sensitive information exists in the filing. |
| 747-6 | | Exhibit 12 to Kliebenstein Declaration (excerpts from the Deposition of Ramesh | a) None | | The document should be unsealed because no confidential or business |

3

| | | | | | |
|---|---|---|---|---|---|
| | | Pandey taken on November 13, 2018.) | b) The Parties agree the information may be unsealed.<br><br>c) None | | sensitive information exists in the filing. |
| 747-7 | | Exhibit 15 to Kliebenstein Declaration (excerpts from the Deposition of John Taylor taken on August 2, 2018) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 747-8 | | Exhibit 20 to Kliebenstein Declaration (Chubb Arch PLD Project Statement of Work dated December 16, 2014, Bates numbered as FED006837_0001. This document served as Exhibit 16 to the deposition of Henry Mirolyuz.) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' third party contract discussing business and software plans.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect detailed technical information relating to Defendants' proprietary software applications, which a competitor could use to gain an advantage in developing its own similar software. Protect third party's confidential pricing information. |
| 747-9 | 805 | Exhibit 21 to Kliebenstein Declaration (2015 email string between AppCentrica (Chubb Insurance Company of Canada's third-party vendor) and DWS (Chubb Insurance Company of Australia's third-party vendor), which were produced as Bates Nos. FED013809_0001-0003, FED011040_0001-0003 | a) The Parties agree the following information should remain sealed: Technical information regarding Defendants' application(s)<br><br>b) None<br><br>c) None | | The following information should remain sealed to: Protect detailed technical information relating to Defendants' proprietary software applications, which a competitor could use to gain an advantage in developing its own similar software.<br><br>The filing party has filed a redacted version disclosing |

4

| | | | | | |
|---|---|---|---|---|---|
| | | and FED011047_0001-0005. | | | all non-sensitive information. |
| 747-10 | 806 | Exhibit 23 to Kliebenstein Declaration (excerpts from the Expert Report of Neil Zoltowski and attached Schedules, served on April 19, 2019) | a) The Parties agree the following information should remain sealed:<br><br>FICO's pricing, discounting, and third party negotiation details.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing.<br><br>The filing party has filed a redacted version disclosing all non-sensitive information. |
| 773 | 774 | Plaintiff Fair Isaac Corporation's Memorandum in Opposition to Defendants' Supplemental Motion For Summary Judgment | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 778 | 779 | Exhibit 1 to Kliebenstein Declaration (Software License and Maintenance Agreement for Blaze Advisor, Bates numbered as FICO0001702-1720. This document served as Exhibit 110 to the deposition of Russell Schreiber) | a) The Parties agree the following information should remain sealed:<br><br>FICO's pricing information.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The filing party has filed a redacted version disclosing all non-sensitive information. |
| 781 | | Exhibit 3 to Kliebenstein Declaration (excerpts from the 30(b)(6) Deposition of Henry Mirolyuz taken on July 31, 2018) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 781-1 | | Exhibit 4 to Kliebenstein Declaration (excerpts from the 30(b)(6) Deposition of Henry Mirolyuz taken on July 31, 2018) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 782 | 783 | Exhibit 5 to Kliebenstein Declaration (email from Henry Mirolyuz to Tony Zhang dated June 7, 2013 regarding Blaze upgrade to 7.1, Bates numbered as FED009153. This document served as Exhibit 12 to the deposition of Henry Mirolyuz) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' technical information regarding software application(s)<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect detailed technical information relating to Defendants' proprietary software applications, which a competitor could use to gain an advantage in developing its own similar software.<br><br>The filing party has filed a redacted version disclosing all non-sensitive information. |
| 784 | | Exhibit 6 to Kliebenstein Declaration (excerpts from the Deposition of Henry Mirolyuz taken on January 11, 2019) | a) None<br><br>b) The Parties agree the information may be unsealed. | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |

| | | | | | |
|---|---|---|---|---|---|
| | | | c) None | | |
| 784-1 | | Exhibit 7 to Kliebenstein Declaration (excerpts from the Deposition of Ramesh Pandey taken on November 13, 2018) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 785 | 787 | Exhibit 16 to Kliebenstein Declaration (email from Andrew Hopp dated March 23, 2016 regarding Chubb LTD License Expansion Amendment, Bates numbered as FED009413_0001, FED009414_0001 and FED009415_0001. This document served as Exhibit 100 to the deposition of Thomas Carretta) | a) The Parties agree the following information should remain sealed:<br><br>FICO's pricing information.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing.<br><br>The filing party has filed a redacted version disclosing all non-sensitive information. |
| 785-1 | 787-1 | Exhibit 17 to Kliebenstein Declaration (email from Tamra Pawloski to Bill Waid dated March 25, 2016 regarding FICO, Bates numbered as FICO0000437-439. This document served as Exhibit 101 to the deposition of Thomas Carretta) | a) The Parties agree the following information should remain sealed:<br><br>FICO's pricing information.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The filing party has filed a redacted version disclosing all non-sensitive information. |
| 785-2 | 787-2 | Exhibit 18 to Kliebenstein Declaration (redline edits to Amendment Three to Software License and Services Agreement between Fair Isaac Corporation and Chubb & Son, Bates numbered as FED004432_0001) | a) The Parties agree the following information should remain sealed: FICO's pricing information. b) None c) None | | The following information should remain sealed: Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing. The filing party has filed a redacted version disclosing all non-sensitive information. |
| 788 | | Exhibit 19 to Kliebenstein Declaration (Addendum Number 2 to the Service Agreement between Pacific Indemnity Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013547_0001. This document served as Exhibit 19 to the 30(b)(6) deposition of John Taylor) | a) The Parties agree the following information should remain sealed: Defendants' internal service contracts. b) None c) None | | The following information should remain sealed: Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |

