UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Insurance Company and ACE American Insurance Company, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Fair Isaac Corporation's (Fair Isaac) appeal of the October 9, 2019 Order of United States Magistrate Judge David T. Schultz, which granted Defendants' motion to strike Fair Isaac's jury demand on the disgorgement of Federal Insurance Company's profits attributable to infringement under the Copyright Act. (Dkt. 662.) For the reasons addressed below, the Court affirms the magistrate judge's October 9, 2019 Order.

## BACKGROUND

Fair Isaac commenced this copyright-infringement action in April 2016 and demanded a jury trial. Fair Isaac alleges that Defendants Federal Insurance Company and its sister company, ACE American Insurance Company (collectively, Federal), breached a software license agreement and infringed Fair Isaac's copyright. Fair Isaac seeks damages for breach of contract and copyright infringement, as well as disgorgement of Federal's profits attributable to the alleged infringement. Federal moved to strike Fair Isaac's jury demand as to its claim for disgorgement of Federal's profits. The magistrate judge granted

Federal's motion, concluding that Fair Isaac does not enjoy, under the Seventh Amendment to the United States Constitution, a right to a jury determination on its claim for disgorgement of Federal's profits because disgorgement of profits is an equitable remedy.[1] Fair Isaac appeals that decision, arguing that disgorgement is a legal remedy here because its purpose is to punish and deter.

## ANALYSIS

### I.     The Copyright Act

The legal or beneficial owner of an exclusive right under a copyright, subject to registration requirements, may institute an action for any infringement of that right. 17 U.S.C. § 501(b).  Infringement remedies include injunctions, *id.* § 502, impoundment and disposition of infringing articles, *id.* § 503, damages and profits, *id.* § 504, as well as costs and attorney's fees, *id.* § 505.  A copyright infringer is liable for either the copyright owner's actual damages and any additional profits of the infringer as provided in Section 504(b), or statutory damages as provided by Section 504(c).  *Id.* § 504(a).

---

[1]     The parties dispute the proper standard of review.  Federal argues that the standard of review is "clear error" because a motion to strike a jury demand is a pretrial, nondispositive matter.  Fed. R. Civ. P. 72(a).  For nondispositive matters, the ruling will be set aside only if it is clearly erroneous or contrary to law.  *Id.*; LR 72.2(a)(3); *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017).  If, on the other hand, the motion to strike a jury demand is a dispositive matter and a Report and Recommendation was therefore required, the decision is reviewed *de novo*.  Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  The alternatives are inconsequential here because the question presented is purely a legal question.  *See Martin Ankeny Corp. v. CTB Midwest, Inc.*, No. 4:14-cv-00516-SMR-HCA, 2016 WL 7426584, at *3 (S.D. Iowa Mar. 18, 2016) (concluding that a district court necessarily reviews a magistrate judge's ruling on a "pure question of law" *de novo*, regardless of whether the motion was dispositive or nondispositive (internal quotation marks omitted)).  The Court therefore declines to resolve the issue of whether a Report and Recommendation was required in lieu of an order.

Section 504(b) provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Alternatively, the copyright owner may, at any time before final judgment is rendered, elect to recover statutory damages instead of actual damages and profits. *Id.* § 504(c).

Here, Fair Isaac seeks either all damages under 17 U.S.C. § 504 comprising its actual damages and any profits derived by Federal, *or* statutory damages. In addition, Fair Isaac seeks injunctive relief and reasonable costs and attorney's fees. *Id.* §§ 502, 505.

## II.   Right to a Jury Determination

"The right of trial by jury as declared by the Seventh Amendment to the [United States] Constitution—or as provided by a federal statute—is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). The Court addresses, in turn, the relevant statutory and constitutional rights to a trial by jury.

### A.   Statutory Right to a Jury Determination

Although Fair Isaac no longer contends that the Copyright Act—or any other federal statute—provides the right to a jury determination on disgorgement of Federal's profits attributable to infringement, the Supreme Court of the United States requires courts to ascertain first whether a construction of the statute is fairly possible by which the

3

constitutional question may be avoided. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

There is no statutory right to a jury trial on the award of statutory damages under Section 504(c) of the Copyright Act. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345 (1998). Section 504(c) refers to "the court," but Section 504(c) neither refers to a right to a jury trial nor refers to juries at all. *Id.* at 345–46. Moreover, Section 504(c) does not include any term, such as "legal," or any other language denoting legal relief. *Id.* at 347.

The same is true of Section 504(b). Although Section 504(b) provides for actual damages, which generally are considered legal relief, Section 504(b) also provides for profits, which generally are a form of equitable relief. *See id.* at 352. The reasoning in *City of Monterey* informs this analysis. There, the Supreme Court concluded that 18 U.S.C. § 1983 does not provide the right to a jury trial notwithstanding the statute authorizing a party to seek relief through "an action at law, suit in equity, or other proper proceeding for redress." 526 U.S. at 707 (quoting 18 U.S.C. § 1983). It follows here that Section 504(b), which does not expressly provide a right to a jury determination on actual damages and profits, also does not implicitly provide such a right. The Congressional record also supports this conclusion. "[W]here some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for the *court* to make an apportionment." H.R. 94-1476, at 161 (1976) (emphasis added); *see Feltner*, 523 U.S. at 345 ("[W]e cannot discern any congressional intent to grant . . . the right to a jury trial." (internal quotation marks omitted)).

4

Accordingly, there is no statutory right to a jury determination as to the disgorgement of profits under Section 504(b) of the Copyright Act.

### B. The Seventh Amendment

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. A plaintiff is entitled to a jury trial in an action that is analogous to an action that would have been brought in the English *law* courts, but not if the action is analogous to actions tried in courts of equity or admiralty. *Tull v. United States*, 481 U.S. 412, 417 (1987).

The Seventh Amendment "preserve[s] the basic institution of jury trial in only its most fundamental elements." *Tull*, 481 U.S. at 426 (internal quotation marks omitted). Consistent with the textual mandate to preserve the jury trial right, two principal inquiries guide a court's interpretation of the Seventh Amendment. *City of Monterey*, 526 U.S. at 708. First, a court must compare the statutory action to 18th-century actions brought in the courts of England before the merger of the courts of law and equity. *Tull*, 481 U.S. at 417. Second, a court must examine the remedy sought and determine whether it is legal or equitable in nature. *Id.* at 417–18; *see City of Monterey*, 526 U.S. at 708 ("If the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996))). The Supreme Court repeatedly has asserted that the second part of this test is more important than the first. *E.g.. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S.

558, 565 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).  In summary, if disgorgement of Federal's profits was not available at law for the kind of wrong at issue here, Fair Isaac does not have a constitutional right to a jury determination on the disgorgement question.  *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1320 (Fed. Cir. 2018).

### 1. Cause-of-Action Inquiry

To determine the character of the cause of action, a court compares the statutory action to 18th-century actions brought in the courts of England before the merger of the courts of law and equity.  *Tull*, 481 U.S. at 417.  Before the ratification of the Seventh Amendment, United States common law and statutes granted copyright owners a cause of action for infringement.  *Feltner*, 523 U.S. at 348.  Copyright lawsuits for monetary damages were tried before a jury in courts of law prior to 1791.  *Id.* at 348–49.  Federal does not dispute that actions for copyright infringement must be tried before a jury.  At issue is the nature of the remedy sought and whether that particular decision must rest with a jury so as to preserve the common-law right as it existed in 1791.

### 2. Nature-of-Remedy Inquiry

The Court must determine whether the disgorgement of profits derived from copyright infringement must be decided by a jury so as "to preserve the right to a jury's resolution of the ultimate dispute."  *Cf. Markman*, 517 U.S. at 377.

In *Feltner*, the Supreme Court held that there is "clear and direct historical evidence that juries, both as a general matter and in copyright cases, set the amount of damages awarded to a successful plaintiff."  523 U.S. at 355.  The *Feltner* Court explained that the

infringer made "no attempt to draw an analogy between an action for statutory damages under [Section] 504(c) [of the Copyright Act] and *any* historical cause of action—including those actions for monetary relief that we have characterized as equitable, such as actions for disgorgement of improper profits."[2]  *Id.* at 352.  As such, there is a Seventh Amendment right to a jury determination of statutory damages under Section 504(c).  *Id.* at 355.

In *Petrella v. Metro-Goldwyn-Mayer, Inc.*, in which a copyright holder filed an action for infringement and sought actual damages and additional profits under Section 504(b), the Supreme Court explained:

> Like other restitutional remedies, recovery of profits "is not easily characterized as legal or equitable," for it is an "amalgamation of rights and remedies drawn from both systems." Restatement (Third) of Restitution and Unjust Enrichment § 4, Comment *b*, p. 28 (2010).  Given the "protean character" of the profits-recovery remedy, see *id.*, Comment *c*, at 30, we regard as appropriate its treatment as "equitable" in this case.

572 U.S. 663, 668 n.1 (2014).  The Supreme Court also observed, in accounting for the plaintiff's delay in bringing suit, that "the equitable relief [the plaintiff] seeks—*e.g.*, disgorgement of unjust gains and an injunction against future infringement" may be addressed "at the remedial stage."  *Id.* at 686–87.  While not in unequivocal terms, *Petrella*

---

[2] *Feltner* includes a contradictory statement when addressing whether the Copyright Act provides a statutory right to a jury determination.  *Feltner* states that "the Copyright Act does not use the term 'court' in the subsection addressing awards of actual damages and profits, see § 504(b), which generally are thought to constitute legal relief."  523 U.S. at 346.  It is notable both that the *Feltner* Court used the word "generally," and the parentheticals accompanying the citations to this statement include the word "damages," but not "profits."

nonetheless suggests that disgorgement of profits as a result of copyright infringement is an equitable remedy.[3]

Fair Isaac argues that, although profit disgorgement can have multiple rationales, including compensation, punishment, deterrence, and unjust enrichment, it is a legal remedy when, as here, profit disgorgement serves to deter and punish wrongful conduct.

Actual and punitive damages are the "traditional form[s] of relief offered in the courts of law." *Curtis v. Loether*, 415 U.S. 189, 196 (1974).[4] While monetary damages traditionally are considered legal relief, the Supreme Court has articulated two exceptions to this general rule: monetary relief is equitable when it is restitutionary, "such as in actions for disgorgement of improper profits," or when it is "incidental to or intertwined with injunctive relief."[5] *Terry*, 494 U.S. at 570–71 (internal quotation marks omitted).

---

[3] A historical analysis confirms this suggestion. The first federal copyright statute, the Copyright Act of 1790, authorized damages for copyright infringement. *Feltner*, 523 U.S. at 351. Before the enactment of the Copyright Act of 1909, "there had been no statutory provision for the recovery of profits, but that recovery had been allowed *in equity* both in copyright and [in] patent cases as appropriate equitable relief incident to a decree for an injunction." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940) (emphasis added). "That relief had been given in accordance with the principles governing equity jurisdiction, not to inflict punishment but to prevent an unjust enrichment . . . ." *Id.* When it is not clear to what extent an infringer's profits are the result of infringement, both the Copyright Act and the Supreme Court's prior decisions "leave the matter to the appropriate exercise of the *equity jurisdiction* upon an accounting to determine the profits which the infringer shall have made from such infringement." *Id.* at 402 (emphasis added).

[4] "Remedies intended to punish culpable individuals . . . were issued by courts of law, not courts of equity." *Tull*, 481 U.S. at 422.

[5] The Supreme Court has "characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.' " *Terry*, 494 U.S. at 570 (quoting *Tull*, 481 U.S. at 424); *see also Feltner*, 523 U.S. at 352.

Here, any profit disgorgement would be based on Federal's gains, not Fair Isaac's losses. Fair Isaac need not suffer any actual damages to be awarded Federal's improper profits. Section 504(b) expressly excludes any profits "taken into account in computing the actual damages." 17 U.S.C. § 504(b). As these profits are measured exclusively based on Federal's gains, they are restitutionary.

There is no sound basis to conclude that, here, disgorgement is a legal remedy that serves to punish and deter. Fair Isaac asserts that in *Kokesh v. SEC*, the Supreme Court held that disgorgement of profits operated as a penalty because it was intended for punitive purposes. 137 S. Ct. 1635, 1645 (2017). But in the securities context, the disgorgement penalty is not a liability imposed solely for the purpose of redressing a private injury. *Id.* at 1643; *see also Brady v. Daly*, 175 U.S. 148, 153–58 (1899) (holding that a compensatory remedy for a private wrong under the Copyright Act is not a statutory penalty). As such, *Kokesh* is inapposite because it involved disgorgement as a penalty that was imposed by the state as a consequence of violating a public law. 137 S. Ct. at 1645 (recognizing that "disgorgement serves compensatory goals in some cases").

"Damages are awarded to compensate the copyright owner for losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act." H.R. Rep. No. 94-1476, at 161 (1976). Fair Isaac rests its argument on the word "prevent" in the Congressional record, contending that this legislative purpose demonstrates the primary intent of deterrence. But damages are awarded to compensate the owner. Profits are awarded as damages to prevent infringers from reaping a wrongful

9

benefit, *not* to prevent the infringement.⁶ *See Sheldon*, 309 U.S. at 684 (explaining that the purpose of the profits award in the Copyright Act of 1909 was to provide just compensation for the wrong, not to impose a penalty by giving to the copyright proprietor profits that are not attributable to infringement). The broader statutory scheme of the Copyright Act supports this conclusion. In the civil context, copyright infringement is a strict liability violation and intent is not a required element of the claim. *Buck v. Jewell-La Salle Realty Co.*, 283 U.S. 191, 198 (1931). But if a copyright owner elects to recover statutory damages instead of actual damages and profits, then the infringer's intent is relevant. 17 U.S.C. § 504(c). When willful infringement is pleaded and proved, the factfinder may increase the award of statutory damages. *Id.* In short, the punitive and deterrent nature of the Copyright Act exists in Section 504(c) concerning statutory damages and Section 102 addressing criminal penalties for willful infringement and economic motive, but not Section 504(b).⁷ *See F. W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952) (observing that the Copyright Act's statutory damages provision "is designed to discourage wrongful conduct").

Fair Isaac maintains that, because disgorgement does not necessitate or permit judicial discretion, "there is nothing for equity to consider." But this argument is contrary

---

⁶ Prevent means "to hinder or preclude." Black's Law Dictionary.

⁷ A plaintiff alleging trademark infringement need not show that a defendant willfully infringed the plaintiff's trademark as a precondition to a profits award. *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1495–96 (2020). In reaching this conclusion, the Supreme Court declined to read a willfulness requirement into the statute when Congress specified the requisite mental state in other sections of the Lanham Act. *Id.*

to the Supreme Court's reasoning in *Petrella*, which explained that, should the plaintiff ultimately prevail on the merits, "the District Court, in determining appropriate injunctive relief and assessing profits, may take account of her delay in commencing suit," including the defendant's reliance on the plaintiff's delay, the defendant's early knowledge of the plaintiff's claims, the protection the defendant might have achieved through a declaratory judgment action, the extent to which the defendant's investment was protected by the separate accrual rule, "and any other consideration that would justify adjusting injunctive relief *or profits*." 572 U.S. at 687 (emphasis added) (citing *Haas v. Leo Feist, Inc.*, 234 F. 105, 107–08 (S.D.N.Y. 1916) (Hand, J.) (reasoning that, in a copyright-infringement action, "[e]quity will control its peculiar remedy of an account of profits according to its own sense of justice," and an award of profits would account for copyright owner's inaction until the infringer had invested large sums exploiting the work at issue)).

Finally, Fair Isaac contends that, after the *Petrella* decision, no court has decided that the disgorgement remedy is equitable based on a particularized analysis of case-specific facts. The Supreme Court in *Petrella* acknowledged in a footnote that recovery of profits is not easily characterized as legal or equitable and regarded it as equitable "in this case." 572 U.S. at 668 n.1. In doing so, the Supreme Court also characterized the disgorgement of profits under Section 504(b) as equitable relief on other occasions in the opinion. Logical reasoning leads this Court to interpret the qualifying language "in this case" to mean that the recovery of profits is equitable relief when sought under Section 504(b) of the Copyright Act, *not* that a court must undertake a case-by-case analysis based on the particular facts and circumstances presented. *Cf. Kokesh*, 137 S. Ct. at 1645

11

(concluding that recovery of profits for securities violations redressing a wrong to the public as opposed to an individual is a penalty, *i.e.* legal).

Fair Isaac presents no sound legal basis to conclude that the courts of law in 1791 would have awarded disgorgement of a defendant's profits as a remedy for copyright infringement. The Seventh Amendment "preserve[s] the basic institution of jury trial in only its most fundamental elements." *Tull*, 481 U.S. at 426 (internal quotation marks omitted). Even though copyright infringement is a legal claim, a determination of profits arising from the claim is not traditionally a question for the jury. *Cf. City of Monterey*, 526 U.S. at 718. Moreover, the recovery of profits under Section 504(b) of the Copyright Act is equitable because the profits are not a proxy for Fair Isaac's actual damages. As Section 504(b) declares, a copyright holder is entitled to recover the actual damages suffered as a result of the infringement and any profits of the infringer attributable to the infringement that are not taken into account in computing the actual damages.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the October 9, 2019 Order, (Dkt. 588), is **AFFIRMED**.


Dated:  June 24, 2020                                          s/Wilhelmina M. Wright
                                                               Wilhelmina M. Wright
                                                               United States District Judge