

October 2, 2020

**VIA ECF**

The Honorable Wilhelmina M. Wright
United States District Court
334 Federal Building
316 N. Robert Street
Saint Paul, Minnesota 55101

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*,
       No. 16-cv-01054-WMW-DTS (D. Minn. filed April 21, 2016)

Dear Judge Wright:

Plaintiff Fair Isaac Corporation ("FICO") and Defendants Federal Insurance Company and ACE American Insurance Company (collectively, "Federal") submit this joint letter requesting a conference with the Court to discuss the parameters under which witnesses may be allowed to provide remote live testimony at trial in lieu of in-person testimony due to the COVID-19 pandemic. The parties request the Court schedule a phone conference to discuss this issue and the trial schedule.

This issue arose as the parties attempt to secure testimony for their trial witnesses. Federal has identified approximately 22 trial witnesses, not including its expert witnesses, all of whom reside outside of the State of Minnesota and 7 of whom reside outside of the country. The COVID-19 pandemic presents considerable uncertainty regarding whether some or all of these witnesses will be willing or able to travel to Minnesota when this case is scheduled for trial.

FICO has at least one witness that may have difficulty traveling to Minnesota depending on when this case is scheduled for trial. FICO expects its other witnesses, who do not reside in Minnesota, to appear in-person at trial; of course, the actual circumstances at the time are unknowable. Other FICO witnesses who do not reside in Minnesota are able to travel to Minnesota for trial. FICO does not generally object to remote live testimony and requests the Court's guidance because, in its view, the appearance of any witness through remote live testimony should be based on necessity and not convenience.

The parties recently met and conferred regarding the issue of remote trial testimony protocol. During the meet and confer, Federal expressed concern about its ability to secure in-person testimony from its witnesses due to the COVID-19 pandemic.

In light of the above, the parties jointly request the Court provide the parties with discretion to

The Honorable Wilhelmina M. Wright
October 2, 2020
Page 2

present remote live testimony at trial in lieu of in-person testimony.

The Court has the authority to allow live remote testimony under these circumstances. Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Accordingly, the decision to require testimony by videoconference falls within the Court's discretion. *In re RFC and ResCap Liquidating Trust Action*, 444 F. Supp.3d 967, 970 (D. Minn. 2020) (citing *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018)).

The parties agree that the pandemic presents good cause in compelling circumstances such that remote live testimony should be available for the parties to utilize in this case. In addition, the District of Minnesota and other federal district courts across the country have concluded that the pandemic satisfies the requirements of Federal Rule of Civil Procedure 43(a) such that remote live testimony should be allowed. *See In re RFC*, 444 F. Supp.3d at 967 (allowing remote live testimony in lieu of in-person testimony due to COVID-19 pandemic); *Gould Elecs. Inc. v. Livingston Cnty. Road Comm'n,* 2020 WL 3717792, at *3 (E.D. Mich. June 30, 2020) ("[T]he Court, in its discretion, finds that… conducting the entirety of the bench trial via videoconference is justified by compelling circumstances under Rule 43(a) [because]… [i]n light of the grave and unprecedented public health concerns at issue, it is unlikely that an in-person bench trial could safely and realistically occur in a courtroom in the foreseeable future."); *Agronaut Ins. Co. v. Manetta Enterprises, Inc.*, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020) ("The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes 'good cause and compelling circumstances' to hold the bench trial in this matter via video-conference."); *Vasquez v. City of Idaho Falls*, 2020 WL 1860394, at *8 (D. Idaho Apr. 13, 2020) (allowing live remote testimony because the plaintiff "could not have reasonably foreseen the circumstances [plaintiff] offers to justify the transmission of testimony—i.e., the pandemic.").

Federal requests that the Court issue a ruling in advance of trial to the effect that any witness who must travel to provide in person testimony at trial satisfies Rule 43(a)'s standard for "good cause in compelling circumstances" to allow remote live testimony. Federal further suggests that the parties confer to attempt to develop a protocol for such remote live testimony such that they agree in advance that "appropriate safeguards" are in place.

FICO states, generally, that it does not waive its right under Federal Rule of Civil Procedure 43(a) to object to remote live testimony. Whether "good cause in compelling circumstances" are present with respect to each particular witness and the state of the COVID-19 pandemic at the time of trial are unknowable now. FICO is concerned that an over broad order may allow witnesses to avoid in person testimony after the COVID-19 risk has subsided, and therefore requests a narrower order. FICO agrees to confer in an attempt to develop a protocol for remote live testimony so that "appropriate safeguards" are in place.

The Honorable Wilhelmina M. Wright
October 2, 2020
Page 3

The parties are also considering, but have not come to any agreement regarding, taking trial depositions for certain witnesses. Federal will seek permission from the Court to take trial depositions if and when remote live testimony is not feasible. FICO objects to the taking and use of trial depositions, especially when remote live testimony or in person testimony is available.

Respectfully Submitted,

s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff FICO*

-AND-

s/ Leah C. Janus
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Christian V. Hokans (#0400377)
chokans@fredlaw.com

**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000

The Honorable Wilhelmina M. Wright
October 2, 2020
Page 4

                          Minneapolis, MN 55402-1425
                          (612) 492-7000 (tel.)
                          (612) 492-7077 (fax)

                          *Attorneys for Defendants*