# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation,<br><br>Defendant. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES (15-21)** |

To: Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein and Michael A. Erbele, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Answers to Plaintiff's Second Set of Interrogatories (15-21), states and alleges as follows:

## GENERAL RESPONSES

1. Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2. Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3. Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to information within its possession, custody, or control. Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4. Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## ANSWERS TO SECOND SET OF INTERROGATORIES (15-21)

**INTERROGATORY NO. 15:** For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2001-2006. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information more than 17 years old as overbroad, unduly burdensome, and not proportional to the needs of this case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

2

**INTERROGATORY NO. 16:** For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each year from 2007-2012. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information more than 10 years old as overbroad, unduly burdensome, and not proportional to the needs of this case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 17:** For all insurance policies in connection with which the Blaze Advisor® software was used, the gross written premium of Federal and the gross written premium of each related company, including the specific identification of each related company, for each quarter from March 30, 2016 to date. For clarity, this Interrogatory is not seeking investment income, other income, or capital and surplus accounts.

3

**ANSWER:** Federal objects to the request for "all" insurance policies as overbroad, unduly burdensome, and not proportional to the needs of this case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in failing to identify the relevant "use" and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of Federal and the gross written premium of each related company" are not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 18:** From the date of first use of the Blaze Advisor® software in the United Kingdom and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and

4

calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 19:** From the date of first use of the Blaze Advisor® software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3

5

(C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 20:** From the date of first use of the Blaze Advisor® software in any other country other than the United States, the United Kingdom or Canada, and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because Federal's profits are not reasonably related to the alleged infringement, as is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D. Ill. Dec. 15, 2006). Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

**INTERROGATORY NO. 21:** From March 30, 2016 to date, identify and describe each instance in which the Blaze Advisor® software was modified in any way – whether by Chubb & Son, a division of Federal, Federal, or any other entity or person.

**ANSWER:** Federal objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case in seeking "each instance" of any modification to the Blaze software. Federal further objects to this Interrogatory as vague and overbroad because such information relating to the modification of Blaze software has no bearing on the claims and defenses in this action. Federal further objects to this Interrogatory as vague and ambiguous in referring to software that is "modified in any way." Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Dated: January 29, 2018

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

63011559