# Exhibit 1

CASE 0:16-cv-01054-DTS Doc. 858-1 Filed 11/28/21 Page 2 of 61
https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?PostSearchSortBy1=NULL&HID=20862265&CHK=20862265&HID=16442668&...

```
Title:              Blaze Advisor.

Type of Material:   Computer File

Registration Number/Date:
                    TX0006595049 / 2007-08-27

Edition:            v.6.5

Copyright Claimant:
                    Fair Isaac Corporation

Date of Creation:   2007

Date of Publication:
                    2007-03-30

Previous Registration:
                    Prev. reg. 2006, TX 6-301-747 et al.

Basis of Claim:     New Matter: new programming text.

Copyright Note:     Cataloged from appl. only.

===============================================================================

Title:              Blaze advisor 3.0.

Type of Material:   Computer File

Registration Number/Date:
                    TX0006301747 / 2006-03-23

Description:        CD-ROM.

Notes:              Printout also deposited.

Copyright Claimant:
                    Fair Isaac Corporation

Date of Creation:   2000

Date of Publication:
                    ca. 1Jun00

Authorship on Application:
                    Blaze Software, Inc., employer for hire.

Basis of Claim:     New Matter: new programming text.

===============================================================================

Title:              Blaze advisor 4.0.

Type of Material:   Computer File

Registration Number/Date:
                    TX0006301748 / 2006-03-23

Description:        37 p. + CD-ROM.

Notes:              Printout also deposited.

Copyright Claimant:
```

EXHIBIT
1

                        Fair Isaac Corporation

Date of Creation:   2001

Date of Publication:
                    ca. 1Dec01

Authorship on Application:
                    Blaze Software, Inc., employer for hire.

Basis of Claim:     New Matter: new programming text.

===============================================================================

Title:              Blaze advisor 5.0.

Type of Material:   Computer File

Registration Number/Date:
                    TX0006301746 / 2006-03-23

Description:        CD-ROM.

Notes:              Printout also deposited.

Copyright Claimant:
                    Fair Isaac Corporation

Date of Creation:   2003

Date of Publication:
                    ca. 1May03

Authorship on Application:
                    Fair, Isaac & Company, Inc., employer for hire.

Basis of Claim:     New Matter: new programming text.

===============================================================================

Title:              Blaze advisor 6.0.

Type of Material:   Computer File

Registration Number/Date:
                    TX0006301745 / 2006-03-23

Description:        CD-ROM.

Notes:              Printout also deposited.

Copyright Claimant:
                    Fair Isaac Corporation

Date of Creation:   2005

Date of Publication:
                    ca. 1Mar05

Basis of Claim:     New Matter: new programming text.

===============================================================================

Title:              Blaze Advisor 6.5.5.

Type of Material:    Computer File

Registration Number/Date:
                     TX0007622453 / 2013-01-10

Description:         Electronic file (eService)

Copyright Claimant:
                     Fair Isaac Corporation.

Date of Creation:  2008

Date of Publication:
                     2008-01-07

Authorship on Application:
                     Fair Isaac Corporation,

Previous Registration:
                     2006, TX 6-301-745.
                     2006, TX 6-301-746.

Basis of Claim:    New programming text.

Copyright Note:    Fair Isaac Corporation, Rosedale Corporate Plaza, 2665 Long
                     Lake Road, Bldg C, Roseville, MN, 55113, United States

================================================================================

Title:             Blaze Advisor 6.6.

Type of Material:  Computer File

Registration Number/Date:
                     TX0007622554 / 2013-01-10

Description:         Electronic file (eService)

Copyright Claimant:
                     Fair Isaac Corporation.

Date of Creation:  2008

Date of Publication:
                     2008-10-06

Authorship on Application:
                     Fair Isaac Corporation,

Previous Registration:
                     2013, Pending eCo claim 1-875719396.
                     2007, TX 6-595-049.

Basis of Claim:    New programming text.

Copyright Note:    Fair Isaac Corporation, Rosedale Corporate Plaza, 2665 Long
                     Lake Road, Bldg C, Roseville, MN, 55113, United States

================================================================================

Title:             Blaze Advisor 6.7.

Type of Material:  Computer File

Registration Number/Date:

                         TX0007622555 / 2013-01-10

Description:        Electronic file (eService)

Copyright Claimant:
                    Fair Isaac Corporation.

Date of Creation:   2009

Date of Publication:
                    2009-03-13

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2013, Pending eCo claim 1-875719528.
                    2013, Pending eCo claim 1-875719396.

Basis of Claim:     New programming text.

Copyright Note:     Fair Isaac Corporation, Rosedale Corporate Plaza, 2665 Long
                    Lake Road, Bldg C, Roseville, MN, 55113, United States

===============================================================================

Title:              Blaze Advisor 6.8.1.

Type of Material:   Computer File

Registration Number/Date:
                    TX0007622557 / 2013-01-10

Description:        Electronic file (eService)

Copyright Claimant:
                    Fair Isaac Corporation.

Date of Creation:   2009

Date of Publication:
                    2009-11-16

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2013, Pending eCo claim 1-875719635.
                    2013, Pending eCo claim 1-875719528.

Basis of Claim:     New programming text.

Copyright Note:     Fair Isaac Corporation, Rosedale Corporate Plaza, 2665 Long
                    Lake Road, Bldg C, Roseville, MN, 55113, United States

===============================================================================

Title:              Blaze Advisor 6.9.

Type of Material:   Computer File

Registration Number/Date:
                    TX0007622556 / 2013-01-10

Description:        Electronic file (eService)

Copyright Claimant:
                    Fair Isaac Corporation.

Date of Creation:   2010

Date of Publication:
                    2010-04-16

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2013, Pending eCo claim 1-875719812.
                    2013, Pending eCo claim 1-875719635.

Basis of Claim:     New programming text.

Copyright Note:     Fair Isaac Corporation, Rosedale Corporate Plaza, 2665 Long
                    Lake Road, Bldg C, Roseville, MN, 55113, United States


================================================================================

Title:              Blaze Advisor 7.0.

Type of Material:   Computer File

Registration Number/Date:
                    TX0007504713 / 2012-02-14

Description:        Electronic file (eService)

Copyright Claimant:
                    Fair Isaac Corporation.

Date of Creation:   2011

Date of Publication:
                    2011-10-31

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2006, TX 6-301-745.
                    2006, TX 6-301-746.

Basis of Claim:     New programming text.

Copyright Note:     Fair Isaac Corporation, 901 Marquette Avenue, Suite 3200,
                    Minneapolis, MN, 55402, United States


================================================================================

Title:              [Blaze Advisor 7.2]

Type of Material:   Computer File

Registration Number/Date:
                    TX0007776962 / 2013-08-02

Description:        Electronic file (eService)

Notes:              Title from appl.

Copyright Claimant:
                  Fair Isaac Corporation.

Date of Creation:  2013

Date of Publication:
                  2013-08-02

Authorship on Application:
                  Fair Isaac Corporation,

Previous Registration:
                  2012, TX 7-504-713.
                  2013, TX 7-622-556.

Basis of Claim:   New programming text.

Copyright Note:   Fair Isaac Corporation, 181 Metro Drive, Suite 600, San
                  Jose, CA, 95110, United States

===============================================================================

Title:            Blaze Advisor 7.4.

Type of Material:  Text

Registration Number/Date:
                  TX0008574892 / 2018-02-02

Description:      Electronic file (eService)

Copyright Claimant:
                  Fair Isaac Corporation.

Date of Creation:  2017

Date of Publication:
                  2017-02-01

Authorship on Application:
                  Fair Isaac Corporation,

Previous Registration:
                  2013, TX 7-776-962.
                  2013, TX 7-622-556.

Basis of Claim:   New and revised version of computer program.

Copyright Note:   Fair Isaac Corporation, 181 Metro Drive, Suite 600, San
                  Jose, CA, 95110, United States

===============================================================================

Title:            FICO Blaze Advisor 7.5.

Type of Material:  Computer File

Registration Number/Date:
                  TX0008579854 / 2018-05-25

Description:      Electronic file (eService)

Copyright Claimant:
                  Fair Isaac Corporation.

Date of Creation:  2018

Date of Publication:
                    2018-03-29

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2018, 1-6254101042.
                    2013, TX 7-776-962.

Basis of Claim:  New and revised version of computer program.

Copyright Note:  Fair Isaac Corporation, 181 Metro Drive, Suite 600, San
                    Jose, CA, 95110, United States

=================================================================================

Title:            FICO Blaze Advisor 7.7.

Type of Material:  Computer File

Registration Number/Date:
                    TX0008929352 / 2020-12-23

Description:       Electronic file (eService)

Copyright Claimant:
                    Fair Isaac Corporation.

Date of Creation:  2020

Date of Publication:
                    2020-11-18

Authorship on Application:
                    Fair Isaac Corporation,

Previous Registration:
                    2018, TX 8-579-854.
                    2018, TX 8-574-892.

Basis of Claim:  New and revised computer program.

Copyright Note:  Fair Isaac Corporation, 181 Metro Drive, Suite 600, San
                    Jose, CA, 95110, United States

=================================================================================

# Exhibit 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) ) | **INITIAL DISCLOSURES** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | **Jury Trial Demanded** |
| Defendant. | ) ) | |

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, the plaintiff, Fair Isaac Corporation ("FICO"), makes the following initial disclosures to the defendant, Federal Insurance Company ("Federal"). These disclosures are based upon investigation and knowledge to date and may be supplemented, if necessary and appropriate, as discovery continues.

### Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(i)

Based on the information available to it at this time, FICO identifies the following individuals as likely to have discoverable information that it may use to support its claims or defenses in this matter. Any individuals who are identified as associated with FICO should not be contacted directly but should only be contacted through FICO's counsel of record in this action.

| | |
|---|---|
| Jandeen Boone<br>Senior Attorney, Ecolab<br>Legal Counsel, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement"); knowledge of the scope of the Agreement. |

EXHIBIT
**2**

1

| | |
|---|---|
| Jeremy Chen<br><br>Product Management Professional, FICO | Knowledge of third-party use of the FICO Blaze Advisor® software. |
| Chris Ivey<br><br>VP, Product & Technology Organization, FICO | Knowledge of Chubb & Son's disclosure of the FICO Blaze Advisor® software to third parties; knowledge of third-party use of the FICO Blaze Advisor® software; knowledge of the parties' negotiation of the Agreement; knowledge of the scope of the Agreement. |
| Aaron Jaeger<br><br>VP Finance, ACI Worldwide<br><br>Senior Director of Sales Operations, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Agreement; knowledge of the scope of the Agreement. |
| Mike Sawyer<br><br>Client Partner, Insurance & Healthcare, FICO | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger. |
| Bill Waid<br><br>VP & General Manager, Decision Management Line of Business, FICO | Knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger; knowledge of third-party use of the FICO Blaze Advisor® software; knowledge of FICO's damages. |

## Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(ii)

FICO may use the following categories of documents, electronically stored information, and tangible things that it or its attorneys have in their possession, custody, or control to support its claims or defenses.

1.      The Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement") entered into by FICO and Chubb & Son, a division of Federal.

2.      Documents sufficient to show FICO's ownership of its federal copyrights in multiple versions of its FICO® Blaze Advisor® business rules management software.

3.      Documents sufficient to show Federal's change in control as a result of the January 15, 2016 merger, including documents sufficient to show the corporate structure of The Chubb Corporation and its subsidiaries prior to the merger, and documents sufficient to show the corporate structure of Chubb Ltd. and its subsidiaries following the merger.

4.      Communications between the parties regarding Federal's breach of the Agreement following the merger and FICO's termination of the Agreement.

5.      Documents related to Federal's disclosure of the FICO Blaze Advisor® software to third parties.

6.      Documents related to the use of the FICO Blaze Advisor® software by third parties.

7.      Documents sufficient to show Chubb & Son's continued use of the FICO Blaze Advisor® software following the termination of the Agreement.

8.      Documents sufficient to show FICO's damages, including its loss of licensing revenues resulting from Federal's breach of the Agreement.

### Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iii)

FICO is still computing its damages and will not be able to complete its computation until it acquires complete information from Federal and it analyzes all available information relevant to damages.  At a minimum, FICO seeks to recover its actual damages resulting from Federal's breach of the Agreement, in an amount to be determined at trial, but in excess of $75,000, exclusive of costs and interest.  FICO also seeks to recover damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by Federal as a result of its copyright

infringement, or statutory damages, at its election.  FICO also seeks to recover its costs and

reasonable attorneys' fees under 17 U.S.C. § 505.

**<u>Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iv)</u>**

No disclosure.

Dated: March 17, 2017

MERCHANT & GOULD, P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

John T. Winemiller*, TN Bar # 21084
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

*Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 17, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425


March 17, 2017                               s/Allen Hinderaker
                                               Allen Hinderaker

# Exhibit 3

STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>              Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>              Defendant. | Case No. 16-cv-1054(WMW/DTS)<br><br>**SECOND SUPPLEMENTAL INITIAL DISCLOSURES**<br><br>**Jury Trial Demanded** |

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, the plaintiff, Fair Isaac Corporation ("FICO"), makes the following Second Supplemental Initial Disclosures to the defendant, Federal Insurance Company ("Federal"). These disclosures are based upon investigation and knowledge to date and may be supplemented, if necessary and appropriate, as discovery continues.

**Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(i)**

Based on the information available to it at this time, FICO identifies the following individuals as likely to have discoverable information that it may use to support its claims or defenses in this matter. Any individuals who are identified as associated with FICO should not be contacted directly but should only be contacted through FICO's counsel of record in this action.

| | |
|---|---|
| Jandeen Boone<br>Senior Attorney, Ecolab<br>Legal Counsel, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement"); knowledge of the scope of the Agreement. |

1


EXHIBIT
3

| | |
|---|---|
| Jeremy Chen<br><br>Product Management Professional, FICO | Knowledge of third-party use of the FICO Blaze Advisor® software; knowledge regarding the authorship of the various versions of Blaze Advisor® software; knowledge of the extent of preexisting material in later versions of the Blaze Advisor® software. |
| Chris Ivey<br><br>VP, Product & Technology Organization, FICO | Knowledge of Chubb & Son's disclosure of the FICO Blaze Advisor® software to third parties; knowledge of third-party use of the FICO Blaze Advisor® software; knowledge of the parties' negotiation of the Agreement; knowledge of the scope of the Agreement. |
| Aaron Jaeger<br><br>VP Finance, ACI Worldwide<br><br>Senior Director of Sales Operations, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Agreement; knowledge of the scope of the Agreement. |
| Mike Sawyer<br><br>Client Partner, Insurance & Healthcare, FICO (Former)<br><br>Mr. Sawyer can be contacted through FICO counsel | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger. |
| Bill Waid<br><br>VP & General Manager, Decision Management Line of Business, FICO | Knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger; knowledge of third-party use of the FICO Blaze Advisor® software; knowledge of FICO's damages. |
| Benjamin Baer<br>Vice President, Product Marketing<br>FICO | Knowledge of the FICO case studies and white papers relating to Blaze Advisor, decision rules management generally, and the use of analytics and rules engines generally that are regularly used by FICO in its business.  This knowledge includes how the case studies and white papers are prepared, the source(s) of information upon which the case studies and white papers are based, and the regular use of these case studies and white papers in FICO's business. |

2

<u>**Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(ii)**</u>

FICO may use the following categories of documents, electronically stored information, and tangible things that it or its attorneys have in their possession, custody, or control to support its claims or defenses.

1.    The Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement") entered into by FICO and Chubb & Son, a division of Federal.

2.    Documents sufficient to show FICO's ownership of its federal copyrights in multiple versions of its FICO® Blaze Advisor® business rules management software.

3.    Documents sufficient to show Federal's change in control as a result of the January 15, 2016 merger, including documents sufficient to show the corporate structure of The Chubb Corporation and its subsidiaries prior to the merger, and documents sufficient to show the corporate structure of Chubb Ltd. and its subsidiaries following the merger.

4.    Communications between the parties regarding Federal's breach of the Agreement following the merger and FICO's termination of the Agreement.

5.    Documents related to Federal's disclosure of the FICO Blaze Advisor® software to third parties.

6.    Documents related to the use of the FICO Blaze Advisor® software by third parties.

7.    Documents sufficient to show Chubb & Son's continued use of the FICO Blaze Advisor® software following the termination of the Agreement.

8.    Documents sufficient to show FICO's damages, including its loss of licensing revenues resulting from Federal's breach of the Agreement.

<u>**Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iii)**</u>

FICO is still computing its damages and will not be able to complete its computation until it acquires complete information from Federal and it analyzes all available information relevant to damages. At a minimum, FICO seeks to recover its actual damages resulting from Federal's breach of the Agreement, in an amount to be determined at trial, but in excess of $75,000, exclusive of costs and interest. FICO also seeks to recover damages under 17 U.S.C. § 504 of either its actual damages and all profits derived by Federal as a result of its copyright infringement, or statutory damages, at its election. FICO also seeks to recover its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

<u>**Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iv)**</u>

No disclosure.

Dated: February 12, 2018

MERCHANT & GOULD, P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Tel: (612) 332-5300
Fax: (612) 332-9081

*Attorneys for Plaintiff FICO*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated:  February 12, 2018                                   s/Carol A. Nystrom
                                                           Carol A. Nystrom

5

# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **THIRD SUPPLEMENTAL** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation. | ) ) ) ) ) | **INITIAL DISCLOSURES** |
| Defendant. | ) ) | |

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, the plaintiff, Fair Isaac Corporation ("FICO"), makes the following Third Supplemental Initial Disclosures to the defendant, Federal Insurance Company ("Federal"). These disclosures are based upon investigation and knowledge to date and may be supplemented, if necessary and appropriate, as discovery continues.

**Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(i)**

Based on the information available to it at this time, FICO identifies the following individuals as likely to have discoverable information that it may use to support its claims or defenses in this matter. Any individuals who are identified as associated with FICO should not be contacted directly but should only be contacted through FICO's counsel of record in this action.

| | |
|---|---|
| Jandeen Boone<br><br>Senior Attorney, Ecolab<br><br>Legal Counsel, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement"); knowledge of the scope of the Agreement. |

EXHIBIT
**4**

| | |
|---|---|
| Jeremy Chen<br><br>Product Management Professional, FICO (Former)<br><br>Mr. Chen can be contacted through FICO counsel | Knowledge of third-party use of the FICO Blaze Advisor® software; knowledge regarding the authorship of the various versions of Blaze Advisor® software; knowledge of the extent of preexisting material in later versions of the Blaze Advisor® software. |
| Chris Ivey<br><br>VP, Product & Technology Organization, FICO | Knowledge of professional services provided by FICO and statements of work with Chubb & Son. |
| Aaron Jaeger<br><br>VP Finance, ACI Worldwide<br><br>Senior Director of Sales Operations, FICO (Former) | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the parties' negotiation of the Agreement; knowledge of the scope of the Agreement. |
| Mike Sawyer<br><br>Client Partner, Insurance & Healthcare, FICO (Former)<br><br>Mr. Sawyer can be contacted through FICO counsel | Knowledge of the relationship between FICO and Chubb & Son; knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger. |
| Bill Waid<br><br>VP & General Manager, Decision Management Line of Business, FICO | Knowledge of the FICO Blaze Advisor® software; knowledge of the scope of the Agreement; knowledge of the parties' correspondence related to the merger and Federal's breach of the Agreement following the merger; knowledge of third-party use of the FICO Blaze Advisor® software; knowledge of FICO's damages. |
| Benjamin Baer<br>Vice President, Product Marketing<br>FICO | Knowledge of the FICO case studies and white papers relating to Blaze Advisor, decision rules management generally, and the use of analytics and rules engines generally that are regularly used by FICO in its business. This knowledge includes how the case studies and white papers are prepared, the source(s) of information upon which the case studies and white papers are based, and the regular use of these case studies and white papers in FICO's business. |

| | |
|---|---|
| Fernando Donati Jorge<br><br>Senior Director of Product Management, FICO | Knowledge of the value of Blaze Advisor® software; knowledge regarding the authorship of the various versions of Blaze Advisor® software; knowledge of the extent of preexisting material in later versions of the Blaze Advisor® software. |
| Tom Carretta<br><br>Vice President of Legal and Deputy General Counsel, FICO | Knowledge of Defendants' breach of the Agreement and scope of the breach; knowledge of the parties' negotiations relating to breach of the Agreement; knowledge of the termination of the Agreement. |

## Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(ii)

FICO may use the following categories of documents, electronically stored information, and tangible things that it or its attorneys have in their possession, custody, or control to support its claims or defenses.

1.     The Software License and Maintenance Agreement and the two amendments thereto (collectively, the "Agreement") entered into by FICO and Chubb & Son, a division of Federal.

2.     Documents sufficient to show FICO's ownership of its federal copyrights in multiple versions of its FICO® Blaze Advisor® business rules management software.

3.     Documents sufficient to show Federal's change in control as a result of the January 15, 2016 merger, including documents sufficient to show the corporate structure of The Chubb Corporation and its subsidiaries prior to the merger, and documents sufficient to show the corporate structure of Chubb Ltd. and its subsidiaries following the merger.

4.     Communications between the parties regarding Federal's breach of the Agreement following the merger and FICO's termination of the Agreement.

5.     Documents related to Federal's disclosure of the FICO Blaze Advisor® software to third parties.

6.      Documents related to the use of the FICO Blaze Advisor® software by third

parties.

7.      Documents sufficient to show Chubb & Son's continued use of the FICO Blaze

Advisor® software following the termination of the Agreement.

8.      Documents sufficient to show FICO's damages, including its loss of licensing

revenues resulting from Federal's breach of the Agreement.

## Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iii)

FICO is still computing its damages and will not be able to complete its computation

until it acquires complete information from Federal and it analyzes all available information

relevant to damages.  At a minimum, FICO seeks to recover its actual damages resulting from

Federal's breach of the Agreement, in an amount to be determined at trial, but in excess of

$75,000, exclusive of costs and interest.  FICO also seeks to recover damages under 17 U.S.C.

§ 504 of either its actual damages and all profits derived by Federal as a result of its copyright

infringement, or statutory damages, at its election.  FICO also seeks to recover its costs and

reasonable attorneys' fees under 17 U.S.C. § 505.

## Disclosures Required by Fed. R. Civ. P. 26(a)(1)(A)(iv)

No disclosure.

Dated: February 22, 2019

MERCHANT & GOULD, P.C.

/s/Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein MN Bar #337419
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

*Attorneys for Plaintiff FICO*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2019, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (#0259615) lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144) ndatzov@fredlaw.com
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated:  February 22, 2019                              s/Abigail Krueger
                                                        Abigail Krueger

# Exhibit 5

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, an
Indiana corporation,

        Defendant.

Court File No.  16-cv-1054 (WMW/TNL)

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO FAIR
ISAAC CORPORATION**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure,

Defendant Federal Insurance Company requests that Fair Isaac Corporation answer the

below Interrogatories within thirty (30) days of service.

### **DEFINITIONS**

1.    "Document" has the broadest meaning that can be ascribed to it pursuant

to the Federal Rules of Civil Procedure.  Among other things, "document" means the

original and any non-identical copy of any written, printed, electronic, recorded,

graphic or photographic matter or sound reproduction, however produced or

reproduced, including, but not limited to, correspondence, telegrams, other written

communications, contracts, agreements, diaries, memoranda, logs, notes, forms,

analyses, projections, work papers, calendar and tape recordings, prepared or received

by you, or in your possession, custody or control, and/or whose identity, existence, and

location are known by you.  As used herein, "document" shall include things, and

"thing" shall include documents.



EXHIBIT
5

2.      "FICO," "you," or "your" means Plaintiff Fair Isaac Corporation, its employees, representatives, agents, attorneys, successors, predecessors, parent companies, subsidiaries, and any other persons or entities acting on its behalf or at its direction.

3.      "Federal" means Federal Insurance Company and its operating division Chubb & Son.

4.      "Work" and "Works" refer to the copyrighted works identified in Paragraph 10 of the Complaint.

5.      "Agreement" means the Software License and Maintenance Agreement between FICO and Federal.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all persons who assisted in preparing any of the information, or gathering any of the documents requested, described, or identified, in your responses to any of the Interrogatories or Requests for Production of Documents in this lawsuit.

**INTERROGATORY NO. 2:**  Identify each Work you provided to Federal, including the date you provided the Work, who provided it, and who received it.

**INTERROGATORY NO. 3:**  Identify each Work you contend Federal used beyond the scope of the license granted in the Agreement and describe the basis for your contention.

**INTERROGATORY NO. 4:**  Identify each "third party" that allegedly received access to the works in violation of the License Agreement as alleged in Paragraph 22 of

the Amended Complaint, including the name of each entity and individual you contend received access to the works in violation of the agreement.

**INTERROGATORY NO. 5:**  Identify each person who drafted, reviewed, edited, or approved the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

**INTERROGATORY NO. 6:**  Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**INTERROGATORY NO. 7:**  Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**INTERROGATORY NO. 8:**  Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**INTERROGATORY NO. 9:**  Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

Dated: 4-18 , 2017

FREDRIKSON & BYRON, P.A.

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

60604162_1.docx

- 4 -

# Exhibit 6

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

       Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, an
Indiana corporation,

       Defendant.

Court File No. 16-cv-1054 (WMW/TNL)

**DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS TO FAIR ISAAC
CORPORATION**

    In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Federal Insurance Company requests that Fair Isaac Corporation furnish responses to the following document requests within thirty (30) days of service. Federal further requests that the documents be produced on the 30th day following the date of service at Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425.

## DEFINITIONS

    1.    "Document" has the broadest meaning that can be ascribed to it pursuant to the Federal Rules of Civil Procedure. Among other things, "document" means the original and any non-identical copy of any written, printed, electronic, recorded, graphic or photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, correspondence, telegrams, other written communications, contracts, agreements, diaries, memoranda, logs, notes, forms,



EXHIBIT
**6**

analyses, projections, work papers, calendar and tape recordings, prepared or received by you, or in your possession, custody or control, and/or whose identity, existence, and location are known by you.  As used herein, "document" shall include things, and "thing" shall include documents.

2.     "FICO," "you," or "your" means Plaintiff Fair Isaac Corporation, its employees, representatives, agents, attorneys, successors, predecessors, parent companies, subsidiaries, and any other persons or entities acting on its behalf or at its direction.

3.     "Federal" means Federal Insurance Company and its operating division Chubb & Son.

4.     "Work" and "Works" refers to the copyrighted works referenced in Paragraph 10 of the Complaint.

5.     "Agreement" means the Software License and Maintenance Agreement between FICO and Federal.

## <u>DOCUMENT REQUESTS</u>

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in, described in, or relied on in preparing your responses to Federal's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in, described in, or relied on in preparing the Complaint and Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning the negotiation, drafting and execution of the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the negotiation, drafting and execution of Amendment One to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 5:** All documents concerning the negotiation, drafting and execution of Amendment Two to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**REQUEST FOR PRODUCTION NO. 6:** All documents that evidence, refer or relate to communications you have had with Federal since January 1, 2016.

**REQUEST FOR PRODUCTION NO. 7:** All communications you have had with Federal regarding Federal's use of the licensed software.

**REQUEST FOR PRODUCTION NO. 8:** All internal non-privileged communications you have had relating to the Agreement in issue, Federal and/or this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:** All documents, electronic information and metadata that relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland, including but not limited to drafts, comments, notes, redlines, document history, and communications.

**REQUEST FOR PRODUCTION NO. 10:** All documents that evidence, refer or relate to your ongoing negotiations with Federal regarding the license of software.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the third parties you claim received the Works from Federal.

**REQUEST FOR PRODUCTION NO. 12:** All documents that evidence, refer or relate to any alleged disclosure of the Works by Federal to third parties.

**REQUEST FOR PRODUCTION NO. 13:** All agreements related to the Works you contend Federal infringed.

**REQUEST FOR PRODUCTION NO. 14:** All statements of witnesses that relate to the Agreement or to this dispute.

**REQUEST FOR PRODUCTION NO. 15:** All documents that support or relate to each element of damages being claimed.

**REQUEST FOR PRODUCTION NO. 16:** All documents that evidence, refer or relate to licensing revenues you have received for the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the amount of the licensing fee for each perpetual license to the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the average amount per seat you have received in licensing revenues for the Works in each year from 2006 to present.

**REQUEST FOR PRODUCTION NO. 19:** All licensing agreements for the Works from 2006 to present.

**REQUEST FOR PRODUCTION NO. 20:** All documents that evidence, refer or relate to your enforcement of the Works against alleged infringers.

**REQUEST FOR PRODUCTION NO. 21:** All documents that relate to requests for consent under Paragraph 10.8 of the Software License and Maintenance Agreement

(or similar clauses in other FICO license agreements) and your response to each request from January 1, 2012 to present.

**REQUEST FOR PRODUCTION NO. 22:**   All documents you have received from third parties relating to the issues raised in this lawsuit, whether obtained informally or via subpoena.

**REQUEST FOR PRODUCTION NO. 23:**   All documents not otherwise requested that refer or relate to the claims and defenses in this lawsuit.

Dated: _____4–18_____, 2017

FREDRIKSON & BYRON, P.A.

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendant***

60604349_1.docx

# Exhibit 7

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL INSURANCE COMPANY, an Indiana corporation, ) <br> ) <br> Defendant. ) | Case No. 16-cv-1054(WMW/DTS) <br><br><br> **Jury Trial Demanded** |

## PLAINTIFF FAIR ISAAC CORPORATION'S
### ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

1.      FICO objects to the Definitions set forth in these Interrogatories to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, and the Local Rules of this Court.

2.      FICO objects to these Interrogatories to the extent they seek information and documents that are subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

**EXHIBIT 7**

3.      FICO objects to Federal's Interrogatories to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.      FICO objects to the definition of "you" or "your" as overly broad and unduly burdensome.  FICO interprets these terms to refer to Fair Isaac Corporation.

5.      FICO objects to the definition of "Document" to the extent the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery Agreement.

6.      FICO objects to the use of the word "all" in these Interrogatories insofar as every fact, reason, or document that evidences, refers, or relates to the subject matter of the Interrogatory is sought.  Literal compliance is impossible in most instances and, in others, imposes a burden and expense that outweighs any potential benefit.  FICO seeks to fairly and accurately respond to the Interrogatories, subject to any objections.

7.      FICO objects to these Interrogatories to the extent they seek information or documents already in Federal's possession or equally accessible to Federal, or information or identification of documents which are a matter of public record.

8.      FICO' answers set forth below and any production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following

responses, or FICO' right to object to any additional, supplemental, or further discovery Request or Interrogatory of Federal.

9.      FICO has answered these Interrogatories based upon its understanding of the Interrogatories, and to the best of its knowledge and recollection as of the date the answers are served.  FICO expressly reserves the right to provide supplemental answers or produce supplemental documents should that become appropriate.  All information provided by FICO in response to these Interrogatories is provided without waiver of FICO' right to supplement as responsive information becomes available.

10.     All documents identified or produced by FICO in connection with its answers to these Interrogatories are identified or produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

11.     The General Objections set forth above are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Interrogatory.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO answers as follows:

<u>**SPECIFIC OBJECTIONS AND ANSWERS**</u>

**INTERROGATORY NO. 1:** Identify all persons who assisted in preparing any of the information, or gathering any of the documents requested, described, or identified, in your responses to any of the Interrogatories or Requests for Production of Documents in this lawsuit.

**OBJECTION:** This Interrogatory seeks information protected by the attorney-client privilege and/or work-product immunity.

**INTERROGATORY NO. 2:** Identify each Work you provided to Federal, including the date you provided the Work, who provided it, and who received it.

3

**RESPONSE:** FICO states that commencing upon the execution of the Agreement and periodically during the term thereof, Federal accessed FICO's electronic product delivery system to download Works made available by FICO to Federal.  Pursuant to Fed. R. Civ. P. 33(d), FICO will produce its records of the Works it provided to Federal from 2012-2015.

**INTERROGATORY NO. 3:** Identify each Work you contend Federal used beyond the scope of the license granted in the Agreement and describe the basis for your contention.

**OBJECTION:** This Interrogatory is premature. The complete scope of Federal's use of FICO's Works beyond the scope of the Agreement is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 2 above. Based on the information currently within its possession, FICO further states that Federal has used the Works identified in the Amended Complaint outside the scope of the license granted by the Agreement.  *See* [Dkt. 1-2; Dkt. 36.]  FICO terminated the Agreement on March 31, 2016, and continued use of FICO's Works after the termination is outside the scope of the Agreement. In its Answer to the Amended Complaint, Federal admits it continues to use FICO's Works after the date of termination.  [Dkt. 38, ¶ 16.]  FICO will supplement its answer to this interrogatory, if appropriate, once it has received complete information from Federal regarding Federal's use of its Works beyond the scope of the license granted in the Agreement.

**INTERROGATORY NO. 4:** Identify each "third party" that allegedly received access to the works in violation of the License Agreement as alleged in Paragraph 22 of the Amended Complaint, including the name of each entity and individual you contend received access to the works in violation of the agreement.

**OBJECTION:** This Interrogatory is premature.  The complete scope of Federal's disclosure of FICO's Works to third parties is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

4

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that Federal has disclosed the Works to, at least, Chubb-affiliated entities located in the U.K., Canada, and Australia in violation of the license granted by the Agreement.  FICO received the following extraterritorial maintenance requests from Chubb-affiliated entities for the Blaze Advisor® software:

| Request Date | FICO Product | Contact | Country |
|---|---|---|---|
| 11/17/2011 | Blaze Advisor® 6.7 | Tony Zhang | Canada |
| 03/03/2015 | Blaze Advisor® 6.1 and 7.1 | David Gibbs | United Kingdom |
| 03/21/2016 | Blaze Advisor® 7.0 | Shaikh Imran Aziz | Australia |

As discussed in the March 11, 2016 email from Thomas Carretta to Andrew Hopp, it was also discovered that there was a second non-compliant application running the Blaze Advisor® software in the U.K. during the parties' post-merger licensing negotiations.  The non-compliant applications outside of the United States running the Blaze Advisor® software are also discussed in the March 3, 2016 email from Michael Sawyer to Tamra Pawloski and the business proposal attached thereto.  FICO will supplement its answer to this interrogatory, if appropriate, once it has received complete information from Federal regarding Federal's disclosure of the Works to third parties.

**INTERROGATORY NO. 5:** Identify each person who drafted, reviewed, edited, or approved the January 27, 2016 letter from Thomas Carretta to Joseph Wayland.

**OBJECTION:** To the extent it seeks information beyond the identities of the persons involved with the January 27, 2016 letter from Thomas Carretta to Joseph Wayland, including a specific identification of which person(s) drafted, reviewed, edited, or approved the letter, this Interrogatory seeks attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO states as follows: Thomas Carretta, Michael Sawyer, and Russ Schreiber.

**INTERROGATORY NO. 6:** Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages necessarily depends on the extent of Federal's improper use of Blaze Advisor® in breach of the Agreement, its improper disclosure of Blaze Advisor® to third parties in further breach of the Agreement and in violation of FICO's copyright rights, and Federal's use of Blaze Advisor® following the termination of the Agreement in breach of the Agreement and in further violation of FICO's copyright rights.  This information is uniquely within Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, and based on the information currently within its possession, FICO states that its damages claim can be grouped into the following categories: (1) the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, since March 31, 2016; (2) the unlicensed use by Federal (meaning by any division other than Chubb & Son) since the date that unlicensed use began; (3) the unlicensed use by entities other than Federal (whether or not subsidiaries of Federal) to whom Federal distributed the Works from the date of that unlicensed use.  Damages under the first category are (a) the commercially reasonable fees FICO would have received had the use since March 31, 2016, been licensed and (b) all profits derived from goods and services that used Blaze Advisor® from March 31, 2016.  The second category damages are of the same kind – lost license fees and disgorgement of profits.  The time period will be different, commencing when the unlicensed use began.  Damages under the third category are the lost license fees FICO would have received had the use by each third party been licensed.  In lieu of its actual damages and disgorgement of profits, FICO may seek statutory

damages under 17 U.S.C. § 504 at its election.  FICO will supplement its answer to this

interrogatory, if appropriate, once it has received discovery from Federal.

**INTERROGATORY NO. 7:** Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages

necessarily depends on the extent of Federal's use of Blaze Advisor® following the termination

of the Agreement.  This information is uniquely within Federal's possession, and FICO is

currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**INTERROGATORY NO. 8:** Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages

necessarily depends on the extent of Federal's disclosure of Blaze Advisor® to third parties.

This information is uniquely within Federal's possession, and FICO is currently seeking this

information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

**INTERROGATORY NO. 9:** Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

**OBJECTION:** This Interrogatory is premature.  A quantification of FICO's damages

necessarily depends on the extent of Federal's infringement of FICO's copyright rights and

Federal's revenue attributable to that infringement.  This information is uniquely within

Federal's possession, and FICO is currently seeking this information in discovery.

**RESPONSE:** Without waiving the objection, see the answer to Interrogatory No. 6 above.

AS TO OBJECTIONS:

Dated: May 18, 2017

MERCHANT & GOULD P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

John T. Winemiller*, TN Bar # 21084
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

*Admitted pro hac vice

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: May 18, 2017                    s/Kristin M. Drieman
                                       Kristin M. Drieman

# Exhibit 8

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054(WMW/DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S
## RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTON OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Fair Isaac Corporation ("FICO") hereby submits the following objections and responses to Defendant Federal Insurance Company's ("Federal") First Set of Requests for Production of Documents as follows:

## GENERAL OBJECTIONS

1.    FICO objects to the Definitions set forth in Federal's Requests for Production of Documents to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.    FICO objects to Federal's Requests to the extent they seek information that is subject to the attorney-client privilege, that evidences or constitutes protected work product, or that otherwise is not discoverable or is the subject of any other privilege, whether based upon statute or recognized at common law.

**EXHIBIT**

**8**

3.   FICO objects to Federal's Requests to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.   FICO makes the specific objection with respect to certain Requests that they are vague and ambiguous as they do not describe with reasonable particularity the documents being sought.  Since the scope of such Requests is in question, FICO reserves the right to object to such Requests as overly broad or unduly burdensome, as not reasonably calculated to lead to the discovery of admissible evidence, or as seeking irrelevant information once the scope of such Requests is clarified.

5.   FICO objects to the definition of "Document" to the extent that the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery Agreement.

6.   FICO objects to these Requests to the extent they seek information already in Federal's possession or equally accessible to Federal, or information which is a matter of public record.

7.   FICO objects to the use of the words "each" and "every" and "all" and "any" in these Requests insofar as every fact, person, or thing that evidences, refers, or relates to the subject matter of the request sought.  Literal compliance is impossible in most instances and, in others,

imposes a burden and expense that outweighs any likely benefit.  FICO seeks to provide fair and accurate responses to these Requests, subject to any objections.

8.   FICO's responses set forth below and/or production in connection therewith in no way limit the generality of the foregoing General Objections and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or FICO' right to object to any additional, supplemental, or further discovery request of Federal.

9.   FICO has responded to Federal's Requests based upon its understanding of the Requests and to the best of its knowledge and recollection as of the date the responses are served. All documents produced by FICO in response to Federal's Requests are produced without waiver of FICO's right to supplement its production as responsive information becomes available.

10.   Any statement by FICO in any of the following responses to Federal's Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log.  Such a statement is not a representation that any such responsive documents exist.

11.   All documents produced by FICO in connection with FICO's responses to Federal's Requests are produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

12.   The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Requests.  These objections are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Request.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO responds as follows:

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in, described in, or relied on in preparing your responses to Federal's Interrogatories.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO will produce the documents identified and described in its Answers to Federal's Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in, described in, or relied on in preparing the Complaint and Amended Complaint.

**OBJECTION:** Response to the request for "documents . . . relied on" would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objection, FICO states that it has already produced the documents identified and described in its Complaint and Amended Complaint. *See* [Dkt. Nos. 1-1 and 1-2.]

**REQUEST FOR PRODUCTION NO. 3:** All documents concerning the negotiation, drafting and execution of the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** All documents concerning the negotiation, drafting and execution of Amendment One to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:** All documents concerning the negotiation, drafting and execution of Amendment Two to the Agreement, including but not limited to drafts, comments, notes, redlines, and communications between the parties.

**OBJECTION:** The request for "documents concerning" the negotiation, including "drafts, comments, notes, [and] redlines," would require the disclosure of attorney-client privileged information.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** All documents that evidence, refer or relate to communications you have had with Federal since January 1, 2016.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to its communications with Federal would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects to the request as overbroad, seeking information that is not relevant to either party's claims or defenses; the request for communications is without regard to subject matter.

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents relating to the issues in the present lawsuit that can be located

pursuant to a reasonable search.  Additionally, FICO does not waive or otherwise limit the

application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 7:** All communications you have had with Federal
regarding Federal's use of the licensed software.

**OBJECTION:** The request for communications "regarding Federal's use" is overbroad, seeking

information that is not relevant to either party's claims or defenses.  FICO further objects that

this request is cumulative of Federal's Request Nos. 3-6.

**REQUEST FOR PRODUCTION NO. 8:** All internal non-privileged communications you
have had relating to the Agreement in issue, Federal and/or this lawsuit.

**OBJECTION:** FICO objects to this request to the extent response would require the disclosure

of attorney work product.  FICO further objects that the request for communications "relating to

the Agreement in issue, [and] Federal" without regard to subject matter is overbroad, seeking

information that is not relevant to either party's claims or defenses.

**RESPONSE:**  Without waiving the objections, FICO will produce responsive, non-work product

communications relating to the issues in the present lawsuit that can be located pursuant to a

reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** All documents, electronic information and metadata
that relate to the January 27, 2016 letter from Thomas F. Carretta to Joseph F. Wayland,
including but not limited to drafts, comments, notes, redlines, document history, and
communications.

**OBJECTION:** Response to the request for "documents that . . . relate to the January 27, 2016

letter from Thomas F. Carretta to Joseph F. Wayland" would require the disclosure of attorney-

client privileged information and attorney work product.  FICO further objects to this request to

the extent the "electronic information and metadata" sought contradicts the form of production

specified in the parties' E-Discovery Agreement.  *See* [Dkt. 43-2.]

6

**RESPONSE:** Without waiving the objections, FICO will produce responsive, non-privileged, non-work product documents that can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:** All documents that evidence, refer or relate to your ongoing negotiations with Federal regarding the license of software.

**OBJECTION:** Response to the request for "documents that . . . refer or relate" to FICO's ongoing negotiations with Federal would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects to this request to the extent it seeks documents created after the date the present lawsuit was filed.

**RESPONSE:** Without waiving the objection, FICO will produce responsive, non-privileged, non-work product documents created prior to April 21, 2016, that can be located pursuant to a reasonable search.  Additionally, FICO does not waive or otherwise limit the application of Fed. R. Evid. 408 by the production of documents that are subject to that Rule.

**REQUEST FOR PRODUCTION NO. 11:** Documents sufficient to identify the third parties you claim received the Works from Federal.

**OBJECTION:** Response to the request would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that documents sufficient to identify the third parties to whom Federal has distributed the Works are within the exclusive custody or control of Federal.

**RESPONSE:** Without waiving the objection, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 12:** All documents that evidence, refer or relate to any alleged disclosure of the Works by Federal to third parties.

**OBJECTION:** Response to the request for "documents that evidence, refer or relate" to Federal's disclosure of the Works to third parties would require the disclosure of attorney-client privileged information and attorney work product.

**RESPONSE:** Without waiving the objections, FICO will produce the non-privileged, non-work product documents currently within its possession that relate to the access and use of the Works by third parties.

**REQUEST FOR PRODUCTION NO. 13:** All agreements related to the Works you contend Federal infringed.

**OBJECTION:** This request is overbroad and disproportionate; other than the Agreement that is the subject of this lawsuit, agreements with other parties related to the Works are not relevant to either party's claims or defenses.

**RESPONSE:** Without waiving the objection, FICO states that it has already produced the Agreement that is the subject of this lawsuit. *See* [Dkt. 1-2.]

**REQUEST FOR PRODUCTION NO. 14:** All statements of witnesses that relate to the Agreement or to this dispute.

**OBJECTION:** The request for statements of witnesses "that relate to the Agreement" is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**RESPONSE:** FICO is currently not in possession of any statements of witnesses that relate to either party's claims or defenses or to this dispute.

**REQUEST FOR PRODUCTION NO. 15:** All documents that support or relate to each element of damages being claimed.

**OBJECTION:** Response to the request for "documents that support or relate" to each element of FICO's claimed damages would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects that the request is premature; its damages claim

is the subject of expert opinion and analysis, which need not be disclosed under the Pretrial

Scheduling Order until April 1, 2018.  [Dkt. 40.]  The request is also premature because

documents and information relevant to FICO's claim for damages are within Federal's

possession to be produced in discovery.

**RESPONSE:**  Without waiving the objections, FICO will produce documents relating to its

damages that are currently within its possession, including its pricing model for the Blaze

Advisor® software.

**REQUEST FOR PRODUCTION NO. 16:** All documents that evidence, refer or relate to
licensing revenues you have received for the Works from 2006 to present.

**OBJECTION:** The request is overbroad and disproportionate, seeking information that is not

relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 17:** Documents sufficient to show the amount of the
licensing fee for each perpetual license to the Works from 2006 to present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects

that the request is overbroad and disproportionate, seeking information that is not relevant to

either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 18:** Documents sufficient to show the average amount
per seat you have received in licensing revenues for the Works in each year from 2006 to
present.

**OBJECTION:** This request is cumulative of Federal's Request No. 16.  FICO further objects

that the request is overbroad and disproportionate, seeking information that is not relevant to

either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 19:** All licensing agreements for the Works from 2006
to present.

**OBJECTION:** This request is cumulative of Federal's Request Nos. 13 and 16.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 20:** All documents that evidence, refer or relate to your enforcement of the Works against alleged infringers.

**OBJECTION:** Response would require the disclosure of attorney-client privileged information and attorney work product.  FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 21:** All documents that relate to requests for consent under Paragraph 10.8 of the Software License and Maintenance Agreement (or similar clauses in other FICO license agreements) and your response to each request from January 1, 2012 to present.

**OBJECTION:** Response to the request for "documents that . . . relate" to requests for consent would require the disclosure of attorney-client privileged information and attorney work product. FICO further objects that the request is overbroad and disproportionate, seeking information that is not relevant to either party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 22:** All documents you have received from third parties relating to the issues raised in this lawsuit, whether obtained informally or via subpoena.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product.

**RESPONSE:**  Without waiving the objection, FICO will produce the documents it obtains from third parties via subpoena.  FICO presently does not have any documents received from third parties.

**REQUEST FOR PRODUCTION NO. 23:** All documents not otherwise requested that refer or relate to the claims and defenses in this lawsuit.

**OBJECTION:** This request seeks attorney-client privileged information and attorney work product.  FICO further objects that this request does not comply with Fed. R. Civ. P. 34(b)(1)(A), which requires that a request "must describe with reasonable particularity each item or category of items" sought.


Dated: May 18, 2017

MERCHANT & GOULD P.C.

/s/Allen Hinderaker
Allen Hinderaker, MN Bar # 45787
Michael A. Erbele, MN Bar # 393635
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2215
Tel:  (612) 332-5300
Fax:  (612) 332-9081

John T. Winemiller*, TN Bar # 21084
9719 Cogdill Road, Suite 101
Knoxville, TN  37932-3322
Tel:  (865) 380-5960
Fax:  (612) 332-9081
jwinemiller@merchantgould.com

*Attorneys for Plaintiff FICO*

 *Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2017, a copy of the foregoing was sent via email to the following attorneys of record:

Lora M. Friedemann (lfriedemann@fredlaw.com)
Nikola L. Datzov (ndatzov@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

Dated: May 18, 2017                          s/Kristin M. Drieman
                                             Kristin M. Drieman