# Exhibit 15

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FAIR ISAAC CORPORATION,

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

      Defendant.

Court File No.  16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DOCUMENTS
NOS. 30-32 AND 55-71**

To:    Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

    Defendant Federal Insurance Company ("Federal"), for its Supplemental

Responses to Plaintiff's Requests for Production of Documents Nos. 30-32 and 55-71,

states and alleges as follows:

### GENERAL RESPONSES

    1.    Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

    2.    Federal objects to the requests to the extent that they seek information

protected from discovery under the attorney-client privilege or work product doctrine.

    3.    Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO.70:**  All documents relating to the
decision to implement the application known as Small Commercial, including all
documents relating to the business benefits to be derived from the implementation and
the efficiencies to be realized from using the application.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case because it seeks "all"

documents and is unlimited in time.  Federal also objects to this request as vague and

overbroad because it seeks all documents "relating to the business benefits" and

"efficiencies to be realized from using the application."  Federal also objects to this

request as vague and overbroad because it seeks documents that have no bearing on the

claims and defenses in this action.  Federal further objects to this request to the extent

that it seeks documents and information protected from discovery under the attorney-

client privilege and work product doctrine.

Subject to, and without waiving these objections, Federal states that it will produce

relevant, non-privileged documents responsive to this request to the extent any such

documents exist in Federal's possession, control, and custody.

**REQUEST FOR PRODUCTION NO. 71:**  For each instance in which the Blaze
Advisor® software was modified from March 30, 2016 to the present, the documents
sufficient to show each modification.

**SUPPLEMENTAL RESPONSE:**  Federal objects to this request as overbroad,

unduly burdensome, and not proportional to the needs of the case in seeking "each

instance" of any modification to the Blaze software. Federal further objects to this request as vague and overbroad because documents relating to the modification of Blaze software have no bearing on the claims and defenses in this action. Federal further objects to this request as vague and ambiguous in referring to software that is "modified." Federal further objects to this request to the extent that it seeks documents and information protected from discovery under the attorney-client privilege and work product doctrine. Federal further objects to the extent the request seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states that there are no documents in its possession, custody, or control relating to any modification of the Blaze Advisor® software from March 30, 2016 to the present.

Dated: June 7, 2018

/s/ Terrence J. Fleming
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*