## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

FAIR ISAAC CORPORATION,

        Plaintiff,

    v.

FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,

        Defendants.

Court File No.  16-cv-1054 (WMW/DTS)

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR TRIAL DEPOSITIONS**

---

## <u>INTRODUCTION</u>

Federal Insurance Company and ACE American Insurance Company (collectively, "Federal") respectfully move this Court for an order allowing the taking of trial preservation depositions of two of Federal's witnesses, Mark Berthiaume and Zorica Todorovic.  Both witnesses are former employees who reside outside of the Court's subpoena power.  The Court's authority to allow depositions to preserve trial testimony is well-established and Plaintiff Fair Isaac Company ("FICO") will not be prejudiced by this procedure.  Accordingly, Federal asks the Court allow it to depose Mr. Berthiaume and Ms. Todorovic by recorded, remote videoconference.

**BACKGROUND**

**I.  FEDERAL REQUESTS TRIAL DEPOSITIONS OF TWO FORMER EMPLOYEES—MARK BERTHIAUME AND ZORICA TODOROVIC— WHO RESIDE OUTSIDE OF THE COURT'S SUBPOENA POWER.**

Federal has identified two trial witnesses—Mark Berthiaume and Zorica Todorovic—for whom it seeks trial depositions.[1]  As outlined below, both witnesses are former employees who reside outside the Court's subpoena power and cannot be compelled to testify at trial.

**A.  Mr. Berthiaume is a Former Chubb Employee Residing in Glastonbury, Connecticut.**

Mr. Berthiaume was a Senior Vice President and Chief Information Officer at Chubb between 2001 and 2014.  (Decl. of Leah C. Janus dated October 25, 2022 ("Janus Decl.") ¶ 2, Ex. A.)  Federal identified Mr. Berthiaume on January 28, 2019, as a potential witness with relevant knowledge and information related to the scope of the 2006 software license agreement.  (Decl. of Terrence Fleming dated October 25, 2022 ("Fleming Decl."), ¶ 2, Ex. A at 3.)  Mr. Berthiaume signed the License Agreement for the use of Blaze.  (Janus Decl., ¶ 3, Ex. B.)

Plaintiff alleges that "Federal is in breach of its obligations under at least paragraphs 10.8, 3.1, and 9.3 of the Agreement." (2d Am. Compl. ¶ 45.)  Mr. Berthiaume's expected testimony would relate to the importance of Federal bargaining for the inclusion or

---

[1] Federal first requested permission to take trial depositions on February 26, 2019. (Dkt. 208 at 6–8.)  Your Honor reserved the issue for decision at a later date in an order dated March 15, 2019.  (Dkt. 221, ¶ 4 ("The question of whether trial testimony or preservation depositions may be taken is reserved.").)

2

exclusion of certain terms in the License Agreement.  Mr. Berthiaume's knowledge of the scope of the License Agreement is directly relevant to this claim.

In conversations with Federal's counsel, Mr. Berthiaume has expressed his unwillingness to travel to testify at trial.  (Janus Decl. ¶ 4.)  Mr. Berthiaume has also raised concerns about traveling to Minnesota to testify due to the health and safety risks posed by the COVID-19 pandemic.  (*Id.*)  Mr. Berthiaume has expressed concerns about traveling due to the health and safety of his spouse who has an underlying medical condition that puts her at even greater risk for severe illness from COVID-19.  (*Id.*)

### B.   Ms. Todorovic is a Former Chubb Employee Residing in Ontario, Canada.

From approximately April 1997 until August 2019, Ms. Todorovic was employed with Chubb. (Fleming Decl. ¶ 3, Ex. B.)  Ms. Todorovic was a Senior Vice President, Operations and IT, and Chief Information Officer for Chubb Insurance Company of Canada ("Chubb Canada") between January 2016 and August 2019.  (Fleming Decl. ¶ 4, Ex. C ("Todorovic Decl.[2]"), ¶ 1.)  Federal identified Ms. Todorovic as a potential witness on January 28, 2019.  (Fleming Decl. ¶ 2, Ex. A at 2.)

Ms. Todorovic's testimony is relevant to defending FICO's claim that Federal breached the License Agreement and committed copyright infringement by disclosing Blaze to third parties including Chubb Canada, Chubb Australia, and consultants

---

[2] Ms. Todorovic's declaration dated August 20, 2019, was submitted with Federal's opposition to FICO's motion for summary judgment.

AppCentrica and DWS Group.  (*See* Dkt. 132 ("2d Am. Compl."), ¶¶ 24, 44-46, 47-53.)

As alleged in FICO's Second Amended Complaint:

> Federal or its division Chubb & Son has disclosed the FICO Products to third parties, including at least third parties located in the United Kingdom, Canada, and Australia, and has permitted these third parties access to and use of the FICO Products. These third parties include Chubb Insurance Company of Europe SE; Chubb Insurance Company of Canada and a consultant AppCentrica; and Chubb Insurance Company of Australia Limited and a consultant DWS Group.

 (2d Am. Compl., ¶ 24.)

Ms. Todorovic has relevant knowledge concerning FICO's allegations of use of Blaze by Chubb Canada, and technology consultant, AppCentrica as stated in her previously submitted declaration.  (Todorovic Decl., ¶¶ 1–4.)  Ms. Todorovic also has knowledge regarding Chubb Australia's consideration of Blaze in 2015, which it ultimately chose not to use, opting instead to make use of IBM's decision management product.  (*Id.*, ¶¶ 5-6.)

Ms. Todorovic left her employment in August 2019 and, to the best of Federal's knowledge, currently resides in Ontario, Canada.  (Fleming Decl., ¶ 4, Ex. C.)  In preparation for trial, Federal's counsel has reached out to Ms. Todorovic on multiple occasions via email and telephone but have received no response to date.  (Fleming Decl., ¶¶ 5-6, Exs. D-E.)

## II.   FICO REFUSED TO AGREE TO FEDERAL'S REQUEST TO TAKE TRIAL DEPOSITIONS OF MR. BERTHIAUME AND MS. TODOROVIC.

Prior to bringing this motion, the parties met and conferred on October 21, 2022, in an effort to resolve the dispute.  (Fleming Decl. ¶ 7.)  During the meet and confer, Federal

explained that Mr. Berthiaume has expressed his unwillingness to appear at trial to testify live, in-person and has additionally expressed concerns about traveling during the pandemic due to his spouse's medical condition. (*Id.*) Federal further explained that it has repeatedly attempted to reach Ms. Todorovic via email and telephone but had received no response. (*Id.*) FICO refused to agree to permit Federal to take trial depositions of Mr. Berthiaume and Ms. Todorovic. (*Id.*) This motion followed.

Federal cannot compel testimony at trial by either Mr. Berthiaume or Ms. Todorovic. Neither can the Court. They are beyond the court's subpoena power because they live (1) in another state, or (2) in another country. As such, Federal requests the Court allow the taking of trial depositions so it can obtain and preserve testimony for trial.

## LEGAL STANDARD

A trial preservation deposition is used to preserve testimony for trial in case a witness is unable to attend trial. *Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 354-55 (D. Colo. 2001). Federal Rule of Civil Procedure 32(a)(4) authorizes the Court to admit trial deposition testimony at trial. The rule provides:

> (4) Unavailable Witness. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> . . .
>
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition
>
> . . .

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Past decisions in this District have treated trial depositions as presumptively authorized unless the court's scheduling order explicitly precludes them. *See Jurek v. Rapiscan Sec. Prod., Inc.*, No. CV 05-2764 (MJD/RLE), 2007 WL 9736082, at *2 (D. Minn. Nov. 2, 2007) (granting motion for trial depositions and noting common practice in district court of providing in scheduling order that trial depositions "may be taken after the close of discovery" upon agreement of counsel or with leave of the Court); *ADC Telecommunications, Inc. v. Switchcraft, Inc.*, No. CV 04-1590 (PJS/RLE), 2006 WL 8444475, at *3 (D. Minn. Dec. 14, 2006) (granting motion to allow trial deposition in lieu of appearance by witness at trial reasoning trial depositions are "not controlled by the discovery deadline [because]… such depositions play a different, and highly practical role, in the orderly presentation of evidence to the Jury at Trial."); *Nat'l Agri-Servs., Inc. v. AGCO Corp.*, No. CV 04-4530 (PJS/RLE), 2006 WL 8445122, at *2 (D. Minn. Aug. 2, 2006) (denying motion for protective order and allowing trial depositions noting that trial depositions are not controlled by the scheduling order).

When a party objects to the use of trial depositions, courts examine the following factors to determine if the objection is well-founded:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver

of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Jurek*, 2007 WL 9736082, at *2.

## ARGUMENT

## I.    THE COURT SHOULD PERMIT FEDERAL TO TAKE TRIAL DEPOSITIONS OF MR. BERTHIAUME AND MS. TODOROVIC.

Federal requests that the Court permit it to take trial depositions of Mr. Berthiaume and Ms. Todorovic.  Both witnesses are unavailable as that term is defined by the Federal Rules and, as such, the Court may admit deposition testimony in lieu of live trial testimony. Allowing Federal to take trial preservation depositions will ensure that Federal is able to present a "full case" despite these witnesses being outside of the Court's subpoena power. *See Benedict v. United States*, No. 15-CV-10138, 2016 WL 6138599, at *2 (E.D. Mich. Oct. 21, 2016) ("part of the rationale for allowing trial depositions is to ensure that the parties are able to present a full case despite the problem of witness availability, and to ensure that the fact-finder is reaching its decisions based on all relevant evidence").

Furthermore, the factors courts consider in determining whether to allow a party to take trial depositions weigh in favor of granting the request.  FICO will not be prejudiced by Federal's use of trial depositions, as its counsel will be able to object to questioning and cross-examine Federal's witnesses during these depositions just as they would during in-person trial testimony.  Overall, allowing trial depositions will promote the "just, speedy, and inexpensive" resolution of this case.  Fed. R. Civ. P. 1.

### A.       Mr. Berthiaume and Ms. Todorovic Are "Unavailable" Witnesses.

Mr. Berthiaume and Ms. Todorovic are unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4)(B). Rule 32(a)(4)(B) provides that a witness is unavailable if the court finds "that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Here, Mr. Berthiaume lives in Glastonbury, Connecticut—roughly 1,000 miles from Minneapolis, Minnesota. Ms. Todorovic lives outside of the United States and more than 1,000 miles from Minneapolis, Minnesota.

Mr. Berthiaume and Ms. Todorovic are also unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4)(D). Rule 32(a)(4)(D) provides that a witness is unavailable if the court finds "that the party offering the deposition could not procure the witness's attendance by subpoena." Here, Federal cannot procure Mr. Berthiaume and Ms. Todorovic's attendance by subpoena because both are beyond the Court's subpoena power. Federal Rule of Civil Procedure 45(c) authorizes courts to issue subpoenas to command persons subject to the subpoena to attend a trial if the location of the trial is:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> > (i) is a party or a party's officer; or
> >
> > (ii) is commanded to attend a trial and would not incur substantial expense.

Neither of these apply. As discussed above, Mr. Berthiaume and Ms. Todorovic reside more than 100 miles from Minneapolis, Minnesota.  And neither reside within Minnesota.

Finally, Mr. Berthiaume and Ms. Todorovic are unavailable witnesses under Federal Rule of Civil Procedure 32(a)(4)(E).  Rule 32(a)(4)(E) authorizes deposition testimony to be used at trial if a court finds "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used."  The Eighth Circuit has found exceptional circumstances where, as here, live testimony is highly impracticable due to the witness residing far from the forum such that appearing at trial would require "extraordinary effort and cost and other hardship." *McDowell v. Blankenship*, 759 F.3d 847, 851 (8th Cir. 2014).  In *McDowell*, the witness was in Afghanistan.  *Id.* Similarly, Ms. Todorovic resides in a foreign country, Canada, and Mr. Berthiaume resides roughly 1,000 miles from the forum.  Both would incur significant costs and would have to expend extraordinary effort to attend trial in person.  Furthermore, Mr. Berthiaume would suffer the extra hardship of potentially exposing his wife, who has an underlying medical condition, to COVID-19 on his return to Connecticut.  These are extraordinary circumstances.

The Court should admit the deposition testimony of Mr. Berthiaume and Ms. Todorovic.  Rule 32(a)(4) permits a court to admit deposition testimony of witnesses in lieu of live testimony if the witnesses are unavailable to testify in-person.  Under Rule 32(a)(4)(B) and (D), the Court need only find that the witness is more than 100 miles from the place of the trial, or that Federal cannot compel attendance through a subpoena to admit deposition testimony for an unavailable witness.  Both are applicable here, thus the Court should admit the deposition testimony of Mr. Berthiaume and Ms. Todorovic.

Additionally, under Rule 32(a)(4)(E), the Court can admit deposition testimony if it finds

extraordinary circumstances, and it is in the interest of justice to permit the deposition to

be used. *See McDowell*, 759 F.3d at 852 (noting that the district court had balanced the

equities at play). Thus, the Court should find that Mr. Berthiaume and Ms. Todorovic are

unavailable witnesses.

> **B.**    **The Factors Courts Consider in Allowing the Taking of Trial
>           Depositions Weigh in Favor of Federal.**

In determining whether trial depositions are appropriate, the Court should apply the

factors set forth in past decisions from this District.  *See, e.g.*, *Jurek*, 2007 WL 9736082,

at *2; *ADC Telecommunications, Inc.*, 2006 WL 8444475, at *3; *Nat'l Agri-Servs., Inc.*,

2006 WL 8445122, at *2.  When a party objects to the use of trial depositions, courts

examine the following factors to determine if the objection is well-founded:

> (1) the prejudice or surprise in fact of the party against whom
> the excluded witnesses would have testified, (2) the ability of
> that party to cure the prejudice, (3) the extent to which waiver
> of the rule against calling unlisted witnesses would disrupt the
> orderly and efficient trial of the case or of other cases in court,
> and (4) bad faith or willfulness in failing to comply with the
> court's order.

All four of these factors weigh heavily in favor of the Court authorizing Federal to take

trial depositions of Mr. Berthiaume and Ms. Todorovic.

> **1.**    **Allowing trial depositions for two unavailable witnesses will not
>           prejudice FICO.**

The first two factors in this analysis can be examined together because both ask

whether authorizing trial depositions would prejudice the non-moving party.  *See Jurek*

2007 WL 9736082, at *2.  The party opposing trial depositions must point to some specific

prejudice it will suffer if the Court authorizes trial depositions. *See EEOC v. Papin Enterprises, Inc.*, No. 607-cv-1548 ORL/GJK, 2009 WL 10671742, at *2 (M.D. Fla. Mar. 11, 2009) (authorizing use of trial deposition where the plaintiff "failed to articulate any actual prejudice it will suffer by allowing Defendants to preserve Mr. Miller's testimony for trial"). Generalized concerns are not enough. *See Coface Collections N. Am., Inc.*, 2012 WL 6738391, at *2 (authorizing trial depositions after finding that "Plaintiff will be in no worse position than it would have been had the Former Coface Employees testified at trial").

FICO cannot point to any prejudice it will suffer if the Court allows Federal to preserve the testimony of its witnesses with trial depositions. Federal disclosed these witnesses via its supplemental initial disclosures on January 28, 2019—nearly three years ago—and FICO had an opportunity to depose these witnesses in discovery. *Wierzbowski v. Dec*, No. 2:13-CV-0076-JAD-NJK, 2017 WL 11309546, at *1 (D. Nev. June 12, 2017) ("Nor can Defendant be surprised by the potential for such witness testimony to be used at trial, as they were all disclosed as trial witnesses previously.").

 Furthermore, according to one court, FICO will *benefit* from Federal being forced to use trial depositions to present its witnesses' testimony at trial instead of live testimony. *Pena v. Hawes*, No. CV 12-0622 WPL/RHS, 2014 WL 12796896, at *1 (D.N.M. Apr. 18, 2014) ("Indeed, it is probably Peña who will be prejudiced, since presentation of live testimony is generally considered to be more effective…"). Ultimately, FICO can only point to the type of generalized concerns that courts have rejected when authorizing the use

of trial depositions. *See, e.g.*, *Papin Enterprises, Inc.*, 2009 WL 10671742, at *2; *Coface Collections N. Am., Inc.*, 2012 WL 6738391, at *2.

**2.      Denying trial depositions *will* prejudice Federal.**

Denying Federal the opportunity to preserve its witnesses' trial testimony through remote depositions would impair Federal's ability to present a "full case" at trial. *Benedict*, 2016 WL 6138599, at *2. Both of these witnesses live beyond the court's subpoena power and therefore cannot be compelled to testify at trial. *E.E.O.C. v. Beauty Enterprises, Inc.*, No. CIV. 3:01CV378 AHN, 2008 WL 3892203, at *2 (D. Conn. July 9, 2008) (citing *Manley v. Ambase, Inc.*, 337 F.3d 237, 247–48 (2d Cir.2003) ("The Second Circuit also has indicated that *de bene esse* depositions can be taken when a witness is simply outside the subpoena power of the court and cannot be compelled to testify at trial."). Furthermore, at least one witness has expressed his unwillingness to travel to Minnesota for trial, has stated he is unwilling to testify, and has also expressed concerns about traveling due to the on-going pandemic. If Federal is not permitted to take trial preservation depositions, Federal will be deprived of the testimony from those witnesses. Such a result would be akin to the Court ordering that these witnesses be excluded from trial altogether. *See Charles v. Wade*, 665 F.2d 661, 664 (5th Cir. 1982) ("The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear Nixon's testimony. We hold that the court clearly erred in denying appellant's deposition motion on the ground stated in its order."); *see also Pena*, 2014 WL 12796896, at *1 (granting trial deposition after noting that "excluding evidence is a drastic sanction").

Many courts have authorized the use of trial depositions under much less drastic circumstances.  *See, e.g.*, *Prince Lionheart, Inc.*, 2007 WL 2935818, at *1 (D. Colo. Oct. 5, 2007) ("As grounds, Defendant states that Ms. King resides outside of the subpoena range of this Court and may not be compelled to give live testimony at trial."); *El Camino Res., Ltd.*, 2009 WL 1228680, at *5 ("the longstanding approach in Western Michigan is to allow *de bene esse* depositions shortly before trial if there is a good reason preventing live appearance of a witness at trial").  Given the circumstances here, the Court should permit these two trial depositions.

### 3.    Trial depositions will promote an orderly and efficient trial.

The third factor asks the court to consider "the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court."  *ADC Telecommunications, Inc,* 2006 WL 8444475, at *3 (D. Minn. Dec. 14, 2006).  This factor does not apply here because Federal has previously disclosed all of the witnesses whose depositions it is seeking.

### 4.    Federal has not acted in bad faith in seeking depositions.

The final factor in this analysis examines the moving party's "bad faith or willfulness in failing to comply with the court's [scheduling] order."  *ADC Telecommunications, Inc,* 2006 WL 8444475, at *3 (D. Minn. Dec. 14, 2006).  As noted above, the Scheduling Order in this case does not address trial depositions.  Even if it did, however, Federal has disclosed its intention to seek trial depositions previously—as early as February 26, 2019—and Federal made the witnesses it seeks to depose known to FICO

through its disclosures.  (*See* Dkt. 208 ("We write to seek the Court's guidance regarding… trial depositions.").)

Also, it is evident that Federal's purpose in taking these depositions is to preserve trial testimony and not as part of a belated attempt to discover new information given these witnesses are former employees who are outside of the Court's subpoena power.  A recent decision from the District of Massachusetts, *Deetz Family, LLC v. Rust-Oleum Corp.*, is instructive on this point.  351 F. Supp. 3d 196, 197 (D. Mass. 2019).  In *Deetz*, the defendant sought to take a trial deposition of one of its former employees.  *Id.*  The court reasoned that the defendant's motion was likely a good faith attempt at preserving trial testimony, not an attempt at further discovery, because "attorneys normally do not depose their own witnesses, or 'friendly' witnesses, for purposes of discovery."  *Id.*  (quoting *Estenfelder*, 199 F.R.D. at 35).

The court granted the motion, noting that the witness "no longer works for Defendant, lives far away, and is beyond the subpoena power of this Court."  *Id.*  The same facts apply to the witnesses at issue here.  All of the witnesses are former Chubb employees who live far away and reside outside of the Court's subpoena power.  These facts demonstrate that Federal is making a good faith attempt to preserve their testimony for trial and not seeking trial depositions for purposes of discovery.

Finally, Federal has been diligent in its pursuit of taking trial depositions.  Federal first brought this issue to the Court's attention during discovery when it became clear that many of Federal's witnesses resided outside the Court's subpoena power.  (*See* Dkt. 208 at 6–8.)  As concerns over the pandemic became more heightened, Federal brought this issue

14

to the Court's attention again during a status conference in June 2020. (Fleming Decl. ¶ 8.) Federal has now fully briefed this issue and has conferred with FICO several months prior to trial. (*See id.* at ¶ 7.) In requesting trial depositions, Federal has acted diligently and in a timely fashion. *See Peoples Bank v. Bluewater Cruising LLC*, No. C12-0939RSL, 2014 WL 30038, at *2 (W.D. Wash. Jan. 3, 2014) (finding no bad faith in part because the parties' communications regarding trial depositions show Plaintiff's diligence and timeliness in its pursuit of these depositions); *Coface Collections N. Am., Inc.*, 2012 WL 6738391, at *2 ("the trial date is several months away, providing adequate time to conduct the depositions without handicapping either party in its trial preparation"). Thus, the court should grant Federal's motion to take these two trial depositions.

## CONCLUSION

For the reasons stated above, Federal respectfully requests that the Court grant its motion to allow it to take trial depositions of Mr. Berthiaume and Ms. Todorovic.

Dated:  October 25, 2022         *s/ Terrence J. Fleming*

Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Federal Insurance Company*
*and ACE American Insurance Company*

77415425 v4