## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S OPPOSITION TO DEFENDANTS' MOTION FOR TRIAL DEPOSITIONS

Defendants Federal Insurance Company's and ACE American Insurance Company's (collectively, "Federal") motion[1] for trial depositions fails to set forth reasons to grant the requested relief. The risk that witnesses outside the Court's subpoena power and outside the control of a party will not voluntarily appear at trial is a known risk. The Rules of Procedure eliminate that risk by permitting depositions during the discovery period, consistent with the Scheduling Orders. Federal chose to incur the risk. It did not depose these witnesses during the discovery period. There is no basis under the Rules for the Court to relieve Federal of its strategic choices.

---

[1] Defendants' motion should be denied for the additional reason that Defendants failed to properly file a motion identifying the relief they seek. (*See* Dkt. 885 (Notice of hearing identical to Dkt. 889 and not a motion).)

Mr. Mark Berthiaume left Federal's employment in 2014—two years before FICO filed its Complaint. He was not deposed. Ms. Zorica Todorovic left Federal in August 2019, in the same week she executed a declaration Federal used to support its opposition to FICO's Motion for Summary Judgment. Federal did not depose her in conjunction with her departure from Federal's employ.

Federal's requested relief puts the trial schedule at risk and prejudices FICO. The trial schedule is at risk because Todorovic can only be compelled to testify by use of Letters Rogatory, a process that typically takes months. FICO is prejudiced because, should this motion be granted, FICO will be forced to divert its efforts away from trial preparation and instead prepare for and attend two depositions.

Importantly, FICO is also prejudiced because the context of these depositions is materially different from the context of a witness, not deposed, who testifies live at trial. At trial, FICO's cross-examination of a witness not deposed will have the benefit of Federal's trial brief, proposed findings of fact and conclusions of law, witness list and summary of testimony, exhibit list, and motions in limine. FICO will have meaningful insight into the likely testimony and can prepare accordingly. Federal seeks to depose these witnesses without any of those disclosures. The motion should be denied.

I.      **Factual Background**

        A.      <u>**Berthiaume Left Federal Before This Dispute Arose**</u>

Mr. Berthiaume, formerly Chubb's Senior Vice President and CIO, left Federal in 2014. (Dkt. 886 at 2.) FICO filed the Complaint two years later, on April 21, 2016. (Dkt. 1.) Discovery closed in March of 2019. (Dkt. 205.) Berthiaume has been beyond the

subpoena power of the Court and not under the control of Federal since before this

lawsuit began. He was not deposed during the nearly three-year discovery period.

The operative pretrial scheduling order clearly sets the discovery limitations

relating to fact depositions:

> No more than 10 factual depositions, excluding expert witness depositions,
> shall be taken by each side.

(*Id.* at 2.) During discovery, Federal took 10 fact depositions. Federal made the strategic

decision not to depose former employee Berthiaume as one of its permitted 10. (*See* Dkt.

227-1 at 3-4). It made the further strategic decision not to move the Court for permission

to exceed the limitation of 10.

### B.      Zorica Todorovic Left Federal's Employment Within Days of Filing a Summary Judgment Declaration

Todorovic is a former employee of Federal that lives in Canada. She has always

been beyond the subpoena power of the Court. She can be deposed in this case (Federal

assumes the deposition will be in Canada) only through use of Letters Rogatory.

Federal worked with Todorovic during discovery to verify interrogatory answers

related to the gross written premiums associated with Chubb Canada's use of Blaze

Advisor in the Evolution application. On August 26, 2019, Federal submitted a

Declaration from Todorovic in support of its opposition to FICO's motion for summary

judgment. (Dkt 514; Dkt. 888-3.) That Declaration discussed: 1) Chubb Canada's use of

Blaze Advisor, 2) Chubb Australia's consideration of the Canadian Evolution application,

including use of Blaze Advisor, 3) Chubb Canada's knowledge of and consent to third-

party consultants AppCentrica and DWS Group accessing Blaze Advisor when working

with Chubb Canada and Chubb Australia, and (4) the fact that Blaze Advisor for the

Canadian Evolution application was hosted in Raleigh, North Carolina.

Todorovic left Federal's employ in August 2019, five days after she signed the

declaration. (Dkt. 886 at 3.) Federal acknowledges by its silence that no effort was made

to secure her testimony, and certainly the Court was not requested to amend the

Scheduling Order.

## II.    Legal Standard

### A.    The Requested Depositions Require the Court to Find Good Cause to Reopen Discovery.

The phrase "trial depositions" is misleading at best. In this district, "[t]here is 'no

difference' between 'discovery depositions and deposition for use at trial.'" *Sorin Grp.*

*USA, Inc. v. St. Jude Med., S.C., Inc.*, No. 14-4023 (JRT/JSM), 2016 U.S. Dist. LEXIS

156501, at *8 (D. Minn. Nov. 10, 2016) (quoting *Henkel v. XIM Prods., Inc*., 133 F.R.D.

556, 557 (D. Minn. 1991)). Accordingly, if a party wishes to take a deposition prior to

trial, standard discovery rules apply, including compliance with the pretrial scheduling

order. *See id.* A motion to take "trial depositions" is properly viewed as a Rule 16(b)(4)

motion to amend the pretrial scheduling order requiring a showing of good cause. *Id.* at

*8-9.

"The 'good cause' standard is an exacting one, for it demands a demonstrat[ion]

that the existing schedule 'cannot reasonably be met despite the diligence of the party

seeking the extension.'" *Cardiovascular Sys. v. Cardio Flow, Inc.*, No. 0:18-cv-1253-

SRN-KMM, 2020 U.S. Dist. LEXIS 200117, at *4 (D. Minn. May 6, 2020) (quoting

*Scheidecker v. Arvig Enters., Inc.*, 193 F.R.D. 630, 631-32 (D. Minn. 2000) (quoting

1983 Amendment Advisory Committee Notes, Fed. R. Civ. P. 16(b))). Courts may also

consider "(1) the explanation for the failure to timely move for leave to amend; (2) the

importance of the amendment; (3) potential prejudice in allowing the amendment; and (4)

the availability of a continuance to cure such prejudice." *Taqueria El Primo LLC v. Ill.*

*Farmers Ins. Co.*, No. 19-3071 (JRT/BRT), 2022 U.S. Dist. LEXIS 192883, at *11 (D.

Minn. Oct. 24, 2022) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th

Cir. 2003)). Here, Federal cannot meet this test. There is not good cause to amend the

Scheduling Order now to permit the depositions of Berthiaume and Todorovic.

> **B.     Federal's Proffered Legal Standard Painting Trial Depositions as a
> Natural Part of the Trial Process is Unavailing.**

Federal's only legal support for its request for "trial depositions" is three decisions

dating from 2006 and 2007 by the same Magistrate Judge that have never been cited by

another court within this District. Federal does not advise the Court of the controlling

precedent.

This District does not recognize trial depositions as a unique breed of depositions

that can be taken immediately before trial. *Henkel*, 133 F.R.D. at 558 ("The court

concludes that absent an agreement of the parties, or some compelling circumstance that

would cause a miscarriage of justice if a late deposition is not allowed, all depositions

must be completed [as] governed by the discovery termination date of the pretrial

schedule."); *see also Sorin Grp. USA, Inc. v. St. Jude Med. S.C., Inc.*, No. 14-4023

(JRT/JSM), 2016 U.S. Dist. LEXIS 205222, at *26 (D. Minn. Nov. 2, 2016) (following

5

*Henkel* stating, "Neither the scheduling order nor the Federal Rules of Civil Procedure treat 'trial depositions' (*i.e.*, depositions taken solely to preserve testimony for trial) any different from discovery depositions"); *Insignia Sys. v. News Am. Mktg. In-Store*, No. 04-4213 (JRT/AJB), 2011 U.S. Dist. LEXIS 7574, at *5-6 (D. Minn. Jan. 26, 2011) (following *Henkel*).

Federal cites three District of Minnesota decisions to support its position that trial depositions are "presumptively authorized." (Dkt. 886 at 6.) But each of these decisions was authored by the same judge, Magistrate Judge Raymond Erickson. And none of the three decisions have ever been cited by another District of Minnesota decision. To argue that *Jurek*, *ADC Telecommunications*, and *National Agri-Services* accurately reflect the precedent in this District strains credulity. Instead, *Henkel* and its progeny are the controlling precedent in this District.

Federal argues that the testimony is admissible under Federal Rule of Civil Procedure 32. (Dkt. 886 at 8-10.) Rule 32, however, deals with the admission of deposition testimony. The issue here is not one of admission (Rule 32). The issue is that Federal at this late date seeks a reprieve from is decision not to depose these witnesses during discovery. There is no basis to grant that reprieve under Rule 16. Indeed, Federal's motion ignores Rule 16 and its requirements altogether. [2]

---

[2] Federal argues that FICO did not consent to the taking of the two depositions. (Dkt. 886 at 4-5, Section II.) But under Rule 16, the modifications Federal seeks require "good cause and with the judge's consent."

### III.    Federal Lacks Good Cause.

Federal's request does not meet the good cause requirement of Federal Rule of Civil Procedure 16(b)(4). Federal must show there is good cause both to expand the number of permitted depositions under the Scheduling Order and to reopen discovery at this late date to take these two additional depositions. It can do neither.

#### A.    Federal Was Not Diligent in Preserving Testimony from Berthiaume or Todorovic.

Diligence is a hallmark of the "good cause" standard. "The 'good cause' standard is an exacting one, for it demands a demonstrat[ion] that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Cardiovascular Sys.*, 2020 U.S. Dist. LEXIS 200117, at *4 (internal quotation omitted). Courts in this District have routinely denied requests for trial depositions because the moving party has not been diligent, for example:

- *Cardiovascular Sys.*, 2020 U.S. Dist. LEXIS 200117, at *4-5: "Here, the Court determines that CSI has not been diligent in attempting to comply with the Court's deadlines. Because CSI should have started the process for deposing Ms. Nadirashvili long ago, its efforts to do so now are untimely and no good cause excuses that delay.");

- *Henningsen v. City of Blue Earth*, No. 14-4482 (ADM/HB), 2016 U.S. Dist. LEXIS 201110, at *8 (D. Minn. Sep. 19, 2016): "But if all a party has to do by way of 'compelling circumstances' is show that a witness outside the subpoena power of the Court is important and not willing to come for trial, the exception would swallow the rule. Here, Defendant has not shown a compelling reason for waiting more than a year after the close of fact discovery, and three months after the Court's initial notice of jury trial, to notice a deposition of a supposedly critical witness to take place two weeks before the first day of trial."; and

- *Stewart v. Johnson*, No. CV 5:18-037, 2021 U.S. Dist. LEXIS 140906, at *3-4 (S.D. Ga. July 23, 2021): "Plaintiff had ample time to conduct discovery

or, in the alternative, to bring this issue to the Court's attention. Requiring Defendants' counsel to now attend the depositions of two expert witnesses on the eve of trial would be unreasonable and unduly burdensome.".

Here, Federal's argument of diligence fails. Federal states it first raised its request for "trial depositions" in February 2019. (Dkt. 886 at 2 n.1 (citing Dkt. 208 at 6-8).) Yet, it did not move the Court for amendment of the Scheduling Order and request permission to take more than 10 depositions. Indeed, in disregard of the requirements of Rule 16, that motion has never been made.

Mr. Berthiaume left Federal's employ in 2014. (Dkt. 886 at 2.) FICO filed the Complaint two years later in April 2016. (Dkt. 1.) Discovery closed March 2019. (Dkt. 205.) Federal chose not to take Berthiaume's deposition within its permitted 10 fact depositions. Federal chose not to request amendment of the Scheduling Order to permit more than 10 fact depositions. There is no basis under the Rules to relieve Federal from the consequences of its choices. Federal was not diligent in seeking testimony from Berthiaume.

Todorovic filed a declaration in this case on August 26, 2019. She left her employment at Federal that same month—August of 2019. (Dkt. 886 at 3.) Federal did nothing to preserve her testimony. Again, the requirements of Rule 16 were ignored. Federal was not diligent in preserving testimony from Todorovic.

Indeed, Federal's argument admits it desired Berthiaume's testimony before the March 2019 close of discovery. (Dkt. 886 at 2.) The fact Berthiaume may have relevant testimony should have been known shortly after the April 2016 filing of the Complaint. The argument also concedes that a motion to amend the Scheduling Order to depose

Todorovic could have been bought in August 2019, shortly after the close of discovery.

In both cases Federal did nothing. Judge Wright's most recent order in this case

commenting on Federal's lack of diligence is worth noting here:

> When a litigant has a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order, the litigant's failure to do so demonstrates lack of diligence regardless of whether the failure resulted from a tactical decision or neglect. . . . Had Federal diligently developed these issues within the established deadlines, these issues could have been addressed prior to the dispositive motion deadline in July 2019. Because Federal did not do so, Federal has not demonstrated good cause to amend the pretrial scheduling order a seventh time.

(Dkt 880 at 9, 11.) There can be no basis to conclude that Federal was in anyway diligent.

*Sorin Group* is instructive. *See* 2016 U.S. Dist. LEXIS 205222. In *Sorin*,

defendant St. Jude Medical sought to take trial depositions of two doctors that St. Jude

had previously provided declarations from in support of its motion for summary

judgment after the close of discovery. Both doctors were outside the subpoena power of

the Court and refused to fly to Minnesota. The Court denied St. Jude's motion for "trial

depositions" finding a lack of diligence where St. Jude had opportunities to depose the

doctors and chose not to and waited to bring its request until shortly before trial. So too

here. Federal had ample opportunity to depose the witnesses during discovery. It chose

not to. It could have requested amendment of the Scheduling Order in 2019 to take these

depositions. It did not. Instead, Federal waited until shortly before the scheduled trial to

bring this matter before the Court, while ignoring the requirements of Rule 16. This is not

diligence. As the Court in *Sorin Group* denied St. Jude's motion based on lack of

diligence, so too this Court should deny Federal's motion.

### B.   Federal Offers No Showing of Particularized Need for Berthiaume and Todorovic Testimony.

Federal offers no argument, declaration, or evidence to suggest that the testimony of Berthiaume and Todorovic is anything but marginal and cumulative to the evidence from other witnesses. Federal simply states their testimony is relevant to issues in the case. The fact these witnesses may have admissible testimony is meaningless to any showing of need.

### C.   Trial Depositions Threaten the Trial Schedule.

There is little time to conduct the requested depositions. Federal's motion admits Todorovic does not respond to Federal's emails or phone calls. (Dkt. 886 at 4.) She lives in Canada. To command a trial deposition from her, Federal must rely on the international Letters Rogatory process. This is a lengthy and time-consuming process, especially in view of the looming February 2023 trial date. Today, the United States Department of State characterizes the timing of the letters rogatory process as follows: "Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission."[3]  Federal ignores the requirements to take a deposition in Canada. Federal's last-minute attempt to obtain Todorovic's testimony will further delay the trial to the further prejudice of FICO.

*Cardiovascular Systems* is instructive. 2020 U.S. Dist. LEXIS 200117. After the close of discovery, plaintiff filed a motion for Letters Rogatory to take the deposition of

---

[3] *Preparation of Letters Rogatory*, U.S. Dep't of State-Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html, last visited October 26, 2022.

an individual outside the United States. The court recognized that plaintiff could have

understood the value of the witness's testimony before the close of discovery, and that

the decision not to take the deposition at that time was a strategic decision. The court

further acknowledged the lengthy ("several months") process of Letters Rogatory. *Id.* at

\*7. The court denied the motion finding a lack of good cause. *Id.* at \*8-10 ("Here, issuing

a letter of request would require a significant amendment of the scheduling order after

discovery has already closed. But CSI has failed to demonstrate that there is good cause

to do so. . . . CSI has not demonstrated diligence in seeking a letter of request so late in

this litigation. It has therefore failed to show that good cause exists under Federal Rule of

Civil Procedure 16 to amend the scheduling order to reopen discovery for the purposes of

pursuing an international deposition from [a] non-party . . . ."). The same facts exist here.

As in *Cardiovascular Systems*, the Court should deny Federal's motion.

### D.      FICO's Trial Preparation Will Suffer Undue Prejudice.

Federal's unjustifiable delay in bringing this motion before the Court severely

prejudices FICO. Allowing these depositions on the eve of trial will distract from FICO's

trial preparations and threaten to interfere with the current trial date. Such a delay to this

case which is already 6.5 years old is unfairly prejudicial to FICO.

FICO is in trial preparation, which involves a significant amount of work. To

require FICO to additionally prepare for and attend to trial depositions of Federal's two

witnesses is inherently prejudicial. The parties have not yet exchanged trial exhibits or

pretrial materials (findings of fact/conclusions of law, trial briefs, etc.). Taking two

depositions with unknown and potentially inadmissible evidence is prejudicial to FICO.

11

*See Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 410 (D. Minn. 1999) ("Such an approach would unduly inconvenience defendants' counsel and would lead to the consumption of further judicial resources by requiring the court to sort through the objections and designations and counter-designations of the parties concerning Dr. Farnsworth's deposition testimony.').

Trial is a highly orchestrated and confined event. Before trial, the parties exchange witness lists (with the subject of each witnesses' testimony summarized), jury instructions, verdict forms, trial briefs, findings of fact and conclusions of law and exhibit lists. All these papers outline what a party will present at trial. The Court will rule on motions in limine and decide what exhibits are not admissible. If Federal's motion is granted, FICO will be expected to cross-examine these witnesses in a deposition format without the benefit of all the information disclosed in pretrial submissions. A discovery deposition is materially different from cross-examination of live testimony of a person not deposed at trial. FICO will be prejudiced.

Federal contends that there is no prejudice to FICO because FICO had an opportunity to depose both witnesses during discovery. (Dkt. 886 at 11.) The contention misses the mark, completely. FICO is not seeking testimony from these witnesses. Federal is the party requesting additional depositions outside the Scheduling Order. The relevant contention is that Federal had the opportunity to take the witnesses' depositions and chose not to. Federal's efforts to take the depositions now on the eve of trial certainly prejudices FICO.

12

### E.       Federal's Alleged Prejudice was of its Own Making.

Federal contends that it needs the two trial depositions to present a "full case." (Dkt. 886 at 7.) Federal fails to take any responsibility for its own failure to prepare its case or for the choices it made during the discovery period. Federal cannot complain that it is unable to present a "full case" where the decisions were its own, whether strategic and tactical or otherwise. (Dkt 880 at 9 ("When a litigant has a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order, the litigant's failure to do so demonstrates lack of diligence regardless of whether the failure resulted from a tactical decision or neglect.").) *Henningsen*, 2016 U.S. Dist. LEXIS 201110, at *7 (refusing to allow for trial depositions finding "Defendant, like the parties seeking to take 'trial depositions' in *Henkel* and *Insignia*, 'took the risk' that [the witness] would choose not to appear voluntarily"); *Sorin Grp.*, 2016 U.S. Dist. LEXIS 205222, at *20-23 ("St. Jude's delay in seeking to take the depositions of Drs. Caldeira and Jimenez was a tactical decision, and therefore, St. Jude ran the risk that the doctors would not appear voluntarily at trial . . . St. Jude must accept the consequences of its tactical decision because it had opportunities to depose Drs. Caldeira and Jimenez during the discovery period, the discovery period had been closed for some time, and the request was filed a few weeks before trial.").

## IV.    Berthiaume May Appear Live and Virtual During Trial.

Under the Federal Rules of Civil Procedure, courts have a strong preference for live testimony. *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-0008 (WMW/SER), 2019

U.S. Dist. LEXIS 155027, at *31 (D. Minn. Sep. 11, 2019) ("[T]he Court is mindful of

the general preference for live testimony when it is available."). Since the COVID-19

pandemic, however, Courts have made exceptions to allow remote live testimony to

accommodate bona fide health and travel concerns. Given the representations in Federal's

motion, Berthiaume's concerns can be accommodated through remote live testimony at

trial.

## V.        Conclusion

This District does not recognize "trial depositions" separate and apart for

depositions taken during discovery, consistent with the Scheduling Orders. Federal was

not diligent. There is no "good cause" as required by Rule 16. The prejudice to FICO

would be significant, were the motion granted. The Court should deny Federal's motion.


Dated:  November 1, 2022                          MERCHANT & GOULD P.C.

                                                  /s/ Heather Kliebenstein
                                                  Allen Hinderaker, MN Bar # 45787
                                                  Heather Kliebenstein, MN Bar # 337419
                                                  Michael A. Erbele, MN Bar # 393635
                                                  Joseph W. Dubis, MN Bar # 398344
                                                  MERCHANT & GOULD P.C.
                                                  150 South Fifth Street
                                                  Suite 2200
                                                  Minneapolis, MN  55402
                                                  Tel:  (612) 332-5300
                                                  Fax: (612) 332-9081
                                                  ahinderaker@merchantgould.com
                                                  hkliebenstein@merchantgould.com
                                                  merbele@merchantgould.com
                                                  jdubis@merchantgould.com

                                                  *Attorneys for Plaintiff FICO*