UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corporation, | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Insurance Company and ACE American Insurance Company, | |
| Defendants. | |

Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Federal") move for leave to allow Federal to take trial depositions of Mark Berthiaume and Zorica Todorovic. Dkt. No. 885. Plaintiff FICO opposes the motion. For the reasons stated below, the Court grants the motion.

**I.   BACKGOUND**

The scheduling order set a March 22, 2019 deadline to complete fact discovery and limited each side to 10 factual depositions. Sixth Amended Pretrial Scheduling Order at 1-2, Dkt. No. 205. Before the close of fact discovery Federal raised, via letter to the Court, several disputed issues regarding depositions. Feb. 26, 2019 Letter, Dkt. No. 208. One such issue was "trial 'preservation' depositions." *Id.* at 6-7. Specifically, Federal stated there were several persons with relevant knowledge, such as former employees, who were beyond the control of either party and outside the Court's subpoena power to compel attendance at trial. *Id.* at 7. Federal proposed there be a designated period of time before trial during which such depositions could be taken. *Id.* FICO opposed Federal's proposal. Mar. 1, 2019 Letter, Dkt. No. 219. It argued the federal civil procedure rules do

not differentiate between discovery depositions and trial depositions, and any "trial deposition" sought by Federal was subject to the 10-deposition limit and the March 22, 2019 fact discovery deadline established in the scheduling order. *Id.* at 7-8. The Court held a telephone conference to "discuss trial depositions" [Dkt No. 220] and issued an Order on March 15, 2019 that stated, in relevant part, that the "question of whether trial testimony or preservation depositions may be taken is reserved." Dkt. No. 221.

Federal brought the present motion on October 25, 2022 to take trial depositions of former employees Berthiaume and Todorovic. Dkt. No. 885. FICO opposes the motion on essentially the same grounds it argued previously. Dkt. No. 893. A hearing on the motion was held on November 8, 2022. Trial of this matter is set to begin February 15, 2023.

## II.   ANALYSIS

Federal represents that each witness's testimony is unique and states they are unavailable to attend trial within the meaning of Federal Rule of Civil Procedure 32(a)(4)(b) (witness is more than 100 miles from place of trial or outside the United States). Berthiaume lives in Connecticut and has said he is willing to be deposed but not to travel to Minnesota to testify at trial because of health and safety concerns regarding his wife's health. Todorovic lives in Canada and has not responded to Federal's recent efforts to contact her. FICO agrees the witnesses are unavailable. However, it argues the motion should be denied because (1) the depositions are subject to, and now barred by, the scheduling order's 10-deposition limit and March 22, 2019 fact discovery deadline, and (2) Federal has not moved to modify the scheduling order for good cause, which

FICO contends is lacking. *See* Fed. R. Civ. P. 16(b)(4) (schedule may be modified only for good cause and with the judge's consent).

FICO argues that the rule in this District is that there is no distinction among depositions, whether they are taken for discovery purposes or to preserve testimony for trial. It cites *Sorin Group USA, Inc. v. St. Jude Medical, S.C., Inc.*, No. 14-cv-4023, 2016 WL 6661147 (D. Minn. Nov. 10, 2016), and *Henkel v. SIM Products, Inc.*, 133 F.R.D. 556 (D. Minn. 1991). FICO thus contends the depositions sought by Federal are governed by Rule 16(b)(4)'s good cause standard for modifying the scheduling order, and Federal has not brought a motion to modify and does not satisfy the standard.

However, those cases are distinguishable from the facts and circumstances here. In *Sorin Group* the defendant sought leave to take depositions of two non-party witnesses just weeks before trial. 2016 WL 6661147, at *1. The defendant did not depose them, despite knowing of their relevance to the lawsuit, before the close of fact discovery. It admitted its delay was a tactical decision based on its belief the court would grant summary judgment or the case would settle, as well as its desire not to inconvenience the two witnesses. *Id.* at *2, 4. In *Henkel* the witness in question had been deposed during discovery but counsel for one defendant chose not to ask him any questions despite knowing he was beyond the subpoena power of the trial court. 133 F.R.D. at 558.

Here, by contrast, Berthiaume and Todorovic as former employees were cooperating with Federal during discovery, and a party does not normally depose its own witnesses. In addition, unlike in *Sorin Group,* Federal brought this motion months, not weeks, before trial. But the main point of distinction is that, before fact discovery ended, Federal raised with the Court the issue of deposing former employees for the purpose of

3

preserving testimony for trial. After receiving input from both parties, including letters and a telephone conference, the Court issued an order that specifically reserved the issue. It was reasonable for Federal to rely on that order, and Federal would be prejudiced if the Court now concluded it lacked diligence in failing to depose the two witnesses before the fact discovery deadline.

## ORDER

The Court, being duly advised in the premises, upon all of the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendants' Motion for Trial Depositions of Mark Berthiaume and Zorica Todorovic [Dkt. No. 885] is **GRANTED** consistent with this Order. The trial commencement date of February 15, 2023 will not be changed regardless whether either or both depositions take place. The depositions shall be completed no later than February 3, 2023.


Dated: November 28, 2022                     s/David T. Schultz
                                             DAVID T. SCHULTZ
                                             U.S. Magistrate Judge