# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE CONCERNING A DISPUTE BETWEEN MR. HILLIARD AND VERSATA SOFTWARE, INC.

# **TABLE OF CONTENTS**

I.     Introduction ...................................................................................... 1

II.    FICO expert Mr. Hilliard was involved in a dispute with nonparty Versata. .......... 1

III.   Any probative value associated with the Versata Dispute is outweighed by the likely prejudice to FICO, juror confusion, and wasting of time........................ 2

    A.    Introduction of the Versata Dispute provides no probative value in connection with this case.............................................................. 2

        (1)   The scope of testimony offered by Mr. Hilliard in this lawsuit is not commensurate with the scope of his engagement by Versata......................................................................... 3

        (2)   There is no probative value to be gained from unsubstantiated allegations relating to a nonparty dispute involving different facts than the case at hand. ............................................. 5

    B.    The risk of prejudice, juror confusion, and wasting of time is high. ............ 7

IV.   Defendants will have an opportunity to engage in vigorous cross-examination of Mr. Hilliard. ........................................................... 9

V.    Conclusion ...................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dahlin v. Lyondell Chem. Co.*,
   No. 3:14-cv-00085-SMR-HCA, 2016 U.S. Dist. LEXIS 203290
   (S.D. Iowa Mar. 24, 2016) ................................................................................................. 5

*Ecolab USA Inc. v. Diversey, Inc.*,
   No. 12-CV-1984, 2015 U.S. Dist. LEXIS 63978
   (D. Minn. May 15, 2015) ............................................................................................... 5, 7

*EEOC v. UMB Bank Fin. Corp.*,
   558 F.3d 784 (8th Cir. 2009) ......................................................................................... 6, 7

*Rightchoice Managed Care, Inc. v. Hosp. Partners, Inc.*,
   No. 5:18-cv-06037-DGK, 2021 U.S. Dist. LEXIS 177176
   (W.D. Mo. Sep. 17, 2021) .................................................................................................. 7

*Estate of Thompson v. Kawasaki Heavy Indus.*,
   933 F. Supp. 2d 1111 (N.D. Iowa 2013) ................................................................... 5, 6, 9

**Other Authorities**

Fed. R. Evid. 402 ................................................................................................................ 1, 9

Fed. R. Evid. 403 ............................................................................................................. 1, 5, 9

Fed. R. Civ. P. 26 .................................................................................................................... 2

## I.     Introduction

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court exclude Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants") from introducing evidence regarding a dispute between nonparties Mr. Brooks Hilliard and Versata Software, Inc. ("Versata"). Information regarding this dispute between nonparties has no relevance to this lawsuit and is likely to be highly prejudicial to FICO, to be confusing to the jury, and to result in a side-show that wastes time and resources. It should be excluded under Federal Rules of Evidence 402 and 403.

## II.    FICO expert Mr. Hilliard was involved in a dispute with nonparty Versata.

Mr. Hilliard may be called by FICO as an expert witness to rebut Defendants' expert witnesses Dr. Steven Kursh (licensing expert) and Mr. William McCarter (insurance industry expert). If necessary, FICO expects Mr. Hilliard to present testimony regarding software licensing practices, namely the normal customs and practices of the commercial software industry. In particular, FICO expects Mr. Hilliard to present testimony regarding the reasonableness of FICO's actions when it conditioned Federal's continued use of Blaze Advisor on an increase in the license fee; criticisms of Dr. Kursh's opinions regarding FICO's pricing and discount practices in light of industry standards; and Blaze Advisor's contribution to Defendants' revenue. (Dkt. No. 731 at 26-30; Declaration of Paige Stradley ("Stradley Decl.") Ex. 1 at § IV.)

Like many experts, Mr. Hilliard has been retained by and testified on behalf of other entities besides FICO. Relevant to this motion, Mr. Hilliard, through his company

Business Automation Associates, Inc. ("BAA"), was retained by nonparty Versata. According to Versata, it retained Mr. Hilliard in March of 2017 as an expert in modern computer systems and software. (Dkt. No. 340-1 at ¶¶ 3-10.) To summarize, the engagement between Versata and BAA went south; BAA ultimately filed a lawsuit against Versata for unpaid fees; and Versata counterclaimed for breach of contract and various counts of fraud stemming from alleged misrepresentations regarding Mr. Hilliard's qualifications and his performance as an expert witness (hereinafter, the "Versata Dispute"). (*Id.* at Exs. 3-4.)

Defendants learned of Mr. Hilliard's engagement by Versata during his first deposition and then moved to compel production of documents relating to the Versata Dispute. (Dkt. No. 339.) The Court conditionally granted that motion but noted that "admissibility at trial is not the standard at the discovery stage." (Dkt. No. 584 (citing Fed. R. Civ. P. 26).)

The parties are now at the trial stage, and FICO expects Defendants may raise the Versata Dispute during their cross examination of Mr. Hilliard. They should not be permitted to do so.

## III.  Any probative value associated with the Versata Dispute is outweighed by the likely prejudice to FICO, juror confusion, and wasting of time.

### A.  Introduction of the Versata Dispute provides no probative value in connection with this case.

Defendants have previously argued, and will likely again argue, that Versata's allegations of fraud and misrepresentations are relevant to Mr. Hilliard's qualifications to serve as an expert in this lawsuit. (Dkt. No. 339 at 4.) This is wrong on multiple fronts.

2

**(1)     The scope of testimony offered by Mr. Hilliard in this lawsuit is not commensurate with the scope of his engagement by Versata.**

The purposes and expertise for which Versata alleges it retained Mr. Hilliard are not the same as the purposes and expertise for which Mr. Hilliard was retained by FICO. Defendants have previously asserted that the allegations made by Versata "suggest that Hilliard has little experience with rules management software" and that, "[w]ithout a detailed understanding of how rules management software works, it is hard to comprehend how Hilliard could provide an opinion" that "'Blaze Advisor provided critical capability to Federal." (*Id.* at 3-5.) But, the allegations made by Versata say nothing about rules management software or Mr. Hilliard's experience or lack thereof with respect to rules management software. (Dkt. No. 340-1 at Exs. 3-5.) Nor do Versata's allegations relate to Mr. Hilliard's experience or lack thereof with respect to customs and practices of the commercial software industry. For example, Versata's counterclaims state they were seeking an expert on modern software and computing systems and complain that Mr. Hilliard did not have an understanding of cloud computing or how it was used. (*Id.* at Ex. 4 at ¶¶ 6, 11.) By way of further example, the Affidavit of Paul A. Navratil, Ph.D. on Behalf of Defendant Versata Software, Inc. makes no mention of rules management software or even the expertise that Versata was seeking. (*Id.* at Ex. 5.) Versata's allegations are not relevant to Mr. Hilliard's expertise with respect to rules management software or industry customs and practices.

Further, Defendants mischaracterize the testimony that may be offered by Mr. Hilliard in this case. Versata characterized its engagement of Mr. Hilliard as being

technical in nature. (*Id.* at Ex. 4 at ¶¶ 6, 11.) The testimony to be offered in this case is

not technical in nature; it does not relate to cloud computing or how cloud computing is

used or "systems and software non-performance, including computer systems and

software defects (ERP, CRM, SCM, etc.), including systems implementation issues."

(*Compare* Stradley Decl. Ex. 1 at 2, 5-6 *with* Dkt. No. 340-1 at Ex. 3 at ¶¶ 6, 11.) FICO

represents that Mr. Hilliard has not and will not offer opinions on how Blaze Advisor is

constructed, how it performs, or other technical aspects of how Federal has implemented

Blaze Advisor. He will testify about the customs and practices of the commercial

software industry. (Stradley Decl. at Ex. 1 at § IV.)

Defendants ignore this distinction and have previously latched on to Mr. Hilliard's

statement that "Blaze Advisor provided critical capability, contributing to Federal's

revenue." (Dkt. No. 339 at 2, 4-5; *see also*, *id.* at 6 (arguing that Mr. Hilliard includes

opinions about the technical capabilities of Blaze Advisor).) But, when viewed in

context, it is clear that Mr. Hilliard's statement that "Blaze Advisor provides critical

capability" is not a technical opinion, nor are any of Mr. Hilliard's other opinions. Rather,

the header in Mr. Hilliard's report stating that "Blaze Advisor provides critical

capability" was a response to a specific statement made by Federal's expert Mr.

McCarter. In particular, Mr. McCarter opined that Blaze Advisor is "integrated with core

insurance applications." Mr. Hilliard merely provided his opinion as to the customary

meaning of the terms "integrated" and "core" in the software licensing industry and his

criticism of Mr. McCarter's testimony regarding the same. (Stradley Decl. Ex. 1 at 31-

32.) Mr. Hilliard's opinion regarding contribution to revenue is directed to the business

use of Blaze Advisor, not technical issues. Regardless of how Defendants may attempt to twist the language in a header, Mr. Hilliard's underlying opinions and testimony that may be offered by FICO are not technical in nature.

> **(2)     There is no probative value to be gained from unsubstantiated allegations relating to a nonparty dispute involving different facts than the case at hand.**

Mr. Hilliard's qualifications or lack thereof in a different case relating to different issues and with different facts than those in this case are irrelevant to his qualifications in the instant lawsuit. *Ecolab USA Inc. v. Diversey, Inc.,* No. 12-CV-1984 (SRN/FLN), 2015 U.S. Dist. LEXIS 63978, at *26-28 (D. Minn. May 15, 2015) (granting motion under Rule 403 to exclude evidence that the opinions of Defendant's damages expert had been excluded in other cases where issues in prior case were not shown to be the same as the issues in the present case); *Dahlin v. Lyondell Chem. Co.*, No. 3:14-cv-00085-SMR-HCA, 2016 U.S. Dist. LEXIS 203290, at *8 (S.D. Iowa Mar. 24, 2016) ("The Court finds evidence of an expert's exclusion *or inclusion* in a prior case irrelevant and therefore inadmissible.") (emphasis in original). The Court's logic in *Estate of Thompson v. Kawasaki Heavy Indus.* is apt. There, the Court granted Plaintiff's motion in limine seeking to exclude evidence of or reference to prior adverse Daubert rulings concerning Plaintiff's expert witnesses. *Estate of Thompson v. Kawasaki Heavy Indus.*, 933 F. Supp. 2d 1111, 1152 (N.D. Iowa 2013). The Court explained that:

> An attempt to present a *Daubert* ruling of another court regarding Mr. Ezra would be an attempt to circumvent my role as the "gatekeeper" *in this case* by asking the jurors to substitute for mine the judgment *of another court, in another case*, about whether or not an expert is qualified. Also, allowing such evidence would, inevitably, result in delay, while the parties conduct a "mini-

trial" over the issues on which a party in a previous case sought to qualify Mr. Ezra as an expert, the extent to which he was offered as an expert on the same or different issues in this case and the previous case, any differences in his methodology or reasoning between this case and the previous case, and the precise scope and rationale for the previous court's exclusion. Finally, as I noted, above, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" However, nothing about this principle suggests that "vigorous cross-examination" includes impeachment with a prior court's exclusion of the witness pursuant to the *Daubert* standards. Rather, it means that Kawasaki is free to cross- examine, vigorously, Mr. Ezra's opinions *in this case*, based on his reasoning, methodology, and the facts and assumptions on which he relied *in this case*.

*Id.* (citations omitted; emphasis in original).

This same reasoning is even more applicable in the case at hand where no Court or jury even made a conclusion as to Mr. Hilliard's qualifications or Versata's allegations. Rather, the evidence that Defendants seek to introduce are allegations and complaints put forth by Versata as part of an adversarial proceeding. Versata's allegations were in response to a fee dispute and lawsuit filed by Mr. Hilliard and were likely influenced by Mr. Hilliard's allegations against them. Both Mr. Hilliard's and Versata's allegations are just that, allegations. Allegations, with no findings or judgement from a Court or jury, have no probative value. *EEOC v. UMB Bank Fin. Corp.*, 558 F.3d 784, 794 (8th Cir. 2009) ("The district court correctly excluded the evidence [of another party's discrimination allegations against defendant] because the evidence consisted of little more than allegations with limited probative value and because it would have required extensive examination of wholly collateral issues regarding not only the specifics of Pietarila's allegations, but also the truth and merits of those allegations."); *Rightchoice*

*Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-cv-06037-DGK, 2021 U.S. Dist. LEXIS 177176, at *37 (W.D. Mo. Sep. 17, 2021) (granting motion in limine because "[t]he allegations of anticompetitive behavior and any settlements in other, unrelated litigation is not relevant to any issues in this case and would be unfairly prejudicial to Plaintiffs").

*In this case*, the Court has found Mr. Hilliard sufficiently qualified and his opinions regarding the reasonableness of FICO's actions; FICO's pricing and discount practices; and Blaze Advisor's contribution to Defendants' revenue sufficiently reliable and helpful to be presented to the jury. (Dkt. No. 731 at 26-30.) Unsubstantiated allegations raised in a fee dispute involving different facts are not relevant to Mr. Hilliard's qualification here.

**B.    The risk of prejudice, juror confusion, and wasting of time is high.**

Allowing Defendants to introduce evidence of the Versata Dispute is likely to result in a mini-trial that does nothing but confuse the jury and waste time. As the Eighth Circuit recognized in *EEOC v. UMB Bank Fin. Corporation*, introduction of such evidence would require "extensive examination of wholly collateral issues regarding not only the specifics of [another party's] allegations, but also the truth and merits of those allegations." 558 F.3d at 794; *see also*, *Ecolab USA Inc.*, 2015 U.S. Dist. LEXIS 63978, at *27 (excluding evidence of prior exclusions of expert and explaining introducing such evidence "would result in a side trial that would cause delay and confusion that would outweigh any probative value of the evidence"). Indeed, one or both parties would need to explain at least:

- That Mr. Hilliard had a prior engagement, in a different case, on behalf of a nonparty;

- The nature of the engagement of Mr. Hilliard by Versata, from both Mr. Hilliard's and Versata's perspective (based only on limited information available);

- Versata's allegations and its side of the dispute;

- Mr. Hilliard's allegations and his side of the dispute; and

- How Mr. Hilliard's alleged expertise in the Versata Dispute compares to the scope of his alleged expertise in this case (and from FICO's perspective why they are different).

This is a distraction from the issues that the jury should be focusing on: did Federal breach the parties' Agreement, did Defendants infringe FICO's copyrights, and, if so, what is the proper amount of damages.

Furthermore, both Mr. Hilliard's and Versata's allegations were made as part of an adversarial lawsuit with no Court or jury decision. A jury is unlikely to fully appreciate (1) that decisions made during litigation, including assertion of counterclaims and allegations contained therein, may be made for strategic reasons and may or may not be meritorious, and (2) the distinction between allegations versus findings or judgment. Instead, a jury is likely to accept Versata's allegations as true, be unduly influenced by those allegations, or be confused as to why it is learning about a lawsuit between nonparties. All of the above prejudices FICO and risks the jury erroneously believing Mr. Hilliard is not qualified to provide expert testimony in this case, when, in fact, this Court has already found he can provide such testimony.

Even if Versata's unsubstantiated allegations had some minimal probative value (and they do not), that probative value cannot outweigh the prejudice that FICO will suffer, the risk of jury confusion, and the waste of time and resources that will be expended if evidence of the Versata Dispute is introduced.

## IV.    Defendants will have an opportunity to engage in vigorous cross-examination of Mr. Hilliard.

Excluding evidence of the Versata Dispute will not prevent Defendants from engaging in a robust cross examination of Mr. Hilliard. Defendants will still be able to question him regarding the bases for his opinions, including his reasoning, methodology, and the facts and assumptions on which he relied *in this case*, without the need to resort to bringing up a dispute that amounts to nothing more than two nonparties' allegations. *Estate of Thompson*, 933 F. Supp. 2d at 1152.

## V.    Conclusion

Evidence relating to a nonparty dispute, involving different facts and issues than the case at hand, is irrelevant and is likely to prejudice FICO, confuse the jury, and waste time and resources. Evidence relating to the Versata Dispute should be excluded under Federal Rules of Evidence 402 and 403.

Dated: January 13, 2023

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar #393432
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 0402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*