## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 2 TO EXCLUDE INTRODUCTION OF, OR REFERENCE TO, THE COURT'S SUMMARY JUDGMENT ORDER

## <u>TABLE OF CONTENTS</u>

I.      Introduction ........................................................................................................ 1

II.     The Court's Order should be excluded because it is not evidence, and it is
        likely to confuse the jury and prejudice FICO. .............................................. 1

        A.      The Court's Order is not evidence, and its introduction is
                procedurally improper. ......................................................................... 1

        B.      The Court's Order is likely to confuse the jury and prejudice FICO............ 3

III.    Conclusion ......................................................................................................... 6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Beving v. Union Pac. R.R. Co.*,
   No. 3:18-cv-00040, 2020 U.S. Dist. LEXIS 192558 (S.D. Iowa Sep. 8,
   2020) ..................................................................................................................... 2

*Curtis v. Baker*,
   No. 5:09-CV-06098-DGK, 2011 U.S. Dist. LEXIS 120068 (W.D. Mo.
   Oct. 18, 2011) ......................................................................................................... 2

*M3Girl Designs, LLC v. Blue Brownies, LLC*,
   No. 3-09-cv-2390-F, 2012 U.S. Dist. LEXIS 193363 (N.D. Tex. June 1,
   2012) ...................................................................................................................... 2

*Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp*,
   194 F.2d 846 (8th Cir. 1952) .................................................................................. 2

*Vaporstream, Inc. v. Snap Inc.*,
   No. 2:17-cv-00220-MLH, 2020 U.S. Dist. LEXIS 34772 (C.D. Cal. Feb.
   28, 2020) ................................................................................................................. 2

**Statutes**

17 U.S.C. § 504(b) ....................................................................................................... 3, 4

**Other Authorities**

8th Cir. Civ. Jury Instr. § 3.04 (2021) .............................................................................. 4

Black's Law Dictionary (11th ed. 2019) ........................................................................... 1

Fed. R. Civ. P. 56 ............................................................................................................. 4

Fed. R. Evid. 401 ......................................................................................................... 1, 6

Fed. R. Evid. 402 ......................................................................................................... 1, 6

Fed. R. Evid. 403 ...................................................................................................... 1, 5, 6

ii

## I.      Introduction

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court exclude Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants") from introducing or referencing the Court's Order on Cross Motions for Summary Judgment (Dkt. No. 731) (the "Order"). The Order is not evidence, i.e., something that tends to prove or disprove the existence of an alleged fact. Rather, it contains legal argument and legal determinations, none of which should properly be considered by the jury in reaching factual determinations and its ultimate verdict. To the extent any facts are addressed in the Order, such facts should come in through witness testimony or documents, which are subject to cross examination, and which can be examined and evaluated by the jury. Introduction or reference to the Order should be excluded under Federal Rules of Evidence 401, 402, and 403.

## II.     The Court's Order should be excluded because it is not evidence, and it is likely to confuse the jury and prejudice FICO.

### A.      <u>The Court's Order is not evidence, and its introduction is procedurally improper.</u>

The Court's Order addresses a myriad of legal arguments and issues raised by both parties in their respective cross motions for summary judgment and Daubert motions. (Dkt. No. 731.) It cites to case law, addresses the parties' conflicting legal arguments and factual interpretations, and makes legal conclusions based on the same. (*See generally*, *id.*) None of which constitutes evidence—"[s]omething (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." *Evidence*, Black's Law Dictionary (11th ed. 2019); *see also* Fed. R. Evid. 401. It is not

proper to introduce legal analysis and legal conclusions to the jury. *See, e.g.*, *Curtis v. Baker*, No. 5:09-CV-06098-DGK, 2011 U.S. Dist. LEXIS 120068, at *3 (W.D. Mo. Oct. 18, 2011) (granting motion in limine: "The Court's previous rulings are simply legal determinations that are not appropriate to place in front of the jury. They are not findings of fact. References to the Court's previous rulings or findings are improper and impermissible."); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-00220-MLH (KSx), 2020 U.S. Dist. LEXIS 34772, at *29, 37 (C.D. Cal. Feb. 28, 2020) (granting motion in limine to preclude reference to the Court's prior ruling and order (other than claim construction) due to the "substantial risk of confusing and misleading the jury"); *M3Girl Designs, LLC v. Blue Brownies, LLC*, No. 3-09-cv-2390-F, 2012 U.S. Dist. LEXIS 193363, at *8-9 (N.D. Tex. June 1, 2012) (granting motion in limine to preclude both parties from introducing the Court's rulings and/or reasons in any order or at any hearing).

The Order is not evidence, and no witness has foundation to discuss the Court's legal analysis and legal conclusions. Presumably, Defendants intend to reference and "waive around" portions of the Order they view as favorable in their opening statement to confuse and improperly influence the jury, or to negatively characterize FICO. That is improper. *Curtis v*, 2011 U.S. Dist. LEXIS 120068, at *3. Opening statements are not argument, factual or legal. *Twentieth Century-Fox Film Corp. v. Brookside Theatre Corp*, 194 F.2d 846, 858 (8th Cir. 1952) (explaining that opening statements should "stat[e] the issues and outlin[e] the facts intended to be proved. It is not in the nature of an argument but a statement of the issues and of the evidence proposed to be offered in sustaining the issues so as to indicate to the judge and the jury the issues of fact involved"); *Beving v.*

2

*Union Pac. R.R. Co.*, No. 3:18-cv-00040, 2020 U.S. Dist. LEXIS 192558, at *37 (S.D. Iowa Sep. 8, 2020) ("As to voir dire and opening statements, however, legal argument is impermissible."). And legal argument invades the province of the Court. There is no proper reason to apprise the jury of the Order.

To the extent the Order addresses any facts (e.g., in the Background section or the parties' conflicting interpretation of facts), the proper course of action is to introduce facts through witnesses and documents. This permits both parties to question the witnesses about their testimony and relevant documents and allows the jury to assess the testimony and documents to reach factual determinations. And, if any facts are undisputed, the proper course of action is a joint stipulation of facts to be entered into by the parties or an instruction from the Court to the jury. Only confusion and a waste of time result from the parties arguing over the Court's words in the Order.

Likewise, any legal authority/standards and legal determinations reached by the Court in its Order should be addressed in the jury instructions or enforced by the Court in the taking or offering of testimony. For example, the Court's determination that an expert should not opine on certain subject matter is not a jury consideration; rather, the expert will simply not be permitted to opine on excluded subject matter.

**B.     The Court's Order is likely to confuse the jury and prejudice FICO.**

The Court's Order is sixty-two pages of legal citations, analysis of conflicting legal arguments, and legal conclusions. It can only confuse and mislead a jury. For instance, the Order addresses the parties' conflicting interpretations of case law and legal standards relating to various topics, such as the proof required for disgorgement under 17

3

U.S.C. § 504(b). In addressing Section 504(b), the Order discusses that Defendants argued that FICO had a heighted burden of proof for disgorgement because FICO seeks indirect profits. (Dkt. No. 731 at 56.) The Court held Defendants were wrong; there is no such heightened standard. (*Id.*) There is no reason to introduce conflicting legal authority, some of which the Court determined was wrong, to the jury. A jury may be misled into thinking that there is such a heightened standard because it is discussed in the Order, may be confused as to what the correct legal standard is, or may be confused as to whether to follow the law discussed in the Order (and if so, which law). It should be clear that the law to be followed in this case is the Court's jury instructions.

Another example of an area ripe for confusion is the differing standard for summary judgment versus the standard of proof at trial. The Order is assessing whether there is a genuine dispute as to any material fact while the jury is assessing whether a claim has been established by a preponderance of the evidence. *Compare* Fed. R. Civ. P. 56 *with* 8th Cir. Civ. Jury Instr. § 3.04 (2021). (Declaration of Paige Stradley (Stradley Decl.") Ex. 1.) A jury is unlikely to understand or appreciate this legal distinction and is likely to erroneously think that if the Court found against a moving party (i.e., found a genuine issue of disputed fact) that this means a party has not or cannot meet its proof at trial. This, of course, is incorrect.

By way of a final example, to the extent the Order addresses facts, introducing bits and pieces of facts from the Order is only likely to confuse and mislead the jury. Without the full context, the jury may not understand why such facts are pertinent and will also not have the benefit of hearing both parties' witnesses discuss the facts and be subject to

cross examination on those same facts. Further, the jury is likely to be misled into thinking certain facts must be accepted as true because they are in the Order and/or is likely to be unduly influenced by the Order because it thinks that the Court has given certain facts a stamp of approval. Juror confusion warrants exclusion under Rule 403.

Rule 403 also compels exclusion because introduction of the Court's Order is likely to waste the parties', the Court's, and the jury's time. The parties and the Court will be forced to try to explain to the jury the legal procedure of summary judgment, both parties' arguments presented in their summary judgment briefing and Daubert briefing, what the actual outcome of each issue was and the full context for the same, both sides' view of disputed facts, etc. This is likely to result in extensive side-shows that are unrelated to the factual determinations about which the jury should be focusing.

Introduction of the Order is also likely to prejudice FICO. Plaintiffs will cherry pick statements of the Court favorable to them to improperly influence the jury; a likely consequence because the jury will not be privy to or understand the full context of the Court's analysis and rationale for such statements. For instance, the Order addressed both parties' challenges to expert witnesses. For FICO, the Order excluded an opinion of FICO's expert Mr. Zoltowski while permitting other opinions of Mr. Zoltowski. (Dkt. No. 731 at 30-34.) Allowing Defendants to introduce this aspect of the Court's Order is likely to unfairly bias the jury against Mr. Zoltowski and cause them to question his opinions that the Court held were admissible. Such prejudice warrants exclusion. Fed. R. Evid. 403.

### III.    Conclusion

The Court's Order is not evidence to be considered by the jury. Introduction or reference to the Order will only confuse the jury, waste time, and prejudice FICO. The jury should make its factual determination based on its assessment of evidence presented at trial, not the legal arguments and conclusions found in the Order. The Court should exclude introduction of, or reference to, the Order under Federal Rules of Evidence 401, 402, and 403.

Dated: January 13, 2023

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar # 393432
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 0402364
MERCHANT & GOULD P.C.
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com
pstradley@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*