# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) Case No. 16-cv-1054 (DTS) <br> ) <br> ) |
| Plaintiff, | ) **Jury Trial Demanded** <br> ) |
| v. | ) <br> ) |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE CONCERNING THE FICO-ACE AMERICAN LICENSE AGREEMENT**

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................... 1

II. The parties have known the FICO-ACE Agreement is limited in scope and not applicable to this case for years. ............................................................ 1

III. Defendants waived any reliance on the FICO-ACE Agreement. ............................. 3

IV. The FICO-ACE Agreement is irrelevant because it does not cover the allegedly infringing use of Blaze Advisor by ACE American. ................................ 4

V. The FICO-ACE Agreement will only confuse and mislead the jury to the prejudice of FICO. ...................................................................................... 5

VI. Conclusion .................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Sayre v. Musicland Grp., Inc., Subsidiary of Am. Can Co.*,
   850 F.2d 350 (8th Cir. 1988) ....................................................................................... 4

**Other Authorities**

Fed. R. Evid. 402 ................................................................................................... 1, 5, 6

Fed. R. Evid. 403 ................................................................................................... 1, 5, 6

I.   **Introduction**

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court exclude Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants") from mentioning or attempting to introduce as evidence a license agreement between FICO and ACE American ("FICO-ACE Agreement"). The FICO-ACE Agreement, executed in 2006, allowed ACE American to make extremely limited use of Blaze Advisor on a single named application. Nothing more, nothing less. FICO and ACE American could not possibly have intended the single named application licensed under the FICO-ACE American Agreement *in 2006* to be any of the Chubb & Son applications at issue in this lawsuit because those applications would not become known to ACE American until *a decade later in 2016* when its parent ACE Limited acquired Federal's parent, the Chubb Corporation. That is why Defendants never raised the FICO-ACE license as a defense in this case . . . until it was time to find evidence to distract and confuse a jury. The FICO-ACE Agreement should be excluded under Federal Rules of Evidence 402 and 403.

II.  **The parties have known the FICO-ACE Agreement is limited in scope and not applicable to this case for years.**

On June 29, 2006, FICO and ACE American entered into a Software License and Services Agreement. (Declaration of Paige Stradley ("Stradley Decl.") Ex. 1.) At the time, ACE American was part of a group of insurance companies known as ACE Limited. ACE American had no relation to the Chubb Corporation, of which the division Chubb & Son and Federal were a part.

1

The FICO-ACE Agreement was specific and limited in scope. FICO licensed ACE American the right to use Blaze Advisor on up to two CPU's and only in connection with a single named application ("Named Application") on a .net platform. (*Id.* at Ex. A.) The Named Application was defined as "[t]he common rules, for which Blaze will be used for transformation and validation of transactions associated with the Client. The Named Application excludes any routing capabilities." (*Id.*) This specifically named ACE American application validated that a transaction was complete (i.e., all information needed was in hand) and that data formats aligned with internal requirements. No business rules were utilized in the Named Application. The Named Application excluded routing capabilities—transferring data from a source to a destination. (*Id.*) The FICO-ACE Agreement did not allow use beyond that Named Application. Stated another way, the FICO-ACE Agreement did not allow use enterprise wide or on unnamed applications.

Defendants, for nearly 7 years, were silent about the relevance of the FICO-ACE Agreement. It is not identified in any answer or counterclaim. It is not mentioned in any interrogatory response. No expert witness identified the agreement in an expert report. Defendants did not identify any witness in its initial disclosures or in its trial witness disclosures who have knowledge about the FICO-ACE Agreement. It was not raised in any summary judgment motion practice or other motion practice. The reason is because the FICO-ACE Agreement is not relevant to this dispute. But now, faced with a jury trial, Defendants intend to use that agreement to confuse the jury.

### III. Defendants waived any reliance on the FICO-ACE Agreement.

The Court will note the FICO-ACE Agreement has not been discussed in the parties' lengthy briefing to date. That is because the parties have always known the FICO-ACE Agreement has no relevance to the claims in this case. FICO asserts three claims in this Action: (1) breach of contract by Federal; (2) copyright infringement by Federal; and (3) copyright infringement by ACE American. FICO's claim of breach of contract stems from Federal's breaches of a 2006 Software License and Maintenance Agreement between FICO and Chubb & Son, a division of Federal.[1] The copyright infringement claim against ACE American centers on ACE American's continued use of applications containing Blaze Advisor that were created by Chubb & Son before ACE Limited acquired Federal's parent company, the Chubb Corporation. FICO does not assert breach of the FICO-ACE American Agreement, and that agreement does not cover or relate to the infringing use of Blaze Advisor by ACE American in this action.

ACE American did not assert any defense to copyright infringement based on the FICO-ACE Agreement in its Amended Answer to Second Amended Complaint and Counterclaims, the operative answer in this case. (Dkt. No. 569 (hereinafter the "Answer").)  No interrogatory answer or initial disclosures mentioned the FICO-ACE Agreement. Instead, Defendants maintained the 2006 Software License and Maintenance Agreement between FICO and Chubb & Son, a division of Federal, protects their actions. Their Defenses and Counterclaims state: "Federal's use of the FICO Products is licensed

---

[1] Federal is a defendant because it is responsible for the actions of its division Chubb & Son.

3

under the Agreement [between FICO and Chubb & Son]." (*Id.* at Defenses; *see also*, *e.g.*, *id.* at Counterclaims ¶ 8.) Nowhere in Defendants' Answer do Defendants mention the FICO-ACE American Agreement. Any reliance is waived. *See Sayre v. Musicland Grp., Inc., Subsidiary of Am. Can Co.*, 850 F.2d 350, 354 (8th Cir. 1988) (explaining that failure to plead an affirmative defense results in waiver of that defense and exclusion from the case).

**IV.     The FICO-ACE Agreement is irrelevant because it does not cover the allegedly infringing use of Blaze Advisor by ACE American.**

The reason Defendants did not assert a defense based on being a licensed user under the FICO-ACE Agreement is simple: the FICO-ACE Agreement does not cover ACE American's infringing use. FICO's allegations of infringement stem from ACE American's use of Chubb & Son applications that utilize Blaze Advisor. Approximately one year after the 2016 acquisition of the Chubb Corporation by ACE Limited, ACE American assumed the former role of Federal and its division Chubb & Son and used Blaze Advisor applications in connection with selling insurance in their names and in the names of many other related insurance companies.

The FICO-ACE Agreement was entered into between FICO and ACE American in 2006—a decade prior to the acquisition of Chubb Corporation by ACE Limited. The FICO-ACE Agreement is for a single named application developed by ACE American and used with FICO's software. By its own express terms, the FICO-ACE Agreement does not cover nor relate to applications developed by Chubb & Son which contain Blaze Advisor, used by ACE American more than a decade later after the acquisition. Indeed,

4

the Chubb & Son applications (ACE American's use of which constitutes infringement) utilize a .java platform while the FICO-ACE American Agreement permits use of the Named Application on a .net platform.

The FICO-ACE Agreement permits use of Blaze Advisor on a Named Application (as defined in the agreement) developed by ACE American. That Named Application is not at issue in this lawsuit. It is powered by, at most, two CPUs and is run on a different platform than the Chubb & Son applications. ACE American only had two developer seats to implement Blaze Advisor into that application under the FICO-ACE American Agreement. The FICO-ACE American Agreement does not cover ACE American's infringing use and is irrelevant to this case.

### V. The FICO-ACE Agreement will only confuse and mislead the jury to the prejudice of FICO.

The FICO-ACE Agreement is unrelated to, and does not cover, ACE American's infringing use of Blaze Advisor in this lawsuit. This alone warrants exclusion at trial. Fed. R. Evid. 402. The risk of confusing and misleading the jury also warrants exclusion. Fed. R. Evid. 403. This case is about Federal's breach of the FICO-Chubb & Son license agreement as well as Federal and ACE American's infringement of FICO's copyrights. Introducing evidence of a second, separate agreement (between FICO and ACE American) in a case that is focused on breach of a different agreement is only likely to cause confusion and mislead the jury.

The Court can conclude, by the lack of reference to the FICO-ACE Agreement until the trial exhibit list, that the only reason Defendants can possibly want to introduce

the agreement is to mislead the jury into erroneously believing ACE American's use of Blaze Advisor was authorized. This will undoubtedly prejudice and irreparably harm FICO for the simple reason that the jury may be misled into believing ACE American has a defense to copyright infringement that it does not. There is no reason that the FICO-ACE American Agreement should be allowed into evidence given it is irrelevant and presents a high risk of juror confusion and prejudice to FICO.

## VI. Conclusion

The FICO-ACE American Agreement has no probative value, and there is a high risk of confusing and misleading the jury to the prejudice of FICO. This Court should exclude evidence of the FICO-ACE American Agreement under Federal Rules of Evidence 402 and 403.

Dated: January 13, 2023

                    MERCHANT & GOULD P.C.

                    /s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar # 393432
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 0402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*