# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation, and ACE<br>AMERICAN INSURANCE COMPANY,<br>a Pennsylvania corporation,<br><br>Defendants. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>**DEFENDANTS' SEVENTH<br>SUPPLEMENTAL ANSWER TO<br>PLAINTIFF'S INTERROGATORY<br>NO. 19** |

To: Plaintiff and its attorneys, Allen Hinderaker, Heather Kliebenstein, Michael A. Erbele, and Joseph W. Dubis, Merchant & Gould P.C., 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendants Federal Insurance Company and ACE American Insurance Company (collectively, "Federal"), for their Seventh Supplemental Answer to Plaintiff's Interrogatory No. 19, state and allege as follows:

## GENERAL RESPONSES

1. Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2. Federal objects to the requests to the extent that they seek information protected from discovery under the attorney-client privilege or work product doctrine.

3. Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to information within its possession, custody, or control. Federal reserves the right to amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

4. Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

### SEVENTH SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 19

**INTERROGATORY NO. 19:** From the date of first use of the Blaze Advisor software in Canada and thereafter by quarter, the gross written premium of each such company, including specific identification of each company, from all insurance policies in connection with which the Software was used.

**ANSWER:** Federal objects to the request for "all" insurance policies and the request for information without any time limitation as overbroad, unduly burdensome, and not proportional to the needs of the case. Federal also objects to this Interrogatory as compound and impermissibly constituting multiple interrogatories, which are limited in number under the Federal Rules. Federal also objects to this Interrogatory as vague and ambiguous in referring to any "such company," failing to identify the relevant "use," and calling for insurance policies "in connection with." Federal further objects to this Interrogatory because "the gross written premium of" some unidentified "such" company is not relevant to any claim or defense in this action, including because FICO has failed to present any evidence of a non-speculative relationship between Federal's profits and the alleged infringement, as is necessary for FICO to obtain an award of Federal's profits under

2

17 U.S.C. § 504(b). (*See, e.g.*, Dkt. 380 at 6-8; Dkt. 445 at 28-34; Dkt. 567 at 5-7.) Federal further objects to the extent the Interrogatory seeks information not in the possession, custody, or control of Federal, and thus exceeds the scope of discovery under Federal Rule 26(b)(1).

Subject to, and without waiving these objections, Federal states the following:

- For the Personal Risk Services (PRS) business unit in Canada, the following application used Blaze Advisor as a component software piece: Evolution. The approximate gross written premiums, policy counts, and identification of the insurance writing company that issued insurance policies that used that application, in connection with which Blaze Advisor was used, is provided in the chart below for the years requested.

| Year | Gross Written Premium | Policy Count (Approx.) | Writing Company |
|---|---|---|---|
| 2019 | $278,538,528.00 | 80,000 | Chubb Insurance Company of Canada |
| 2018 | $337,972,007.00 | 95,000 | Chubb Insurance Company of Canada |
| 2017 | $319,812,199.00 | 93,000 | Chubb Insurance Company of Canada |
| 2016 | $306,522,654.00 | 92,000 | Chubb Insurance Company of Canada |
| 2015 | $158,330,677.00 | 90,000 | Chubb Insurance Company of Canada |

- The Blaze Advisor software component was removed from the Evolution application described above on or about September 27, 2019. The data found in the Evolution and the Broker Site charts in this Response are, thus, current as of September 30, 2019 because this is the most exact data that is available covering the 2019 time period in which Evolution used the Blaze component.

- The PRS Business Unit in Canada does not use the ADAPT application at all, and therefore, because that application has not been installed, it is impossible to run any query through that application search for gross written premiums and policy counts. Accordingly, there is no policy county, gross written premium, or writing company to be produced for the Adapt application in the PRS business unit in Canada.

3

- The Broker Site application is a front-end quoting system with an integrated database with Evolution. The Broker Site application does *not* use the Work Manager component, which is the *only* component of the Evolution application that uses Blaze Advisor. Accordingly, there are no policies issued or gross written premium generated by the Broker Site application in the PRS business unit in Canada. However, as ordered by the Court, below are the approximate gross written premiums, policy counts, and identification of the insurance writing company that issued insurance policies that may have used the application Broker Site, which is identical to the chart above for Evolution:

| Year | Gross Written Premium | Policy Count (Approx.) | Writing Company |
|---|---|---|---|
| 2019 | $278,538,528.00 | 80,000 | Chubb Insurance Company of Canada |
| 2018 | $337,972,007.00 | 95,000 | Chubb Insurance Company of Canada |
| 2017 | $319,812,199.00 | 93,000 | Chubb Insurance Company of Canada |
| 2016 | $306,522,654.00 | 92,000 | Chubb Insurance Company of Canada |
| 2015 | $158,330,677.00 | 90,000 | Chubb Insurance Company of Canada |

Dated: September 24, 2020

s/*Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Christian V. Hokans (#0400377)
chokans@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Federal Insurance Company and ACE American Insurance Company*

4

## VERIFICATION

Randy Alexander states under oath that he is Chief Information Officer, Chubb Insurance Company of Canada; that he is authorized to respond to Plaintiff's Interrogatory No. 19 on behalf of Defendants; that he has relied on directors, employees, agents, and attorneys to provide information used in formulating the answer to the above interrogatory; and that the answer is true and correct to the best of his knowledge.

_____
Randy Alexander

Subscribed and sworn to before me this 25TH day of September, 2020.

_____
Notary Public

Laila Brabander
Law Society No. 46806N