# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM INTRODUCING TESTIMONY THAT EXCEEDS THE SCOPE OF THAT IDENTIFIED IN FEDERAL'S INITIAL DISCLOSURES OR OTHERWISE DISCLOSED

# **TABLE OF CONTENTS**

I.  Introduction ..................................................................................................... 1

II.  The Federal Rules of Civil Procedure and the Federal Rules of Evidence
govern the discovery process. ..................................................................... 1

III.  Defendants' witness list identifies witness testimony that was not properly
disclosed during fact discovery. They should be precluded from relying on
testimony outside the scope of that previously disclosed. ....................................... 2

    A.  The scope of testimony Defendants seek to offer at trial is not
commensurate with that provided in Federal's initial disclosures or
other discovery disclosures. .......................................................... 3

    B.  Defendants' failure to disclose cannot be justified and allowing such
undisclosed testimony will harm FICO ........................................................ 6

IV.  Conclusion ........................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bailey v. City of Bellevue*,
  No. 4:18CV3132, 2021 U.S. Dist. LEXIS 104645
  (D. Neb. June 3, 2021) ................................................................................. 8

*US Salt, Inc. v. Broken Arrow, Inc.*,
  No. 07-1988, 2008 U.S. Dist. LEXIS 43376 (D. Minn. May 30, 2008) ....................... 1

*Vanderberg v. Petco Animal Supplies Stores, Inc.*,
  906 F.3d 698 (8th Cir. 2018) ......................................................................... 9

*Vecchio v. Schaefer*,
  244 F.R.D. 552 (W.D. Mo. 2007) ................................................................... 8

*United States v. Procter & Gamble Co.*,
  356 U.S. 677 (1958) .................................................................................... 1

*Wegener v. Johnson*,
  527 F.3d 687 (8th Cir. 2008) ......................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 26 ......................................................................................*passim*

Fed. R. Civ. P. 37 ................................................................................... 1, 2, 9

Fed. R. Evid. 403 ...................................................................................... 1, 9

## I.      Introduction

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court preclude Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants") from introducing testimony through seven witnesses that exceeds the scope of knowledge described in Federal's initial disclosures (or otherwise disclosed) for those same witnesses. Allowing introduction of previously undisclosed testimony amounts to trial by ambush and defeats the purpose of Federal Rule of Civil Procedure 26's disclosure requirements. Defendants should be precluded from relying on this newly disclosed testimony under Federal Rule of Civil Procedure 37 and Federal Rule of Evidence 403.

## II.     The Federal Rules of Civil Procedure and the Federal Rules of Evidence govern the discovery process.

The Federal Rules of Civil Procedure and the Federal Rules of Evidence lay out a process that aims to ensure both parties a fair opportunity to test the claims and defenses of the opposing party. *US Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 U.S. Dist. LEXIS 43376, at *10-11 (D. Minn. May 30, 2008) ("The purpose of discovery is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'") (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Fact discovery accomplishes this through the preparation and exchange of initial disclosures, exchange of documents and written discovery, and through depositions of fact witnesses. Importantly, Rule 26 obligates parties to provide the name "of each individual likely to have discoverable

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Further, a party must supplement disclosures and discovery responses in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1)(A).

III.   **Defendants' witness list identifies witness testimony that was not properly disclosed during fact discovery. They should be precluded from relying on testimony outside the scope of that previously disclosed.**

The balance set forth by Rule 26 is thwarted when a party withholds important information during fact discovery and later tries to rely on that undisclosed information after fact discovery has closed. Rule 37 exists to ensure that a party is not prejudiced by another party's late disclosure of information. Specifically, Rule 37 prohibits a party from relying on information that was not previously disclosed, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1) ("*Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (emphasis in the original)). Here, Defendants now seek to rely on witnesses to provide testimony that goes beyond the subject matter disclosed by Federal in its initial disclosures or otherwise disclosed during discovery. There is no justification for Defendants' failure to disclose the subject matter of discoverable

information for each of Defendants' witnesses, which was readily available to them. Defendants' nondisclosure prejudices FICO as FICO has not had an opportunity to gather facts and question Defendants' fact witnesses about their knowledge on these newly identified subjects.

### A. The scope of testimony Defendants seek to offer at trial is not commensurate with that provided in Federal's initial disclosures or other discovery disclosures.

This case was filed on April 21, 2016. (Dkt. No. 1.) Federal's original Rule 26(a)(1) Disclosures were served on March 17, 2017. Those original disclosures identified five individuals likely to have discoverable information that Federal may use to support its claims or defenses. Federal twice supplemented its initial disclosures, with the last supplement occurring on March 22, 2019, the close of fact discovery. Federal's March 22, 2019, Rule 26(a)(1) Second Supplemental Disclosures identified a total of thirty-one witnesses and provided a description of the subject matter of discoverable information for each individual. (Declaration of Paige Stradley ("Stradley Decl.") Ex. 1.)[1]

Despite having had years to develop its claims and defenses, discover and analyze relevant facts, and engage in all forms of fact discovery, and despite Federal twice supplementing it initial disclosures, Defendants now seek to introduce testimony beyond that disclosed in Federal's Second Supplemental Disclosures or other discovery

---

[1] Defendant ACE-American never provided initial disclosures. The reason for this is unclear. In any event, ACE-American certainly should not be permitted to rely on testimony beyond the scope of subject matter disclosed in Federal's Second Supplemental Disclosures or otherwise disclosed during discovery when it never provided its own disclosures.

disclosures. Defendants' trial witness list identifies a scope of testimony that exceeds the scope of subject matter disclosed in Federal's Second Supplemental Disclosures for the following individuals: Claudio Ghislanzoni; David Gibbs; Kevin Harkin; Pamela Lopata; Ramesh Pandey; Michael Schraer; and Alissa Theberge. The below chart illustrates Defendants' intent to offer testimony at trial that exceeds that disclosed in Federal's Second Supplemental Disclosures or otherwise disclosed. The new subject matter is shown in bold, italicized font[2]:

| WITNESS | DISCLOSURE IN SECOND SUPPLEMENTAL DISCLOSURES | DISCLOSURE IN TRIAL WITNESS LIST |
|---|---|---|
| Claudio Ghislanzoni | Mr. Ghislanzoni has knowledge regarding Blaze Advisor rules usage. | Claudio Ghislanzoni is expected to testify about *software-license agreements,* the development of applications, use and replacement of Blaze, and information-technology infrastructure. |
| David Gibbs | Mr. Gibbs may have knowledge regarding Federal's use of Blaze Advisor in the United Kingdom. | David Gibbs is expected to testify about *software license agreements, the scope and terms of the Enterprise License Agreement and/or other related agreements,* and the use of Blaze in Europe. |
| Kevin Harkin | Mr. Harkin has knowledge regarding the company's financial operations. | Kevin Harkin is expected to testify about Defendants' financials, *the factors that contribute to revenue* |

---

[2] Where the subject matter identified in Defendants' witness list exceeds that disclosed in Federal's Second Supplemental Disclosures but such subject matter was arguably otherwise disclosed during discovery, FICO has not identified that subject matter as new.

| | | |
|---|---|---|
| | | *generation and profit, and use of Blaze*. |
| Pamela Lopata | Ms. Lopata has knowledge regarding communications between the parties. | Pamela Lopata is expected to testify about *the Defendants' corporate structure, and the Chubb & Son division*. |
| Ramesh Pandey | Mr. Pandey has knowledge regarding Federal's use of the licensed software and communications between the parties. | Ramesh Pandey is expected to testify about *software-license agreements*, use and *replacement of Blaze,* and information-technology infrastructure. |
| Michael Schraer | Mr. Schraer has knowledge regarding the applications that use Blaze Advisor in the Chubb Specialty Insurance (CSI) business unit (premerger) and the Financial Lines Unit (post-merger) in the United States, specifically Decision Point. | Michael Schraer is expected to testify about the use of Blaze and business, sales and underwriting practices, and *the factors that contribute to revenue generation and profit.* |
| Alissa Theberge | Ms. Theberge has knowledge regarding the underwriting service center which underwrites certain risks. | Alissa Theberge is expected to testify about the *use of Blaze, Defendants' business, sales,* and underwriting processes, and *the factors that contribute to revenue generation and profit*. |

(*Compare* Stradley Decl. Ex 1 *with* Ex. 2.) As the above demonstrates, the scope of the testimony Defendants intend to introduce at trial is vastly different from, and broader than, the scope of discoverable information identified for these witnesses in Federal's Second Supplemental Disclosures or other discovery disclosures.

**B.**   **Defendants' failure to disclose cannot be justified and allowing such undisclosed testimony will harm FICO.**

Defendants knew of their obligation under Rule 26(a) to provide the subject matter of discoverable information for each witness that they may use to support their claims or defenses, and they knew of their obligation under Rule 26(e) to supplement. Federal twice supplemented its initial disclosures. Yet, Federal never supplemented its disclosures to identify the new subject matter these witnesses will be called upon to testify at trial, as shown in the chart above. Nor, did ACE-American provide any of its own disclosures that identify the new subject matter. Defendants have no justification for their failure to identify or disclose this new subject matter. This information was specifically required by Rule 26(a) and is information that is uniquely within the possession of Defendants.

Defendants' failure to previously identify or disclose this new subject matter harms FICO. There was no cause to depose witnesses regarding undisclosed subject matter. For example, FICO chose not to depose Mr. Gibbs and Ms. Lopata because of, *inter alia*, the limited subject matter for which they were disclosed. FICO now has no understanding of what Mr. Gibbs's and Ms. Lopata's knowledge is with regard to this new subject matter and no understanding of what each will testify to with respect to this new subject matter at trial. Similarly, while FICO did depose, Mr. Ghislanzoni, Mr. Harkin, Mr. Pandey, and Ms. Theberge, the scope of questioning did not address the newly identified subject matter.

6

As the above chart makes clear, Defendants' failure to disclose was not limited to a single witness or even a single subject—it was directed to seven witnesses on multiple subjects. This compounds the harm to FICO because at trial it will be flying blind in its cross examination of numerous witnesses across numerous topics at a time when it should readily understand Defendants' positions and each witnesses' factual knowledge. And FICO will be forced to engage in significantly greater preparation for these cross examinations as it tries to suss out what each witness may say.

With respect specifically to Mr. Harkin, Mr. Schraer, and Ms. Theberge, none were previously disclosed as being knowledgeable regarding factors, other than infringement, that allegedly contribute to the sale of insurance using Blaze Advisor.[3] At this late-stage Defendants should not be permitted to offer new testimony through Mr. Harkin, Mr. Schraer, or Ms. Theberge, attempting to meet their burden of proof regarding the extent factors, other than infringement, allegedly contributed to revenue.

Defendants may argue that (1) FICO was aware of these witnesses and was free to question them as FICO pleased and/or (2) that this new information was otherwise disclosed to FICO.

First, awareness of an individual does not equate to understanding the scope of that individual's knowledge and what subjects that individual should be questioned on, particularly when thirty-one witnesses are identified as having potentially relevant information. FICO should be not required to guess as to what subjects these individuals

---

[3] It is notable that this newly disclosed scope of testimony is not directed to the extent other factors contributed to selling insurance. (*See* FICO's Motion in Limine No. 4.)

are knowledgeable about or how Defendants may rely upon them at trial. *Bailey v. City of Bellevue*, No. 4:18CV3132, 2021 U.S. Dist. LEXIS 104645, at \*4 (D. Neb. June 3, 2021) (striking an undisclosed witness and explaining that "general reference to a large number of documents, some of which contained [the witness's] name, was insufficient to meet the disclosure requirements of Rule 26(a)(1)"); *Vecchio v. Schaefer*, 244 F.R.D. 552, 557 (W.D. Mo. 2007) (explaining that defendant could not call witnesses not on its initial disclosures despite the fact that plaintiff identified those witnesses in its interrogatory responses).

Second, Defendants did not disclose these individuals as knowledgeable on the new subject matter in their interrogatory responses or otherwise put FICO on notice that Defendants intended to rely upon them to support their claims or defenses with respect to the new subject matter. Defendants' interrogatory responses identified:

- Mr. Gibbs as knowledgeable regarding use of the Blaze Advisor software, **not** software license agreements and the scope and terms of the Enterprise License Agreement and/or other related agreements. (Stradley Decl. Ex. 3 (Interrogatory Nos. 2-3).)

- Ms. Lopata as knowledgeable regarding only the parties' agreement and course of dealing, **not** the Defendants' corporate structure and the Chubb & Son division. (*Id.* at Ex. 4 (Interrogatory No. 1).)

- Mr. Pandey as knowledgeable regarding revenues and profits attributable to use of Blaze Advisor, the use of Blaze Advisor, business reasons for using Blaze Advisor, and that Federal did not expand use following merger, **not**

software-license agreements and replacement of Blaze. (*Id.* at Ex. 3

(Interrogatory Nos. 2-3); *id.* at Ex. 4 (Interrogatory Nos. 6, 7, and 9).)

And, Mr. Ghislanzoni, Mr. Harkin, Mr. Schraer, and Ms. Theberge were not identified in

Defendants' interrogatory responses at all. In short, the identification of broadened

subject matter for these witnesses came as a surprise to FICO.

There is no justification to permit these witnesses to testify to the broadened

subject matter. Because Defendants never disclosed (in Federal's Second Supplemental

Disclosures or otherwise) the subject matter of testimony they now seek to rely upon at

trial, they should be precluded from relying on that new subject matter under Rule 37.

*Wegener v. Johnson*, 527 F.3d 687, 692-94 (8th Cir. 2008) (affirming district court's

exclusion of supplemental testimony where party failed to disclose testimony in a timely

manner); s*ee also Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705

(8th Cir. 2018) ("Unlike under Rule 37(b), where a district court has broad discretion to

fashion its own remedy for a party's violation of a discovery order, including selecting

the sanction of exclusion of evidence, Rule 37(c)(1) makes exclusion of evidence the

default, self-executing sanction for the failure to comply with Rule 26(a)."). Further, the

prejudice suffered by FICO from Defendants' nondisclosure separately warrants

preclusion under Rule 403.

## IV.    Conclusion

Defendants' failure to comply with their discovery obligations under Federal Rule of Civil Procedure 26 is not justified and harms FICO. Pursuant to Federal Rule of Civil Procedure 37 and Federal Rule of Evidence 403, this Court should preclude Defendants from relying on testimony that goes beyond the scope of subject matter identified in Federal's initial disclosures or otherwise disclosed.

Dated: January 13, 2023

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar # 393432
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 0402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*