# EXHIBIT 12 - REDACTED

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | Case No. 16-cv-1054 (WMW/DTS) |
| Plaintiff, | |
| v. | **Jury Trial Demanded** |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | **CONFIDENTIAL, ATTORNEYS' EYES ONLY** |
| Defendants. | |

**PLAINTIFF FAIR ISAAC CORPORATION'S THIRD SUPPLEMENTAL ANSWERS TO INTERROGATORY NOS. 6-9**

Plaintiff Fair Isaac Corporation ("FICO") hereby provides these responses and objections to Defendant Federal Insurance Company's ("Federal") Interrogatory Nos. 6-9 ("Interrogatories").

**GENERAL OBJECTIONS**

1. FICO objects to the Definitions set forth in these Interrogatories to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, including but not limited to Rule 26(a)'s expert disclosure requirements, and the Local Rules of this Court.

2. FICO objects to these Interrogatories to the extent they seek information and documents that are subject to the attorney-client privilege, that evidence or constitute attorney work product, that are the subject of confidentiality agreements with third parties, that are the

subject of a protective order in any separate proceeding, or that otherwise are not discoverable or are the subject of any other privilege, whether based upon statute or recognized at common law.

3.   FICO objects to Federal's Interrogatories to the extent they are overly broad, unduly burdensome, and/or disproportionate, taking into account the needs of the case, the amount in controversy, the limitations of the parties' resources, and the importance of the issues at stake; seek irrelevant information; or are not reasonably calculated to lead to the discovery of admissible evidence.

4.   FICO objects to the definition of "you" or "your" as overly broad and unduly burdensome.  FICO interprets these terms to refer to Fair Isaac Corporation.

5.   FICO objects to the definition of "Document" to the extent the definition includes any items beyond the scope of the Federal Rules of Civil Procedure.  FICO further objects to the definition to the extent it is inconsistent with the E-Discovery Agreement to which the parties have stipulated.  [Dkt. 43-2.]  FICO will produce documents in accordance with the E-Discovery Agreement.

6.   FICO objects to the use of the word "all" in these Interrogatories insofar as every fact, reason, or document that evidences, refers, or relates to the subject matter of the Interrogatory is sought.  Literal compliance is impossible in most instances and, in others, imposes a burden and expense that outweighs any potential benefit.  FICO seeks to fairly and accurately respond to the Interrogatories, subject to any objections.

7.   FICO objects to these Interrogatories to the extent they seek information or documents already in Federal's possession or equally accessible to Federal, or information or identification of documents which are a matter of public record.

8. FICO's answers set forth below and any production of documents in connection therewith in no way limit the generality of the foregoing General Objections, and are not to be construed as a waiver of the foregoing objections, any specific objections stated in the following responses, or FICO's right to object to any additional, supplemental, or further discovery Request or Interrogatory of Federal.

9. FICO has answered these Interrogatories based upon its understanding of the Interrogatories, and to the best of its knowledge and recollection as of the date the answers are served. FICO expressly reserves the right to provide supplemental answers or produce supplemental documents should that become appropriate. All information provided by FICO in response to these Interrogatories is provided without waiver of FICO' right to supplement as responsive information becomes available.

10. All documents identified or produced by FICO in connection with its answers to these Interrogatories are identified or produced without waiver of, or prejudice to, any challenge by FICO to the relevancy or admissibility of such documents in this case.

11. The General Objections set forth above are made without prejudice to and without waiver of FICO's right to object on all appropriate grounds to the specific information sought by each Interrogatory.

Subject to the General Objections outlined above and the more specific objections set forth below, FICO answers as follows:

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 6:** Describe and quantify each element of damages being claimed by FICO against Federal, including the basis for each element of damages being claimed.

**OBJECTION:** A quantification of FICO's damages necessarily depends on the extent of Defendants' improper use of Blaze Advisor in breach of the Agreement, the improper disclosure

of Blaze Advisor to third parties in further breach of the Agreement and in violation of FICO's copyright rights, and Defendants' use of Blaze Advisor following the termination of the Agreement in breach of the Agreement and in further violation of FICO's copyright rights. This information is uniquely within Defendants' possession. These supplemental responses are based on the information disclosed by Defendants to date.

**THIRD SUPPLEMENTAL RESPONSE:** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation. This supplemental response is based on information currently known.

**Lost License Fee Damages – Federal Post-Termination:** FICO claims lost license fee damages from the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016. FICO's post-termination lost license fee damages recoverable from Federal consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application used by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016. These damages total $█████████. *See* Exhibit A.

**Actual Copyright Damages – ACE American:** FICO claims actual copyright damages from the unlicensed use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the applicable end date of use for each application at issue. FICO's actual copyright damages recoverable from ACE American consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application used by ACE American from January 1, 2017 to the applicable end date of use for each application. These damages total █████████. *See* Exhibit B.

**Disgorgement Damages – Post-Termination:** FICO claims disgorgement damages from the infringing use of Blaze Advisor Version 7.1 by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016, and the infringing use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the end of use of Blaze Advisor applications in connection with the sale of insurance.  FICO is entitled to recover from the named Defendants, Federal and ACE American, gross written premium from the sale of insurance by all companies in their single enterprise in connection with which Blaze Advisor was used.  FICO's post-termination disgorgement damages against Federal and its disgorgement damages against ACE American will be detailed in a Zoltowski Supplemental Schedule.

**Lost License Fee Damages – Federal Pre-Termination:** FICO claims lost license fee damages from the unlicensed use of Blaze Advisor by entities other than Chubb & Son, a division of Federal, (whether or not subsidiaries of Federal) to whom Chubb & Son distributed Blaze Advisor in breach of Paragraph 3.1(iv) of the Agreement.  FICO's lost license fee damages include FICO's lost license fees from the use of Blaze Advisor by Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia from the date of first use to the applicable end date of use for each application.  FICO's pre-termination lost license fee damages recoverable from Federal total $███████.  *See* Exhibit C.

**Disgorgement Damages – Federal Pre-Termination:** FICO claims disgorgement damages from Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 to persons not employees of Chubb & Son, a division of Federal, in breach of Paragraph 3.1(iv) of the Agreement.  FICO is entitled to recover from Federal gross written premium from the sale of insurance in connection with which Blaze Advisor was used, including gross written premium from Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and

5

Chubb Insurance Company of Australia, which are a single enterprise with Federal. FICO's pre-termination disgorgement damages against Federal extend from the date of Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 until the date Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia ceased to be members of Federal's single enterprise. FICO's pre-termination disgorgement damages will be detailed in a Zoltowski Supplemental Schedule.

**INTERROGATORY NO. 7:** Describe and quantify the damages you are seeking based on Federal's continued use of the Blaze Advisor software following the merger between The Chubb Corporation and ACE Limited.

**OBJECTION:** A quantification of FICO's damages necessarily depends on the extent of Defendants' use of Blaze Advisor following the termination of the Agreement. This information is uniquely within Defendants' possession. These supplemental responses are based on the information disclosed by Defendants to date.

**THIRD SUPPLEMENTAL RESPONSE:** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation. This supplemental response is based on information currently known.

    **Lost License Fee Damages – Federal Post-Termination:** FICO claims lost license fee damages from the unlicensed use of Blaze Advisor by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016. FICO's post-termination lost license fee damages recoverable from Federal consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application used by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016. These damages total $███████. *See* Exhibit A.

**Actual Copyright Damages – ACE American:** FICO claims actual copyright damages from the unlicensed use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the applicable end date of use for each application at issue. FICO's actual copyright damages recoverable from ACE American consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application used by ACE American from January 1, 2017 to the applicable end date of use for each application. These damages total $▬▬▬. *See* Exhibit B.

**Disgorgement Damages – Post-Termination:** FICO claims disgorgement damages from the infringing use of Blaze Advisor Version 7.1 by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016, and the infringing use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the end of use of Blaze Advisor applications in connection with the sale of insurance. FICO is entitled to recover from the named Defendants, Federal and ACE American, gross written premium from the sale of insurance by all companies in their single enterprise in connection with which Blaze Advisor was used. FICO's post-termination disgorgement damages against Federal and its disgorgement damages against ACE American will be detailed in a Zoltowski Supplemental Schedule.

**INTERROGATORY NO. 8:** Describe and quantify the damages you are seeking based on Federal's alleged disclosure of the Blaze Advisor software to third parties, as alleged in Paragraph 28 of the Complaint.

**OBJECTION:** A quantification of FICO's damages necessarily depends on the extent of Defendants' disclosure of Blaze Advisor to third parties. This information is uniquely within Defendants' possession. These supplemental responses are based on the information disclosed by Defendants to date.

**THIRD SUPPLEMENTAL RESPONSE:** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation. This supplemental response is based on information currently known.

**Lost License Fee Damages – Federal Pre-Termination:** FICO claims lost license fee damages from the unlicensed use of Blaze Advisor by entities other than Chubb & Son, a division of Federal, (whether or not subsidiaries of Federal) to whom Chubb & Son distributed Blaze Advisor in breach of Paragraph 3.1(iv) of the Agreement. FICO's lost license fee damages include FICO's lost license fees from the use of Blaze Advisor by Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia from the date of first use to the applicable end date of use for each application. FICO's pre-termination lost license fee damages recoverable from Federal total $███████. *See* Exhibit C.

**Disgorgement Damages – Federal Pre-Termination:** FICO claims disgorgement damages from Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 to persons not employees of Chubb & Son, a division of Federal, in breach of Paragraph 3.1(iv) of the Agreement. FICO is entitled to recover from Federal gross written premium from the sale of insurance in connection with which Blaze Advisor was used, including gross written premium from Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia, which form a single enterprise with Federal. FICO's pre-termination disgorgement damages against Federal extend from the date of Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 until the date Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance

8

Company of Australia ceased to be members of Federal's single enterprise. FICO's pre-termination disgorgement damages will be detailed in a Zoltowski Supplemental Schedule.

**Disclosure to Third-Party Consultants:** Permitting disclosure and use of Blaze Advisor by third-party consultants AppCentrica and DWS Group was a breach of Paragraph 3.1(iv) of the Agreement, resulting in termination of the Agreement. FICO's post-termination damage claims are described above. *See supra* Third Supplemental Response to Interrogatory Nos. 6-7.

**INTERROGATORY NO. 9:** Describe and quantify the damages you are seeking based on Federal's alleged acts of copyright infringement, as alleged in Paragraph 44 of the Complaint.

**OBJECTION:** A quantification of FICO's damages necessarily depends on the extent of Defendants' infringement of FICO's copyright rights and Federal's revenue attributable to that infringement. This information is uniquely within Defendants' possession. These supplemental responses are based on the information disclosed by Defendants to date.

**THIRD SUPPLEMENTAL RESPONSE:** Without waiving the objection, FICO provides the following description and quantification of its damages. This supplemental response is without prejudice to further supplementation. This supplemental response is based on information currently known.

**Actual Copyright Damages:** FICO claims actual copyright damages from the unlicensed use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the applicable end date of use for each application at issue. FICO's actual copyright damages recoverable from ACE American consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application used by ACE American from January 1, 2017 to the applicable end date of use for each application. These damages total $█████████. *See* Exhibit B.

Federal's unlicensed use of Blaze Advisor from March 31, 2016 to December 31, 2016, is also copyright infringement. FICO's actual copyright damages consist of the annual application-based license fees (including maintenance) for each Blaze Advisor-containing application in use during this time period. *See* Exhibit A. FICO claims these damages as breach of contract damages. *See supra* Third Supplemental Response to Interrogatory Nos. 6-7.

**Disgorgement Damages – Post-Termination:** FICO claims disgorgement damages from the infringing use of Blaze Advisor Version 7.1 by Chubb & Son, a division of Federal, from March 31, 2016 to December 31, 2016, and the infringing use of Blaze Advisor Version 7.1 by ACE American from January 1, 2017 to the end of use of Blaze Advisor applications in connection with the sale of insurance. FICO is entitled to recover from the named Defendants, Federal and ACE American, gross written premium from the sale of insurance by all companies in their single enterprise in connection with which Blaze Advisor was used. FICO's post-termination disgorgement damages against Federal and its disgorgement damages against ACE American will be detailed in a Zoltowski Supplemental Schedule.

**Disgorgement Damages – Federal Pre-Termination:** FICO claims disgorgement damages from Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 to persons not employees of Chubb & Son, a division of Federal, in breach of Paragraph 3.1(iv) of the Agreement. FICO is entitled to recover from Federal gross written premium from the sale of insurance in connection with which Blaze Advisor was used, including gross written premium from Chubb Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia, which form a single enterprise with Federal. FICO's pre-termination disgorgement damages against Federal extend from the date of Chubb & Son's infringing reproduction and distribution of Blaze Advisor Version 7.1 until the date Chubb

Insurance Company of Canada, Chubb Insurance Company of Europe, and Chubb Insurance Company of Australia ceased to be members of Federal's single enterprise. FICO's pre-termination disgorgement damages will be detailed in a Zoltowski Supplemental Schedule.

AS TO OBJECTIONS:

Dated: August 14, 2020

                                                      MERCHANT & GOULD P.C.

                                                      /s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*

11

## VERIFICATION

The undersigned has read the contents of Plaintiff Fair Isaac Corporation's Third Supplemental Answers to Defendant's Interrogatory Nos. 6-9 in the case of *Fair Isaac Corporation v. Federal Insurance Company,* Case No. 16-cv-1054 (D. Minn.), and knows the contents thereof, and that the contents and facts therein contained are true and correct to the best of my information, knowledge and belief. My information, knowledge and belief is based in part on my personal knowledge and in part on facts obtained by others from corporate records, employees, and agents.

Executed this 5th day of August, 2020.

James S. Woodward
Vice President and Deputy General Counsel
Fair Isaac Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 14, 2020 a copy of the foregoing was emailed to the following attorneys of record:

Terrence J. Fleming (tfleming@fredlaw.com)
Leah Janus (ljanus@fredlaw.com)
Christopher D. Pham (cpham@fredlaw.com)
Christian V. Hokans (chokans@fredlaw.com)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel)
(612) 492-7077 (fax)


Dated: August 14, 2020                                                      s/Kristin M. Drieman
                                                                                   Kristin M. Drieman

**EXHIBIT A**

**Lost License Fees (March 31, 2016 to December 31, 2016)**

| Domestic Application | License, Support, and Maintenance (Annual) | Damages Period | | | Total Lost Fees |
|---|---|---|---|---|---|
| | | *Start Year* | *End Year* | *Years* | |
| ***Undisputed Applications*** | | | | | |
| CSI eXPRESS | ■ | 2016 | 2016 | 1 | ■ |
| Automated Renewals Process (ARP) | ■ | 2016 | 2016 | 1 | ■ |
| Profitability Indicator | ■ | 2016 | 2016 | 1 | ■ |
| Decision Point | ■ | 2016 | 2016 | 1 | ■ |
| Commercial Underwriting Workstation (CUW) | ■ | 2016 | 2016 | 1 | ■ |
| Premium Booking | ■ | 2016 | 2016 | 1 | ■ |
| Texas Accident Prevention System (TAPS) | ■ | 2016 | 2016 | 1 | ■ |
| Individual Rate Modification Application (IRMA) | ■ | 2016 | 2016 | 1 | ■ |
| | | | | | |
| ***Disputed Applications*** | | | | | |
| CIS Claims | ■ | 2016 | 2016 | 1 | ■ |
| Cornerstone | ■ | 2016 | 2016 | 1 | ■ |
| | | | | | |
| *Undisputed Total* | ■ | | | | ■ |
| *Disputed Total* | ■ | | | | ■ |
| | | | | | |
| **Total** | $ ■ | | | | $ ■ |

**EXHIBIT B**

**Actual Damages (January 1, 2017 to Applicable End Date)**

| Domestic Application | License, Support, and Maintenance (Annual) | Damages Period | | | Total Actual Damages |
|---|---|---|---|---|---|
| | | *Start Year* | *End Year* | *Years* | |
| ***Undisputed Applications*** | | | | | |
| CSI eXPRESS | ■ | 2017 | 2020[1] | 4 | ■ |
| Automated Renewals Process (ARP) | ■ | 2017 | 2020[2] | 4 | ■ |
| Profitability Indicator | ■ | 2017 | 2020[3] | 4 | ■ |
| Decision Point | ■ | 2017 | 2020 | 4 | ■ |
| Commercial Underwriting Workstation (CUW) | ■ | 2017 | 2019 | 3 | ■ |
| Premium Booking | ■ | 2017 | 2020 | 4 | ■ |
| Texas Accident Prevention System (TAPS) | ■ | 2017 | 2019 | 3 | ■ |
| Individual Rate Modification Application (IRMA) | ■ | 2017 | 2019 | 3 | ■ |
| | | | | | |
| ***Disputed Applications*** | | | | | |
| CIS Claims | ■ | 2017 | 2020 | 4 | ■ |
| Cornerstone | ■ | 2017 | 2020 | 4 | ■ |
| | | | | | |
| *Undisputed Total* | ■ | | | | ■ |
| *Disputed Total* | ■ | | | | ■ |
| | | | | | |
| **Total** | ■ | | | | ■ |

---

[1] Claudio Ghislanzoni testified that the CSI eXPRESS solution, which includes the CSI eXPRESS, ARP, and Profitability Indicator applications, still used Blaze Advisor as of the date of his deposition, March 12, 2020. (Dep. Tr., 25:19-26:13.) Defendants' Eighth Supplemental Answer to Interrogatory No. 17 lists the date of removal of Blaze Advisor as approximately January 17, 2020. In both instances Blaze Advisor was used in 2020.

[2] *Id.*

[3] *Id.*

**EXHIBIT C**

**Lost License Fees for Foreign Applications**

| Foreign Application | Region | License, Support, and Maintenance (Annual) | Damages Period | | | Total Lost Fees |
|---|---|---|---|---|---|---|
| | | | *Start Year* | *End Year* | *Years* | |
| *Undisputed Applications* | | | | | | |
| ADAPT | Australia | ■ | 2010 | 2019 | 10 | ■ |
| ADAPT | Europe | | 2010 | 2019 | 10 | |
| ADAPT | U.K. | | 2010 | 2019 | 10 | |
| Evolution | Canada | | 2013 | 2019 | 7 | |
| EZER | U.K. and Europe | | 2012 | 2019 | 8 | |
| | | | | | | |
| *Disputed Applications* | | | | | | |
| Evolution | Australia | ■ | 2016 | 2016 | 1 | ■ |
| Exari | U.K. | | 2013 | 2016 | 4 | |
| Broker Site | Canada | | 2013 | 2019 | 7 | |
| | | | | | | |
| *Undisputed Total* | | ■ | | | | ■ |
| *Disputed Total* | | | | | | |
| | | | | | | |
| **Total** | | ■ | | | | ■ |