UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation, and ACE<br>AMERICAN INSURANCE COMPANY,<br>a Pennsylvania corporation,<br><br>Defendants. | Court File No. 16-cv-1054<br>(WMW/DTS)<br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE UNFAIRLY PREJUDICIAL ARGUMENTS AND EVIDENCE REGARDING THEIR STATUS AS INSURANCE COMPANIES** |

Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum of law in support of their motion *in limine* to preclude unfairly prejudicial arguments and evidence regarding their status as insurance companies.

Courts have long recognized that jurors may harbor "prejudice against insurance companies[.]" *Moses v. Union Pac. R.R.*, 64 F.3d 413, 417 (8th Cir. 1995); *Fidelity & Cas. Co. of N.Y. v. Williams*, 198 F.2d 128, 129 (5th Cir. 1952). For example, in the negligence context, evidence of a person's liability insurance is inadmissible to prove fault because "there is concern that the evidence would be prejudicial — that the mention of insurance invites higher awards than are justified[.]" 1 McCormick on Evid. § 201 (8th ed. July 2022 update); *see also* Fed. R. Evid. 411 & advisory committee note. That is because jurors may weigh insurance companies' perceived capacity to pay a judgment more heavily than the legal merits — or may simply view insurance companies as large, unsympathetic

corporations. *See Eichel v. N.Y. Cent. RR. Co.*, 375 U.S. 253, 255 (1963) ("It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse."); *Charter v. Chleborad*, 551 F.2d 246, 248 (8th Cir. 1977).

FICO may seek to exploit these prejudices by making inflammatory or prejudicial comments about Federal and ACE's status as insurance companies, or by suggesting that Federal and ACE's decision not to accede to FICO's demands for additional license fees is somehow consistent with insurance companies' supposed disinclination to pay claims. The fact that Federal and ACE are insurance companies is irrelevant to the contract and copyright questions at issue here. This contract dispute could have materialized between FICO and any of its customers.

The Court should therefore preclude any prejudicial statements about insurance companies, which will serve no purpose other than to unfairly inflame the jury. *See* Fed. R. Evid. 403; *Un. Prop. & Cas. Ins. v. Couture*, — F. Supp. 3d —, 2022 WL 16798204, at *9 n.5 (D.S.C. Nov. 8, 2022) (cautioning plaintiff's counsel to "proceed with care" in response to motion "to exclude any disparaging statements about insurance companies designed to invoke the passion or prejudice of the jury" (internal quotation marks omitted)).

Dated: January 13, 2023

*/s Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
lgodesky@omm.com

***Attorneys for Federal Insurance Company and ACE American Insurance Company***

3