UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**[PLAINTIFF FAIR ISAAC CORPORATION'S PROPOSED] SECOND PROTECTIVE ORDER REGARDING DISCLOSURE OF SOURCE CODE AND USE OF SOURCE CODE AT TRIAL**

1.  PURPOSE AND LIMITATIONS

    Testimony and exhibits in this trial are likely to include source code for FICO's Blaze Advisor software product that FICO contends contains confidential, proprietary, and trade secret information. FICO has requested and Defendants do not object to the implementation of special protection from unauthorized disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the Court enters the following Second Protective Order, which is to supplement the March 13, 2017 Protective Order (Dkt. No. 44).

2.  DEFINITIONS

    2.1   Protected Materials:

    a)   Source Code: Computer code and associated comments,

documentation, revision histories, formulas, specifications, and schematics that are disclosed to Defendants on the Virtual Desktop Infrastructure ("VDI") environment through the procedures outlined in Sections 4 and 5 below.

b) Scope of Protected Materials: The protections conferred by this Order cover not only Source Code (as defined above), but also (1) any information copied or extracted from Source Code; (2) all copies, excerpts, summaries, or compilations made from or about Source Code; and (3) any testimony, conversations, or presentations by the Parties or their Outside Counsel that contain Source Code. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to Defendants or becomes part of the public domain after its disclosure to Defendants as a result of publication not involving a violation of this Order; (b) any information known to Defendants prior to the disclosure or obtained by Defendants after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to FICO; and (c) source code contained in a copyright registration deposit submitted to the United States Copyright Office.

2.2   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.3     Outside Counsel of Record: Defendants' attorneys who are not employees of either Defendant to this action but are retained to represent or advise Defendants in this action and have appeared in this action on behalf of Defendants or are affiliated with a law firm which has appeared on behalf of Defendants.

2.4     Trial Presentation Consultants: persons that directly support Outside Counsel of Record at trial.

3.      DURATION

Unless a court orders otherwise or FICO agrees otherwise, this Order survives and remains in effect following the final disposition of this action. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.      RESTRICTED ACCESS TO AND USE OF PROTECTED MATERIALS

4.1     Basic Principles: The Protected Materials are to be designated ATTORNEYS' EYES ONLY—SOURCE CODE.  Defendants may use Protected Materials only in connection with this action. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Section 4.3 of this Order.

4.2     Storage:  Access to the Source Code will be provided to Defendants as set forth in Paragraph 5(a) below.  Any Protected Materials made by Defendants must be stored and maintained by Defendants at a location and in a secure manner that ensures

that access is limited to the persons authorized under Section 4.3 of this Order.

    4.3    <u>Disclosure of Protected Materials</u>: Unless otherwise ordered by the Court or permitted in writing by FICO, Protected Materials may only be disclosed to:

    (a)    Defendants' Outside Counsel of Record (Section 2.3) in this action, as well as support staff employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the Protected Materials;

    (b)    Experts of Defendants (Section 2.2) to whom disclosure is reasonably necessary for this litigation, after execution of the Written Assurance of Compliance with Protective Order for Disclosure of Confidential – Attorneys' Eyes Only Information (Dkt. 44 at 19-20);

    (c) the Court and its personnel, including court reporters and their staff; and

    (d) Trial Presentation Consultants (Section 2.4) to whom disclosure is reasonably necessary for this litigation, after execution of the Written Assurance of Compliance with Protective Order for Disclosure of Confidential – Attorneys' Eyes Only Information (Dkt. 44 at 19-20).

5.    <u>TREATMENT OF PROTECTED MATERIALS</u>

    (a) The Source Code will be made available to the persons authorized under Section 4.3 of this Order on a Virtual Desktop Infrastructure ("VDI") environment located on a FICO tenant in the Microsoft Azure cloud.  The individuals who are authorized to view the Source Code under Section 4.3 of this Order will have access to the environment remotely through the Internet using user credentials established in advance.  Plaintiff is unable to physically mark the VDI

environment and documents stored therein as ATTORNEYS' EYES ONLY—SOURCE CODE. The Parties agree that any materials in that VDI environment, or are created from information contained in that VDI environment, are designated ATTORNEYS' EYES ONLY—SOURCE CODE.

(b) The Source Code shall not under any circumstances be copied or stored by Defendants outside the VDI. Protected Materials made by Defendants may only be copied or stored outside the VDI after such Protected Materials have been encrypted by Defendants, it being agreed that the method of transfer outside the VDI shall be for FICO to send such encrypted Protected Materials to Defendants upon their request following encryption by Defendants. All notes, memoranda or documents that incorporate any portion of the Protected Materials must be treated by Defendants as if they are Protected Materials and may not be viewed or stored by Defendants on any computer or device that is connected to the Internet (other than the VDI).

(c) Defendants shall maintain a record of any individual who has inspected any portion of the Protected Materials in electronic or paper form. Defendants shall maintain all paper copies of any printed portions of the Protected Materials in a secured, locked area. Defendants shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Defendants shall only make additional paper copies if such additional copies are (1) necessary for use at trial or (2) necessary for trial preparation.

6. <u>USE AT TRIAL</u>

    (a) The parties, and the Court, will meet and confer regarding admission and use of the Protected Materials at trial.

7. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS</u>

If either Defendant learns that, by inadvertence or otherwise, it has disclosed Protected Materials to any person or in any circumstance not authorized under this Order, the Defendant must immediately (a) notify FICO in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

8. <u>MISCELLANEOUS</u>

    8.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future.

    8.2    <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    8.3    <u>Filing Protected Materials</u>. Without written permission from FICO or a Court order secured after appropriate notice to all interested persons, Defendants may not file in the public record in this action any Protected Materials. Any attempt to file Protected Materials under seal must comply with Local Rule 5.6.

    8.4    <u>Incorporation by Reference</u>. The terms and conditions of the March 13,

2017, Protective Order are incorporated herein by reference and apply to the Protected Materials.

9.      FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Defendant must return all Protected Materials to FICO or, at FICO's option, destroy such material. Whether the Protected Materials are returned or destroyed, Defendants must submit a written certification under oath to FICO by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Materials that were returned or destroyed and (2) affirms that Defendants have not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Materials.

Dated: _____         _____
                                          Judge David T. Schultz
                                          Magistrate Judge