**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) Case No. 16-cv-1054 (DTS) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**JOINT STATEMENT OF THE CASE**

**Plaintiff's Proposed Statement of the Case**

Plaintiff Fair Isaac Corporation proposes the following Statement of the Case redlined from the Court's proposed Summary of the Case jury instruction:

Fair Isaac Corporation ~~(which I will refer to by its familiar nickname FICO)~~ owns a copyrighted software product called Blaze Advisor. Blaze Advisor is a Business Rules Management System that also automates human decision making. Businesses use software applications in connection with making operational decisions and when Blaze Advisor is a part of those applications, Blaze Advisor is the software that automatically applies the business's rules to make the decisions. ~~can use Blaze Advisor software to build their own tailored business decision management applications~~ For example, applications containing Blaze Advisor can make the underwriting decisions in connection with the selling of

insurance. ~~such as helping an insurance company determine what premium it should quote to a potential customer for a specific type of insurance.~~

In 2006, Chubb and Son, a division of Federal Insurance Company, ~~through its division Chubb and Son~~, entered into a ~~contract~~ License Agreement with FICO for permission to use ~~to license from FICO its~~ Blaze Advisor software., ~~which Federal~~ Chubb and Son, the division, ~~used for internal business purposes~~was the manager of many other insurance company subsidiaries, and it used Blaze Advisor in connection with selling insurance in the names of those insurance companies. Federal, of which Chubb and Son was a part, was itself a subsidiary of the Chubb Corporation. ~~At the time of the License Agreement, Federal's parent company was Chubb Corporation (not to be confused with the division called Chubb and Son).~~

In January, 2016, Federal's parent company the Chubb Corporation ~~merged~~ was acquired by ~~into~~ another group of insurance companies called ACE Limited. As a result, Federal was acquired by ~~company called~~ ACE INA Holdings, Incorporated, a subsidiary of ACE Limited. After the acquisition, ACE INA Holdings, Incorporated, changed its name to Chubb INA Holdings, Incorporated, and ACE Limited changed its name to Chubb Limited.

In this lawsuit, FICO claims that ~~this merger constituted a prohibited assignment of the License Agreement and as a result that Federal~~ the acquisition of Federal and its division Chubb & Son was an event deemed to be an assignment, and FICO's consent was required to use Blaze Advisor after the acquisition. FICO claims that failure to request its consent before the acquisition was a breach. ~~breached the License Agreement.~~ FICO also

2

claims that the License Agreement was breached when third party consultants were permitted access and use of Blaze Advisor without FICO's consent and when employees of foreign insurance companies were permitted to use Blaze Advisor to sell insurance. On March 31, 2016, FICO terminated the License Agreement.

Chubb & Son continued to use Blaze Advisor to sell insurance after the termination and later ACE American used Blaze Advisor to sell insurance when it took over Chubb and Son's role as manager. FICO claims that Federal's use of Blaze Advisor infringed FICO's copyrights. FICO also claims that ACE American's use of Blaze Advisor was copyright infringement.

FICO seeks as compensation the lost license fees for the use by foreign insurance companies before termination. FICO also seeks compensation for the lost license fees for the use by foreign insurance companies after termination and for Chubb and Son's domestic use after the termination. FICO also seeks compensation for the lost license fees for the use by ACE American.

~~FICO also claims that because it breached the License Agreement Federal's and ACE's use of Blaze Advisor after the merger infringed FICO's copyright on Blaze Advisor. FICO terminated the License Agreement on March 31, 2016. FICO says the License Agreement allowed it to end the contract. FICO claims that Federal's and Ace's conduct caused damage to FICO.~~

Federal and ACE American deny FICO's claims. Federal says that it did not breach the License Agreement and that, FICO, by terminating the Agreement was the one who breached the contract. Federal also argues that FICO's conduct violated something called

3

the covenant of good faith and fair dealing. Federal claims it was damaged by FICO's breach of the Agreement and of the covenant. <u>FICO contends that it lawfully terminated the License Agreement and did not breach the License Agreement or covenant of good faith and fair dealing.</u>

Finally, Federal and ACE <u>American</u> claim that their use of Blaze Advisor after the ~~merger~~ <u>termination</u> was proper under the License Agreement and therefore they have not infringed FICO's copyrights.

**<u>Defendants' Proposed Statement of the Case</u>**

Defendants Federal Insurance Company and ACE Insurance Company propose the following Statement of the Case redlined from the Court's proposed Summary of the Case jury instruction:

Ladies and gentlemen of the jury: We are about to begin the trial of this case. We will start with the parties' opening statements. Before we do that, though, I must give you some preliminary instructions.

I am sorry that I have to read most of this to you. I know that it is not very exciting to sit and listen to someone read aloud. But there is a reason why I will be reading. Some of what I will be telling you has been agreed on by the parties, and I want to honor their agreement. Most of the rest of what I will be telling you has been recommended by the court of appeals, and I want to be careful to follow that court's recommendations closely.

Let me start by telling you a little more about this case:

4

Fair Isaac Corporation (which I will refer to by its familiar nickname FICO) owns a copyrighted software called Blaze Advisor. ~~Businesses can use Blaze Advisor software to build their own tailored business decision management applications, such as helping an insurance company determine what premium it should quote to a potential customer for a specific type of insurance.~~ <ins>Companies may use a set of rules to execute business decisions. These rules can be implemented manually, by writing code, or by using a software such as Blaze Advisor.</ins>

In 2006 Federal Insurance Company, through its division Chubb and Son, entered into a ~~contract~~ <ins>License Agreement</ins> with FICO to license from FICO its Blaze Advisor software, which Federal used for internal business purposes. At the time of the License Agreement, Federal's parent company was Chubb Corporation (not to be confused with the division called Chubb and Son). In January, 2016, Federal's parent company Chubb Corporation ~~merged into~~<ins>was acquired by</ins> a company called ACE INA Holdings, Incorporated. <ins>After the acquisition, the new company was called Chubb.</ins>

In this lawsuit FICO claims that this ~~merger~~<ins>acquisition</ins> constituted a prohibited assignment of the License Agreement and <ins>that</ins> as a result<ins>,</ins> ~~that~~ Federal breached the License Agreement. ~~FICO also claims that because it breached~~ <ins>On March 31, 2016, FICO purported to terminate</ins> the License Agreement <ins>based on</ins> Federal's ~~and ACE's use of~~<ins>alleged breach. FICO claims that  Federal and its affiliates continued to use</ins> Blaze Advisor after ~~the merger~~<ins>FICO validly terminated the License Agreement and that such use</ins> infringed FICO's copyright on Blaze Advisor. FICO ~~terminated the License Agreement on March 31, 2016.~~

~~FICO says the License Agreement allowed it to end the contract. FICO~~ claims that Federal's and ~~Ace's~~ACE's conduct caused damage to FICO.

Federal and ACE deny FICO's claims. Federal says that it did not breach the License Agreement and that, FICO, by improperly terminating the Agreement and unreasonably withholding consent to use of Blaze after the ACE acquisition, was the one who breached the contract. Federal also argues that FICO's conduct violated ~~something called~~ the covenant of good faith and fair dealing. ~~Federal claims it was damaged by FICO's breach of the Agreement and of the covenant.~~The covenant of good faith a fair dealing is implied in all contracts and requires a party to act in good faith and deal fairly with the other party in fulfilling its contractual obligations.  Federal claims that FICO's conduct caused damage to Federal.

Finally, Federal and ACE claim that neither improperly ~~their~~ used~~ of~~ Blaze Advisor after the ~~merger~~acquisition ~~was proper under the License Agreement~~ and therefore they have not infringed FICO's copyrights.

These are the issues you will have to decide in this trial: Did Federal breach the contract? ~~If it breached the contract did that breach cause damage to FICO and if so, how much?~~ Did either Federal or ACE infringe FICO's copyrights in Blaze Advisor ~~and if~~?  If so, ~~how much~~what actual damage, if any, did FICO sustain as a result?  You will also have to decide whether FICO beached the License Agreement or the covenant of good faith and fair dealing, and, if so, how much damage, if any, did Federal sustain as a result. ~~Finally, I may ask your advice on something called disgorgement of profit. If you find Federal or ACE infringed FICO's copyrights, FICO may be entitled to recover the profits that Federal~~

~~or ACE made from its infringing use. I said I may ask your advice on the amount of profits because I have decided that under the law that issue is for the court rather than the jury to decide. It is not unusual in such a circumstance for a judge to ask the jury for advice because you will have heard the evidence and I want the benefit of your wisdom.~~

|  |  |
|---|---|
|  | MERCHANT & GOULD P.C. |
| DATE: January 25, 2023 | /s/ Joseph W. Dubis |

Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar #393432
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 0398344
Gabrielle L. Kiefer, MN Bar # 0402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com

*Attorneys for Plaintiff FICO*

-AND-

/s/ Leah Godesky
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)
lgodesky@omm.com
Anton Metlitsky (Admitted Pro Hac Vice)
ametlitsky@omm.com
Daryn E. Rush (Admitted Pro Hac Vice)
drush@omm.com
Roxana Guidero (Admitted Pro Hac Vice)
rguidero@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

*Attorneys for Defendants Federal Insurance Company and ACE American Insurance*