# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation,<br><br>Defendant. | Court File No. 16-cv-1054 (WMW/DTS)<br><br>FEDERAL INSURANCE COMPANY'S<br>ANSWERS TO PLAINTIFF'S FIRST<br>SET OF INTERROGATORIES |

To: Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant & Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402.

Defendant Federal Insurance Company ("Federal"), for its Answers to Plaintiff's First Set of Interrogatories, states and alleges as follows:

## GENERAL RESPONSES

1. Federal objects to the Definitions and Instructions to the extent that they seek to impose obligations on Federal that either exceed, or are different from, what is required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules, and the Stipulated E-Discovery Order.

2. Federal's responses and objections are made to the best of Federal's present knowledge, information, and belief. Federal's responses and objections are limited to information within its possession, custody, or control. Federal reserves the right to amend, supplement, or change any responses and objections if and when additional, different, or more accurate information becomes available and/or facts are developed.

3. Federal gives these Responses subject to all objections to admissibility that may be interposed in this proceeding.

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify every person, division, or entity Federal contends is licensed to use the Blaze Advisor® software under the enterprise license granted by the amended Agreement, including in your answer an identification of each of the "other Chubb entities" you contend were perpetually licensed as alleged in ¶ 2 of Federal's Counterclaims, and:

    a. Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 2 of Federal's Counterclaims; and

    b. Identify all documents relating to the allegations of ¶ 2 of Federal's Counterclaims.

**ANSWER:** Answering Interrogatory No. 1, Federal asserts that the license granted in Amendment Two to the Software License and Services Agreement covers Federal Insurance Company and its subsidiaries and divisions.

Answering subpart (a), Federal states that Amendment Two to the Software License and Services Agreement speaks for itself, and that the parties treated the license as including Federal Insurance Company and its subsidiaries and divisions.

Answering subpart (b), Federal identifies the Software License and Services Agreement, Amendment Two to the Software License and Services Agreement, and documents reflecting the parties' course of dealing under the Agreement.

2

**INTERROGATORY NO. 2:** Identify every person, division, or entity, other than employees of the division Chubb & Son, to whom Federal has disclosed the FICO Blaze Advisor® software after June 30, 2006, and:

    a. State the date of each such disclosure;

    b. Identify all Persons known to you to have knowledge of each such disclosure; and

    c. Identify all documents relating to each such disclosure.

**ANSWER:** Federal objects to this Interrogatory as over broad and unduly burdensome. Federal will limit its answer to available information after April 22, 2010. Subject to, and without waiving these objections, Federal refers to documents being produced under Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 3:** Identify every person, division, or entity, other than employees of the division Chubb & Son, of which Federal is aware, that has used the FICO Blaze Advisor® software after June 30, 2006, and:

    a. State the date of first use and, if applicable, the date of last use for each person, division, or entity;

    b. Identify all Persons known to you to have knowledge of each such use; and

    c. Identify all documents relating to each such use.

**ANSWER:** Federal objects to this Interrogatory as over broad and unduly burdensome. Federal will limit its answer to available information after April 22, 2010. Subject to, and without waiving these objections, Federal refers to documents being produced under Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 4:** Identify every software application and/or system utilized by Chubb & Son, a division of Federal, or by any division or entity other than Chubb & Son, that utilizes in any way the Blaze Advisor® software, and:

      a.    Identify all Persons known to you to have knowledge of each such software application and/or system; and

      b.    Identify all documents relating to each such software application and/or system.

**ANSWER:** Federal objects to this Interrogatory as unduly burdensome, over broad, and because it seeks information that is not relevant to any claim or defense in this action.

**INTERROGATORY NO. 5:** Identify all Persons known to you to have knowledge of the negotiation of the parties' Software License and Maintenance Agreement and the two Amendments thereto.

**ANSWER:** Federal identifies Jim Black, a former Federal employee, as a person with knowledge regarding the negotiation of the Agreement. Federal's investigation regarding the negotiation of the Software License and Maintenance Agreement is ongoing. Federal will supplement its answer to this Interrogatory if additional individuals are identified.

**INTERROGATORY NO. 6:** Identify all Persons known to you to have knowledge of Federal's revenues and profits, including the revenues and profits, if any, attributable to the use of the Blaze Advisor® software by Chubb & Son, a division of Federal.

**ANSWER:** Federal objects to this Interrogatory because it seeks information that is not relevant. Federal's profits are not reasonably related to the alleged infringement, as

is necessary for FICO to obtain an award of the defendant's profits. *See, e.g., Francois v. Ruch*, 2006 WL 3735950, at *3 (C.D.Ill. Dec. 15, 2006).

**INTERROGATORY NO. 7:** For each line of business of Chubb & Son, a division of Federal, and for each line of business of any division or entity other than Chubb & Son that uses or has used the Blaze Advisor® software, identify all persons known to you to have knowledge of the business reasons for using the Blaze Advisor® software.

**ANSWER:** Federal objects to the request for "all" persons with knowledge regarding the business reasons for using the Blaze Advisor® software as over broad and unduly burdensome. Subject to, and without waiving these objections, Federal identifies Ramesh Pandey and Henry Mirolyuz as persons with knowledge regarding the business reasons for using the Blaze Advisor® software.

**INTERROGATORY NO. 8:** If Federal contends that FICO has consented to the international use or implementation of the Blaze Advisor® software through a Scope of Work Agreement or otherwise, state the complete factual basis for any such contention, and:

    a. Identify all Persons known to you to have knowledge related to any such contention, and;

    b. Identify all documents relating to any such contention.

**ANSWER:** Federal objects to Interrogatory No. 8 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and

5

premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO consented to Federal's use of the Blaze Advisor software by assisting with the implementation of the software in London. FICO and Federal negotiated a Scope of Work agreement relating to the implementation, and FICO employees were on-site in London to assist with the installation of the software. FICO also approved Federal's use of the Blaze Advisor software by Chubb Specialty Insurance in Canada. Federal sent FICO information regarding the use of the software by Chubb Specialty Insurance in Canada, and worked closely with FICO on the implementation of the software. FICO also participated in a demonstration of the software in Latin America.

FICO's conduct demonstrates its consent to use of the Blaze Advisor® software with subsidiaries and divisions within Federal domestically and internationally. Federal also refers to documents being produced pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 9:** State the complete factual basis for Federal's contention in ¶ 7 of Federal's Counterclaims that "Federal did not expand its use of the [Blaze Advisor®] software following the merger," and:

    a. Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 7 of Federal's Counterclaims; and

    b. Identify all documents relating to the allegations of ¶ 7 of Federal's Counterclaims.

**ANSWER:** Federal objects to Interrogatory No. 9 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that it has not changed the extent or nature of use of the Blaze Advisor® software since the merger with ACE INA Holdings, Inc. on January 15, 2016. The teams and business uses of the Blaze Advisor software did not change as a result of the merger.

Answering subparagraph (a), Federal identifies Ramesh Pandey, Henry Mirolyuz and Tamra Pawolski.

Answering subparagraph (b), Federal refers to documents being produced pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 10:** State the complete factual basis for Federal's contention in ¶ 8 of Federal's Counterclaims that "Federal's use of the Blaze Advisor software post-merger is covered by the license Federal purchased from FICO in the Agreement," and:

    a. Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 8 of Federal's Counterclaims; and

7

    b. Identify all documents relating to the allegations of ¶ 8 of Federal's Counterclaims.

**ANSWER**: Federal objects to Interrogatory No. 10 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two to the Software License and Maintenance Agreement. Federal paid over $1 million for the license. The license allows Federal to use the software enterprise-wide, with no limit on the number of users, and with no end date.

On January 15, 2016, Federal's parent corporation, The Chubb Corporation, merged with ACE INA Holdings, Inc. FICO wrongly purported to terminate the license agreement after the merger. FICO did not have the right to terminate the license. The "No Assignment" clause in the contract required that Federal seek consent from FICO to continue using the software after the merger only if Chubb & Son underwent a change in control (which it didn't), and only if Federal expanded its use of the software as a result of the merger (which it didn't).

FICO breached the contract when it attempted to terminate without having the right to do so. The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references documents being produced by Federal that demonstrate no change in the use of the software pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 11:** State the complete factual basis for Federal's contention in ¶ 10 of Federal's Counterclaims that "Federal did not need consent from FICO to continue using the Blaze Advisor software," and:

    a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 10 of Federal's Counterclaims; and

    b.    Identify all documents relating to the allegations of ¶ 10 of Federal's Counterclaims.

**ANSWER:** Federal objects to Interrogatory No. 11 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if

contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, Federal states that FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two of the Software License and Maintenance Agreement. Federal paid over $1 million for the license. The license allows Federal to use the software enterprise-wide, with no limit on the number of users, and with no end date.

On January 15, 2016, Federal's parent corporation, The Chubb Corporation, merged with ACE INA Holdings, Inc. FICO wrongly purported to terminate the license agreement after the merger. FICO did not have the right to terminate the license. The "No Assignment" clause in the contract required that Federal seek consent from FICO to continue using the software after the merger only if Chubb & Son underwent a change in control (which it didn't), and only if Federal expanded its use of the software as a result of the merger (which it didn't).

FICO breached the contract when it attempted to terminate without having the right to do so. The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references

documents being produced by Federal that demonstrate no change in the use of the software pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12:** State the complete factual basis for Federal's contention in ¶ 13 of Federal's Counterclaims that "FICO's conduct in refusing to consent to continued use of the [Blaze Advisor®] software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational," and:

    a. Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 13 of Federal's Counterclaims; and

    b. Identify all documents relating to the allegations of ¶ 13 of Federal's Counterclaims.

**ANSWER:** Federal objects to Interrogatory No. 12 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end. Federal also objects to Interrogatory No. 12 on the grounds that it calls for a legal conclusion.

Subject to, and without waiving these objections, Federal states that FICO announced that it would not consent to Federal's continued use of the software in a letter from Thomas F. Carretta to Joseph F. Wayland dated January 27, 2016. FICO decided that it would not consent to Federal's continued use of the software irrationally – FICO

11

either did not have full knowledge of the facts when it told Federal that it would not consent, or FICO refused to consent even though it knew that Federal's use of the software had not changed. In either case, the decision to refuse consent was arbitrary and irrational because Federal's use of the software did not increase.

Federal employees told FICO numerous times that Federal's use of the Blaze Advisor software did not change after the merger. Even though FICO knew that Federal's use of the software had not changed, FICO continued to demand money. FICO employees explained that their demand for additional money was based on their pricing model, not Federal's use of the software. FICO's pricing model is irrelevant to Federal's right to continue using the software post-merger in the same manner Federal did prior to the merger.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's conduct.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, the January 27, 2016 letter from Thomas F. Carretta to Joseph Wayland, and documents reflecting the post-merger communications between the parties pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13:** State the complete factual basis for Federal's contention in ¶ 15 of Federal's Counterclaims that FICO's "purported termination violated the terms of the Agreement and was inoperative.... FICO breached the Agreement by purporting to terminate the Agreement without the right to do so," and:

    a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 15 of Federal's Counterclaims; and

b.   Identify all documents relating to the allegations of ¶ 15 of Federal's Counterclaims.

**ANSWER:** Federal objects to Interrogatory No. 13 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged. Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation. Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.

Subject to, and without waiving these objections, FICO granted Federal a fully-paid, perpetual license to the Blaze Advisor software in 2006 in Amendment Two to the Software License and Maintenance Agreement. Federal paid over $1 million for the license. The license allows Federal to use the software enterprise-wide, with no limit on the number of users.

FICO breached the contract when it attempted to terminate without having the right to do so. The contract remains in force and permits Federal to use the Blaze Advisor software enterprise-wide, without regard to the number of seats.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's wrongful attempt to terminate the license.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, and further references documents being produced by Federal pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 14:** State the complete factual basis for Federal's contention in ¶¶ 21 and 27 of Federal's Counterclaims that Federal has been damaged by FICO's alleged breach of the Agreement, and:

    a.    Identify each type of damages claimed;

    b.    Identify the amount claimed;

    c.    Identify all Persons known to you to have factual knowledge relating to Federal's claim for damages; and

    d.    Identify all documents relating to Federal's claim for damages.

**ANSWER:** FICO's breach caused Federal to incur attorneys' fees and costs defending this lawsuit. The attorneys' fees and costs Federal is incurring in defense of this lawsuit are a direct and proximate result of FICO's breach. The amount of attorneys' fees and costs incurred to defend this lawsuit continues to accrue.

Dated: May 11, 2017

_____
Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

*Attorneys for Defendant*

61194280_2.docx