# EXHIBIT 1

```
 1                UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
 2   -------------------------------------------------------
     Fair Isaac Corporation, a      )
 3   Delaware corporation,          )  File No. 16-cv-1054
                                    )           (DTS)
 4         Plaintiff,                )
                                    )
 5   vs.                            )  Minneapolis, Minnesota
                                    )  December 13, 2022
 6   Federal Insurance Company, an  )  3:56 p.m.
     Indiana corporation, and ACE   )
 7   American Insurance Company, a  )
     Pennsylvania corporation,      )
 8                                  )
           Defendants.              )
 9   -------------------------------------------------------

10           BEFORE THE HONORABLE DAVID T. SCHULTZ
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
11                      (MOTION HEARING)
     APPEARANCES:
12   For the Plaintiff:         Merchant & Gould, PC
                                ALLEN W. HINDERAKER, ESQ.
13                              MICHAEL A. ERBELE, ESQ.
                                PAIGE S. STRADLEY, ESQ.
14                              HEATHER J. KLIEBENSTEIN, ESQ.
                                150 South Fifth Street
15                              Suite 2200
                                Minneapolis, Minnesota 55402
16
     For the Defendants:        O'Melveny & Myers, LLP
17                              LEAH GODESKY, ESQ.
                                7 Times Square
18                              New York, New York 10036

19                              Fredrikson & Byron
                                TERRENCE J. FLEMING, ESQ.
20                              RYAN C. YOUNG, ESQ.
                                200 South Sixth Street
21                              Suite 4000
                                Minneapolis, Minnesota 55402
22
     Court Reporter:            PAULA K. RICHTER, RMR-CRR-CRC
23                              300 South Fourth Street
                                Minneapolis, Minnesota 55415
24
        Proceedings reported by certified stenographer;
25   transcript produced with computer.
```

1               We absolutely agree that defendants' total revenue
2     is relevant to FICO's pricing model, and so that will be
3     considered if the jury is evaluating fair market value,
4     actual damages.  But it's a completely different thing to
5     say, as FICO does, that in order to determine fair market
6     value, the jury also needs to consider the specific profits
7     that defendants earned from use of Blaze.  That's different.
8     That's a different inquiry.  Not just total revenue of
9     defendants, but actually how many profits were defendants
10    earning from Blaze, and that's blurring the distinction
11    between fair market value and disgorgement damages.
12              THE COURT:  But wait a second.  How does that
13    advance your argument?  They're saying when it comes to the
14    hypothetical negotiation, we get to tell the jury, you know,
15    the fact that they're a 13 billion or whatever dollar a year
16    organization is relevant to the license fee we would charge
17    and it's relevant to their expectation of the license fee
18    they would have to pay, so that figure -- that evidence
19    about just total revenue is coming in for that purpose.
20              And then on the disgorgement, 504(b) says you get
21    to dump it into evidence.  You know, here's the 13 billion;
22    you sort out what's profit and what's related or not
23    related.
24              MS. GODESKY:  Your Honor, there's a very
25    different -- it's very different for FICO to say -- present

1               THE COURT:  Okay.  Thank you.

2               Ms. Godesky.

3               MS. GODESKY:  Godesky.  May I make just four brief

4       points, Your Honor?

5               THE COURT:  Yes.  Godesky?

6               MS. GODESKY:  Godesky, yes.

7               So four points, if I may.  Number one, we agree

8       they have every right to try their case on actual damages.

9       They can put out their $47 million figure and the evidence

10      that they say supports it.  No one is talking about limiting

11      the evidence on that front.  What we are talking about is

12      there's a separate issue with numbers that dwarf that $47

13      million figure that the Court has decided the Court will not

14      even decide.  And so the anchoring effect, the possibility

15      of split-the-baby considerations, right, all of those things

16      that are as old as time, and *Uniloc* is not the only case

17      that raises them, should absolutely factor into the decision

18      here.

19              Number two, I heard a lot of talk from counsel

20      about this concept of intrinsic value, and they spend a lot

21      of time in their papers talking about how the intrinsic

22      value of Blaze is relevant to the hypothetical negotiations

23      for the license fee, and I don't know where that came from.

24      There is no authority cited in their papers for this idea

25      that intrinsic value is relevant to calculating fair market