UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 |
| Defendants. | |

Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum of law in opposition to Fair Isaac Corporation's ("FICO") Motion *in Limine* No. 1 (Dkt. 936).

## INTRODUCTION

FICO has retained Brooks Hilliard to testify as an expert witness on "the normal customs and practices of the commercial software industry" and Blaze Advisor's "contribut[ion] to Federal's revenue[.]" Declaration of Leah Godesky Ex. 1 ("Hilliard Rep.") at 5-6. In discovery, Defendants learned that one of Hilliard's prior clients sued him in 2017 for, among other things, falsely claiming that he was "familiar with modern business systems and software" and "fraudulent[ly] represent[ing] the number of hours he worked[.]" Dkt. 340 Ex. 4 ¶¶ 25, 36. FICO moves to exclude evidence of this dispute under Federal Rule of Evidence 403 as not probative of Hilliard's qualifications. Dkt. 938 at 1. But because the fraud claims against Hilliard are probative of his character for

truthfulness, which under Rule 608 any witness puts at issue in taking the stand, Defendants may inquire about them. *See* Fed. R. Evid. 608(b). Contrary to FICO's claims, such questioning will take only a few minutes; it will not waste time. And, as precedent makes clear, the fact that the claims against Hilliard are allegations neither renders them inadmissible nor risks confusing the jury. Indeed, the Court has already rejected FICO's irrelevance argument when it granted Federal's motion to compel discovery concerning Hilliard's dispute with his prior client. The Court should therefore deny FICO's motion.

## BACKGROUND

Brooks Hilliard will testify at trial in rebuttal to Defendants' experts Steven Kursh and William McCarter. Relying on his experience with "the selection, implementation and ongoing support of business technology applications," he will testify that FICO's actions in this matter have been "consistent with the normal customs and practices of the commercial software industry" and that "Blaze Advisor provided critical capability, contributing to Federal's revenue[.]" Hilliard Rep. 3, 5-6.

In 2017, a company called Versata Software engaged Hilliard as an expert witness on similar topics, and looked to rely on his claimed experience with "litigation related to business-oriented systems and software." Dkt. 340 Ex. 4 ¶ 5. That engagement soured. Hilliard sued Versata for unpaid invoices. *Id.* Ex. 3 at 2. Versata counterclaimed for breach of contract and fraud, alleging that Hilliard falsely represented that he was "familiar with modern business systems and software" and that he "did not work the nearly 350 hours" for which he billed Versata. *Id.* Ex. 4 ¶¶ 18, 25. In discovery in our case, Hilliard and FICO refused to provide information concerning that dispute. Dkt. 584 at 2. Defendants

2

successfully moved to compel. *Id.* at 6-7. The Court held that documents related to the dispute are relevant and ordered FICO to produce all documents from the dispute "that relate to Hilliard's qualifications and expertise." *Id.* at 6.

FICO now moves to preclude Defendants from introducing evidence regarding Hilliard's dispute with Versata. Dkt. 938 at 1.

## ARGUMENT

Defendants may question Hilliard about Versata's claim that he committed fraud, including misrepresenting his expertise and qualifications, as a retained expert. A party may ask on cross-examination about instances of a witness's conduct that bear on his credibility. Such questioning poses no risk of unfair prejudice, juror confusion, or waste of time. Furthermore, the Court has already determined that this evidence is probative by granting Defendants' prior motion to compel information about the dispute.

**I.    DEFENDANTS MAY INQUIRE INTO HILLIARD'S DISPUTE WITH VERSATA BECAUSE IT IS PROBATIVE OF HIS CHARACTER FOR TRUTHFULNESS**

On cross-examination, a party may "inquire[] into" "specific instances of a witness's conduct" "if they are probative of the character for truthfulness or untruthfulness of . . . the witness[.]" Fed. R. Evid. 608(b); *see United States v. Clarke*, 564 F.3d 949, 958 (8th Cir. 2009).

That Hilliard has been sued for fraud in connection with his work as an expert witness is plainly relevant to impeach his credibility. *See Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) (Burger, J.) ("[A]cts of deceit . . . are universally regarded as conduct which reflects adversely on a [witness's] honesty and integrity."). Versata,

3

Hilliard's previous client, accused him of lying about his industry expertise, padding his hours, and misrepresenting his qualifications as an expert. It alleged, among other things, that Hilliard misrepresented his expertise to such an extent that he was incapable of performing the tasks for which he was hired and the client was required to retain another expert in the litigation. *See* Dkt. 340 Ex. 4 ¶¶ 4-5, 11-12, 16-17, 25-27. From that, a jury could readily conclude that he is not a reliable witness.

FICO argues that the Versata fraud claims are not probative of Hilliard's qualifications because, while Versata hired him as an expert on technical matters, here he will testify regarding software-industry practices. Dkt. 938 at 3-5.[1] That argument misses the point. Whatever their relevance to Hilliard's qualifications, Versata's fraud claims are probative of Hilliard's credibility and character for untruthfulness. Fed. R. Evid. 608(b); *United States v. Alston*, 626 F.3d 397, 403 (8th Cir. 2010). And, in any event, such arguments by FICO would only concern the weight of the evidence, not its admissibility.

Although FICO takes great pains to distinguish the topics on which Versata sought Hilliard's testimony from the topics covered in his report in this case, that is a red herring. Versata accused Hilliard of misrepresenting his expertise on, among other things, "computers and information technology" as well as "litigation related to business oriented

---

[1] FICO's assertion that Hilliard's opinions in the Versata dispute were "technical in nature" is belied by the fact that Versata alleged that Hilliard "holds himself out to be an expert on numerous information technology subjects" and misrepresented his qualifications regarding technology subjects generally, including "litigation related to business-oriented systems and software." Dkt. 340, Ex. 4, ¶ 5. Versata further alleged that, after hiring Hilliard, it learned that his expertise "does not stretch to modern, or even not-so-modern computer systems." *Id.*, ¶ 11.

systems and software." Dkt. 340 Ex. 4 ¶¶ 4-5.  Likewise, in this case, Hilliard purports to base his opinion on his expertise in "the implementation and performance of various business software applications[,]" his experience "designing, developing, marketing and supporting a wide variety of computer products[,]" and his credential as a "Certified Computing Professional[.]"  Hilliard Rep. 3.  And he intends to testify that "Blaze Advisor provided critical capability, contributing to Federal's revenue[.]" *Id.* at 31.  Despite FICO's contention that this testimony "is not technical in nature[,]" Dkt. 938 at 4, Hilliard will base it on his understanding of "business computing terms of art" that have "special meaning to information technology professionals[,]" Hilliard Rep. 31.  In short, FICO intends to trade on Hilliard's technical expertise.  A previous client's accusation of fraudulently misrepresenting that expertise would justify a jury in questioning his qualifications.

FICO's point appears to be that Defendants may not relitigate this Court's *Daubert* conclusion that Hilliard is qualified to testify.  *See* Dkt. 938 at 7.  But Defendants are not seeking here to bar Hilliard from testifying, and it is *FICO* that has reintroduced this issue by filing its motion *in limine*, not Defendants.  In any event, the Versata dispute was not before the Court on the *Daubert* motion.  With Federal's *Daubert* challenge pending before the District Judge, the Court *granted* Federal's motion to compel on this very issue—it ordered documents related to the Versata dispute produced and a second deposition be taken of Hilliard only after the Court decided the *Daubert* motion.  *See* Dkt. 584 at 6-7 (ordering production of documents and deposition related to Versata dispute only if "the District Court Judge enters an order denying Federal's motion to exclude Hilliard's expert report and testimony.").  Defendants have no intention of relitigating this Court's *Daubert*

5

ruling.[2] But the consequence of that ruling is that Federal may "challenge" Hilliard's testimony through "vigorous cross-examination." Dkt. 731 at 22 n.5. Federal is thus entitled to impeach Hilliard's qualifications to convince the jury to discount his testimony.

FICO, missing this distinction, relies on a series of cases holding that a party may not admit into evidence another court's *Daubert* order excluding a particular witness's testimony. Dkt. 938 at 5-7. Whatever those cases' merits, they are inapposite here. Questioning Hilliard on Versata's fraud allegations would not "be an attempt to circumvent [the judge's] role as the 'gatekeeper' in this case by asking jurors to substitute . . . the judgment of another court, in another case, about whether or not an expert is qualified." *Estate of Thompson v. Kawasaki Heavy Indus.*, 933 F. Supp. 2d 1111, 1152 (N.D. Iowa 2013). Such questioning would, instead, be the kind of "vigorous cross-examination" that FICO's own cases—and the Supreme Court—identify as the "appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993)); *Ecolab USA Inc. v. Diversey, Inc.*, 2015 WL 2353018, at *9 (D. Minn. May 15, 2015) (through cross-examination "the jury will be able to assess the credibility and reliability" of an expert).

---

[2] Likewise, FICO may not relitigate its *Daubert* losses, as it attempts to do in its Motion *in Limine* No. 4. Dkt. 958.

## II. INQUIRING INTO HILLIARD'S DISPUTE WITH VERSATA WOULD NOT UNFAIRLY PREJUDICE FICO, CONFUSE THE JURY, OR WASTE TIME

Asking Hilliard about the Versata fraud claims would not unfairly prejudice FICO, confuse the jury, or waste time. *See United States v. Amahia*, 825 F.2d 177, 180-81 (8th Cir. 1987).

FICO warns that permitting Defendants to inquire into the Versata fraud claims would occasion a "mini-trial" in which "one or both parties would need to explain" (1) the nature of Hilliard's engagement by Versata, (2) both parties' allegations, and (3) the factual differences between this case and Versata's. Dkt. 938 at 7-8. That fear is misplaced. Questioning Hilliard on Versata's claims will take up only a few minutes of the trial, not hours of testimony. Indeed, under Rule 608(b), evidence of the Versata fraud claims would be limited to Hilliard's answers on cross-examination and, if necessary, redirect. Consequently, there is little risk of a time-wasting mini-trial because the parties' presentations will be limited to colloquies with Hilliard.

FICO also suggests that the Versata fraud claims, as allegations, are unfairly prejudicial and confusing because "[a] jury is unlikely to fully appreciate" that they have not been proved. Dkt. 938 at 8. But FICO cites no case holding that allegations are inadmissible under Rule 608(b). "[T]he basis for questions under Rule 608(b) does not have to be proved as a fact before a good faith inquiry can be made." *United States v. Oti*, 872 F.3d 678, 694 (5th Cir. 2017) (internal quotation marks omitted); *see also United States v. Parker*, 790 F.3d 550, 559 (4th Cir. 2015) ("Although the allegations . . . had not yet been proven at the time of the defendants' trial, the alleged conduct . . . unquestionably

7

[was] probative of [the witness's] character for untruthfulness under Rule 608(b)."). Any fair questioning about Versata's claims will make clear they are allegations. And FICO will have ample opportunity through argument and redirect to point out that the fraud claims against Hilliard were not proved. Moreover, FICO underestimates the jury's capacity to understand the claims against Hilliard. As this Court recently emphasized in denying Defendants' motion to bifurcate the trial, "jurors bring a collective wisdom, common sense, and experience as well as intelligence and dedication to their task." Dkt. 935 at 16. Consequently, "[a]ny potential confusion can be remedied by good lawyering, cautionary warnings, [or] limiting instruction[.]" *Id.* The jury can be trusted to appropriately weigh Versata's allegations against Hilliard.

## CONCLUSION

The Court should deny FICO's Motion *in Limine* No. 1.

Dated:  January 27, 2023                    *s/ Terrence J. Fleming*

                                                                                     _____

Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)
lgodesky@omm.com
Anton Metlitsky (Admitted Pro Hac Vice)
ametlitsky@omm.com
Daryn Rush (Admitted Pro Hac Vice)
drush@omm.com
Roxana Guidero (Admitted Pro Hac Vice)
rguidero@omm.com

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

***Attorneys for Federal Insurance Company and ACE American Insurance Company***

9