UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 |
| Defendants. | |

---

Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum of law in opposition to Fair Isaac Corporation's ("FICO") Motion *in Limine* No. 2 (Dkt. 942).

## INTRODUCTION

FICO moves to exclude the Court's summary judgment order. The Court should deny FICO's motion for two independent reasons. First, FICO has informed Defendants that *it* will seek to admit the summary judgment order at trial by including the order on its exhibit list, making any objection to Defendants' inclusion of the same on their list particularly perplexing. FICO may not seek to preclude Defendants from using evidence it plans to use itself. Second, the summary judgment order constitutes relevant and admissible evidence of the procedural history of this case.

## BACKGROUND

On March 23, 2020, the Court granted in part Defendants' motion for summary judgment. Dkt. 731 at 1. FICO had, for years, argued that Defendants breached the License Agreement by installing Blaze Advisor outside of the United States. *Id.* at 37. The Court squarely rejected that claim, holding that "the License Agreement unambiguously lacks a geographic restriction on the installation or physical location of Blaze Advisor[.]" *Id.* at 41.

On January 9, 2023, the parties exchanged exhibit lists. Both lists included the summary judgment order. That same week, FICO moved *in limine* to preclude Defendants from introducing the order at trial. On January 25, FICO included the summary judgment order on the exhibit list it filed with the Court. Dkt. 1009 at 25.

## ARGUMENT

The Court should deny FICO's motion *in limine* to exclude the summary judgment order. First, FICO has indicated that it intends to admit the order, so it should not be permitted to prevent Defendants from doing so. Second, the summary judgment order constitutes relevant evidence of the procedural history of this litigation.

### I.  FICO INTENDS TO INTRODUCE THE SUMMARY JUDGMENT ORDER AT TRIAL

FICO included the summary judgment order on its exhibit list, marked as number P-0669. Dkt. 1009 at 25. FICO may not plan to use the order at trial while seeking to prevent Defendants from doing the same. As a matter of basic fairness, the Court should deny FICO's motion.

## II. THE SUMMARY JUDGMENT ORDER CONSTITUTES RELEVANT EVIDENCE OF THIS LITIGATION'S PROCEDURAL HISTORY

FICO contends that the summary judgment order is not evidence. Dkt. 944 at 2. That is incorrect. The summary judgment order is evidence of the procedural history of this case. In it, the Court explained that FICO claimed breach of contract on the ground that "implicit in the License Agreement is a geographical restriction that limits the installation and physical location of Blaze Advisor to the United States." Dkt. 731 at 38. The Court then dismissed that claim, concluding that "the License Agreement unambiguously lacks a geographic restriction on the installation or physical location of Blaze Advisor[.]" *Id.* at 41. That FICO—starting even before it filed suit—pressed a breach of contract theory that the License Agreement "unambiguously" foreclosed is relevant to Defendants' claim that FICO violated the covenant of good faith and fair dealing. It tends to support the argument that FICO used a claim it knew to be meritless as a ploy to extract additional license fees from Defendants. Given Defendants' counterclaim, the jury is entitled to hear evidence that FICO pursued this territory claim for years, and that the Court found it to be baseless.

FICO presumes that "Defendants intend to reference and '[wave] around' portions of the Order they view as favorable in their opening statement to confuse and improperly influence the jury, or to negatively characterize FICO." Dkt. 944 at 2. It suggests that Defendants may seek to introduce the summary judgment order's discussion of the burden of proof under 17 U.S.C. § 504(b), "the differing standard for summary judgment versus the standard of proof at trial[,]" or "bits and pieces of facts from the Order[.]" *Id.* at 4.

3

Defendants will not do so. Indeed, Defendants would have no objection to redacting or otherwise not publishing to the jury these portions of the order. Defendants will refer to the summary judgment order at trial only to make the point that FICO spent four years pursuing a baseless breach of contract claim.

Used for this purpose—and not for its "sixty-two pages of legal citations, analysis of conflicting legal arguments, and legal conclusions[,]" *id.* at 3—the summary judgment order will neither confuse the jury nor prejudice FICO. There will be no need for "[t]he parties and the Court . . . to try to explain to the jury the legal procedure of summary judgment, both parties' arguments presented in their summary judgment briefing and Daubert briefing, what the actual outcome of each issue was and the full context for the same, both sides' view of disputed facts, etc." *Id.* at 5. Defendants will simply use the order to prove that a prior claim in this lawsuit was dismissed. To that end, Defendants will not "cherry pick statements of the Court favorable to them to improperly influence the jury[.]" *Id.* Defendants will simply use the summary judgment order to recount undisputed facts about the history of this case.

### III. IN THE ALTERNATIVE, THE COURT SHOULD EXPLAIN CERTAIN UNCONTESTED FACTS TO THE JURY

If the Court determines that the summary judgment order is inadmissible, it should inform the jury of the following uncontested facts:

- FICO alleged when it filed this litigation on April 21, 2016, that the Blaze Advisor License Agreement limited Federal's use of Blaze Advisor to the United States territory.

- FICO pursued its theory that the Blaze Advisor License Agreement limited Federal's use of Blaze Advisor to the United States territory throughout nearly four years of litigation.

- On March 23, 2020, the Court ruled that "the [Blaze Advisor] License Agreement unambiguously lacks a geographic restriction on the installation or physical location of Blaze Advisor." Dkt. 731 at 41.

## CONCLUSION

The Court should deny FICO's Motion *in Limine* No. 2.

Dated:  January 27, 2023

*s/ Terrence J. Fleming*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
lgodesky@omm.com

***Attorneys for Federal Insurance Company and ACE American Insurance Company***