UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FAIR ISAAC CORPORATION, | Court File No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 |
| Defendants. | |

---

Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum of law in opposition to Fair Isaac Corporation's ("FICO") Motion *in Limine* No. 3 (Dkt. 948).

## INTRODUCTION

FICO and Defendant ACE entered into a license agreement in 2006 that permitted ACE to use Blaze Advisor on a single named computer application. FICO moves to preclude Defendants from using the existence of this agreement "as a defense" to copyright infringement. Dkt. 950 at 1. Defendants, however, do not plan to use the FICO-ACE agreement for that purpose. Instead, they will use the FICO-ACE agreement for four limited purposes: to show that (1) ACE was a known entity to FICO, (2) ACE was using Blaze Advisor only minimally at the time it acquired Federal, (3) a variety of alternatives to Blaze Advisor exist, and (4) ACE was a smaller FICO client than Federal. The FICO-ACE agreement is relevant and admissible to prove each of these facts, which are directly

relevant to disputed issues the jury will be asked to resolve. And its admission poses no risk of unfair prejudice or juror confusion.

## BACKGROUND

In 2006, FICO licensed ACE to use Blaze Advisor in connection with a single computer application. Defendants have included the FICO-ACE agreement on their exhibit list and intend to introduce it at trial. FICO has moved to exclude it, contending it is "not applicable to this case[,]" that Defendants have "waived any reliance" on it, and that it therefore cannot be the basis of "any defense to copyright infringement[.]" Dkt. 950 at 1, 3.

## ARGUMENT

### I.   THE FICO-ACE AGREEMENT IS RELEVANT

Defendants do not intend to admit the FICO-ACE agreement as a direct defense to FICO's copyright infringement claim against ACE. Rather, they will introduce it as tending to prove four discrete facts:

1. ACE was a known party to FICO, as they have entered into a contract before. This fact illustrates the parties' course of dealings and tends to furnish a motive for FICO's post-acquisition conduct.

2. ACE was not interested in expanding Federal's use of Blaze Advisor after the acquisition, because ACE already used Blaze Advisor, but only minimally. This fact tends to rebut the claim that Federal's use of Blaze Advisor expanded after the acquisition.

3. Market and in-house alternatives to Blaze Advisor exist, as suggested by ACE's minimal usage of Blaze, and its use of other software to operate its own pre-merger systems. This fact tends to show that Blaze Advisor was not an important or irreplaceable part of Federal's business.

4. FICO understood that ACE acquiring Federal put FICO at risk of losing business because ACE's usage of Blaze Advisor was minimal. This fact tends to explain why FICO was eager to extract additional license fees from Federal and terminate its license agreement in bad faith.

The FICO-ACE agreement is relevant to prove each one of these facts. *See* Fed. R. Evid. 401(a) ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[.]").

## II.   ADMITTING THE FICO-ACE AGREEMENT WILL NOT CONFUSE THE JURY OR PREJUDICE FICO

Admitting the FICO-ACE agreement for these purposes will not confuse the jury or prejudice FICO. FICO appears concerned that the jury will view the FICO-ACE agreement as a defense to FICO's copyright-infringement claim against ACE. Dkt. 950 at 5-6. Defendants, however, do not intend to argue to the jury that the agreement furnishes such a defense. As explained, Defendants will admit the agreement to prove four discrete facts. There is no reason to think that the jury will be confused by that presentation. Moreover, as the Court has recently observed, the jury "'undoubtedly is capable of properly compartmentalizing the evidence'" and "[a]ny potential confusion can be remedied by good lawyering, cautionary warnings, [or] limiting instruction[.]" Dkt. 935 at 16 (quoting *United States v. Davis*, 882 F.2d 1334, 1340 (8th Cir. 1989)).

## III.   DEFENDANTS HAVE NOT WAIVED RELIANCE ON THE FICO-ACE AGREEMENT

FICO makes the perplexing claim that Defendants have waived any reliance on the FICO-ACE agreement. *See* Dkt. 950 at 3-4. To the extent FICO argues that Defendants have waived an affirmative defense based on FICO-ACE agreement, Defendants do not

3

intend to assert such a defense. Beyond that, FICO identifies no authority—and Defendants have found none—indicating that a party can "waive reliance" on a piece of evidence timely disclosed on its exhibit list in advance of trial.

## **CONCLUSION**

The Court should deny FICO's Motion *in Limine* No. 3.

Dated: January 27, 2023                                        *s/ Terrence J. Fleming*

_____
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)
lgodesky@omm.com
Anton Metlitsky (Admitted Pro Hac Vice)
ametlitsky@omm.com
Daryn Rush (Admitted Pro Hac Vice)
drush@omm.com
Roxana Guidero (Admitted Pro Hac Vice)
rguidero@omm.com

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

***Attorneys for Federal Insurance Company and ACE American Insurance Company***

5