# EXHIBIT 1

*Declaration of Leah Godesky*

```
 1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
 2
    ----------------------------------------------------------
 3                                  )
    Fair Isaac Corporation, a       )  File No. 16-CV-1054
 4  Delaware corporation,           )  (WMW/DTS)
                                    )
 5         Plaintiff,               )
                                    )  Minneapolis, Minnesota
 6  vs.                             )  May 8, 2019
                                    )  2:05 p.m.
 7  Federal Insurance Company, an   )  Courtroom 9E
    Indiana corporation, and Ace    )
 8  American Insurance Company, a   )
    Pennsylvania corporation,       )
 9                                  )
           Defendants.              )
10  ----------------------------------------------------------

11          BEFORE THE HONORABLE DAVID T. SCHULTZ
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
12                     (MOTIONS HEARING)

13  APPEARANCES
     For the Plaintiff:      Merchant & Gould
14                           ALLEN W. HINDERAKER, ESQ.
                             HEATHER J. KLIEBENSTEIN, ESQ.
15                           80 South 8th Street
                             Suite 3200
16                           Minneapolis, MN 55402

17   For the Defendants:     Fredrikson & Byron, PA
                             TERRENCE J. FLEMING, ESQ.
18                           CHRISTOPHER D. PHAM, ESQ.
                             LEAH C. JANUS, ESQ.
19                           200 South 6th Street
                             Suite 4000
20                           Minneapolis, MN 55402-1425

21   Court Reporter:         MARIA V. WEINBECK, RMR-FCRR
                             1005 U.S. Courthouse
22                           300 South Fourth Street
                             Minneapolis, Minnesota 55415
23

24
        Proceedings recorded by mechanical stenography;
25   transcript produced by computer.
```

1  start there.

2          I think what might be most helpful, actually I was
3  going to start with your motion to compel, but I remember
4  now your motion to strike was filed first, correct,
5  Ms. Kliebenstein?

6          MS. KLIEBENSTEIN:  Yes, Your Honor.

7          THE COURT:  All right.  Then we'll start with the
8  motion to strike.

9          MS. KLIEBENSTEIN:  Good afternoon, Your Honor.

10         THE COURT:  Good afternoon.

11         MS. KLIEBENSTEIN:  Our motion to strike seeks the
12  relief of striking 16 witnesses that were added to the
13  defendant's second supplemental initial disclosures at the
14  close of fact discovery on the afternoon of March 22nd.
15  These 16 new witnesses were not previously identified as
16  witnesses that Federal may use to support its claims and
17  defenses along with the subject matter of that knowledge.
18  They were not timely disclosed under Rule 26.  There's no
19  substantial justification, and there is harm to FICO.

20         In addition, I think what I'd like to talk about
21  first is why this is ripe for the Court to decide now
22  instead of waiting until closer to trial.  This motion is
23  being brought under Rule 26 for a violation of Rule 26, a
24  discovery rule.  Problems under Rule 26 are properly before
25  this Court to decide during discovery and prior to the non

1     deposed three of them anyway.
2             MS. KLIEBENSTEIN:  I'm very glad you asked that
3     question.  It's an important issue to get right.  Out of
4     context, that statement is very misleading.  So when you go
5     back through the history of discovery, you can understand
6     our strategy and where we went.
7             Federal's initial disclosures dated March 17th
8     only had four witnesses on it.  So we have Ms. Palowski, and
9     then Henry Mirolyuz, Pamela Lopata, Ramesh Pandey.  Tom
10    Carretta is a FICO gentleman within our custody and control.
11    So we deposed three of those four people.  We did not depose
12    Ms. Pamela Lopata.  She's a lawyer.  And we deemed her
13    testimony to be entirely duplicative of that from
14    Ms. Palowski based on the documents.  So, at this time, we
15    chose to depose three of the four fact witnesses.
16            At the same time in 2017 and 2018, this is all we
17    had, so we developed a litigation strategy to get the
18    testimony that we need through use of 30(b)(6) depositions,
19    and we served three 30(b)(6) notices, 33 topics.  I think
20    maybe 80 include subparts, and that's how we went after the
21    factual information that we needed in this case.
22            And then in January of 2019, they supplemented to
23    add seven new witnesses.  And at that time, we took a look
24    at our strategy, and we took a look at our witnesses, and we
25    decided not to depose those seven people and here's why.

1	disclosure to reflect the current realities of the discovery
2	process, somehow you're in jeopardy.
3	          The other observation is that, again, this is a
4	personal observation.  When I was in practice, my discovery
5	strategy for identifying who to depose would certainly
6	consider the Rule 26(a) disclosure but was more acutely and
7	immediately driven by the documents that were produced as to
8	who I decided would depose, but that's my strategy.  That's
9	not everybody's strategy.  Other lawyers would do it
10	differently.
11	          So I am going to order some remedial measures.  I
12	am not going to exclude the witnesses from testifying at
13	trial.  I think in the circumstances, it would be extremely
14	harsh, and it is not such that it can't be remedied now.
15	          So the remedy is this, FICO may depose every last
16	one of the 16 witnesses as it sees fit between now and
17	trial.  It doesn't need to depose any, but it may depose
18	everyone.
19	          Number two, those depositions will occur in
20	Minneapolis.
21	          Number three, I am going to award fees to FICO
22	with respect to the depositions it takes.  I am going to
23	give further consideration to how that will be structured,
24	so the details of that will be included in the text only or
25	the minute entry order, whichever it is that comes out and

1  is on the ECF.  I'm not going to give you carte blanche.
2  You're not going to get every single one of your fees, but
3  you're going to get attorney's fees with respect to some
4  those depositions at least.  So that's the motion to strike.
5              Turning to the motion to compel, the easiest way
6  to do this is to describe what I am going to order that FICO
7  produce in this case going forward.
8              First of all, FICO will produce if it finds and if
9  it can't find and it's already made a diligent search for
10 the document I'm about to describe, then its met its
11 obligation, but that is the memo that provides notice that
12 Mr. Wade testified about that FICO will not be offering six
13 year licenses on Blaze.  If you have it, if you find it, it
14 must be produced.  If a reasonable and diligent search has
15 been undertaken, I have no basis to believe that it has not
16 been, then you've satisfied that obligation.
17             I will also order FICO to produce again to the
18 extent that further reasonable and diligent searches uncover
19 such documents, e-mails within the company or from the
20 company to customers specifically regarding the increase in
21 charge for maintenance fees, specifically, again including
22 the change from 18 percent to 20 percent and from 20 percent
23 to 22 percent, but that is further limited to Blaze Advisor.
24             Number three, I am not going to order production
25 or review of the salesforce.com database based on the