UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) ) | **Jury Trial Demanded** |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 6 TO EXCLUDE INTRODUCTION OF, OR REFERENCE TO, PLAINTIFF'S ORIGINAL COMPLAINT, AMENDED COMPLAINT, OR SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. The Complaints should be excluded because they are irrelevant and are not evidence. ..................................................................................................................... 2

    A. Federal's new, late-stage assertion was never pled or disclosed. ................. 3

    B. The Complaints are not evidence, and their introduction is procedurally improper. ....................................................................................................... 7

    C. Exclusion, not objections at trial, is proper. .................................................. 8

III. The risk of prejudice and juror confusion is high. ..................................................... 9

IV. Conclusion ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Chepilko v. Major*,
　No. 06CV5491ARRLB, 2012 U.S. Dist. LEXIS 206947 (E.D.N.Y. Apr. 5, 2012) .................................................................................................................. 8

*Lee v. Hamilton*,
　841 N.E.2d 223 (Ind. Ct. App. 2006) ............................................................................ 10

*Moldex Metric, Inc. v. 3M Co.*,
　No. 14-1821, 2015 U.S. Dist. LEXIS 175400 (D. Minn. Sep. 4, 2015) ......................... 7

*N. Face Apparel Corp. v. Williams Pharmacy, Inc.*,
　No. 4:09CV2029RWS, 2010 U.S. Dist. LEXIS 11154 (E.D. Mo. Feb. 9, 2010) .......................................................................................................................... 8

*Nisenbaum v. Milwaukee Cty.*,
　333 F.3d 804 (7th Cir. 2003) ......................................................................................... 7

*Powell v. Boxley Materials Co.*,
　No. 7:19-CV-00189, 2021 U.S. Dist. LEXIS 231886 (W.D. Va. Dec. 3, 2021) .......................................................................................................................... 8

*Seek v. Vail Resorts, Inc.*,
　No. 2:15CV187DAK, 2017 U.S. Dist. LEXIS 186471 (D. Utah Nov. 9, 2017) .................................................................................................................... 7, 10

*Svoboda v. Trane Co.*,
　655 F.2d 898 (8th Cir. 1981) ......................................................................................... 6

*United States v. Aguirre*,
　245 F. App'x 801 (10th Cir. 2007) ................................................................................ 7

*US Salt, Inc. v. Broken Arrow, Inc.*,
　No. 07-1988, 2008 U.S. Dist. LEXIS 43376 (D. Minn. May 30, 2008) ....................... 6

*Woodman v. R & L Carriers, Inc.*,
　No. 09-CV-62-LRR, 2010 U.S. Dist. LEXIS 50725 (N.D. Iowa May 20, 2010) .......................................................................................................................... 7

## Other Authorities

Fed. R. Civ. P. 26 .................................................................................................... 5

Fed. R. Civ. P. 37 ............................................................................................ 2, 6, 11

Fed. R. Evid. 401 ........................................................................................... 2, 11

Fed. R. Evid. 402 ........................................................................................... 2, 11

Fed. R. Evid. 403 ........................................................................................... 2, 11

I.      **Introduction**

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court exclude Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants") from introducing or referring to FICO's Complaint, Amended Complaint, or Second Amended Complaint or allegations contained therein (collectively, the "Complaints"). The Complaints are not evidence relevant to a claim or defense at issue in this action.

Now, after nearly seven years of litigation, Defendants assert the Complaints are relevant to a contention they never made before. They contend that FICO's interpretation of the License Agreement to have a territorial restriction is relevant to Federal's counterclaim of breach of the covenant of good faith and fair dealing. Trial is fifteen days away—it is too late for Defendants to add a new contention to the case. Additionally, the Complaints are not evidence—they are allegations that stated FICO's claims for relief.

The introduction of a new contention at this late stage is highly prejudicial to FICO. FICO has not had an opportunity, let alone a full and fair opportunity, to defend itself and show the good-faith basis for its allegations. Defendants' new, late-stage contention creates another side-show diverting the jury's attention away from the issues to be decided. Jury confusion is the likely outcome because:

- The Complaint and Amended Complaint are not the operative pleadings in this case and will introduce unnecessary procedural issues to the jury;

1

- The Complaints contain factual allegations whose support is a good faith, plausible, basis for the assertions; they are not proven facts, a distinction that is likely to be lost on the jury;

- The jury may erroneously believe FICO must prove each allegation in the Complaints to prevail, again diverting attention away from the issues to be tried; and

- The Complaints contain legalese, *e.g.*, statements as to venue and jurisdiction, that have no relevance to the trial and which a jury is unlikely to be familiar with.

Introduction of, or reference to, the Complaints should be excluded under Federal Rules of Evidence 401, 402 and 403 and Federal Rule of Civil Procedure 37.

**II.     The Complaints should be excluded because they are irrelevant and are not evidence.**

On January 23, 2023, Defendants supplemented their exhibit list and added several new exhibits including, among others, FICO's Complaint (Dkt. No. 1), Amended Complaint (Dkt. No. 36), and Second Amended Complaint (Dkt. No. 132). (Declaration of Paige Stradley ("Stradley Decl.") Ex. 1.) FICO promptly reached out to Defendants asking that Defendants remove the Complaints from their exhibit list because the Complaints are not evidence. (*Id.* at Ex. 2 at Jan. 24 email from Stradley to Guidero.) Defendants refused, arguing that the Complaints were admissions. (*Id.* at Jan. 25 email

2

from Guidero to Stradley; *see also*, Dkt. No. 1012 at 1-2.)[1] FICO sought leave to file this motion (Dkt. No. 1010), and Defendants opposed (Dkt. No. 1012). Defendants contend the Complaints are relevant to establish Federal's counterclaim of breach of good faith and fair dealing. Defendants further contend that the proper mechanism to address FICO's concerns is simply to object at trial. Defendants' substantive and procedural arguments both fail.

### A. Federal's new, late-stage assertion was never pled or disclosed.

Defendants contend the Complaints are relevant to support Federal's counterclaim of breach of good faith and fair dealing because Defendants may present evidence "that FICO pursued a claim in this litigation that it knew to be meritless (i.e., that the software license agreement at issue contained a territorial restriction). Defendants included the complaints on their exhibit list as one way to show that FICO pursued this claim." (Dkt. No. 1012 at 2.) This is the same reason Defendants contend the Court's summary judgment Order is relevant. (Dkt. No. 1032 at 3.) This new assertion was never before a basis for Federal's claim of breach of the covenant of good faith and fair dealing.

Defendants' Amended Answer to Second Amended Complaint and Counterclaims is the operative answer in this case (hereinafter, the "Answer"). (Dkt. No. 569.) It clearly states the basis for Federal's claim of breach of good faith and fair dealing. The basis is

---

[1] Defendants' counsel also noted that FICO had included the Complaints on its exhibit list. (Stradley Decl. Ex. 2 at Jan. 25 email from Guidero to Stradley; Dkt. No. 2012 at 1.) Those Complaints were inadvertently included on FICO's initial exhibit list. FICO informed Defendants that the Complaints would be removed from FICO's final exhibit list to be filed with the Court. Accordingly, the Complaints are not on FICO's exhibit list. (Dkt. No. 1009.)

3

not, as Defendants now assert, that FICO pursued a claim that it knew to be meritless relating to a territorial restriction. Rather, the Answer alleges that FICO breached the covenant of good faith and fair dealing "by declaring that it would not consent to continued use of the licensed software post-merger without knowing or considering whether Federal used the licensed software any differently after the merger as it had before the merger." (Dkt. No. 569 at Counterclaims ¶ 24; *see also*, *id.* at ¶ 25 ("FICO acted arbitrarily and irrationally when it declared that consent would not be given regardless of the facts"), ¶ 26 ("FICO acted in bad faith and with the goal of exacting additional, unearned license fees from Federal when it announced that consent would not be given for Federal to continue using the software post-merger.").) Each of Federal's breach of good faith and fair dealing allegations focus on FICO's failure to provide consent.

Defendants reiterated the basis for Federal's claim of breach of good faith and fair dealing in opposing FICO's summary judgment on that counterclaim. Defendants again represented that Federal's claim of breach of good faith and fair dealing "asserts FICO's arbitrary and irrational decision to withhold consent in a bad faith effort to exact additional, unearned license fees from Federal" and cited to paragraphs 24-26 of Defendants' Answer. (Dkt. No. 507 at 47.)[2] In denying FICO's motion for summary judgment on Defendants' breach of good faith and fair dealing claim, the Court also described the counterclaim as alleging that "FICO 'arbitrarily and irrationally' withheld

---

[2] Where the page numbers in a footer and ECF docket header differ, this motion cites to the latter.

4

consent to Federal's continued use of Blaze Advisor after the Chubb Corporation merger 'with the goal of extracting additional, unearned fees.'" (Dkt. No. 731 at 58-59.)

FICO also propounded an interrogatory directed to Federal's counterclaim for breach of good faith and fair dealing. That interrogatory asked for "the complete factual basis for Federal's contention in ¶ 13 of Federal's Counterclaims that 'FICO's conduct in refusing to consent to continued use of the [Blaze Advisor®] software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational.'" (Stradley Decl. Ex. 3 at No. 12 (also asking Defendants to identify all persons with knowledge regarding the allegations of ¶ 13 of Federal's Counterclaims and to identify all documents relating to the allegations of ¶ 13 of Federal's Counterclaims).) Defendants' response alleges that FICO's withholding of consent was irrational because "FICO either did not have full knowledge of the facts when it told Federal it would not consent, or FICO refused to consent even though it knew that Federal's use of the software had not changed. In either case, the decision to refuse consent was arbitrary and irrational because Federal's use of the software did not increase." (*Id.*)

Nowhere in Defendants' Answer, opposition to summary judgment, or interrogatory response did Defendants ever allege, as they now do, that Federal's breach of good faith and fair dealing claim stems from FICO's pursuit of an allegedly baseless claim relating to a territorial restriction. (*Id.* at Counterclaims; Dkt. No. 507 at 47; Stradley Decl. Ex. 3 at No. 12.)[3] Defendants may not, on the eve of trial, inject a new

---

[3] Further, Federal Insurance Company's Rule 26(a)(1) Second Supplemental Disclosures also did not identify the Complaints or any documents that would provide FICO with

5

theory into the case. *Svoboda v. Trane Co.*, 655 F.2d 898, 900 (8th Cir. 1981) (affirming district court's denial of leave to file amended complaint "to introduce new theories of liability on the eve of trial" because the facts were known to the moving party and allowing amendment would cause the non-moving party "considerable prejudice"); *US Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 U.S. Dist. LEXIS 43376, at *10-12, 16 (D. Minn. May 30, 2008) (explaining "[t]he purpose of discovery is to 'make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent'" and excluding new theory put forth on the eve of trial under Rule 37).[4] This is particularly true given that Defendants had years to develop their counterclaims and defenses. There is no justification for failure to disclose this theory.

Finally, and importantly, nothing in the Complaints alleges a territorial restriction as a basis for breach of the License Agreement. In support of breach of the License Agreement, the Second Amended Complaint alleges (1) "Alleged Breach of the non-assignment provision, paragraph 10.8 of the Agreement" (Dkt. No. 132 ¶¶ 16-23; 44-46), (2) "Alleged breach of the prohibition against disclosing FICO Products to third parties or permitting use of or access to FICO Products by third parties, paragraph 3.1 of the

---

notice that Federal contended FICO's pursuit of an allegedly unmeritorious claim relating to a territorial restriction formed the basis of its breach of good faith and fair dealing claim. (Stradley Decl. Ex. 4 at § B.)

[4] Taking Defendants' theory to its logical conclusion, any time summary judgment was granted on a portion of a contract dispute, that would render a claim meritless, giving rise to a claim for breach of good faith and fair dealing.

license granted by the Agreement" (*id.* at ¶¶ 24-30; 44-46), and (3) "Alleged breach of the post-termination obligations, paragraph 9.3 of the Agreement" (*id.* at ¶¶ 31-34; 44-46). The Complaints' alleged relevance to Defendants' new, late-stage contention is baseless.

The case should be tried to the jury on the claims and defenses that remain at issue; not claims or contentions the Court has dismissed. Because Defendants never pled or otherwise disclosed Federal's breach of good faith and fair dealing counterclaim stemmed from FICO's pursuit of an allegedly unmeritorious territorial restriction claim, and because the Complaints do not allege violation of a territorial restriction, the Complaints are irrelevant.

### B. The Complaints are not evidence, and their introduction is procedurally improper.

"It is well-established . . . that mere allegations in a complaint are not admissible evidence." *Moldex Metric, Inc. v. 3M Co.*, No. 14-1821 (JNE/FLN), 2015 U.S. Dist. LEXIS 175400, at *6 (D. Minn. Sep. 4, 2015); *see also United States v. Aguirre*, 245 F. App'x 801, 802-03 (10th Cir. 2007) ("Factual allegations in unverified pleadings are not 'evidence' to be considered in a factual inquiry."); *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence."); *Seek v. Vail Resorts, Inc.*, No. 2:15CV187DAK, 2017 U.S. Dist. LEXIS 186471, at *5-7 (D. Utah Nov. 9, 2017) (granting motion in limine to exclude original and amended complaints and explaining that, "[r]ather than relating to a fact of consequence, the Amended Complaint issue relates more to litigation procedures"); *Woodman v. R & L*

*Carriers, Inc.*, No. 09-CV-62-LRR, 2010 U.S. Dist. LEXIS 50725, at *11-12 (N.D. Iowa May 20, 2010) (unverified Complaint is not evidence and granting motion in limine to exclude Complaint); *N. Face Apparel Corp. v. Williams Pharmacy, Inc.*, No. 4:09CV2029RWS, 2010 U.S. Dist. LEXIS 11154, at *4 (E.D. Mo. Feb. 9, 2010) ("Allegations in a Complaint are not evidence."). This makes sense; the Complaints contain allegations that, while based on a reasonable belief, have not yet been proven.

Defendants argue the Complaint is a party admission and therefore admissible. Defendants' cases are not from the Eighth Circuit, and each is distinguishable. *Chepilko* found assertions in an original and amended complaint were admissible for impeachment purposes. *Chepilko v. Major*, No. 06CV5491ARRLB, 2012 U.S. Dist. LEXIS 206947, at *8-9 (E.D.N.Y. Apr. 5, 2012). Here, Defendants do not seek to use the Complaints for impeachment; they seek to use the Complaints to establish Federal's new ground for its counterclaim. In *Powell* the moving party provided no authority to support exclusion of the pleadings. *Powell v. Boxley Materials Co.*, No. 7:19-CV-00189, 2021 U.S. Dist. LEXIS 231886, at *7-8 (W.D. Va. Dec. 3, 2021). Here, FICO has provided authority and a reasoned analysis to support its position.[5] Defendants' cases are inapposite

### C. Exclusion, not objections at trial, is proper.

The Court should reject Defendants' argument that FICO should raise its objections at trial. The Complaints are not relevant to any claim or defense nor are they

---

[5] *Powell* may also have involved a situation in which the plaintiff changed its version of facts in its pleadings. *Powell*, 2021 U.S. Dist. LEXIS 231886, at *8n.7. This, again, would go to impeachment; not to prove the merits of a claim. Here, Defendants do not contend FICO has changed its version of the facts.

8

evidence. There is no basis to offer them into evidence in the first place. Defendants have now made clear—through their letter opposing leave to file this motion in limine and through their opposition to FICO's motion in limine no. 2 to exclude introduction of the summary judgment order—that they intend to try to prove breach of the covenant of good faith and fair dealing based on this new, late-stage theory that was never pled or disclosed. (Dkt. No. 1012 at 2; Dkt. No. 1032 at 4-5.) This is significant problem that must be dealt with prior to trial.[6] Defendants should not be permitted to rely on a new theory to the extreme prejudice of FICO.

Second, even meritorious objections at trial may be viewed negatively by the jury. This is particularly true during opening arguments where FICO suspects this issue will first arise given Defendants' intention to assert a new ground for its counterclaim. FICO should not be forced to object to irrelevant evidence when the issue can be addressed preemptively.

## III.   The risk of prejudice and juror confusion is high.

Introduction of a new theory to support Defendants' claim of breach of good faith and fair dealing will significantly prejudice FICO. This case has been pending for nearly seven years, and the parties have engaged in extensive fact and expert discovery. It is far too late to be introducing new theories fifteen days before trial. Admittedly, FICO was

---

[6] This fundamental dispute must be also be addressed preemptively because FICO has objected to portions of Defendants' deposition designations relating to the territorial restriction. Those designations seek to introduce irrelevant testimony because FICO's claim for breach based on violation of the territorial restriction has been dismissed and such testimony is not relevant to any other claim or defense.

aware Defendants disputed the meaning and scope of the Agreement between FICO and Chubb & Son, including whether a territorial restriction applied. FICO, however, could not have known that Defendants would contend FICO's assertion of the territorial restriction was meritless in support of Federal's counterclaim of breach of good faith and fair dealing. FICO did not prepare for and is not prepared to defend against this new theory. Indeed, why would it be. The Court dismissed FICO's territorial restriction as a ground for breach of the License Agreement on summary judgment—FICO had no reason to believe this issue would be raised at trial given the Court's dismissal. Being forced to defend against this new contention by showing the good faith basis of its interpretation of the License Agreement, on the eve of trial, is extremely prejudicial to FICO. The prejudice cannot be cured. Defendants must be foreclosed from advancing this new theory.

FICO is also likely to be prejudiced by introduction of, or reference to, the Complaints because there are multiple complaints, two of which are no longer operative. A jury is unlikely to be familiar with the procedural mechanisms associated with amending complaints or why multiple complaints are being discussed/introduced. Such evidence is likely to create confusion and a diversion regarding litigation procedure associated with amending complaints (and an explanation of the same), which will do nothing but waste the Court's and jury's time. *Seek*, 2017 U.S. Dist. LEXIS 186471, at * 5-7 (excluding reference to Complaint and Amended Complaint, finding "the court and jury need not wander off into correct litigation procedures and attorney testimony as part of Defendants' defense," and holding such evidence had limited relevance and was more

10

prejudicial than probative); *Lee v. Hamilton*, 841 N.E.2d 223, 229 (Ind. Ct. App. 2006) (affirming District Court's exclusion of portion of first amended complaint because of the "potential to confuse the issues and mislead the jury substantially outweighs its probative value").

A jury is also likely to be confused because it will not be familiar with the legalese contained in the Complaints and will not be familiar with the pleading standard associated with filing a complaint. The pleading standard is one of plausibility, and the jury may wrongly, albeit understandably, assume that FICO must prove each allegation in the Complaints to win at trial. Alternatively, the jury may wrongly, again albeit understandably, assume that making an allegation that is not ultimately proven means FICO acted in bad faith. Both of these assumptions are, of course, incorrect.

Finally, there is no foundational witness through whom to introduce and discuss these Complaints or through whom FICO can redirect to tell its side of the story. Attorney argument is not evidence.

## IV.   Conclusion

The Complaints are not relevant to any claim or defense ***actually pled or disclosed*** by Federal. The Complaints themselves do not allege a territorial restriction. The Complaints are not evidence. Introduction or reference to the Complaints will only confuse the jury, waste time, and prejudice FICO. The Court should exclude introduction of, or reference to, the Complaints under Federal Rules of Evidence 401, 402, and 403 and Federal Rule of Civil Procedure 37.

Dated: January 31, 2023

                                                                MERCHANT & GOULD P.C.

                                                                /s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Michael A. Erbele, MN Bar # 393635
Joseph W. Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 0402364
Paige S. Stradley, MN Bar #
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com
pstradley@merchantgould.com

*Attorneys for Plaintiff Fair Isaac Corporation*