# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FAIR ISAAC CORPORATION,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

Defendant.

Court File No. 16-cv-1054 (WMW/DTS)

**FEDERAL INSURANCE COMPANY'S**
**SUPPLEMENTAL ANSWERS TO**
**PLAINTIFF'S FIRST SET OF**
**INTERROGATORIES**

---

To:   Plaintiff and its attorneys, Allen Hinderaker and Michael A. Erbele, Merchant &
      Gould PC, 3200 IDS Center, 80 South Eighth Street, Minneapolis, MN  55402.

Defendant Federal Insurance Company ("Federal"), for its Supplemental Answers

to Plaintiff's First Set of Interrogatories, states and alleges as follows:

### GENERAL RESPONSES

1.      Federal objects to the Definitions and Instructions to the extent that they

seek to impose obligations on Federal that either exceed, or are different from, what is

required under the Federal Rules of Civil Procedure, District of Minnesota Local Rules,

and the Stipulated E-Discovery Order.

2.      Federal's responses and objections are made to the best of Federal's present

knowledge, information, and belief.  Federal's responses and objections are limited to

information within its possession, custody, or control.  Federal reserves the right to

amend, supplement, or change any responses and objections if and when additional,

different, or more accurate information becomes available and/or facts are developed.



U.S. DIST COURT – MN
PLAINTIFF EXHIBIT
**P-0966**
Case No. 16-cv-1054-DTS

**INTERROGATORY NO. 12:**  State the complete factual basis for Federal's contention in ¶ 13 of Federal's Counterclaims that "FICO's conduct in refusing to consent to continued use of the [Blaze Advisor®] software post-merger lacked good faith, constituted unfair dealing, and was arbitrary and irrational," and:

      a.     Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 13 of Federal's Counterclaims; and

      b.     Identify all documents relating to the allegations of ¶ 13 of Federal's Counterclaims.

**ANSWER:**  Federal objects to Interrogatory No. 12 and all interrogatories that seek an opinion or contention that relates to fact or the application of law to fact, because it seeks discovery of Federal's counsels' work product and mental impressions which are privileged.  Furthermore, at this stage in the proceedings, where Federal has not yet received discovery from FICO, posing contention interrogatories is inappropriate, and premature, and therefore must be reserved, if at all, for a later stage of litigation.  Even if contention interrogatories are allowed, they should not be propounded until fact discovery is at an end.   Federal also objects to Interrogatory No. 12 on the grounds that it calls for a legal conclusion.

Subject to, and without waiving these objections, Federal states that FICO announced that it would not consent to Federal's continued use of the software in a letter from Thomas F. Carretta to Joseph F. Wayland dated January 27, 2016.  FICO decided that it would not consent to Federal's continued use of the software irrationally – FICO either did not have full knowledge of the facts when it told Federal that it would not consent, or FICO refused to consent even though it knew that Federal's use of the

software had not changed.  In either case, the decision to refuse consent was arbitrary and irrational because Federal's use of the software did not increase.

Federal employees told FICO numerous times that Federal's use of the Blaze Advisor software did not change after the merger.  Even though FICO knew that Federal's use of the software had not changed, FICO continued to demand money.  FICO employees explained that their demand for additional money was based on their pricing model, not Federal's use of the software.  FICO's pricing model is irrelevant to Federal's right to continue using the software post-merger in the same manner Federal did prior to the merger.

Answering subparagraph (a), Federal identifies Tamra Pawloski, Thomas Carretta and Andrew Hopp as persons with knowledge regarding FICO's conduct.

Answering subparagraph (b), Federal identifies the Software License and Maintenance Agreement with Amendments One and Two, the January 27, 2016 letter from Thomas F. Carretta to Joseph Wayland, and documents reflecting the post-merger communications between the parties pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 13:**  State the complete factual basis for Federal's contention in ¶ 15 of Federal's Counterclaims that FICO's "purported termination violated the terms of the Agreement and was inoperative.... FICO breached the Agreement by purporting to terminate the Agreement without the right to do so," and:

      a.    Identify all Persons known to you to have factual knowledge relating to the allegations of ¶ 15 of Federal's Counterclaims; and

      b.    Identify all documents relating to the allegations of ¶ 15 of Federal's Counterclaims.

P-0966-015

Dated: June 15, 2017

Lora M. Friedemann (#0259615)
lfriedemann@fredlaw.com
Nikola L. Datzov (#0392144)
ndatzov@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

***Attorneys for Defendant***

61497068_1.docx

18

## VERIFICATION

Tamra Pawloski states under oath that she is Vice President, Global IT Vendor Management – Software and Compliance for Chubb Limited; that she is authorized to respond to Fair Isaac Corporation's Interrogatories on behalf of Federal Insurance Company; that she has relied on directors, employees, agents, and attorneys to provide information used in formulating the answers to interrogatories; and that the answers are true and correct to the best of her knowledge.

Subscribed and sworn to before me
this _15_ day of _June_, 20_17_.

Notary Public

> Alma Hawkins
> Notary Public
> State of New Jersey
> No. 2257861
> Commission Expires
> August 11, 2020

61497068_1.docx

19