UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fair Isaac Corporation,

    Plaintiff,

v.

Federal Insurance Company,
and ACE American Insurance Company

    Defendants.

Case No. 16-cv-1054 (DTS)

**ORDER**

## INTRODUCTION

Plaintiff Fair Isaac Corporation (FICO) sued Defendant Federal Insurance Company (Federal) for breach of contract and copyright infringement and Defendant ACE American Insurance Company (ACE) for copyright infringement, arising out of a license agreement for use of FICO's Blaze Advisor software. Federal has counterclaimed for breach of contract and breach of the implied covenant of good faith and fair dealing. The parties moved *in limine*, seeking to exclude certain evidence from the parties' upcoming trial.

**I.     FICO's Motions in Limine**

    **A.     FICO MIL No. 1: Exclude Evidence Concerning a Dispute Between Mr. Hilliard and Versata Software, Inc. [Dkt. No. 936]**

FICO moved to exclude evidence relating to fraud allegations made in an unrelated lawsuit against Brooks Hilliard, one of FICO's experts. Dkt. Nos. 936, 938. FICO argues this evidence is unfairly prejudicial, risks confusing the jury, and will turn into a sideshow. Dkt. No. 938. Federal and ACE disagree, contending this evidence is probative of

1

Hilliard's character for truthfulness and is thus admissible under Federal Rule of Evidence 608. Dkt. No. 1030.

The Court grants in part and denies in part, the motion. Defendants may cross-examine Mr. Hilliard about the allegations made against him in the earlier lawsuit only to the extent the questions address Hilliard's credibility and truthfulness. Mr. Hilliard may explain the circumstances of the lawsuit and context of the allegations if he so chooses. No documents relating to that lawsuit will be admitted.

### B.     FICO MIL No. 2: Exclude Introduction of, or Reference to, the Court's Summary Judgment Order [Dkt. No. 942]

FICO asks the Court to exclude from evidence the summary judgment order issued in this case [Dkt. No. 731], arguing that order is not evidence and is likely to confuse the jury while prejudicing FICO. Dkt. Nos. 942, 944. Defendants claim the summary judgment order is relevant and admissible evidence relating to the case's procedural history. Dkt. No. 1032.

The Court grants FICO's motion [Dkt. No. 942]. The summary judgment order will not be admitted into evidence, and describing the order is also not permitted. The Court will instruct the jury, as appropriate, on the law of the case or factual findings made by the Court as reflected in the summary judgment order.

### C.     FICO MIL No. 3: Exclude Evidence Concerning FICO-ACE American License Agreement [Dkt. No. 948]

In 2006, FICO and ACE entered a license agreement allowing ACE to use FICO's Blaze Advisor software in one application. FICO now asks the Court to exclude evidence of this agreement, arguing such evidence is irrelevant, would be unfairly prejudicial, and

is likely to confuse the jury. Dkt. No. 948, 950. FICO claims the agreement has not factored into discovery or earlier argument in this case. Dkt. No. 950. Defendants argue the agreement is admissible to prove four things: "(1) ACE was a known entity to FICO; (2) ACE was using Blaze Advisor only minimally at the time it acquired Federal, (3) a variety of alternatives to Blaze Advisor exist, and (4) ACE was a smaller FICO client than Federal." Dkt. No. 1033 at 1. Defendants point to deposition testimony to demonstrate its relevance throughout the lawsuit. Dkt. No. 1059.

FICO's motion is denied. The FICO-ACE agreement may be probative of the fact issues Defendants have identified, evidenced in part by the deposition testimony specifically identified at Docket No. 1059. The agreement may not be used as a basis to argue for a calculation of FICO's alleged lost license fees.

**D.      FICO MIL No. 4: Exclude Speculative Evidence Relating to Factors, Other than Infringement, that Allegedly Contribute to Defendant's Gross Written Premium [DKt. No. 956]**

Under 17 U.S.C. § 504(b), Defendants must prove their deductible expenses and profits attributable to factors other than Blaze Advisor. FICO argues all the evidence Defendants have on this question is speculative but acknowledges that the Court previously ruled it admissible. FICO has withdrawn the motion which is denied as moot.

**E.      FICO MIL No. 5: Preclude Defendants from Introducing Testimony that Exceeds the Scope of that Identified in Federal's Initial Disclosures or Otherwise Disclosed [Dkt. No. 962]**

FICO contends that Defendants have failed to provide adequate notice of what certain witnesses will testify about at trial, resulting in unfair surprise. Dkt. No. 962, 964.

They argue Defendants' initial disclosures and discovery disclosures were insufficient for FICO to anticipate the testimony Defendants now plan to present through these witnesses. *Id.* Federal disagrees, pointing to various interrogatory responses and other discovery production, as well as deposition testimony, that put FICO on notice of these subjects. Dkt. No. 1036.

The Court has carefully reviewed the parties' submissions and determines that FICO had reasonable notice of these witnesses' testimony. FICO's motion is denied.

**F.     FICO MIL No. 6: Exclude Introduction of, or Reference to, Plaintiffs Original Complaint, Amended Complaint, or Second Amended Complaint [Dkt. No. 1044]**

Arguing they are not admissible under applicable federal rules, FICO moves to exclude its Complaint, Amended Complaint, and Second Amended Complaint. Dkt. No. 1044, 1046. Defendants argue those pleadings are admissible as admissions against interest.

FICO's motion is granted. Pleadings themselves are not admissible to prove the facts alleged therein. *See Nisenbaum v. Milwaukee Cnty*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence."); *cf. Lundgren v. Freeman*, 307 F.2d 104, 118 (9th Cir. 1962). Pleadings are admissible to prove the fact that a party made an allegation. *See Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987) (An original pleading "may be introduced into evidence as the admission of the party"). In this case, Federal has argued that FICO's pleadings show that it took an unreasonable position—that the License Agreement contains a territorial restriction on the use of the software—throughout the litigation, which supports Federal's

4

counterclaim for breach of the implied covenant of good faith and fair dealing. The question of FICO's conduct in the litigation is not an issue in the case. The fact that FICO took an allegedly unfounded position in the litigation does not tend to prove that they breached the implied covenant six-and-a-half years earlier. Therefore, the motion is granted.

## II. Defendants' Motions in Limine

### A. Defendants' MIL No. 1: Regarding FICO's Presentation of Evidence on its Alleged Actual Damages [Dkt. No. 968]

Defendants contend that FICO plans to present improper evidence as to its actual damages. Dkt. Nos. 968, 969. Because the Court has already determined the proper method of calculating damages is the hypothetical negotiation method, FICO should not be allowed to present evidence of its application-based pricing model, Defendants claim. This evidence is likely to come from FICO executive William Waid. FICO claims such evidence is relevant to the hypothetical negotiation and is admissible under the Court's earlier orders. Dkt. No. 1019.

The motion is granted in part and denied in part. Mr. Waid may testify consistent with the Court's earlier order on *Daubert* motions. [Dkt. No. 731]. Mr. Waid may provide the jury information about the application-based pricing methodology, including: FICO's pricing structure for application-based pricing; which applications are subject to application-based pricing; how many applications Federal has that could be priced using this methodology. He can also add up the total price for those applications. Mr. Waid may not make any statement about what FICO's actual damages are, nor can he use the

phrase "hypothetical negotiation" or opine about what FICO would have charged in such a hypothetical negotiation.

### B.     Defendants' MIL No. 2: Regarding Neil Zoltowski's Testimony on FICO's Alleged Actual Damages [Dkt. No. 975]

Defendants moved to exclude testimony from FICO's damages expert Neil Zoltowski. Dkt. Nos. 975, 976. They claim Zoltowski's planned testimony runs afoul of earlier court orders, i.e. Docket Number 731. FICO claims Zoltowski's testimony will comport with the limits set forth in that earlier order, which held that the underlying information informing his opinion was admissible, though his ultimate conclusions were not. Dkt. No. 1023.

The motion is granted in part and denied in part. The following guidance should inform the parties' presentation of expert testimony:

**Mr. Zoltowski**

1. Cannot offer an opinion as to what FICO's actual damages are;
2. Cannot testify to facts supporting the opinion he originally gave, because he lacks foundation to do so, *unless* those facts have also been disclosed as support for his opinion on disgorgement;
3. Rebuttal opinion is limited to only those opinions, disclosed in his reports, that rebut opinions to which Mr. Bakewell and Mr. Kursh testify at trial;
4. Cannot testify about anything not disclosed in his expert reports or covered in his deposition.

**Mr. Bakewell**

1. Cannot testify to the flaws in Mr. Zoltowski's actual damages analysis; and

6

2. Cannot testify to the facts that support his opinion that Mr. Zoltowski's actual damages analysis was flawed

## C.     Defendants' MIL No. 3: Exclude Certain Testimony of Thomas Carretta [Dkt. No. 981]

Defendants contend testimony from Thomas Carretta, FICO's retired Vice President of Legal and Deputy General Counsel is improper for constituting lay opinion of legal conclusions, providing improper after-the-fact contract interpretation, and because it will constitute use of the attorney-client privilege as a sword when FICO has already used it as a shield. Dkt. No. 982. FICO claims Carretta's testimony is proper as it relates to FICO's understanding of the contract at issue. Further, FICO contends Carretta may properly act as a fact witness about who had apparent authority to bind FICO. Dkt. No. 1026. The parties acknowledge that contemporaneous emails to/from Mr. Carretta exist in which Mr. Carretta asserted that FICO's consent to Federal's continued use of Blaze Advisor was necessary under section 10.8 of the License Agreement. Federal argues that Mr. Carretta cannot testify to the meaning of section 10.8 of the License Agreement as FICO has raised no advice of counsel defense to the counterclaim and has asserted privilege and work-product as to Mr. Carretta's interpretation of the License Agreement embodied in documents withheld from production in discovery.

The Court agrees with Federal's position. Accordingly, the emails Mr. Carretta exchanged with Federal are not privileged as they involve third parties. Mr. Carretta may testify as to those emails and that he said what he said, that he meant what he said, and that he still believes it. Mr. Carretta cannot, however, testify to how or why he interprets the License Agreement (then or now) or its provisions. Therefore, the Court grants in part

7

and denies in part the motion. Carretta is allowed to testify to the extent his testimony does not waive privilege. Where a party puts privileged communications at issue, they may waive both attorney-client privilege and work-product privilege. *UnitedHealth Grp Inc. v. Columbia Cas. Co.*, 47 F. Supp. 3d 863, 876 (D. Minn. 2014) ("Needless to say, a party cannot use the attorney-client privilege or the work-product doctrine both as a shield and as a sword. If United wanted to use evidence of its or its counsels' settlement evaluations as evidence in this case—which is what United would be doing were it to offer its or its counsels' out-of-court statements on that subject—then United had to allow the insurers to inquire about those evaluations during discovery.") And because Carretta has used that privilege as a shield, he may not now use it as a sword. *Id.* To be clear, Carretta may not testify about the meaning of any of the contract provisions. Should he do so at trial that will waive the attorney-client privilege and the attorney work product protection.

D. **Defendants' MIL No. 4: Preclude Unfairly Prejudicial Arguments and Evidence Regarding Their Status as Insurance Companies [Dkt. No. 985]**

The parties have resolved this motion through joint stipulation [Dkt. No. 1017], stating:

> Plaintiff will refrain from making prejudicial statements about insurance companies' general industry business conduct before the jury in this matter, including the following specific statements or arguments:
>
> a) Insurance companies are less likely than other parties to pay what they owe;
>
> b) Insurance companies are better able than other parties to absorb an adverse judgment;
>
> c) Insurance companies are unsympathetic; and

8

    d) Insurance companies in general tend to conduct business in an unfair or unfavorable manner.

The motion is thus denied as moot.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDRED:

1. FICO's Motion in Limine No. 1 to Exclude Evidence Concerning a Dispute between Mr. Hilliard and Versata Software, Inc. [Dkt. No. 936] is **GRANTED IN PART AND DENIED IN PART**, consistent with this Order.

2. FICO's Motion in Limine No. 2 to Exclude Introduction of, or Reference to, the Court's Summary Judgment Order [Dkt. No. 942] is **GRANTED** consistent with this Order.

3. FICO's Motion in Limine No. 3 to Exclude Evidence Concerning the FICO-ACE American License Agreement [Dkt. No. 948] is **DENIED** consistent with this Order.

4. FICO's Motion in Limine No. 4 to Exclude Speculative Evidence Relating to Factors, Other than Infringement, that Allegedly Contributed to Defendant's Gross Written Premium [Dkt. No. 956] was withdrawn is therefore **DENIED AS MOOT**.

5. FICO's Motion in Limine No. 5 to Preclude Defendants from Introducing Testimony that Exceeds the cope of that Identified in Federal's Initial Disclosures or Otherwise Disclosed [Dkt. No. 962] is **DENIED** consistent with this Order.

6. FICO's Motion in Limine No. 6 to Exclude Introduction of, or Reference to, Plaintiffs Original Complaint, Amended Complaint, or Second Amended Complaint [Dkt. No. 1044] is **GRANTED** consistent with this Order.

7. Defendants' Motion in Limine Regarding FICO's Presentation of Evidence on its Alleged Actual Damages [Dkt. No. 968] is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

8. Defendants' Motion in Limine Regarding Neil Zoltowski's Testimony on FICO's Alleged Actual Damages [Dkt. No. 975] is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

9. Defendants' Motion in Limine to Exclude Certain Testimony of Thomas Carretta [Dkt. No. 981] is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

10. Defendants' Motion in Limine to Preclude Unfairly Prejudicial Arguments and Evidence Regarding Their Status as Insurance Companies [Dkt. no. 985] is **DENIED AS MOOT** consistent with this Order.

11. The parties' Joint Stipulation Regarding Prejudicial Statements about Insurance Companies [Dkt. No. 1017] is **GRANTED.**

Dated: February 10, 2023　　　　　　　　　　___s/David T. Schultz_____
　　　　　　　　　　　　　　　　　　　　　　DAVID T. SCHULTZ
　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge