

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

February 14, 2023

Leah Godesky
D: +1 310 246 8501
lgodesky@omm.com

**BY ECF**

Honorable David T. Schultz
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*, 16-cv-1054

Dear Judge Schultz:

I write on behalf of Defendants Federal Insurance Company and ACE American Insurance Company. Defendants seek the Court's guidance on an evidentiary question in advance of trial. FICO has indicated it intends to seek admission of communications made during the parties' presuit settlement negotiations in March 2016. Defendants request that the Court clarify that this evidence is not admissible.

Under Federal Rule of Evidence 408, evidence of "conduct or a statement made during compromise negotiations about the claim" is not admissible to prove "the validity or amount of a disputed claim[.]" Fed. R. Evid. 408(a). Rule 408 squarely prohibits "an offer of compromise [being] used to prove an element of the claim the compromise offer was meant to settle[,]" *Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 966-67 (8th Cir. 2011), or being "proffered . . . with respect to the amount of damages" a party may recover[,] *Coutard v. Mun. Credit Union*, 484 F.3d 102, 113 (2d Cir. 2017). This rule recognizes that settlement "evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position" and it fosters "the public policy favoring the compromise and settlement of disputes." Fed. R. Evid. 408 advisory committee's note.

Nevertheless, FICO has indicated it will introduce nine exhibits that contain Federal's pre-suit settlement negotiations.[1] Some of these exhibits are emails between FICO and Federal negotiators outlining "proposal[s]" and "counter offer[s.]" P-0101; P-0263. Others are spreadsheets outlining how a settlement agreement would be priced. *See* P-0261; P-0262; P-0419. Others include proposed and marked-up settlement agreement drafts. *See* P-0852; P-0854; P-0855; P-0933. Several of these exhibits contain statements expressly invoking Rule 408. *See* P-0101; P-0261; P-0263.

---

[1] These exhibits are P-0101, P-0261, P-0262, P-0263, P-0419, P-0852, P-0854, P-0855, and P-0933.

"[R]eceiving settlement evidence" causes "prejudice and confusion" by falsely suggesting to the jury that an offer to compromise is an admission of liability.  *Government of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 344 n.4 (8th Cir. 2012) (quoting *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991).  That is why Rule 408 prohibits the admission of settlement evidence to prove liability or damages.

Defendants respectfully request that the Court exclude this evidence.

Respectfully submitted,

/s/ Leah Godesky

Leah Godesky

cc:     Counsel of Record