

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Allen Hinderaker
612.336.5292
ahinderaker@merchantgould.com

February 14, 2023

Honroable David T. Schultz                                                                 **VIA ECF**
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

*Re:    Fair Isaac Corporation v. Federal Insurance Co. and ACE American Insurance*
       *Court File No. 16-cv-1054 (DTS)*

Dear Judge Schultz:

 Fair Isaac Corporation ("FICO") and Defendants Federal Insurance Company and ACE American Insurance Company ("Defendants") have been unable to reach an agreement with respect to objections to certain deposition testimony. FICO seeks guidance and clarification on whether its relevance objections to Defendants' designated testimony of Russell Schreiber ("Schreiber") and Lawrence Wachs ("Wachs") will be sustained, and whether Defendants will be permitted to pursue their belatedly disclosed counterclaim theory.

 The court's guidance at the pretrial conference was that territory is not an issue in the case. (Pre-Trial Conference Transcript ("Pre-Trial Conf.") at 22:2; 22:3-4; 22:33; 23:1-3).) FICO's Motion in Limine No. 6 details how Defendants' new counterclaim theory, asserted 15 days before trial, is a trojan horse for the territory issue. Specifically, Defendants' new theory contends that FICO breached the covenant of good faith and fair dealing by "pursu[ing] a claim in this litigation that it knew to be meritless (i.e., that the software license agreement at issue contained a territorial restriction)." (Dkt. 1012 at 2.) The Court ruled at the Pre-Trial Conference that it is improper to litigate the litigation. (Pre-Trial Conf. at 20:6-7 ("But the bad faith claim is temporally limited to the conduct pre-litigation."); *id.* at 23:3-5 ("And primarily because of the temporal limitation, your bad faith claim is temporally directed towards the period of negotiation pre-litigation.").)

 Defendants' introduction of a new theory after nearly 7 years of litigation is improper and is prejudicial to FICO. *Svoboda v. Trane Co.*, 655 F.2d 898, 900 (8th Cir. 1981); *US Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 U.S. Dist. LEXIS 43376, at *10-12, 16 (D. Minn. May 30, 2008) (explaining "[t]he purpose of discovery is to 'make a trial less a game of blind man's bluff and

more a fair contest with the basic issues and facts disclosed to the fullest practical extent'" and excluding new theory put forth on the eve of trial under Rule 37). (*See also* Dkt. 1046 (FICO's Motion in Limine No. 6) at 9-11.)

FICO has not had an opportunity, let alone a full and fair opportunity, to defend itself and show the good-faith basis for its conduct before the license between FICO and Chubb & Son ("License Agreement") was terminated—in short, FICO has had no opportunity to develop a response to this theory over the last 7 years of litigation. Defendants' belated disclosure of their new theory to back door in irrelevant evidence on the territory is improper. *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 651 (N.D. Iowa 2009); *Paone v. Microsoft Corp.*, No. 07-CV-2973 (ADS), 2013 U.S. Dist. LEXIS 112705, at *20 (E.D.N.Y. Aug. 9, 2013) ("[E]vidence of unasserted, dismissed, or cancelled claims is not relevant to the remaining claims.").

Guidance is sought regarding Defendants' assertion of their new theory. Additionally, and relatedly, FICO requests that its objections to deposition testimony designations of Wachs and Schreiber be sustained. FICO objects to their testimony related to the territory issue. Despite the Court's guidance, Defendants have maintained their designations of Wachs and Schreiber. As the Court noted, testimony related to the territorial limitation is no longer relevant to the claims and defenses of this litigation. (Pre-Trial Conf. at 22:3-4.) Testimony related to disposed of issues is irrelevant. *See Hagale Indus. V. Lands' End, Inc.*, No. 00-3474-CV-S-4, 2002 U.S. Dist. LEXIS 28548, at *9 (W.D. Mo. Dec. 2, 2002) (finding testimony on an issue dismissed at summary judgment stage "no longer relevant and, thus, inadmissible"); *see also Ng v. Snow*, No. SACV 06-0578-AG(PLAx), 2008 U.S. Dist. LEXIS 106422, at *1 (C.D. Cal. Aug. 18, 2008); *Wireless v. Bd. Of Regents of the Univ. of Minn.*, 2020 Minn. Dist. LEXIS 264, *16-17. The testimony of Wachs and Schreiber related to territory should be excluded. For the same reasons, Defendants should be barred from raising such issues in their Opening Statement.

Furthermore, even if Defendants are permitted to pursue their belatedly disclosed counterclaim theory, the testimony of Wachs and Schreiber is still irrelevant. Wachs left FICO in 2008. None of his testimony is relevant to FICO pursuing a claim in this litigation, 8 years after he left FICO. Wachs played no role in FICO's decision to terminate the License Agreement. Similarly, review of Schreiber's testimony shows it is exclusively related to the territory issue.  Nothing in the designated testimony indicates Schreiber had any role in the decision to terminate the License Agreement.

FICO respectfully requests that the Court sustain FICO's objections to Defendants' deposition testimony designations of Wachs and Schreiber related to the territory issue. FICO also seeks guidance precluding Defendants from asserting their belatedly disclosed counterclaim theory. Nevertheless, even if permitted to pursue this theory, FICO's objections should be sustained because neither Wachs nor Schreiber had any connection to Defendants' new theory—pursuing a claim in this litigation.

Sincerely,

*Allen Hinderaker*

Allen Hinderaker

cc:     All Counsel of Record (via ECF)

merchantgould.com