

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

February 14, 2023

Honorable David T. Schultz                                                                                           **VIA ECF**
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

*Re:*   *Fair Isaac Corp. v. Federal Insurance Co. et al.,* **No. 16-cv-01054-DTS**

Dear Judge Schultz:

Defendants seek to selectively bar the introduction of, and testimony related to, certain Pre-Termination License Communications under FRE 408 while at the same time asserting a counterclaim that FICO breached the covenant of good faith and fair dealing by withholding its consent to the continued use of Blaze Advisor. Defendants cannot have it both ways.

## Communications at Issue

Defendants seek to exclude the following Plaintiff exhibits under FRE 408: P-101, 261, 262, 263, 419, 852, 854, 855,[1] and 903. These are business communications during March 2016 in which the parties discussed the terms for FICO's consent; terms to be memorialized in another amendment to the License Agreement. The communications were forward looking to find a basis to continue the relationship.

## Pre-Termination License Communications are not settlement negotiations.

The Pre-Termination License Communications do not fall within the scope of FRE 408. They were not offers to compromise or settle disputed claims, but rather business communications negotiating the terms of an amended License Agreement. Chubb's procurement officer, Tamra Pawloski—who led Chubb's side of the communications—said so herself: pre-termination meetings included "talking about the utilization of the software, and also talking about the new products, like how we can come to an agreement on all of this without involving legal?" (155:15-19.) She further testified that the discussions were related to a "business

---

[1] Plaintiff removed Exhibit P-855 from its Exhibit List on February 14, 2023.

merchantgould.com

deal" moving forward, not to negotiate terms or compliance of the original license agreement. (166:1-167:4.) These business negotiations do not fall under FRE 408.

**Pre-Termination License Communications are being offered to prove FICO's good faith; not prove the validity or amount of a disputed claim.**

The scope of FRE 408 is limited. It only excludes evidence of offers to compromise or settle disputed claims when the evidence is offered to prove the validity or invalidity of a disputed claim, or the amount of a disputed claim. "[A]n offer for another purpose is not within the rule." Fed. R. Evid. 408, Advisory Committee Notes. Merely labeling a communication as "Rule 408" is not determinative. *Cf. Albert v. Embassy of Music GMBH*, No. 5:19-cv-06652, 2020 U.S. Dist. LEXIS 132657, at *17-18 (N.D. Cal. July 27, 2020).

The Pre-Termination License Communications are not offered to prove the validity or invalidity of a disputed claim. These communications show the parties' mutual efforts to license Blaze Advisor after the acquisition of the Chubb Corporation. This use is permissible. *Heimerl v. Tech Elec. of Minn., Inc.*, No. 12-CV-612, 2013 U.S. Dist. LEXIS 93273, at *11-14 (D. Minn. July 3, 2013) (FRE 408 inapplicable where evidence offered to show a party's "willingness to try and meet [ ] obligations"); *Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 0736, 2004 WL 1899927, at *23 (N.D. Ill. Aug. 23, 2004). Federal put these communications at issue by asserting their counterclaim.

**Federal cannot use Rule 408 as a sword and a shield.**

Federal opened the door on the issue of the parties' conduct during the negotiations by asserting breach of the covenant of good faith and fair dealing. Federal cannot assert a counterclaim, while simultaneously attempting to exclude evidence directly relevant to defending against the claim. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (affirming district court's decision to admit evidence of a party's conduct during a settlement negotiation when offered to show a party's bad faith); *In re MSTG, Inc.*, 675 F.3d 1337, 1344 (Fed. Cir. 2012) (explaining that FRE 408 does not create a settlement privilege); *S & S Diesel Marine Servs. v. M/V F-Troop*, No. 11-60020, 2011 U.S. Dist. LEXIS 53808, at *30 n.4 (S.D. Fla. May 18, 2011) (party waived protection of FRE 408 by using evidence as a sword and a shield). Moreover, Federal also intends to offer evidence of communications relating to the parties' negotiations. (*See, e.g.*, D-294 to D-302.) They should not be permitted to present the jury a selective, incomplete, understanding of those negotiations. FICO must be permitted to defend itself.

FICO respectfully requests that the Court overrule Defendants' objections to Plaintiff Exhibits P-101, 261-263, 419, 852, 854, and 903 and other as yet unidentified communications that Defendants contend are FRE 408 Communications.

Sincerely,

*Heather Kliebenstein*

Heather J. Kliebenstein