UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation.<br><br>　　　　　　　Defendants. | Case No. 16-cv-1054 (DTS) |

**PLAINTIFF FAIR ISAAC CORPORATION'S
<u>PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS</u>**

Plaintiff Fair Isaac Corporation ("FICO") submits these objections and proposed supplemental jury instructions in response to the supplemental jury instructions filed by Defendants Federal Insurance Company and ACE American Insurance Company (collectively "Defendants"). (*See* Dkt. 1064.)

FICO objects to Defendants' proposed preliminary instruction regarding the "territory" claim. The language is inflammatory, prejudicial to FICO, and unfairly characterizes Judge Wright's summary judgment order. FICO has proposed a preliminary instruction on the "territory" issues that accurately describes the scope of Judge Wright's order. FICO also objects to Defendants' proposed supplemental jury instructions regarding waiver and estoppel, as these defenses are no longer in the case. FICO moved for summary judgment on Federal's waiver and estoppel defenses. (Dkt. 398 at 33-42.) Federal only

1

raised issues of "territory" in response. (*See* Dkt. 507.) Judge Wright determined the waiver and estoppel defenses were moot upon resolution of the "territory" issue on summary judgment. (Dkt. 731 at 41 n.13 ("In light of this conclusion, the Court need not address the parties' arguments as to Federal's estoppel and waiver defenses, which pertain only to the License Agreement's purported (but nonexistent) geographic restriction.").) Federal failed to preserve the defenses of waiver and estoppel with respect to any other issue and may not reintroduce the defenses at trial for any other issues. The License Agreement also contains a "no waiver" provision and an integration clause, and Defendants have identified no other signed writing that could constitute waiver or estoppel in view of the express language of the License Agreement. It is improper to instruct the jury on waiver and estoppel for this additional reason.

To the extent the Court determines waiver and estoppel instructions are necessary, FICO proposes the following instructions:

**FICO's Proposed Supplemental Preliminary Instruction: "Territory"**

You may see references in the exhibits to a dispute over whether Blaze Advisor could be installed outside the "territory" of the United States. It has been decided that the License Agreement did not contain a territory restriction that limited the geographical installation of Blaze Advisor.[1]

---

[1] Dkt. 731 at 41.

**<u>FICO's Proposed Supplemental Jury Instruction No. 1: Waiver</u>**

Federal claims that FICO gave up its right to enforce Paragraph 3.1(iv) of the License Agreement, which prohibited the use of Blaze Advisor by individuals who were not employees of the "client," Chubb & Son. This is called "waiver."

Waiver requires proof of an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it.[2]

To succeed on its defense of waiver, Federal must prove the following:

1. That FICO personnel having authority to give up FICO's contractual rights knew that the License Agreement prohibited the use of Blaze Advisor by individuals who were not employees of Chubb & Son;

2. That such FICO personnel knew Chubb & Son had permitted the use of Blaze Advisor by individuals who were not employees of Chubb & Son;

3. That such FICO personnel freely and knowingly gave up FICO's right to enforce Paragraph 3.1 of the License Agreement that limited the installation and use of Blaze Advisor by individuals who were employees of Chubb & Son; and

4. That FICO clearly and unequivocally communicated its intent to give up its contractual rights.[3]

---

[2] *PBTC Int'l Bank v. Amsteel Int'l, Inc.*, No. 88 Civ. 3940 (CSH), 1991 U.S. Dist. LEXIS 7023, at *18-19 (S.D.N.Y. May 22, 1991) (quoting *Werking v. Amity Estates*, 2 N.Y.2d 47, 53 (1956)); *see also ZBD Constructors, Inc. v. Billings Generation, Inc.*, 2011 U.S. Dist. LEXIS 40433, at *23 (S.D.N.Y. Mar. 25, 2011).
[3] *Keitel v. E*TRADE Fin. Corp.*, 61 N.Y.S.3d 218, 219 (N.Y. App. Div. 2017).

You may not find intent based on FICO's mistaken belief, oversight, thoughtlessness, or silence.[4]

FICO's Position on Proposed Supplemental Jury Instruction No. 1

To the extent a jury instruction on waiver is required, FICO's proposed jury instruction more completely defines the controlling law and provides case-specific facts to orient the jury to the determinations they are required to make. Specifically, FICO's proposed instruction orients the jury to the facts of Paragraph 3.1(iv) and FICO's allegation that Paragraph 3.1(iv) was breached by the disclosure of Blaze Advisor to individuals who were not employees of the Client as defined by the License Agreement. In this way, the instruction properly ignores issues of territory which the Court has already fully resolved. (Dkt. 731 at 41 n.13.)

---

[4] *Travelers Cas. & Sur. v. Dormitory Auth.*, 735 F. Supp. 2d 42, 66 (S.D.N.Y. 2010); *Peck v. Peck*, 649 N.Y.S.2d 22, 23 (N.Y. App. Div. 1996); *O'Connor v. Collins*, 147 N.E. 65, 66 (N.Y. 1925); *Ferraro v. Janis*, 880 N.Y.S.2d 201, 203 (N.Y. 2009).

5

**FICO's Proposed Supplemental Jury Instruction No. 2: Effect of No-Waiver Provision**

You are instructed that the License Agreement contains a "no-waiver" provision, Paragraph 10.4. As a result of this provision, FICO's failure to insist upon strict compliance is not considered a waiver unless the parties signed another agreement to the contrary.[5] Where an agreement contains a no-waiver provision, a party's failure to insist upon strict compliance is not considered a waiver.[6]

<u>FICO's Position on Proposed Supplemental Jury Instruction No. 2</u>

To the extent a jury instruction on waiver is required, FICO's proposed jury instruction related to the Paragraph 10.4 No-Waiver provision more completely defines the controlling law and provides case-specific facts to orient the jury to the determinations they are required to make. Specifically, the instruction informs the jury of how no-waiver provisions are treated under New York contract law.

---

[5] *MVP Health Plan v. Optuminsight*, No. 1:13-CV-1578, 2016 U.S. Dist. LEXIS 189263, at *23-25 (N.D.N.Y. Sept. 30, 2016); *Towers Charter & Marine v. Cadillac Ins.*, 894 F.2d 516, 521-22 (2d Cir. 1990); *Fin. Techs. Int'l v. Smith*, 247 F. Supp. 2d 397, 407 (S.D.N.Y. 2002).
[6] *Fin. Techs. Int'l v. Smith*, 247 F. Supp. 2d 397, 407 (S.D.N.Y. 2002); *see also Lockheed Martin Transp. Sec. Sols. v. MTA Capital Constr.*, Nos. 09 Civ. 4077, 09 Civ. 6033, 2014 U.S. Dist. LEXIS 131395, at *72-73 (S.D.N.Y. Sep. 16, 2014).

**FICO's Proposed Supplemental Jury Instruction No. 3: Estoppel**

Federal claims that FICO may not enforce Paragraph 3.1(iv) of the License Agreement, which prohibited the use of Blaze Advisor by individuals who were not employees of Chubb & Son, because FICO clearly communicated its intent to Chubb & Son that it would not enforce these provisions and Chubb & Son reasonably relied on this communication. This is called "estoppel."

To succeed on its defense of estoppel. Federal must prove the following: [7]

1. That FICO personnel with authority to make binding statements on FICO's behalf knew the License Agreement prohibited the use of Blaze Advisor by individuals who were not employees of Chubb & Son; [8]

2. That Chubb & Son did not know the License Agreement prohibited the use of Blaze Advisor by individuals who were not employees of Chubb & Son;

3. That such FICO personnel made a clear communication to Chubb & Son that the License Agreement did not prohibit the use of Blaze Advisor by individuals who were not employees of Chubb & Son;

4. That FICO intended for Chubb & Son to rely on this clear communication;

5. That Chubb & Son reasonably relied on this clear communication; and

---

[7] *PBTC Int'l Bank v. Amsteel Int'l*, No. 88-3940, 1991 U.S. Dist. LEXIS 7023, at *19-21 (S.D.N.Y. May 22, 1991).

[8] *Learning Care Grp. v. Armetta*, No. 13-CV-1540, 2014 U.S. Dist. LEXIS 140132, at *36 (D. Conn. Sept. 30, 2014) ("[A] corporation can only be estopped when the actions in question have been induced by a duly authorized agent"); *see Commerce Funding v. Comprehensive Habilitation Servs.*, No. 01 Civ. 3796, 2005 U.S. Dist. LEXIS 2832, at *62-68 (S.D.N.Y. Feb. 24, 2005).

    6. That Chubb & Son prejudicially changed its position based upon its reasonable reliance, such as by spending money or taking actions it would not have taken otherwise.

You may not find intent based on FICO's mistaken belief, oversight, or silence.[9]

<u>FICO's Position on Proposed Supplemental Jury Instruction No. 3</u>

To the extent a jury instruction on estoppel is required, FICO's proposed jury instruction more completely defines the controlling law and provides case-specific facts to orient the jury to the determinations they are required to make. Specifically, FICO's proposed instruction orients the jury to the facts of Paragraph 3.1(iv) and FICO's allegation that Paragraph 3.1(iv) was breached by the disclosure of Blaze Advisor to individuals who were not employees of the Client as defined by the License Agreement. In this way, the instruction properly ignores issues of territory which the Court has already fully resolved. (Dkt. 731 at 41 n.13.)

---

[9] *Travelers Cas. & Sur. v. Dormitory Auth.*, 735 F. Supp. 2d 42, 66 (S.D.N.Y. 2010); *Peck v. Peck*, 649 N.Y.S.2d 22, 23 (N.Y. App. Div. 1996); *O'Connor v. Collins*, 147 N.E. 65, 66 (N.Y. 1925); *Ferraro v. Janis*, 880 N.Y.S.2d 201, 203 (N.Y. 2009).

**FICO's Proposed Supplemental Jury Instruction No. 4: Effect of Integration Provision**

You are instructed that the License Agreement contains an "integration" provision, Paragraph 10.5. As a result of this provision, FICO's failure to insist upon strict compliance is not considered estoppel unless the parties signed another agreement to the contrary.[10] Where an agreement contains an integration provision, a party's failure to insist upon strict compliance is not considered estoppel.[11]

<u>FICO's Position on Proposed Supplemental Jury Instruction No. 4</u>

To the extent a jury instruction on estoppel is required, FICO's proposed jury instruction related to the Paragraph 10.5 Integration provision more completely defines the controlling law and provides case-specific facts to orient the jury to the determinations they are required to make. Specifically, the instruction informs the jury of how integration provisions are treated under New York contract law.

---

[10] *Weeks Marine v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n*, No. 08 Civ. 9878, 2011 U.S. Dist. LEXIS 95358, at *36-37 (S.D.N.Y. Aug. 24, 2011).
[11] *ZBD Constructors v. Billings Generation*, No. 09 Civ. 6667, 2011 U.S. Dist. LEXIS 40433, at *22-26 (S.D.N.Y. Mar. 25, 2011).

**FICO's Proposed Supplemental Jury Instruction No. 5: Actual Authority**

You may find that a person has actual authority not to enforce FICO's contractual rights under Paragraph 3.1(iv) of the License Agreement on FICO's behalf if Federal proves the following: [12]

1. The words or conduct of FICO personnel having actual authority conveyed to the person in question that they had the authority not to enforce FICO's contractual rights under Paragraph 3.1(iv) of the License Agreement; and

2. The words or conduct of FICO personnel having actual authority would have led a reasonable person under the circumstances to believe that the person in question had the authority not to enforce FICO's contractual rights under Paragraph 3.1(iv) of the License Agreement.

FICO's Position on Proposed Supplemental Jury Instruction No. 5

To the extent a jury instruction on waiver or estoppel is required, FICO's proposed jury instruction on actual authority is needed to inform the jury of the legal bounds of who (i.e. what employees) can bind a corporation. FICO's proposed instruction more completely defines the controlling law and provides case-specific facts to orient the jury to the determinations they are required to make. Specifically, the instruction informs the jury of how actual authority is treated under New York contract law.

---

[12] *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996) (citing Restatement (Second) of Agency § 7 cmt. a (1958)).

|  |  |
|---|---|
|  | MERCHANT & GOULD P.C. |
| DATE: February 14, 2023 | /s/ Heather Kliebenstein |
|  | Allen Hinderaker, MN Bar # 45787 |
|  | Heather Kliebenstein, MN Bar # 337419 |
|  | Paige S. Stradley, MN Bar #393432 |
|  | Michael A. Erbele, MN Bar # 393635 |
|  | Joseph Dubis, MN Bar # 398344 |
|  | Gabrielle L. Kiefer, MN Bar # 402364 |
|  | MERCHANT & GOULD P.C. |
|  | 150 South Fifth Street |
|  | Suite 2200 |
|  | Minneapolis, MN  55402 |
|  | Tel:  (612) 332-5300 |
|  | Fax:  (612) 332-9081 |
|  | ahinderaker@merchantgould.com |
|  | hkliebenstein@merchantgould.com |
|  | pstradley@merchantgould.com |
|  | merbele@merchantgould.com |
|  | jdubis@merchantgould.com |
|  | gkiefer@merchantgould.com |