UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation,<br><br>Defendants. | Case No. 16-cv-1054 (DTS)<br><br><br><br><br><br>**BENCH MEMORANDUM ON ADMISSIBILITY OF FICO CASE STUDIES AND WHITE PAPERS** |

## INTRODUCTION

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests that the Court admit into evidence Exhibits P-932, P-1024, P-1025, P-1170, P-1171, P-1172, and P-1174 ("FICO Case Studies and White Papers"). The FICO Case Studies and White Papers were not the subject of any Motion in Limine filed by Defendants, and Defendants did not move to exclude the FICO Case Studies and White Papers prior to trial.

## LEGAL AUTHORITY AND ARGUMENTS

**I.   The FICO Case Studies and White Papers fall within the hearsay exception of Federal Rule of Evidence 803(6).**

Under Federal Rule of Evidence 803(6), "[a] record of an act, event, condition, opinion, or diagnosis" is admissible if: (1) "the record was made at or near the time by— or from information transmitted by—someone with knowledge;" (2) "the record was kept

1

in the course of a regularly conducted activity or business, organization, occupation, or calling, whether or not for profit;" and "(3) making the record was a regular practice of that activity." Fed. R. Evid. 803(6). Where [t]he business records exception applies, [ ] the records are deemed admissible, unless problems of untrustworthiness appear." *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002). It is the opponent's burden to demonstrate the records lack trustworthiness. Fed. R. Evid. 803(6)(E). They cannot.

    The FICO Case Studies and White Papers are documents that document the business benefits that FICO's customers received from using FICO's products. FICO will offer testimony of its Vice President of Marketing, Benjamin Baer, establishing these documents as FICO's business records. Mr. Baer will testify to the following:

- It is a regular practice of FICO to work with its clients to create FICO Case Studies and White Papers (to publish the client's experience using Blaze Advisor);
- The evidence (the FICO Case Studies and White Papers) is kept in the ordinary course of FICO's business;
- The third-party business information recorded in the case study/success story is received directly from FICO's client and reflects the benefits of the software that the client realized in its business;
- The third party (FICO's client) confirms the accuracy of the business information before the FICO Case Studies and White Papers are published;
- The custodian of the evidence (FICO) relies upon its accuracy; and

- The case study/white paper is made at or near the time FICO is working with its client.

The elements of Fed. R. Evid. 803(6) are met.

It is immaterial that the FICO Case Studies and White Papers contain information provided to FICO by its clients. The 8th Circuit has consistently recognized that "a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010); *see also Smith v. SEECO, Inc.*, 922 F.3d 406, 412-13 (8th Cir. 2019) (same) (citing *Brawner*, 591 F.3d at 987); *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910, 921 (8th Cir. 2013) ("[A] record created by a third party and used as part of another entity's records meets the business records exception, so long as the entity relied on the accuracy of that record and the remaining requirements of Rule 803(6) are met.") (citing *Brawner*, 591 F.3d at 987); *Estes v. ECMC Grp., Inc.*, 565 F. Supp. 3d 244, 255 (D.N.H. 2021) ("A third-party's business record is admissible where the party that produced the business records relied on the third-party document and documents such as those in his business.") (internal quotations omitted) (citing *Brawner*, 591 F.3d at 987).

For example, in *Bezek v. First National Bank*, the court found that a company's business records, including a chart created by the proponent that incorporated information received from third parties, was admissible under the business records exception: "[W]hen a custodian incorporates records created by a third-party into their own business

records and relies on those records in conducting their business, such evidence may properly be considered by the Court under the business records exception." No. SAG-17-2902, 2023 U.S. Dist. LEXIS 10480, at *31 (D. Md. Jan. 20, 2023) (citing *Brawner*, 591 F.3d at 987). Likewise, in *Concord Boat Corp. v. Brunswick Corporation*, the court found that a company's business records that incorporated industry performance statistics kept by a third party in their course of business were admissible under Federal Rule of Evidence 803(6) because the proponent "relie[d] on the [third-party] records in evaluating its performance in the [relevant] industry". No. LR-C-95-781, 1998 U.S. Dist. LEXIS 14570, at *8 (E.D. Ark. Mar. 6, 1998).

     Here, Mr. Baer will testify that FICO receives the information incorporated into the FICO Case Studies and White Papers directly from its clients, who keep it in the ordinary course of their business. Mr. Baer will testify that FICO relies on the FICO Case Studies and White Papers in marketing to prospective clients, as these documents demonstrate the benefits that FICO's clients have received from FICO's products. Mr. Baer will testify that FICO distributes the FICO Case Studies and White Papers to prospective clients, and it relies on the accuracy of the information for that purpose. In fact, Mr. Baer will testify that FICO's clients must confirm the accuracy of the Case Studies and White Papers before they are published. If FICO's clients do not verify the information, the specific Case Study or White Paper is not published. Because the elements of the business record exception are met, as explained above, the FICO Case Studies and White Papers are admissible as FICO's business records.

## II. The FICO Case Studies and White Papers meet the other requirements for admissibility.

### A) *The FICO Case Studies and White Papers have sufficient foundation.*

The FICO Case Studies and White Papers meet the foundational requirements. "Foundation under the business record exception to the hearsay rule may be supplied by a custodian of records or 'other qualified witness' who has no personal knowledge regarding the creation of the document." *United States v. Kail*, 804 F.2d 441, 448 (8th Cir. 1986) (quoting Fed. R. Evid. 803(6)); *Resolution Tr. Corp. v. Eason*, 17 F.3d 1126, 1132 (8th Cir. 1994) ("As long as the other requirements of the business records exception are met, a custodian or 'other qualified witness' need not have personal knowledge regarding the creation of the document offered, or personally participate in its creation, or even know who actually recorded the information.") (quotations omitted); *see also Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-DGK, 2009 U.S. Dist. LEXIS 135021, at *12-13 (W.D. Mo. Aug. 3, 2009) ("The purpose of the business records exception is to eliminate the need to call multiple witnesses who collectively have personnel knowledge of all the events memorialized in the business records by calling a single witness who can *authenticate* the records. A witness acting to authenticate business records does not have to have personal knowledge of the events memorialized in the records, . . . he need only have knowledge of the record keeping procedures of the business to demonstrate that the records have been prepared and kept in the course of a regularly conducted business activity.") (emphasis in original).

Mr. Baer will properly lay the foundation for admitting the FICO Case Studies and White Papers by testifying regarding the accuracy of the information received from FICO's clients, and FICO's creation and compilation of the FICO Case Studies and White Papers.

### B) The FICO Case Studies and White Papers are properly authenticated under Federal Rule of Evidence 901.

The FICO Case Studies and White Papers are properly authenticated. Under Federal Rule of Evidence 901, evidence is authenticated where the party produces "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Here, Mr. Baer has personal knowledge of the FICO Case Studies and White Papers, as he was involved in creating and approving the FICO Case Studies and White Papers. This knowledge, as conveyed through Mr. Baer's testimony, is sufficient to authenticate the FICO Case Studies and White Papers. *See, e.g.,* Fed. R. Evid. 901(b)(1); *Felix v. Rios*, No. 08-4925 (PAM/RLE), 2009 U.S. Dist. LEXIS 83121, at *13 (D. Minn. Aug. 3, 2009) (finding a declaration that the records "were true and accurate copies . . . kept in the ordinary course of business" sufficient to authenticate documents falling within the business record exception of Rule 803(6)).

The FICO Case Studies and White Papers are also authenticated under Federal Rule of Evidence 901(b)(4). Under this Rule, distinctive characteristics of the evidence, such as appearance, contents, substance, or internal patterns may authenticate evidence. *Id.* For example, a report may be authenticated where it is printed on letterhead. *See, e.g.*, *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 852 (S.D. Ohio 2009); *United*

*States ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985 ABC (Ex), 2002 U.S. Dist. LEXIS 26674, at *38 n.16 (C.D. Cal. Aug. 5, 2002). The FICO Case Studies and White Papers may be authenticated pursuant to Federal Rule of Evidence 901(b)(4). They each bear a "FICO" header, explain the contents of the document, and indicate the source of the document. These distinctive characteristics authenticate the FICO Case Studies and White Papers. Fed. R. Evid. 901(b)(4).

Finally, the FICO Case Studies and White Papers may be self-authenticated pursuant to Federal Rule of Evidence 902(11). Under this Rule, a record of a regularly conducted activity may be authenticated where there is testimony that the record meets the business record exception of Federal Rule of Evidence 803(6)(A)-(C). As described above, Mr. Baer will testify that the FICO Case Studies and White Papers (1) were created at or around the time the information was compiled by FICO's marketing department; (2) were regularly created and kept in the ordinary course of FICO's business; and (3) were relied upon by FICO in the ordinary course of FICO's business. Fed. R. Evid. 803(6). This testimony is sufficient to authenticate them under Federal Rule of Evidence 902(11).

### C) *The FICO Case Studies and White Papers are Relevant under Federal Rule of Evidence 401.*

The FICO Case Studies and White Papers are relevant. Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable." Fed. R. Evid. 401. Satisfying the relevance burden under Rule 401 is "an

extremely low burden." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016).

Here, the FICO Case Studies and White Papers are admissible under Rule 401 because they are relevant to showing the business value of Blaze Advisor. Judge Wright ruled that a consideration of the "intrinsic value" of Blaze Advisor is relevant. (Dkt. 731 at 18.) The business benefits of Blaze Advisor reflected in the FICO Case Studies and White Papers are relevant to show the "market value of Blaze Advisor." (*Id.* at 18-19.) The Case Studies and White Papers are also relevant to demonstrate that the business values FICO markets to its potential clients were actually achieved by those clients. The Case Studies and White Papers show that these companies benefitted from using Blaze Advisor.

## **CONCLUSION**

The FICO Case Studies and White Papers fall within the business record exception to hearsay under Federal Rule of Evidence 803(6). The FICO Case Studies and White Papers meet the other requirements for admissibility. Therefore, the FICO Case Studies and White Papers are properly admitted.

|  |  |
|---|---|
|  | MERCHANT & GOULD P.C. |
| DATE: February 16, 2023 | /s/ Heather Kliebenstein<br>Allen Hinderaker, MN Bar # 45787<br>Heather Kliebenstein, MN Bar # 337419<br>Paige S. Stradley, MN Bar #393432<br>Michael A. Erbele, MN Bar # 393635<br>Joseph Dubis, MN Bar # 398344<br>Gabrielle L. Kiefer, MN Bar # 402364<br>MERCHANT & GOULD P.C.<br>150 South Fifth Street<br>Suite 2200<br>Minneapolis, MN  55402<br>Tel:  (612) 332-5300<br>Fax:  (612) 332-9081<br>ahinderaker@merchantgould.com<br>hkliebenstein@merchantgould.com<br>pstradley@merchantgould.com<br>merbele@merchantgould.com<br>jdubis@merchantgould.com<br>gkiefer@merchantgould.com |