## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) | **BENCH MEMORANDUM ON ADMISSIBILITY OF CONSULTANT REPORTS** |
| Defendants. | ) ) ) | |

## INTRODUCTION

Plaintiff Fair Isaac Corporation ("FICO") respectfully requests that the Court admit into evidence Exhibits P-295 and P-1028 ("Consultant Reports"). The Consultant Reports were not the subject of any Motion in Limine filed by Defendants, and Defendants did not move to exclude the Consultant Reports prior to trial.

## LEGAL AUTHORITY AND ARGUMENTS

### I.  The Consultant Reports fall within the hearsay exception of Federal Rule of Evidence 803(6).

Under Federal Rule of Evidence 803(6), "[a] record of an act, event, condition, opinion, or diagnosis" is admissible if: (1) "the record was made at or near the time by— or from information transmitted by—someone with knowledge;" (2) "the record was kept in the course of a regularly conducted activity or business, organization, occupation, or

1

calling, whether or not for profit;" and "(3) making the record was a regular practice of that activity." Fed. R. Evid. 803(6). Where [t]he business records exception applies, [ ] the records are deemed admissible, unless problems of untrustworthiness appear." *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002). It is the opponent's burden to demonstrate the records lack trustworthiness. Fed. R. Evid. 803(6)(E).

The Consultant Reports are created by independent consultants and documents the business benefits of FICO's software.

FICO will offer testimony of its Vice President of Marketing, Benjamin Baer, establishing these documents as FICO's business records. Mr. Baer will testify to the following:

- It is a regular business practice of FICO to work with third-party analysts to prepare Consultant Reports regarding the FICO's products;

- FICO provided information to the third-party analysts that was kept in the ordinary course of FICO's business;

- It is the regular business practice of third-party analysis to prepare Consultant Reports such as the reports at issue here;

- FICO ensures the information provided to third-party analysts is accurate;

- The third-party analysts confirm the accuracy of the information before the Consultant Reports are published;

- The Consultant Reports are made at or near the time they are working with FICO;

- The resulting Consultant Reports are incorporated into the business records of FICO, and the custodian of the evidence (FICO) relies upon the accuracy of the Consultant Reports.

The elements of Fed. R. Evid. 803(6) are met.

The 8th Circuit has consistently recognized that "a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010); *see also Smith v. SEECO, Inc.*, 922 F.3d 406, 412-13 (8th Cir. 2019) (same) (citing *Brawner*, 591 F.3d at 987); *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910, 921 (8th Cir. 2013) ("[A] record created by a third party and used as part of another entity's records meets the business records exception, so long as the entity relied on the accuracy of that record and the remaining requirements of Rule 803(6) are met.") (citing *Brawner*, 591 F.3d at 987); *Estes v. ECMC Grp., Inc.*, 565 F. Supp. 3d 244, 255 (D.N.H. 2021) ("A third-party's business record is admissible where the party that produced the business records relied on the third-party document and documents such as those in his business.") (internal quotations omitted) (citing *Brawner*, 591 F.3d at 987).

*Condus v. Howard Savings Bank*, is instructive. 986 F. Supp. 914 (D.N.J. 1997). In that case, when presented with a nearly identical fact pattern, the court held that

assessments conducted by a third-party consultant, which included review of internal documents and interviews with employees of the proponent were admissible as business records of that proponent. *Id.* at 920. Specifically, the court noted that "the investigation and fact-gathering used to create the [ ] Report were conducted right up until the presentation of  the final report," and the party "intended to rely on the [ ] Reports for business purposes independent of anticipated litigation." *Id.* at 918-19. The court further noted that the "Reports were made in the ordinary course of regularly conducted business activity" because the third party "was a consulting company. Its entire business was to create these reports." *Id.* at 918.

Here, the Consultant Reports are conducted by independent consultants by relying on interviews with and information provided by FICO's marketing team. Mr. Baer will testify that FICO relied upon the accuracy of the Consultant Reports, which are kept in the ordinary course of FICO's own business. Mr. Baer will testify that FICO relies on the accuracy of the Consultant Reports by, for example, distributing the Consultant Reports to its prospective customers in the ordinary course of marketing its products.

Mr. Baer's testimony will also establish that the remaining requirements of Federal Rule of Evidence 803(6) are met. Mr. Baer will testify that the Consultant Reports (1) were created at or around the time the information was compiled by FICO's marketing department; (2) were regularly created and kept in the ordinary course of FICO's business; and as described above (3) were relied upon by FICO in the ordinary course of FICO's business. Fed. R. Evid. 803(6). Because the other elements of the

business record exception are met, the Consultant Reports are admissible as FICO's business records.

## II.   The Consultant Reports meet the other requirements for admissibility.

### A) The Consultant Reports have sufficient foundation.

The Consultant Reports meet the foundational requirements. "Foundation under the business record exception to the hearsay rule may be supplied by a custodian of records or 'other qualified witness' who has no personal knowledge regarding the creation of the document." *United States v. Kail*, 804 F.2d 441, 448 (8th Cir. 1986) (quoting Fed. R. Evid. 803(6)); *Resolution Tr. Corp. v. Eason*, 17 F.3d 1126, 1132 (8th Cir. 1994) ("As long as the other requirements of the business records exception are met, a custodian or 'other qualified witness' need not have personal knowledge regarding the creation of the document offered, or personally participate in its creation, or even know who actually recorded the information.") (quotations omitted); *see also Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-DGK, 2009 U.S. Dist. LEXIS 135021, at *12-13 (W.D. Mo. Aug. 3, 2009) ("The purpose of the business records exception is to eliminate the need to call multiple witnesses who collectively have personnel knowledge of all the events memorialized in the business records by calling a single witness who can *authenticate* the records. A witness acting to authenticate business records does not have to have personal knowledge of the events memorialized in the records, . . . he need only have knowledge of the record keeping procedures of the business to demonstrate that the records have been prepared and kept in the course of a regularly conducted business activity.") (emphasis in original).

Here, Mr. Baer will properly lay the foundation for admitting the Consultant Reports by testifying regarding the accuracy of the information FICO provided to the independent consultants responsible for their creation and FICO's maintenance and distribution of the Consultant Reports in the ordinary course of its business. Mr. Baer personally worked with the independent consultants responsible for creating the Consultant Reports.

### B) The Consultant are properly authenticated under Federal Rule of Evidence 901.

The Consultant Reports are properly authenticated. Under Federal Rule of Evidence 901, evidence is authenticated where the party produces "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Here, Mr. Baer has personal knowledge of the Consultant Reports, as he was involved providing FICO's information to the Consultant consultants and confirming the accuracy of that information. He is also knowledgeable about the Consultant Reports, which are distributed to FICO's prospective clients. This knowledge, as conveyed through Mr. Baer's testimony, is sufficient to authenticate the Consultant Reports. *See, e.g.,* Fed. R. Evid. 901(b)(1); *Felix v. Rios*, No. 08-4925 (PAM/RLE), 2009 U.S. Dist. LEXIS 83121, at *13 (D. Minn. Aug. 3, 2009) (finding a declaration that the records "were true and accurate copies . . . kept in the ordinary course of business" sufficient to authenticate documents falling within the business record exception of Rule 803(6)).

The Consultant Reports are also authenticated under Federal Rule of Evidence 901(b)(4). Under this Rule, distinctive characteristics of the evidence, such as

6

appearance, contents, substance, or internal patterns may authenticate evidence. *Id.* For example, a report may be authenticated where it is printed on letterhead. *See, e.g.*, *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 852 (S.D. Ohio 2009); *United States ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985 ABC (Ex), 2002 U.S. Dist. LEXIS 26674, at *38 n.16 (C.D. Cal. Aug. 5, 2002). The Consultant Reports may be authenticated pursuant to Federal Rule of Evidence 901(b)(4). They each bear a header indicating their source, explain the contents of the document, and indicate the source of the document. These distinctive characteristics authenticate the Consultant Reports. Fed. R. Evid. 901(b)(4).

Finally, the Consultant Reports may be self-authenticated pursuant to Federal Rule of Evidence 902(11). Under this Rule, a record of a regularly conducted activity may be authenticated where there is testimony that the record meets the business record exception of Federal Rule of Evidence 803(6)(A)-(C). As described above, Mr. Baer will testify that the Consultant Reports (1) were created at or around the time FICO furnished information to the Consultant consultants; (2) were regularly kept in the ordinary course of FICO's business; and (3) were relied upon by FICO in the ordinary course of FICO's business. Fed. R. Evid. 803(6). This testimony is sufficient to authenticate them under Federal Rule of Evidence 902(11).

### C)  The Consultant Reports are Relevant under Federal Rule of Evidence 401.

The Consultant Reports are relevant. Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable." Fed. R.

Evid. 401. Satisfying the relevance burden under Rule 401 is "an extremely low burden." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016).

Here, the Consultant Reports are admissible under Rule 401 because they are relevant to showing the business value of Blaze Advisor. Judge Wright ruled that a consideration of the "intrinsic value" of Blaze Advisor is relevant. (Dkt. 731 at 18.) The business benefits of Blaze Advisor reflected in the Consultant Reports are relevant to show the "market value of Blaze Advisor." (*Id.* at 18-19.) They are also relevant to show the market recognition of Blaze Advisor as an industry-leading business rules management system.

## <u>CONCLUSION</u>

The Consultant Reports fall within the business record exception to hearsay under Federal Rule of Evidence 803(6). The Consultant Reports meet the other requirements for admissibility. Therefore, the Consultant Reports are properly admitted.

MERCHANT & GOULD P.C.

DATE: February 16, 2023

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar #393432
Michael A. Erbele, MN Bar # 393635
Joseph Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com