

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

February 16, 2023

**Leah Godesky**
D: +1 310 246 8501
lgodesky@omm.com

**BY ECF**

Honorable David T. Schultz
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:     *Fair Isaac Corp. v. Federal Insurance Co. et al.*, **16-cv-1054**

Dear Judge Schultz:

I write on behalf of Defendants Federal Insurance Company and ACE American Insurance Company.

The Court should exclude from evidence agreements entered into by FICO and other licensees to settle disputes over Blaze Advisor usage.  In opening, FICO indicated it would rely on past settlements between FICO and other companies:

> Now, the acquisition of one company by another is not uncommon.  We heard examples of that yesterday.  And the evidence in this case will include the fact that FICO and its client, and other clients, have had acquisition events, and FICO and its other clients have been able to come to terms for FICO's consent to the continued use of Blaze Advisor.  But that did not happen here in this case, and that's why we're together.

Trial Tr. at 32:5-11.

Settlement agreements between FICO and other companies are not relevant to this dispute and present a substantial risk of unfair prejudice and waste of time.  Specifically, the Court should exclude exhibits P-424 (settlement agreement with Dell), P-425 (Oracle), P-437 (Xerox), P-439 (Software AG), P-812 (National Bureau of Credit Histories), P-810 (EDS), P-430 (US Bank NA/New Stone Ventures, LLC), P-767 (same), P-427 (Aetna Health Management/Aetna Life Insurance Co.), and P-803 (same).

These settlement agreements are irrelevant:   that a different business, under different circumstances, chose to avoid litigation by settling with FICO has no bearing on any issue in this case.  Admitting evidence that claims other than the one being litigated have settled "implicate[s] the same concerns of prejudice and deterrence of settlements which underlie [Federal Rule of Evidence] 408."  *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 699-700 (8th Cir. 2008).



And under Rule 408, settlement evidence "is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position."  Fed. R. Evid. 408 advisory committee's note; *accord Moore v. Rubin*, 2020 WL 13573582, at *1 (E.D.N.Y. Jan. 31, 2020) ("Parties settle litigation for many reasons unrelated to liability; it is not always an admission of guilt.").

This rationale also shows why admitting settlement agreements risks unfair prejudice.  The jury may not appreciate that a settlement is not an admission of guilt or that the amount of a settlement does not reflect the value of a claim.  Admitting settlements will invariably invite the jury to make inferences that the rules of evidence forbid.  *See* Fed. R. Evid. 408.  Courts recognize this risk in many areas of law.  *See, e.g.*, *Dahlgren*, 533 F.3d at 699-700; *Wang Labs., Inc. v. Mitsubishi Elec. Am.*, 860 F. Supp. 1448, 1452 (C.D. Cal. 1993) ("It is a century-old rule that royalties paid to avoid litigation are not a reliable indicator of the value of a patent, and should therefore be disregarded when determining reasonable royalty rates.  This is because royalties paid under threat of suit may reflect the licensee's desire to avoid the risk and expense of litigation." (citing *Rude v. Westcott*, 130 U.S. 152, 164 (1889))).

Admitting settlements will also "confuse the issues and waste time."  *Moore*, 2020 WL 13573582, at *1.  If a settlement between FICO and another business comes into evidence, the parties will need to present evidence to discern each company's motivations for settling.  *See Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 280 (S.D.N.Y. Mar. 11, 2015).  Settlements are not akin to license agreements entered into between FICO and other parties, which are probative of the meaning of the License Agreement, *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 23 N.Y. 549, 572 (2014), and the fair market value of Blaze Advisor, *Gaylord v. United States*, 777 F.3d 1363, 1368 (Fed. Cir. 2015).  Quite the contrary:  "the fact of settlement cannot be taken as an admission[,]" only an indication that a company wished to avoid FICO suing them.  *RFF Family P'ship, LP v. Ross*, 814 F.3d 520, 530 (1st Cir. 2016).

The Court should exclude exhibits P-424, P-425, P-437, P-439, P-812, P-810, P-430, P-767, P-427, and P-803.

Respectfully submitted,

/s/ Leah Godesky

Leah Godesky

cc:     Counsel of Record