UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fair Isaac Corp., | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Federal Insurance Company et al., | |
| Defendant. | |

## INTRODUCTION

Defendants Federal Insurance Company and ACE American Insurance Company (collectively, Defendants) objected to admission into evidence of nine exhibits (P-295, P-932, P-1024, P-1025, P-1028, P-1171, P-1172, and P-1174), arguing they are irrelevant, hearsay, unfairly prejudicial, and/or improperly withheld during discovery. The objection is sustained in part and overruled in part.

## CONCLUSIONS OF LAW

### I.   Consultant Reports

Plaintiff Fair Isaac Corporation (FICO) seeks to admit two reports authored by consulting firms but commissioned by FICO: Exhibit P-295, "The Value of Embedding the FICO Blaze Advisor Decision Rules Management System," authored by Enterprise Strategy Group and Exhibit P-1028, "The Total Economic Impact of FICO Decision Modeler," authored by Forrester. Defendants argue these consulting reports are inadmissible because they are hearsay and do not fall into any of the recognized exceptions to the rule against hearsay. *See* Fed. R. Evid. 802, 803; Def. Letter to

1

Magistrate Judge, Dkt. No. 1084. Plaintiff contends the consultant reports fall under 803(6)'s exception to the rule against hearsay, which allows for admission of business records. Pl. Bench Mem. on Admissibility of Consultant Reports at 1-3; Dkt. No. 1083; Fed. R. Evid 803(6). Because the Eighth Circuit has recognized third-party business records may fall under the exception when a party relies on them in the ordinary course of its business, and FICO claims it has done just that, the consultant reports should be considered adopted by FICO. *Id.* at 4 (citing *Brawner v. Allstate Indem. Co.*, 591 F.3d 984 (8th Cir. 2010)

The adoptive business records rule does not apply here. *Brawner*, 591 F.3d 984, the leading case on this rule, involved one business integrating into its business records what were obviously business records of the providing company—mortgage foreclosure documents. The same is true in other cases cited by FICO, including *Smith v. SEECO, Inc.*, 922 F.3d 406 (8th Cir. 2019) (royalty payment statements) and *Res. Fund. Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910 (8th Cir. 2013) (mortgage documents). The parties in those cases relied on third-party business records like royalty statements or invoices, which were then incorporated into the recipient's business records. That is not how the consultant reports were used here. Even *Condus v. Howard Savings Bank*, 986 F.Supp. 914 (D.N.J. 1997), which involved a consultant report, is distinguishable. There, the court admitted the outside consultant's report because the recipient commissioned it to review its business operations. In other words, the document there was created so that the recipient could use it and rely on its accuracy to run its business operations, a circumstance absent in this case.

Furthermore, the consultant reports were created by relying on information from FICO customers, including conversations the consulting firms had with those customers. Despite the obvious hearsay issue this raises, FICO argues the reports are reliable because the process of creating the reports was similarly reliable. Yet FICO could not identify what due diligence the consulting firms conducted to ensure reliability, and the customers involved in these reports are not available to cross-examine. Without assurance of the reliability of the reports, they do not fall into 803(6). For these reasons, P-295 and P-1028 are inadmissible.

## II. Case Studies

The case studies FICO seeks to introduce (P-932, P-1024, P-1025, P-1170) are plagued with out-of-court statements made by FICO customers and are inadmissible as hearsay. *See* Fed. R. Evid. 802. While FICO itself created the case studies, and even assuming it relies on these case studies in the ordinary course of its business, the underlying information is inadmissible hearsay. The case studies appear to be based on anecdotal descriptions of customer satisfaction and experiences using FICO products.[1] While those customer statements may have been based, in part, on the customers' own business records, it is not clear from the case studies what records those were or how they were used or incorporated into the case studies, leaving no information to test their reliability. These customer satisfaction statements are the kind of information that needs to be subject to cross-examination of the declarant—the customer—a circumstance not

---

[1] In addition, several of the case studies were created several years after this litigation was initiated and/or involved FICO products other than or in addition to Blaze Advisor, making them irrelevant to an extent and unfairly prejudicial.

possible here. These case studies (P-932, P-1024, P-1025, P-1170) are thus inadmissible.

### III. White Papers

FICO seeks to admit three white papers it also uses in marketing its products (P-1171, P-1172, and P-1174). Defendants claim these white papers are not the type of document contemplated by 803(6)'s business record exception to the rule against hearsay. Def. Letter at 4; Dkt. No. 1084. FICO does not, Defendants claim, rely on the white papers to conduct its business, rather FICO relies on the white papers to sell more software. *Id.* The white papers are admissible so long as portions identified by the Court are redacted. These white papers contain limited hearsay which can easily be redacted, and they are relevant to show the basis on which FICO claims Blaze Advisor has unique value to its clients. This allows FICO to present evidence that it understands it has satisfied customers, but it excludes any specific statements from such customers, which would need to be tested through cross-examination. Thus, P-1171, P-1172, and P-1174 are admissible with redactions.

### IV. Timeliness

Lastly, some of these same documents are also inadmissible because they were not produced in a timely fashion. P-1024, P-1025, and P-1028 were produced six weeks ago as supplementation to prior discovery, but these documents were each created in 2021. The supplementation was too late, and they are inadmissible on that basis as well.

For the reasons set forth above, IT IS HEREBY ORDRED:

    1.    Plaintiff's Exhibits 295, 932, 1024, 1025, 1028, and 1170 are inadmissible and Defendants' objection is **SUSTAINED.**

    2.    Plaintiff's Exhibits 1171, 1172, and 1174 are admissible with redactions. The Defendants' objection is **SUSTAINED IN PART AND OVERRULED IN PART.**

Dated: February 19, 2023                                s/ David T. Schultz
                                                                     David T. Schultz
                                                                     U.S. Magistrate Judge