

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

February 26, 2023

Honorable David T. Schultz <u>**VIA ECF**</u>
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

**Re:  *Fair Isaac Corp. v. Federal Insurance Co. et al.,* No. 16-cv-01054-DTS**

Dear Judge Schultz:

    I write on behalf of Plaintiff Fair Isaac Corporation ("FICO") regarding Defendants Federal Insurance Company's and ACE American Insurance Company's (collectively, "Defendants") request for a curative instruction regarding certain testimony of Mr. Carretta. That request should be denied. A curative instruction specific to Mr. Carretta's testimony is improper and unnecessary.

I. <u>A curative instruction is improper because Ms. Godesky opened the door.</u>

    During cross-examination Ms. Godesky asked Mr. Carretta his understanding of Paragraph 10.8 of the License Agreement:

> Q [Godesky]. My question is whether you agree that the words on the page state, "that FICO cannot unreasonably withhold a consent to expanded use."
>
> A. It's a non sequitur.  The way its [sic] written it's comma and client shall make no expanded use, which grammatically means it's a covenant.  It's a separate, independent term of the sentence.  And client shall make no expanded use as a result of, unless and until, they receive such consent.  So I don't agree with you.
>
> Q [Godesky]. **Even under your understanding of this agreement**, if Chubb were to ask FICO for consent after a merger or acquisition, this agreement says that FICO will not unreasonably withhold that consent, correct?
>
> A. No, that's not correct.

(Ex. 1 at 925:1-14 (emphasis added).) Although Ms. Godesky's original question is posed as what "the words on the page state", what she actually said are not the words on the page.

(*Compare* Ex. 1 at 925:1-3 *with* J-001 at ¶ 10.8.) Her question was directed not to what was stated in the License Agreement but to Mr. Carretta's understanding and interpretation of Paragraph 10.8. Indeed, Ms. Godesky's next question is expressly directed to Mr. Carretta's understanding of Paragraph 10.8 and what is or is not required under that paragraph.

Ms. Godesky also asked Mr. Carretta whether he agreed that a Commercial Proposal (P-0094) provided by Chubb & Son during post-acquisition negotiations was a commitment not to expand use. After confirming the Commercial Proposal offered to limit the number of seats and applications, she asked "That sounds like a commitment not to expand use to new applications or new people, correct?" (Ex. 1 at 932:1-2.) Mr. Carretta responded, "I'm not sure I would agree with you on that." (*Id.* at 932:3.)

Despite Ms. Godesky's questions, Defendants now seek a curative instruction regarding the below testimony offered by Mr. Carretta on redirect about that same Commercial Proposal:

> Q [Hinderaker]. And so is it in your – is it a non sequitur to consider this proposal, this commercial proposal, as having any change to your notice of breach letter?
>
> A. Yes.
>
> Q [Hinderaker]. What?
>
> A. Yes.
>
> Q [Hinderaker]. What is it?
>
> A. This is just a whole different way, this is a whole new deal, and that looks like expanded use to me. It looks like they're changing the way that they want to go about doing things.

(Ex. 1 at 951:1-11; *see also*, *id.* at 950:12-951:11.) Mr. Carretta's testimony is perfectly acceptable. Ms. Godesky opened the door. Her questions to Mr. Carretta were not directed to the business purpose of Paragraph 10.8. Instead, she asked Mr. Carretta about his understanding of Paragraph 10.8, what was or was not permitted under that paragraph, and whether the Commercial Proposal was a commitment not to expand use. Defendants cannot now complain when Mr. Carretta testified that the Commercial Proposal was not a commitment not to expand use; rather, it "look[ed] like expanded use to [him]." (Ex. 1 at 951:1-11.) *E.g.*, *U.S. v. Beason*, 220 F.3d 964, 968 (8th Cir. 2000) (use of otherwise inadmissible evidence permissible to clarify or rebut an issue opened up on cross-examination); *U.S. v. Womochil,* 778 F.2d 1311, 1315 (8th Cir. 1985) (scope of redirect is within sound discretion of district court).

II.     <u>A specific curative instruction regarding Mr. Carretta's testimony is unnecessary.</u>

A curative instruction is unnecessary because a general instruction regarding attorney testimony can make clear that attorney testimony does not reflect the meaning of the contract and that it is the jury's role to determine breach. A curative instruction is also unnecessary because Mr. Carretta's testimony was directed to the Commercial Proposal and was not specifically tied to the License Agreement or whether Chubb & Son's use actually expanded.

Sincerely,

Heather J. Kliebenstein