

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

February 26, 2023

Honorable David T. Schultz     **VIA ECF**
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.*, No. 16-cv-01054-DTS

Dear Judge Schultz:

I write on behalf of Plaintiff Fair Isaac Corporation ("FICO"). FICO intends to introduce and admit exhibits P-0016A, P-0016, P-0900, P-1060, and P-1061 during its adverse direct examination of Defendants' employee and corporate representative Mr. Ghislanzoni. These exhibits are emails with their respective attachments (if any), hereinafter the "Emails."[1] Defendants have objected to the Emails based on relevance, prejudice, and hearsay. These objections should be overruled, and FICO should be entitled to admit into evidence and question Mr. Ghislanzoni about the Emails and the contents therein.

**I.   The Emails are relevant to establish breach of Paragraph 3.1 of the License Agreement.**

Defendants' objections to the Emails as irrelevant and prejudicial are meritless. The Emails that FICO seeks to introduce help prove breach of Paragraph 3.1 of the License Agreement. That Paragraph prohibits the Client from disclosing or permitting use or access of Blaze Advisor by third parties. FICO has alleged that Paragraph 3.1 was

---

[1] P-0016A is an email, and P-0016 is an attachment to that email. P-1060 is an email, and P-1061 is an attachment to that email. P-0900 is an email with no attachment. The Emails are attached hereto as Exhibits 1-5.

breached when disclosure, use, or access of Blaze Advisor was permitted for two third-party consultants, AppCentrica and DWS Group. The Emails go directly to establishing that breach with respect to these third parties. For example ███████████████████████████████████████████████████████████████████████████████ (Ex. 4.) There is no genuine dispute that these Emails are relevant. The fact the Emails are unfavorable to Defendants' case does not render them prejudicial or confusing under Rule 403. *E.g.*, *State v. Bowman*, 144 Ohio App. 3d 179, 185, 759 N.E.2d 856, 861 (Ohio 2001) ("Unfavorable evidence is not equivalent to unfairly prejudicial evidence. . . . The evidence must cause unfair prejudice, for if the term 'unfair prejudice' simply meant prejudicial or unfavorable, anything adverse to a litigant's case would be excluded under Evid. R. 403.")

## II. The Emails are admissible as adverse party admissions and/or business records.

### A. P-0900, P-1060, and P-1061 are not hearsay because they are adverse party admissions under Fed. R. Evid. 801(d)(2).

P-0900, P-1060, and P-1061 are admissible under Rule 801(d)(2) as adverse party admissions. They are statements offered against Defendants and were made by Defendants in an individual or representative capacity or were made by Defendants' employees on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(A), 801(d)(2)(D). Courts routinely admit a party's emails as adverse party admissions. *See, e.g.*, *United States v. Broussard*, No. 19-cr-0101 (SRN/ECW), 2022 WL 832092, at *2 (D. Minn. Mar. 21, 2022) (holding that statements in email were admissible as an opposing party's statement under Rule 801(d)(2)(A)); *Kehr v. Principal Life Ins. Co.*, No. 4:09CV3136, 2010 WL 11545693, at *17 n.8 (D. Neb. Nov. 24, 2010) ("The email statement constitutes an admission against interest which is admissible under Federal Rule of Evidence 801(d)(2)"); *United States v. Gasperini*, No. 16-CR-441 (NGG), 2017 WL 3140366, at *5 (E.D.N.Y. July 21, 2017) ("[E]mails sent by Defendant are admissible for their truth as statements of a party-opponent."); *Cobbs v. City of Newburgh - City Council*, No. 09 CIV. 3800 (LMS), 2012 WL 12884367, at *3 n.6 (S.D.N.Y. Nov. 19, 2012); *see also Ruberti v. Ethicon, Inc.*, No. 2:20-CV-874-WKW [WO], 2022 WL 17887527 at *11 (M.D. Ala. Dec. 22, 2022) (explaining that statements made by Defendants' employees were statements of an opposing party and not hearsay).

Here, P-0900, P-1060, and P-1061 include statements made by employees of Chubb Canada within the scope of their employment (or in an individual or representative capacity), and they should be admitted as non-hearsay.

### B. The Emails fall within the business record exception to hearsay under Fed. R. Evid. 803(6).

Each of the Emails are Chubb email communications produced by Defendants in this litigation and are separately admissible as a business record of Defendants. For example, ███ and emails relating to the same) are all standard practices in the business world. *See Cantaxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, No. H-06-1330, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008) ("Courts have held that conventional letters, memos, or notes are admissible under the business records exception if they are regularly made in furtherance of the employer's needs and not for the personal purposes of the employee who made them."); *In re Lyondell Chem. Co.*, No. 09-1375 (MG), 2016 WL 6108526, at *4 (Bankr. S.D.N.Y. Oct. 19, 2016) (finding meeting agenda admissible as a business record).

Admittedly, Mr. Ghislanzoni is not the sender or recipient of the Emails. But "[f]oundation under the business record exception to the hearsay rule may be supplied by a custodian of records or 'other qualified witness' who has no personal knowledge regarding the creation of the document." *United States v. Kail*, 804 F.2d 441, 448 (8th Cir. 1986) (quoting Fed. R. Evid. 803(6)); *Resolution Tr. Corp. v. Eason*, 17 F.3d 1126, 1132 (8th Cir. 1994). Mr. Ghislanzoni is knowledgeable regarding the project that is the subject of the Emails ███ (Ex. 6 at 131:1-4, 131:12-17.)

Defendants may argue that P-0016 is inadmissible because it is an AppCentrica record, not a record of Defendants. This is wrong. P-0016 is admissible under the adoptive business record exception: "a record created by a third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied." *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010); *see also Smith v. SEECO, Inc.*, 922 F.3d 406, 412-13 (8th Cir. 2019) (same) (citing *Brawner*, 591 F.3d at 987); *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d 910, 921 (8th Cir. 2013).



P-0016A is an email from an AppCentrica employee to a Chubb Canada employee and an AppCentrica employee attaching P-0016 which is a ███ (Exs. 1-2.) The Chubb Canada employee was a party to the ███. The email and its attached ███ were kept by Defendants in their business and produced in this litigation. Furthermore, the AppCentrica ███ does not raise the same concerns the Court expressed in its prior

3

Order with respect to business records. (*See* Dkt. 1091). There, the Court expressed concern with the exhibits FICO sought to admit because the business records were created after litigation had commenced, were used for external marketing purposes (rather than for internal business purposes) and contained quotes from clients. (*Id.*) Unlike those documents, the AppCentrica ▓ was created *before* this litigation commenced, was created for Defendants' internal business purpose (not for a marketing purpose) and contains no quotes from consumers. The Court's concerns with FICO's prior business records are not present here.

### C. Should the Court disagree that P-0016A and P-0016 constitute business records, FICO should be permitted to admit those documents for non-hearsay purposes.

FICO maintains that P-0016A and P-0016 are admissible as business records of Defendants. However, to the extent the Court disagrees, FICO should be permitted to introduce these two exhibits for non-hearsay purposes. In particular to show that Defendants were in communication with AppCentrica and DWS Group, Defendants had a relationship with AppCentrica and DWS Group, and AppCentrica, in fact, provided a ▓ to Defendants.

### III. Mr. Ghislanzoni may properly authenticate the Emails.

Defendants have not objected to the Emails on the grounds of authentication, but to the extent they do, any such objection is unfounded. The bar for authenticity is low, merely requiring FICO to sufficiently show that the item is what it is claimed to be, i.e., a Chubb email with an attachment. Fed. R. Evid. 901; *see also Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, No. 6:20-cv-03043-RK, 2022 WL 18584768, at *7 (W.D. Mo. July 26, 2022) (explaining that standard for authenticity under Rule 901 is low). This can be shown based on the appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances. Fed. R. Evid. 901(b)(4); *Graham v. Noeuy*, No. 2:15-cv-04155-NKL, 2016 WL 9045739, at *2 (W.D. Mo. Nov. 21, 2016). For emails, this includes, *e.g.*, use of @ symbol in the email address, whether the party's name is included in the email address, the names of senders and receivers, and the nature of the information contained in the email. *Graham*, 2016 WL 9045739, at *2; *see also Lipp v. Ginger C, L.L.C.*, No. 2:15-cv-04257-NKL, 2017 WL 277607, at *3 (W.D. Mo. Jan. 19, 2017).

Although Mr. Ghislanzoni is not the sender or recipient of the Emails, that does not preclude him from authenticating the Emails. "[T]he weight of the case law suggests participation in a particular email is not a prerequisite to authenticating it. The case law on the whole suggests that the key consideration in email authentication is not simply whether the witness on the stand was a sender or recipient of the email, but whether the

4

testifying witness can speak to the email's unique characteristics, contents, and appearance." *United States v. Bertram*, 259 F. Supp. 3d 638, 641 (E.D. Ky. 2017); *see also*, *Memc Elec. Materials v. Sunlight Grp.*, No. 4:08CV00535 FRB, 2009 WL 10694644, at *4 n.5 (E.D. Mo. Nov. 19, 2009); *Progressive Waste Sols. of LA, Inc. v. St. Bernard Par. Gov't*, No. 16-15830, 2017 WL 6501597, at *3 (E.D. La. Dec. 19, 2017).

    Here, the Emails, on their face, provide ample indicia of authenticity including, email addresses with @chubb.com, names of Chubb employees, Chubb signature blocks, etc. Moreover, each of the Emails was produced by Defendants as part of this litigation so any suggestion that these are not authentic would be disingenuous.

Sincerely,

Heather J. Kliebenstein