

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

March 2, 2023

Honorable David T. Schultz                                                              **VIA ECF**
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.,* **No. 16-cv-01054-DTS**

Dear Judge Schultz:

  I write on behalf of Plaintiff Fair Isaac Corporation ("FICO"). Defendants Federal Insurance Company and ACE American Insurance Company (collectively, "Defendants") intend for their damages expert, W. Christopher Bakewell, to testify this Friday, March 3, 2023. FICO anticipates Mr. Bakewell will attempt to offer opinion testimony regarding deductible expenses and the apportionment of Defendants' profits from 2019 and 2020. FICO objects to any such attempt as Mr. Bakewell never disclosed any such opinion in either of his written reports as required by the Federal Rules or in his deposition.

  We recognize that exclusion is an unusual remedy. But the situation at hand is highly unusual and extremely prejudicial to FICO. Further, exclusion is proper under the Court's prior guidance. The Court excluded certain FICO documents that were produced six weeks before trial, finding such supplemental production untimely because the documents at issue were created in 2021. (Dkt. 1091 at 4 ("P-1024, P-1025, and P-1028 were produced six weeks ago as supplementation to prior discovery, but these documents were each created in 2021. The supplementation was too late, and they are inadmissible on that basis as well.").) This reasoning applies with equal force to Mr. Bakewell's new opinions, which have never been disclosed even though the underlying revenue and expense information were likely in Defendants' computer systems the same time the revenue and expenses occurred—in 2019 and 2020. Notably, Defendants served their Ninth Supplemental Answer to FICO's Interrogatory No. 17 in 2020. There can be no substantial justification for Mr. Bakewell's disclosure of new opinions on the witness stand.

March 2, 2023
Page **2** of **4**

I.      Mr. Bakewell never disclosed opinions or calculations relating to Defendants' deductible expenses incurred in 2019 and 2020.

Mr. Bakewell has written two reports in this case, one dated May 17, 2019, as a rebuttal to FICO's damages expert Neil J. Zoltowski's initial report, and one dated November 17, 2021, as a supplemental rebuttal to Mr. Zoltowski's first and second supplemental reports. Mr. Bakewell's May 2019 rebuttal report includes opinions regarding Defendants' deductible expenses allegedly incurred in 2016, 2017, and 2018 in connection with the gross written premiums that make up the gross revenue on which Mr. Zoltowski bases his disgorgement opinions. (Exhibit A; Dkt. 424; Dkt. 600 (Redacted).) At the time of Mr. Bakewell's report—May 2019—Defendants had obviously not produced full financial data for 2019 and 2020, so neither Mr. Zoltowski nor Mr. Bakewell disclosed any opinions regarding disgorgement of profits, apportionment, or deductible expenses for those years in their initial reports. The 2021 Supplemental Bakewell Report addressed new third-party agreements and documents—not cost deductions from 2019 or 2020. (Exhibit B.)

In September 2020, Defendants served their Ninth Supplemental Answer to FICO's Interrogatory No. 17 to provide updated gross revenue numbers. (*See* P-1007A.) In that supplemental answer Defendants made several updates including, removing "inflation" and/or "duplication" from previously disclosed revenues, adding legacy ACE premiums that had been omitted from Bakewell's May 2019 report, and including 2019 and 2020 gross revenue data. (*See* P-1007A; *see also* Dkt. 839 at 7 (summarizing the updates made in Defendants' Ninth Supplemental Answer to Interrogatory No. 17).) Mr. Zoltowski issued his second supplemental report on May 13, 2021, in which he updated his disgorgement opinions to account for Defendants' gross revenues from 2019 and 2020. Mr. Bakewell issued a supplemental rebuttal report (Exhibit B) on November 17, 2021, over a year after Defendants first disclosed financial data for 2019 and 2020. In that supplemental report, however, Mr. Bakewell disclosed no opinion regarding the expenses incurred by Defendants in 2019 and 2020 that should be deducted from their gross revenue over that period.[1] Nor did he disclose that he considered any updated financial documents containing complete expense information for 2019 and 2020. Mr. Bakewell likewise never disclosed an opinion regarding the apportionment of defendants' profits in 2019 and 2020 to elements other than the infringement. Mr. Bakewell has made no further supplementation of any of his disgorgement opinions since May 2019. Defendants likewise have not included on their exhibit list any exhibits containing expense information for 2019 or 2020. Mr. Bakewell's opinions on this topic would be untethered to any facts of this case.

---

[1] Nor, for that matter, did Mr. Bakewell update any of the calculations from his May 2019 report to reflect the updated gross revenue numbers for 2016 to 2018 that were included in Defendants' Ninth Supplemental Answer to Interrogatory No. 17.

II.     <u>Late disclosure of deductible expenses and apportionment opinions regarding Defendants' 2019 and 2020 gross revenues is neither substantially justified nor harmless.</u>

Mr. Bakewell should not be permitted to testify regarding any opinions on expense deductions from Defendants' 2019 and 2020 revenues, and the apportionment of the resulting profits, that were never disclosed. Expert reports are required to contain "a complete statement of all opinions the witness will express, and the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Likewise, "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). A party that fails to provide information "is not allowed to use that information… at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Pretrial disclosures were due in this case on <u>February 9, 2023</u>, and any supplemental opinions disclosed after that date are *per se* impermissible.

Late disclosure of an opinion is not substantially justified where the late-disclosed opinion is based on "records that were easily discoverable, [and] patently relevant" to the case, as Defendants' updated financials clearly were here. *See Wegener v. Johnson*, 527 F.3d 687, 693 (8th Cir. 2008) (affirming a district court's exclusion of expert testimony two weeks before trial because "[t]he district court could well have concluded that the two-and-a-half weeks remaining before trial would not have provided sufficient time to prepare a rebuttal and cross examination involving expert testimony"); *Amplatz v. Country Mut. Ins. Co.*, 823 F.3d 1167, 1172-73 (8th Cir. 2016) (affirming the district court's exclusion of portions of an untimely supplemental expert report and noting the "lack of excuse for the extreme tardiness of her disclose despite possessing the report six months earlier"); *Tenbarge v. Ames Taping Tool Sys.*, 190 F.3d 862, 865 (8th Cir. 1999) (granting new trial where district court improperly allowed untimely disclosed expert testimony).

There can be no substantial justification argument in this case.  Mr. Bakewell is a professional damages expert that has submitted reports and testified in dozens of cases. Defendants, and Mr. Bakewell, are well-aware of the requirement to supplement expert opinions. Mr. Bakewell's failure to do so was undoubtedly a tactical choice in order to preclude FICO from evaluating or testing those supplemental opinions.

III.    <u>FICO would be materially prejudiced by disclosure of these opinions on the stand.</u>

Disclosure on the stand during testimony would not be harmless.  There is no expense data on Defendants' exhibit list from 2019 or 2020.  Bakewell has never disclosed considering any.  During his examination, FICO would be forced to deal with "the untimely disclosure of the opinion as evidence." *Id*. Indeed, learning what Mr. Bakewell intends to opine regarding apportionment and deductible expenses of Defendants' 2019 and 2020 gross revenues only once Mr. Bakewell has taken the stand at trial would leave FICO with no opportunity (meaningful or otherwise) to evaluate those calculations' propriety or accuracy, as FICO's

March 2, 2023
Page **4** of **4**

damages expert Mr. Zoltowski was able to do in his reply to Mr. Bakewell's May 2019 report. Mr. Zoltowski supplemented his report twice to account for new interrogatory data, and his latest supplemental report was served in 2021. Mr. Bakewell had more than enough time to supplement his opinions regarding expense deductions for 2019 and 2020, and the apportionment of any resulting profits, but he failed to do so.

FICO's prejudice is significant and material. *See Transclean Corp. v. Bridgewood Servs.*, 101 F. Supp. 2d 788, 796 (D. Minn. 2000) ("The prejudice to [plaintiff], in being confronted by expert opinions which were not disclosed until less than a month before Trial, and over eighteen months after the deadline for expert disclosures has expired, is palpably compelling. . . .  As a consequence, in accordance with Rules 16(f) and 37(c)(1), Johnson's second supplemental expert report must be stricken from the Trial of this matter."). FICO has no opportunity to evaluate and test any of Mr. Bakewell's heretofore undisclosed calculations.  Exclusion is not too harsh a remedy here because the trial is already in progress, so the prejudice to FICO is irremediable by less harsh sanctions such as delaying trial and granting additional discovery or depositions.  Defendants' attempted trial by ambush should not be permitted.

FICO seeks to apply the unremarkable rule that Mr. Bakewell is bound by the opinions disclosed in his expert report. *See* Fed. R. Civ. P. 26(a)(2)(D)-(E). He never timely supplemented his opinions as he was required to do under Rule 26(e)(2). FICO therefore respectfully seeks an order precluding Mr. Bakewell from testifying regarding deductible expenses incurred in earning Defendants' revenues in 2019 and 2020 and any apportionment of the resulting profits.

Sincerely,

Heather J. Kliebenstein