**EXHIBIT 14**



**CHUBB & SON**, a division of Federal Insurance Company

15 Mountain View Road, P.O. Box 1615, Warren, NJ 07061-1615

February 07, 2006

Lawrence Raynes
Fair Isaac, Corp.

Dear Mr. Raynes:

Chubb and Son, a division of Federal Insurance Company, has commenced a corporate wide initiative to expand its Vendor Management Department and Services and reduce its expense base. As part of this effort, we are opening the bidding for our Maintenance of Renewal Processing Rules to a limited number of vendors and would like to extend an opportunity to your firm to respond to our proposal request. We have defined our requirements in the enclosed Request for Information (RFI) and are asking you for a proposal and provide pricing for the services that best meet the specifications. Please be aware that it is extremely important for you to provide your most aggressive pricing, as this will be your ONLY opportunity to bid.

In order to participate in the RFI process, you must submit by facsimile signed copies of the Intent to Participate Form and Confidentiality Agreement, both attached hereto. **These documents must be received by Chubb on or before February 10, 2006**. Facsimile acknowledgments should be sent and directed to (908) 903-2008, James W. Black, Chubb & Son, Vendor Management Department.

All inquiries must be made in writing and shall make specific references to the applicable section and page numbers. Please do not make contact by telephone. Please direct any questions and or comments by E-Mail to:

James W. Black
Chubb & Son
Vendor Management Department
E-Mail: jwblack@chubb.com

E-mail questions are encouraged as they will expedite the response process. All e-mail inquiries should use Maintenance of Renewal Processing Rules RFI: Fair Isaac, Corp. as the subject header. In the interest of fairness, Chubb reserves the right to communicate any responses/clarifications to all vendors participating in the proposal process, not just those initiating the inquiries. **Responses are to be received on or before February 17, 2006 at the address listed below**. Responses received after that date and time will not be accepted. Should you have any questions about the requirements, instructions or process of this RFI, please follow the guidelines and e-mail the questions to James W. Black.

We look forward to receiving your response.

James W. Black
Vendor Management Department




Confidential                                                                                                      FICO0006676

## Form: Intent to Participate

Please fill out and return this form by fax to James W. Black, (908) 903-2008 by February 10, 2006.

If you are declining to submit a response, please return the entire RFP package by FedEx, UPS, Airborne Express, or registered mail to the address indicated in the RFP.

Fair Isaac, Corp.

Contact Name _____
Title _____
Telephone _____
Fax _____

Status
Please check one:

____ We plan to submit a proposal in response to Chubb's Maintenance of Renewal Processing Rules RFI (Release date February 10, 2006).

____ We DO NOT plan to submit a proposal in response to Chubb's Maintenance of Renewal Processing Rules RFI (Release date February 10, 2006).

Signature _____          Date _____

Thank you in advance for your prompt response.

Confidential                                                                                      FICO0006677

# CONFIDENTIALITY; NON-DISCLOSURE AGREEMENT

This Confidentiality Agreement (the "Agreement") is entered into and made effective upon Vendor's receipt of the RFP dated February 03, 2006, hereby and between Fair Isaac, Corp. ("Vendor") having an office at 901 Marquette Ave, Ste 3200 Minneapolis, MN. 55402-3232 and Chubb & Son, a division of Federal Insurance Company, an Indiana corporation, for itself and as servicer for The Chubb Corporation and its non-insurance company subsidiaries, or as manager of its insurance company subsidiaries ("Chubb") having its principal office at 15 Mountain View Road, Warren, New Jersey 07059.

> **Formatted:** Font: (Default) Arial, Complex Script Font: Arial
>
> **Formatted:** Font: (Default) Arial, Complex Script Font: Arial
>
> **Formatted:** Font: (Default) Arial, Complex Script Font: Arial

1. ~~Vendor~~ Acknowledgements. ~~Vendor~~ Each Party acknowledges that it and its employees, subcontractors and agents may, in the course of this RFP or in performing Vendor's services and obligations, be exposed to or acquire information which is confidential or proprietary to ~~Chubb~~ the other party, its affiliates, subsidiaries, customers, directors, officers, employees or agents. Any and all Confidential Information, as defined below in Section 4, disclosed to or obtained by ~~Vendor~~ the receiving party, its employees, subcontractors or agents, in the performance of Vendor's obligations, shall be deemed confidential and proprietary information belonging to ~~Chubb~~ disclosing party. In recognition of the foregoing, ~~Vendor~~ each party covenants and agrees: (a) that it will maintain Confidential Information in ~~strict~~ confidence using appropriate administrative, technical and physical safeguards to protect Confidential Information to avoid its unauthorized use or disclosure; (b) that it will not, directly or indirectly, copy, reproduce, sell, assign, license, market, transfer or disclose any Confidential Information to any third party, except with ~~Chubb's~~ the disclosing party's prior written consent; (c) that it will not make use of any Confidential Information for its own purposes or the benefit of anyone or any other entity other than ~~Chubb~~ the disclosing party, except as otherwise expressly provided under this Agreement; (d) that at any time ~~Chubb~~ the disclosing party may so request, it will deliver to ~~Chubb~~ the disclosing party, or, at ~~Chubb's~~ the disclosing party's option, will certify the destruction of, all memoranda, notes, records, reports, media and other documents, and all copies thereof, regarding or including any Confidential Information which ~~Vendor~~ the receiving party may then possess or have under its control; and (e) that it will take no action with respect to the Confidential Information that is inconsistent with the confidential and proprietary nature of such information.

2. Disclosure. ~~Vendor~~ The receiving party shall not disclose Confidential Information, except to its employees, subcontractors and agents having a need to know such information in connection with the performance of its obligations or services. ~~Vendor~~ The receiving party shall instruct all such employees, subcontractors and agents as to their obligations under this Agreement, and shall advise such employees, subcontractors and agents of their obligations to be bound by the terms and conditions of this Agreement prior to their being given access to the Confidential Information. ~~Vendor~~ The receiving party shall be responsible for their employees', subcontractors' and agents' compliance with the terms of this Agreement.

3. Confidential Information.   For purposes of this Agreement, "Confidential Information" of ~~Chubb~~ the disclosing party shall include all confidential and proprietary information of ~~Chubb~~ the disclosing party, whether in written, oral, magnetic, photographic, optical or other form now existing or created or developed during the period of this Agreement, including, but not limited to, the following: (a) information relating to ~~Chubb's~~ the disclosing party's planned or existing computer systems, system architecture, computer hardware, computer software, source code, object code, documentation, program libraries, program listings, processing methods, technical processes and operational methods; (b) information regarding insurance policies and customer data, customer lists, sales, profits, pricing and other financial information; (c) information that describes ~~Chubb's~~ the disclosing party's sales activities or strategies; (d) information that describes how insurance activities are administered and managed; (e) information that describes ~~Chubb's~~ the disclosing party's organizational restructuring, business affairs, and business initiatives; (f) confidential information about ~~Chubb's~~ the disclosing party's customers or insureds; (g) confidential information of a third party licensed to, possessed by, or in the control of ~~Chubb~~ the disclosing party and which ~~Chubb~~ the disclosing party is or may be obligated to treat as confidential of proprietary; (h) any other information related to ~~Chubb~~ the disclosing party which is not generally known to the public or within the industries and trades in which ~~Chubb~~ the disclosing party competes or which may otherwise be protected by state trade secret laws.

4. Non-Confidential Information. Notwithstanding sections 3, Confidential Information shall not include information that (i) is or becomes generally known to the public, not as a result of a disclosure by a party, (ii) is rightfully in the possession of a party prior to disclosure, (iii) is received by a party in good faith and without restriction from a third party, not under a confidentiality obligation to either party and having the right to make such disclosure, or (iv) is disclosed pursuant to a court or regulatory order or pursuant to a reinsurance contract.

5. Equitable Relief. ~~Vendor~~ Each party acknowledges that the disclosure of Confidential Information will cause irreparable injury to ~~Chubb~~ the other party. ~~Chubb~~ Either party shall, therefore, be entitled to seek injunctive relief upon a disclosure or threatened disclosure of any Confidential Information, without a requirement that the party prove irreparable harm and without the posting of a bond. Without limitation of the foregoing, a party shall advise the other party immediately in the event that it learns or has reason to believe that any person or entity which has had access to Confidential Information has violated or intends to violate the terms of this Agreement, and will cooperate with the other party in seeking injunctive or other equitable relief against any such person or entity. This provision shall not in any way limit such other remedies as may be available to the parties at law or in equity.

6. Other Agreements. Chubb's exchange of information with Vendor shall not be considered by Vendor to be a request for Vendor to do any work on Chubb's behalf, nor shall this exchange obligate Chubb to Vendor in the future as a supplier of any products or services to Chubb.

7. Choice of Law This Agreement shall be governed by, subject to, and interpreted in accordance with the laws of the State of New Jersey, without regard to its conflict of laws principle.

8. Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. No modification of this Agreement will have any force or effect unless such modification is in a writing signed by duly authorized representatives of both parties.

IN WITNESS WHEREOF, the parties hereto, each acting under due and proper authority, have executed this Agreement, as of the date first set forth above:

| CHUBB & SON, a division of Federal Insurance Company for itself and as servicer for The Chubb Corporation and its non-insurance company subsidiaries, or as manager of its insurance company subsidiaries | Fair Isaac, Corp. |
|---|---|
| By: _____ | By: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |
| Date: _____ | Date: _____ |

Page 2 of 2

Confidential

FICO0006679