# EXHIBIT 8

Neutral
As of: March 6, 2023 8:42 PM Z

# Garrett v. Albright

United States District Court for the Western District of Missouri, Central Division

February 11, 2008, Decided; February 11, 2008, Filed

Case No. 4:06-CV-4137-NKL

**Reporter**
2008 U.S. Dist. LEXIS 142196 *

JAMES GARRETT et. al., Plaintiffs, v. GEORGE MARTIN ALBRIGHT, JR., PRO LOGISTICS, INC. et al., Defendant.

**Prior History:** *Garrett v. Albright, 2007 U.S. Dist. LEXIS 58298 (W.D. Mo., Aug. 9, 2007)*

## Core Terms

collision, Amend, discovery, damages, affirmative defense, undue prejudice, wrongful death, new counsel, undue delay, act of god, deposition, unforeseen, impaired, driving, slumped, argues, freely, futile, trance, blood

**Counsel:** [*1] For James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford, Robert Ford, Plaintiffs: Andrew K Smith, Christopher R Miller, Daniel A. Thomas, Kenneth B. McClain, LEAD ATTORNEYS, Humphrey, Farrington, & McClain, PC, Independence, MO.

For Harold Jeans, 06-785, Joyce Chacon, 06-785, Ann Woodard, 06-785, Plaintiffs: David M Peterson, LEAD ATTORNEY, Peterson & Associates, Kansas City, MO; Daniel A. Thomas, Humphrey, Farrington, & McClain, PC, Independence, MO.

For Theotis L. Casey, 06-4209, Deborah Casey, 06-4209, Plaintiffs: R. Denise Henning, LEAD ATTORNEY, The Henning Law Firm, P.C., Kansas City, MO; Daniel A. Thomas, Humphrey, Farrington, & McClain, PC, Independence, MO.

For George M. Albright, Jr., Defendant: Louis J. Leonatti, LEAD ATTORNEY, Leonatti & Baker, P.C., Mexico, MO; Michael J Kleffner, LEAD ATTORNEY, Kelly G. Bieri, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Trucker's Plus HR, Inc., Defendant: Lynn W. Hursh, Tyson H. Ketchum, LEAD ATTORNEYS, Armstrong Teasdale LLP-KCMO, Kansas City, MO; Ryan C. Fowler, LEAD ATTORNEY, Fowler Pickert Eisenmenger Norfleet LLC, Kansas City, MO; Carlton Drew Callenbach, Lockton, Inc., Kansas City, MO; J. Kent Lowry, [*2] Diamond Pet Food, Jefferson City, MO; Kelly G. Bieri, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Resolve Staffing, Inc., Defendant: Lynn W. Hursh, Tyson H. Ketchum, LEAD ATTORNEYS, Armstrong Teasdale LLP-KCMO, Kansas City, MO; Ryan C. Fowler, LEAD ATTORNEY, Fowler Pickert Eisenmenger Norfleet LLC, Kansas City, MO; Carlton Drew Callenbach, Lockton, Inc., Kansas City, MO; Kelly G. Bieri, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Logistics Services, Inc., GLS LeasCo Corporation, Logistics Insight Corporation, Pro Logistics, Inc., Defendants: Anne C. Warren, Kelly G. Bieri, Michael J Kleffner, Robert T. Adams, LEAD ATTORNEYS, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Centra, Inc., Defendant: Jeffrey Stewart, LEAD ATTORNEY, Southfield, MI; Jennifer G. Bacon, LEAD ATTORNEY, Leawood, KS; Krishnan Christopher Jayaram, Richard Acosta, Robert A. Horn, LEAD ATTORNEYS, Horn, Aylward & Bandy, LLC, Kansas City, MO; Mark A. Olthoff, R. Lawrence Ward, LEAD ATTORNEYS, Polsinelli PC - KCMO, Kansas City, MO; Susan Ford Robertson, LEAD ATTORNEY, Robertson Law Group, LLC, Kansas City, MO; Kelly G. Bieri, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Central Transport, [*3] Inc., Defendant: Jeffrey Stewart, LEAD ATTORNEY, Southfield, MI; Michael J Kleffner, LEAD ATTORNEY, Kelly G. Bieri, Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO; Richard Acosta, Robert A. Horn, LEAD ATTORNEYS, Krishnan Christopher Jayaram, Horn, Aylward & Bandy, LLC, Kansas City, MO. Shook, Hardy & Bacon, LLP-KCMO, Kansas City, MO.

For Missouri Highways and Transportation Commission, Miscellaneous: Melinda Grace-Beasley, LEAD

ATTORNEY, Missouri Highway & Transportation Commission - JCMO, Jefferson City, MO.

**Judges:** NANETTE K. LAUGHREY, United States District Judge.

**Opinion by:** NANETTE K. LAUGHREY

## Opinion

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant George Albright, Jr.'s ("Albright") Motion to Amend his to Plaintiffs' Complaint [Doc. # 340]. Albright's Motion is DENIED.

**I. Background**

Plaintiffs bring this action against Albright, a semi-truck driver, and entities related to his hiring and supervision to recover damages for personal injuries and wrongful death resulting from a vehicle collision occurring on I-70 on June 1, 2006. Plaintiffs filed their action for wrongful death, as well as other theories of liability, against Albright as early as September 12, 2006. The deadline for amending pleadings [*4] passed on February 1, 2007, and discovery closed on November 2, 2007. In his original answer, Albright generally denied Plaintiffs' allegations and set forth two affirmative defenses: 1) that the Plaintiffs' damages were "directly caused or directly contributed" to by parties not under Albright's control; and 2) Plaintiffs were barred from recovering punitive damages. Albright obtained new counsel on August 27, 2007. Albright now requests the Court to amend his answer to include two additional affirmative defenses: 1) "mitigating circumstances" under *Missouri Rev. Stat. § 537.090*, Missouri's statute pertaining to factors to be considered by a jury in awarding damages on a wrongful death claim, and 2) an unforeseen medical event constituting an "act of God" which may excuse an act of negligence. *Arthur v. Royse, 574 S.W.2d 23 (Mo. Ct. App. 1978)*. Albright argues that blood tests at the time of the collision did not include screens for blood glucose levels, cardiac enzymes or Glyburide (a drug administered to non-insulin dependent diabetics) and that deposition testimony suggests that Albright "appeared to be in a trance, staring ahead, or slumped over the steering wheel." (Albright Mot., 2).

**II. Legal Standards**

*Fed. R. Civ. P. 15(a)* provides that even an out of time request for leave [*5] to amend one's complaint "shall be freely given when justice so requires." Construing this Rule, the Supreme Court has held that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment, etc.," leave should indeed be freely given. *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (U.S. 1962)*.

**III. Discussion**

Albright's requested amendment is not permissible as it is futile, the result of undue delay and would cause undue prejudice to the Plaintiffs. Although Albright's current counsel only appeared in August, 2007, the retention of new counsel cannot be permitted to excuse delay where the party previously knew of the claims it seeks to add. See *Barstad v. Murry County, 420 F.3d 880, 883 (8th Cir. 2005)*. Albright argues that Gina Andrews, who was driving a car that passed Albright's tractor-trailer, stated that Albright "appeared to be slumped over" and impaired. Andrews was identified in Plaintiffs' Rule 26 disclosures on November 10, 2006. Albright also states that a flagman, Kurt Blacklock, stated that Albright was driving ahead as if he "were in a trance." Albright further refers to an absence of skidmarks as another indication that he might have [*6] been impaired by an "act of God." All of this evidence is consistent with Plaintiffs' theory that Albright suffered from fatigue and lack of sleep. Furthermore, immediately after the collision, Albright gave a detailed recounting of events to the Missouri police and blamed his brakes for the collision. (Carello Report, 21). Indeed, if Albright suffered an unforeseen medical emergency prior to the collision, Albright has presented no evidence as to why he would not have known or discovered that condition prior to filing this motion. (Albright Mot., 3).

Even if the Court were persuaded by Albright's "new" evidence, the prejudice caused to Plaintiffs would overcome *Rule 15*'s presumption in favor of granting leave. Discovery has closed, the parties' experts have been identified and have provided their written reports. Granting Albright's motion would require re-opening discovery to the extent that Plaintiffs would have to re-examine deposition witnesses in light of Albright's new theories.

### IV. Conclusion

The prejudice caused to Plaintiffs by granting Albright's motion outweighs a theory that was or should have been obvious to Albright long before now. Accordingly, it is hereby

ORDERED that Albright's **[*7]** Motion to Amend [Doc. #340] is DENIED.

/s/ Nanette K. Laughrey

NANETTE K. LAUGHREY

United States District Judge

Dated: February 11, 2008

Jefferson City, Missouri

**End of Document**