## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) ) ) | Case No. 16-cv-1054 (DTS) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

### PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DISMISSAL OF FEDERAL'S COUNTERCLAIMS AS A MATTER OF LAW

Plaintiff Fair Isaac Corporation ("FICO") moves for dismissal of Defendant Federal Insurance Company's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing ("Counterclaims") for lack of subject matter jurisdiction or under Rule 50.[1]  Federal's alleged damages do not amount to a cognizable harm, a requirement for standing under Article III and a requirement of both Counterclaims. *CCR Int'l, Inc. v. Elias Grp., LLC*, No. 15 CIV. 6563 (PAE), 2021 WL 1253892, at *4 (S.D.N.Y. Apr. 5, 2021) ("The elements of a claim of breach of the implied covenant are similar to those for a breach

---

[1] It is not asserted that Defendant Ace American Insurance Company ("ACE American") is a party to the License Agreement. Therefore, the Counterclaims can only be brought by Federal and damages can only be sought by Federal.

1

of a duty of care, in that it requires the existence of a duty, breach of that duty, causation, and damages."); *Taylor Precision Prod., Inc. v. Larimer Grp., Inc.*, No. 1:15-CV-4428 (ALC), 2018 WL 4278286, at *15 (S.D.N.Y. Mar. 26, 2018) (explaining that the elements for breach of contract includes damages).

Federal's only alleged damages in connection with these Counterclaims are attorneys' fees and costs. Federal's verified interrogatory answers and their initial disclosures identify their alleged damages as only attorneys' fees and costs. (Ex. 1 at Interrogatory No. 14 ("FICO's breach caused Federal to incur attorneys' fees and costs defending this lawsuit. The attorneys' fees and costs Federal is incurring in defense of this lawsuit are a direct and proximate result of FICO's breach. The amount of attorneys' fees and costs incurred to defend this lawsuit continues to accrue.");[2] Ex. 2 at Interrogatory No. 14 ("FICO's breach caused Federal to incur attorneys' fees and costs defending this lawsuit. The attorneys' fees and costs Federal is incurring in defense of this lawsuit are a direct and proximate result of FICO's breach. The amount of attorneys' fees and costs incurred to defend this lawsuit continues to accrue. FICO [sic] will rely on invoices and billing records to support this claim."); *see also* Ex. 3 at 3 ("Federal is seeking damages based on FICO's breach of contract and violation of the implied covenant of good faith and fair dealing. Federal's damages include the attorney's fees, costs and expenses incurred in this lawsuit, and continue to accrue."); Ex. 4 at 4 (same); Ex. 5 at 6 (same).).

---

[2] Unless otherwise stated, all exhibits are the exhibits attached to the declaration of Heather Kliebenstein.

Prior to trial, no other damages related to Federal's Counterclaims were alleged or disclosed by Federal. These alleged damages are merely a byproduct of the lawsuit itself and are not a cognizable form of damages. The Court should dismiss Federal's Counterclaims.

## LEGAL STANDARD

Article III of the Constitution requires that federal courts only adjudicate actual, ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1989). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . ." *Id.* The issue of whether the court has subject matter jurisdiction can be raised at any time by any party. *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993); *Carlson Holdings, Inc. v. NAFCO Ins. Co.*, 205 F. Supp. 2d 1069, 1072-73 (D. Minn. 2001) (also noting that the issue of subject matter jurisdiction can never be waived).

Separately, under Rule 50, judgment as a matter of law is proper where a reasonable jury would not have a legally sufficient basis to find for a party on an issue. Fed. R. Civ. P. 50; *Hunt v. Lincoln Cty. Mem'l Hosp.*, 317 F.3d 891, 893 (8th Cir. 2003) ("A motion for judgment as a matter of law should be granted when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.") (quotations omitted).

Because Federal has no claim for cognizable damages, its Counterclaims must be dismissed.

## ARGUMENT

I.     **Federal lacks Article III standing because attorneys' fees and costs are not a cognizable harm.**

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief."[3] *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020) (affirming 8th Circuit's finding of no Article III standing). Attorneys' fees and costs, which are merely a byproduct of the parties' lawsuit, do not satisfy the standing requirement under Article III. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 1255 (1990) (citing *Diamond* v. *Charles*, 476 U.S. 54, 70-71 (1986)) ("This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"); *Diamond v. Charles*, 476 U.S. 54, 70-71, 106 S. Ct. 1697, 1708 (1986) ("But the mere fact that continued adjudication would provide a remedy for an injury that is only a byproduct of the suit itself does not mean that the injury is cognizable under Art. III."); *W. R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) ("On the face of the complaint, Huff's only interest in this litigation as an attorney-in-fact is the recovery of its legal fees, which are a 'byproduct of the suit itself' and

---

[3] Standing may be addressed at any time. *See Cody v. City of St. Louis*, No. 4:17-CV-2707 AGF, 2021 WL 4745503, at *3 (E.D. Mo. Oct. 12, 2021) (quoting *Bernbeck v. Gale*, 829 F.3d 643, 646 (8th Cir. 2016)) ("Moreover, as a 'jurisdictional prerequisite,' standing is 'a threshold issue that [the court is] obligated to scrutinize' at any stage  and even 'sua sponte if need be.'").

cannot serve as a basis for Article III standing."); *Lugo v. City of Troy*, No. 1:19-cv-67

(GLS/TWD), 2022 WL 15442205, at *4 n.6 (N.D.N.Y. Oct. 27, 2022) ("The fact that

plaintiffs are seeking attorneys' fees is insufficient to establish standing."). The Court

recognized just this at the pretrial conference:

> MS. GODESKY: They have been asserted in interrogatory responses. Right?
> When the question is asked, What damage have you incurred from these, you
> know, your counterclaims, we've identified costs and fees of litigation.
>
> THE COURT: But by that logic, any party would get to say costs and fees in
> litigation are part of my damages, and that's contrary to the American Rule.

(*See also* Ex. 7 at 19:10-12)

When Article III standing is not established the claims should be dismissed.

*Missouri v. Biden*, 52 F.4th 362, 371 (8th Cir. 2022) (dismissing claims for lack of Article

III standing); *Agred Found. v. United States Army Corps of Eng'rs*, 3 F.4th 1069, 1073

(8th Cir. 2021) ("A plaintiff who brings suit in federal court has the burden of

establishing standing. Id. If he cannot, his complaint must be dismissed for lack of

subject matter jurisdiction.").

Federal's only alleged damages are attorneys' fees and costs, which are merely a

byproduct of the suit itself. (*See id.*; Ex. 1 at Interrogatory No. 14; Ex. 2, at Interrogatory

No. 14; Ex. 3 at 3; Ex. 4 at 4; Ex. 5 at 6.) This is insufficient to establish Article III

standing, and Federal's counterclaims should be dismissed.

## II.   Federal's other arguments related to damages were not properly disclosed and should not be considered.

Prior to trial, Federal's only alleged damages for its Counterclaims were the

attorneys' fees and costs Defendants have incurred in defending against FICO's claims in

this lawsuit. Indeed, Defendants disclosures on in their Interrogatory responses and Initial Disclosures as well as at the Court's Pretrial Conference made clear that these were the *only* damages Defendants were seeking. (Ex. 1 at Interrogatory No. 14; Ex. 2 at Interrogatory No. 14; Ex.3, at 3; Ex. 4, at 4; Ex. 5, at 6; Ex. 7 at 19:10-12.)

However, despite only disclosing this *single* theory of damages, during Opening Statements, Defendants suggested a potential new damages theory for the first time relating to the cost associated with the removal of Blaze Advisor from Defendants' systems and migration costs. (Ex. 6 at 83:7-12 ("Federal upheld its end of the deal, but FICO's termination meant that Federal only got ten years out of a contract that was expected to last forever. And that bad faith meant that Federal had to spend time and money transitioning Blaze out of those 13 computer applications and replacing it with different software.").) Throughout trial, opposing counsels solicited testimony regarding the removal of Blaze Advisor and transition to a new software. (*See, e.g.*, Ex. 6 at 185:16 (Q: Okay. So I want to talk briefly what goes into removing Blaze from a computer application. If a large company has integrated Blaze into multiple applications, it can be complex to remove the software, correct? A: Potentially. Q: And it could take days, months or even years to unravel from internal systems, correct? A: To unravel— potentially.), 1156:4-9 (Q: Excuse me. How long did it take to remove from a software program like CSI Express the Blaze rules? A: It took months. And the reason why it's taking this long is, you saw the numbers, thousands of rules, complex. So think in terms of every rule has to be recreated in a different software product, and we chose Drools. This was impermissible and the evidence should not be considered.).) To the extent Defendants

contend this testimony supports a claim for damages, permitting such a theory would amount to trial by ambush and should not be permitted.

### A)  *Federal was required to disclose all of their damages sought.*

The purpose of the disclosure requirements under the Federal Rules is to prevent "[t]rial by ambush." *Transclean Corp. v. Bridgewood Servs.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999) (explaining that "Rule [26(e)(2)] has a simple but important purpose; namely, to prevent Trial by ambush"). Under Rule 26(e), Federal was obligated to supplement both their Initial Disclosures and their response to Interrogatory No. 14 to include any new theory of damages. Fed. R. Civ. P. 26(e). Federal failed to do either. Under Rule 37, because Federal has failed to comply with their disclosure requirements under Rule 26(e), they are "not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995) (affirming the district court's exclusion of evidence where a party "made an eleventh-hour attempt to switch the basis for its alleged damages" and explaining that "[w]e will not validate such lack of candor, and so affirm this portion of the district court's decision"); *US Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988 (RHK/JSM), 2008 WL 2277602, at *5 (D. Minn. May 30, 2008) ("[T]he Court concludes that US Salt's failure to disclose its new damages claim was neither substantially justified nor harmless. Accordingly, this evidence must be excluded.").  Federal has no excuse for its failure to disclose this theory.

### B) Federal's failure to disclose their new damages theory was not substantially justified or harmless and will prejudice FICO.

In determining whether a failure to disclose was substantially justified or harmless, the 8th Circuit considers four factors: "(1) the importance of the excluded material; (2) the explanation for failing to comply with the disclosure rules; (3) the potential prejudice from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice." *US Salt, Inc.*, 2008 WL 2277602 at *5.

There is no justification for Federal's failure to disclose its new damages theory. The only conceivable conclusion is that Federal's newly appointed counsel created an overlooked damages theory and is attempting to assert it now. However, this is not a proper justification for last minute disclosure of a new theory at trial. *See Boogaerts v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("It is a well-established principle that a party is responsible for the actions and conduct of his counsel") (quotations omitted)*;see also Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 U.S. Dist. LEXIS 142196, at *5 (W.D. Mo. Feb. 11, 2008) ("Although Albright's current counsel only appeared in August, 2007, the retention of new counsel cannot be permitted to excuse delay where the party previously knew of the claims it seeks to add.") (Ex. 10); *Garcia v. Monument Mgmt. Grp., L.L.C.*, No. 4:05 CV 3139, 2006 U.S. Dist. LEXIS 48532, at *4 (D. Neb. July 17, 2006) (denying leave to file amended answer to include new defense and explaining that "[a]though defendant seems to argue that the fact that its new counsel were not involved at those times, I find that argument unavailing") (Ex. 11).

8

FICO will be prejudiced if the jury is permitted to consider Federal's new damages theory which FICO only learned of for the first time during Opening Statements. This litigation has been going on for nearly 7 years, and discovery has been closed for nearly 4 years. Federal has had ample time and opportunities to disclose this damages theory. Yet, they chose to wait until trial had begun to disclose their potential new theory. FICO did not have an opportunity to conduct discovery on this new theory, and the new theory is substantially different than their previously disclosed theory – attorneys' fees which are not a cognizable form of damages. *See, e.g.*, *Geelan v. Mark Travel, Inc.*, No. 03-6322(DSD/JSM), 2006 U.S. Dist. LEXIS 89863, at *15 ("Given the length of time defendant proceeded in this litigation without raising the defense and the fact that discovery has been completed, the court finds that allowing defendant to assert the defense at this stage in the proceeding would prejudice plaintiffs.") (Ex. 12); *see also Sanford v. Crittenden Mem'l Hosp.*, 141 F.3d 882, 886 (8th Cir. 1998) ("Surprise during trial, by major variance in theory of recovery or defense, undisclosed until after the trial is underway, is a long-established ground for granting a new trial motion.").

The insertion of a potential new damages theory is significant. It places FICO at risk for an award of damages that FICO was never previously aware of and that FICO did not have an opportunity to defend against. The prejudice to FICO is incurable at this late stage, and Federal must be precluded from seeking such damages.

Because Federal cannot seek damages under this potential new theory, its only identified damages are attorneys' fees and costs. Federal has no cognizable harm and its breach of contract and breach of good faith and fair dealing claims must be dismissed.

### C) *Any damages suffered under Federal's new damages theory were suffered by ACE American, not Federal.*

Federal's belatedly disclosed theory based on the "time and money [spent] transitioning Blaze out" alleges damages of Defendant ACE American, not Federal. (Ex. 6 at 83:7-12.) It is undisputed that the removal of Blaze Advisor occurred in or after 2019. (Dkt. 1072 at Nos. 31-40; Exs. 8-9) It is also undisputed that Federal had no employees after January 1, 2017. (Ex. 6 at 1231:23-1232:1 (Q: And as of January 1, 2017, did all of the employees of Federal or Chubb & Son, a Division of Federal, become employees of Ace American Insurance Company? A: To the best of my knowledge.).) Any time or money spent to remove Blaze Advisor would have been spent or incurred by ACE American—not Federal.

ACE American is undisputedly not a party to the contract. Federal cannot seek damages for a claim of breach of contract or breach of good faith and fair dealing based on alleged damages incurred by someone else. Federal's Counterclaims fail and must be dismissed for this separate reason.

## <u>CONCLUSION</u>

Federal lacks Article III standing to bring their Counterclaims because the only alleged damages are not a cognizable harm. Accordingly, and as matter of law, Federal's Counterclaims should be dismissed.

MERCHANT & GOULD P.C.

DATE: March 6, 2023

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley, MN Bar #393432
Michael A. Erbele, MN Bar # 393635
Joseph Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 402364
MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN  55402
Tel:  (612) 332-5300
Fax:  (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com