# Exhibit 7

1    basis for some of FICO's allegations, but the court has

2    determined that that was not -- that was not a legal basis

3    for termination of the agreement.  I mean, to the extent

4    that confusion is really a problem, it could be handled that

5    way.

6         But now you've said the other thing is that the

7    refusal to give consent was in bad faith and it was done to

8    extract more of a license fee; and in order to do that, they

9    had to have reasons why you were in breach, and this is one

10    of the arguments they made.

11        MS. GODESKY:  In our view, in bad faith, because,

12    as we show the jury, document after document shows that at

13    the time they knew and in fact often facilitated use of

14    software that included Blaze outside the United States.

15        THE COURT:  But all of that even, all of that,

16    even assuming that's fair game, the fact that they pursued

17    this claim in litigation doesn't relate to that.  You know,

18    I can see -- I can understand why you're saying that the

19    conduct during the license termination negotiations may --

20    that may be relevant to that; but the fact that it was

21    pursued in this litigation, I don't see it.

22        MS. GODESKY:  It goes to damages, Your Honor.

23    Right?  There's interrogatory responses where we've

24    identified the fact that we had to incur costs and fees

25    litigating this case as some of the harm.

1          THE COURT:  Well, those are not items of damage

2     that you have asserted in the lawsuit, right?  I mean, those

3     are items of damage or they are appropriate for the court to

4     consider after the verdict, right?

5          MS. GODESKY:  They have been asserted in

6     interrogatory responses.  Right?  When the question is

7     asked, What damage have you incurred from these, you know,

8     your counterclaims, we've identified costs and fees of

9     litigation.

10          THE COURT:  But by that logic, any party would get

11     to say costs and fees in litigation are part of my damages,

12     and that's contrary to the American rule.

13          MS. GODESKY:  I think, though, Your Honor, in this

14     context, and we can -- we can certainly present the court

15     with law around this, that the fact that you're incurring

16     the fees can be sufficient to show the harm, show the

17     damages for the element of the breach of contract claim.

18     And then it almost becomes nominal damages at that point, as

19     far as what the jury could award.

20          THE COURT:  But now talk about confusing the jury.

21     Right?  I mean, you can't make that argument -- well, maybe

22     you can, but the jury is not going to determine your fees as

23     an element of damages.

24          MS. GODESKY:  No, no.  We agree with that.  We

25     agree with that.  Absolutely.  But I'm just -- Your Honor's

1    question was, How is the fact of litigation relevant to the

2    bad faith claim, you know, and that's why.  Right?  I mean,

3    we litigated a claim that was found to be without basis.

4    They gave us one of two reasons, one of which we had to

5    spend five, six years litigating.

6         THE COURT:  But the bad faith claim is temporally

7    limited to the conduct pre-litigation.  And so the fact that

8    they continued what you would say is bad faith conduct in

9    the litigation, I don't think fairly supports the claim that

10   their pre-litigation conduct was in bad faith; or if it

11   does, it's going to be really confusing to a jury.

12        MS. GODESKY:  I think our primary concern, Your

13   Honor, is that -- and if the court can address it with the

14   instruction or something along the lines of the instruction

15   or facts that you could give the jury about the territorial

16   restriction, that would go a long way to addressing our

17   concerns, because I think undoubtedly both parties have on

18   their exhibit list, right, the letters back and forth about,

19   You breached Section 10.8 and you breached the territorial

20   restriction.  And so we need to give the jury an answer as

21   to what happened there.

22        THE COURT:  Well, and the jury -- I guess I would

23   rephrase your point a slightly different way to be that you

24   certainly can't have the jury finding you breached the

25   contract on the basis of the territorial exclusion.  That