# Exhibit 11

 Neutral
As of: March 6, 2023 8:43 PM Z

## *Garcia v. Monument Mgmt. Group, L.L.C.*

United States District Court for the District of Nebraska

July 17, 2006, Decided

4:05 CV 3139

### Reporter

2006 U.S. Dist. LEXIS 48532 *

YANETH GARCIA, Plaintiff, v. MONUMENT MANAGEMENT GROUP, L.L.C. d/b/a HOLIDAY INN EXPRESS HOTEL & SUITES, Defendant.

**Prior History:** *Garcia v. Monument Mgmt. Group, L.L.C., 2006 U.S. Dist. LEXIS 38532 (D. Neb., June 9, 2006)*

## Core Terms

amend, discovery

**Counsel:** **[\*1]** For Yaneth Garcia, Plaintiff: Kathleen M. Neary, POWERS LAW FIRM, Lincoln, NE.

For Monument Management Group, L.L.C., doing business as Holiday Inn Express Hotel & Suites, Defendant: Adam J. Prochaska, Timothy R. Engler, HARDING, SHULTZ LAW FIRM, Lincoln, NE.; Jarrod P. Crouse, Kristen D. Mickey, SORENSEN, MICKEY LAW FIRM, Scottsbluff, NE.

**Judges:** David L. Piester, United States Magistrate Judge.

**Opinion by:** David L. Piester

## Opinion

MEMORANDUM AND ORDER

Defendant has moved for leave to file a second amended answer, raising the issue of plaintiff's immigration status. Plaintiff opposes the motion.

The motion is untimely. The initial progression order in this case required motions for leave to amend pleadings to be filed within sixty days of its filing, November 4, 2005. Filing 19, Paragraph 7. No such motions were filed. Discovery has proceeded, and plaintiff's motion for partial summary judgment has been granted, leaving the

matter of damages remaining for trial. The discovery period has ended. The final pretrial conference is now scheduled for July 18, 2006, and the trial is scheduled for late August, 2006 in North Platte.

The Eighth Circuit Court of Appeals has opined that when a court **[\*2]** is faced with a late, contested motion for leave to amend pleadings, filed in violation of the court's progression orders, the trial court, in exercising its discretion, must consider the totality of the situation, including: (1) The reason(s) for the failure to abide by the progression order; (2) whether the proposed amendment would alter significantly the issues set for trial by adding colorable claims; (3) the degree of prejudice, if any, visited on the opponent if the motion is granted; and (4) whether the case should be continued to allow both parties to engage in discovery on the new issues.

A trial court's decision whether to permit an amendment of the pleadings is reviewed by this court for an abuse of discretion. *See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989)*. *Federal Rule of Civil Procedure 15(a)* governs a party's right to amend its pleadings and the rule declares that leave to amend "shall be freely given when justice so requires." *Fed. R. Civ. P. 15(a)* (1999). Given the courts' liberal viewpoint towards leave to amend, it should normally be granted absent good reason for a denial. *See Thompson-El, 876 F.2d at 67.* **[\*3]** The classic "good reasons" for rejecting an amendment are: "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." *Id.* (citing *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962))*.

Generally speaking, reviewing courts have found an abuse of discretion in cases where the district court denied amendments based on facts similar to those comprising the original complaint. *See Bell v.*

*Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998)* (citing *Sanders v. Clemco Indus., 823 F.2d 214, 216-17 (8th Cir. 1987)*; *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981))*. The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party. *See Buder, 644 F.2d at 694*. A liberal amendment policy, however, is in no way an absolute right to amend. *See Thompson-El, 876 F.2d. at 67*. Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, **[*4]** a court usually does not abuse its discretion in denying leave to amend. *See id. at 68* (upholding lower court's refusal of motion to amend out of concern for extra discovery requirements and attendant delay).

*Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000)*; *See* also, *Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 887 (8th Cir. 2006)*; *Knoth v Smith & Nephew Richards, 195 F. 3d 355 (8th Cir. 1999)*.

In this case the defendant has not put forth any reason for the delay in raising this issue long before now. This case was filed over a year ago. Prior to its filing here, it had been the subject of an administrative claim, which was investigated by the Nebraska Equal Opportunity Commission. Nothing has been suggested to justify or excuse defendant's delay in filing the motion to amend. Although defendant seems to argue that the fact that its new counsel were not involved at those times, I find that argument unavailing. Defendant has been represented throughout this case. Defendant makes a vague reference to the new attorneys having "recently become aware of certain facts which lead **[*5]** them to believe that Plaintiff may not be a citizen and/or a lawful resident of the United States." Filing 67, Para. 2. No reason was given, however, explaining how, with due diligence, the "certain facts"--which are neither disclosed nor described--could not have come to light earlier.

Defendant argues that if the plaintiff is not lawfully in this country, plaintiff would not be entitled to back pay, or prospective front pay or reinstatement, because she would not be permitted to work under the Immigration Reform and Control Act of 1986, *8 U.S.C. § 1324a(b)(1)(C)*("IRCA"). Defendant relies upon the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. NLRB, 535 U.S. 137, 122 S. Ct. 1275, 152 L. Ed. 2d 271 (2002)*, which held that the NLRB was without authority to award back pay to an undocumented worker when the worker's employment may have been prohibited by "IRCA". However, defendant has put forth no authority applying that limitation to Title VII cases. There have been, since *Hoffman Plastic,* very few cases addressing that issue, and the answer has not yet been authoritatively established. *See,* e.g., *Rivera v. NIBCO, Inc., 364 F. 3d 1057 (9th Cir. 2004),* **[*6]** *reh. denied, 384 F. 3d 822, cert. denied 544 U.S. 905, 125 S. Ct. 1603, 161 L. Ed. 2d 279 (2005)* (refusing, in a Title VII case, to allow discovery by employer into the employee's immigration status, distinguishing *Hoffman* on several bases); *Escobar v. Spartan Sec. Serv., 281 F. Supp. 2d 895, 897 (S. D. Tex. 2003)* (in dicta, distinguishing *Hoffman* in a Title VII case); *De La Rosa v. N. Harvest Furniture, 210 F.R.D. 237, 238 (C. D. Ill. 2002)* (same). No Eighth Circuit authority has been cited to or found by the court. Therefore, that the issue is by no means a "slam dunk" for the defendant, even if the amendment were permitted.

Finally, adding the issue at this point in the case, assuming it to be even a viable defense, would likely cause a host of other issues to be raised as well, such as whether to permit the plaintiff to raise state law claims in response to the defendant's amendment and if so, whether such claims would be foreclosed by *Hoffman;* determining the plaintiff's immigration status when hired, when terminated, at the time of judgment or even later; determining, if plaintiff is or was undocumented, whether relief other than wages **[*7]** or reinstatement might be available despite the plaintiff's status; and undoubtedly others. At this late stage of the case, it is simply too late to start over.

For all of the above discussed reasons, I shall deny the motion for leave to amend. Given that conclusion on the motion to amend, plaintiff's motion to reopen discovery will also be denied, as the issues raised in it are no longer relevant.

IT THEREFORE HEREBY IS ORDERED:

1. Defendant's motion for leave to file amended answer, filing 67, is denied.

2. Plaintiff's motion to reopen discovery, filing 65, is denied.

DATED July 17, 2006

BY THE COURT:

s/ David L. Piester

2006 U.S. Dist. LEXIS 48532, *7

United States Magistrate Judge

---

**End of Document**