

150 South Fifth Street
Suite 2200
Minneapolis, MN 55402

Heather J. Kliebenstein
612.371.5381
hkliebenstein@merchantgould.com

March 7, 2023

Honorable David T. Schultz <u>**VIA ECF**</u>
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re:   *Fair Isaac Corp. v. Federal Insurance Co. et al.,* No. 16-cv-01054-DTS

Dear Judge Schultz:

I write on behalf of Plaintiff Fair Isaac Corporation ("FICO") in response to Defendants Federal Insurance Company's ("Federal") and ACE American Insurance Company's ("ACE American") (collectively, "Defendants") letter dated March 5, 2023 (Dkt. 1141) regarding Paragraph 9.2(c) of the License Agreement. Defendants argue that Paragraph 9.2(c) does not permit FICO to terminate for violations of Paragraph 3.1(iv) absent a showing of materiality. This is wrong. Defendants also ask the Court to grant Defendants' motion for judgment as a matter of law on FICO's claim that Federal breached the License Agreement based on disclosure to and access and use of Blaze Advisor by two third-party consultants. This motion should be denied for the reasons stated herein and for the reasons stated in FICO's Opposition to Defendants' Motion for Judgment as a Matter of Law and in Support of Plaintiff's Cross Motion for Judgment as a Matter of Law (Dkt. 1144, hereinafter "Opposition Brief") which FICO incorporates herein.

I.   **FICO's Opposition Brief addressed several points raised by Defendants.**

Several points raised by Defendants are addressed in FICO's Opposition Brief. (Dkt. 1144.) To avoid inundating the Court with duplicative arguments, FICO has endeavored to summarize its position on those points and focus on new arguments raised in Defendants' letter.

*Materiality*: Materiality is not required to establish breach of contract, and Defendants are conflating the requirements for breach versus rescission. (Dkt. 1144 at 24-26.) Even Defendants' own letter is directed to the right to terminate, rather than the elements necessary to prove breach. (Dkt. 1141.) For this reason alone (as well as the others described in FICO's Opposition Brief), Defendants' motion for judgment as a matter of law must be denied.

*The Court's Summary Judgment Order*: The Court was not presented with and did not address the issues now being raised—(1) whether materiality is required to establish breach under New York law and (2) whether Paragraph 9.2(c) permits termination of Paragraph 3.1(iv) regardless of materiality. (Dkt. 1144 at 26, 29-30.)

## II.     Paragraph 9.2(c) permits termination for violations of Paragraph 3.1(iv) regardless of materiality.

*Defendants' First Argument:* Defendants argue that the first sentence of Paragraph 9.2(c) contracted around the requirements of notice and a cure period. (Dkt. 1141 at 3.) That is true. But the parties also contracted around the materiality requirement. As Defendants recognize, the second sentence of Paragraph 9.2(c) expressly requires materiality while the first sentence does not. Defendants argue that such silence is a "weak negative inference." Not so. Ironically, Defendants spent two letter briefs and orally advocated to this Court regarding the importance of the maxim *expression unius est exclusion alterrius*. Here, that maxim actually applies.

Defendants' next argument is essentially an argument that Federal does not like the consequences that may come from the bargain it struck and that there must be a "better interpretation" that serves Federal. This is not a permissible ground to re-write the contract. *E.g.*, *Oppenheimer & Co. v. Oppenheim*, 86 N.Y.2d 685, 695 (1995) ("Freedom of contract prevails in an arm's length transaction between sophisticated parties such as these, and in the absence of countervailing public policy concerns there is no reason to relieve them of the consequences of their bargain. If they are dissatisfied with the consequences of their agreement, the time to say so was at the bargaining table.") (quotations omitted); *Div. of Triple T Serv. v. Mobil Oil Corp.*, 60 Misc. 2d 720, 726, 304 N.Y.S.2d 191, 198 (Sup. Ct. 1969) (holding that "where a contract gives either party thereto the absolute unqualified right to terminate upon notice, the court is precluded from inquiring whether such termination was actuated by an ulterior motive"). Moreover, it is not "commercially unreasonable" that a software company would seek to secure heightened contractual remedies in the event the license terms in its agreements are violated. If Federal desired to avoid such heightened remedies, the time to speak up was at the negotiating table.

Defendants' interpretation not only ignores the clear exclusion of a materiality term from the first sentence of Paragraph 9.2(c), but also the distinct language choice utilized when discussing violations of the license terms and violations of other provisions. Paragraph 9.2(a) and the second sentence of Paragraph 9.2(c) both include materiality requirements and discuss the same in terms of a party's "breach" or "breaches." The first sentence of 9.2(c) does not use the term "breach"; rather, it uses the term violation, further supporting that any violation of the license grant, regardless of materiality, permits FICO to terminate. Moreover, the introductory language of Section 9.2 (Events of Termination)—"[t]his Agreement may be terminated upon the occurrence of *any of the following events*:" (emphasis added)—makes very clear that each of the enumerated termination rights are distinct events and stand on their own.  Section 9.2(c) is not merely a "carve out" or "exception" to Section 9.2(a).  Neither of the sections references the other, and there is nothing in the structure or express language of Section 9.2 that suggests that these provisions are tied together in any way.  They both set forth independent "events" that are afforded their own distinct and independent termination rights.

*Defendants' Second Argument*: Defendants also argue that the first sentence of 9.2(c) only applies to Section 2 of the License Agreement and does not apply to Section 3 of the License Agreement. There is absolutely no support for this construction, other than Defendants wish it to be so.  The phrase "terms of the licenses granted" include both affirmative rights and negative restrictions and unequivocally includes, under any construction, the terms contained in a provision entitled "License Restrictions." Restrictions are terms. Sections 2 and 3 are the "terms of the licenses granted in this Agreement" referenced in Paragraph 9.2(c).

Defendants also point to other FICO agreements in an attempt to support their interpretation of Paragraph 9.2(c). But as this Court has already twice held, it is improper to look to other FICO agreements with third parties to determine the meaning of the License Agreement between FICO and Chubb & Son. (Dkt. 1122; Dkt. 1123.) Defendants' attempt to divine the meaning of one agreement by looking at patterns of language in other third-party agreements is inappropriate and should be rejected.

*Defendants' Third Argument*: Lastly, Defendants argue that because breaches of Paragraph 10.8 must be material to justify termination, then so must breaches of Paragraph 3.1. This argument misses the mark. Paragraph 10.8 and Paragraph 3.1(v) are consistent with one another but are not identical provisions. Paragraph 10.8 says, in no uncertain terms, that a party cannot, without the written consent of the other party,

assign or transfer the Agreement. Any such attempt, without first obtaining written consent, "will be void and of no force of effect." Paragraph 3.1(v) precludes certain events with respect to the Fair Isaac Products, not all of which are encompassed by Section 10.8. Similarly, Paragraph 10.8 encompasses certain events that are not included within the scope of Paragraph 3.1(v).  That one particular subprovision of Paragraph 3.1 may have some degree of overlap with another provision of the License Agreement is entirely unsurprising and does not compel the interpretation that Defendants now seek—to ignore the clear and express termination right under Paragraph 9.2(c) for the entirety of Paragraph 3.1. Moreover, Paragraph 2.1, like Paragraph 3.1(v), states that the Fair Isaac Products may not be transferred, yet, even Defendants agree that it is subject to Paragraph 9.2(c).

### III.   Conclusion

The Court should deny Defendants' motion for judgment as a matter of law. Materiality is not a requirement to establish breach under New York law. Moreover, for the reasons described herein and in FICO's Opposition Brief, Paragraph 9.2(c) permits FICO to terminate regardless of materiality. At the very least, Paragraph 9.2(c) is ambiguous, and FICO has put forth sufficient facts for the jury to find Federal's breach was material.

Sincerely,

Heather J. Kliebenstein