UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL INSURANCE COMPANY,<br>an Indiana corporation, and ACE<br>AMERICAN INSURANCE COMPANY,<br>a Pennsylvania corporation,<br><br>　　　　　Defendants. | No. 16-cv-1054 (DTS)<br><br>DEFENDANTS' MEMORANDUM<br>IN RESPONSE TO FICO'S<br>MOTION TO PARTIALLY<br>REDACT THE TRIAL<br>TRANSCRIPT |

　　　　Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum in response to Fair Isaac Corporation's ("FICO") motion to redact portions of the trial transcript. FICO's request to redact portions of the transcript relating to its pricing practices is meritless. The Court may order redaction only "[f]or good cause[.]" Fed. R. Civ. P. 5.2(e). "Where the document sought to be shielded from disclosure is part of the official court file, the court must consider the public's presumptive right of access to such materials in making its determination as to good cause." *Keefe v. City of Minneapolis*, 2014 WL 1805398, at *2 (D. Minn. May 7, 2014) (alteration omitted).

　　　　Here, "the [t]ranscript is a judicial record to which the public has a qualified right of access." *Kempf v. Hennepin County*, 2020 WL 12990220, at *3 (D. Minn. Jun. 17, 2020); *see IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) ("There is a common-law right of access to judicial records."). And because a trial transcript is "highly relevant to those monitoring the federal courts[,]" *Kempf*, 2020 WL 12990220, at *4 (internal

quotation marks omitted), the public's interest in accessing it is especially weighty, *IDT Corp*, 709 F.3d at 1224.

FICO has not demonstrated good cause sufficient to overcome this right. Indeed, FICO failed to object to the airing of its purportedly confidential information "in an open courtroom." *Keefe*, 2014 WL 1805398, at *3. FICO has "pointed to no clearly-defined or serious injury that would result from the release of these statements made in the public courtroom"—only a nonspecific reference to the confidentiality of its pricing practices. *Id.* That is insufficient, especially in light of FICO's silence when this information became public at trial. *See Barr Labs., Inc. v. KOS Pharms., Inc.*, 362 F. Supp. 2d 421, 423–24 (S.D.N.Y. 2005) (against a claim of trade secrets confidentiality, "the Court must assess the rule governing countless other actions, both civil and criminal, that entail public disclosure of extraordinarily sensitive personal information"). Moreover, that a protective order applied during discovery to some of FICO's pricing information does not change the analysis because "a protective order is entirely different than an order to seal or redact [c]ourt documents and implicates entirely different interests." *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013); *see also Kruger v. Ameriprise Fin., Inc.*, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014) ("The parties cannot, by their own private arrangement, dictate the flow of information in what is otherwise a public proceeding[.]"). FICO has not carried its burden of demonstrating "good cause" to redact the transcript. Fed. R. Civ. P. 5.2(e).

| | |
|---|---|
| Dated: April 17, 2023 | */s/ Leah Godesky*_____ |

Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)
lgodesky@omm.com
Anton Metlitsky (Admitted Pro Hac Vice)
ametlitsky@omm.com
Daryn Rush (Admitted Pro Hac Vice)
drush@omm.com
Roxana Guidero (Admitted Pro Hac Vice)
rguidero@omm.com

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

***Attorneys for Federal Insurance Company and ACE American Insurance Company***

3