# EXHIBIT 4



Fair Isaac Corporation
3661 Valley Centre Drive
San Diego, CA 92130 USA
T 858 369 8000
F 858 369 8001
www.fico.com

Make every decision count.™

January 27, 2016

Joseph F. Wayland
Executive Vice President And General Counsel         VIA FEDEX
Legal Department
CHUBB GROUP
1133 Avenue of the Americas, 44th Floor
New York, NY 10036

and

Joseph F. Wayland
Chubb Limited
Legal Department
Bärengasse 32
CH-8001 Zurich
SWITZERLAND

Dear Mr. Wayland,

RE: Notice of Breach of **Blaze Advisor** Software License and Maintenance Agreement Dated June 30, 2006, as Amended (the "Agreement").

Fair Isaac Corporation ("FICO") and The Chubb Corporation, through its Chubb & Son division ("Chubb") are parties to the above referenced agreement. The Agreement relates to the license of the FICO product Blaze Advisor, which is utilized by Chubb in connection with the Chubb Specialty Insurance ("CSI") CSI Express underwriting and automated policy renewal application, and several other applications outside CSI in accordance with the scope change under Amendment 2 to the Agreement. This sophisticated software platform and program and its related documentation is FICO's intellectual property and is protected by patent, copyright, and other intellectual property rights.

FICO became aware of the pending acquisition of The Chubb Corporation by ACE Limited ("ACE") late last year. The resulting merger of The Chubb Corporation into ACE Limited is now known as Chubb Limited ("Chubb Ltd."). As you may be aware, FICO advised our business contact at Chubb & Son prior to the recent closing of the merger that FICO's consent is required under the applicable provision of the license Agreement in order to transfer the license from Chubb to Chubb Ltd.

I am writing now to again confirm that the Agreement may not be transferred and assigned without FICO's consent, and that FICO has not and does not consent to such transfer and assignment. The attempted assignment is void and a breach of the Agreement. The Agreement plainly states in Section 10.8 that the Agreement may not be assigned without consent. A change of control or merger and acquisition of Chubb was also stated as being a deemed assignment requiring consent. The restriction on assignment is further bolstered by Sections 2.1, 2.2 and 3.1 stating the license as non-transferable. Further, the license was personal to Chubb having been granted to Chubb & Son, the defined "Client" under Sections 2.1 and 2.2, and expressly limited to use within Chubb &Son and its controlled affiliates under 2.1(c).

Moreover, applicable Federal and New York law does not permit assignment of a licensee's rights without consent. The federal common law favoring restrictions and promoting non-assignability of IP contracts is based on U.S. federal policy of promoting the progress of science and useful arts by securing authors and





U.S. DIST COURT – MN
PLAINTIFF EXHIBIT
**P-0090**
Case No. 16-cv-1054-DTS

Mr. Joseph Wayland
Chubb Limited
January 27, 2016
Page 2 of 2

inventors the exclusive rights to their works[1]. Under federal law, there is a presumption that IP licenses may only be transferred with consent. Licensors of copyrighted and patented works have exclusive rights including the right to control the identity of its licensees. FICO licensed Chubb[2], and no one else. Chubb's purported assignment of FICO software and transfer of other confidential information through the acquisition of Chubb by ACE and subsequent merger into Chubb Ltd. is of no legal effect and void by the terms of the Agreement. Chubb, and derivatively Chubb Limited are in breach of the Agreement.[3] Chubb Ltd.'s making use, after this notice by FICO of the requirement for consent, constitutes Chubb and Chubb Ltd. as intentional infringers under applicable copyright and patent laws, in addition to being a breach of the Agreement.

FICO lacks sufficient information to understand the full implications of Chubb Ltd.'s plans, and without some shared insight, is unable to accommodate any request now for consent. We are aware of course of the much larger entity as a result of the merger and how allowing the license transfer will expose FICO to adverse impact based on the expanded risks of IP indemnity of a larger organization. Additionally, the original enterprise license was based on Chubb & Son only, not the much larger organization which has breadth well beyond Chubb & Son. This is especially true given the platform nature of the software. This increases the risks of how the license under the new organization may be used in contrast to than under Chubb & Son. FICO understood and assisted Chubb in utilizing the software. At this point FICO is concerned as to anticipating how it will be now used.

While FICO will consider licensing its IP to Chubb Ltd., please understand that it is not acceptable or agreed that Chubb Ltd. make use of FICO's IP. Further, FICO retains the right to terminate the Agreement, and nothing contained herein is to be construed as a waiver of damages or the right to terminate the Agreement. We understand that this was a large transaction and this may have been an oversight. While FICO does not waive its right to terminate the Agreement immediately under Section 9.2(c) of the Agreement or otherwise waive any rights, FICO is mindful of the long business relationship with Chubb and FICO is willing to entertain a business resolution of the matter within the next thirty (30) days.

I am happy to entertain a discussion, and would encourage including authorized business representatives from both firms' to further discussions.

Please advise of your next course of action.

Sincerely,

FAIR ISAAC CORPORATION

Thomas F. Carretta
Associate General Counsel

CC:   Russ Schreiber, Vice President FICO
      Michael Sawyer, FICO

---

[1] U.S. Constit. Art I, Sec. 8; In Re Buildnet, Inc. No.01-82293 et al., 2002 BANKR LEXIS 1851 at 15-17.; US copyright and patent law.
[2] Preamble of the Agreement states the FICO shall provide to Client (Old Chubb) the Blaze Advisor products. See also sections 2.1, 2.2 and 3.1 of the Agreement.
[3] Clinical Insight, Inc. v. Louisville Cardiology Medical Group, 11-cv-6019, 2013 WL 3713414, at *9 (W.D.N.Y. July 12, 2013).