# EXHIBIT 9

| | |
|---|---|
| **From:** | Heather Kliebenstein |
| **Sent:** | Monday, August 20, 2018 5:11 PM |
| **To:** | schultz_chambers@mnd.uscourts.gov |
| **Cc:** | Allen Hinderaker; Pham, Christopher; Janus, Leah; Fleming, Terrence; Michael Erbele; Carol A. Nystrom; Kristin M. Drieman |
| **Subject:** | Discovery Dispute Summary (Fair Isaac Corp. v. Federal Insurance Co., Civil No. 16-1054) |

Dear Judge Schultz,

Pursuant to the Court's June 14, 2018 Second Amended Pretrial Scheduling Order (Doc. No. 111), the parties jointly request an informal conference with the Court regarding the following discovery disputes.

**FICO's Request for Production Nos. 30-32**

- **FICO's position:** The Court ordered Federal to respond fully to FICO's Request for Production Nos. 30-32, which seek summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. Federal's response is deficient in two manners. First, Federal has not produced relevant information for the UK and Australia. Second, Federal produced the 2016 and 2017 U.S. and Canadian annual statements of Federal and 11 of Federal's U.S. subsidiaries. Federal's production does not comply with the Court's Order. Each request is tailored to seek not simply "annual statements" as Federal produced, but rather summary reports showing the revenues and profits derived from the products and services of each line of business for which the Blaze Advisor® software has been used. The "annual statements" are also deficient because they do not show quarterly revenues for the various requested time periods as sought by the Requests. Federal has a duty under this Court's Order and the Rules to fully respond. The fact the document requests (quite naturally) do not align with the records Federal keeps in the ordinary course of business is not an excuse. Federal must review the data it keeps as a company and provide it in a way that is responsive to these requests.

- **Federal's position:** Federal's obligation is to produce documents as they are kept in the usual course of business. Federal is not obligated to create new summary reports or documents that are not already in its current possession, custody or control. The 2016 and 2017 annual statements of Federal and 11 of Federal's U.S. subsidiaries, and the 2016 and 2017 financial reports for Canada, are documents that are kept in the usual course of business. Federal has recently produced the 2017 annual statement for the Europe entity. Federal is working to produce financial reports related to Australia entity and anticipate doing so early next week. Federal continues to search for documents in its possession, custody, or control that show revenues and profits derived from the products and services in connection with which Blaze Advisor® is and has been used. Discovery is continuing, and Federal will produce responsive documents that are kept in the usual course of business, to the extent such documents already exist.

Pursuant to the Second Amended Pretrial Scheduling Order, the parties agree to informal dispute resolution regarding this issue.

**FICO's Request for Production Nos. 55-70**

- **FICO's position:** These Requests seek documents "relating to the decision to implement" the Blaze-containing applications identified in Federal's Supplemental Answer to Interrogatory No. 4, "including all documents relating to the business benefits to be derived from the implementation and the efficiencies to be realized from us[e of] the application[s]." Federal has not produced documents related to the business benefits derived from

1

any Blaze-containing application, let alone every Blaze-containing application.  Federal contends it has produced all responsive documents it has located, but Federal has only searched the files of custodians who are technical, IT focused witnesses in response to this request.  Specifically, Federal has stated that it searched the files of Federal employee Henry Mirolyuz for responsive documents, and found no additional documents.  But Mr. Mirolyuz is an IT application architect—a technical witness.  As learned in his July 31 deposition, Mr. Mirolyuz does not make business decisions about what applications to create and does not know whom the business persons are that do; he received project direction from his superior in IT and professed to have no contact with the business decision makers. Federal should conduct an investigation of the files of its employees that focus on business and sales, not simply IT/technical witnesses, but it refuses to do so.  The fact that Federal may have produced what it has from a narrow, non-responsive collection is meaningless.

- **Federal's position:** FICO's contention that Federal's custodian list includes only technical witnesses and counsel is incorrect. Henry Mirolyuz, Federal's 30(b)(6) deposition designee, is more of a project manager than merely a technical witness, which is reflected in his resume providing his background and experience.  FICO requests documents "relating to the decision to implement" the Blaze-containing applications.  These decisions were made long ago, and the personnel involved in that decision-making are no longer employed with Federal.  Mr. Mirolyuz is the only remaining employee who has familiarity with the decision to implement Blaze use with certain applications.  Mr. Mirolyuz has conducted a diligent search for documents responsive to these requests and has been unable to locate any to date.

The parties agree to informal dispute resolution regarding this issue.

**FICO's Interrogatory Nos. 15-20**

- **FICO's position:** Interrogatory Nos. 15-17 seek the gross written premium for all insurance policies of Federal and related companies in connection with which the Blaze Advisor® software was used. Interrogatory No. 15 seeks this information for each year from 2001-2006; Interrogatory No. 16 seeks this information for the each year from 2007-2012; and Interrogatory No. 17 seeks this information for each quarter from March 30, 2016 to the present. Federal has not provided sufficient answers to these interrogatories, which seek similar categories of revenue information as Federal was previously ordered to produce. Federal's production of annual statements for 2016 and 2017 are not responsive. As stated in connection with Request for Production Nos. 30-32, annual statements are not responsive to the interrogatories that seek the gross written premium on all insurance policies in connection with which Blaze Advisor® software is and has been used. The interrogatories require Federal not simply to provide off the shelf reports, but to answer the interrogatories through investigating the data and information in Federal's custody, control or possession.  It is not the case that FICO can as readily as Federal determine the information requested by these interrogatories from the reports provided. Further, Interrogatory Nos. 18-20 seek the quarterly gross written premium for companies in the U.K., Canada, and elsewhere in the world that have used the Blaze Advisor® software from the date of first use to the present. The single financial report of Chubb Canada is not responsive to Interrogatory Nos. 18-20 for the reasons stated with respect to Request for Production Nos. 30-32.

- **Federal's position:** *See* Federal's position with respect to Request for Production Nos. 30-32. Federal has produced documents in response to FICO's Request for Production Nos. 30-32. These documents are sufficient to answer Interrogatory Nos. 15-20 because they show "the gross written premium" for Federal and related entities.

The parties agree to informal dispute resolution regarding this issue.

**FICO's Request for Admission Nos. 13-16 and 20-28**

- **FICO's position:** Federal objected to these Requests on the basis that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" used therein are vague and ambiguous. In

2

response, Federal re-wrote the Requests and gave partial answers in response to the re-written Requests. These partial answers are deficient. Federal should give complete responses to these Requests, and in doing so should give the disputed terms their plain and ordinary meaning. Ambiguity objections are improper where the objected to terms have "ordinary, plain meaning[s]s, particularly in the context of the [Interrogatories]." *Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSx), 2013 U.S. Dist. LEXIS 200627, at *28 (C.D. Cal. Sep. 9, 2013). Here, these phrases are defined in the dictionary and in case law, and thus are not ambiguous. Fed. R. Civ. P. 36(a)(1)(A); *see also FTC v. Think All Publ'g L.L.C.*, No. 4:07-cv-011, 2008 U.S. Dist. LEXIS 18561, at *9 (E.D. Tex. Mar. 11, 2008) (overruling objections to Requests for Admission where party claimed legal term was vague and ambiguous).

- **Federal's position:** Federal maintains its objections that the phrases "authority to direct," "cause the direction," "disclose," "distribute," and "permitted to access" are vague and ambiguous. Federal is unable to answer the Requests unless FICO provides further clarification regarding the meaning of these terms. Indeed, "[a] party is not required to respond to a request that contains vague or ambiguous statements." *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) (*citing Fulhorst v. United Tech. Auto., Inc.*, No. 96–577, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997); *see e.g., Arroyo v. Adams,* No. 1:11–cv–01186–AWI–DLB, 2014 WL 109494, at*5 (E.D.Ca. Jan. 10, 2014) (denying motion to compel where admission request included vague, undefined terms). Requests for admission are not a discovery device, but rather a "procedure for obtaining admissions for the record of facts already known." *Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 375–76 (S.D.N.Y. 1989) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2253 (1970)). As such they are not intended to establish facts in dispute or questions of law. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. CV 10-4948 JRT/AJB, 2013 WL 12155269, at *1–2 (D. Minn. Oct. 1, 2013) (citing *Lakehead Pipe Line Co., Inc. v. Am. Home Assurance Co.,* 177 F.R.D. 454, 458 (D. Minn. 1997)). For these reasons, requests for admissions must be simple, clear and direct such that the responding party can admit or deny without explanation. *See Dubin*, 125 F.R.D. at 375, *Henry v. Champlain Enterprises, Inc.,* 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Minnesota courts have similarly found other common words, all readily found in a dictionary, to be ambiguous in the context of the case and the Request propounded. For instance, in *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, this Court found that asking whether an individual was acting as a "representative" of the Defendants was ambiguous, because it could have various meanings in this context. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota, LLC*, No. CV 09-3037 (SRN/LIB), 2011 WL 13135650, at *9 (D. Minn. Mar. 3, 2011), *aff'd,* No. 09-CV-3037-SRN-LIB, 2011 WL 1486033 (D. Minn. Apr. 19, 2011). Furthermore, this Court found that, as in *Donaldson*, the question was an inappropriate attempt to admit a fact in dispute. *Id.* Elsewhere, courts have found that the word "associated," was impermissibly ambiguous in the context of a Request seeking admission that two car features were different, "even when the system structure and software **associated** with the two features are identical." *Fulhorst v. United Techs. Auto., Inc.,* No. CIV. A. 96-577-JJF, 1997 WL 873548, at *1 (D. Del. Nov. 17, 1997) (finding that Plaintiffs need not respond to the request because it could not be admitted or denied with minimal explanation).

The parties agree to informal dispute resolution regarding this issue.

The parties are available for a joint conference call with the Court at the following times to discuss these issues more fully.
- Tuesday, 8/21 after 2:00 p.m.
- Monday, 8/27 after 2:00 p.m.
- Tuesday, 8/28 after 9:30 a.m.
- Wednesday, 8/29 between 9:30 a.m.-12:00 p.m. or 4:00-5:00 p.m.

Thank you,

Heather

**Heather Kliebenstein**
Partner

Merchant & Gould P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2215
USA

**Telephone** (612) 371-5213
**Fax** (612) 332-9081
**Email** hkliebenstein@merchantgould.com
merchantgould.com

GUARDIANS OF GREAT IDEAS®

Note: This e-mail message is confidential and may be privileged or otherwise protected by law. If you are not the intended recipient, please: (1) reply via e-mail to sender; (2) destroy this communication en irely, including deletion of all associated text files from all individual and network storage devices; and (3) refrain from copying or disseminating this communication by any means whatsoever.
Please consider the environment before printing this email. Thank you.

4