**EXHIBIT 10**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

 ---------------------------------------------------------------
 Fair Isaac Corporation, a         )
 Delaware corporation,             )   File No. 16-cv-1054
                                   )            (WMW/DTS)
         Plaintiff,                )
                                   )
 v.                                )
                                   )
 Federal Insurance Company, an     )
 Indiana corporation, and ACE      )   Courtroom 9E
 American Insurance Company, a     )   Minneapolis, Minnesota
 Pennsylvania corporation,         )   December 17, 2018
                                   )   10:29 a.m.
         Defendants.               )
 ---------------------------------------------------------------

              BEFORE THE HONORABLE DAVID T. SCHULTZ
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                        (MOTIONS HEARING)

APPEARANCES
  For the Plaintiff:          MERCHANT & GOULD P.C.
                              BY:  HEATHER KLIEBENSTEIN, ESQ.
                              80 South Eighth Street, #3200
                              Minneapolis, Minnesota 55402


  For the Defendants:         FREDRIKSON & BYRON P.A.
                              BY:  CHRISTOPHER D. PHAM, ESQ.
                                   TERRENCE J. FLEMING, ESQ.
                              200 South Sixth Street, #4000
                              Minneapolis, Minnesota 55402


  Court Reporter:             RENEE A. ROGGE, RMR-CRR
                              1005 United States Courthouse
                              300 South Fourth Street
                              Minneapolis, Minnesota 55415

     Proceedings recorded by mechanical stenography;
  transcript produced by computer.
```

RENEE A. ROGGE, RMR-CRR
(612)664-5107

1  the base, that would be an easy way to go about the problem.
2  But on Decision Point, what I hear the argument being is,
3  yes, Blaze Advisor works with it, but it only writes quotes.
4  Some of those are issued; some of those aren't.  But to me
5  isn't it an easy answer?  Well, can't you figure out what
6  quotes turn into policies?  They've got to have record of
7  what went through Decision Point and what ultimately became
8  a premium.
9              THE COURT:  Well, that strikes me as unbelievably
10 complicated to actually do, and that's why I'm trying to
11 find an easier route to what you're entitled to.  But the
12 starting point for this whole discussion was in February
13 you, the defendants, had said they don't get what -- they
14 don't get this until they can prove there's a causal
15 connection.  And my ruling was, I had read all the cases
16 that Federal had cited and they were procedurally and
17 substantively postured differently and that they were not
18 required to find causation or show causation before they get
19 the discovery.  They get the discovery.  You can argue
20 causation.  They have to show it.  But all of that traces
21 back to if Blaze is used by this business line to generate
22 or in the stream of activity that generates premium dollars,
23 every premium dollar that is in that stream with which Blaze
24 is somehow associated, they get that information, correct?
25             MR. PHAM:  Correct.

1              THE COURT:  Okay.  So let's take a timeout for a
2       second.
3              (Recess taken from 11:12 a.m. till 11:21 a.m.)
4              THE COURT:  Here's what I hear and what I'm going
5       to -- what I'm going to do for the time being, is I'm going
6       to make some verbal orders as we're going through this so
7       that you know what I think the ground rules are.
8              You will have to appeal -- frankly, what I would
9       ask the parties to do is after you've heard the verbal
10      orders, if either side feels that they need to be appealed
11      from, then I will reduce some portion of the verbal order to
12      writing, because I really think that Judge Wright will need
13      something more concrete than what we've put on the record.
14      And that's not -- I'm not saying that so that people are
15      discouraged from appealing, but I am trying to give you
16      guidance so that you can keep the case moving, but also do
17      it in a way that we can get it in front of Judge Wright if
18      we need to.
19             So here's the way I see Request For Production 30
20      through 32 and Interrogatory Nos. 16 through 20 -- or 15
21      through 20, whichever it is:
22             On the RFPs, the information as to quarterly gross
23      and net revenues and profits derived from each line of
24      business that used Blaze Advisor for Chubb & Son and other
25      business units has to be provided.  And I haven't heard that

1    it's not available or that it can't be figured out
2    reasonably efficiently.  And so I'm going to make sure that
3    it's clear that I'm ordering that that be produced, that
4    information be produced.
5                Interrogatories 15 through 20, I don't hear a
6    dispute between the parties about what the plaintiff is
7    entitled to.  There may be a little bit of ambiguity or
8    miscommunication about what is being provided.  So to the
9    extent that it wasn't clear before, hopefully it's clear
10   now.  The way I'm going to characterize it is this:  If you
11   have premium dollars that are coming out of the business
12   line or business unit, depending on the interrogatory, for
13   which Blaze software -- Blaze Advisor software was anywhere
14   in the stream of moving that to a premium, moving that
15   potential business into a premium, then you have to provide
16   all that premium information.
17               So those are my orders on that, on the substance
18   of it.
19               Let me just hear from Ms. Kliebenstein.  Do you
20   think you understand it and, B, do you agree with it?
21               MS. KLIEBENSTEIN:  I do, Your Honor.  My follow-up
22   questions are two-fold.  When?
23               THE COURT:  Yeah.
24               MS. KLIEBENSTEIN:  And attorney's fees.
25               THE COURT:  Right.  So on the when, what is the

|   |   |
|---|---|
| 1 | close of discovery again?  February -- |
| 2 | MR. PHAM:  14th. |
| 3 | THE COURT:  14th.  Valentine's Day.  Lovely. |
| 4 | All right.  I want that information completely |
| 5 | produced by January 15th.  And if you see going forward -- |
| 6 | actually, let me change that date to January 18th.  I will |
| 7 | give you to the Friday of that week.  So January 18th that |
| 8 | information has to be completely produced.  If you see the |
| 9 | train coming that you're not going to be able to do it, I |
| 10 | want you to get on the phone with me.  Okay? |
| 11 | MR. PHAM:  Yes, Your Honor. |
| 12 | THE COURT:  Okay.  So in my mind that takes care |
| 13 | of RFPs 30 to 32 and Interrogatories 15 to 20.  Any |
| 14 | questions, concerns, comments about those two items? |
| 15 | MR. PHAM:  No, Your Honor. |
| 16 | THE COURT:  Ms. Kliebenstein? |
| 17 | MS. KLIEBENSTEIN:  Not right now, Your Honor. |
| 18 | THE COURT:  Oh, the attorney's fees.  We will come |
| 19 | back to that. |
| 20 | All right.  RFPs 55 to 70.  Here's what I hear the |
| 21 | parties to be saying.  I hear the defendant to be saying |
| 22 | we're looking, we're not objecting to the interrogatory or |
| 23 | the request for production -- excuse me -- request for |
| 24 | production.  We'll turn them over to the extent that we can |
| 25 | find them and -- but this is difficult and time-consuming. |

|   |   |
|---|---|
| 1 | I hear the plaintiffs saying, you're looking in all the |
| 2 | wrong places. |
| 3 | I don't -- from what everything I've read, I don't |
| 4 | see it that way, to be honest with you.  I don't see that |
| 5 | they've restricted themselves to only IT people, but let me |
| 6 | ask Mr. Pham. |
| 7 | What custodians were identified, how and why? |
| 8 | MR. PHAM:  So as you may recall, Your Honor, back |
| 9 | on August 29th plaintiff identified documents that they |
| 10 | wanted Federal to look at to see if there would be |
| 11 | additional custodians and/or responsive information that |
| 12 | would stem therefrom.  We went back and looked at those |
| 13 | documents.  And based on our view of those, we did identify |
| 14 | four additional custodians, and we have since then did a |
| 15 | data collection for those custodians.  And you're absolutely |
| 16 | right; we are not objecting to the requests.  We are open to |
| 17 | any additional custodians that may be identified.  And so we |
| 18 | are working diligently with plaintiff to run those searches |
| 19 | for those individuals. |
| 20 | THE COURT:  Who signed the software agreement? |
| 21 | MR. PHAM:  The software agreements? |
| 22 | THE COURT:  Yeah, or the -- whatever the contract |
| 23 | is underlying this. |
| 24 | MS. KLIEBENSTEIN:  We're both stumped. |
| 25 | MR. PHAM:  Yeah. |