# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, a Delaware corporation, | ) | Case No. 16-cv-1054 (DTS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF FAIR ISAAC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................ 1

II.     FICO is entitled to recover prejudgment interest against Federal and ACE
        American for its actual damages in connection with its copyright claims.... 2

        A.      No exceptional or unusual circumstances exist that would make an award
                of prejudgment interest inequitable. ............................................................. 3

                (1)     Prejudgment interest is necessary to fully compensate FICO ........... 6

                (2)     A substantial award of prejudgment interest does not render such
                        an award inequitable .......................................................................... 8

        B.      Minnesota's state statutory rate of 10% is applicable. ................................. 9

III.    FICO is entitled to recover prejudgment interest from Federal for its damages in
        connection with its breach of contract claim ................................................ 13

IV.     FICO is entitled to recover post-judgment interest. ............................................ 16

V.      Conclusion ................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adventure Creative Grp., Inc. v. CVSL, Inc.,*
  412 F. Supp. 1065 (D. Minn. Sep. 12, 2019) ................................................... 4

*Jenkins ex rel. Agyei v. Missouri,*
  931 F.2d 1273 (8th Cir. 1991) ...................................................................... 17

*ALM Surgical Equip., Inc. v. Kirschner Med. Corp.,*
  No. 6:89-1622-3, 1990 WL 123996 (D.S.C. Apr. 23, 1990) ........................... 9

*Andreas v. Volkswagen of Am., Inc.,*
  210 F. Supp. 2d 1078 (N.D. Iowa 2002) .............................................. *passim*

*August Tech. Corp. v. Camtek, Ltd.,*
  No. 05-1396, 2015 WL 520546 (D. Minn. Feb. 9, 2015) ......................... 8, 11

*Broadcast Music, Inc. v. Tavern 129 LLC,*
  No. 20-cv-435, 2021 WL 2390248 (D. Minn. June 11, 2021) ............... 16, 17

*Brushton-Moira Cent. Sch. Dist. v. Fred. H. Thomas Assocs., P.C.,*
  692 N.E.2d 551 (N.Y. 1998) ........................................................................ 14

*Cargill, Inc. v. Taylor Towing Serv., Inc.,*
  642 F.2d 239 (8th Cir. 1981) ..................................................................... 2, 9

*Citibank, N.A. v. Barclays Bank, PLC,*
  28 F. Supp. 3d 174 (S.D.N.Y. 2013) ........................................................... 14

*Core Distrib., Inc. v. Doe,*
  No. 16-cv-04059 (SRN/HB), 2018 WL 6178720 (D. Minn. Nov. 27,
  2018) ........................................................................................................... 10

*Dependahl v. Falstaff Brewing Corp.,*
  653 F.2d 1208 (8th Cir. 1981) ..................................................................... 10

*Furminator, Inc. v. Kim Laube & Co.,*
  No. 4:08CV00367 ERW, 2011 WL 1226944 (E.D. Mo. Mar. 30, 2011) ................. 11

*Glob. Traffic Techs., LLC v. Emtrac Sys., Inc.,*
  No. 10-4110, 2014 WL 1663420 (D. Minn. Apr. 25, 2014 ........................... 11

ii

*Grand v. H.E. Lockhart Mgmt.*,
 No. 01- 44, 2011 WL 13193010 (D.V.I. Dec. 30, 2011) ............................................... 8

*Gyromat Corp. v. Champion Spark Plug Co.*,
 735 F.2d 549 (Fed. Cir. 1984) ..................................................................................... 11

*I-Sys., Inc. v. Softwares, Inc.*,
 No. 02-cv-1951, 2005 WL 1430323 (D. Minn. Mar. 7, 2005) ................................. 2, 10

*Janda v. Iowa Industrial Hydraulics, Inc.*,
 326 N.W.2d 339 (Iowa 1982) ....................................................................................... 10

*Kleier Adver., Inc. v. Premier Pontiac, Inc.*,
 921 F.2d 1036 (10th Cir. 1990) ..................................................................................... 2

*Kleier Advert., Inc. v. John Deery Motors, Inc.*,
 834 F. Supp. 311 (N.D. Iowa 1993) .......................................................................... 2, 10

*Leonard v. Stemtech Int'l, Inc.*,
 834 F.3d 376 (3d Cir. 2016) ........................................................................................ 2, 7

*Mansker v. TMG Life Ins. Co.*,
 54 F.3d 1322 (8th Cir. 1995) ......................................................................................... 9

*McRoberts Software, Inc. v. Media 100, Inc.*,
 329 F.3d 557 (7th Cir. 2003) ......................................................................................... 2

*Oiness v. Walgreen Co.*,
 88 F.3d 1025 (Fed. Cir. 1996) ....................................................................................... 11

*Oracle USA, Inc. v. Rimini St., Inc.*,
 879 F.3d 948 (9th Cir. 2018) ........................................................................................ 11

*Polar Bear Prods., Inc. v. Timex Corp.*,
 384 F.3d 700 (9th Cir. 2004) ......................................................................................... 2

*ResCap Liquidating Tr. v. Home Loan Ctr., Inc.*,
 399 F. Supp. 3d 827 (D. Minn. 2019) ........................................................................... 8

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
 No. 11-820 (JRT/HB), 2018 WL 3621206 (D. Minn. July 30, 2018) .................... 9, 10

*Spodek v. Park Prop. Dev. Assocs.*,
 759 N.E.2d 760 (N.Y. 2001) ......................................................................................... 14

iii

*Stroh Container Co. v. Delphi Indus., Inc.*,
    783 F.2d 743 (8th Cir. 1986) ................................................................. 2, 7, 9

*TMTV, Corp. v. Mass Prods., Inc.*,
    645 F.3d 464 (1st Cir. 2011) ...................................................................... 2

**Statutes**

28 U.S.C. § 1961 ......................................................................... 1, 16, 17

Minn. Stat. § 549.09 ........................................................................ 10

**Other Authorities**

Federal Rule of Civil Procedure 59 .......................................................... 1, 17

N.Y. C.P.L.R. § 5001 ....................................................................... 14, 15

N.Y. C.P.L.R. § 5002 ....................................................................... 14, 16

N.Y. C.P.L.R. § 5004 ........................................................................ 14

## I.    Introduction

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Fair Isaac Corporation ("FICO") respectfully requests the Court to alter or amend its judgment to award FICO prejudgment interest in connection with its copyright infringement claims against Federal Insurance Company ("Federal") and ACE American Insurance Company ("ACE American") (collectively, "Defendants"). FICO prevailed on its infringement claims against both Defendants. In the Eighth Circuit an award of prejudgment interest should ordinarily be granted absent exceptional or unusual circumstances making an award of interest inequitable. Here, no such exceptional or unusual circumstances exist. Rather, an award of prejudgment interest is compelled by the equities and is necessary to make FICO whole by compensating it for the loss of the use of the $40 million the jury found it was legally owed.

FICO is also entitled to prejudgment interest on its breach of contract claim against Federal. Under New York law prejudgment interest on breach of contract claims is mandatory. FICO does not seek a double recovery of prejudgment interest against Federal. It is entitled to the greater of the prejudgment interest for its copyright infringement claim against Federal and the prejudgment interest for its breach of contract claim against Federal.

Finally, FICO also requests an award of post-judgment interest pursuant to 28 U.S.C. § 1961.

1

II.    **FICO is entitled to recover prejudgment interest against Federal and ACE American for its actual damages in connection with its copyright claims.**

In this district, "prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986); *see also*, *e.g.*, *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239, 241-42 (8th Cir. 1981) (absent exceptional circumstances, courts regularly award prejudgment interest when damages lawfully due are withheld). District courts in the Eighth Circuit have awarded prejudgment interest stemming from actual damages in copyright cases. *I-Sys., Inc. v. Softwares, Inc.*, No. 02-cv-1951 (JRT/FLN), 2005 WL 1430323, at *16 (D. Minn. Mar. 7, 2005); *Andreas v. Volkswagen of Am., Inc.*, 210 F. Supp. 2d 1078, 1086-88 (N.D. Iowa 2002), *rev'd in part on other grounds*; *Kleier Advert., Inc. v. John Deery Motors, Inc.*, 834 F. Supp. 311, 314 (N.D. Iowa 1993). Other Circuit Courts have also awarded prejudgment interest for actual copyright damages. *E.g.*, *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 396-97 (3d Cir. 2016); *TMTV, Corp. v. Mass Prods., Inc.*, 645 F.3d 464, 474 (1st Cir. 2011); *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572-73 (7th Cir. 2003); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004); *Kleier Adver., Inc. v. Premier Pontiac, Inc.*, 921 F.2d 1036, 1040-41 (10th Cir. 1990). An award of prejudgment interest is necessary to compensate FICO for the true costs of money damages incurred. *Stroh Container Co.*, 783 F.2d at 752.

A.   **No exceptional or unusual circumstances exist that would make an award of prejudgment interest inequitable.**

There are no exceptional or unusual circumstances making the award of prejudgment interest inequitable. The rule that prejudgment interest should be granted applies here.

First, FICO did not unduly delay in enforcing its copyrights. FICO first learned of the acquisition of the Chubb Corporation by ACE Limited in approximately July of 2015. (Declaration of Paige Stradley ("Stradley Decl") Ex. 1). After months of not hearing from Federal regarding the acquisition, FICO reached out to Federal contacts regarding the fact that FICO's consent was required for any continued use of Blaze Advisor after the acquisition closed. The acquisition closed and having not heard from Federal, FICO sent Joseph Wayland, Chubb Limited's General Counsel, its January 27, 2016, Notice of Breach letter asserting breach of Paragraph 10.8 of the License Agreement. (*Id.* at Ex. 2.) After failed negotiations, FICO terminated the License Agreement effective March 31, 2016. (*Id.* at Ex. 3.) FICO then timely brought this lawsuit, filing its Complaint less than a month after the License Agreement terminated. (Dkt. 1.) Further, FICO first learned of ACE American's infringement of its copyrights in the deposition of John Taylor, taken on August 2, 2018. FICO promptly sought leave to amend its Complaint (Dkt. 130), and on September 11, 2018, FICO amended its Complaint to include ACE American as a defendant. (Dkt. 132.)

Second, the equities compel the award of prejudgment interest. Both Federal and ACE American willfully infringed FICO's copyrights. FICO's January 27, 2016, Notice

of Breach letter warned that any use of Blaze Advisor software was intentional infringement under applicable copyright laws. (Stradley Decl. Ex. 2 at P-0090-002.) This warning was reiterated in FICO's March 30, 2016, termination letter directed to Chubb Limited Deputy General Counsel Andrew Hopp. (*Id.* at Ex. 3 at P-0103-002 (stating that any future use of the Blaze Advisor software would constitute willful infringement of FICO's underlying copyrights).) Despite these express warnings, Federal continued using Blaze Advisor after termination of the License Agreement for approximately nine months. Federal knew of FICO's copyrights and knew it no longer had the right to use Blaze Advisor; at a minimum its continued use of Blaze Advisor was in reckless disregard of FICO's copyrights. *Adventure Creative Grp., Inc. v. CVSL, Inc.*, 412 F. Supp. 1065, 1073 (D. Minn. Sep. 12, 2019) (explaining that willfulness requires "show[ing] that the infringer had knowledge that its conduct constituted infringement or that it recklessly disregarded that possibility" and further noting that "Courts have found willful infringement when, for example, a defendant engages in infringing activity after receiving warning that the activity constitutes infringement"). Moreover, Federal only stopped using Blaze Advisor when it no longer had employees (its employees being transferred to ACE American on January 1, 2017), not because of a desire to stop infringing.

ACE American used Blaze Advisor on and after January 1, 2017, knowing it had no right to do so or in total reckless disregard of FICO's copyrights. ACE American undisputedly was never a party or the "Client" to the License Agreement. (Stradley Decl. Ex. 4 at J-001-001, J-001-009, J-001-0018, J-001-020; Dkt. 1167 at 16 (finding as a

matter of law the "Client" was Federal).) The only alleged defense offered by ACE American was a conclusory assertion that the acquisition of the Chubb Corporation by ACE Limited somehow made ACE Limited the "Client" to the License Agreement and then somehow that resulted in ACE American having the right to use Blaze Advisor. ACE American put forth no evidence to support this assertion, only attorney argument.

Defendants' own letters to FICO, written prior to the filing of this lawsuit, admitted the acquisition of the Chubb Corporation did not change "the Client" to the License Agreement. (Stradley Decl. Ex. 5 at P-0091-001 ("Chubb & Son is still FICO's 'Client' as such term is defined in the Agreement and it is our position that no transfer and assignment of the Agreement has occurred."); Ex. 6 at P-0094-002.) ACE American's unsupported theory was squarely rejected by the jury.

ACE American assumed the Chubb & Son role of manager and used Blaze Advisor in connection with selling insurance without FICO's knowledge. ACE American's willful infringement continued unabated for three years. (*Id*. at Ex. 7 at 1231:23-1232:1 (all employees of Federal became employees of ACE American on January 1, 2017)); Dkt. 1072 at Nos. 31-40.) As the testimony of Claudio Ghislonzoni made clear, ACE American felt no urgency to cease use of or transition away from Blaze Advisor. ACE American only stopped using Blaze Advisor after Chubb Limited made an enterprise level (global) decision to adopt an open-source technology strategy. (Stradley Decl. Ex. 7 at 1050:10-17.) Respect for FICO copyrights was irrelevant to the decision.

Both Federal's and ACE American's actions throughout the period of infringement show they simply did what they wanted without any regard for FICO's

5

copyrights and despite full knowledge of those rights. They acted like they owned Blaze Advisor.

The award to FICO of prejudgment interest does not depend on whether Federal or ACE American willfully infringed FICO's copyrights. The question is whether any exceptional or unusual circumstances exist that would make an award of prejudgment interest inequitable. The answer is no. Rather, under the facts of this case, the circumstances compel the award to make FICO whole by compensating it for the loss of the use of the $40 million the jury found it was legally owed.

Defendants are likely to argue that an award of prejudgment interest on the jury's $40 million actual damages award would be inequitable because (1) the jury's award was substantial and sufficiently compensated FICO and (2) the prejudgment interest on a $40 million award would be unfair. Both arguments fail. First, FICO has not been fully compensated for the damage it suffered because an actual damages award does not compensate for the loss of the time value of money. Second, neither of these arguments constitute the type of exceptional or unusual circumstances that render an award of prejudgment interest inequitable.

### (1) Prejudgment interest is necessary to fully compensate FICO.

Despite the size of the jury's actual damages award, that award still does not fully compensate FICO. An award of prejudgment interest is necessary to make FICO whole.

An award of prejudgment interest serves dual purposes: (1) to compensate the prevailing party for the true costs of money damages incurred (i.e., from being denied the use of money which was legally due) and (2) to promote settlement and deter attempts to

benefit unfairly from the inherent delays of litigation. *Stroh Container Co.*, 783 F.2d at

752. "An award of actual damages under the Copyright Act alone 'does not mitigate

harm caused by delay in making reparations—a harm the remedy of prejudgment interest

is uniquely tailored to address. Simply put, prejudgment interest is a different remedy for

a different harm.'" *Leonard*, 834 F.3d at 396 (quoting *Polar Bear Prods., Inc.*, 834 F.3d

at 396); *see also Andreas*, 210 F. Supp. 2d at 1086-87 (explaining prejudgment interest is

necessary to compensate a copyright plaintiff fairly, to compensate the injured party for

the loss of the use of money he would otherwise have had, and to deter infringement of

copyrights"). For this reason, an award of prejudgment interest is appropriate even if the

jury's actual damages award to FICO and against Defendants was substantial.

     *Leonard* is instructive. There, the district court denied prejudgment interest as

inequitable and unfair because, among other things, in the district court's view, the

damage awarded "sufficiently compensated" the copyright holder and was a far greater

license fee than the copyright holder had previously received for use of the infringing

work. *Leonard*, 834 F.3d at 397 (also noting that the jury had not found defendant's

conduct willful). The Third Circuit held that denying prejudgment interest on the ground

that the damages award was high and sufficiently compensated the copyright holder was

legal error. *Id.* The Third Circuit explained that prejudgment interest serves a different

purpose than actual damages and the copyright holder is entitled to be compensated for

the loss of use of the amount of actual damages. *Id.*

     The same is true here. The jury determined that $4.3 million and $35.7 million is

the fair market value for Federal's and ACE American's respective use of Blaze Advisor.

FICO should be compensated for the loss of the use of that $40 million to which the jury found FICO was lawfully entitled. To hold otherwise would not only deprive FICO of the prejudgment interest required to make FICO whole, but it would give Defendants a windfall from their use of the $40 million dollars over an approximately seven-year period. *August Tech. Corp. v. Camtek, Ltd.*, No. 05-1396 (JRT/FLN), 2015 WL 520546, at *8 (D. Minn. Feb. 9, 2015) (where case had a 5-year delay due to an appeal, court refused to deny prejudgment interest during that intervening period because such a denial would "not only undercompensates the patent owner but may also grant a windfall to the infringer . . ."); *Grand v. H.E. Lockhart Mgmt.*, No. 01- 44, 2011 WL 13193010, at *1 n.1 (D.V.I. Dec. 30, 2011) (granting an award of prejudgment interest and explaining that a failure to award prejudgment interest would effectively grant defendant "sizable interest-free loan" for a period of ten years).

### (2)   A substantial award of prejudgment interest does not render such an award inequitable.

Admittedly, the award of prejudgment interest sought by FICO is substantial. (*See*, *infra*, Parts II(B), III.) However, that does not mean the requested prejudgment award is inequitable, or that FICO is not entitled to its requested award. *See ResCap Liquidating Tr. v. Home Loan Ctr., Inc.*, 399 F. Supp. 3d 827, 850-51 (D. Minn. 2019) (noting that the court had granted $14.1 million in prejudgment interest on a $28.7 million jury verdict). Rather, the substantial prejudgment interest award sought by FICO reflects two primary factors. First, it reflects the fact that the jury found the fair market value of Defendants' use of Blaze Advisor to be $40 million. Neither the Defendants nor this

Court may usurp the jury's award of actual damages. Second, the substantial prejudgment interest award reflects the reality that this was a lengthy litigation. It took approximately seven years for FICO to have its day in Court and obtain a verdict (and ultimately for judgment be entered by the Court at a future date). A lengthy lawsuit, unprompted by any bad conduct by FICO to delay the litigation, does not constitute exceptional circumstances that render an award of prejudgment interest inequitable. *See ALM Surgical Equip., Inc. v. Kirschner Med. Corp.*, No. 6:89-1622-3, 1990 WL 123996, at *20 (D.S.C. Apr. 23, 1990).

### B.    Minnesota's state statutory rate of 10% is applicable.

The Eighth Circuit has held that "the question of whether interest is to be allowed, and also the rate of computation, is a question of federal law where the cause of action arises from a federal statute." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995) (internal quotations omitted). The Copyright Act does not set an interest rate. In such circumstances, the selection of the interest rate to be imposed lies in the discretion of the Court. *Cargill, Inc.*, 642 F.2d at 241-42 ("[T]he award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court."); *Andreas*, 210 F. Supp. 2d at 1087; *see also Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-820 (JRT/HB), 2018 WL 3621206, at *21-22 (D. Minn. July 30, 2018) (explaining that the Court has wide latitude in the selection of interest rates). In determining the applicable rate of prejudgment interest, courts consider the dual purposes of prejudgment interest. *Stroh Container Co.*, 783 F.2d at 752. Further, "while federal law governs the issue of interest and its rate, state law should be incorporated in the

9

determination of the proper rate to be allowed, once an independent finding is made concerning whether any prejudgment interest should be awarded." *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1219-1220 (8th Cir. 1981) (applying Missouri state statutory rate for ERISA claim).

Here, the Minnesota state statutory rate of 10% per year should be used to calculate FICO's prejudgment interest on its copyright damages. MINN. STAT. §549.09(c)(2). Of the three cases within the Eighth Circuit that awarded prejudgment interest under the Copyright Act, at least two of the three cases applied the state statutory rate. *I-Sys., Inc.*, 2005 WL 1430323, at *16 (applying Minnesota state statutory rate found in Minn. Stat. § 549.09); *Andreas*, 210 F. Supp. 2d at 1088 (applying Iowa state statutory rate).[1] Similarly, courts in this district have applied the state statutory rate in the context of patent infringement claims. *Core Distrib., Inc. v. Doe*, No. 16-cv-04059 (SRN/HB), 2018 WL 6178720, at *10 (D. Minn. Nov. 27, 2018) (noting that "[t]his Court has awarded prejudgment interest at the Minnesota statutory rate on damages awards in patent cases" and awarding prejudgment interest at the Minnesota state statutory rate of 10%); *Schwendimann*, 2018 WL 3621206, at *21-22 (stating "the Minnesota Legislature acknowledged that a rate of 10% is sufficient in cases exceeding $50,000, and therefore the Court finds that it is the appropriate measurement of

---

[1] The third case, *Kleier Advert. v. John Deery Motors*, applied an average prime lending rate for the relevant time period which was 10% per annum. 834 F. Supp. at 313. The Iowa state statutory rate for this time period was also 10% per year. *Janda v. Iowa Industrial Hydraulics, Inc.*, 326 N.W.2d 339, 343 (Iowa 1982) (discussing and including the language from Iowa Code § 535.3, effective January 1, 1981).

prejudgment interest in this case" and rejecting Defendant's proposed rate based on one-year Treasury yield of 1.42% as insufficient "to place Schwendimann 'in as good a position as she would have been in had AACI entered into a reasonable royalty agreement'") (alterations in original); *August Tech. Corp.*, 2015 WL 520546, at *8 (applying Minnesota state statutory rate); *Glob. Traffic Techs., LLC v. Emtrac Sys., Inc.*, No. 10-4110 ADM/JJG, 2014 WL 1663420, at *16 (D. Minn. Apr. 25, 2014) (noting that courts often use the statutory interest rate of the state in which they sit and awarding prejudgment interest at Minnesota state statutory rate of 10%), *aff'd in part, rev'd in part on different grounds*, 620 F. App'x 895 (Fed. Cir. 2015); *see also Furminator, Inc. v. Kim Laube & Co.*, No. 4:08CV00367 ERW, 2011 WL 1226944, at *4, *8 (E.D. Mo. Mar. 30, 2011) (applying Missouri state statutory rate in patent case); *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1028, 1033 (Fed. Cir. 1996) (finding no abuse discretion by awarding prejudgment interest at state statutory rate); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556-57 (Fed. Cir. 1984) (same).  Doing so makes sense; the state statutory rate best reflects what Minnesota has determined to be the percent necessary to compensate parties for the time value of money.

Prejudgment interest is typically awarded from the date infringement began. *See Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 964 (9th Cir. 2018). Federal's infringement began on March 31, 2016, and the jury awarded FICO $4.3 million in actual damages for Federal's infringement. Applying Minnesota's 10% interest rate on a simple basis, FICO is entitled to $2,985,260.27 from March 31, 2016, through March 9, 2023:

| FEDERAL | | |
|---|---|---|
| **YEAR** | **DAYS** | **INTEREST** |
| March 31, 2016-December 31, 2016 | 276 | $325,150.68 |
| 2017 | 365 | $430,000 |
| 2018 | 365 | $430,000 |
| 2019 | 365 | $430,000 |
| 2020 | 366 | $430,000 |
| 2021 | 365 | $430,000 |
| 2022 | 365 | $430,000 |
| Jan. 1, 2023-March 9, 2023 | 68 | $80,109.59 |
| | **Total Interest** | $2,985,260.27 |

FICO is also entitled to $1,178.08 per day in interest for Federal's breach until judgment is entered. This $2,985,260.27 as well as $1,178.08 per day until judgment is entered should be added to the jury's award of $4.3 million.

ACE American's infringement began on January 1, 2017, and the jury awarded FICO $35.7 million in actual damages for ACE American's infringement. (Stradley Decl. Ex. 7 at 1231:23-1232:1; Dkt. 1173 at No. 8.) Applying Minnesota's 10% interest rate on a simple basis, FICO is entitled to $22,085,095.89 from January 1, 2017, through March 9, 2023:

| ACE AMERICAN | | |
|---|---|---|
| **YEAR** | **DAYS** | **INTEREST** |
| 2017 | | $3,570,000 |
| 2018 | | $3,570,000 |
| 2019 | | $3,570,000 |
| 2020 | | $3,570,000 |
| 2021 | | $3,570,000 |
| 2022 | | $3,570,000 |
| Jan. 1, 2023-March 9, 2023 | 68 Days | $665,095.89 |
| | **Total Interest** | $22,085,095.89 |

FICO is also entitled to $9,780.82 per day until judgment is entered. This $22,085,095.89 as well as $9,780.82 per day until judgment is entered should be added to the jury's award of $35.7 million.

### III.  FICO is entitled to recover prejudgment interest from Federal for its damages in connection with its breach of contract claim.

FICO is also entitled to prejudgment interest based on Federal's breach of contract. Such an award is required under New York law, which governs FICO's breach of contract claim. (Stradley Decl. Ex. 4 at J-001-008 ¶10.7; *see also* Dkt. 731 at 11 n.3.) FICO does not seek to double recover on its award of prejudgment interest. It seeks the greater of the prejudgment interest for its copyright infringement claim against Federal and the prejudgment interest for its breach of contract claim against Federal.

13

New York law provides that prejudgment interest "**shall be recovered**" by a prevailing plaintiff in a breach of contract action. N.Y. C.P.L.R. § 5001(a) (emphasis added); *see also id.* at § 5002. The recovery of prejudgment interest is mandatory, not discretionary. *See Spodek v. Park Prop. Dev. Assocs.*, 759 N.E.2d 760, 762 (N.Y. 2001); *Brushton-Moira Cent. Sch. Dist. v. Fred. H. Thomas Assocs., P.C.*, 692 N.E.2d 551, 553-54 (N.Y. 1998). The interest is to be computed from the date the damages in question were incurred until the date the verdict was rendered. N.Y. C.P.L.R. § 5001(b)-(c). That interest is then included in the total sum awarded. *Id.* at § 5001(c). Additionally, the prevailing party is also entitled to recover interest upon that total sum awarded from the date the verdict was rendered until the date of entry of final judgment. *Id.* at § 5002.

The statutory rate is 9% per annum, calculated on a simple basis. *Id.* at § 5004. New York's 9% prejudgment interest rate is compensatory in nature, namely, to compensate a prevailing party for the loss of use of money owed. *See Citibank, N.A. v. Barclays Bank, PLC*, 28 F. Supp. 3d 174, 184 (S.D.N.Y. 2013) (rejecting constitutional challenge to New York's 9% interest rate; "New York's statute providing for 9% prejudgment interest rationally serves a legitimate government interest. The function of prejudgment interest is to compensate for the loss of use of money a party was owed during a particular period of time.") (alterations and internal quotation omitted).

Here, the jury determined that Federal breached Section 10.8 of the License Agreement, and that FICO properly terminated the License Agreement on March 30, 2016. (Dkt. 1173 at Nos. 2-3.) The damages incurred by FICO for Federal's unauthorized use following termination were determined by the jury to be $4.3 million based on a

14

hypothetical negotiation between the parties. (Dkt. 1167 at 22.) Those actual damages were found to be the fair market value for the use of Blaze Advisor on March 31, 2016, the date of the hypothetical negotiation. That is the date that the license would have been entered and the date FICO would have been owed its associated $4.3 million license fee.

The jury rendered its verdict on March 9, 2023. FICO is entitled to $2,686,734.25 in interest from the date damages were incurred (March 31, 2016) until the date the jury's verdict was entered (March 9, 2023). N.Y. C.P.L.R. § 5001(b)-(c).

| YEAR | DAYS | INTEREST |
|---|---|---|
| March 31, 2016-Dec. 31, 2016 | 276 Days | $292,635.62 |
| 2017 | | $387,000 |
| 2018 | | $387,000 |
| 2019 | | $387,000 |
| 2020 | | $387,000 |
| 2021 | | $387,000 |
| 2022 | | $387,000 |
| Jan. 1, 2023-March 9, 2023 | 68 Days | 72,098.63 |
| | **Total Interest** | $2,686,734.25 |

Under New York law, this interest to the date of the verdict of $2,686,734.25 is added to the jury's damage award of $4.3 million resulting in a total of $6,986,734.25. N.Y. C.P.L.R. § 5001(c).

15

Under New York law, FICO is also entitled to prejudgment interest on this total sum of $6,986,734.25 from March 10, 2023, until the date of final entry of judgment. *Id.* at § 5002. At the statutory interest rate of 9% per annum, calculated on a simple basis, FICO is entitled to interest of $1,722.76 per day from March 10, 2023, until the date of final entry of judgment. Upon entry of final judgment, FICO requests the Court award FICO that full amount of pre-verdict and prejudgment interest to which it is entitled, and that the contract-based interest award against Federal be included in the Court's final judgment. *Id.* at § 5002.

## IV.   FICO is entitled to recover post-judgment interest.

28 U.S.C. § 1961 governs the award of post-judgment interest. Under that statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" calculated from the date of entry of judgment until the date of payment. *Id.* The interest is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment and is compounded annually. *Id.*

Upon entry of final judgment by this Court, FICO requests it be awarded post-judgment interest as provided in 28 U.S.C. § 1961. *Andreas*, 210 F. Supp. 2d at 1088 (awarding post-judgment interest pursuant to 28 U.S.C. § 1961 in copyright infringement case); *Broadcast Music, Inc. v. Tavern 129 LLC*, No. 20-cv-435, 2021 WL 2390248, at *3 (D. Minn. June 11, 2021) (awarding post-judgment interest under 28 U.S.C. § 1961 in copyright infringement case). Such post-judgment interest should accrue on FICO's total

award, including prejudgment interest, costs, and attorneys' fees. *Jenkins ex rel. Agyei v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991) ("The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees.");
*Broadcast Music, Inc.*, 2021 WL 2390248, at *3 (noting the post-judgment interest accrues on Plaintiff's total award, including costs and attorneys' fees).

## V.   Conclusion

For the above reasons, FICO is entitled to prejudgment interest in connection with its copyright infringement claims against Federal and ACE American. It is also entitled to an award of prejudgment interest for its breach of contract claim against Federal if such an award exceeds the amount of prejudgment interest the Court would otherwise award for FICO's copyright claim against Federal. The award of prejudgment interest is necessary to make FICO whole. The Court should alter or amend its judgment to include the prejudgment interest to which FICO is entitled. FED. R. CIV. P. 59(e). The Court should also award FICO post-judgment interest as provided in 28 U.S.C. § 1961.

Dated: April 21, 2023

MERCHANT & GOULD P.C.

/s/ Heather Kliebenstein
Allen Hinderaker, MN Bar # 45787
Heather Kliebenstein, MN Bar # 337419
Paige S. Stradley MN #393432
Michael A. Erbele, MN Bar # 393635
Joseph Dubis, MN Bar # 398344
Gabrielle L. Kiefer, MN Bar # 402364

17

MERCHANT & GOULD P.C.
150 South Fifth Street
Suite 2200
Minneapolis, MN 55402
Tel: (612) 332-5300
Fax: (612) 332-9081
ahinderaker@merchantgould.com
hkliebenstein@merchantgould.com
pstradley@merchantgould.com
merbele@merchantgould.com
jdubis@merchantgould.com
gkiefer@merchantgould.com

*Attorneys for Plaintiff Fair Isaac*
*Corporation*

18