UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FAIR ISAAC CORPORATION, | No. 16-cv-1054 (DTS) |
| Plaintiff, | |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, and ACE AMERICAN INSURANCE COMPANY, a Pennsylvania corporation, | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO FICO'S REQUEST FOR PREJUDGMENT AND POST-JUDGMENT INTEREST** |
| Defendants. | |

Defendants Federal Insurance Company and ACE American Insurance Company submit this memorandum of law in opposition to FICO's request for prejudgment and post-judgment interest (Dkt. No. 1234).

## INTRODUCTION

Any calculation of prejudgment or post-judgment interest on copyright damages at this point is premature. As Defendants explained in their motion for a new trial on actual damages, the jury's damages award in this case exceeds the legally permissible measure of damages and is against the overwhelming weight of the evidence. *See* Dkt. No. 1228. An award of prejudgment or post-judgment interest would likewise be tainted and result in an unjust windfall to FICO, which violates the compensatory purpose of providing interest in the first place. For all of the reasons already outlined by Defendants, *see id.*, a new trial on actual damages should be ordered, mooting all requests for interest.

But even if the Court denied Defendants' motion for a new damages trial, FICO's request for prejudgment interest should be rejected. While prejudgment interest on the $4.3 million in damages awarded against Federal for breach-of-contract is not discretionary under New York law,[1] the remainder of the damages award—$35.7 million in damages based on ACE American's copyright infringement—is solely copyright damages, not contract damages. And as to those damages, FICO is not (contrary to its brief) "entitled" to interest as a matter of course. Dkt. No. 1234 at 2. The Eighth Circuit has not determined whether prejudgment interest is appropriate in copyright cases at all, and the question is at the very least a discretionary, equitable one. Here, a prejudgment interest award would be inequitable. FICO asks for an astonishing $25 million in prejudgment interest on the copyright claims, which is more than half the jury's total actual damages award, and by itself more than suffices to compensate FICO for any harm it suffered. Indeed, awarding $25 million in interest in a case stemming out of a perpetual, enterprise-wide license that FICO willingly sold for $1.3 million would be absurd and punitive. Far from being "compelled by the equities," Dkt. No. 1234 at 1, the equities absolutely preclude it. And even if prejudgment interest were appropriate under these circumstances, FICO's method of calculating interest is contrary to the precedent it cites and designed to lard up the interest

---

[1] Under N.Y. C.P.L.R. 5001(a), prejudgment interest on the breach-of-contract claim against Federal is not discretionary in these circumstances. The same is true of post-judgment interest under 28 U.S.C. § 1961. FICO acknowledges that it is not entitled to double recovery of prejudgment interest against Federal on the copyright and breach-of-contract claims and instead asks for the greater of the two. *See* Dkt. No. 1234 at 13. There is no breach-of-contract claim against ACE American, so any prejudgment interest awarded on the $35.7 million awarded in copyright damages to ACE American would be fully discretionary and additional.

award as much as possible. The Court should deny FICO's request to award this discretionary interest.

## ARGUMENT

### I. FICO'S REQUEST FOR PREJUDGMENT INTEREST ON COPYRIGHT DAMAGES SHOULD BE DENIED.

#### A. There is no binding precedent in the Eighth Circuit allowing prejudgment interest in copyright cases.

FICO's request for prejudgment interest treats the grant of interest on FICO's copyright claims as a foregone conclusion. That is not so. As a preliminary matter, the Eighth Circuit has not opined on whether prejudgment interest is even available in copyright cases. And just last year, Judge Wright rejected a request to award any prejudgment interest in a copyright action in the absence of Eighth Circuit authority requiring as much. *See Eclipse Sportswire v. Sports Moments Plus, LLC*, No. 21-CV-1638 (WMW/BRT), 2022 WL 2841405, at *6 (D. Minn. July 19, 2022). Judge Wright noted that "[plaintiff] does not provide, nor has the Court found, binding authority that permits an award of pre-judgment interest" in copyright cases and declined to award prejudgment interest. *Id.* The lack of Eighth Circuit authority on this subject has not changed since Judge Wright issued her opinion last year, and this Court should follow in the same footsteps here.

#### B. Any award of prejudgment interest would be inequitable and should be denied.

Even if this Court were inclined to tread new ground in the absence of Eighth Circuit guidance in copyright cases, prejudgment interest should not be awarded where

3

"exceptional or unusual circumstances exist making the award of interest inequitable." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986). Prejudgment interest is never automatically granted under federal law.

Thus, even outside the copyright context, the Eighth Circuit has left the decision to award prejudgment interest fully within the discretion of the district court. *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239, 241 (8th Cir. 1981) ("Generally, the award of prejudgment interest, in the absence of statutory directives, rests in the discretion of the district court."). Whether to award prejudgment interest is left to the district court's discretion because the court is charged with "reconciling the[] competing interest[s]" involved in determining whether prejudgment interest is appropriate." *E.E.O.C. v. Rath Packing Co.*, 787 F.2d 318, 334 (8th Cir. 1986). "[A] mechanical application of the rate" without considering whether or not the award is equitable would be an abuse of discretion. *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 686 (6th Cir. 2013).

An award of prejudgment interest is unwarranted here. "Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation." *Stroh Container Co.*, 783 F.2d at 752. Thus, courts have been said to award interest where "damages lawfully due are withheld." *Cargill, Inc.*, 642 F. 2d at 242. At its heart, therefore, prejudgment interest is an equitable remedy. *See Schumacher*, 711 F.3d at 685–86 ("[T]he district court may [award pre-judgment interest] at its

discretion in accordance with general equitable principles." (alterations in original) (citation omitted)). And "[a] proper determination of pre-judgment interest involves a consideration of various case-specific factors and competing interests to achieve a just result." *Id.* at 686; *see also Bd. of Comm'rs of Jackson Cnty. v. United States*, 308 U.S. 343, 353 (1939) (stating that awards of interest do not follow "a rigid theory of compensation for money withheld," but are awarded according to "considerations of fairness" and should be "denied when its exaction would be inequitable"). Thus, prejudgment interest cannot be used to produce an inequitable result.

Prejudgment interest here would be inequitable. What is "lawfully due" to FICO under the jury's verdict is the fair market value of its lost license fee and no more. As Defendants' motion for a new trial on actual damages explains, the jury's damages award of $40 million exceeded the legally permissible measure of damages by an order of magnitude, because the evidence offered at trial showed that the market value of a Blaze license for the infringing use was not more than a few million dollars. *See* Dkt. No. 1228 at 1. This case thus includes several of the circumstances that the Eighth Circuit has in the past identified when denying a prejudgment interest award, including:

1. **The damages award adequately compensated the party seeking prejudgment interest.** It should go without saying that, if the goal of prejudgment interest is to fully compensate the prevailing party, it is inappropriate in scenarios where the damages award already serves that compensatory purpose. For example, in *Masters v. UHS of Delaware, Inc.*, the Eighth Circuit explained that the district court properly "determined that the award [$2.4 million] adequately compensated Masters and that it

would be inequitable to award the interest." 631 F.3d 464, 475–76 (8th Cir. 2011). Likewise, in *EFCO Corp. v. Symons Corp.*, the Eighth Circuit considered the fact that plaintiff's "damage award [$13 million] was quite substantial." 219 F.3d 734, 743 (8th Cir. 2000). The court then reasoned that "the goals of prejudgment interest would not be served by granting such an award in this case." *Id.* FICO's damage award is more than sixteen times the damage award in *Masters* and more than three times the damage award in *EFCO Corp.* If those damages were "quite substantial," then certainly $40 million is abundantly more so. The damages award here *over*compensates FICO and it would be inequitable to award additional prejudgment interest.

FICO cites *Leonard v. Stemtech International, Inc.*, 834 F. 3d 376 (3d Cir. 2016), for the proposition that a court may not decline to award prejudgment interest because of a windfall damages award, *see* Dkt. No. 1234 at 7, but that out-of-circuit case is inapposite. As a preliminary matter, the damages expert in *Leonard* "opined that the appropriate damages would range from $1.4 million to nearly $3 million" and the jury awarded $1.6 million. *Id.* at 385. That falls at the lower end of the evidence presented at trial in that case and stands in stark contrast to the $40 million award here. And even *Leonard* recognized that prejudgment interest is only available "at the District Court's discretion, exercised in light of considerations of fairness." *Id.* at 397. Most importantly, however, *Leonard*'s rejection of the sufficiently-compensated-by-actual-damages argument is directly contradicted by the binding Eighth Circuit precedent just described, and contrary to what other circuit courts have done. *Leonard* is an outlier and is not binding on this Court.

6

The Sixth Circuit, for example, held that an actual-damages award of $298,870 was "an effective sanction against copyright infringement," and therefore awarding prejudgment interest on top of that was inappropriate. *Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 276, 282 (6th Cir. 1988). "[E]ven in a case of flagrant infringement," courts have found a damages award of approximately $200,000 to be "sufficiently severe [so] as to deter others from like conduct without the need for an award of prejudgment interest." *Baldwin Cooke Co. v. Keith Clark, Inc.*, 420 F. Supp. 404, 409 (N.D. Ill. 1976). And, although FICO argues that Defendants willfully breached FICO's copyright, *see* Dkt. No. 1234 at 3-6, that is wrong as a matter of law. The Court held that Defendants' position that it continued to hold an enterprise-wide license despite FICO's purported termination was objectively reasonable, *see* Dkt. 731 at 47 ("Federal's interpretation of Section 10.8 is reasonable."); Trial Tr. 2522, Dkt. 1188 ("[T]he testimony at trial would permit a reasonable jury to find either way on the issue of ACE American's alleged infringement."); *see also* Defs. Opp. to FICO's Mot. for Fees at 1-2. There is thus no basis to find willful infringement here. And in any event, the question is not whether Defendants' infringement was willful, but whether prejudgment interest is required to fully compensate FICO. The answer is no.

Other courts in this district have also recognized that awarding prejudgment interest would be inequitable where "the total monetary award fully compensates [the plaintiff]."[2]

---

[2] While some courts in this district have awarded prejudgment interest in copyright cases, all of the cases cited by FICO involved circumstances wholly different than the ones we are presented with here. For example, in *I-Systems, Inc. v. Softwares, Inc.*, the jury returned a verdict of $830,000. No. CIV.021951 (JRT/FLN), 2005 WL 1430323, at *1 (D. Minn. Mar. 7, 2005). The

*See Wildlife Rsch. Ctr., Inc. v. Robinson Outdoors, Inc.*, 409 F. Supp. 2d 1131, 1137 (D. Minn. 2005). Wildlife Research Center was awarded approximately $4.8 million in damages, *id.* at 1135—nearly a tenth of what the jury awarded FICO here. Judge Doty reasoned that this amount "serve[d] to compensate Wildlife for the true costs of damages incurred," which "weigh[ed] against prejudgment interest pursuant to federal law." *Id.* at 1137. Judge Doty then refused to award prejudgment interest for the approximately three-and-a-half year period that interest was requested for. The same result is appropriate here.

**2. The defenses raised were not baseless, vexatious, or unreasonable**. The Eighth Circuit has determined that prejudgment interest is inappropriate where "the defenses advanced . . . were not baseless, vexatious, or unreasonable." *Masters*, 631 F.3d at 475–76. This likewise applies to the defenses that Defendants raised throughout the litigation and at trial. Again, this Court held that Defendants' position that they continued to hold a license after FICO's termination was reasonable. *See supra* at 7. Indeed, the only positions this Court found to be *unreasonable* were *FICO's* arguments that the License Agreement did not apply globally or to FICO's foreign affiliates. See Dkt. 731 at 43 n.14; Trial Tr. 2518-19, Dkt. 1188. FICO should not be rewarded for baselessly extending and

---

court then allowed prejudgment interest over a period of less than three years. *Id.* at *16. In *Andreas v. Volkswagen of America, Inc.,* the court allowed prejudgment interest on an award of $395,000, calculated over a period of a year and a half. 210 F. Supp. 2d 1078, 1088 (N.D. Iowa 2002), *aff'd in part, rev'd in part*, 336 F.3d 789 (8th Cir. 2003). And in *Kleier Advertising, Inc. v. John Deery Motors, Inc.*, the Plaintiff was awarded $74,085.53 in damages and prejudgment interest was calculated over a period of less than six years. 834 F. Supp. 311, 312–13 (N.D. Iowa 1993). No argument was made in any of these cases that the jury verdict already constituted a windfall to the prevailing party. Of course not. These amounts pale in comparison to the $40 million awarded here. And the prejudgment interest awarded in these cases was appropriately modest, including in terms of the time period that it was calculated over. That is nowhere near the tens of millions of dollars that FICO seeks here over a period of seven years.

expanding this litigation through borderline-frivolous theories and then being compensated for that delay through prejudgment interest.

**3. A significant amount of time elapsed between the filing of the complaint and judgment.** In *EFCO Corp.*, the Eighth Circuit also considered the fact that "nearly three years elapsed between complaint and judgment" and declined to award prejudgment interest. 219 F.3d at 743. Here, the time period over which FICO seeks prejudgment interest is even more lengthy. FICO filed its complaint in 2016 and seeks prejudgment interest dating back to March 2016. It would be patently unjust to require Defendants to pay prejudgment interest over a period of seven years—including multiple years of the COVID-19 pandemic, which shut down courts and created a backlog of cases to proceed to trial. And that is especially so, again, because the litigation was extended in part because two of the issues FICO pressed were rejected as a matter of law.

All of these factors weigh in favor of denying FICO's request for prejudgment interest. Adding a single cent of prejudgment interest on top of the $40 million actual damages award would stray far afield from the compensatory purpose of interest and serve solely as an improper penalty to the Defendants. *See Ins. Co. of N. Am. v. M/V Ocean Lynx*, 901 F.2d 934, 942 (11th Cir. 1990) ("Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his."). The only way to avoid this inequitable result is to deny FICO's request for prejudgment interest on the copyright claims in full.

9

## II. EVEN IF PREJUDGMENT INTEREST WERE AWARDED, THE TREASURY RATE RATHER THAN MINNESOTA'S 10% RATE WOULD APPLY

"The rate of prejudgment interest and the issue of whether the interest awarded should be simple or compounded are matters left mostly to the discretion of the district court." *Andreas*, 210 F. Supp. 2d at 1087. The Eighth Circuit has "approved different approaches to deriving a rate of interest which will make the plaintiff whole." *Ohio River Co. v. Peavey Co.*, 731 F.2d 547, 549 (8th Cir.1984). As FICO acknowledges, "the Court has wide latitude in the selection of interest rates." Dkt. No. 1234 at 9; *see also Andreas*, 210 F. Supp. 2d at 1087 ("[T]he district court has the discretion to determine whether to use the prime rate, the prime rate plus a percentage, the U.S. Treasury rate, state statutory rate, corporate bond rate, or whatever rate the court deems appropriate under the circumstances."). Therefore, even if the Court were inclined to award prejudgment interest, it should decline to apply the Minnesota statutory rate of 10% per year.

FICO cites *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208 (8th Cir. 1981), to support its contention that the state statutory rate should apply. Dkt. No. 1234 at 10. *Dependahl*, however, held that in cases concerning discretionary prejudgment awards, the federal post-judgment interest statute—28 U.S.C. § 1961—"provides useful guidance in the area of prejudgment interest." 653 F.2d at 1219. When *Dependahl* was decided, Section 1961 allowed "post-judgment interest on all civil judgments in federal court at the rate provided under state law." *Id.* But that is no longer the case. Since being amended in 2000—long before this lawsuit was filed—Section 1961 provides that "[post-judgment] interest shall be calculated from the date of the entry of the judgment, at a rate equal to the

10

weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

Therefore, even by *Dependahl*'s own logic, the Minnesota statutory rate of 10% is not the proper measure for prejudgment interest.  Rather, the Court should look to the U.S. Treasury rate.  And where there are "enormous fluctuations in the interest rate since the time th[e] action was commenced," the district court should award prejudgment interest "at a rate generally consistent with the interest rate prevailing . . . during th[e] period that [Defendants] had the use and benefit of the money."  *Cargill, Inc.*, 642 F.2d at 242 n.6.  The historical rates as of the last week of March (when the infringement began, according to FICO) for each year are as follows:[3]

| Date of Interest Rate | 1-Year Constant Maturity, Treasury Yield | Number of Days Interest Is Due For | Interest on $35.7 Million Award For ACE American Copyright Damages[4] |
|---|---|---|---|
| March 31, 2016 | 0.59% | 276 | $159,271 |
| March 31, 2017 | 1.03% | 365 | $367,710 |
| March 29, 2018 | 2.09% | 365 | $746,130 |
| March 29, 2019 | 2.4% | 365 | $856,800 |
| March 31, 2020 | 0.17% | 365 | $60,690 |
| March 31, 2021 | 0.07% | 365 | $24,990 |
| March 31, 2022 | 1.63% | 365 | $581,910 |
| March 31, 2023 | 4.64% | 68 | $308,604 |
|  |  | Total Interest | $3,106,105 |

---

[3] Historical data is made available by the Board of Governors of the Federal Reserve and published here: https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15.

[4] FICO would be receiving prejudgment interest on the $4.3 million awarded against Federal at a rate of 9% per year on the breach-of-contract claims under New York law.  N.Y. C.P.L.R. 5004(a).  Since double recovery is not allowed for the breach-of-contract and copyright damages against Federal (as FICO acknowledges, *see* Dkt. No. 1234 at 13), any additional interest would only be calculated on the remaining $35.7 million awarded against ACE American in copyright damages.

11

## CONCLUSION

The Court should deny FICO's request for prejudgment interest as to copyright damages. Even if the Court were to award any prejudgment interest as to those damages, the appropriate rate to use is the Treasury rate, adjusted for each year where prejudgment interest is claimed.

Dated:  May 19, 2023

*/s/ Leah Godesky*
Terrence J. Fleming (#0128983)
tfleming@fredlaw.com
Leah C. Janus (#0337365)
ljanus@fredlaw.com
Christopher D. Pham (#0390165)
cpham@fredlaw.com
Ryan C. Young (#0397751)
ryoung@fredlaw.com
Panhia Vang (#399444)
pvang@fredlaw.com

**Fredrikson & Byron, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
(612) 492-7000 (tel.)
(612) 492-7077 (fax)

Leah Godesky (Admitted Pro Hac Vice)
lgodesky@omm.com
Anton Metlitsky (Admitted Pro Hac Vice)
ametlitsky@omm.com
Daryn Rush (Admitted Pro Hac Vice)
drush@omm.com
Roxana Guidero (Admitted Pro Hac Vice)
rguidero@omm.com

**O'Melveny & Myers LLP**
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

***Attorneys for Federal Insurance Company and ACE American Insurance Company***