# EXHIBIT 10

 Cited
As of: October 8, 2023 1:24 AM Z

# Live Face on Web, LLC v. Borges

United States District Court for the Central District of California

June 3, 2016, Decided; June 3, 2016, Filed

CV 15-9928-GHK (RAOx)

**Reporter**
2016 U.S. Dist. LEXIS 73443 *

Live Face On Web, LLC v. George Borges, et al.

**Counsel:** [*1] For Live Face On Web, LLC, a Pennsylvania limited liability company, Plaintiff: Imran F Vakil, LEAD ATTORNEY, Naji Khatib, Nexio PC, Costa Mesa, CA.

**Judges:** Honorable GEORGE H. KING, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** GEORGE H. KING

## Opinion

**CIVIL MINUTES - GENERAL**

**Proceedings: (In Chambers) Order re**: Plaintiff's Motion for Default Judgment (Dkt. 16)

This matter is before us on Plaintiff Live Face On Web, LLC's ("LFOW") above-captioned Motion. We have considered the papers filed in support of this Motion and deem this matter appropriate for resolution without oral argument. *L.R. 7-15*. As the Parties are familiar with the facts, we repeat them only as necessary. Accordingly, we rule as follows:

## I. BACKGROUND

On December 28, 2015, LFOW filed this copyright infringement suit against Defendant George Borges. (Dkt. 1.) LFOW alleges that Borges infringed its video technology software by using the software on his business's website without LFOW's permission in violation of *17 U.S.C. § 501* of the Copyright Act. (*Id.*) Borges was personally served with the Complaint on March 10, 2016. (Dkt. 12.) He failed to file a timely response, and the Clerk entered his default on April 6, 2016. (Dkt. 14.) On April 25, 2016, LFOW filed the instant Motion. **[*2]** (Dkt. 16.) To date, Borges has not appeared in this action.

## II. DISCUSSION

### A. Procedural Requirements

Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements for default judgment set forth in *Local Rule 55-1*. *Local Rule 55-1* requires that a party moving for default judgment submit a declaration (1) stating when and against whom default has been entered; (2) identifying the pleading as to which default has been entered; (3) stating whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) stating that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, does not apply; and (5) affirming

that notice has been served on the defaulting party, if required by Rule 55(b)(2). LFOW has submitted a declaration from its counsel that complies with Local Rule 55-1. (*See* Dkt. 15, Khatib Decl.) Because LFOW does not request relief that differs from or exceeds that requested in the Complaint, the Motion also complies with Federal Rule of Civil Procedure 54(c).

## B. Default Judgment and the *Eitel* Factors

Entry of default judgment is governed by Federal Rule of Civil Procedure 55 and is left to the sound discretion of the Court. *Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)*. As such, a defendant's default does **[*3]** not automatically entitle a plaintiff to a court-ordered judgment. *See id.* Nonetheless, "[i]n applying this discretionary standard, default judgments are more often granted than denied." *Phillip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003)*. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)*. We consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)*.

As to the first factor, LFOW will suffer prejudice if a default judgment is not entered given that Borges has not responded to the Complaint, and Plaintiff has no other means of obtaining relief. *See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)* (finding this factor weighed in the plaintiffs' favor because they "would likely be without other recourse for recovery" if default judgment were not granted). As such, this factor **[*4]** weighs in favor of entering default judgment.

The second and third factors favor the entry of a default judgment because the Complaint contains adequate allegations to establish the merits of LFOW's copyright infringement claim. The elements of copyright infringement are "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004)* (citing 17 U.S.C. § 501(a)). LFOW alleges that it owns a valid copyright to its video technology software, and includes with its Motion a copy of the software's certificate of registration with the Copyright Office. (Compl. ¶ 16; Dkt. 1, Ex. A.); *see also* 17 U.S.C. § 410(c) (stating that a "certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). LFOW further alleges that Borges used LFOW's software on his business's website without permission. (Compl. ¶ 20.) Taking such allegations as true, LFOW has plausibly stated a claim against Borges for copyright infringement.

As to the fourth factor, the amount of money at stake is not unreasonably large. LFOW seeks $131,567.95 in actual damages. (*See* Mot. at 1.) It claims that this **[*5]** amount represents the lowest theoretical lost licensing fees for its software. (*Id.* at 8.) Given that we have received no response from Borges that would allow us to question the accuracy of this figure, and because it appears that a default judgment cannot be avoided, this factor does not weigh against default. Regarding the fifth

CASE 0:16-cv-01054-DTS   Doc. 1300-1   Filed 10/09/23   Page 4 of 6

Page 3 of 5
2016 U.S. Dist. LEXIS 73443, *5

factor, since LFOW filed a well-pleaded complaint and Borges has failed to respond to this litigation, the possibility of a dispute concerning material facts is remote. The sixth *Eitel* factor also favors entry of default judgment. The possibility of excusable neglect is unlikely given that Borges was served with the Complaint and this Motion. (*See* Dkts. 12, 18.) Finally, as to the seventh factor, the policy favoring merits decisions is outweighed by the other six *Eitel* factors, all of which support the entry of default judgment. Thus, considering all of the *Eitel* factors, we find entry of default judgment appropriate.

**C. LFOW's Recovery**

**1. Actual Damages**

A plaintiff must prove all damages sought in the complaint, and "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In determining the appropriate sum for **[*6]** a default judgment, we may rely on the affidavits or documentary evidence submitted by a plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2).

LFOW seeks actual damages in the amount of $131,567.95. Under the Copyright Act, a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Actual damages are calculated by "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." Getty Images (US), Inc. v. Virtual Clinics, 2014 U.S. Dist. LEXIS 12449, 2014 WL 358412, at *6 (W.D. Wash. Jan. 31, 2014) (quoting 3 M. Nimmer, Nimmer on Copyright 14.-02, 14-6 (1985)). Market value is "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work." Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir. 1977). "In appropriate circumstances, actual damages may be taken to be a reasonable license fee—that is, the fair market value of a license authorizing defendants' use of the copyrighted work." *Barrera v. Brooklyn Music, Ltd.,* 346 F. Supp. 2d 400, 409 (S.D.N.Y. 2004) (using fair market value of license to calculate actual damages on default judgment); *see also* Getty Images (US), Inc., 2014 U.S. Dist. LEXIS 12449, 2014 WL 358412, at *6 (same); *Kleier Advert., Inc. v. John Deery Motors, Inc.,* 834 F. Supp. 311, 314 (N.D. Iowa 1993) ("In the present case, Kleier's actual damages are the lost licensing fees it would have received **[*7]** for licenses to use the advertisements[.]").

Here, LFOW seeks actual damages in the amount it claims it would have received had Borges properly licensed its software. (*See* Mot. at 4.) LFOW has provided us with evidence that it would have charged a minimum of $6,900 per month to license and display its software on a website like Borges's. (*Id.* at 4-5; Shcherbakov Decl. ¶ 6.) It also would have charged a non-recurring video-production fee of $467.95. (Mot. at 5; Shcherbakov Decl. ¶ 9.) Borges allegedly used the infringing version of LFOW's software for nineteen months from January 2013 to July 2014. (Shcherbakov Decl. ¶ 11.) Accordingly, had Borges licensed LFOW's software for nineteen months, he would have paid LFOW at least $131,567.95. We are satisfied that this amount appropriately compensates LFOW for Borges's infringement.

**2. Injunctive Relief**

LFOW seeks a permanent injunction enjoining

Borges from infringing LFOW's copyright. (Mot. at 1.) A permanent injunction may be entered where the plaintiff shows: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance **[*8]** of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)*.

Other than requesting an injunction, LFOW has provided no explanation as to why one is warranted. The proposed order accompanying the Motion also omits any reference to an injunction. (*See* Dkt. 16, Proposed Order.) Moreover, while voluntary cessation does not necessarily dis-entitle LFOW to a permanent injunction, LFOW has also failed to address why an injunction is nevertheless appropriate despite Borges's cessation of infringement activities as to July 2014. Accordingly, LFOW's request for an injunction is denied without prejudice given its insufficient showing.

### 3. Attorney's Fees and Costs

The Copyright Act allows a prevailing party to recover reasonable attorney's fees and costs. *17 U.S.C. § 505*. LFOW seeks attorney's fees of $6,231.36 pursuant to *Local Rule 55-3*'s default fee schedule. (Mot. at 6.) According to the schedule, in judgments over $100,000, the court awards attorney's fees of $5,600 plus 2% of the amount over $100,000. *L.R. 55-3*. Following *Local Rule 55-3*, we would award fees in the amount requested of $6,231.36. We conclude that a fee award in this **[*9]** amount is reasonable. We therefore grant LFOW $6,231.36 in attorney's fees.

LFOW also requests litigation costs in the amount of $1,829.95. (Mot. at 6.) We direct LFOW to file an application for taxable costs with the Clerk pursuant to *Local Rule 54-2*.

### III. CONCLUSION

LFOW's Motion for Default Judgment is **GRANTED** as to the $131,567.95 requested in actual damages for copyright infringement. We **DENY without prejudice** LFOW's request for a permanent injunction for insufficient showing as noted above. We **GRANT** LFOW's request for attorney's fees in the amount of $6,231.36. LFOW is **DIRECTED** to seek costs from the Clerk pursuant to *Local Rule 54-2*. Post-judgment interest shall accrue on the judgment pursuant to *28 U.S.C. § 1961*.[1]

**IT IS SO ORDERED**.

### JUDGMENT

Pursuant to the Court's June 3, 2016 Order, IT IS **ORDERED, ADJUDGED, AND DECREED** that Plaintiff Live Face On Web, LLC shall recover judgment against Defendant **[*10]** George Borges in the following amounts: $131,567.95 in actual damages and $6,231.36 in attorney's fees. We shall retain jurisdiction to hear any proceeding arising out of this Judgment and to construe, enforce, or implement this Judgment.

**IT IS SO ORDERED**.

DATED: 6/3/16

/s/ George H. King

---

[1] *Section 1961(a)* states that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," to be computed daily and compounded annually.

GEORGE H. KING

Chief United States District Judge

---

**End of Document**