8

| | | | | | |
|---|---|---|---|---|---|
| 788-1 | | Exhibit 20 to Kliebenstein Declaration (Addendum to the Agreement between Texas Pacific Indemnity Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013548_0001. This document served as Exhibit 20 to the 30(b)(6) deposition of John Taylor) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-2 | | Exhibit 21 to Kliebenstein Declaration (Addendum Number 3 to the Management Agreement between Vigilant Insurance Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013549_0001. This document served as Exhibit 21 to the 30(b)(6) deposition of John Taylor) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-3 | | Exhibit 22 to Kliebenstein Declaration (Addendum Number 3 to the Management Agreement | a) The Parties agree the following information should remain sealed: | | The following information should remain sealed to: |

| | | | | |
|---|---|---|---|---|
| | | between Chubb Indemnity Insurance Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013541_0001. This document served as Exhibit 22 to the 30(b)(6) deposition of John Taylor) | Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-4 | | Exhibit 23 to Kliebenstein Declaration (Addendum to the Management Agreement between Chubb National Insurance Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013542_0001. This document served as Exhibit 23 to the 30(b)(6) deposition of John Taylor) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | The following information should remain sealed:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-5 | | Exhibit 24 to Kliebenstein Declaration (Addendum Number 4 to the Management Agreement between Executive Risk Specialty Insurance Company and Chubb & | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts. | | The following information should remain sealed:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business |

| | | | | | |
|---|---|---|---|---|---|
| | | Son, a division of Federal Insurance Company, Bates numbered as FED013545_0001. This document served as Exhibit 24 to the 30(b)(6) deposition of John Taylor) | b) None<br><br>c) None | | information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-6 | | Exhibit 25 to Kliebenstein Declaration (Addendum Number 3 to the Management Agreement between Executive Risk Indemnity Inc. and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013544_0001. This document served as Exhibit 25 to the 30(b)(6) deposition of John Taylor) | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | The following information should remain sealed:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 788-7 | | Exhibit 26 to Kliebenstein Declaration (Addendum to the Management Agreement between Great Northern Insurance Company and Chubb & Son, a division of Federal Insurance Company, Bates numbered as FED013546_0001. This document served as Exhibit | a) The Parties agree the following information should remain sealed:<br><br>Defendants' internal service contracts.<br><br>b) None<br><br>c) None | | The following information should remain sealed:<br><br>Protect Defendants' inter-company service agreements that contain highly sensitive business information regarding strategy for product development and services within the Chubb Group of |

11

| | | | | | |
|---|---|---|---|---|---|
| | | 26 to the 30(b)(6) deposition of John Taylor) | | | Insurance Companies. Competitors could gain unfair advantages from these contracts by learning intricate details about Chubb's business strategy. |
| 780 | | Exhibit A to Fleming Declaration (excerpts from the Rule 30(b)(6) deposition of Ramesh Pandey taken on January 22, 2019) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 780-1 | | Exhibit B to Fleming Declaration (excerpts from the second Rule 30(b)(6) deposition of Ramesh Pandey taken on November 26, 2019) | a) None<br><br>b) The Parties agree the information may be unsealed.<br><br>c) None | | The document should be <u>unsealed</u> because no confidential or business sensitive information exists in the filing. |
| 796 | 797 | Defendants' Reply Memorandum in Support of Supplemental Motion for Summary Judgment | a) The Parties agree the following information should remain sealed:<br><br>FICO's pricing information.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect FICO's pricing information, including the pricing given to a certain customer, which competitors may use to compete better against FICO or customers could use to demand better pricing.<br><br>The filing party has filed a redacted version disclosing all non-sensitive information. |

12

| 799 | | Exhibit 2 to Fleming Declaration (Printout of FICO Customer Support Tickets, produced as FICO0000197) | a) The Parties agree the following information should remain sealed:<br><br>File locations from file paths and URL's, IP addresses, Defendants' confidential technical support inquiries for maintaining and upgrading their proprietary business software applications.<br><br>b) None<br><br>c) None | | The following information should remain sealed to:<br><br>Protect technical information including file paths, URL's, and IP addresses related to Defendants' proprietary business software applications, which, if published, could create IT security concerns and reveal confidential technical information regarding the structure of Defendants' proprietary software applications. |

Dated: June 11, 2020

/s/ Joseph W. Dubis

Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff FICO*

-AND-

/s/ Christian V. Hokans
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Christian V. Hokans (#0400377)
chokans@fredlaw.com

**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendants*